**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER; GABRIELLE** | § | |
| **SMITH; DWANNA JOHNSON, as Next** | § | |
| **Friend of A.J., A Minor; JACILET** | § | |
| **GRIFFIN-LEE; TIMOTHY LEE;** | § | |
| **TAMMY PETERSON; PHILLIP** | § | |
| **VALLAIRE; ANNETTE JAMES;** | § | |
| **SHANNON PIRO; DOLORES SMITH, as** | § | |
| **Next Friend of B.H., L.H., and J.H., Minors;** | § | |
| **JAQUEZ MOORE; AMANDA HARRIS;** | § | |
| **TAYLOR EUELL; CHRISTOPHER** | § | |
| **YOUNG; JOHN COOTE; HARRELL** | § | **CIVIL ACTION NO. 4:23-cv-02886** |
| **VEAL; RYAN TWEDT; JEREMIAH** | § | |
| **ANGLIN; KENNETH RICHARD;** | § | |
| **ZACHARY ZEPEDA; DYLAN PERIO;** | § | |
| **DIANNE BAILEY RIJSENBURG;** | § | |
| **ZACHERY JOHNSON; ANTONIO** | § | |
| **RADCLIFFE; JEREMY GARRISON;** | § | |
| **TRACY WOODSON-SMITH; and** | § | |
| **KEVIN SMITH, SR.** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT HARRIS COUNTY'S**
**MOTION TO SEVER PLAINTIFFS' CLAIMS**

i

## <u>TABLE OF CONTENTS</u>

I.    SUMMARY OF THE ARGUMENT ................................................................................1

II.   NATURE AND STAGE OF THE PROCEEDING.........................................................2

III.  STATEMENT OF THE ISSUES....................................................................................3

IV.   LEGAL STANDARD....................................................................................................3

V.    ARGUMENT .................................................................................................................4

      A.    PLAINTIFFS' CLAIMS MUST BE SEVERED BECAUSE THEY DO NOT
             SATISFY ANY OF RULE 20'S REQUIREMENTS FOR PERMISSIVE
             JOINDER.............................................................................................................4

            1.    Plaintiffs' Claims Do Not Arise Out of the Same Transaction,
                   Occurrence, or Series of Transactions or Occurrences................................4

            2.    Plaintiffs' Claims Do Not Raise Common Questions of Law or Fact.......13

      B.    ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS
             DISCRETION UNDER RULES 20, 21, AND 42(B) TO SEVER
             PLAINTIFFS' CLAIMS.....................................................................................14

VI.   CONCLUSION.............................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
  600 F.3d 516 (5th Cir. 2010) .....................................................................3, 4, 9, 14

*Applewhite v. Reichhold Chemicals, Inc.*,
  67 F.3d 571 (5th Cir. 1995) ......................................................................................4, 14

*Bailey v. N. Tr. Co.*,
  196 F.R.D. 513 (N.D. Ill. 2000)......................................................................................15

*Castro v. Freeman*,
  No. CV B-09-208, 2011 WL 13140728 (S.D. Tex. Apr. 26, 2011) .......................................13

*Coughlin v. Rogers*,
  130 F.3d 1348 (9th Cir. 1997) ........................................................................................13

*Fed. Ins. Co. v. Singing River Health Sys.*,
  850 F.3d 187 (5th Cir. 2017) ......................................................................................4, 14

*Fisher v. Taylor*,
  No. CIV.A. 10-3991 RBK, 2010 WL 3259821 (D.N.J. Aug. 17, 2010) ..................................6

*Gonzalez v. City of Maywood*,
  No. CV 07-3469, 2008 WL 11336944 (C.D. Cal. Jan. 29, 2008). ....................10, 13, 14, 16

*Lover v. D.C.*,
  248 F.R.D. 319 (D.D.C. 2008)........................................................................................12

*Lozada v. City of Chicago*,
  No. 10 C 1019, 2010 WL 3487952 (N.D. Ill. Aug. 30, 2010)...................................................12

*Mack v. Mensch*,
  No. 2:17-CV-31, 2017 WL 11708268 (E.D. Tenn. June 19, 2017).......................................6, 8

*Martinez v. Haleas*,
  No. 07 C 6112, 2010 WL 1337555 (N.D. Ill. Mar. 30, 2010) ....................................10, 11, 14

*Morgan v. Cohen*,
  No. 2:11-CV-11780, 2011 WL 2461470 (E.D. Mich. June 16, 2011) ..................................7, 8

*Smith v. Harris Cnty., Tex.*,
  956 F.3d 311 (5th Cir. 2020) ........................................................................................8

*Stojcevski v. Cnty. of Macomb*,
    143 F. Supp. 3d 675 (E.D. Mich. 2015)................................................................9

*Strandlund v. Hawley*,
    No. 05-CV-468(JMR/RLE), 2007 WL 984268 (D. Minn. Mar. 30, 2007),
    *vacated in part on procedural grounds*, 532 F.3d 741 (8th Cir. 2008)
    ................................................................................................11, 12, 13, 14

*Thompson v. Boggs*,
    33 F.3d 847 (7th Cir. 1994) ................................................................12, 14

*Woodford v. Ngo*,
    548 U.S. 81 (2006)................................................................................6

**Statutes**

Prison Reform Act, 42 U.S.C.A. § 1997e(a) & (h)................................................6

42 U.S.C. § 1983 ....................................................................... *passim*

Americans with Disabilities Act of 1990 Title II, 42 U.S.C. § 12131, et seq................................3

Rehabilitation Act of 1973 Section 504, 29 U.S.C. § 794, et seq...................................3

**Rules**

Fed. R. Civ. P. 20 ....................................................................1, 3, 4, 9, 13, 14, 16

Fed. R. Civ. P. 21 ................................................................................1, 3

Fed. R. Civ. P. 42(b) ............................................................1, 3, 4, 14, 16

Defendant Harris County, Texas ("Harris County") hereby moves to sever Plaintiffs' claims, pursuant to Rules 20, 21, and 42(b) of the Federal Rules of Civil Procedure.

## I.     <u>SUMMARY OF THE ARGUMENT</u>

Plaintiffs have improperly joined into one lawsuit 22 distinct, separate, and unrelated incidents that allegedly occurred at the Harris County Jail between July 23, 2021 and July 1, 2023. Critically, no two incidents occurred on the same day or in the same way. Nor are there any allegations that the incidents involved the same officers, medical personnel, or detainees. Instead, each of the 22 incidents involve its own unique facts, circumstances, and alleged wrongdoing. Some of the incidents involve allegations of officer force; other incidents involve allegations of altercations with other detainees; and other incidents involve allegations of inadequate medical care. But even within these categories, the facts of each incident differ significantly and are based on separate incidents with their own unique facts. The only "common" link among the detainees is that the alleged incidents occurred at the Harris County Jail. While Plaintiffs try to create a common question of law by including a *Monell* claim, that legal theory does not sufficiently create a common question of law or fact to warrant joinder of 22 distinct and unrelated incidents. Instead, individualized questions of fact and law will undoubtedly predominate over any allege commonality among Plaintiffs' claims. Indeed, each of the 22 incidents will require individualized factual and legal determinations and will require different and individualized discovery, defenses, motion practice, evidence, documents, and witnesses.

Ultimately, the 22 separate, distinct, and unrelated incidents do not arise out of the same transaction or occurrence, nor do they possess common questions of law or fact. Plaintiffs' claims, therefore, must be severed pursuant to Rule 21 because they do not satisfy the two necessary requirements for joinder under Rule 20(a). Moreover, joining 22 unrelated incidents together would significantly prejudice Harris County because the jury will need to consider and mentally

1

separate 22 different and unrelated factual situations and evidence without improperly comingling the evidence and testimony between incidents, which is an exceedingly difficult task that presents an extremely high risk of prejudice to the County. Finally, joinder of the 22 incidents will not promote judicial economy, because there is a lack of factual overlap between the incidents, so each incident will involve different evidence, defenses, factual and legal inquiries, and legal rulings. Each incident properly should be considered by a separate jury, especially since there would be no prejudice posed to any Plaintiff by having their own separate trial. Thus, severance is warranted.

## II.   NATURE AND STAGE OF THE PROCEEDING

On August 7, 2023, 27 Plaintiffs filed this action against Harris County based on allegations of 22 distinct, separate, and unrelated incidents that allegedly occurred at the Harris County Jail between July 23, 2021 and July 1, 2023. D.E. 1, ¶¶45-261 (Complaint). While there are 27 Plaintiffs in this case, the claims are based on separate incidents involving 22 individuals who were detained at the Harris County Jail. Thirteen Plaintiffs are current or former detainees at the Jail who are suing based on individual and separate incidents that allegedly occurred to each of them personally. *Id.* at ¶¶129-261. The remaining fourteen Plaintiffs are family members, including parents, children, and one sibling, who are bringing claims on behalf of nine deceased individuals who were detained at the Jail. *Id.* at ¶¶12-21, 23, 32-33, 35, 45-128.

Despite the lack of factual similarity between the incidents, Plaintiffs try to trace these incidents to an alleged policy or custom promulgated by Harris County, and assert three counts against the County:

| | |
|---|---|
| Count I | *Monell* Claim; Violation of the Fourteenth Amendment; Pursuant to 42 U.S.C. § 1983; Conditions of Confinement. |
| Count II | *Monell* Claim; Violation of the Fourteenth Amendment; Pursuant to 42 U.S.C. § 1983; Failure to Train or Supervise. |

Count III      Violation of Title II of the Americans with Disabilities Act of 1990 ("ADA") (42 U.S.C. § 12131, et seq.) and Section 504 of the Rehabilitation Act of 1973 ("RA") (29 U.S.C. § 794, Et Seq.).

Counts I and II are being asserted on behalf of all 22 detainees, but Count III is being asserted on behalf of only 15 of the detainees.

Harris County is concurrently filing a Motion to Dismiss the entire Complaint for failure to state a claim. If the Court allows Plaintiffs to replead their claims or allows any of their claims to proceed, the Court should sever Plaintiffs' claims into 22 individual lawsuits, pursuant to Rules 20, 21, and 42(b) of the Federal Rules of Civil Procedure, because Plaintiffs' claims are improperly joined and cannot be maintained in one lawsuit.

## III.    <u>STATEMENT OF THE ISSUES</u>

1.    Whether Plaintiffs' claims arising out of 22 separate, distinct, and unrelated incidents meet Rule 20's two-prong permissive joinder test, which requires that (a) Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) there be at least one common question of law or fact linking all claims.

2.    Alternatively, whether the Court should exercise its discretion under Rules 20, 21, and 42(b) to sever Plaintiffs' claims in the interest of avoiding prejudice and delay, ensuring judicial economy, and safeguarding principles of fundamental fairness.

## IV.    <u>LEGAL STANDARD</u>

Rule 21 establishes that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21; *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Courts look to Rule 20, which governs the permissive joinder of parties, for guidance in determining whether parties are misjoined. *Acevedo*, 600 F.3d at 521. To join multiple plaintiffs in one action, plaintiffs must meet two specific requirements: (1) their claims must arise out of the same transaction,

occurrence, or series of transactions or occurrences; **and** (2) there must be at least one common question of law or fact linking all claims. Fed. R. Civ. P. 20(a)(1); *Acevedo*, 600 F.3d at 521. Notably, Rule 20 is merely permissive—that is, it allows but does not require joinder even if the two-prong test is met. *See Acevedo*, 600 F.3d at 521; *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). Thus, "even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (citations omitted); *see also Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 202 (5th Cir. 2017) (affirming trial court's decision to deny joinder of multiple plaintiffs due to concerns of delay and judicial economy because the logistics of joining all the plaintiffs would cause substantial delay). Severance is also appropriate "when different witnesses and documentary proof would be required for plaintiffs' claims." *Acevedo*, 600 F.3d at 522. A district court "also has discretion to sever claims under Federal Rule of Civil Procedure 42(b), in furtherance of convenience or economy, or to prevent prejudice." *Applewhite*, 67 F.3d at 574 (recognizing that district courts have discretion under Rules 20, 21, and 42(b) to sever claims).

## V.   ARGUMENT

### A.   PLAINTIFFS' CLAIMS MUST BE SEVERED BECAUSE THEY DO NOT SATISFY ANY OF RULE 20'S REQUIREMENTS FOR PERMISSIVE JOINDER.

#### 1.   Plaintiffs' Claims Do Not Arise Out of the Same Transaction, Occurrence, or Series of Transactions or Occurrences.

Plaintiffs cannot satisfy the first requirement of Rule 20, because the 22 incidents do not arise out of the same transaction, occurrence, or series of transactions or occurrences. The Complaint describes 22 separate, distinct and unrelated incidents at the Harris County Jail. D.E. 1, ¶¶45-261. Each incident is an individual occurrence with its own unique facts. No two incidents occurred on the same day or in the same way. Nor are there any allegations that the incidents

4

involved the same officers, medical personnel, or detainees. The alleged incidents also occurred at different locations within the Harris County Jail and even at different **addresses**. Some of the incidents occurred at 1200 Baker, while others occurred at 701 N. San Jacinto. *Id.* at ¶¶49, 57, 59, 66, 97-98, 123, 171, 179, 184-87, 195-96. Even within 1200 Baker, Plaintiffs allege that the incidents occurred in a variety of locations, including the 2nd, 3rd, 5th, and 6th floors, the dining area, and the processing center. *Id.* at ¶¶49, 57, 66, 97, 123, 171, 184-87, 195-96, 206, 234-35.

The incidents also involve different allegations of wrongdoing. Plaintiffs allege that six of the detainees were involved in an altercation with another detainee[1]; seven detainees were involved in an altercation with an officer[2]; three of the detainees were involved in altercations with both another detainee and an officer[3]; and six of the incidents do not involve any altercations and instead are based on allegations of a health issue and inadequate medical care.[4] Attached as Appendix A is a chart categorizing each detainee's cause of injury as alleged in the Complaint. But even the incidents within these categories differ significantly and are based on separate incidents with their own unique facts and will require individual fact finding and discovery. Each Plaintiff will have different witnesses and evidence to support their claim, as well as separate witnesses and evidence presented by Harris County who no doubt has its own version of each incident.

For instance, with respect to the detainees who allege altercations with officers at the Jail, there will be individualized evidence and fact questions as to whether each detainee used force first; whether each detainee resisted the officers; and whether the alleged use of force was justified

---

[1] *Id.* at ¶¶66-76 (Lee), ¶¶77-85 (Barrett), ¶¶204-11 (Radcliffe), ¶¶212-18 (Zepada), ¶¶219-32 (Moore), ¶¶246-53 (Young).

[2] *Id.* at ¶¶45-55 (Pillow), ¶¶56-65 (B. Johnson), ¶¶129-42 (Garrison), ¶¶153-62 (Richard), ¶¶163-70 (Anglin), ¶¶192-203 (Twedt), ¶¶233-45 (Euell).

[3] *Id.* at ¶¶171-77 (Veal), ¶¶178-91 (Coote), ¶¶143-52 (Z. Johnson).

[4] *Id.* at ¶¶86-94 (K. Smith), ¶¶95-103 (Thomas), ¶¶104-11 (Henderson), ¶¶112-20 (Peterson), ¶¶121-28 (G. Smith), ¶¶254-61 (Perio).

or constitutionally excessive. With respect to the detainees who were involved in altercations with other detainees, those incidents will require individualized evidence and fact questions into whether the officers in each incident were aware of the altercation and whether the officers deliberately failed to intervene. The incidents involving medical and health issues also will require individualized evidence and fact questions into each detainee's medical history and conditions, the medical treatment provided to each detainee, whether the officers involved were aware of each detainee's medical condition or needs, and whether the detainee requested medical care, among other highly individualized fact questions. Given the different factual scenarios alleged by Plaintiffs, Plaintiffs' claims simply do not arise out of the same transaction, occurrence, or series of transactions or occurrences.

In addition to the factual and evidentiary differences between the claims, there also are other individualized questions and defenses that will predominate in this case and will require individualized motion practice for each detainee:

**<u>Exhaustion of Administrative Remedies.</u>** Several of the detainees were in custody when the Complaint was filed, and therefore, were required under the Prison Reform Act to exhaust their administrative remedies before filing this lawsuit. 42 U.S.C.A. § 1997e(a) & (h); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (ruling that the administrative exhaustion requirement is required for any suit challenging prison conditions, not just suits under § 1983). Courts have recognized that joinder may not be appropriate where a separate and individualized determination is required as to whether each plaintiff has exhausted his administrative remedies. *Fisher v. Taylor*, No. CIV.A. 10-3991 RBK, 2010 WL 3259821, at *3 (D.N.J. Aug. 17, 2010) ("[J]oinder may not be appropriate where a separate determination is required as to whether each co-plaintiff has complied with the exhaustion requirement."); *Mack v. Mensch*, No. 2:17-CV-31, 2017 WL 11708268, at *1 (E.D.

6

Tenn. June 19, 2017) ("Additionally, prisoners seeking to bring civil rights actions have individual and specific hurdles to overcome, such as venue, stating a valid claim for relief, demonstrating exhaustion of administrative remedies, and complying with the applicable statute of limitations, which makes multi-party litigation difficult."); *Morgan v. Cohen*, No. 2:11-CV-11780, 2011 WL 2461470, at *2 (E.D. Mich. June 16, 2011) (same). Determining whether each detainee exhausted his administrative remedies prior to suit involves individualized inquiries into and evidence concerning each detainee's grievance history, jail and medical records, and the County's investigations in those grievances.

**Standing**. Plaintiffs' claims also involve individualized questions regarding standing. Fourteen of the Plaintiffs are family members, including parents, children, and one sibling, who are bringing claims on behalf of nine deceased individuals who were detained at the Jail. D.E. 1, ¶¶12-21, 23, 32-33, 35, 45-128. As such, there will be individualized questions and rulings of whether each of those Plaintiffs has standing to assert claims on behalf of a deceased detainee.

**ADA/RA Claims**. Moreover, not all of the Plaintiffs are asserting claims under all three counts. ADA/RA claims are only being asserted with respect to 15 of the 22 detainees concerning the adequacy of medical care. Plaintiffs are not asserting ADA/RA claims on behalf of the following seven detainees: Christopher Young, John Coote, Harrell Veal, Zachary Zepeda, Antonio Radcliffe, Jeremy Garrison, or Kevin Smith Jr. However, even for the Plaintiffs asserting ADA/RA claims, there are drastic differences between the facts and alleged qualifying disability underlying each of those claims, including different medical conditions and medical histories. D.E. 1, ¶¶1083-1195.

For example, Plaintiffs allege that the various detainees had the following preexisting conditions: heart disease/issues; lung issues; mental disabilities; asthma; high blood pressure;

diabetes; HIV; mental illness including depression, schizophrenia, anxiety, and bipolar disorder; kidney disorder; epilepsy; history of seizures; and an infected stab wound. *Id.* at ¶¶1083-1195. As a result, there will be individualized questions of whether each detainee is a qualified individual under the ADA/RA; whether each detainee's impairment substantially limits a major life activity; whether each medical condition constitutes a qualifying disability under the ADA/RA; whether the medical care provided to each detainee was adequate; whether each officer involved in the alleged incidents had actual notice of each detainee's alleged disability; and whether Harris County intentionally discriminated against each of the detainees based on their alleged disabilities. *Smith v. Harris Cnty., Tex.*, 956 F.3d 311, 317 (5th Cir. 2020).

Additionally, consideration of Plaintiffs' individual medical-care claims will entail review of each detainee's private medical records, grievances, and jail records, which cuts against any notion of joinder. For example, in *Mack v. Mensch*, the court dismissed the improperly joined plaintiff and ruled that the plaintiffs failed to meet Rule 20(a)'s two-part test because the plaintiffs' claims of deliberate indifference to medical care involved distinct factual scenarios and did not arise out of the same transaction, occurrence, or series even though the applicable legal standards may be the same. *Mack v. Mensch*, No. 2:17-CV-31, 2017 WL 11708268, at *1 (E.D. Tenn. June 19, 2017). The court also determined that consideration of the plaintiffs' individual medical-care claims will entail review of their private medical records, as well as their own prison documentation, such as grievances. *Id.* The court in *Morgan v. Cohen* reached identical conclusions with respect to a § 1983 claim brought by 14 plaintiffs alleging denial of medical care. *Morgan v. Cohen*, No. 2:11-CV-11780, 2011 WL 2461470, at *2 (E.D. Mich. June 16, 2011) (same). The courts in *Morgan* and *Mack* both noted that "the circumstances of confinement are not compatible with" litigation joined by multiple plaintiffs. *Id.*; *Mack*, 2017 WL 11708268, at *1.

**_Monell_ Claims.** Plaintiffs' inclusion of a § 1983 _Monell_ claim alleging that unidentified officers violated their rights as a pattern and practice condoned by Harris County does not transform the 22 separate incidents into a series of transactions for Rule 20's purposes. Multiple courts facing this question have held that the mere allegation of a pattern does not convert otherwise separate incidents into a series of transactions or occurrences. For example, in _Acevedo_, the Fifth Circuit affirmed the trial court's decision to deny joinder of numerous plaintiffs alleging company-wide policies. _Acevedo_, 600 F.3d at 522. The Fifth Circuit concluded that "[t]he district court was within its wide discretion to conclude that trying these claims together would be too challenging logistically, given the divergent working conditions at each store and the different defenses applicable to each plaintiff's claims." _Id._

Similarly, in _Stojcevski v. Cnty. of Macomb_, two inmates at a county jail brought § 1983 claims against a county alleging denial of medical care and deliberate indifference to their medical needs. _Stojcevski v. Cnty. of Macomb_, 143 F. Supp. 3d 675, 679-80 (E.D. Mich. 2015). The court severed the plaintiffs' claims because even though the plaintiffs were "incarcerated at the same jail during the same time period, they were housed in separate units, experienced different medical problems, and received different medical treatment by varying medical providers." _Id._ at 683. The court concluded that their claims required entirely different proof despite allegations of a county and jail policy and practice of indifference to the medical needs of inmates, because whether any proven policy or practice led to their injuries are dependent on facts unique to each individual. _Id._ The court reasoned, "[i]f Rule 20(a)'s requirement were satisfied by the allegation of a similar policy or procedure, every inmate in a particular prison facility claiming deliberate indifference to his or her medical needs could join in a single action against the prison's corrections staff and/or medical providers." _Id._

In *Gonzalez v. City of Maywood*, 22 plaintiffs brought a *Monell* claim under § 1983 against a city and other defendants based on nine separate and distinct incidents of alleged misconduct by members of the police department in violation of the plaintiffs' constitutional rights. *Gonzalez v. City of Maywood*, No. CV 07-3469 ODW(SHX), 2008 WL 11336944, at *1 (C.D. Cal. Jan. 29, 2008). Most of the incidents alleged that police officers entered the plaintiffs' homes and assaulted them. *Id.* at *1-2. The court granted the defendants' motion to sever the claims finding that neither of 20(a)(1)'s requirements were met. *Id.* at *3. The court first determined that the nine incidents arose from transactions and occurrences that were separate and distinct from each other. *Id.* The court specifically rejected the plaintiffs' argument that the same transaction or occurrence element is met through allegations of "systematic corruption and lack of adequate supervision and discipline" within the police department. *Id.* The court recognized that:

> While all the factual claims in this case may be premised upon some policy allegedly in violation of 42 U.S.C. § 1983, each factual claim upon which the alleged violations of § 1983 are premised, is inherently different. **In other words, each Plaintiff, or set of Plaintiffs, are alleging a different factual basis for how the alleged "policy" affected them**.

*Id.* (emphasis added). The court also found that the second element was not met because the nine incidents have very little, if any overlap, and each incident will require different witnesses and documentary proof. *Id.* at *4. The court recognized that although there may be some overlap of witnesses called to testify about the police department's policies, the vast majority of witnesses and other evidence will differ among each set of plaintiffs. *Id.* The court also found that discretionary severance was warranted to prevent jury confusion and judicial inefficiency. *Id.*

In *Martinez v. Haleas*, 13 plaintiffs brought their claims in one suit alleging that each of them were arrested by the same City of Chicago officer and charged with driving under the influence in separate incidents. *Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555, at *3 (N.D. Ill. Mar. 30, 2010). The plaintiffs claimed that the officer falsified evidence and police reports and

alleged that their false arrests violated their constitutional rights. *Id.* at *1. The court ruled that even though the plaintiffs asserted a *Monell* claim against the City of Chicago, they could not bring their claims in the same lawsuit because the plaintiffs' arrests were not part of a series of transactions or occurrences. *Id.* at *3. While the court recognized that there are similarities between each of the arrests, the court determined that "the allegations regarding the plaintiffs' *Monell* claims and the City's policies are inherently dependent on particular factual determinations that must be made as to each arrest." *Id.* The court also recognized that "[w]ithout severance of each plaintiff's claim, a jury would be required to hear evidence and make factual determinations concerning thirteen separate events in one trial," which "would likely be confusing to the jury, prejudicial to defendants, and undermine any other economies in litigation that may come from allowing joinder of plaintiffs." *Id.*

In *Strandlund v. Hawley*, four plaintiffs brought excessive force claims against the same defendant officer for three separate incidents and a *Monell* claim against the county on the basis that the county had a policy that tolerated and promoted the officer's use of excessive force. *Strandlund v. Hawley*, No. 05-CV-468(JMR/RLE), 2007 WL 984268, at *1-2 (D. Minn. Mar. 30, 2007), *vacated in part on procedural grounds*, 532 F.3d 741 (8th Cir. 2008). The court severed the claims finding that the requirements for joinder had not been satisfied. *Id.* at *3. The court first determined that the incidents did not meet the same transaction or occurrence test because the incidents were not logically related and the facts of each incident are entirely separate and "occurred on different days, under different circumstances, in different places, and with different actors." *Id.* The court also reasoned that there was no common question of law or fact even though the plaintiffs brought a *Monell* claim, because the *Monell* claim "depend[ed] on particular factual determinations as to each event" and the propriety or impropriety of the officer's acts was

11

"inextricably bound to the unique details of each interaction." *Id.* The court also found that it would be confusing and prejudicial to defendants for a single jury to hear evidence and make factual determinations concerning three separate events in one trial. *Id.*

Other courts have reached similar conclusions that a *Monell* claim does not convert otherwise separate encounters into a series of transactions. *See*, *e.g.*, *Thompson v. Boggs*, *33 F.3d 847*, 858 (7th Cir. 1994) (affirming trial court's decision to deny joinder of second plaintiff in § 1983 lawsuit where both plaintiffs alleged they were victims of the use of excessive force which was condoned by municipal policy, because trying two separate and distinct claims would confuse the jury); *Lozada v. City of Chicago*, No. 10 C 1019, 2010 WL 3487952, at *3 (N.D. Ill. Aug. 30, 2010) (severing 15 plaintiffs' claims against the City of Chicago finding that the plaintiffs' *Monell* claims depend on the unique facts of each plaintiff's arrest because those facts determine whether each plaintiff's arrest fell within the alleged pattern and practice); *Lover v. D.C.*, 248 F.R.D. 319, 325 (D.D.C. 2008) (denying joinder in § 1983 case because "allegedly similar constitutional violations do not convert the plaintiffs' independent searches into the same series of transactions or occurrences that Rule 20 requires").

The same conclusion should be reached here. In this case, whether each detainee's constitutional rights were violated will depend on the circumstances of his specific incident. As discussed above, there are unique details regarding each of those incidents, which occurred over a two-year period and involved different actors and alleged wrongdoing. D.E. 1, ¶¶45-261. Since the determination of whether each detainee's constitutional rights were violated and whether Harris County is liable for each incident will be a separate, individualized inquiry independent of the other detainees, the 22 separate incidents are distinct encounters that are not the same series of

transactions or occurrences as required by Rule 20(a). Therefore, Plaintiffs' individual claims should be severed into 22 individual lawsuits.

 2. <u>Plaintiffs' Claims Do Not Raise Common Questions of Law or Fact.</u>

Plaintiffs also cannot satisfy the second requirement of Rule 20(a)—a common question of law or fact—which serves as an independent basis for severing the claims. Courts have held that "the mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Castro v. Freeman*, No. CV B-09-208, 2011 WL 13140728, at *10 (S.D. Tex. Apr. 26, 2011) (severing plaintiffs' claims because there were no common questions of law or fact other than the mere fact that all plaintiffs' claims arise under the same general law); *Gonzalez*, 2008 WL 11336944, at *4; *Strandlund*, 2007 WL 984268, at *2.

While Plaintiffs assert a *Monell* claim, the alleged constitutional violations and legal theories differ among the detainees. Some of the detainees allege excessive use of force, others allege the failure to observe with respect to altercations with other detainees, and others allege inadequate medical care. D.E. 1, ¶¶45-261. Therefore, this is not a situation where the same legal theory or constitutional violation is alleged for each incident and detainee.

Each Plaintiff's *Monell* claim also depends on the particular factual determinations as to each incident, and the propriety of each officer's acts is inextricably bound to the unique details of each interaction. *See Strandlund*, 2007 WL 984268, at *2. In other words, each incident is based on wholly separate acts, and one detainee's incident did not precipitate or relate to any other detainee's incident. Given that the circumstances of each incident are unique to each detainee, this case is not one where the legal issues can be resolved with the same evidence. Rather, the determination of whether Harris County can be held liable for each detainee's incident will depend on: (1) the separate acts of different officers with respect to each detainee, (2) whether each

detainee's constitutional rights were violated, and (3) whether each incident fell within the alleged policy or custom. Accordingly, each of the incidents entails distinct questions of law and fact.

Because the 22 incidents do not arise out of the same transaction or occurrence and do not possess common questions of law or fact, Plaintiffs' claims must be severed.

**B.   ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS DISCRETION UNDER RULES 20, 21, AND 42(B) TO SEVER PLAINTIFFS' CLAIMS.**

Even if this Court finds that Plaintiffs have met Rule 20's requirements, the Court still has discretion under Rules 20, 21, and 42(b) to sever Plaintiffs' claims to prevent prejudice, ensure judicial economy, and to safeguard principles of fundamental fairness. *Acevedo*, 600 F.3d at 521; *Fed. Ins. Co.*, 850 F.3d at 202; *Applewhite*, 67 F.3d at 574. Severance is also appropriate "when different witnesses and documentary proof would be required for plaintiffs' claims." *Acevedo*, 600 F.3d at 522. Discretionary severance is appropriate here for all of these reasons.

First, trying 22 separate and unrelated claims together is extremely prejudicial to Harris County. Absent severance, a single jury would be required to make separate factual determinations for each of the 22 incidents and 27 Plaintiffs. Courts have found that it would be confusing and prejudicial for a single jury to hear two or three separate and distinct § 1983 claims. *Thompson v. Boggs*, 33 F.3d at 858; *Strandlund*, 2007 WL 984268, at *3. If two or three separate incidents are enough to cause confusion and prejudice, then a single jury hearing the 22 separate and distinct claims in this case certainly would be confusing and prejudicial. *See, e.g., Gonzalez*, 2008 WL 11336944, at *4 (ruling that it would be prejudicial for 22 plaintiffs to try their § 1983 claims in one lawsuit); *Martinez*, 2010 WL 1337555, at *3 (finding that it would be prejudicial and confusing for 13 plaintiffs to try their § 1983 claims together).

As one court has noted, "[a] single trial would require the jury to keep separate each plaintiff's individualized claim . . . presenting the jury with the 'hopeless task of trying to discern

who did and said what to whom and for what reason.'" *Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000). This runs the risk of the jury "resolv[ing] the confusion by considering all the evidence to pertain to all the plaintiffs' claims, even when it is relevant to only one plaintiff's case." *Id.* "There is tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus prejudicing defendant with respect to the other plaintiffs' claims." *Id.* "The need to focus the jury's attention on the merits of each individual plaintiff's case counsels against proceeding with these cases in one consolidated trial," which "would be extremely prejudicial to the defendant if the claims of the plaintiffs are tried jointly." *Id.*

There is undoubtedly a substantial risk of confusion and unfair prejudice if a single jury is allowed to hear all 22 separate and unrelated incidents in a single proceeding. Evidence that one detainee was allegedly involved in an altercation with an officer is entirely irrelevant to the case of a detainee who was allegedly denied medical care. By joining all these claims in a single proceeding, however, a jury would hear this evidence that it otherwise would not have been allowed to hear if each Plaintiff has their own separate trial. Additionally, due to the difficulty in keeping track of 27 Plaintiffs' claims based on 22 individual and unrelated incidents, the jury might improperly commingle evidence and resolve confusion by considering all the evidence to pertain to all of the Plaintiffs' claims, even when it is relevant to only one plaintiff's case. This circumstance raises the very real potential for bias and unfair prejudice to Harris County. A jury simply should not be allowed to consider 22 different factual situations when each claim properly should be considered by a separate jury, especially since there would be no prejudice posed to any Plaintiff by having their own separate trial.

Second, joinder would not promote judicial economy in this case. Aside from the incidents allegedly occurring at Harris County Jail, there is no common actor alleged in any of the 22

incidents, and each incident will require individualized factual determinations based on different witnesses and documentary proof. The fact that Plaintiffs have the same attorney does not transform their 22 individual cases into the same case or allow them special privileges to litigate their claims as one. Nor does Plaintiffs' *Monell* claim alter this analysis. Joinder of Plaintiffs' claims into one lawsuit is not necessary to achieve judicial economy for conducting *Monell* discovery. *See Gonzalez*, 2008 WL 11336944, at *4. As one court recognized when it severed multiple plaintiffs' § 1983 *Monell* claims, "judicial economy is best served by proceeding with separate discovery, separate dispositive motions proceedings, if any, and separate mediation and settlement efforts." *Id.*

Consequently, Plaintiffs' claims should be severed into 22 individual lawsuits because there is no practical reason for joinder and there is a significant risk of jury confusion and unfair prejudice to Harris County if Plaintiffs' claims are tried in a single proceeding. Alternatively, if the Court does not sever Plaintiffs' individual claims at this stage of the proceeding, the Court should sever Plaintiffs' claims for trial under Rule 42(b) to prevent confusion and prejudice.

## VI.   CONCLUSION

Plaintiffs' claims must be severed because the 22 separate, distinct, and unrelated incidents do not satisfy the requirements of Rule 20(a) for permissive joinder. Further, severance is warranted because of the inherent confusion and unfair prejudice that would result from a single jury hearing and distilling evidence of 22 incidents and 27 Plaintiffs. Harris County, therefore, respectfully requests that this Court sever Plaintiffs' claims into 22 individual lawsuits and grant Harris County all further relief to which it is justly entitled at law or in equity.

Dated: November 3, 2023                    Respectfully submitted,

                                           **BAKER & HOSTETLER LLP**

                                           By: */s/ Gregory C. Ulmer*
                                           Gregory C. Ulmer
                                           ***Attorney-in-Charge***
                                           Texas Bar No. 00794767
                                           Southern District Federal ID No. 19827
                                           gulmer@bakerlaw.com
                                           811 Main Street, Suite 1100
                                           Houston, Texas 77002-6111
                                           Telephone: (713) 751-1600
                                           Facsimile:  (713) 751-1717

                                           **OF COUNSEL:**
                                           **BAKER & HOSTETLER LLP**
                                           James E. Phillips
                                           Texas Bar No. 24060423
                                           Southern District Federal ID No. 906115
                                           jphillips@bakerlaw.com
                                           Kristen H. Luck
                                           Texas Bar No. 24104027
                                           Southern District Federal ID No. 3111037
                                           kluck@bakerlaw.com
                                           Ryan A. Walton
                                           Texas Bar No. 24105086
                                           Southern District Federal ID No. 3278426
                                           rwalton@bakerlaw.com
                                           811 Main Street, Suite 1100
                                           Houston, Texas 77002-6111
                                           Telephone: (713) 751-1600
                                           Facsimile:  (713) 751-1717

                                           **ATTORNEYS FOR DEFENDANT**
                                           **HARRIS COUNTY, TEXAS**

## <u>CERTIFICATE OF SERVICE</u>

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on  November 3, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to all counsel of record.


<u>/s/ Gregory C. Ulmer</u>
Gregory C. Ulmer

18