**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WAGNER et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, | § | CIVIL ACTION NO: |
| | § | 4:23-cv-02886 |
| *Defendant,* | § | |
| | § | Jury Requested |
| and | § | |
| | § | |
| ANA GARCIA, | § | |
| | § | |
| *Plaintiff-Intervenor.* | § | |

_____

**MOTION TO INTERVENE**
_____

M. OBAID SHARIFF
Federal I.D. No. 2827312
Texas Bar No. 24091135
KEVIN ACEVEDO
Federal ID No. 2932922
Texas Bar No. 24086848
**THE SHARIFF LAW FIRM, PLLC**
2500 West Loop South, Ste 300
Houston, Texas 77027
(713) 244-8392 (Telephone)
(713) 244-8372 (Fax)
mshariff@sharifflawfirm.com

***Attorneys for Plaintiff-Intervenor***

# I.    TABLE OF CONTENTS

| | | |
|---|---|---|
| **I.** | **TABLE OF CONTENTS** ....................................................................... | ii |
| **II.** | **TABLE OF AUTHORITIES** ................................................................ | iii |
| **III.** | **TABLE OF EXHIBITS** ...................................................................... | v |
| **IV.** | **NATURE AND STAGE OF THE PROCEEDING** ............................... | 1 |
| **V.** | **STATEMENT OF ISSUES** ................................................................. | 1 |
| **VI.** | **SUMMARY OF ARGUMENT** ............................................................. | 1 |
| **VII.** | **RELEVANT BACKGROUND** .............................................................. | 4 |
| **VIII.** | **LAW AND ARGUMENT** ..................................................................... | 6 |
| | **A.**    THE APPLICATION IS TIMELY .............................................. | 8 |
| | **B.**    THERE IS A COMMONALITY OF FACT AND LAW ................... | 12 |
| | **C.**    THE EXISTING PARTIES ARE NOT PREJUDICED .................... | 14 |
| | **D.**    INTERVENOR'S INTERESTS NOT ADEQUATELY REPRESENTED ......................................................................... | 16 |
| | **E.**    CONTRIBUTION TO COURT'S DISCERNMENT OF THE ISSUES .................................................................................. | 16 |
| | **F.**    IN THE ALTERNATIVE ......................................................... | 17 |
| **IX.** | **CONCLUSION AND PRAYER** ........................................................... | 18 |

## II.     TABLE OF AUTHORITIES

**The Supreme Court of the United States**
*Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978)...................................................... passim

**The Fifth Circuit Court of Appeals**
*Adam Joseph Resources, et al v. CNA Metals Ltd.*, 919 F.3d 856 (5th Cir. 2019)............ 5, 7, 9, 10
*Ass'n of Pro. Flight Attendants v. Gibbs*, 804 F.2d 318 (5th Cir. 1986) ......................................... 8
*Brumfield v. Dood*, 749 F.3d 339 (5th Cir. 2014).................................................................... 5, 6
*Doe v. Glickman*, 256 F.3d 371 (5th Cir. 2001) ...................................................................... passim
*Entergy Gulf States La., L.L.C. v. EPA*, 817 F.3d 198 (5th Cir. 2016)........................................... 5
*Field v. Anadarko Petro. Corp.*, 35 F.4th 1013 (5th Cir. 2022) ................................................... 7
*In re Lease Oil Antitrust Litig.*, 570 F.3d 244 (5th Cir. 2009)...................................................... 5
*La Union del Pueblo Entero v. Abbott*, 29 F.4th 299 (5th Cir. 2022)....................................... 5, 6
*League of United Latin American Citizens, District 19 v. City of Boerne*, 659 F.2d 421 (5th Cir. 2011)................................................................................................................................ 8
*McDonald v. E.J. Lavino Co.*, 430 F.2d 1065 (5th Cir. 1970)...................................................... 9
*Mendenhall v. M/V Toyota No. 11*, 551 F.2d 55 (5th Cir. 1977) ............................................... 5
*Miller v. Vilsack*, 2022 U.S. App. LEXIS 7563 (5th Cir. 2022)............................................... 5, 6
*Newby v. Enron Corp.*, 443 F.3d 416 (5th Cir. 2006)............................................................... 11
*Nextera Energy Cap. Holdings, Inc. v. D'Andrea*, 2022 U.S. App. LEXIS 33718 (5th Cir. 2022) ...................................................................................................................................... passim
*Sanchez v. Young Cnty.*, 866 F.3d 274 (5th Cir. 2017)............................................................... 4
*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) ............................................................. 6, 7, 9
*Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977) ................................................. 7, 12
*Texas v. United States*, 805 F.3d 643 (5th Cir. 2015)....................................................... 5, 6, 13
*United States ex rel. Hernandez v. Team Fin., L.L.C.*, 2023 U.S. App. LEXIS 23126 (5th Cir. 2023)................................................................................................................................ 7, 11
*Wal-Mart Stores v. Texas Alcoholic Beverage Com'n*, 834 F.3d 562 (5th Cir. 2016) ........... 5, 7, 9

**Federal District Courts in the Fifth Circuit**
*Alvarez v. Singh*, 2018 U.S. Dist. LEXIS 227632 (W.D. Tex., 2018)......................................... 14
*Alvarez v. Singh*, 2018 U.S. Dist. LEXIS 243903 (W.D. Tex. 2018)......................................... 14
*Christian Life Ctr., Inc. v. Colony Ins. Co.*, 2011 U.S. Dist. LEXIS 117448 (S.D. Tex., 2011) (Ellison, K.) .......................................................................................................................... 6
*Coronado v. D N. W. Houston, Inc.*, 2015 U.S. Dist. LEXIS 196280 (S.D. Tex. 2015)............... 9
*Crum & Forster Specialty Ins. Co. v. Explo Sys.*, 2013 U.S. Dist. LEXIS 161219 (W.D. 2013) 13
*Crum & Forster Specialty Ins. Co. v. Explo Sys.*, 2014 U.S. Dist. LEXIS 51951 (W.D. La. 2014) ............................................................................................................................................ 13
*Cunningham v. Concentrix Sols. Corp.*, 2021 U.S. Dist. LEXIS 47476 (E.D. Tex. 2021) ........... 8
*Dewan v. M-I, L.L.C.*, 2014 U.S. Dist. LEXIS 89771 (S.D. Tex. 2014) ................................. 7, 15
*EEOC v. Signal Int'l, LLC*, 2012 U.S. Dist. LEXIS 7615 (S.D. Miss., 2012).............................. 14
*EEOC v. Stone Pony Pizza, Inc.*, 172 F. Supp. 3d 941 (N.D. Miss, 2016).................................. 11
*Endurance Am. Ins. Co. v. Lloyd's Syndicate 3624*, 2023 U.S. Dist. LEXIS 75051 (N.D. Tex., 2023)......................................................................................................................... 6, 8, 12
*First Mercury Ins. Co. v. Rosenboom Welding & Fabrication, L.L.C.*, 2013 U.S. Dist. LEXIS 127905 (N.D. Tex., 2013) ................................................................................................ 7, 10

*Ford v. City of Huntsville*, 242 F.2d 235 (5th Cir. 2001) ............................................. 7

*Franciscan All. Inc. v. Azar*, 414 F. Supp. 3d 928 (N.D. Tex. 2019) ............................ 14

*Hanover Ins. Co. v. Superior Labor Servs.*, 179 F. Supp. 3d 656 (E.D. La. 2016) ............... 7, 12

*Harbour v. Sirico*, 2019 U.S. Dist. LEXIS 92060 (M.D. La. 2019) ......................... 6, 13

*Hinkle v. Phillips 66 Co.*, 2020 U.S. Dist. LEXIS 256981 (W.D. Tex. 2020) ................ 5

*Hoffman v. Jindal*, 2016 U.S. Dist. LEXIS 99371 (M.D. La. 2016) ......................... 9, 11

*In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir.1977)………………………………...3

*JMCB, LLC v. Bd. of Commerce & Indus.*, 2017 U.S. Dist. LEXIS 199386 (M.D. La. 2017) .... 13

*King v. Flowers Foods, Inc.*, 2022 U.S. Dist. LEXIS 87371 (M.D. La. 2022) ............... 8

*King v. Flowers Foods, Inc.*, 2023 U.S. Dist. LEXIS 57680 (M.D. La. 2023) ............... 9

*LED Wafer Sols. LLC v. Samsung Elecs. Co.*, 2021 U.S. Dist. LEXIS 224560 (W.D. Tex. 2021) 8

*LED Wafer Sols. LLC v. Samsung Elecs. Co.*, 2021 U.S. Dist. LEXIS 224560 (W.D. Tex., 2021) ................................................................................................... 14

*Miss. State Conf. of the NAACP v. Barbour*, 2011 U.S. Dist. LEXIS 41379 (S.D. Miss. 2011).. 12

*Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, 2022 U.S. Dist. LEXIS 59549 (N.D. Tex., 2022) .................................................................................. 6, 13, 14

*One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, 2012 U.S. Dist. LEXIS 51476 (S.D. Tex. 2012).................................................................................................. 8

*Realtime Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. LEXIS 154241 (E.D. Tex. 2009) ......... 13

*SEC v. Stanford Int'l Bank, Ltd.*, 2010 U.S. Dist. LEXIS 148229 (N.D. Tex. 2010) ................. 14

*Secura Ins. Co. v. Advanced Shielding Techs.*, 2020 U.S. Dist. LEXIS 143821 (W.D. La. 2020) ................................................................................................... 13

*Stephens v. State Farm Fire & Cas. Co.*, 2010 U.S. Dist. LEXIS 31091 (E.D. La. 2010) .......... 13

*Students for Fair Admissions v. Univ. of Tex. at Austin*, 338 F.R.D. 364 (W.D. Tex. 2021)......... 8

*Texas v. United States Dep't of Homeland Sec.*, 2023 U.S. Dist. LEXIS 68949 (S.D. Tex., 2023) ....................................................................................... passim

*Texas v. United States*, 2021 U.S. Dist. LEXIS 22814 (S.D. Tex. 2021)................................ 6, 15

*Travelpass Grp., LLC v. Caesars Entm't Corp.*, 2021 U.S. Dist. LEXIS 115541 (E.D. Tex. 2021) ................................................................................................... 6, 14

*Uniloc 2017 LLC v. AT&T Mobility LLC*, 2019 U.S. Dist. LEXIS 68817 (E.D. Tex., 2019)...... 13

*Uniloc 2017 LLC v. Verizon Communs. Inc.*, 2019 U.S. Dist. LEXIS 68202 *16-17 (E.D. Tex., 2019)................................................................................................... 13

*Vanderstok v. Blackhawk Mfg. Grp. Inc.*, 2023 U.S. Dist. LEXIS 115474 (N.D. Tex. 2023) ....... 6

*Vanderstok v. Garland*, 2022 U.S. Dist. LEXIS 240078 *15 (N.D. Tex. 2022) ........................... 6

*Velasquez v. WCA Mgmt. Co., L.P.*, 2016 U.S. Dist. LEXIS 112441 (S.D. Tex. 2016) ............. 12

*Veve v. Bolt Express LLC*, 2009 U.S. Dist. LEXIS 47517 (S.D. Tex. 2009) ............................. 10

*Yarbrough v. Css Corp.*, 2020 U.S. Dist. LEXIS 259191 (E.D. Tex. 2020) ........................ 12, 14

**Statutes**

42 U.S.C. § 1983 ..................................................................................................... 1

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 24................................................................................................. 1, 5

Fed. R. Civ. P. 24(b) ........................................................................................... 6, 10

Fed. R. Civ. P. 24(b)(1).............................................................................................. 1

iv

### III.   TABLE OF EXHIBITS

**Exhibit "1"**    Plaintiff-Intervenor's Original Complaint

## IV.   NATURE AND STAGE OF THE PROCEEDING

1.      This is a new case, very recently filed in this court, under 42 U.S.C. § 1983, for civil rights violations against Defendant **HARRIS COUNTY, TEXAS** (hereinafter the "Defendant").  In it, Plaintiffs have brought municipal liability claims against said county, pursuant to *Monell v. Department of Soc. Svcs*., 436 U.S. 658 (1978), stating pattern-or-practice claims as well as failure-to-train and failure-to-supervise claims.  In their original complaint, Plaintiffs expose the Defendant's extensive and abusive civil rights violations against numerous inmates of the Harris County Jail in recent years.  Indeed, Plaintiffs have made a titanic effort to detail many facts to show a pattern of incidents, and one of the incidents specifically pled in their complaint pertains to the deceased inmate **KEVIN ALEXANDER SANCHEZ-TREJO** (hereinafter referred to as the "Decedent"), who suffered damages and died while under the care of the county jail officials. His mother, **ANA GARCIA** (hereinafter referred to as the "Intervenor"), individually, as heir, and as representative of the Decedent, now seeks to permissively intervene into this lawsuit as a plaintiff-intervenor.  To do so, the Intervenor herein establishes with clarity all of the factual and legal bases to support her intervention in this civil action.

## V.   STATEMENT OF ISSUES

2.      Pursuant to Fed. R. Civ. P. 24(b)(1), should the Honorable Court permit the mother, heir, and representative of the Decedent to intervene into this new lawsuit as a plaintiff-intervenor given that the Plaintiffs have pled the Decedent's incident as a part of their *Monell* pattern-or-practice claims against the Defendant?  (Yes).

## VI.   SUMMARY OF ARGUMENT

3.      Construing Fed. R. Civ. P. 24 liberally, resolving all doubts to Plaintiff-Intervenor's favor, and with reference to the broad policy favoring interventions, Plaintiff-Intervenor should be

permitted to intervene into this lawsuit.  Harris County's denial of timely medical care of the Decedent and its failure-to-conduct proper, face-to-face observations are among the constitutional injury claims that the Plaintiffs explicitly pled in their action to populate and support the _Monell_ condition precedents of confinement pattern-or-practice action against the Defendant.  In its case law, this Honorable Court considers the following three (3) factors when assessing permissive intervention: (1) timeliness, (2) commonality of fact/legal questions, and (3) whether there would be prejudice to the original parties.  Additional considerations include (4) whether the intervenor's interests are adequately represented in the original action, and (5) whether the intervenor's presence in the action would contribute the development of the case.

4.      Here, first, the Intervention sought is timely as this case is still in its infancy.  The scheduling order was just issued three (3) days ago, and has set trial for well over a year from now. Second, there is clearly a commonality of fact between this action and the Intervenor's claims against the same county for constitutional failures in the administration of the county jail.  More specifically, both the Plaintiffs and Intervenor seek to bring _Monell_ conditions of confinement pattern-or-practice claims as well as failure-to-supervise and failure-to-train claims against the Defendant, and the Plaintiffs expressly pled the Decedent's death in its pattern of incidents, in their pleadings.  Third, allowing intervention would cause no prejudice to the original parties as federal question subject matter jurisdiction would remain unchanged, discovery has not yet commenced, and a separate lawsuit would have Defendants fighting on two fronts and in two separate district court forums and could generate confusion and result in disparate outcomes, which respectfully is not an efficient use of judicial resources or the best practice of administration of justice.[1]  Fourth,

---

[1] Out of abundance of caution, and due to Statue-of-Limitations concerns, the Intervenor will be filing a separate lawsuit in federal court, and then seek consolidation of that case with this action, if necessary. After all, both cases share common questions of law and fact. _See_ _In re Air Crash_

the Intervenor's own individual, personal interests are not adequately represented by the Plaintiffs' action, as she has her own individualized personal claim for damages that the Plaintiffs would not, and could not, advance.  Moreover, the disposition of this lawsuit without the Plaintiff-Intervenor may give rise to res judicata and collateral estoppel defenses, to the benefit of the Defendant, which the Intervenor might have to deal with in another, future proceeding, unless intervention is allowed here.  Fifth, the Intervenor's presence will contribute to the development of this action as his own truth against the jail county should be fully fleshed-out and publicly revealed.

5.      To that point, the current Plaintiffs would benefit from further factual development of the Decedent's story, and which has details of other aspects which they missed, in order to further advance their claims against the Defendant.  Moreover, the Plaintiff-Intervenor has also identified nine (9) additional county jail incidents not currently mentioned in Plaintiff's complaint which fit the pattern pled by Plaintiff and describes other ways in which the Defendant had sufficient notice for the *Monell* claims, and also cited certain helpful Fifth Circuits not previously identified.  Thus, the Plaintiff-Intervenor's involvement in this action will further contribute to the factual and legal development of this case. Therefore, respectfully, the Plaintiff-Intervenor respectfully urges this Court to grant her permission to intervene into this suit.

//

//

---

*Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (Rule 42(a) allows consolidation "in order to expedite... trial and eliminate unnecessary repetition and confusion," even when opposed by the parties) (citations omitted). The undersigned attorneys understand it is important to be forthcoming with this Honorable Court about said lawsuit in order to be transparent, and ultimately to avoid risking waiver of rights, since allowing intervention is discretionary and could theoretically be denied. Nonetheless, intervention is the best –and preferred— course of action.  Hence, this motion to intervene.

## VII.   RELEVANT BACKGROUND

6.     On August 7, 2023, Plaintiffs filed this *Monell* pattern-or-practice suit against the Defendants in which they asserted violations of their Fourteenth Amendment constitutional rights, pursuant to 42 U.S.C. § 1983.  *See* Doc. 1, Pg. 149 ¶ 888.

7.     Stating a plausible claim for relief, Plaintiffs advised that the elements for such a *Monell* claim include: (1) an official policy, (2) a policymaker, and (3) that the policy was the moving force behind the constitutional violation.  *See* Doc. 1, Pg. 149 ¶ 889.

8.     First, the Plaintiffs asserted that the Defendant engaged in the following non-exclusive list of customs, policies or practices:

"a. ***Failure to Observe and Monitor***: Routine failure to properly observe and monitor detainees through face-to-face checks, video monitoring, and in identifying and monitoring blind spots within the jail and subsequent inaccurate reporting and documentation of those observations.

b. ***Failure to Provide Medical Care***: Routine failure to provide detainees with medical care and/or sufficient medical care within a timely manner or at all through the failure to provide medications to detainees, failure to follow medical instructions from physicians, failure to properly document health concerns and medical needs of detainees, failure to properly evaluate and test detainees with known injuries in reckless disregard to the known consequences of failing to test and diagnose injuries and medical conditions, and failure to transfer detainees with known or knowable medical conditions to a medical facility or detention facility that could provide adequate acute and chronic care for the detainees' disabilities and medical conditions…

e. ***Systemic Understaffing and Overcrowding***: Routine understaffing and overcrowding of the jail that… impedes detainees' access to medical care, reduces the staff's abilities to supervise detainees in a safe manner, reduces the staff's abilities to conduct face-to-face observations, and increases the likelihood of harm suffered by the detainees."

*See* Doc. 1, Pg. 146- ¶ 885

Second, the Plaintiffs identified the relevant policymaker as follows:

"Harris County's acts and omissions, which resulted in Plaintiffs' deaths and injuries, were committed pursuant to one or more interrelated policies, practices, and customs of Harris County that were promulgated by its policymaker, the Harris County Sheriff, and

4

which resulted in conditions, practices, rules, and restrictions imposed on the detainees that "amounts to punishment in advance of trial."

*See* Doc. 1 ¶ 890 (citing *Sanchez v. Young Cnty.*, 866 F.3d 274, 279 (5th Cir. 2017))

Third, to show that the moving force behind their injuries were the customs, policies and practices of the Harris County Sheriff and his delegates, the Plaintiffs identified and pled nearly seventy (70) incidents.  Among those was the injury and death caused to the Decedent while in county jail care and custody.  For which the Plaintiffs pled as follows:

"On November 21, 2021, [the Decedent] was booked into the Harris County Jail.  Detention officers were not properly monitoring and observing [the Decedent] as they did not conduct face to face observations to determine if he was in need of medical attention within a sufficient amount of time and for failing to prevent his acquiring and ingestion of fentanyl and heroin.  On February 12, 2022, [the Decedent] was found unresponsive in his bed by a supervisor.  [The Decedent] was declared deceased a few hours later due to a drug overdose.

Failure to properly observe and monitor [the Decedent] and conduct proper face-to-face observations led to inadequate medical care being provided to him in a timely manner and led to inadequate supervision permitting the distribution and use of illicit drugs within the Jail which has become a significant pattern within the Jail, and ultimately caused [the Decedent's] death as proper observation through face-to-face and cameras would have given the officers sufficient time to notice the distribution and ingestion of the illicit drugs and sufficient time to notice [the Decedent] become unresponsive.

Harris County's rampant practice and policies of understaffing and overcrowding the jail impeded [the Decedent's] access to medical care, including not having sufficient staff to pass out medications resulting in medications either not being issued or certain detainees being skipped by rushed officers, having staff fail to properly document, screen, and/or follow up with known medical issues, failure to properly observe the use and distribution of drugs amongst detainees in the Jail, failure to have sufficient medical staff be able to perform full examinations and testing on detainee's, and reduced the jailer's ability to properly observe the detainees and provide them with sufficient medical care resulting in [the Decedent's] death… Sheriff Gonzalez was the sheriff and policymaker for Harris County with respect to the jail when [the Decedent] died due to the jail's unconstitutional policies, customs, and practices."

*See* Doc. # 1 ¶ 793-799.

9.    The Intervenor is the Decedent's mother, his heir and representative, and she here attaches her proposed Original Complaint as Exhibit "1."

10.     In her proposed Original Complaint, the Plaintiff-Intervenor has included certain facts about the Decedent's incident which would have been unknown to the Plaintiffs, pled the same _Monell_ conditions of confinement pattern-or-practice, failure-to-supervise, and failure-to-train claims, and has also identified nine (9) other incidents not previously pled by the Plaintiff. Additionally, the Plaintiff-Intervenor has also identified additional ways that the Defendant had notice including through lawsuits and settlements, and cites to additional, relevant caselaw.

11.     Thus, for these and other well-founded reasons, Plaintiff-Intervenor hereby moves to intervene in this lawsuit.

## VIII.   LAW AND ARGUMENT

12.     Federal Rule of Civil Procedure 24 governs interventions.  Although the intervenor bears the burden of establishing its right to intervene, Fed. R. Civ. P. 24 "is to be liberally construed."[2]  The movant's factual allegations are to be taken as true.[3]  All doubts should be resolved in favor of the proposed intervenor.[4]  And, there is a "broad policy favoring intervention." _Miller v. Vilsack_, 2022 U.S. App. LEXIS 7563 *8 (5th Cir. 2022).  Indeed, interventions should be

---

[2] _Nextera Energy Cap. Holdings, Inc. v. D'Andrea_, 2022 U.S. App. LEXIS 33718 *6 (5th Cir. 2022); _La Union del Pueblo Entero v. Abbott_, 29 F.4th 299, 305 (5th Cir. 2022); _Adam Joseph Resources, et al v. CNA Metals Ltd._, 919 F.3d 856, 864 (5th Cir. 2019); _Wal-Mart Stores v. Texas Alcoholic Beverage Com'n_, 834 F.3d 562, 565 (5th Cir. 2016); _Texas v. United States_, 805 F.3d 643, 657 (5th Cir. 2015); _Brumfield v. Dood_, 749 F.3d 339, 341 (5th Cir. 2014); _In re Lease Oil Antitrust Litig._, 570 F.3d 244, 248 (5th Cir. 2009).

[3] _La Union del Pueblo Entero v. Abbott_, 29 F.4th 299, 305 (5th Cir. 2022); _Adam Joseph Resources, et al v. CNA Metals Ltd._, 919 F.3d 856, 865 (5th Cir. 2019); _Wal-Mart Stores v. Texas Alcoholic Beverage Com'n_, 834 F.3d 562, 565 (5th Cir. 2016); _Texas v. United States_, 805 F.3d 643, 657 (5th Cir. 2015); _Mendenhall v. M/V Toyota No. 11_, 551 F.2d 55, 56 fn 2 (5th Cir. 1977).

[4] _Miller v. Vilsack_, 2022 U.S. App. LEXIS 7563 *5 (5th Cir. 2022); _Entergy Gulf States La., L.L.C. v. EPA_, 817 F.3d 198, 203 (5th Cir. 2016); _In re Lease Oil Antitrust Litig._, 570 F.3d 244, 248 (5th Cir. 2009); _see also Hinkle v. Phillips 66 Co._, 2020 U.S. Dist. LEXIS 256981 *4 (W.D. Tex. 2020); _Travelpass Grp., LLC v. Caesars Entm't Corp._, 2021 U.S. Dist. LEXIS 115541 *22 (E.D. Tex. 2021).

allowed "where no one would be hurt and the greater justice could be attained."[5]  The inquiry is a flexible one, and a practical analysis of the facts and circumstances of each case is appropriate. *Brumfield v. Dood*, 749 F.3d 339, 342 (5th Cir. 2014).  Ultimately, practicality is the lodestar in the intervention analysis with courts contextually considering the particular facts and circumstances of the case.  *Travelpass Grp., LLC v. Caesars Entm't Corp.*, 2021 U.S. Dist. LEXIS 115541 *23 (E.D. Tex. 2021).

13.     In that inquiry, this Honorable Court has previously considered (1) whether a timely application was made by the intervenor, (2) whether the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) whether intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.  *Christian Life Ctr., Inc. v. Colony Ins. Co.*, 2011 U.S. Dist. LEXIS 117448 *8 (S.D. Tex. 2011) (Ellison, K.) (citing Fed. R. Civ. P. 24(b))[6].  Additional considerations in the relevant case law include: (4) whether the proposed intervenor is adequately represented by the existing parties, and (5) whether the intervenor's presence is likely to provide contributions to the development of the underlying

---

[5] *Nextera Energy Cap. Holdings, Inc. v. D'Andrea*, 2022 U.S. App. LEXIS 33718 *6 (5th Cir. 2022); *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 205 (5th Cir. 2022); *Miller v. Vilsack*, 2022 U.S. App. LEXIS 7563 *5 (5th Cir. 2022); *Texas v. United States*, 805 F.3d 643, 657 (5th Cir. 2015); *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994); *McDonald v. E.J. Lavino Co.*, 430 F.3d 1065, 1074 (5th Cir. 1970); *Doe v. Glickman*, 256 F.3d 371, 275 (5th Cir. 2001).

[6] *See also Endurance Am. Ins. Co. v. Lloyd's Syndicate 3624*, 2023 U.S. Dist. LEXIS 75051 *4 (N.D. Tex., 2023); *Texas v. United States Dep't of Homeland Sec.*, 2023 U.S. Dist. LEXIS 68949 *5 (S.D. Tex., 2023); *Vanderstok v. Blackhawk Mfg. Grp. Inc.*, 2023 U.S. Dist. LEXIS 115474 *14(N.D. Tex. 2023); *Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, 2022 U.S. Dist. LEXIS 59549 *20 (N.D. Tex., 2022); *Vanderstok v. Garland*, 2022 U.S. Dist. LEXIS 240078 (N.D. Tex. 2022); *Harbour v. Sirico*, 2019 U.S. Dist. LEXIS 92060 *14 (M.D. La. 2019).

factual issues.[7] So too is the consideration of whether the permissive intervention would achieve judicial economy. _Hanover Ins. Co. v. Superior Labor Servs._, 179 F. Supp. 3d 656, 668 (E.D. La. 2016). Here, considering all of these elements as applied to this case, we respectfully posit that intervention should be granted.

### A. THE APPLICATION IS TIMELY

14. The first consideration is timeliness. The purpose of this requirement is not intended to be a tool of retribution to punish a tardy would-be intervenor. _Adam Joseph Resources, et al v. CNA Metals Ltd._, 919 F.3d 856, 865 (5th Cir. 2019); _Doe v. Glickman_, 256 F.3d 371, 375 (5th Cir. 2001); _Sierra Club v. Espy_, 18 F. 3d 1202, 1205 (5th Cir. 1994). Absolute measures of timeliness should be ignored. _Wal-Mart Stores v. Texas Alcoholic Beverage Com'n_, 834 F.3d 562, 665 (5th Cir. 2016); _Doe v. Glickman_, 256 F.3d 371, 375 (5th Cir. 2001). Rather timeliness is to be determined from all of the circumstances. _Field v. Anadarko Petro. Corp._, 35 F.4th 1013, 1017 (5th Cir. 2022). And the principal focus is not delay, but rather on undue delay _and_ whether that undue delay will prejudice the original parties' rights. _Dewan v. M-I, L.L.C._, 2014 U.S. Dist. LEXIS 89771 *25 (S.D. Tex. 2014). Still, when assessing this consideration, courts should nevertheless ignore the likelihood that intervention may interfere with orderly judicial process. _Doe v. Glickman_, 256 F.3d 371, 378 (5th Cir. 2001).

15. Instead, the Fifth Circuit Court of Appeals long ago announced, in _Stallworth v. Monsanto Co._, 558 F.2d 257 (5th Cir. 1977), that there are four (4) relevant factors to analyze the

---

[7] _Texas v. United States Dep't of Homeland Sec._, 2023 U.S. Dist. LEXIS 68949 *6 (S.D. Tex., 2023); _Nat'l Horsemen's Benevolent & Protective Ass'n v. Black_, 2022 U.S. Dist. LEXIS 59549 *8 (N.D. Tex., 2022); _Travelpass Grp., LLC v. Caesars Entm't Corp._, 2021 U.S. Dist. LEXIS 115541 *23 (E.D. Tex. 2021); _Texas v. United States_, 2021 U.S. Dist. LEXIS 22814 *3 (S.D. Tex. 2021); _First Mercury Ins. Co. v. Rosenboom Welding & Fabrication, L.L.C._, 2013 U.S. Dist. LEXIS 127905 *4-5 (N.D. Tex., 2013).

issue of timeliness. Those include: (1) the length of time the movant waited to file, (2) the prejudice to the existing parties from any delay, (3) the prejudice to the movant if the intervention is denied, and (4) any unusual circumstances.[8]  Yet, notwithstanding those factors, a motion to intervene still may nevertheless be timely even if all of these factors do not weigh in favor of a finding of timeliness. _Doe v. Glickman_, 256 F.3d 371, 376 (5th Cir. 2001).  That said, respectfully, all four of the above referenced factors strongly favor the Intervenor.

16.     First, the Intervenor has clearly moved promptly. The original complaint was filed by Plaintiffs in August, only three (3) months ago, and in the initial pleading stage. Only a few filings and entries have been made in the court's docket. Indeed, the Defendant has not filed an answered the complaint yet. Defendant filed a Rule 12(b) motion just a few days ago. _Compare to Nextera Energy Cap. Holdings, Inc. v. D'Andrea_, 2022 U.S. App. LEXIS 33718 *7-8 (5th Cir. 2022) (finding intervention timely when filed with two months of the filing of the lawsuit and before responsive pleadings had been filed); _Ass'n of Pro. Flight Attendants v. Gibbs_, 804 F.2d 318, 321 (5th Cir. 1986) (finding intervention timely when filed five months after receiving notice of the party's interest in the case).  This case was clearly recently filed [_Endurance Am. Ins. Co. v. Lloyd's Syndicate 3624_, 2023 U.S. Dist. LEXIS 75051 *5 (N.D. Tex., 2023)], and this motion to intervene has been filed much less than five (5) months after complaint was originally filed.  _King v. Flowers Foods, Inc._, 2022 U.S. Dist. LEXIS 87371 *4 (M.D. La. 2022).

17.     As the docket report of this case shows, the Intervenor here has moved to intervene within the early stages of litigation in this case. _LED Wafer Sols. LLC v. Samsung Elecs. Co._, 2021

---

[8] _Id._; _see also United States ex rel. Hernandez v. Team Fin., L.L.C._, 2023 U.S. App. LEXIS 23126 at *11-12 (5th Cir. 2023); _Nextera Energy Cap. Holdings, Inc. v. D'Andrea_, 2022 U.S. App. LEXIS 33718 *7 (5th Cir. 2022); _Adam Joseph Resources, et al v. CNA Metals Ltd._, 919 F.3d 856, 864 (5th Cir. 2019); _Ross v. Marshall_, 426 F.3d 745, 754 (5th Cir. 2005); _Ford v. City of Huntsville_, 242 F.2d 235, 239 (5th Cir. 2001); _Sierra Club v. Espy_, 18 F. 3d 1202, 1205 (5th Cir. 1994).

U.S. Dist. LEXIS 224560 *13 (W.D. Tex. 2021).  To that point, the scheduling order was only issued just three (3) days ago, and has set the discovery deadline for September 2, 2024 and trial for December 16, 2024.  *See* Doc. 16.  Hence, this case is still in its infancy.  *One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, 2012 U.S. Dist. LEXIS 51476 *6 (S.D. Tex. 2012).  Therefore, because it is so early in litigation, it is extremely unlikely that the intervention would disrupt the current scheduling order issued just mere days ago.  *Students for Fair Admissions v. Univ. of Tex. at Austin*, 338 F.R.D. 364, 369 (W.D. Tex. 2021).  Thus, clearly the Intervenor here has acted promptly, and her intervention is thus timely.  *Cunningham v. Concentrix Sols. Corp.*, 2021 U.S. Dist. LEXIS 47476 *8-9 (E.D. Tex. 2021).  Yet, even if this factor did not favor Intervenor, the other three would.  *Compare Hoffman v. Jindal*, 2016 U.S. Dist. LEXIS 99371 *22  (M.D. La., 2016) (allowing prisoners challenging a certain protocol or practice to permissively intervene even though the timeliness factor was not to their favor).

18.     Second, there would be no prejudice to the existing parties in allowing the intervention.  Often, this is said to be the most important consideration.  *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970).  When assessing prejudice, it must be measured only from the delay in seeking the intervention, and not in terms of the inconvenience to the existing parties of allowing the intervenor to participate in the litigation.  *Adam Joseph Resources, et al v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019); *Doe v. Glickman*, 256 F.3d 371, 378 (5th Cir. 2001); *Sierra Club v. Espy*, 18 F. 3d 1202, 1206 (5th Cir. 1994).  Here, the risk of prejudice would be low since absolutely no discovery has been scheduled or done, and therefore no depositions have been calendared or conducted.  *King v. Flowers Foods, Inc.*, 2023 U.S. Dist. LEXIS 57680 *16 (M.D. La. 2023).  Yet, even if a deposition had already been taken, that would not render the motion to intervene untimely.  *Coronado v. D N. W. Houston, Inc.*, 2015 U.S. Dist. LEXIS 196280

*21 (S.D. Tex. 2015).  Nevertheless, to mitigate any claimed prejudice, the Intervenor is willing to accept the proceedings as she currently finds them.  *Compare to Texas v. United States Dep't of Homeland Sec.*, 2023 U.S. Dist. LEXIS 68949 * 8 (S.D. Tex., 2023).  Which is very early before discovery and before litigation has begun in earnest.  *Compare to Nextera Energy Cap. Holdings, Inc. v. D'Andrea*, 2022 U.S. App. LEXIS 33718 *7-8 (5th Cir. 2022); *Wal-Mart Stores v. Texas Alcoholic Beverage Com'n*, 834 F.3d 562, 565-66 (5th Cir. 2016).

19.    Third, the prejudice to the Intervenor would be immense if intervention is denied. The disposition of this matter without the Intervenor would greatly impede the Intervenor's ability to protect its interests, and could give rise to future litigation bars in the form of res judicata or collateral estoppel defenses.  *Compare to Adam Joseph Resources, et al v. CNA Metals Ltd.*, 919 F.3d 856, 866 (5th Cir. 2019).  The Intervenor would suffer prejudice because it would not be able to appeal the court's denial.  *Doe v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001) ("If not allowed to intervene, the Institute, as a nonparty, will not be able to participate in the trial concerning that ruling nor will it be able to appeal that ruling [and thus,] it is clear the Institute could suffer prejudice").  Moreover, the filing a separate lawsuit could end up before a different court not familiar with the relevant facts.  *Adam Joseph Resources, et al v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019).  Such a lawsuit would be "economically burdensome" on the Intervenor who probably would have to rely on the same expert witnesses as the Plaintiffs in this lawsuit.  *King v. Flowers Foods, Inc.*, 2023 U.S. Dist. LEXIS 57680 *16 (E.D. Tex. 2023).  As such, allowing the intervention in this case will prevent prejudice to the Intervenor.

20.    Fourth, there is also an unusual circumstance favoring timeliness.  To that point, the Intervenors claims against the Defendant should come as no surprise to any party currently in the lawsuit.  *Veve v. Bolt Express LLC*, 2009 U.S. Dist. LEXIS 47517 *9 (S.D. Tex. 2009).

Moreover, from the Defendant, the Intervenor has been seeking pre-suit discovery on the very same pattern-of-incidents set forth in this lawsuit which includes the decedents. Confronted with it, the Defendant, has made it difficult for the Intervenor to acquire information that would have altered the Intervenor of the need to intervene sooner. *Adam Joseph Resources, et al v. CNA Metals Ltd.*, 919 F.3d 856, 866 (5th Cir. 2019). Additionally, the Plaintiffs have explicitly pled the Decedent's Incident as one of the incidents which comprise their *Monell* pattern-or-practice claims. *See* Doc. # 1, Pg. 130- ¶ 793-799. With all of that in mind, the request for intervention is timely and, respectfully, should come to no surprise to any of the parties in this lawsuit.

### B.    THERE IS A COMMONALITY OF FACT AND LAW

21.    The second requirement is commonality. Cases do not require commonality to be crucial or central to the ultimate determination of the case. *First Mercury Ins. Co. v. Rosenboom Welding & Fabrication, L.L.C.*, 2013 U.S. Dist. LEXIS 127905 *6 (N.D. Tex., 2013). Instead, the decision to permit intervention under Fed. R. Civ. P. 24(b) only requires a mere determination that the applicant's claim or defense and the main action have a question of law or fact in common. *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006). This determination is not discretionary; it is a question of law. *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006). The "claim" portion of Fed. R. Civ. P. 24(b) is to be construed liberally. *United States ex rel. Hernandez v. Team Fin., L.L.C.*, 2023 U.S. App. LEXIS 23126 *10 (5th Cir. 2023); *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006). A claim is an interest or remedy to be recognized at law. *United States ex rel. Hernandez v. Team Fin., L.L.C.*, 2023 U.S. App. LEXIS 23126 at *10 (5th Cir. 2023).

22.    Here, both Plaintiff and Intervenor bring *Monell* claims. *Compare* Doc. 1 *to* Ex. "1." As the Plaintiffs have correctly noted, a *Monell* claim requires only a showing of "(1) an official policy, (2) a policymaker, and (3) that the policy was the moving force behind the

constitutional violation." *See* Doc. 1, Pg. 149 ¶ 889.  With that legal backdrop, the Plaintiffs and the Intervenor are taking issue with same prisoner-related protocols of the Defendant.  *Hoffman v. Jindal*, 2016 U.S. Dist. LEXIS 99371 *22 (M.D. La. 2016) (allowing intervention where prisoners challenged the same protocol or practice).  Which makes the Plaintiffs and Intervenor's claims nearly identical.  *EEOC v. Stone Pony Pizza, Inc.*, 172 F. Supp. 3d 941, 952 (N.D. Miss, 2016) (permitting intervention where a policy of racial segregation harmed the intervenor as well).  It also means that the Defendant and its policymaker, the Sherriff, would be defending the implementation of the same prisoner programs.  *Texas v. United States Dep't of Homeland Sec.*, 2023 U.S. Dist. LEXIS 68949 *9 (S.D. Tex. 2023) (allowing intervention under similar facts).

23.     Adding further, the allegations in the Intervenor's proposed complaint are almost identical to those contained in the Plaintiffs' complaint.  *EEOC v. Stone Pony Pizza, Inc.*, 959 F. Supp. 2d 967, 970 (N.D. Miss. 2013) (permitting intervention in a civil rights lawsuit where the same was true).  Which means that the Intervenor is in the same class of harmed people as the Plaintiffs.  *Velasquez v. WCA Mgmt. Co., L.P.*, 2016 U.S. Dist. LEXIS 112441 *18 (S.D. Tex. 2016).  That he was subject to the same civil rights violations as were the Plaintiffs.  *Yarbrough v. Css Corp.*, 2020 U.S. Dist. LEXIS 259191 * 6 (E.D. Tex. 2020) (permitting intervention where the Intervenor was subject to the same racial discrimination as the Plaintiff).  And that the Plaintiffs' and the Intervenor's claims are based on the same policy.  *See e.g., Endurance Am. Ins. Co. v. Lloyd's Syndicate 3624*, 2023 U.S. Dist. LEXIS 75051 *5 (N.D. Tex., 2023).  But, even if the policies at issue were not identical, the material factual disputes would most overlap.  *Hanover Ins. Co. v. Superior Labor Servs.*, 179 F. Supp. 3d 656, 668 (E.D. La. 2016).

24.     That is because the Intervenor's incident falls squarely within the pattern of incidents alleged by the Plaintiffs against the Defendant.  In fact, the Plaintiffs themselves pled the

Intervenor's incident as part of their _Monell_ pattern-or-practice claims.  _See_ Doc. 1, Pg. 130 ¶ 793-799.  Thus, if, as here, a would-be permissive intervenor meets the threshold requirement of showing a common question of law and fact, "then the district court must exercise discretion in deciding whether the intervention should be allowed." _Miss. State Conf. of the NAACP v. Barbour_, 2011 U.S. Dist. LEXIS 41379 *11 (S.D. Miss. 2011) (quoting _Stallworth v. Monsanto Co._, 558 F.2d 257, 269 (5th Cir. 1977)).  Adding further, given the similar nature of the Plaintiffs and the Intervenor's claims, the Defendant's defenses too would arise from the same set of facts and considerations. _Texas v. United States Dep't of Homeland Sec._, 2023 U.S. Dist. LEXIS 68949 * 9 (S.D. Tex., 2023).  In short, at all levels, there is a commonality of fact and law.

## C.   THE EXISTING PARTIES ARE NOT PREJUDICED

25.    The existing parties are not be prejudiced. In this case, allowing intervention would not affect or destroy this Honorable Court's subject matter jurisdiction and the parties' current choice of forum. Given the federal-question nature of this lawsuit, subject matter jurisdiction would remain.[9]  Moreover, as noted before, this matter is still in the very early procedural stages. _Harbour v. Sirico_, 2019 U.S. Dist. LEXIS 92060 *15 (M.D. La. 2019).  Which means that the proceedings (which are still relatively new) will likely not be delayed.  _JMCB, LLC v. Bd. of Commerce & Indus._, 2017 U.S. Dist. LEXIS 199386 *29 (M.D. La. 2017).  As such, the Intervenor's request would not create scheduling delay issues, difficulties, or constraints with regards to a trial schedule. _Texas v. United States Dep't of Homeland Sec._, 2023 U.S. Dist. LEXIS 68949 *10 (S.D. Tex., 2023).  The parties still have ample time to conduct discovery resulting

---

[9] _Secura Ins. Co. v. Advanced Shielding Techs._, 2020 U.S. Dist. LEXIS 143821 *2 (W.D. La. 2020); _Crum & Forster Specialty Ins. Co. v. Explo Sys._, 2014 U.S. Dist. LEXIS 51951 *14(W.D. La. 2014); _Crum & Forster Specialty Ins. Co. v. Explo Sys._, 2013 U.S. Dist. LEXIS 161219 *11 (W.D. 2013).

from the intervention.  *Realtime Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. LEXIS 154241 *15 (E.D. Tex. 2009).  Indeed, since discovery has not even begun, the parties will have ample time to pursue discovery and prepare for trial.[10]

26.     Contrarywise, all parties would be prejudiced if the intervention is not permitted because further delays will result by requiring the parties to resolve the dispute elsewhere. *Stephens v. State Farm Fire & Cas. Co.*, 2010 U.S. Dist. LEXIS 31091 *14 (E.D. La. 2010).  As such, if anything, the intervention would obviate the need for future litigation between the Intervenor and Defendant.  *Christian Life Ctr., Inc. v. Colony Ins. Co.*, 2011 U.S. Dist. LEXIS 117448 (S.D. Tex., 2011) (Ellison, K.).  That potentially separate litigation would invariably cause the Defendant greater prejudice, expense and delay, than would allowing intervention, forcing the Defendant to engage and endure a largely duplicative and expensive process.  *Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, 2022 U.S. Dist. LEXIS 59549 *21 (N.D. Tex. 2022).  In contrast, a single lawsuit will streamline discovery for all of the parties involved.  *LED Wafer Sols. LLC v. Samsung Elecs. Co.*, 2021 U.S. Dist. LEXIS 224560 *14 (W.D. Tex. 2021).

27.     Any concerns that the floodgates would be open to other intervenors would be unfounded.  *SEC v. Stanford Int'l Bank, Ltd.*, 2010 U.S. Dist. LEXIS 148229  *45 (N.D. Tex. 2010).  If others come, then they may be dealt with at that time under the same relevant law presented in this motion. And, even if there were prejudiced, it could be largely mitigated by adding appropriate conditions.  *Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, 2022 U.S. Dist. LEXIS 59549 *22 (N.D. Tex. 2022); *Franciscan All. Inc. v. Azar*, 414 F. Supp. 3d 928,

---

[10] *Uniloc 2017 LLC v. AT&T Mobility LLC*, 2019 U.S. Dist. LEXIS 68817 *17 (E.D. Tex. 2019); *Uniloc 2017 LLC v. Verizon Communs. Inc.*, 2019 U.S. Dist. LEXIS 68202 (E.D. Tex. 2019).

940-941 (N.D. Tex. 2019). Though, here, considering how early in the litigation the intervention is being sought, it would respectfully appear that none would be needed to mitigate prejudice.

### D. INTERVENOR'S INTERESTS NOT ADEQUATELY REPRESENTED

28. The next consideration is whether the interests of the Intervenor are adequately being represented and protected. *Texas v. United States Dep't of Homeland Sec.*, 2023 U.S. Dist. LEXIS 68949 *11 (S.D. Tex. 2023). In that assessment, all that is required is a showing that the existing parties' representation "may be inadequate." *Yarbrough v. Css Corp.*, 2020 U.S. Dist. LEXIS 259191*5 (E.D. Tex. 2020). And, to show that, the Intervenor need only make a relatively *minimal* showing of inadequacy. *Texas v. United States Dep't of Homeland Sec.*, 2023 U.S. Dist. LEXIS 68949 *11 (S.D. Tex. 2023); *Travelpass Grp., LLC v. Caesars Entm't Corp.*, 2021 U.S. Dist. LEXIS 115541 *28 (E.D. Tex. 2021). Here, the Intervenor is bringing individualized claims for damages. *EEOC v. Signal Int'l, LLC*, 2012 U.S. Dist. LEXIS 7615 *5 (S.D. Miss. 2012). That means that the Intervenor does not possess the same ultimate objectives as any existing litigants, as she seeks damages for her own injuries. *Alvarez v. Singh*, 2018 U.S. Dist. LEXIS 227632 *6-7 (W.D. Tex., 2018); *Alvarez v. Singh*, 2018 U.S. Dist. LEXIS 243903 (W.D. Tex. 2018). As such, the Intervenor's interests are not presently adequately represented in this lawsuit. Thus, her intervention should be permitted.

### E. CONTRIBUTION TO COURT'S DISCERNMENT OF THE ISSUES

29. The Intervenors will also significantly contribute to the Honorable Court's discernment of the underlying issues. *Texas v. United States Dep't of Homeland Sec.*, 2023 U.S. Dist. LEXIS 68949 *13 (S.D. Tex., 2023). Which means that the Court will benefit from the perspectives and arguments that the Intervenors bring to the Court. *Texas v. United States Dep't of Homeland Sec.*, 2023 U.S. Dist. LEXIS 68949 *11 (S.D. Tex., 2023); *Texas v. United States*,

2021 U.S. Dist. LEXIS 22814 *8 (S.D. Tex. 2021). This will result in a more fulsome record and briefing which is evidently in the interest of justice. _Texas v. United States Dep't of Homeland Sec._, 2023 U.S. Dist. LEXIS 68949 * 6 (S.D. Tex., 2023). And, justice too would benefit from the avoidance of potentially contradictory and piecemeal results because, by allowing intervention, there most certainly will be a more uniform result. _Dewan v. M-I, L.L.C._, 2014 U.S. Dist. LEXIS 89771 *26 (S.D. Tex. 2014). To be exact, although the Plaintiffs have pled the Decedent's ordeal and death as part of their _Monell_ conditions-of-confinement pattern-or-practice claims, failure-to-supervise, and failure-to-train claims, the Plaintiff-Intervenor is in possession of certain facts which the Plaintiff would not have known about which fit their theory of their case adequately. Moreover, the Plaintiff-Intervenor has also identified at least nine (9) other incidents which the Plaintiff has not yet pled. In addition, in their complaint, the Plaintiffs have also identified certain Fifth Circuit precedents that will too contribute to the discernment of the underlying issues. In short, the case will benefit from the addition of the Plaintiff-Intervenor.

### F. IN THE ALTERNATIVE

30. In the alternative, and in an abundance of caution, if permissive intervention is not to be granted, Plaintiff respectfully requests a separate action be allowed. In the Fifth Circuit, a federal court has the discretion to treat an intervention as a separate action, and may adjudicate it as so. _Arkoma Assoc. v. Carden_, 904 F.2d 5, 7 (5th Cir. 1990). Here, the Plaintiff-Intervenor may suffer undue prejudice via the statute of limitations by not being permitted to intervene. Accordingly, in the event that permissive intervention is denied, Plaintiff-Intervenor respectfully requests that her lawsuit be treated as a separate action by this Honorable Court.

//

//

## IX.     CONCLUSION AND PRAYER

**WHEREFORE    PREMISES    CONSIDERED**, Plaintiff-Intervenor Ana Garcia respectfully requests that the Honorable Court grant this Motion to Intervene, direct the clerk to file the Intervenor's Complaint attached hereto as Exhibit "1" into this case and for any such other and further relief, in law or in equity, general or special, to which the Intervenor may be entitled.

In the alternative, if this motion for intervention is denied, Plaintiff-Intervenor Ana Garcia respectfully requests that the Honorable Court treat her intervention as a separate action and/or issue any such other and further relief, in law or in equity, general or special, to which the Intervenor may be entitled.

Respectfully submitted,

THE SHARIFF LAW FIRM

By: _____
     **M. Obaid Shariff**
     Federal I.D. No. 2827312
     Texas Bar No. 24091135
     **Kevin Acevedo**
     Federal ID No. 2932922
     Texas Bar No. 24086848
     kacevedo@sharifflawfirm.com
     2500 West Loop South, Ste 300
     Houston, Texas 77027
     (713) 244-8392 (Telephone)
     (713) 244-8372 (Fax)
     mshariff@sharifflawfirm.com
     **ELECTRONIC SERVICE VIA:**
     eservice@sharifflawfirm.com

     **ATTORNEYS FOR THE INTERVENOR**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WAGNER et al. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO: |
| v. | § | 4:23-cv-02886 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | Jury Requested |
| | § | |
| *Defendant.* | § | |

**CERTIFICATE OF CONFERENCE**

---------------------------------------------------------------------X

TO:    Clerk of the Court

      I, the undersigned, hereby certify that the Defendant's counsel indicated that he was opposed on November 16, 2023 and that the Plaintiffs' counsel on November 17, 2023 indicated that he is not opposed.

_____
M. Obaid Shariff

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WAGNER et al. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO: |
| v. | § | 4:23-cv-02886 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | Jury Requested |
| | § | |
| *Defendant.* | § | |

**CERTIFICATE OF SERVICE**

------------------------------------------------------------------X

TO:   Clerk of the Court

I hereby certify that on November 17, 2023, I electronically filed the foregoing **Motion to Intervene** with the Clerk of the Court using the CM/ECF system and/or via email to the following:

**BEN CRUMP LAW, PLLC**

Paul A. Grinke
Attorney-in-Charge
State Bar No. 24032255
Paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
Aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Telephone: (972) 942-0494
Facsimile: (800) 770-3444

*- and –*

**MCCATHERN, PLLC**
Stephen Bergren
State Bar No. 24134428
sbergren@mccathernlaw.com
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Telephone: (214) 741-2662

Facsimile: (214) 741-4717

**ATTORNEYS FOR PLAINTIFFS**

*--and—*

**BAKER & HOSTETLER LLP**

Gregory C. Ulmer
Attorney-in-Charge
Texas Bar No. 00794767
Southern District Federal ID No. 19827
gulmer@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

*OF COUNSEL*:

**BAKER & HOSTETLER LLP**
James E. Phillips
Texas Bar No. 24060423
Southern District Federal ID No. 906115
jphillips@bakerlaw.com
Kristen H. Luck
Texas Bar No. 24104027
Southern District Federal ID No. 3111037
kluck@bakerlaw.com
Ryan A. Walton
Texas Bar No. 24105086
Southern District Federal ID No. 3278426
rwalton@bakerlaw.com

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY, TEXAS**

M. Obaid Shariff
*Attorney for the Intervenor*