IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OCTEVIA WAGNER; GABRIELLE SMITH; DWANNA JOHNSON, as Next Friend of A.J., A Minor; JACILET GRIFFIN-LEE; TIMOTHY LEE; TAMMY PETERSON; PHILLIP VALLAIRE; ANNETTE JAMES; SHANNON PIRO; DOLORES SMITH, as Next Friend of B.H., L.H., and J.H., Minors; JAQUEZ MOORE; AMANDA HARRIS; TAYLOR EUELL; CHRISTOPHER YOUNG; JOHN COOTE; HARRELL VEAL; RYAN TWEDT; JEREMIAH ANGLIN; KENNETH RICHARD; ZACHARY ZEPEDA; DYLAN PERIO; DIANNE BAILEY RIJSENBURG; ZACHERY JOHNSON; ANTONIO RADCLIFFE; JEREMY GARRISON; TRACY WOODSON-SMITH; JUDITH JONES; DEBORAH SMITH, Individually and as Next Friend of K.S. And K.W., Minors; TRAMELL MORELLE BERNARD LOCKHART; JACKIE LUNA, Individually, and as Next Friend of J.L. And A.L., Minors; and KEVIN SMITH, SR., KEVIN SMITH, SR. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 4:23-cv-02886 |
| vs. | § § | |
| HARRIS COUNTY, TEXAS, | § § § | |
| *Defendant*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Plaintiffs, Octevia Wagner ("Wagner"), et. al, and Defendant, Harris County, Texas ("Harris County"), filing this Joint Discovery/Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure. In support thereof, the Parties would respectfully show unto the Court as follows:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

RESPONSE:

The Parties conducted the Rule 26(f) conference by telephone on November 10, 2023 and thereafter by various email exchanges through which the instant case management plan was developed. The following counsel conferred:

Paul A. Grinke
**BEN CRUMP LAW**
**Counsel for Plaintiffs**

Gregory C. Ulmer
**BAKER & HOSTETLER LLP**
**Counsel for Defendant**

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

RESPONSE:

None.

3. **Briefly describe what this case is about.**

PLAINTIFFS' RESPONSE:

This case arises from the gross violation of the Constitutional and Federal Rights of pre-trial detainees within the Harris County Jail. Specifically, Harris County and its policy-makers have been objectively and subjectively aware of the deplorable conditions that face detainees within the jail. The case at this time is brought on behalf of 27 individuals who either lost their life within the jail or suffered severe life altering injuries within the jail.

Harris County's deliberately indifferent policies, customs, procedures, and practices are the moving force behind Plaintiffs' damages and the violation of their constitutional rights. Each of Plaintiffs' claims arise out of the same transaction or occurrence and series of transactions and occurrences as the policies, practices, customs, procedures, policymakers, employees, and conditions are substantially the same for each claim. Each claim will face many of the same factual and legal questions pertaining to their case that dominate over the non-similar factual and legal questions. This includes some of the same policies, practices, procedures, and customs including: (1) failure to observe and monitor; (2) failure to provide medical care; (3) institutionalized excessive force by jail employees on detainees; (4) promulgating a culture of violence against detainees; and (5) systemic understaffing and overcrowding of the jail.

Plaintiffs' brought three causes of action.

- Count I        *Monell* Claim; Violation of the Fourteenth Amendment; Pursuant to 42 U.S.C. § 1983; Conditions of Confinement.

- Count II       *Monell* Claim; Violation of the Fourteenth Amendment; Pursuant to 42 U.S.C. § 1983; Failure to Train or Supervise.

- Count III      Violation of Title II of the Americans with Disabilities Act of 1990 ("ADA") (42 U.S.C. § 12131, et seq.) and Section 504 of the Rehabilitation Act of 1973 ("RA") (29 U.S.C. § 794, Et Seq.).

Additionally, Plaintiffs bring an alternative episodic acts and omissions claim under *Monell* for those same policies even though each of those policies relate to the conditions of the jail. These causes of action give rise to numerous damages suffered by Plaintiffs. Plaintiffs seek justice for their injuries which arise out of the ongoing constitutional violations at the hands of the Harris County Jail.

DEFENDANT'S RESPONSE:

On August 7, 2023, 27 Plaintiffs filed this action against Harris County based on allegations of 22 distinct, separate, and unrelated incidents that allegedly occurred at the Harris County Jail between July 23, 2021 and July 30, 2023. D.E. 1, ¶¶45-261 (Complaint). On November 3, 2023, Harris County filed a Motion to Dismiss (D.E. 8) and a Motion to Sever Plaintiffs' Claims. On November 21, 2023, Plaintiffs amended the Complaint and added five Plaintiffs. But the Amended Complaint remains deficient and fails to state a claim.

There are now 32 Plaintiffs in this case, based on separate incidents involving 27 individuals who were/are detained at the Harris County Jail. Fifteen Plaintiffs are current or former detainees at the Jail who are suing based on individual and separate incidents that allegedly occurred to each of them personally. The remaining seventeen Plaintiffs are family members, including parents, children, and one sibling, who are bringing claims on behalf of nine deceased individuals who were detained at the Jail.

Despite the lack of factual similarity between the incidents, Plaintiffs try to trace these incidents to an alleged policy or custom promulgated by Harris County, and assert three counts:

| | | |
|---|---|---|
| Count I | | *Monell* Claim; Violation of the Fourteenth Amendment; Pursuant to 42 U.S.C. § 1983; Conditions of Confinement. |
| Count II | | *Monell* Claim; Violation of the Fourteenth Amendment; Pursuant to 42 U.S.C. § 1983; Failure to Train or Supervise. |
| Count III | | Violation of Title II of the Americans with Disabilities Act of 1990 ("ADA") (42 U.S.C. § 12131, et seq.) and Section 504 of the Rehabilitation Act of 1973 ("RA") (29 U.S.C. § 794, Et Seq.). |

Counts I and II are being asserted on behalf of all 27 detainees, but Count III is being asserted on behalf of only 17 of the detainees.

On December 5, 2023, Harris County moved to dismiss Plaintiffs' entire Complaint for failure to state a claim. Harris County also concurrently filed a Motion to Sever Plaintiffs' Claims into 27 individual lawsuits, pursuant to Rules 20, 21, and 42(b) of the Federal Rules of Civil Procedure, because the 27 distinct and unrelated incidents are improperly joined and cannot be maintained in one lawsuit.

4. **Specify the allegation of federal jurisdiction.**

RESPONSE:

Federal question jurisdiction, 42 U.S.C. § 1983; 42 U.S.C. § 12131; and 29 U.S.C. § 794.

5. **Name the parties who disagree and the reasons.**

RESPONSE:

There is no disagreement.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

RESPONSE:

Plaintiffs anticipate adding several plaintiffs who have the same or similar claims arising out of the same transaction and occurrence or series of transactions and occurrences with the same factual and legal questions as the original Plaintiffs. Additionally, Plaintiff Zachary Zepeda passed away from his injuries following the filing of the Original Complaint; therefore, Plaintiffs will be filing a Motion for Substitution of Parties under Federal Rule of Civil Procedure 25 to add Fawnya

Doiron, Plaintiff's mother and heir, and Marquesa Jackson, as Next Friend of I.Z. and E.Z., minors, who are the children of Plaintiff and Ms. Jackson and are heirs to Plaintiff.

7. **List anticipated interventions.**

RESPONSE:

Although no interventions are anticipated at this time, another party has moved to intervene in this matter.

8. **Describe any class-action issues.**

RESPONSE:

There are no class-action issues.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

PLAINTIFFS' RESPONSE:

Plaintiffs believe that the Parties should begin the discovery process to comply with the Court's currently set trial setting in the Court's Scheduling Order. Plaintiffs would ask that the Parties exchange Rule 26(a) Initial Disclosures by January 12, 2024.

DEFENDANT'S RESPONSE:

Defendant believes that Rule 26(a) Initial Disclosures should be produced within 30 days after the Court rules on Harris County's Motion to Dismiss and Motion to Sever Plaintiffs' Claims.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f);**

    PLAINTIFFS' RESPONSE:

Plaintiffs request that discovery continue in accordance with the Court's Scheduling Order despite Harris County's pending motions. With the current trial setting, Plaintiffs believe that engaging in discovery will allow the Parties to continue to trial at the Court's set date. Plaintiffs ask that the Court keep the current Scheduling Order.

Plaintiffs reiterate the need for Harris County to preserve all of its video and audio footage within the Jail to ensure that the Parties can examine the footage pertaining to each Plaintiff.
DEFENDANT'S RESPONSE:

On December 5, 2023, Harris County moved to dismiss Plaintiffs' entire Complaint for failure to state a claim. Harris County also concurrently filed a Motion to Sever Plaintiffs' Claims into 27 individual lawsuits, pursuant to Rules 20, 21, and 42(b) of the Federal Rules of Civil Procedure.

Harris County requests that the Court stay all discovery until the Court rules on both pending motions. Additionally, if the Court denies Harris County's Motions and this case proceeds with multiple Plaintiffs, Harris County respectfully requests that the Court enter an Amended Scheduling Order continuing the trial date and extending the other case deadlines to account for the number of Plaintiffs and increased discovery demands involved in the case.

RESPONSE:

There are no known issues about disclosure, discovery or preservation of electronically stored information.
There are no known issues about claims of privilege.

If the Court denies Harris County's Motion to Dismiss and Motion to Sever Plaintiffs' Claims and this case proceeds with multiple Plaintiffs, the Parties believe changes should be made to the limitations on discovery, including changes to the number of interrogatories and depositions allowed under the Federal Rules of Civil Procedure. The Parties will attempt to reach a stipulation on these discovery issues and will seek the Court's assistance if necessary.

The Parties know of no other orders this Court should issue under Rule 26(c) or Rule 16(b).

    b.    **When and to whom the plaintiff anticipates it may send interrogatories.**

PLAINTIFFS' RESPONSE:

Plaintiffs anticipate sending interrogatories to Defendant as soon as practical following the parties' initial disclosures and during the Court's Scheduling Order.

    c.    **When and to whom the defendant anticipates it may send interrogatories.**

DEFENDANT'S RESPONSE:

Defendant anticipates sending interrogatories to Plaintiffs within the agreed discovery period or by order of the Court.

    d.    **Of whom and by when the plaintiff anticipates taking oral depositions.**

PLAINTIFFS' RESPONSE:

Plaintiffs anticipate taking the depositions of Harris County Jail employees, the Harris County Sheriff Ed Gonzalez, Assistant Chief Phillip Bosquez, former Assistant Chief Shannon Herklotz, Harris County corporate representatives, Harris County's designated experts, persons identified in Harris County's Rule 26 disclosures, and any other individuals or entities identified during the case. Plaintiffs anticipate beginning the deposition process as soon as practical and during the Court's deadlines.

    e.    **Of whom and by when the defendant anticipates taking oral depositions.**

DEFENDANT'S RESPONSE:

Defendant anticipates taking the deposition of Plaintiffs, Plaintiffs' designated experts, any other persons identified in Plaintiffs' Rule 26 disclosures and any other persons identified during discovery. Defendant anticipates taking depositions during the discovery period agreed to by the Parties or by order of the Court.

    f.    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

RESPONSE:

Plaintiff anticipates being able to designate experts and provide the reports at the time ordered by the Court in its Scheduling Order.

    g.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

PLAINTIFFS' RESPONSE:

Plaintiff will take depositions of Defendant's experts following their designation and prior to the Court's deadline.

    h.    **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

DEFENDANT'S RESPONSE:

Defendant anticipates taking depositions of any and all expert(s) designated by Plaintiffs within the discovery period.

7

11.     **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

PLAINTIFFS' RESPONSE:

As shown above, Plaintiffs are not in agreement with Harris County's plan to hold off on discovery until after the Court rules on Harris County's Motion to Dismiss and Motion to Sever. Plaintiffs believe that discovery should commence immediately.

DEFENDANT'S RESPONSE:

Harris County requests that the Court stay all discovery until the Court rules on both pending motions. Additionally, if the Court denies Harris County's Motions and this case proceeds with multiple Plaintiffs, Harris County respectfully requests that the Court enter an Amended Scheduling Order continuing the trial date and extending the other case deadlines to account for the number of Plaintiffs and increased discovery demands involved in the case.

The Parties ask the Court to enter an order providing clarity on the beginning of the discovery process.

12.     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

RESPONSE:

None.

13.     **State the date the planned discovery can reasonably be completed.**

RESPONSE:

At this time the Parties do not know when discovery can be reasonably completed although Plaintiffs believe that discovery can be completed by the Court ordered discovery deadline in the Scheduling Order.

As stated above, Harris County moved to dismiss Plaintiffs' entire Complaint for failure to state a claim. Harris County also concurrently filed a Motion to Sever Plaintiffs' Claims into 27 individual lawsuits, pursuant to Rules 20, 21, and 42(b) of the Federal Rules of Civil Procedure. As such, Harris County requests that the Court stay all discovery until the Court rules on both pending motions. Additionally, if the Court denies Harris County's Motions and this case proceeds with multiple Plaintiffs, Harris County respectfully requests that the Court enter an Amended Scheduling Order continuing the trial date and extending the other case deadlines to account for the number of Plaintiffs and increased discovery demands involved in the case.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

RESPONSE:

The Parties anticipate having informal settlement discussions and if not resolved will consider mediation at the appropriate time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

RESPONSE:

The Parties anticipate having informal settlement discussions and if not resolved will consider mediation at the appropriate time.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

RESPONSE:

The Parties agree that mediation may be appropriate for this case.

17. **Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

RESPONSE:

The Parties do not agree to a trial before a Magistrate Judge at this time.

18. **State whether a jury demand has been made and if it was made on time.**

RESPONSE:

Plaintiffs made a jury demand in their Original Complaint.

19. **Specify the number of hours it will take to present the evidence in this case.**

RESPONSE:

Due to the number of Plaintiffs and complexity of current issue, the Parties anticipate a four-week trial.

20.     **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

RESPONSE:

None.

21.     **List other motions pending.**

RESPONSE:

On December 5, 2023, Harris County moved to dismiss Plaintiffs' entire Complaint for failure to state a claim. Harris County also concurrently filed a Motion to Sever Plaintiffs' Claims into 27 individual lawsuits, pursuant to Rules 20, 21, and 42(b) of the Federal Rules of Civil Procedure.

22.     **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

RESPONSE:

At this time the Parties do not know when discovery can be reasonably completed. Plaintiffs believe that discovery can be completed by the Court ordered discovery deadline in the Scheduling Order.

As stated above, Harris County moved to dismiss Plaintiffs' entire Complaint for failure to state a claim. Harris County also concurrently filed a Motion to Sever Plaintiffs' Claims into 27 individual lawsuits, pursuant to Rules 20, 21, and 42(b) of the Federal Rules of Civil Procedure.
As such, Harris County requests that the Court stay all discovery until the Court rules on both pending motions. Additionally, if the Court denies Harris County's Motions and this case proceeds with multiple Plaintiffs, Harris County respectfully requests that the Court enter an Amended Scheduling Order continuing the trial date and extending the other case deadlines to account for the number of Plaintiffs and increased discovery demands involved in the case. Further, if the Court denies Harris County's Motions, the Parties believe changes should be made to the limitations on discovery, including changes to the number of interrogatories and depositions allowed under the Federal Rules of Civil Procedure. The Parties will attempt to reach a stipulation on these discovery issues and will seek the Court's assistance if necessary.

23.     **List the names, bar numbers, addresses, telephone numbers of all counsel.**

RESPONSE:

**COUNSEL FOR PLAINTIFFS:**

**BEN CRUMP LAW, PLLC**
Paul A. Grinke
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Telephone: (972) 942-0494

Ben Crump (*pro hac forthcoming*)
Florida Bar No. 72583
court@bencrump.com
122 South Calhoun Street
Tallahassee, Florida 32301
Telephone: (800) 235-0444

**MCCATHERN, PLLC**
Stephen Bergren
State Bar No. 24134428
sbergren@mccathernlaw.com
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
Telephone: (214) 741-2662


**COUNSEL FOR DEFENDANT:**

**BAKER & HOSTETLER LLP**
Gregory C. Ulmer
State Bar No. 00794767
Southern District Federal ID No. 19827
gulmer@bakerlaw.com
James E. Phillips
State Bar No. 24060423
Southern District Federal ID No. 906115
jphillips@bakerlaw.com
Kristen H. Luck
Texas Bar No. 24104027
Southern District Federal ID No. 3111037
kluck@bakerlaw.com
Ryan A. Walton

State Bar No. 24105086
Southern District Federal ID No. 3278426
rwalton@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

**ATTORNEYS FOR DEFENDANT
HARRIS COUNTY, TEXAS**

Respectfully submitted on December 13, 2023.


*/s/ Paul A. Grinke*_____
Counsel for Plaintiffs


/s/ *Gregory C. Ulmer*_____
Counsel for Defendant