**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER; et. al.,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 4:23-cv-02886** |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendant.* | § | |

---

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO SEVER

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiffs Octevia Wagner, et al. and files this Response to Defendant Harris County's Motion to Sever (Dkt. No. 22), and in support thereof would respectfully show unto the Court as follows:

## TABLE OF CONTENTS

I.  SUMMARY OF THE ARGUMENT ................................................................. 1

II.  STATEMENT ON THE NATURE AND STAGE OF THE PROCEEDING ............. 2

III.  STATEMENT OF ISSUES ....................................................................... 3

IV.  STANDARD OF REVIEW ....................................................................... 3

V.  ARGUMENT AND AUTHORITIES ............................................................ 4

    A.  Plaintiffs' Claims Meet the Broadly Interpreted Prongs of Federal Rule of Civil Procedure 20(a) Permissive Joinder. ................................................ 5

        i.  Plaintiffs' Claims All Arise Out of the Same Series of Transactions Or Occurrences. ...................................................................................... 6

        ii.  Plaintiffs' Claims Contain Numerous Common Questions of Law and Fact. ................................................................................................ 13

    B.  The Interests of Judicial Economy and Fundamental Fairness Demand that the Claims Be Considered Together and Not Severed. ................................. 15

VI.  CONCLUSION ................................................................................... 19

# TABLE OF AUTHORITIES

## Cases

*Afabor v. RaceTrac Petroleum, Inc.*,
No. 3:05-CV-2255-P, 2006 U.S. Dist. LEXIS 33045 (N.D. Tex. May 15, 2006)............ passim

*Amalsi v. Schlumberger Tech. Corp.*,
No. MO:20-CV-00056-DC-RCG, 2020 U.S. Dist. LEXIS 255809 (W.D. Tex. Dec. 2, 2020)
.................................................................................................................. 14, 16, 17, 18

*Aspen Tech., Inc. v. Kunt*,
No. 4:10-cv-1127, 2011 U.S. Dist. LEXIS 1971 (S.D. Tex. Jan. 10, 2011) .................... passim

*Backe v. City of Galveston*,
No. 10-CV-388, 2014 U.S. Dist. LEXIS 35632 (S.D. Tex. March 18, 2014) .................. 16, 18

*Battison v. City of Electra*,
No. 7:01-CV-037-R, 2001 U.S. Dist. LEXIS 6173 (N.D. Tex. May 8, 2001).................. passim

*Carter v. Diamond URS Huntsville, LLC*,
175 F. Supp. 3d 711 (S.D. Tex. 2016) ............................................................ passim

*Dean v. City of Chicago*,
No. 09 C 1190, 2009 U.S. Dist. LEXIS 78443 (N.D. Ill. Aug. 31, 2009) ............................... 13

*Ettinoffe v. Sheikh*,
No. 4:21-CV-02646, 2022 U.S. Dist. LEXIS 182151 (S.D. Tex. Oct. 4, 2022)............... passim

*Feliz v. El Paso Cnty.*,
441 F. Supp. 3d 488 (W.D. Tex. 2020) ...................................................................... 9

*Glenewinkel v. Carvajal*,
No. 3:20-CV-2256-B, 2020 U.S. Dist. LEXIS 167284 (N.D. Tex. Sept. 14, 2020).......... passim

*Green v. Padilla*,
484 F. Supp. 3d 1098 (D.N.M. 2020) ....................................................................... 13

*McConnell v. Southwestern Bel Tel., L.P.*,
No. 3:20-CV-01457, 2021 U.S. Dist. LEXIS 76436 (N.D. Tex. April 21, 2021) ............. passim

*Mosley v. Gen. Motors Corp.*,
497 F.2d 1330 (8th Cir. 1974)................................................................................... 6

*Pouncie v. Dlorah, Inc.*,
No. 3:15-CV-0511-B, 2015 U.S. Dist. LEXIS 118233 (N.D. Tex. Sept. 4, 2015)............ passim

*Sanchez v. Schlumberger Tech. Corp.*,
No. 2:17-CV-102, 2020 U.S. Dist. LEXIS 163011 (S.D. Tex. Sept. 7, 2020) ................. passim

*Thompson v. Capstone Logistics, LLC*,
No. 4:15-CV-2464, 2018 U.S. Dist. LEXIS 12076 (S.D. Tex. Jan. 25, 2018) ................. passim

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966) ................................................................................................ 4

*Wade v. Minyards Food Stores*,
  No. 3:03-CV-1403-H, 2003 U.S. Dist. LEXIS 20595 (N.D. Tex. Nov. 17, 2003)........... 6, 9, 11

*Wulf v. BMW of N. Am., LLC*,
  No. 4:19-CV-0046, 2020 U.S. Dist. LEXIS 259196 (S.D. Tex. May 26, 2020) ..................... 18

**Statutes**

42 U.S.C. § 1983 ........................................................................................................................ 10

**Rules**

Federal Rule of Civil Procedure 20 ...................................................................................... passim

## I.       SUMMARY OF THE ARGUMENT

1.       Plaintiffs represent 27 individuals who were drastically injured or killed within the Harris County Jail in the past two years as a result of numerous policies, patterns, and practices within the Jail. Although the cases are not identical, they do share numerous common questions and arise from the same series of transactions and occurrences. Ultimately, the nature of Plaintiffs' claims identifying common policies, practices, and procedures that were the cause of Plaintiffs' injuries and deaths establishes both prongs of permissive joinder under Federal Rule of Civil Procedure 20.

2.       This Court and numerous courts within the Fifth Circuit have held that when the nature of the claims requires a showing of a pattern and practice or common policy affecting all plaintiffs that this common policy is sufficient to show both a series of transactions and occurrences and common questions of law and fact. Plaintiffs have alleged at least five common policies and an additional common inadequate training policy within the Harris County Jail that have caused all twenty-seven Plaintiffs to suffer violations to their constitutional rights. The nature of these *Monell* claims requires a showing of sufficiently numerous similar incidents. Plaintiffs each have shown in addition to the similarity of their 27 claims an additional 60 prior similar incidents which relate to each claim. Thus, each Plaintiff is required to prove each of the 87 similar incidents in each case. This is more than sufficient to establish the same transaction and occurrence.

3.       Each jury would also have to answer the same common questions including, but not limited to, whether policies existed, whether each of the 87 incidents were sufficiently similar, whether the policy was the moving force behind Plaintiffs' injuries, whether certain policies were promulgated by the same policymaker, Sheriff Gonzalez, whether the training program was

adequate, and whether Harris County acted with deliberate indifference. These common questions more than sufficiently meet the requirements of Rule 20 which only requires one common question amongst the plaintiffs.

4.       Finally, judicial economy requires that Plaintiffs' claims be joined together. Severance would result in 27 identical sets of discovery on each of the 87 similar incidents. Severance would also result in Sheriff Gonzalez and the Harris County corporate representative having to sit for 27 identical depositions instead of handling them in one case. Additionally, the nature of the claims requires each Plaintiff to present evidence on each of the 87 similar incidents. Severance would result in 27 different juries considering the evidence on all 87 similar incidents instead of one jury considering all 87 similar incidents at one time. The Court would have to duplicate its efforts in all 27 cases through the same discovery disputes, dispositive motions, expert motions, and pretrial decisions. Joinder would allow the Court to conduct each of these items only one time. Therefore, because Plaintiffs' claims meet the liberal Rule 20(a) standard and judicial economy is saved through joinder, Defendant's Motion to Sever should be denied.

## II.        STATEMENT ON THE NATURE AND STAGE OF THE PROCEEDING

5.       The Harris County Jail has a long-checkered history of violating the rights of the detainees held within the jail awaiting their day in court. This case was originally filed by Plaintiffs representing 22 different detainees who were either severely injured or died within the Jail due to the Jail's unconstitutional policies, practices, conditions, and culture. On November 21, 2023, Plaintiffs filed their First Amended Complaint adding Plaintiffs representing an additional five detainees who were also injured or killed in the Jail.

6.       At this stage of the proceeding, Defendant has filed a Motion to Dismiss the First Amended Complaint despite the 268 pages of factually specific pleadings. Plaintiffs have filed a

Response to the Motion to Dismiss showing the Court that Plaintiffs have more than met the pleading requirements to overcome this Motion to Dismiss.

7.     Defendant also filed the subject Motion to Sever claiming that the First Amended Complaint does not meet the Rule 20(a) permissive joinder standard. As shown below, Defendant cannot carry its burden to show that severance is required as Plaintiffs have more than met the liberal Rule 20 standard. One additional Plaintiff has sought to intervene in this litigation who was also subjected to similar constitutional violations within the Harris County Jail. No discovery or other fact gathering outside of the Complaint has occurred at this stage of the litigation.

### III.     STATEMENT OF ISSUES

8.     The first issue raised by the Motion to Sever is whether Defendant can carry its high burden to show that Plaintiffs' claims do not meet the liberal Rule 20(a) permissive joinder standards.

9.     The second issue raised by the Motion to Sever is whether judicial economy is saved by permitting the claims to be joined in the same action taking into consideration the United States Supreme Court's heavy encouragement of all claims being joined together in the same lawsuit.

### IV.     STANDARD OF REVIEW

10.     Federal Rule of Civil Procedure 20(a) is the rule concerning the permissive joinder of multiple plaintiffs into a single lawsuit. Fed. R. Civ. P. 20(a). Plaintiffs are properly joined when (1) the right to relief asserted by each plaintiff arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) whether any question of law or fact common to all plaintiffs will arise in the action. *Id.* All plaintiffs do not need to be interested or involved in obtaining all of the relief demanded. *Id.*

PLAINTIFFS' RESPONSE TO MOTION TO SEVER                                    3

11.     The United States Supreme Court has mandated that "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The common question and same transaction or occurrence prongs "are not rigid tests. . . they are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." *Battison v. City of Electra,* No. 7:01-CV-037-R, 2001 U.S. Dist. LEXIS 6173, at *3–4 (N.D. Tex. May 8, 2001).

12.     The defendant bears the burden to show that the plaintiffs' claims do not meet Rule 20. *Sanchez v. Schlumberger Tech. Corp.*, No. 2:17-CV-102, 2020 U.S. Dist. LEXIS 163011, at *6–8 (S.D. Tex. Sept. 7, 2020) (Ramos, J.). "This is a high burden." *Id.*

13.     The Court also has discretion to refuse joinder in the interest of avoiding delay or prejudice and to ensure judicial economy but "[s]uch discretion should be exercised carefully" in light of the strong policy in favor of joinder. *Pouncie v. Dlorah, Inc.*, No. 3:15-CV-0511-B, 2015 U.S. Dist. LEXIS 118233, at *3 (N.D. Tex. Sept. 4, 2015).

## V.        ARGUMENT AND AUTHORITIES

14.     Plaintiffs' claims fall within the liberal purview of Rule 20(a) because each claim arises out of the same series of transactions and occurrences and have numerous common questions of law and fact. These elements alone are established by the very nature of Plaintiffs' claims which require a showing of a pattern and practice of similar incidents within the Harris County Jail. Altogether Plaintiffs have cited to 87 similar and specific incidents which are pertinent to establishing 5 different policies, deliberately indifferent training policies, and relevant knowledge of these policies and constitutional deficiencies on Harris County's behalf. As held by this Court

PLAINTIFFS' RESPONSE TO MOTION TO SEVER                                          4

and many courts within the Fifth Circuit, these allegations alone establish both prongs of the Rule 20(a) analysis.

15.     Severance of these claims would result in a significant waste of judicial resources. The nature of Plaintiffs' claims requires each Plaintiff to seek discovery on each of the 87 similar incidents and then place that proof before the jury. Severance would require 27 duplicative sets of discovery and discovery motions and 27 different juries to hear the same evidence on all 87 incidents instead of one jury hearing the same evidence at once. Additionally, severance would result in Sheriff Gonzalez and a Harris County corporate representative along with several other similar witnesses to have to sit for 27 identical depositions. The Court should reject this approach. Because Plaintiffs' claims meet Rule 20's requirements and judicial economy weighs heavily in favor of joinder, the Court should deny Defendant's Motion to Sever.

**A. Plaintiffs' Claims Meet the Broadly Interpreted Prongs of Federal Rule of Civil Procedure 20(a) Permissive Joinder.**

16.     Defendant incorrectly argues that Plaintiffs' claims are 27 completely distinct incidents. Defendant's argument, however, attempts to flip the proper joinder analysis on its head by solely focusing on dissimilarities instead of the similarities between each of the claims. When Plaintiffs' claims are properly analyzed by looking at their logical relationship, the similarities are apparent and meet the broadly construed standards of Rule 20.

17.     As shown below, Plaintiffs claims all center on numerous policies, patterns, and practices of Defendant that similarly violated each of Plaintiffs' constitutional rights. These patterns, practices, and common policies are the very arguments and evidence that Plaintiffs' must show to establish their municipal liability claims under *Monell* and their claims for discrimination under the ADA and RA. Because the same policies, patterns and practices are involved in each Plaintiffs' claims, these alone satisfy both prongs of Rule 20. In addition to the policies, patterns,

and practices, Plaintiffs have significant overlap in evidence, witnesses, and questions of law and fact which also satisfies Rule 20. Because Plaintiffs are properly joined together, Defendant's Motion to Sever should be denied.

### i. Plaintiffs' Claims All Arise Out of the Same Series of Transactions Or Occurrences.

18.    The Fifth Circuit has not adopted a per se test on what constitutes the same transaction or occurrence. However, the district courts within the Fifth Circuit including this Court all follow the "some connection" or "logical relationship" test adopted by the Eighth Circuit in *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333–34 (8th Cir. 1974). *Sanchez*, 2020 U.S. Dist. LEXIS 163011, at *6; *Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 727 (S.D. Tex. 2016) (Harmon, J.). Under this test, absolute identity of events is not required. *Mosley*, 497 F.2d at 1333. The proper analysis is to look at the similarities not the differences because proper joinder is found even when individual issues may predominate over common issues because predomination is an analysis for collective and class actions which is not pertinent in a joinder analysis. *See Sanchez*, 2020 U.S. Dist. LEXIS 163011, at *9–10.

19.    When the plaintiffs' claims arise out of a common policy, pattern, or practice, those claims satisfy both prongs of Rule 20 permissive joinder. *Carter*, 175 F. Supp. 3d at 729–30; *Battison*, 2001 U.S. Dist. LEXIS 6173, at *5–6; *McConnell v. Southwestern Bel Tel., L.P.*, No. 3:20-CV-01457, 2021 U.S. Dist. LEXIS 76436, at *7–8 (N.D. Tex. April 21, 2021); *Wade v. Minyards Food Stores*, No. 3:03-CV-1403-H, 2003 U.S. Dist. LEXIS 20595, at *3–5 (N.D. Tex. Nov. 17, 2003); *Pouncie*, 2015 U.S. Dist. LEXIS 118233, at *5; *Afabor v. RaceTrac Petroleum, Inc.*, No. 3:05-CV-2255-P, 2006 U.S. Dist. LEXIS 33045, at *9–10 (N.D. Tex. May 15, 2006); *Thompson v. Capstone Logistics, LLC*, No. 4:15-CV-2464, 2018 U.S. Dist. LEXIS 12076, at *18–19 (S.D. Tex. Jan. 25, 2018) (Harmon, J.).

PLAINTIFFS' RESPONSE TO MOTION TO SEVER                                                    6

20.     "Claims arise out of the same transactions or occurrences when the complaint alleges a defendant's pattern or policy of behavior, regardless of differences amongst the plaintiffs' individual claims. In fact, joinder is appropriate based on the plaintiffs' proper '*allegation* of a company-wide policy,' 'not the *existence* of a company-wide policy.'" *McConnell*, 2021 U.S. Dist. LEXIS 76436, at *7 (quoting *Afabor*, 2006 U.S. Dist. LEXIS 33045, at *3) (emphasis in the original).

21.     This conclusion is especially important in cases where the plaintiffs are required to prove a pattern or practice as an element of their claim such as a claim under *Monell* or a discrimination claim because these claims automatically require proof of those other acts and practices to establish their policy. *See Battison*, 2001 U.S. Dist. LEXIS 6173, at *5–7; *Carter*, 175 F. Supp. 3d at 729–30 (holding that the plaintiffs met the joinder requirements because they joined their claims together in part to meet the elements of a § 1983 municipal liability claim); *see also Ettinoffe v. Sheikh*, No. 4:21-CV-02646, 2022 U.S. Dist. LEXIS 182151, at *12–15 (S.D. Tex. Oct. 4, 2022) (Ellison, J.) (holding that plaintiffs had adequately pled similar, specific, and numerous prior incidents to establish municipal liability and that plaintiffs would have to prove those incidents at later stages of the proceedings which requires discovery and production of evidence on each incident). Thus, these types of claims will have significant overlap in proof to establish those policies, patterns, and practices.

22.     Here, at the heart of Plaintiffs' claims are sufficient allegations establishing at least five policies, practices, and procedures that taken singularly and together Harris County used that caused Plaintiffs' injuries. Dkt. No. 20 at 15–250. These policies include the overcrowding and understaffing of the Jail, the failure to properly observe and monitor detainees, the denial of medical care to detainees, the institutionalization of excessive force by officers against detainees,

and the culture of violence encouraged by the Jail amongst detainees. Dkt. No. 20 at 53–58, 154–57. Each Plaintiff was injured or killed within the Harris County Jail as a result of the imposition and enforcement of these common policies, practices, and procedures. Dkt. No. 20 at 15–53. Unlike Defendant's argument, each Plaintiff has made a claim on the overcrowding and understaffing policy with many Plaintiffs having overlap on the remaining policies including all but three making claims on the inadequate observation policies. *Id.*

23.    Additionally, Plaintiffs have all asserted claims that the Jail has a common inadequate training policy that was a cause of Plaintiffs' injuries. Dkt. No. 20 at 203–30. This training policy included training on proper observation and monitoring of detainees, proper use of force and de-escalation training, proper training on preventing and responding to detainee assaults, and proper training on the provision of medical care. *Id.*

24.    To establish both of these types of *Monell* § 1983 claims, Plaintiffs must establish a common policy through widespread patterns and practices which requires allegations and proof of sufficient, similar and specific incidents. *Ettinoffe*, 2022 U.S. Dist. LEXIS 182151, at *12–15. To meet this requirement, Plaintiffs have each alleged thirty-six other detainees who have suffered under the same policies, along with the testimony of five former employees of the Jail, thirteen Texas Commission on Jail Standards ("TCJS") reports of non-compliance, a 2009 DOJ Report, and admissions from Sheriff Hickman and Sheriff Gonzalez. Dkt. No. 20 at 15–157. These other incidents in combination with the twenty-seven individual Plaintiffs' claims which they are permitted to cross reference establish the common policy and will be required to be proved by each Plaintiff. This shows a significant overlap in common evidence and testimony as severance would require each Plaintiff to have to put on evidence of the same 87 total similar incidents.

25.     Because Plaintiffs' have alleged a common policy, pattern, and practice, Plaintiffs' claims all arise from the same transaction and occurrence and satisfy the first prong of Rule 20(a). *Carter*, 175 F. Supp. 3d at 729–30; *Battison*, 2001 U.S. Dist. LEXIS 6173, at *5–6; *McConnell*, 2021 U.S. Dist. LEXIS 76436, at *7–8; *Wade*, 2003 U.S. Dist. LEXIS 20595, at *3–5; *Pouncie*, 2015 U.S. Dist. LEXIS 118233, at *5; *Afabor,* 2006 U.S. Dist. LEXIS 33045, at *9–10; *Thompson*, 2018 U.S. Dist. LEXIS 12076, at *18–19.

26.     The majority of Plaintiffs have also made claims under the ADA and RA for intentional discrimination. Dkt. No. 20 at 230–50. One of the methods for determining intentional discrimination is to show a pattern and practice which makes the claims of discrimination more plausible. *See Feliz v. El Paso Cnty.*, 441 F. Supp. 3d 488, 506 (W.D. Tex. 2020) (holding that the allegations of similar patterns of mistreatment corroborate the claims of disability discrimination). Therefore, each of the Plaintiffs who assert ADA and RA claims also assert claims based on common patterns and practices which is sufficient to show that the claims arise from the same transaction or occurrence.

27.     The underlying theme to each Plaintiffs' claim is that they suffered constitutional violations that resulted in their injuries or death within the Harris County Jail based on the same policies, practices, and procedures implemented by the same policymaker, Sheriff Gonzalez. Dkt. No. 20 at 15–57. These allegations alone are sufficient to show that Plaintiffs' claims are logically related. Additionally, as discovery moves on, many Plaintiffs will have claims that have the same witnesses, same jailers, same medical staff, and same exact cells. This information is within the unique purview of Defendant.

28.     Defendant spends its entire argument trying to point out generalized differences between Plaintiffs' claims. Dkt. No. 22. Defendant, however, cannot carry its heavy burden

because the Court is to look at the similarities not the differences. *Sanchez*, 2020 U.S. Dist. LEXIS 163011, at *6–10. When the Court properly looks at the similarities, especially the policies, patterns, and practices, the Court can see that the claims are logically related.

29.     In *Carter v. Diamond URS Huntsville, LLC¸* two plaintiffs who were subjected to separate arrests, made on different days, at different locations, by different officers asserted multiple claims against individual officers and the City of Huntsville. 175 F. Supp. 3d at 727–29. The claims against the City of Huntsville were pursuant to 42 U.S.C. § 1983 whereby the plaintiffs' claimed that they were subjected to a custom or policy of the City for allowing excessive force and unlawful arrests. *Id.* The Court denied the City's motion to sever specifically finding that Plaintiffs' allegations of a common policy under a § 1983 claim was sufficient to establish both the transaction and occurrence prong and the common question of law and fact prong. *Id.* at 729–30.

30.     In *Battison v. City of Electra*, multiple plaintiffs asserted claims against numerous police officers and the City of Electra itself for violations of their constitutional rights under § 1983. 2001 U.S. Dist. LEXIS 6173, at *1–2. The Court denied the City's motion to sever. *Id.* The Court specifically held, "Here, the Plaintiffs allege that the City of Electra has engaged in a pattern or practice of violating constitutional rights of its citizens by engaging in negligent hiring, supervision, and retention. This allegation alone suffices to meet Rule 20(a)'s common transaction or occurrence requirement." *Id.* at *6. The Court went further and held that these same allegations were sufficient to establish the common question of law or fact prong. *Id.* The Court held that it would save judicial economy to have one trial instead of having multiple juries hear the same evidence. *Id.* at *6–7.

31.     In *Glenewinkel v. Carvajal*, ten pro se prisoners brought claims arising from conditions at their jail. No. 3:20-CV-2256-B, 2020 U.S. Dist. LEXIS 167284, at *2–3 (N.D. Tex. Sept. 14, 2020). The plaintiffs brought a motion to add two additional plaintiffs to their claims. *Id.* The Court analyzed the motion under Rule 20 for permissive joinder while also analyzing the impact of the PLRA on allowing the pro se plaintiffs to proceed as a group. *Id.* The Court held that the PLRA did not prohibit the prisoner plaintiffs from proceeding as a group. *Id.* The Court specifically addressed several of the concerns raised by detainees bringing claims together which Defendant raised in their Motion and held that those concerns were not present especially since the detainees were not at risk of a transfer and had shown no indication that they could not work together. *Id.* at *10–11. Additionally, the Court held that the plaintiffs' claims met each prong of Rule 20 because they were asserting claims based on the conditions of the jail that affected all of them. *Id.* at *12–13. The plaintiffs' claims also gave rise to common questions because it would require the court to address concerns over the conditions of the jail and whether the jail's actions amounted to deliberate indifference. *Id.* Finally, the Court held that permitting the joinder of all plaintiffs in one case would serve judicial economy, avoid prejudice and delay, and safeguard the principles of fairness. *Id.*

32.     Numerous courts in the Fifth Circuit have addressed similar claims in the context of employment discrimination and the Fair Labor Standards Act and held that the common policies and practices of the employers constituted a sufficient nexus to show the same transaction and occurrence. *See e.g. McConnell*, 2021 U.S. Dist. Lexis 76436, at *6–9; *Wade*, 2003 U.S. Dist. LEXIS 20595, at *3–5; *Pouncie*, 2015 U.S. Dist. LEXIS 118233, at *5; *Afabor,* 2006 U.S. Dist. LEXIS 33045, at *9–10; *Thompson*, 2018 U.S. Dist. LEXIS 12076, at *18–19; *Sanchez*, 2020 U.S. Dist. LEXIS 163011, at *7–12.

PLAINTIFFS' RESPONSE TO MOTION TO SEVER                                          11

33.     The fact that Plaintiffs may have a few differences in their claims and factual scenarios is not sufficient for Defendant to carry its heavy burden to show that the parties are misjoined. *See supra* cases cited at ¶¶ 25, 32. For example, Defendant points to the use of force cases and says that they have differences from the other Plaintiffs' claims. This argument is misplaced because the use of force cases are also basing claims on the overpopulation and the understaffing of the Jail, the failure to observe and monitor, and in many circumstances the failure to provide medical care claims. *See* Dkt. No. 20. All of these are sufficient to show a common policy, pattern, and practice which is sufficient to show that Plaintiffs' claims are based on the same series of transactions and occurrences. *See supra* cases cited at ¶ 23.

34.     Defendant's argument as to standing and administrative remedies are red herring arguments which are irrelevant for the Rule 20 analysis. The joinder analysis is a far lower hurdle for plaintiffs than trying to establish the basis for a class action or a collective action. Thus, the predominance of individual questions is completely irrelevant as Defendant must show that there is absolutely no logical relationship which is impossible when faced with the volume of common facts. *Sanchez*, 2020 U.S. Dist. LEXIS 163011, at *9–11.

35.     Defendant also tries to argue that the nature of the *Monell* claims does not give rise to the prongs of permissive joinder. Dkt. No. 22 at 9–13. Defendant does not cite to a single Fifth Circuit case to support its argument but relies on other district courts' opinions which have no precedential value. Plaintiffs have provided numerous cases where Fifth Circuit courts have found both prongs of permissive joinder to be met solely based on the allegations of a common policy to meet the *Monell* requirements. *See e.g. Battison*, 2001 U.S. Dist. LEXIS 6173, at *3–5; *Carter*, 175 F. Supp. 3d at 728–30; *Glenewinkel*, 2020 U.S. Dist. LEXIS 167284, at *13. In addition, several courts in other jurisdictions have also found permissive joinder in similar § 1983 cases

which nullifies Defendant's cases. *See e.g. Green v. Padilla*, 484 F. Supp. 3d 1098, 1150–51 (D.N.M. 2020) (holding that several plaintiff prisoners were properly joined in asserting claims against their prison based on the same general policies); *Dean v. City of Chicago*, No. 09 C 1190, 2009 U.S. Dist. LEXIS 78443, at *2 (N.D. Ill. Aug. 31, 2009) (holding that 19 plaintiffs were properly joined together in their suits against a police officer and the City of Chicago despite unique facts pertaining to each persons' arrest).

36.     Because Plaintiffs assert claims based on common policies, practices, and procedures, Plaintiffs' claims meet the first prong of Rule 20(a).

### ii.     Plaintiffs' Claims Contain Numerous Common Questions of Law and Fact.

37.     The second prong of the Rule 20 analysis is easier to establish than the first prong because Plaintiffs need only ***one*** common question to satisfy this prong. *Carter*, 175 F. Supp. 3d at 727. As stated above, this Court along with other Fifth Circuit district courts have held that this prong is established when the plaintiffs are challenging a policy, pattern, or practice because the same questions will have to be answered for all plaintiffs to determine if those policies, patterns, or practices exist. *Pouncie*, 2015 U.S. Dist. LEXIS 118233, at *7 (holding that the challenged policy satisfies both the same transaction or occurrence and the common question of law or fact); *Thompson*, 2018 U.S. Dist. LEXIS 12076, at *19; *Afabor*, 2006 U.S. Dist. LEXIS 33045, at *11– 12; *Glenewinkel*, 2020 U.S. Dist. LEXIS 167284, at *13; *Carter*, 175 F. Supp. 3d at 730; *McConnell*, 2021 U.S. Dist. LEXIS 76436, at *9 ("Each claim facially asserts a common question of fact (whether the Defendants have a policy of failing to record its employees' actual work hours)"); *Battison*, 2001 U.S. Dist. LEXIS 6173, at *6 ("because all five Plaintiffs allege the existence of a pattern and practice of unconstitutional conduct by the City of Electra, there are common questions of fact present as well.").

38.     Here, Plaintiffs first cause of action is based on five distinct policies which taken singularly and together caused their constitutional violations. Dkt. No. 20 at 154–203. For each of these policies, it is a common question of law and fact of whether those policies exist. For each Plaintiffs' claim, the jury will have to consider each policy and answer the question whether the policy existed. It is better that one jury answers this question; rather than 27 juries answering this question and potentially leading to incongruous results. *Aspen Tech., Inc. v. Kunt*, No. 4:10-cv-1127, 2011 U.S. Dist. LEXIS 1971, at *7 (S.D. Tex. Jan. 10, 2011) (Ellison, J.); *Pouncie*, 2015 U.S. Dist. LEXIS 118233, at *9; *Afabor*, 2006 U.S. Dist. LEXIS 33045, at *12–13; *Amalsi v. Schlumberger Tech. Corp.*, No. MO:20-CV-00056-DC-RCG, 2020 U.S. Dist. LEXIS 255809, at *9–10 (W.D. Tex. Dec. 2, 2020); *Battison*, 2001 U.S. Dist. LEXIS 6173, at *6–7; *McConnell*, 2021 U.S. Dist. LEXIS 76436, at *9–10; *Sanchez*, 2020 U.S. Dist. LEXIS 163011, at *8, 12; *Glenewinkel*, 2020 U.S. Dist. 167284, at *13.

39.     In addition, for each policy, the law requires consideration of similar and specific incidents which establish that policy. *Ettinoffe*, 2022 U.S. Dist. LEXIS 182151, at *12–15. Each Plaintiff points to 87 individual incidents which also includes every other Plaintiff. Dkt. No. 20 at 15–157. Thus, each Plaintiff has a common question of law and fact whether those incidents were similar or specific. Once again it is better for one jury to answer this question than 27 juries answering it 87 times.

40.     Plaintiffs have also alleged inadequate training policies on behalf of the Harris County Jail. Dkt. No. 20 at 203–230. These claims pose numerous common questions of law and fact including whether the training policy in at least four different areas was adequate and whether Harris County implemented these policies with deliberate indifference. The deliberate indifference

question would again require consideration of all 87 similar incidents to show the deliberate indifference making an additional 87 common questions of law and fact.

41.     Another common question of law and fact would be the common policymaker for each Plaintiffs' claim. Sheriff Gonzalez will be the same policymaker for each Plaintiffs' claim. Dkt. No. 20 at 57, 201–03. Sheriff Gonzalez along with a Harris County Jail corporate representative will be a witness that will be used for each Plaintiffs' claim making it weigh heavily in favor of joinder. *Sanchez*, 2020 U.S. Dist. LEXIS 163011, at *6.

42.     Because Plaintiffs' claims contain numerous common questions of law and fact, Defendant cannot carry their heavy burden to establish improper joinder. Therefore, Defendant's Motion must be denied.

**B. The Interests of Judicial Economy and Fundamental Fairness Demand that the Claims Be Considered Together and Not Severed.**

43.     Although the Court has discretion on severing the case, the Court should balance "convenience and judicial economy against the danger of prejudice and juror confusion." *Afabor*, 2006 U.S. Dist. LEXIS 33045, at *12. As this Court has recognized, an additional concern is the "right of a litigant to have only one jury pass on a common issue of fact." *Aspen Tech*, 2011 U.S. Dist. LEXIS 1971, at *6–7, 21 (internal quotations omitted).

44.     Defendant argues in a conclusory manner that having one jury consider all 27 claims would cause jury confusion and unfair prejudice to Harris County. Dkt. No. 22 at 15. Defendant also argues that allowing the claims to be adjudicated together would not result in judicial economy because the claims have no common issues. Dkt. No. 22 at 16. Both of these arguments are insufficient for Harris County to carry its burden to establish the need for a severance, as this Court along with several other courts have rejected these same arguments.

45.     Defendant's argument that having all 27 claims heard at once would cause jury confusion or undue prejudice is unfounded because the very nature of Plaintiffs' claims under *Monell* requires the jury to consider all 27 claims together in addition to the 60 other similar incidents identified in the Complaint. Dkt. No. 20; *See Ettinoffe*, 2022 U.S. Dist. LEXIS 182151, at *12–15. As shown above, Plaintiffs' claims assert multiple common policies that require a showing of a pattern and practice of similar incidents. Because these grounds establish common questions, it would be improper to divide these cases up to have 27 different juries hear the same evidence on all 87 incidents and then potentially answer those common questions in conflicting manners. *Aspen Tech*, 2011 U.S. Dist. LEXIS 1971, at *6–7, 21; *Pouncie*, 2015 U.S. Dist. LEXIS 118233, at *9 ("Judicial economy, on the other hand, is greatly advanced by refusing severance at this time, because if the claims were severed, the same evidence of an alleged pattern or practice would have to be presented in numerous separate trials. It is farm more convenient and economical for this evidence to be heard in one trial.") (Internal citations and quotations omitted); *Afabor*, 2006 U.S. Dist. LEXIS 33045, at *12–13 (holding that the allegations by 15 plaintiffs on a pattern or practice would be more economical to be heard in one case as they are needed to establish this policy allegation); *Amalsi*, 2020 U.S. Dist. LEXIS 255809, at *9–10 (rejecting an argument that ten plaintiffs' presentation of their claims would unduly prejudice the defendant by having the jury consider each claim as support of the other plaintiffs' claim).

46.     Defendant's argument also does not give the jury credit in that they are more than capable of considering the evidence and applying it properly in accordance with the Court's instructions. *Backe v. City of Galveston*, No. 10-CV-388, 2014 U.S. Dist. LEXIS 35632, at *5 (S.D. Tex. March 18, 2014) (Ellison, J.) (holding that *Monell* evidence of similar incidents would

not prejudice the defendant as the jury will be properly instructed on the purpose of the evidence at trial).

47.     For example, each Plaintiff makes a claim that Harris County has a policy of failing to properly monitor and observe the detainees which leads to officer use of force, lack of medical care, additional detainee violence, and the injuries and death suffered by Plaintiffs. Dkt. No. 20. This claim would require the jury to determine if Harris County has this policy for each individual Plaintiff while also considering if all 87 incidents alleged to show this policy were similar and specific. *See Ettinoffe*, 2022 U.S. Dist. LEXIS 182151, at *12–15. Thus, one jury could answer the question of whether this policy exists and whether the 87 incidents were similar one time instead of 27 juries hearing this same evidence 87 times and potentially coming up with 27 different results. *Aspen Tech*, 2011 U.S. Dist. LEXIS 1971, at *6–7, 21; *Pouncie*, 2015 U.S. Dist. LEXIS 118233, at *9; *Afabor*, 2006 U.S. Dist. LEXIS 33045, at *12–13; *Amalsi*, 2020 U.S. Dist. LEXIS 255809, at *9–10; *Battison*, 2001 U.S. Dist. LEXIS 6173, at *6–7; *McConnell*, 2021 U.S. Dist. LEXIS 76436, at *9–10; *Sanchez*, 2020 U.S. Dist. LEXIS 163011, at *8, 12; *Glenewinkel*, 2020 U.S. Dist. 167284, at *13.

48.     Keeping the cases together also furthers judicial economy. Because of the requirement of proving similar and specific prior incidents, each Plaintiff would be required to conduct discovery on each of the 87 incidents. *See Ettinoffe*, 2022 U.S. Dist. LEXIS 182151, at *12–15. Severance would require 87 duplicative sets of discovery in 27 different cases. This does not even include the duplicative discovery into officer training and additional incidents which will be discovered through the discovery process.

49.     In each of these cases, Plaintiffs also anticipate taking Sheriff Gonzalez's testimony and a corporate representative's testimony. Severance would require a waste of judicial resources

and undue delay in the case because Sheriff Gonzalez and the corporate representative would have their same deposition taken 27 different times. *Sanchez*, 2020 U.S. Dist. LEXIS 163011, at *8, 12 (holding that although each Plaintiff will have different fact witnesses, "nothing in the record of this case eliminates the likelihood of overlapping testimony from Schlumberger's corporate representative and other related evidence, as Plaintiffs expect to offer."). There will likely be additional overlapping witnesses as many of the same actors are likely to be involved in both cases. The amount of discovery would potentially result in discovery disputes which would require the Court to rule on the same discovery motions in 27 different cases.

50.     When faced with similar arguments, numerous courts have held that severance is unwarranted as the defendant is not faced with undue prejudice and judicial economy is preserved through the joinder of the claims in one lawsuit. *Aspen Tech*, 2011 U.S. Dist. LEXIS 1971, at *6–7, 21; *Pouncie*, 2015 U.S. Dist. LEXIS 118233, at *9; *Afabor*, 2006 U.S. Dist. LEXIS 33045, at *12–13; *Amalsi*, 2020 U.S. Dist. LEXIS 255809, at *9–10; *Battison*, 2001 U.S. Dist. LEXIS 6173, at *6–7; *McConnell*, 2021 U.S. Dist. LEXIS 76436, at *9–10; *Sanchez*, 2020 U.S. Dist. LEXIS 163011, at *8, 12; *Glenewinkel*, 2020 U.S. Dist. 167284, at *13; *Wulf v. BMW of N. Am., LLC*, No. 4:19-CV-0046, 2020 U.S. Dist. LEXIS 259196, at *10 (S.D. Tex. May 26, 2020) (Bennett, J.); *Thompson*, 2018 U.S. Dist. LEXIS 12076, at *18–19; *Backe*, 2014 U.S. Dist. LEXIS 35632, at *5–6.

51.     Finally, judicial economy is established by reducing the number of times evidence has to be presented and the number of duplicative pretrial motions. *See supra* cases cited at ¶ 50. Instead of working toward one trial with picking one jury and one presentation of evidence, severance would require 27 duplicative pretrial motions and determinations, 27 different jury panels, and 27 presentations of the same evidence. *Id.* Because of the significant overlap in

PLAINTIFFS' RESPONSE TO MOTION TO SEVER                                                  18

evidence, severance would be a waste of judicial resources and would cause undue delay. *Id.* Because Defendant has not carried its burden of establishing that severance is required, Plaintiffs would ask the Court to deny the Motion to Sever.

## VI.       CONCLUSION

52.       Based on the foregoing, Plaintiffs have established that each claim is based on the same transaction or occurrence with numerous common questions of law and fact which satisfies the permissive joinder standards. Defendant cannot carry its burden to establish undue prejudice or jury confusion; instead, judicial economy weighs heavily in favor of keeping the claims together. Therefore, Plaintiffs respectfully ask the Court to deny Defendant's Motion to Sever.

Respectfully submitted,

**BEN CRUMP LAW, PLLC**

*/s/ Paul A. Grinke*
Paul A. Grinke
Attorney-in-Charge
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 Telephone

Ben Crump (*pro hac forthcoming*)
Florida Bar No. 72583
court@bencrump.com
122 South Calhoun Street
Tallahassee, Florida 32301
(800) 235-0444 Telephone

**MCCATHERN, PLLC**
Stephen Bergren
State Bar No. 24134428
sbergren@mccathernlaw.com
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
(214) 741-2662 Telephone

**COUNSEL FOR PLAINTIFFS**

<u>**CERTIFICATE OF SERVICE**</u>

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on December 22, 2023, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party via the CM/ECF system.

*/s/ Paul A. Grinke*
Paul A. Grinke