# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| OCTEVIA WAGNER; GABRIELLE SMITH; DWANNA JOHNSON, as Next Friend of A.J., A Minor; JACILET GRIFFIN-LEE; TIMOTHY LEE; TAMMY PETERSON; PHILLIP VALLAIRE; ANNETTE JAMES; SHANNON PIRO; DOLORES SMITH, as Next Friend of B.H., L.H., and J.H., Minors; JAQUEZ MOORE; AMANDA HARRIS; TAYLOR EUELL; CHRISTOPHER YOUNG; JOHN COOTE; HARRELL VEAL; RYAN TWEDT; JEREMIAH ANGLIN; KENNETH RICHARD; ZACHARY ZEPEDA; DYLAN PERIO; DIANNE BAILEY RIJSENBURG; ZACHERY JOHNSON; ANTONIO RADCLIFFE; JEREMY GARRISON TRACY WOODSON-SMITH; JUDITH JONES; DEBORAH SMITH, individually And as Next Friend of K.S. and K.W., Minors; TRAMELL MORELLE; BERNARD LOCKHART; JACKIE LUNA, Individually And as Next Friend of J.L. and A.L., Minors; and KEVIN SMITH, SR. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO. 4:23-cv-02886 |
| vs. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT HARRIS COUNTY'S REPLY TO RESPONSE TO MOTION TO DISMISS
<u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

Defendant Harris County, Texas ("Harris County") files this Reply to Plaintiffs' Response to Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  PLAINTIFFS IMPROPERLY RELY ON THE VOLUME OF ALLEGATIONS

In this case, 32 Plaintiffs have brought claims against Harris County based on 27 distinct, separate, and unrelated incidents that allegedly occurred at the Harris County Jail between July 23, 2021 and July 30, 2023. Harris County moves to dismiss all of Plaintiffs' claims because they are not sufficiently pled. In response, Plaintiffs primarily rely on the fact that Plaintiffs' complaint involves "27 individuals who were drastically injured or killed within the Harris County Jail in the past two years. Plaintiffs' First Amended Complaint covers 268 pages, 87 separate unconstitutional incidents within the Jail, and numerous facts pertaining to the circumstances giving rise to each of Plaintiffs' claims." D.E. 26, ¶ 1. Plaintiffs rely on this volume argument at numerous times throughout their response. D.E. 26, ¶¶ 1, 6, 9, 15. However, the mere fact that Plaintiffs have alleged a volume of allegations, does not mean that those allegations should survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Instead, as outlined in the motion to dismiss, here, they should not.

## II.  PLAINTIFFS COUNT I SHOULD BE DISMISSED BECAUSE THEY ADMIT NO SUPPORT FOR 'EPISODIC ACT OR OMISSION' CLAIMS[1]

In Count I, Plaintiffs assert a *Monell* claim based on a conditions of confinement theory under the Fourteenth Amendment. D.E. 20, ¶¶915-1077. However, Plaintiffs' claims actually allege episodic acts or omissions. As outlined in the motion to dismiss, Constitutional claims by pretrial detainees can take two forms: (1) conditions of confinement or (2) episodic acts or

---

[1] Plaintiffs assert that Harris County did not address the conditions of confinement allegations and theory in the complaint. However, Harris County addressed these claims in the motion to dismiss at p. 5-7. D.E. 21, p. 5-7. Plaintiffs have not refuted these arguments and Harris County will not re-argue them here.

omissions. *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019). A condition of confinement case is a "constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement," including complaints such as "the number of bunks in a cell or his television or mail privileges." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997). "In contrast, where the complained-of harm is a particular act or omission of one or more officials, the action is characterized properly as an 'episodic act or omission' case." *Id.* "In an 'episodic act or omission' case, an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission." *Id.* The proper classification of a detainee's claim is important because different standards apply to the two theories. *See id.*; *Flores v. Cnty. of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997).

Although Plaintiffs label their claim as a conditions of confinement claim, in reality Plaintiffs' claims are based on episodic acts or omissions because all of their alleged incidents are based on specific acts and omissions of County officers and medical providers, rather than the general conditions of their confinement. Specifically, Plaintiffs' claims are based on allegations of officer force; altercations with other detainees; specific officers' failure to observe, monitor, or intervene; and the adequacy of medical treatment provided to certain detainees. D.E. 20, ¶¶50-303. In other words, Plaintiffs' claims are based on alleged acts and omissions by County actors interposed between each of the 27 detainees and Harris County. However, Plaintiffs admit in the reply that "Plaintiffs' claims in the first instance do not challenge specific jailer's actions as interposed between Defendant and Plaintiffs' injuries… Instead, each Plaintiffs' claims show that they were subjected to multiple conditions within the jail that on their face serve as a punishment." D.E. No. 26 at ¶15 (internal citations removed). Plaintiffs further asserts "Each of the other claims

2

4878-4709-2121.1

based on the remaining policies are similar in that they challenge the system as a whole and *not specific jailer's acts* or omissions." D.E. No. 26 at ¶20. While Plaintiffs may try to cast this as an alternative argument, it in fact reveals that Plaintiffs have not sufficiently plead to support a *Monell* claim based on episodic acts or omissions and thus Count I should be dismissed.

**III. PLAINTIFFS COUNT II SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT ADEQUATELY ALLEGED A FAILURE TO TRAIN OR SUPERVISE CLAIM**

Plaintiffs also fail to state a § 1983 *Monell* claim based on failure to train or supervise. This claim must be dismissed because (1) Plaintiffs have not alleged any facts that would show Harris County's training program is constitutionally defective or that any particular deficiency with the training program is causally connected to each Plaintiff's alleged injuries; (2) Plaintiffs have failed to demonstrate a pattern of similar and specific violations, and (3) Plaintiffs have only made conclusory allegations as to whether the inadequate training or supervision is obvious and obviously likely to result in a constitutional violation.

To find Harris County liable on this theory, Plaintiffs must show: "1) the [county] failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Pena v. City of Rio Grande City,* 879 F.3d 613, 623 (5th Cir. 2018). "[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). And the particular deficiency in the training must have caused the ultimate injury. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989). Additionally, proof that an injury or accident could have been avoided if an officer had better or more training is not sufficient; there must be proof of deliberate indifference. *Id.*

3

"Deliberate indifference requires a showing of more than negligence or even gross negligence." *Estate of Davis ex rel. McCully v. City of N. Richland Hills,* 406 F.3d 375, 381 (5th Cir. 2005)). Plaintiffs must show that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonable be said to have been deliberately indifferent to the need." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Estate of Davis*, 406 F.3d at 381. "Because the standard for [municipal] fault is a stringent one, [a] pattern of similar constitutional violations by untrained employees is ordinarily required to show deliberate indifference." *Pena*, 879 F.3d at 623 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62.

Importantly, "notice of a pattern of **similar violations** is required" and "the prior acts be fairly similar to what ultimately transpired." *Estate of Davis*, 406 F.3d at 383 (emphasis added); *Connick*, 563 U.S. at 62. Plaintiffs have not satisfied the similarity requirement but instead again attempt to rely on the volume argument. "Each of these incidents along with the factual allegations supporting each Plaintiffs' claim illustrate that Harris County knew of the obvious consequences of their inadequate training policies and procedures but continued with those policies and procedures despite this knowledge." D.E. No. 26 at ¶50. Plaintiffs, however, do not address how the individual incidents are a result of similar alleged training failures. As the United States Supreme Court ruled, because the allegations do not involve the same specific type of violation at

4

issue, the alleged violations could not have put Harris County on notice that specific training was necessary to avoid the plaintiff's alleged constitutional violation. *See Connick*, 563 U.S. at 54. Plaintiffs' Count II should be dismissed.

### IV. PLAINTIFFS COUNT III SHOULD BE DISMISSED BECAUSE THEY ARE BASED ENTIRELY ON IMPROPERY ADEQUACY OF CARE ALLEGATIONS

Plaintiffs' ADA/RA claims must be dismissed because they are based entirely on allegations that Harris County failed to provide adequate medical care to 17 of the detainees, which is insufficient as a matter of law to state a claim under the ADA/RA. Notably, "the ADA is not violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." *Nottingham v. Richardson*, 499 Fed. App'x. 368, 377 (5th Cir. 2012) (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). Nor does the ADA/RA establish a "standard of care for medical treatment" in prisons. *Walls v. Tex. Dep't of Criminal Justice,* 270 Fed. App'x. 358, 359 (5th Cir. 2008); *Hale v. Harrison Cnty. Bd. of Supervisors*, 8 F.4th 399, 404 (5th Cir. 2021); *see also Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 603 n.14 (1999) ("We do not in this opinion hold that the ADA imposes on the States a 'standard of care' for whatever medical services they render, or that the ADA requires States to 'provide a certain level of benefits to individuals with disabilities.'"); *Buchanan v. Maine*, 469 F.3d 158, 175 (1st Cir. 2006) (recognizing that multiple circuits have held that the ADA does not guarantee any particular level of medical care for disabled persons). The ADA/RA also does not create a remedy for medical malpractice or medical negligence. *Bryant*, 84 F.3d at 249 (recognizing that the "ADA does not create a remedy for medical malpractice" and ruling that plaintiff failed to state a claim under the ADA because the plaintiff merely alleged incompetent treatment of his paraplegia and did not allege he was excluded from a prison service, program, or activity because of his disability).

A plaintiff therefore cannot bring an ADA/RA claim simply by restating a claim for denial

5

of medical care. *Walls*, 270 Fed. App'x. at 359; *Hale*, 8 F.4th at 404. A plaintiff's disagreement with medical treatment likewise does not state a claim under the ADA/RA. *Walls*, 270 Fed. App'x. at 358; *Thomas v. Nino*, No. 2:22-CV-00252, 2023 WL 4444974, at *16 (S.D. Tex. Jan. 25, 2023), *report adopted*, No. 2:22-CV-00252, 2023 WL 3973610 (S.D. Tex. June 13, 2023). Plaintiffs have not addressed or attempted to distinguish any of these cases.

Notably, Courts in the Southern District of Texas have followed this line of cases to dismiss ADA/RA claims that are based on the denial of medical care or disagreements with medical treatment. *See*, *e.g.*, *Thomas v. Anciso*, No. 2:22-CV-00254, 2023 WL 4666629, at *3 (S.D. Tex. July 20, 2023) (dismissing ADA/RA claim based on the denial of prisoner's requested medical treatment); *Thomas v. Samuel*, No. 2:22-CV-00158, 2022 WL 19001964, at *16 (S.D. Tex. Dec. 7, 2022*), report adopted*, No. 2:22-CV-00158, 2023 WL 1529544 (S.D. Tex. Feb. 2, 2023) (dismissing ADA/RA claim because prisoner's "allegations simply state a disagreement with his medical treatment"); *Smith Estate of Hawkins v. Harris Cnty.*, No. CV H-15-2226, 2019 WL 12117217, at *8 (S.D. Tex. Feb. 25, 2019) (decision not to increase detainee's monitoring for suicide or refer him to mental health unit before committing suicide were medical decisions that are not actionable under the ADA/RA), *aff'd Smith v. Harris Cnty., Tex.*, 956 F.3d 311 (5th Cir. 2020); *Salcido v. Harris Cnty., Tex.*, No. CV H-15-2155, 2018 WL 4690276, at *54 (S.D. Tex. Sept. 28, 2018) (dismissing ADA/RA claims because plaintiffs were trying to "recast their claims for denial of adequate medical care as ADA and RA claims" and recognizing that "the ADA does not compel Harris County to provide any particular treatment in order to prevent discrimination"); *Doe v. Harris Cnty., Tex.*, No. CV H-16-2133, 2017 WL 4402590, at *29 (S.D. Tex. Sept. 29, 2017) (dismissing ADA/RA claim because allegations that she was discriminated against "by treating her as a criminal defendant who did not require mental health treatment, and by denying

6

4878-4709-2121.1

her services and programs that would have accommodated her disability are merely different ways of alleging that Harris County failed to provide her adequate mental health treatment").

Here, Plaintiffs' ADA/RA claims fail for the same reason because they do not involve the discriminatory denial of prison services based on the detainees' alleged disabilities. Rather, Plaintiffs' claims are based entirely on allegations of the denial of medical care and disagreements with their medical treatment, which are insufficient to state an ADA/RA claim. Specifically, Plaintiffs allege that Harris County "discriminated" against the detainees in the following ways[2]:

- "by failing and refusing to provide him his medications consistently" or "timely." D.E. 20, ¶¶1184, 1191, 1198, 1210, 1217, 1225, 1281, 1287.

- "by failing and refusing to provide him with his medications and medical care." *Id.* at ¶¶1232, 1246, 1260, 1268, 1275.

- "by failing and refusing to provide him with sufficient medical care." *Id.* at ¶¶1238, 1293.

- "by failing and refusing to provide [the detainee] with full testing and evaluation for his physical injuries." *Id.* at ¶¶1191, 1204, 1210, 1225, 1232, 1238, 1246, 1260, 1268, 1281, 1287, 1293.

- "by failing and refusing to accommodate his disabilities by providing a more comprehensive treatment program." *Id.* at ¶¶1184, 1191, 1210, 1225, 1232, 1246, 1260, 1268, 1275, 1281, 1287.

- "by failing to provide a thorough and proper evaluation, testing, and treatment plan for [the detainees'] ongoing physical condition and verbal complaints." *Id.* at ¶¶ 1217, 1198.

- "by refusing to provide medical care in response to requests for care." *Id.* at ¶1225.

- "by failing to conduct observations at shorter intervals to ensure that his condition did not worsen." *Id.* at ¶1184.

- "by placing him in a single cell but not placing him on suicide watch." *Id*. at ¶1251.

- by "leaving" or "placing" the detainees in the "general population." *Id.* at ¶¶1191, 1204, 1225, 1287.

- "by failing and refusing to accommodate his disabilities by modifying the Jail employees techniques of interacting and handling a detainee with his disabilities." *Id.* at ¶¶1232, 1246,

---

[2] Not all of these allegations are applicable to each detainee at issue in the lawsuit.

7

4878-4709-2121.1

1260, 1268, 1275.

- "by failing and refusing to place [the detainee] in a dedicated facility to handle his disability" or "mental health care facility." *Id.* at ¶¶1246, 1251, 1260, 1268.

None of these allegations show that Harris County discriminated against the detainees based on their alleged disabilities. Plaintiffs are simply restating their claims for denial of medical care and disagreements with their medical treatment, which is not actionable under the ADA/RA. Consequently, Plaintiffs' ADA/RA claims must be dismissed.

## V.  CONCLUSION

Harris County respectfully requests that the Court grant its Motion to Dismiss, dismiss all of Plaintiffs' claims in this lawsuit, award Harris County all of its costs, and grant Harris County all further relief to which it is justly entitled at law or in equity.

*[reminder of this page intentionally left blank]*

Dated: December 29, 2023                         Respectfully submitted,

                                               **BAKER & HOSTETLER LLP**

                                               By: */s/ Gregory C. Ulmer*
                                               Gregory C. Ulmer
                                               ***Attorney-in-Charge***
                                               Texas Bar No. 00794767
                                               Southern District Federal ID No. 19827
                                               gulmer@bakerlaw.com
                                               811 Main Street, Suite 1100
                                               Houston, Texas 77002-6111
                                               Telephone: (713) 751-1600
                                               Facsimile:  (713) 751-1717

                                               **OF COUNSEL:**
                                               **BAKER & HOSTETLER LLP**
                                               James E. Phillips
                                               Texas Bar No. 24060423
                                               Southern District Federal ID No. 906115
                                               jphillips@bakerlaw.com
                                               Kristen H. Luck
                                               Texas Bar No. 24104027
                                               Southern District Federal ID No. 3111037
                                               kluck@bakerlaw.com
                                               Ryan A. Walton
                                               Texas Bar No. 24105086
                                               Southern District Federal ID No. 3278426
                                               rwalton@bakerlaw.com
                                               811 Main Street, Suite 1100
                                               Houston, Texas 77002-6111
                                               Telephone: (713) 751-1600
                                               Facsimile:  (713) 751-1717

                                               **ATTORNEYS FOR DEFENDANT**
                                               **HARRIS COUNTY, TEXAS**

4878-4709-2121.1

## **CERTIFICATE OF SERVICE**

      In accordance with the Federal Rules of Civil Procedure, I hereby certify that on December 29, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to all counsel of record.

                                                */s/ Gregory C. Ulmer*
                                                Gregory C. Ulmer

4878-4709-2121.1