United States District Court
Southern District of Texas

**ENTERED**

April 16, 2024

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| OCTEVIA WAGNER, *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:23-CV-02886** |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM & ORDER**

This action that arises out of a series of incidents that occurred in the Harris County Jail resulting in the death or injury of 27 detainees. Pending before the Court are Defendant's Motion to Sever, ECF No. 22; Defendant's Motion to Dismiss, ECF No. 21; Ana Garcia's Motion to Intervene, ECF No. 17; Ana Garcia's Motion to Consolidate, ECF No. 33; and Chandra Jenkins's Motion to Intervene, ECF No. 34. For the reasons that follow, the Motion to Sever is **DENIED**, the Motions to Intervene are **GRANTED**, and the Motion to Consolidate is **DENIED AS MOOT**. Defendant's Motion to Dismiss will be addressed in a separate order.

I.      **BACKGROUND**

This case stems from the death or serious injury of 27 detainees in the Harris County Jail (the "Jail") from late-2021 through mid-2023. Those individuals include Jacoby Pillow, Bryan Johnson, Evan Ermayne Lee, William Curtis Barrett, Kevin Smith Jr., Ramon Thomas, Nathan Henderson, Deon Peterson, Gary Wayne Smith, Kristan Smith, Michael Griego, Robert Wayne Fore, Jeremy Garrison, Zachery Johnson, Kenneth Richard, Jeremiah Anglin, Harrell Veal, John

Coote, Ryan Twedt, Antonio Radcliffe. Zachary Zepeda, Jaquez Moore, Taylor Euell Christopher Young, Tramell Morelle, Bernard Lockhart, and Dylan Perio.

Plaintiffs bring claims for (1) unconstitutional conditions of confinement under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), (2) failure to train or supervise under *Monell*, and (3) violations of the Americans with Disability Act ("ADA") and the Rehabilitation Act ("RA"). All Plaintiffs assert the first two claims, while the ADA/RA claims are brought by just over half of Plaintiffs.

In asserting unconstitutional conditions of confinement, Plaintiffs identify five problematic policies or practices: (1) overcrowding and understaffing of the Jail, (2) failure to properly observe and monitor detainees, (3) denial of medical care to detainees, (4) institutionalization of excessive force by officers against detainees, and (5) maintaining a culture of violence encouraged by the Jail amongst detainees. All Plaintiffs allege injuries resulting from the first policy, and most bring claims pursuant to the second. They allege claims under the third, fourth, and fifth policies in various permutations.

## II.    ANALYSIS

### a.  Motion to Sever

Rule 21 provides for the severance of misjoined claims or parties. FED. R. CIV. P. 21. "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Rule 20 governs permissive joinder and "allow[s] joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Id.* "Generally, permissive joinder . . . is at the option of the plaintiffs, assuming

2

they meet the requirements set forth in Rule 20." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d

571, 574 (5th Cir. 1995). "However, even if this test is satisfied, district courts have the discretion

to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or

safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (internal citations

omitted); *see also Anderson v. Red River Waterway Com'n*, 231 F.3d 211, 214 (5th Cir. 2000)

(holding that district courts have broad discretion in deciding whether to sever claims and parties

in a lawsuit). The Court's analysis is guided by the Supreme Court's preference for "entertaining

the broadest possible scope of action consistent with fairness to the parties; joinder of claims,

parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724

(1966).

### i.   Prong 1: Same Transaction, Occurrence, or Series of Transactions or Occurrences

The Fifth Circuit has not articulated a test for what constitutes the same transaction,

occurrence, or series of transactions or occurrences. *Carter v. Diamond URS Huntsville, LLC*, 175

F. Supp. 3d 711, 727 (S.D. Tex. 2016). However, district courts within the Fifth Circuit generally

assess whether there is "some connection" or "logical relationship" between the claims. *See*

*Sanchez v. Schlumberger Tech. Corp.*, No. 2:17-CV-102, 2020 WL 5367005, at *2 (S.D. Tex.

Sept. 7, 2020); *Carter*, 175 F. Supp. 3d at 727. "Claims arise out of the same transactions or

occurrences when the complaint alleges a defendant's pattern or policy of behavior, regardless of

differences amongst the plaintiffs' individual claims." *McConnell v. Sw. Bell Tel. L.P.*, No. 3:20-

CV-01457-X, 2021 WL 1561435, at *3 (N.D. Tex. Apr. 21, 2021).

Plaintiffs' allegations all arise from the same set of policies of the Harris County Jail.

Specifically, every Plaintiff alleges an injury caused by Harris County's practice of overcrowding

and understaffing of the Jail and failure to train and supervise. Further, all but three allege injuries from Harris County's failure to properly observe and monitor detainees. Plaintiffs' claims are logically related insofar as they stem from the same alleged policies and practices. Others have similarly found that where plaintiffs allege that a common unconstitutional policy or practice caused their injuries, they have satisfied Rule 20's same transaction or occurrence test. *See, e.g.*, *Carter*, 175 F. Supp. 3d at 729-730; *Battison v. City of Electra*, No. 7:01-CV-037-R, 2001 WL 497769, at *2 (N.D. Tex. May 8, 2001); *Glenewinkel v. Carvajal*, No. 3:20-CV-2256-B, 2020 WL 5513432, at *5 (N.D. Tex. Sept. 14, 2020); *Dean v. City of Chicago*, No. 09 C 1190, 2009 WL 2848865, at *3 (N.D. Ill. Aug. 31, 2009); *see also Wade v. Minyards Food Stores*, No. CIV.3-03-CV-1403-H, 2003 WL 22718445, at *1 (N.D. Tex. Nov. 17, 2003) ("[A]llegations of a pattern or practice of discrimination may describe such logically related events and satisfy the same transaction requirement." (quoting *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000))); *McConnell*, 2021 WL 1561435, at *3 (finding common allegations of a company-wide policy sufficed to show that the plaintiffs' FLSA claims arose from the same transaction or occurrence); *Thompson v. Capstone Logistics, LLC*, No. 4:15-CV-2464, 2018 WL 560407, at *7 (S.D. Tex. Jan. 25, 2018) (same). Because Plaintiffs' injuries were allegedly caused by a common set of policies or practices, the Court finds that Plaintiffs satisfy the same transaction test.

### ii.   Prong 2: Common Question of Law or Fact

Next the Court must assess whether Plaintiffs' claims contain a common question of law or fact. This test does not require the claims to be identical; the presence of a single common question of law or fact is sufficient. *See Carter*, 175 F. Supp. 3d at 727; *Texas Instruments, Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 148 (N.D. Tex. 2010).

4

Plaintiffs' claims present numerous common questions of law and fact. For example, Plaintiffs' *Monell* claims require determining whether the alleged incidents are sufficiently similar to establish a policy or practice, whether the incidents suffice to show deliberate indifference, and whether the Harris County's training of Jail employees was inadequate. *See Battison*, 2001 WL 497769, at *2 ("[B]ecause all five Plaintiffs allege the existence of a pattern or practice of unconstitutional conduct by the City of Electra, there are common questions of fact present."); *Glenewinkel*, 2020 WL 5513432, at *5 ("[Q]uestions of law common to all plaintiffs will arise. For example, this case will require the Court to determine whether the conditions Plaintiffs describe at FCI Seagoville amount to deliberate indifference under the Eighth Amendment."); *Carter*, 175 F. Supp. 3d at 730 (finding that there were common legal questions where the plaintiffs alleged that their injuries arose from the same unconstitutional custom or policy maintained by the City of Huntsville).

Defendant argues that this test is not met because there are distinct factual determinations involved in adjudicating each of Plaintiffs' claims. To be sure, each claim undoubtedly involves individual questions of fact. However, the Rule 20 joinder test contains no requirement that the common issues predominate. *See Sanchez v. Schlumberger Tech. Corp.*, No. 2:17-CV-102, 2020 WL 5367005, at *3 (S.D. Tex. Sept. 7, 2020) ("[T]he fact that individual issues were found to predominate over the common issues in the context of certification of a collective action does not mean that there were no common issues or that the claims did not arise from the same transaction."). Rather, the commonality test is satisfied by the presence of a *single* common question of law or fact. *See Carter*, 175 F. Supp. 3d at 727; *see also* FED. R. CIV. P. 20(a) ("Persons may join in one action as plaintiffs if . . . *any* question of law or fact common to all plaintiffs will arise in the action." (emphasis added)). Thus, the presence of individual issues is non-dispositive.

In sum, the Court finds that Plaintiffs meet both the Rule 20 prerequisites for joinder.

### iii.   Discretionary Factors

Even when Rule 20's requirements are met, the Court has discretion to sever claims in the interest of judicial economy or to avoid undue prejudice. *See Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). Defendant first argues that severance is appropriate because it would be unfairly prejudiced by a jury hearing facts related to all 27 incidents at issue here. Specifically, Defendant contends that "[e]vidence that one detainee was allegedly involved in an altercation with an officer is . . . irrelevant to any of the other incidents involving an altercation with an officer." ECF No. 22 at 15-16. Thus, "one or two plaintiff's unique circumstances could bias the jury against defendant generally." ECF No. 22 at 15 (quoting *Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000)).

This argument is unavailing. To establish municipal liability for an alleged unconstitutional custom or practice, Plaintiffs will need to present evidence establishing a pattern of similar incidents. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009). Likewise, to succeed on their failure-to-train theory, Plaintiffs will need to show deliberate indifference, which also generally requires proving a pattern of similar incidents. *Id.* at 849. Contrary to Defendant's assertions, evidence of similar incidents is not "irrelevant," but rather is crucial to meeting the Fifth Circuit's demanding standard for municipal liability. Therefore, regardless of whether or not Plaintiffs' claims are severed, evidence of similar incidents will be before the jury. Any potential prejudice to Defendant resulting from such evidence cannot be a basis for severance.

Next, Defendant argues that judicial economy cuts in favor of severance because each claim will require individualized factual determinations based on different witnesses and documentary proof. To the contrary, the Court finds that allowing the parties to proceed in the

6

same suit will serve judicial economy, as it will permit the Court to assess the legal viability of

Plaintiffs' claims once instead of 27 times. Further, if the claims were severed, duplicative

evidence of the alleged failure to train and unconstitutional practices would have to presented at

27 separate trials. Additionally, discovery will be vastly simplified, as Harris County will have to

respond to only one series of discovery requests pertaining to its policies and training programs

rather than 27. Others have similarly found that where a common policy or practice is at issue,

judicial economy is furthered by declining to sever. *See, e.g.*, *Afabor v. Racetrac Petroleum, Inc.*,

No. CIV. A. 3:05-CV-2255, 2006 WL 1343636, at *4 (N.D. Tex. May 15, 2006); *Pouncie v.*

*Dlorah, Inc.*, No. 3:15-CV-0511-B, 2015 WL 5178401, at *4 (N.D. Tex. Sept. 4, 2015).

   b.  **Motions to Intervene**

   Having found that severance is not appropriate at this stage, the Court now turns to the

pending Motions to Intervene. The first is filed by Ana Garcia, who asserts that her son, Kevin

Alexander Sanchez-Trejo, died while in the custody of the Jail. ECF No. 17. Garcia alleges that

Harris County denied medical care to Sanchez-Trejo despite his suffering from severe abdominal

pain for over 80 days. ECF No. 17. The second is brought by Chandra Jenkins, who avers that her

son, Dequon Buford, was repeatedly sexually assaulted by fellow inmates and denied medical care

while detained in the Jail. ECF No. 34. Both Intervenors contend that the harm to their sons came

about because of policies or practices of Harris County. Plaintiffs do not oppose either

intervention. Defendant, on the other hand, objects to both.

   Federal Rule of Civil Procedure 24(b) governs permissive interventions. The Fifth Circuit

maintains a "broad policy favoring intervention." *Wal-Mart Stores, Inc. v. Texas Alcoholic*

*Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016). "Federal courts should allow intervention

when no one would be hurt and the greater justice could be attained." *Id.* at 565 (quoting *Sierra*

7

*Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). "District courts are given broad discretion in granting motions to intervene under Rule 24(b)(2)." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

Many of the issues involved in intervention mirror those already discussed in the context of severance. Permissive intervention is appropriate where "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* at 189 n.2. Additionally, the Fifth Circuit has instructed courts to consider: (4) "whether the intervenors are adequately represented by other parties" and (5) "whether they are likely to contribute significantly to the development of the underlying factual issues." *Id.* at 189. Because Defendant concedes that the Motions are timely, the Court's analysis will focus on the remaining four factors.

The second requirement, that Intervenors' and Plaintiffs' claims share a common question of law or fact, is clearly met. Both Intervenors allege that the Harris County Jail maintains a custom, policy, or practice of failing to adequately observe and monitor detainees, failing to provide medical care, and understaffing and overcrowding the Jail. ECF No. 17-1 ¶ 31-33; ECF No. 34-1 ¶ 34-36. These allegations mirror three of the five policies pled in Plaintiffs' First Amended Complaint. ECF No. 20. As analyzed above in the context of severance, this similarity satisfies the common question condition.

Additionally, intervention will not unduly delay or prejudice the existing parties. This litigation is in its early stages, and intervention at this juncture will not result in delay. *See Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, No. CIV.A. H-05-3167, 2006 WL 2382250, at *6 (S.D. Tex. Aug. 16, 2006); *Texas v. United States Dep't of Homeland Sec.*, No. 6:23-CV-00007, 2023

WL 3025080, at \*3 (S.D. Tex. Apr. 19, 2023). Further, Harris County's argument that it will be prejudiced by litigating this series of incidents in one suit have already been considered in the context of severance and rejected. Thus, this requirement is met.

Moreover, the Intervenors' interests are not adequately represented by the existing parties. "When a proposed intervenor possesses the same ultimate objectives as an existing litigant, the intervenor's interests are presumed to be adequately represented absent a showing of adversity of interest, collusion, or nonfeasance." *Clements*, 884 F.2d at 189. However, "the presumption may be rebutted on a relatively minimal showing." *Id.* While both Garcia and Jenkins certainly have common objectives with Plaintiffs such as improving the conditions for detainees in the Harris County Jail, their aims are not identical. That is, Intervenors also seek monetary damages for their particular injuries. Existing Plaintiffs are unable to recover damages on Intervenors' behalf. Therefore, Intervenors' interests are not adequately represented by existing Plaintiffs. *See Antonio Alvarez v. Singh*, No. EP-18-CV-00101-FM, 2018 WL 6262964, at \*2 (W.D. Tex. May 18, 2018) ("[Intervenor-Plaintiff] does not possess the same ultimate objectives as any existing litigants, as he seeks damages for injuries suffered . . . He is thus not adequately represented by any parties to the action." (internal citations omitted)).

Finally, Garcia and Jenkins are likely to provide modest assistance in developing the factual record in this case. Because Plaintiffs' *Monell* claims require showing a sufficient number of similar incidents occurred, joining Intervenors' claims will aid in developing the factual record. In sum, the Court finds that both Garcia and Jenkins have met the standard for permissive intervention.[1]

### III.   CONCLUSION

---

[1] Jenkins also argues that she meets the standard of intervention as of right under Rule 24(a). Because the Court finds that she may intervene under Rule 24(b), it need not reach this issue.

For the foregoing reasons, Defendant's Motion to Sever is **DENIED**. Garcia's Motion to Intervene is **GRANTED**. The Clerk is directed to file Plaintiff-Intervenor Garcia's Complaint attached as Exhibit 1 to the Motion, ECF No. 17-1, into this case as said party's pleading. Jenkins's Motion to Intervene is similarly **GRANTED**. The Clerk is likewise directed to file Plaintiff-Intervenor Jenkins's Complaint attached as Exhibit A to the Motion, ECF No. 34-1, into this case as said party's pleading.

Garcia has also moved to consolidate this action with another styled *Garcia v. Harris County*, No. 4:23-cv-04366 (S.D. Tex.) (Rosenthal, J.). That action alleges identical claims to those pled in the Complaint attached to Garcia's Motion to Intervene. Because the Court has found that intervention is proper, Garcia's Motion to Consolidate is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on April 15, 2024.

_____
Keith P. Ellison
United States District Judge