# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-CV-02886** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| **Defendant** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS,** | § | |
| **Plaintiff – Intervenors** | § | |

## DEFENDANT HARRIS COUNTY, TEXAS'
## ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
===============================================================

MAY IT PLEASE THE COURT:

COMES NOW, DEFENDANT HARRIS COUNTY (hereafter "DEFENDANT" or "HARRIS COUNTY") and files this, its Original Answer to Plaintiffs' First Amended Complaint (Doc. #20) ("FAC"), and makes the following Rule 8 Admissions and Denials with respect to each of the Plaintiffs' allegations in this lawsuit.

## TABLE OF CONTENTS

I.    SUMMARY OF THE COMPLAINT (FAC ¶¶ 1 - 11) ...................................... 5

II.   PARTIES (FAC ¶¶ 12 - 44) ............................................................. 5

III.  JURISDICTION & VENUE ............................................................. 6

IV.   FACTS & ALLEGATIONS ............................................................. 6

A.    PARTY PLAINTIFFS' ALLEGED CONSTITUTIONAL VIOLATIONS ...................... 6

(FAC ¶¶49 - 303) .......................................................................... 6

    A.    JACOBY PILLOW [DIC] (FAC ¶¶ 50 - 60) ...................................... 6

    B.    BRYAN JOHNSON [DIC] (FAC ¶¶ 61 - 70) ...................................... 7

    C.    EVAN ERMAYNE LEE [DIC] (FAC ¶¶ 71 - 81) .................................. 8

    D.    WILLIAM CURTIS BARRETT [DIC] (FAC ¶¶ 82 - 90) .......................... 9

    E.    KEVIN LEON SMITH [DIC] (FAC ¶¶ 91 - 99) .................................. 9

    F.    RAMON THOMAS [DIC] (FAC ¶¶ 100 - 109) .................................. 10

G.      NATHAN HENDERSON  [DIC] (FAC ¶¶ 110 - 117) ........................................ 11

H.      DEON PETERSON [DIC] (FAC ¶¶ 118 - 126)............................................. 11

I.      GARY WAYNE SMITH [DIC] (FAC ¶¶ 127 - 134) ............................................ 12

J.      KRISTAN SMITH [DIC] (FAC ¶¶ 135 - 142) ...................................... 12

K.      ROBERT WAYNE FORE [DIC] (FAC ¶¶ 143 - 149) ........................................ 13

L.      MICHAEL GRIEGO [DIC] (FAC ¶¶ 150 - 159)............................................. 13

M.      JEREMY GARRISON (FAC ¶¶ 160 - 173)........................................... 14

N.      ZACHERY JOHNSON (FAC ¶¶ 174 - 183)........................................... 15

O.      KENNETH RICHARD (FAC ¶¶ 184 - 193)........................................... 15

P.      JEREMIAH ANGLIN (FAC ¶¶ 194 - 201)........................................... 16

Q.      HARRELL VEAL (FAC ¶¶ 202 - 208)........................................... 17

R.      JOHN COOTE (FAC ¶¶ 209 - 222)........................................... 17

S.      TRAMEL MORELLE (FAC ¶¶ 223 - 228)........................................... 18

T.      BERNARD LOCKHART (FAC ¶¶ 229 - 233)........................................... 18

U.      RYAN TWEDT (FAC ¶¶ 234 - 245)........................................... 19

V.      ANTONIO RADCLIFFE (FAC ¶¶ 246 - 253) ........................................... 19

W.      ZACHARY ZEPEDA (FAC ¶¶ 254 - 260) ........................................... 20

X.      JAQUEZ MOORE (FAC ¶¶ 261 - 274)........................................... 20

Y.      TAYLOR EUELL (FAC ¶¶ 275 - 287) ........................................... 21

Z.      CHRISTOPHER YOUNG (FAC ¶¶ 288 - 295)........................................... 22

AA.      DYLAN PERIO (FAC ¶¶ 296 - 303)........................................... 22

B.      PLAINTIFF'S ALLEGATIONS REGARDING HARRIS COUNTY' POLICIES, CUSTOMES, PRACTICES AS MOVING FORCE OF ALLEGED CONSTITUTIONAL CLAIMS (FAC ¶¶ 304 - 313)..................................... 22

C.      HARRIS COUNTY'S RESPONSE TO ALLEGED CULTURE OF INDIFFERENCE IN JAIL OPERATIONS (FAC ¶¶ 314 - 486) ..................................... 23

D.      TEXAS COMMISSION ON JAIL STANDARDS CONTENT (FAC  ¶¶ 380 - 487) .................................................................................................. 23

     a.      Texas Commission on Jail Standards March 11, 2016, Report (FAC ¶¶ 380 - 383)...................................................................... 23

     b.      Texas Commission on Jail Standards February 21, 2017, Report (FAC ¶¶ 384 - 390). ................................................................ 24

     c.      Texas Commission on Jail Standards April 3, 2017 Report (FAC ¶¶ 391 - 395)...................................................................... 24

d.   Texas Commission on Jail Standards December 19, 2017 Report (FAC ¶¶ 396 - 404). ........................................................................... 25

e.   Texas Commission on Jail Standards August 23, 2018, Report (FAC ¶¶ 405 - 412). ........................................................................... 25

f.   Texas Commission on Jail Standards December 9, 2020 Annual Report (FAC ¶¶ 413 - 420). ................................................................ 26

g.   Texas Commission on Jail Standards April 6, 2021 Report (FAC ¶¶ 421 - 431). ........................................................................... 26

h.   Texas Commission on Jail Standards December 7, 2021 Report (FAC ¶¶ 432 - 440). ........................................................................... 26

i.   Texas Commission on Jail Standards September 7, 2022 Report (FAC ¶¶ 441 - 449). ........................................................................... 27

j.   Texas Commission on Jail Standards December 19, 2022 Report (FAC ¶¶ 450 - 455). ........................................................................... 27

k.   Texas Commission on Jail Standards March 8, 2023 Report (FAC ¶¶ 456 - 470). ........................................................................... 28

l.   Texas Commission on Jail Standards April 17, 2023 Report (FAC ¶¶ 471 - 476). ........................................................................... 28

m.   Texas Commission On Jail Standards Board Meeting August 3, 2023 (FAC ¶¶ 477 - 478). ................................................................ 28

n.   Texas Commission On Jail Standards August 28, 2023, Report (FAC ¶¶ 479 - 483). ........................................................................... 28

o.   TCJS Quarterly Meeting on November 2, 2023 (FAC ¶¶ 484 - 486). ................... 29

E.   PLAINTIFFS' COMPARATOR ALLEGATIONS REGARDING PRIOR AND CONCURRENT DEATHS IN CUSTODY (FAC ¶¶ 487 - 910) .......................... 29

1)   VINCENT YOUNG (FAC ¶¶488 - 504) ............................................. 30

2)   MAYTHAM ALSAEDY (FAC ¶¶505 - 531) ........................................ 30

3)   DEBORA ANN LYONS (FAC ¶¶518 - 531) ........................................ 31

4)   TRACY WHITED (FAC ¶¶532 - 541) ............................................... 31

5)   WALLACE HARRIS (FAC ¶¶542 - 550) ............................................ 32

6)   DAVID PEREZ (FAC ¶¶551 - 556) .................................................. 32

7)   ISRAEL LIZANO IGLESIAS (FAC ¶¶557 - 566) ................................. 33

8)   JIM FRANKLIN LAGRONE (FAC ¶¶567 - 577) ................................. 33

9)   JAMES EARL GAMBLE (FAC ¶¶578 - 587) ...................................... 33

10)   VICTORIA MARGARET SIMON (FAC ¶¶588 - 594) ......................... 34

11)   ALAN CHRISTOPER KERBER (FAC ¶¶595 - 601) ........................... 34

12) DAMIEN LAVON JOHNSON (FAC ¶¶602 - 609)..........................................35

13) JAQUAREE SIMMONS (FAC ¶¶610 - 646).......................................................35

14) RORY WARD, JR. [DIC] (FAC ¶¶647 - 658) ................................................36

15) ADAEL GONZALEZ GARCIA (FAC ¶¶659 - 668)..........................................36

16) FRED HARRIS [dic](FAC ¶¶669 - 685) .........................................................36

17) JEROME BARTEE, Jr. (FAC ¶¶686 - 701) ....................................................37

18) TERRY GOODWIN (FAC ¶¶702 - 714) ...........................................................37

19) GREGORY BARRETT [DIC](FAC ¶¶715 - 724)............................................37

20) CHRISTOPHER JOHNSON (FAC ¶¶725 - 736) ............................................38

21) MATTHEW RYAN SHELTON [DIC] (FAC ¶¶737 - 747) ...............................38

22) MICHAEL A. ALANIZ (FAC ¶¶748 - 758) .....................................................38

23) NAVIDAD FLORES (FAC ¶¶759 - 770) ..........................................................39

24) KAREEM JEFFERSON (FAC ¶¶771 - 779) ....................................................39

25) HENRY JOSEPH WILLIAMS (FAC ¶¶780 - 791)..........................................40

26) LORON ERNEST FISHER [DIC](FAC ¶¶792 - 801) .....................................40

27) BENJAMIN PIERCE [DIC] (FAC ¶¶802 - 810)...............................................41

28) GILBERT ALLENE NELSON [dic] (FAC ¶¶811 - 819) .................................41

29) KEVIN ALEXANDER SANCHEZ-TREJO [DIC] (FAC ¶¶820 -826) ..............41

30) SIMON PETER DOUGLAS [dic] (FAC ¶¶827 - 837)......................................42

31) ROBERT TERRY, JR. [dic] (FAC ¶¶838 - 845)............................................42

32) FABIAN CORTEZ [dic] (FAC ¶¶846 - 854) ...................................................43

33) ELIJAH GAMBLE (FAC ¶¶855 - 867)............................................................43

34) KENNETH LUCAS [DIC] (FAC ¶¶866 - 877)................................................43

35) RACHEL HATTON (FAC ¶¶878 - 884)...........................................................44

36) TREYVAN CROWDER: PRIOR DETAINEE; RELATIVE OF DEON
PETERSON (FAC ¶¶885 - 889) ....................................................................44

37) DETENTION OFFICER J. VALDIVIEZ (FAC ¶¶890 - 896).............................44

38) SERGEANT JANE DOE; ANONYMOUS (FAC ¶¶897 - 902)..........................45

39) HARRIS COUNTY JAIL EMPLOYEES (FAC ¶¶903 - 907)..............................45

40) RESIGNATION OF SHANNON HERKLOTZ, ASSISTANT CHIEF
OF DETERNTION (FAC ¶¶908 - 910) ..........................................................45

F. PLAINTIFFS' CURRENT POLICIES, PRACTICES CUSTOMS
PROMULGATED WITH ALLEGED "DELIBERATE INDIFFERENCE
(FAC ¶¶ 911 - 913) .......................................................................................45

V.      CAUSES OF ACTION ................................................................................. 46

A.      RESPONSE TO COUNT I: MONELL CLAIM; 14TH AMENDMENT;
        CONDITIONS OF CONFINEMENT (FAC ¶¶ 915 - 1077)........................... 46

B.      RESPONSE TO COUNT II: MONELL CLAIM; 14TH AMENDMENT;
        FAILURE TO TRAIN OR SUPERVISE  (FAC ¶¶ 1078 - 1171).................... 46

C.      COUNT III: VIOLATION OF AMERICAN WITH DISABILITITES ACT
        OF 1990 AND REHABILITATION ACT OF 1973 (FAC ¶¶ 1172 - 1296)................... 46

VI.     GENERAL DENIAL & ASSERTION OF OTHER LIMITATIONS UNDER
        SECTION 1983........................................................................................... 47

VII.    DAMAGES.................................................................................................. 47

VIII.   ATTORNEY'S FEES ................................................................................. 47

IX.     JURY REQUEST......................................................................................... 47

==========================================

# I.
## SUMMARY OF THE COMPLAINT
## (FAC ¶¶ 1 - 11)

1.      DEFENDANT HARRIS COUNTY admits that Harris County is organized under the laws of Constitution and Laws of the State of Texas. DEFENDANT admits that the Chief Law Enforcement Officer for the County is an elected Sheriff; DEFENANT admits that one of the functions of the Sheriff's Office and the COUNTY is to maintain a jail.

2.      DEFENDAN HARRIS COUNTY otherwise denies the material factual characterizations and conclusions contained in paragraphs 1 through 11 of Plaintiffs' First Amended Complaint (hereafter "FAC").

# II.
## PARTIES
## (FAC ¶¶ 12 - 44)

3.      FAC ¶¶ 12through 43 is a recitation of the Party Plaintiffs in Plaintiffs' live Complaint. DEFENDANT is not able to admit or deny whether the representations made are factually accurate as to the identity of the Parties, whether individually or as representatives of a plaintiff's estate. Therefore, DEFENDANT reserves the right to inquire further into the identity of the parties as named and to raise any defensive challenges that may apply should it be the case that the Party Plaintiff is not correctly named.

4.     DEFENDANT HARRIS COUNTY admits that administration of the Harris County JAIL is the responsibility of the Sheriff's Office under the Constitution and laws of the State of Texas.

## III.
## JURISDICTION & VENUE

5.     DEFENDANT HARRIS COUNTY does not contest the jurisdictional allegations contained in para. 45 of Plaintiffs' FAC.

6.     DEFENDANT HARRIS COUNTY does not contest the venue allegations contained in para. 46 of Plaintiffs' FAC.

## IV.
## FACTS & ALLEGATIONS

### A.     PARTY PLAINTIFFS' ALLEGED CONSTITUTIONAL VIOLATIONS (FAC ¶¶49 - 303)

#### A.     JACOBY PILLOW [DIC] (FAC ¶¶ 50 - 60)

7.     With respect to the allegations contained in Plaintiffs' FAC ¶¶50 through 60, DEFENDANT HARRIS COUNTY admits that On January 1, 2023, JACOBY PILLOW was placed in the Harris County Jail on a criminal trespass habit/shltr/superfund/infstrt charge. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding Pillow's bond. DEFENDANT HARRIS COUNTY admits that Pillow's records show he was referred to the mental health unit provider based, in part, on suicidal ideations. DEFENDANT HARRIS COUNTY denies that the Jail took any steps for the purpose of unjustly extending Pillow's time at the Jail.

8.     DEFENDANT HARRIS COUNTY admits that Pillow was involved in an altercation and that multiple officers were required to restrain him but denies that Pillow was subjected to excessive force or "beat" as Plaintiffs describe. DEFENANT HARRIS COUNTY admits that Pillow was evaluated at the Jail clinic following the altercation and that he refused vitals, was uncooperative and no injuries were observed by medical staff, so he was sent to a holding cell on the 6th floor.

9.     DEFENDANT HARRIS COUNTY admits that Pillow was found unresponsive on January 3, 2023, in his cell and passed away shortly after arriving at the hospital. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the

truth regarding a second autopsy and its results. DEFENDANT HARRIS COUNTY denies the trauma was caused by any excessive use of force.

10. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Pillow suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

## B. BRYAN JOHNSON [DIC] (FAC ¶¶ 61 - 70)

11. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 61-70, DEFENDANT HARRIS COUNTY admits that on or about June 8, 2022, BRYAN JOHNSON was booked into the Harris County Jail for charges of Felon in Possession of a firearm and evading arrest and that he reported on intake leg pain, asthma, and a prior concussion.

12. DEFENDANT HARRIS COUNTY denies that Johnson was pushed down and beat by officers on or around August 5, 2023, or that officers took him to a holding cell and then pulled him back out of the cell and beat him again.

13. DEFENDANT HARRIS COUNTY admits that Johnson was taken to the clinic a few days after an altercation with officers because Johnson was complaining of leg and wrist pain where he was evaluated and treated by medical staff. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether Johnson began having significant trouble breathing due to an injury on or about September 9, 2023.

14. DEFENDANT HARRIS COUNTY denies that in retaliation the officers took his inhaler from him and then returned it empty.

15. DEFENDANT HARRIS COUNTY denies that the Jail did not provide sufficient diagnostic testing or an inhaler that should have been ordered for Johnson.

16. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether a week prior to his death, Johnson requested emergency medical assistance for his trouble breathing by placing a request on the medical kiosk to which medical staff did not respond.

17. DEFENDANT HARRIS COUNTY admits that on October 1, 2022, Johnson's breathing was labored and medical assistance was requested but that Johnson became unresponsive and later died of a rare autoimmune disorder.

18.    DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Johnson suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### C.    EVAN ERMAYNE LEE [DIC] (FAC ¶¶ 71 - 81)

19.    With respect to the allegations contained in Plaintiffs' FAC ¶¶ 71 – 81, DEFENDANT HARRIS COUNTY admits that on December 22, 2021, EVAN ERMAYNE LEE was booked into 1200 Baker for the Harris County Jail for an aggravated assault with a deadly weapon charge.

20.    DEFENDANT HARRIS COUNTY admits that Lee had a reported history of bipolar disorder, and psychosis, as well as diabetes and hypertension.

21.    DEFENDANT HARRIS COUNTY denies that Lee was intentionally denied timely medication disbursements or that DEFENDANT HARRIS COUNTY caused Lee's conditions to worsen or have other social effects.

22.    DEFENDANT HARRIS COUNTY admits that on March 11, 2022, Lee was offered but refused medical treatment following an altercation with another inmate. DEFENDANT HARRIS COUNTY admits that Lee sustained blunt force head trauma with blood on his brain.

23.    DEFENDANT HARRIS COUNTY admits that on March 18, 2022, Lee was seen at the medical clinic and appeared disoriented and had facial bruising. DEFENDANT HARRIS COUNTY admits that he was transported to the hospital approximately 2 hours later and that he was ruled brain dead on March 20, 2022. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether the hospital found two significant head injuries with two areas of brain bleed. DEFENDANT HARRIS COUNTY admits that Lee's medical records indicated that, "Due to no clear history of trauma, nor external signs of trauma, vascular imaging was pursued for concerns for underlying vascular lesion. He underwent a diagnostic cerebral angiogram showing a small right dural arteriovenous fistula coming off a branch of the right occipital artery, draining into the transverse sinus. No clear vascular lesion on the left side was identified."

24.  DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Lee suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### D.   *WILLIAM CURTIS BARRETT [DIC] (FAC ¶¶ 82 - 90)*

25.  With respect to the allegations contained in Plaintiffs' FAC ¶¶ 82 – 90, DEFENDANT HARRIS COUNTY On November 17, 2022, WILLIAM CURTIS BARRETT was booked into the Harris County Jail for indecent exposure and that Barrett had previously been in Jail where he reported daily crack/cocaine use and behavioral and mental health issues.

26.  DEFENDANT HARRIS COUNTY  lacks knowledge or information sufficient to form a belief about the truth regarding whether Barrett was assaulted resulting in significant trauma to his head. DEFENDANT HARRIS COUNTY denies that Barrett was not provided sufficient medical treatment or full medical evaluation for known head injuries or knowingly failed to monitor Barrett.

27.  DEFENDANT HARRIS COUNTY admits that Barrett was found unresponsive by a jailer during the jailer's rounds and immediately transported to the hospital where he was declared deceased upon arrival.

28.  DEFENDANT HARRIS COUNTY admits that Barrett's cause of death has been listed as "blunt force head trauma with subdural and subarachnoid hemorrhage."

29.  DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Barrett suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### E.   *KEVIN LEON SMITH [DIC] (FAC ¶¶ 91 - 99)*

30.  With respect to the allegations contained in Plaintiffs'' FAC ¶¶ 91 - 99, DEFENDANT HARRIS COUNTY admits that on July 1, 2022, KEVIN LEON SMITH, JR. was booked in the Harris County Jail for continued sexual abuse of a child and reported having asthma. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether Smith's uncle was Gary Wayne Smith.

31.  DEFENDANT HARRIS COUNTY admits that on or around January 31, 2023, Smith suffered a medical emergency in his cell and was immediately transferred to the Jail clinic and then the hospital where he was pronounced deceased.

32. DEFENDANT HARRIS COUNTY denies Officers were not properly observing or monitoring Smith and failed to provide treatment once Smith's condition was observed.

33. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding trustees' involvement in transporting Smith or the number of officers that were looking in Smith's room, or the nature of the officers' conversation.

34. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Smith suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### F. RAMON THOMAS [DIC] (FAC ¶¶ 100 - 109)

35. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 100 -109, DEFENDANT HARRIS COUNTY admits that on April 19, 2023, RAMON THOMAS was booked into the Harris County Jail and reported being diagnosed with bipolar disorder, after which he was provided a psychiatric assessment followed by emergency medications and admission to the mental health unit with assault precautions.

36. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether Thomas was bullied or threatened by other inmates.

37. DEFENDANT HARRIS COUNTY admits that Thomas was moved to the sixth floor of 1200 Baker Street after several weeks in the mental health unit and stepdown unit. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether some employee of DEFENDANT gave Thomas' family assurances about where he would be housed and about the conversations Thomas had with his mother on July 1, 2023.

38. DEFENDANT HARRIS COUNTY admits that on July 1, 2023, Thomas was found suffering from a medical emergency and transported to the hospital where he was pronounced deceased, which was determined to be the result of cardiac hypertrophy. DEFENDANT HARRIS COUNTY denies that Thomas was denied life saving measures or that reports of same were falsified.

39. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding an independent autopsy of Mr. Thomas's body showed that he suffered significant blunt force trauma and asphyxiation which caused his death.

40.  DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Thomas suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### G.     NATHAN HENDERSON  [DIC] (FAC ¶¶ 110 - 117)

41.  With respect to the allegations contained in Plaintiffs' FAC ¶¶ 110 -117, DEFENDANT HARRIS COUNTY admits that on July 23, 2022, NATHAN HENDERSON was booked into the Harris County Jail after being transferred from a local hospital where he was being treated for multiple stab wounds, including one to his abdomen.

42.  DEFENDANT HARRIS COUNTY denies that Henderson was denied his prescribed medication and denied medical care for his wounds.

43.  DEFEDANT HARRIS COUNTY admits that on July 31, 2022, Henderson fell in the shower area and hit his head and that he was provided medical treatment at the Jail before being transported to the hospital where he was pronounced deceased from pulmonary thromboemboli.

44.  DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Henderson suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### H.     DEON PETERSON [DIC] (FAC ¶¶ 118 - 126)

45.  With respect to the allegations contained in Plaintiffs' FAC ¶¶ 118 -126, DEFENDANT HARRIS COUNTY admits that on February 23, 2021, DEON PETERSON was booked into the Harris County Jail.

46.  DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding Peterson's history of asthma, diabetes, and other medical conditions.

47.  DEFENDANT HARRIS COUNTY admits that Peterson was prescribed blood pressure medication and that on August 10, 2021, Peterson complained of chest pain and trouble breathing and was taken to the clinic. DEFENDANT HARRIS COUNTY admits that Peterson was assessed and sent back to his cell but returned to the clinic later that day where he fell from a chair.

48. DEFENDANT HARRIS COUNTY admits that Peterson was then transferred to a hospital where he was pronounced deceased from cardiovascular disease.

49. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Peterson suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY

### I.    GARY WAYNE SMITH [DIC] (FAC ¶¶ 127 - 134)

50. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 127 -134, DEFENDANT HARRIS COUNTY admits that on December 6, 2022, GARY WAYNE SMITH was booked into the Harris County Jail with several reported medical conditions and that he was seen by medical staff almost every day in just over a thirty-day period, including some visits to the hospital and that he complied with some treatment but also refused some treatment.

51. DEFENDANT HARRIS COUNTY admits that on January 10, 2023, a check of Smith was prompted by Smith not responding to the medication nurse and was found unresponsive in his cell and was declared deceased soon after.

52. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Smith suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### J.    KRISTAN SMITH [DIC] (FAC ¶¶ 135 - 142)

53. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 135 -142, DEFENDANT HARRIS COUNTY On April 27, 2022, KRISTAN SMITH was booked into the Harris County Jail for an assault with a deadly weapon charge where she was immediately transferred to the emergency room for hyperglycemia. DEFENDANT HARRIS COUNTY admits that Smith was receiving treatment and taking different medications for various medical conditions, including morbid obesity, anxiety, diabetes, hyperlipidemia, hypoglycemia, and thyroid disease.

54. DEFENDANT HARRIS COUNTY admits that Smith was found nonresponsive and provided life-saving treatment but died from Systemic candidiasis complicating diabetes mellitus.

55.   DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Smith suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### K.   ROBERT WAYNE FORE [DIC] (FAC ¶¶ 143 - 149)

56.   With respect to the allegations contained in Plaintiffs' FAC ¶¶ 143 -149, DEFENDANT HARRIS COUNTY admits that on May 21, 2022, ROBERT WAYNE FORE was booked into the Harris County Jail and for evading arrest and criminal trespass where he was provided a medical screening and reported daily drug use but no self-harm or suicidal ideations. DEFENDANT HARRIS COUNTY denies that the intake records showed that Fore had mental health issues that placed him at risk and required him to be treated and classified in a mental health facility.

57.   DEFENDANT HARRIS COUNTY admits that Fore was placed in a single-cell pursuant to COVID protocols, was not placed on suicide watch and was found deceased in his cell after he had hanged himself with a bedsheet approximately 36 hours after being housed.

58.   DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding what comments, if any, inmates made to Jailers or that Fore made to Jailers before he died.

59.   DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Fore suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### L.   MICHAEL GRIEGO [DIC] (FAC ¶¶ 150 - 159)

60.   With respect to the allegations contained in Plaintiffs' FAC ¶¶ 150 -159, DEFENDANT HARRIS COUNTY admits that March 4, 2022, MICHAEL GRIEGO was booked in the Harris County Jail.

61.   DEFENDANT HARRIS COUNTY denies that on November 13, 2022, Griego was attacked by numerous detainees within the observation of the detention officers and that detention officers did not interfere until after the beating stopped. DEFENDANT HARRIS COUNTY admits that Griego's bunkmate, Inmate Chad Maydwell, was reported to have struck Griego while he was on the top bunk before pulling Griego off of the bunk, causing him to fall and hit his head. DEFENDANT HARRIS COUNTY denies that officers

witnessed the attack or failed to intervene. DEFENDANT HARRIS COUNTY admits that Griego suffered severe head trauma and was transported to the hospital where he was determined to be brain dead.

62. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Griego suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### M. JEREMY GARRISON (FAC ¶¶ 160 - 173)

63. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 160 -173, DEFENDANT HARRIS COUNTY admits that on April 23, 2023, JEREMY GARRISON was booked in the Harris County Jail.

64. DEFENDANT HARRIS COUNTY denies that Garrison was beaten by several detention officers causing him to suffer injuries on or about April 23, 2023, but admits reasonable force was used on Garrison by Officer Garcia to get Garrison into handcuffs after Garrison assaulted Officer Garcia. DEFENDANT HARRIS COUNTY admits that Garrison complained about the incident and that an investigation was conducted pursuant to the County's policy of investigating allegations of excessive force.

65. DEFENDANT HARRIS COUNTY admits that on May 20, 2023, Garrison was out of his cell using the phone, but refused to return to his cell when asked to do so by officers. DEFENDANT HARRIS COUNTY admits that force was applied after Garrison continued to refuse to return to his cell and that Garrison shouted expletives at officers and resisted when officers attempted to restrain him. DEFENDANT HARRIS COUNTY admits that OC spray was used to try and gain compliance but was ineffective.

66. DEFENDNAT HARRIS COUNTY denies that Garrison was beaten by officers or that officers attempted to get rid of evidence of the use of force, which was promptly investigated.

67. DEFENDANT HARRIS COUNTY admits that Garrison was taken to the hospital and diagnosed with a fracture to his neck and injuries to his right arm and forehead, for which he was immediately treated, including treatment of surgery.

68. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Garrison suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### N. ZACHERY JOHNSON (FAC ¶¶ 174 - 183)

69. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 174 -183, DEFENDANT HARRIS COUNTY admits that on or around May 28, 2023, ZACHERY JOHNSON was booked into the Harris County Jail on charges of aggravated assault with a deadly weapon and child endangerment.

70. DEFENDANT HARRIS COUNTY denies that officers allowed Johnson to be assaulted on or about June 6, 2023, and denies that he was denied appropriate medical care and denies that Johnson was assaulted by officers.

71. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding actions Johnson's family took to get him released from the hospital and Johnson's subsequent medical treatment.

72. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Johnson suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### O. KENNETH RICHARD (FAC ¶¶ 184 - 193)

73. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 184 -193, DEFENDANT HARRIS COUNTY admits that on or about April 23, 2023, KENNETH RICHARD was booked in the Harris County Jail and reported that he had a history of anxiety.

74. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding Richard's communications with his mother or anxiety attacks.

75. DEFENDANT HARRIS COUNTY denies that Richard was shackled and beaten by six guards, and as a result, lost consciousness and was eventually sent to the hospital with severe head injuries, injuries to his back and chest, blurred vision, memory loss, numbness in his extremities, and PTSD and that his injuries required him to be intubated while he was unconscious.

76. DEFENDANT HARRIS COUNTY admits that on or about April 26, 2023, Richard received medical care after getting into an altercation with inmates Justin Carter, Claude Curry, Olawale Majekodunmi, Juan Martinez, Javion Mcneese, Babajide Ogunnubi, Daquarius Parker, and Rudolph Shelling, which was immediately broken up by officers and that medical staff noted that "Patient is presenting to clinic for post-altercation

evaluation. The patient was assaulted by other inmates and has a chief complaint of right eye swelling. He did not lose consciousness during the event. Patient is doing well currently, and has no other medical complaints at this time. No changes in mentation; AAOx4, deferring all other medical treatment at this time."

77.     DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Richard suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY

### P.     JEREMIAH ANGLIN (FAC ¶¶ 194 - 201)

78.     With respect to the allegations contained in Plaintiffs' FAC ¶¶ 194 -201, DEFENDANT HARRIS COUNTY admits that on or about November 28, 2022, JEREMIAH ANGLIN was booked into the Harris County Jail and reported a history of bipolar disorder and ADHD.

79.     DEFENDNANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether Anglin was diagnosed with schizophrenia at four years old.

80.     DEFENDANT HARRIS COUNTY denies that on or about February 1, 2023, Anglin was placed in handcuffs in the Jail when an officer inexplicably began kicking him the face or that an inexcusable use of force caused Angling to have six teeth knocked out of his mouth and significant swelling all over his head.

81.     DEFENDANT HARRIS COUNTY admits that on or about January 10, 2023, Anglin was treated for facial and mouth injuries, including the loss of two bottom front teeth and lip swelling and cuts that resulted from an altercation with officers that occurred when Anglin struck Officer Brezik who was escorting him to his cell and resisted officers who were attempting to gain control of Anglin. DEFENDANT HARRIS COUNTY denies that officers used excessive force.

82.     DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Anglin suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### Q.     HARRELL VEAL (FAC ¶¶ 202 - 208)

83.   With respect to the allegations contained in Plaintiffs' FAC ¶¶ 202 -208, DEFENDANT HARRIS COUNTY admits that on or about January 23, 2022, HARRELL VEAL was being escorted by officers to the 6th floor after telling Officer Natalie Portillo, "Bitch I'm facing life I don't give a fuck about you I'll whoop your ass once you step in this bitch, you scary ass hoe. You think you run shit. I do bitch. Show me what the fuck you got."

84.   DEFENDANT HARRIS COUNTY denies that an officer intentionally injured Veal in the elevator. DEFENDANT HARRIS COUNTY denies that Veal's medication was intentionally withheld. DEFENDANT HARRIS COUNTY denies that on or around December 24, 2022, Veal was attacked from behind by either officers or detainees and that the assailants punched and kicked Veal numerous times in the back, chest, and head and that Veal had significant injuries including broken ribs, bruised back, and numerous broken bones in his head.

85.   DEFENDANT HARRIS COUNTY admits that Veal reported on October 31, 2022, that he was "jumped" while asleep in his bunk by Inmates Jamariyon Charles and Francisco Saenz, who assaulted him and took his property and DEFENDANT HARRIS COUNTY admits that officers immediately called for ambulance services, which transported Veal to the hospital where he received medical care for facial injuries, including an orbital fracture.

86.   DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Veal suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### R.     JOHN COOTE (FAC ¶¶ 209 - 222)

87.   With respect to the allegations contained in Plaintiffs' FAC ¶¶ 209 -222, DEFENDANT HARRIS COUNTY admits that On February 1, 2023, JOHN COOTE was booked into the Harris County Jail.

88.   DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether On February 7, 2023, while on the 7th floor of the 701 N San Jacinto, Coote was threatened by a detainee.

89. DEFENDANT admits that there was an altercation with at least one Officer but lacks knowledge or information sufficient to form a belief about the truth regarding what instigated the altercation.

90. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Coote suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### S. *TRAMEL MORELLE (FAC ¶¶ 223 - 228)*

91. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 223 -228, DEFENDANT HARRIS COUNTY admits that on or around July 28, 2023, TRAMELL MORELLE was booked into the Harris County Jail as a fugitive for a family violence charge.

92. DEFENDANT HARRIS COUNTY admits that on or about July 30, 2023, Morelle was in a fight with Inmate Ulysses Molina and was subsequently treated at the hospital for injuries to his jaw.

93. DEFENDANT HARRIS COUNTY denies that officers allowed or witnessed Morelle being assaulted by multiple inmates or failed to observe Morelle.

94. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Morelle suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### T. *BERNARD LOCKHART (FAC ¶¶ 229 - 233)*

95. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 229 -233, DEFENDANT HARRIS COUNTY admits that contends that on June 28, 2022, BERNARD LOCKHART was booked into the Harris County jail and that officers were attempting to return Lockhart to his cell when he resisted being handcuffed. DEFENDANT HARRIS COUNTY denies Lockhart was taken to a holding cell and beat by multiple officers.

96. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether Lockhart obtained medical treatment after being released.

97. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Lockhart suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY

### U. *RYAN TWEDT (FAC ¶¶ 234 - 245)*

98. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 234 -245, DEFENDANT HARRIS COUNTY admits that contends that on February 15, 2022, RYAN TWEDT was booked into the Harris County Jail and reported bipolar disorder, PTSD, and cocaine and heroin abuse.

99. To the extent Plaintiffs allege that Twedt was denied medical care with regard to his medication being dispensed, DEFENDANT HARRIS COUNTY denies the allegation.

100. DEFENDANT HARRIS COUNTY admits that on April 8, 2022, on the 5th floor of 1200 Baker, Twedt was involved in an altercation with another detainee but denies an officer threatened Twedt.

101. DEFENDANT HARRIS COUNTY admits that on or about April 9, 2022, Twedt kept covering up the camera in the holding cell and refused orders to put his hands behind his back so that officers could escort him to his cell. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding they Twedt was covering the cameras with toilet paper. DEFENDANT HARRIS COUNTY denies that officers used excessive force to gain compliance and lacks knowledge or information sufficient to form a belief about medical treatment Twedt received after his release.

102. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Twedt suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### V. *ANTONIO RADCLIFFE (FAC ¶¶ 246 - 253)*

103. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 246 -253, DEFENDANT HARRIS COUNTY admits that on March 7, 2023, ANTONIO RADCLIFFE was booked in the Harris County Jail.

104. DEFENDANT HARRIS COUNTY admits that Radcliffe was punched by Inmate Joseph Thompson on or about May 18, 2023, and that an officer immediately grabbed Thompson and pulled him back. DEFENDANT HARRIS COUNTY denies that Radcliffe was not provided adequate medical treatment or nutrition or that he suffered injuries so severe that he was unable to attend his court date.

105. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Radcliffe suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### W.     ZACHARY ZEPEDA (FAC ¶¶ 254 - 260)

106. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 254 -260, DEFENDANT HARRIS COUNTY admits that on June 6, 2023, ZACHARY ZEPEDA was booked in the Harris County Jail and reported a history of bipolar disorder, depression, anxiety, and substance abuse.

107. DEFENDANT HARRIS COUNTY admits that on or about June 11, 2023, Zepeda was assaulted by other Inmates and suffered significant injuries for which he was hospitalized on several occasions. DEFENDANT HARRIS COUNTY denies that officers intentionally allowed the assault on Zepeda to go on.

108. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Zepeda suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### X.     JAQUEZ MOORE (FAC ¶¶ 261 - 274)

With respect to the allegations contained in Plaintiffs' FAC ¶¶ 261 -274, DEFENDANT HARRIS COUNTY admits that on or about November 17 2022, JAQUEZ MOORE was booked into the Harris County Jail with a history of seizures due to a brain injury suffered prior to being arrested and being diagnosed with epilepsy. DEFENDANT HARRIS COUNTY denies that Moore's seizure medication was ever withheld as punishment.

109. DEFENDANT HARRIS COUNTY admits that on or about February 5, 2023, Moore was observed punching Inmate Jose Cruz, and Moore had to be removed from the housing area. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether Moore was involved in a subsequent altercation in February related to his commissary bag. DEFENDANT HARRIS COUNTY admits that on or around February 12, 2023, officers responded when Moore was observed having a seizure and he was taken to the clinic for treatment.

110.   DEFENDANT HARRIS COUNTY denies that treatment was withheld as punishment or that treatment was inadequate, or that Moore was housed in a particular cell while awaiting treatment as punishment.

111.   DEFENDANT HARRIS COUNTYT denies that on April 19, 2023, Moore was attacked again but admits that on that date Inmate Sebastian Scalzo reported that Moore and others had threatened to violently assault him if he did not pay them "rent."

112.   DEFENDANT HARRIS COUNTY denies that in May 2023, Moore was attacked by another detainee while Moore was walking back from the commissary, but admits that in May 2023, Inmate Kelvin Jones reported that Moore and five other inmates had jumped Jones.

113.   DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether the medical kiosk was occasionally broken in 2023, but denies that Moore was denied medical care or unable to make medical requests.

114.   DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Moore suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### Y.    TAYLOR EUELL (FAC ¶¶ 275 - 287)

115.   With respect to the allegations contained in Plaintiffs' FAC ¶¶ 275 -287:

116.   DEFENDANT HARRIS COUNTY admits that on September 28, 2022, TAYLOR EUELL was booked into the Harris County Jail and that he was determined to have mental and physical conditions to which he received medication including seizures.

117.   DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether, on or about September 29, 2022, an officer "snatched" Euell's commissary bag, but denies an officer used excessive force.

118.   DEFENDANT HARRIS COUNTY admits that Euell was regularly treated for his medical conditions, including being taken to the hospital on several occasions.

119.   DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether Euell told an officer that another detainee had threatened to sexually assault him. DEFENDANT HARRIS COUNTY admits that Euell was subsequently involved in an altercation with the inmate during which Euell suffered a facial injury, but denies that a sexual assault occurred and denies that the other inmate was

actually the aggressor. DEFENDANT HARRIS COUNTY denies that medical treatment was withheld.

120. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Euell suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY

### Z. CHRISTOPHER YOUNG (FAC ¶¶ 288 - 295)

121. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 288 -295:

122. DEFENDANT HARRIS COUNTY admits that in February 2023, CHRISTOPHER YOUNG was in the Harris County Jail.

123. DEFENDANT HARRIS COUNTY lacks knowledge or information sufficient to form a belief about the truth regarding whether Young fell or was assaulted by an inmate on or about February 11, 2023, while walking to the bathroom. DEFENDANT HARRIS COUNTY admits that Young was treated at the hospital for various medical conditions.

124. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Young suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### AA. DYLAN PERIO (FAC ¶¶ 296 - 303)

125. With respect to the allegations contained in Plaintiffs' FAC ¶¶ 296 -303:

126. DEFENDANT HARRIS COUNTY admits that around November 2022, DYLAN PERIO was booked into the Harris County Jail. DEFENDANT HARRIS COUNTY denies that Perio was knowingly denied medication for HIV or that he was denied medical care, generally. with a known chronic medical condition.

127. DEFENDANT HARRIS COUNTY denies all other material factual allegations in these paragraphs and denies that Perio suffered a deprivation of his Constitutional rights by DEFENDANT HARRIS COUNTY.

### B. PLAINTIFF'S ALLEGATIONS REGARDING HARRIS COUNTY' POLICIES, CUSTOMES, PRACTICES AS MOVING FORCE OF ALLEGED CONSTITUTIONAL CLAIMS (FAC ¶¶ 304 - 313)

128. With respect to FAC ¶¶ 304 through 313 of the FAC, which do not aver facts, but rather state and restate arguments and conclusions, DEFENDANT HARRIS COUNTY contends

these are allegations to which no Rule 8 response is required. To the extent these paragraphs contain factual averments, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in these paragraphs.

**C.  HARRIS COUNTY'S RESPONSE TO ALLEGED CULTURE OF INDIFFERENCE IN JAIL OPERATIONS (FAC ¶¶ 314 - 486)**

129.  With respect to FAC ¶¶ 316 through 340 of the FAC, DEFENDANT admits that there is a Department of Justice Report from June 4, 2009 ("DOJ Report") that addresses issues, concerns, and administrative findings pertaining to the conditions of confinement at the Harris County Jail at or around the time that the DOJ Report was authored in 2009. DEFENDANT denies that there were any final adjudicated judicial findings of unconstitutional conditions of confinement at the HARRIS COUNTY Jail at that time. Further, DEFENDANT HARRIS COUNTY denies that the contents of the DOJ Report of 2009 went uncontested. Finally, DEFENDANT contends that any claims referenced in the DOJ Report are, at this point, barred by limitations.

130.  With respect to FAC ¶¶ 341 through 356 of the FAC, DEFENDANT admit that there has been political debate and accusation by candidates for office alleging that the HARRIS COUNTY Jail Operations are constitutionally infirm. DEFENDANT denies that there were any final adjudicated judicial findings of unconstitutional conditions of confinement at the HARRIS COUNTY Jail during the debates and the periods in question.

131.  With respect to FAC ¶¶ 357 through 377 of the FAC, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in these paragraphs.

132.  DEFENDANT HARRIS COUNTY denies the material factual and legal allegations alleged in the foregoing paragraphs and demands appropriate evidentiary proof of the allegations made.

**D.  TEXAS COMMISSION ON JAIL STANDARDS CONTENT (FAC ¶¶ 380 - 487)**

   **a.  Texas Commission on Jail Standards March 11, 2016, Report (FAC ¶¶ 380 - 383).**

133.  With respect to the foregoing TCJS Report dated 3/11/2016, DEFENDANT HARRIS COUNTY admits that the TCJS Inspector at the time made an administrative finding that the then Jail Administration did not provide MHMR services within 30 days after the

requests had been submitted by an inmate as required by the TCJS standards, Chapter 273, and criteria in place at that time.

134. DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

135. DEFENDANT further contends that under the two-year statute of limitations pertaining to Section 1983 constitutional claims and causes of action, any claim or contention that the administrative violation is actionable under Section 1983 is barred by the two-year statute of limitations applicable to Section 1983 claims under Texas law.

136. DEFENDANT denies the material factual characterizations in the paragraphs pertaining to this aforementioned Report.

   **b.   Texas Commission on Jail Standards February 21, 2017, Report (FAC ¶¶ 384 - 390).**

137. With respect to the foregoing Jail Standards Report dated 2/21/2017, DEFENDANT HARRIS COUNTY admits that the aforementioned Report notes deficiencies under the TCJS Rules, Chapter 275 as noted in the Report.

138. DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

139. DEFENDANT further contends that under the two-year statute of limitations pertaining to Section 1983 constitutional claims and causes of action, any claim or contention that the administrative violation is actionable under Section 1983 is barred by the two-year statute of limitations applicable to Section 1983 claims under Texas law.

140. DEFENDANT denies the material factual characterizations in the paragraphs pertaining to this aforementioned Report.

   **c.   Texas Commission on Jail Standards April 3, 2017 Report (FAC ¶¶ 391 - 395).**

141. With respect to the foregoing Jail Standards Report dated 4/3/2017, DEFENDANT HARRIS COUNTY admits that admits that the aforementioned Report notes deficiencies under the TCJS Rules, Chapter 271, 275 and 281 as noted in the Report.

142. DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

143. DEFENDANT further contends that under the two-year statute of limitations pertaining to Section 1983 constitutional claims and causes of action, any claim or contention that the administrative violation is actionable under Section 1983 is barred by the two-year statute of limitations applicable to Section 1983 claims under Texas law.

144. DEFENDANT denies the material factual characterizations in the paragraphs pertaining to this aforementioned Report.

**d.    Texas Commission on Jail Standards December 19, 2017 Report (FAC ¶¶ 396 - 404).**

145. With respect to the foregoing Jail Standards Report dated 12/19/2017, DEFENDANT HARRIS COUNTY admits that admits that the aforementioned Report notes deficiencies under the TCJS Rules, Chapter 275 as noted in the Report.

146. DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

147. DEFENDANT further contends that under the two-year statute of limitations pertaining to Section 1983 constitutional claims and causes of action, any claim or contention that the administrative violation is actionable under Section 1983 is barred by the two-year statute of limitations applicable to Section 1983 claims under Texas law.

148. DEFENDANT denies the material factual characterizations in the paragraphs pertaining to this aforementioned Report.

**e.    Texas Commission on Jail Standards August 23, 2018, Report (FAC ¶¶ 405 - 412).**

149. With respect to the foregoing Jail Standards Report dated 8/23/2018, DEFENDANT HARRIS COUNTY has been unable to locate this report after a due diligence search.

150. Therefore, DEFENDANT is unable to admit or deny the material factual allegations contained in these paragraphs. Therefore, the factual allegations and characterizations contained in these paragraphs are, at this time, denied under the Rules.

**f. Texas Commission on Jail Standards December 9, 2020 Annual Report (FAC ¶¶ 413 - 420).**

151. With respect to the foregoing Jail Standards Report dated 12/9/2020, DEFENDANT HARRIS COUNTY admits that the aforementioned Report is an Annual Report conducting an audit of jail operations as per Gov't Code Chapter 511 and 37 TAC Chapter 297, Section 5 regarding compliance with minimum jail standards under Gov't Code Chapter 351, as noted in the Report.

152. DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

153. DEFENDAN further contends that under the two-year statute of limitations pertaining to Section 1983 constitutional claims and causes of action, any claim or contention that the administrative violation is actionable under Section 1983 is barred by the two-year statute of limitations applicable to Section 1983 claims under Texas law.

154. DEFENDANT denies the material factual characterizations in the paragraphs pertaining to this aforementioned Report.

**g. Texas Commission on Jail Standards April 6, 2021 Report (FAC ¶¶ 421 - 431).**

155. With respect to the alleged Jail Standards Report dated 4/6/2021, DEFENDANT HARRIS COUNTY has been unable to locate this specific report after a due diligence search. Therefore, DEFENDANT is unable to admit or deny the material factual allegations contained in these paragraphs.

156. DEFENDANT HARRIS COUNTY admits that there exists a TCJS Report dated 4/13/2021 which references a non-compliance report dated 4/5/2021, but further notes as a point of optional completeness that in the report dated 4/13/2021, the deficiencies noted in the 4/5/2021 inspection have been corrected.

157. Therefore, the factual allegations and characterizations contained in these paragraphs, are denied under the Rules.

**h. Texas Commission on Jail Standards December 7, 2021 Report (FAC ¶¶ 432 - 440).**

158. With respect to the foregoing Jail Standards Report dated 12/7/2021, DEFENDANT HARRIS COUNTY admits that admits that the aforementioned Report notes deficiencies

under the TCJS Rules, Chapters 275 [Supervision] and 297 [Sanitation] as noted in the Report.

159. DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

160. DEFENDANT otherwise denies the material factual allegations and characterizations urged by Plaintiffs in foregoing paragraphs pertaining to this Report.

**i.     Texas Commission on Jail Standards September 7, 2022 Report (FAC ¶¶ 441 - 449).**

161. With respect to the foregoing Jail Standards Report dated 9/7/2022, DEFENDANT HARRIS COUNTY admits that admits that the aforementioned Report notes deficiencies under the TCJS Rules, Chapters 259, 265 and 277 as noted in the Report.

162. DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

163. DEFENDANT otherwise denies the material factual allegations and characterizations urged by Plaintiffs in foregoing paragraphs pertaining to this Report.

**j.     Texas Commission on Jail Standards December 19, 2022 Report (FAC ¶¶ 450 - 455).**

164. With respect to the foregoing Jail Standards Report dated 12/19/2022, DEFENDANT HARRIS COUNTY admits that admits that the aforementioned Report notes deficiencies under the TCJS Rules, Chapters 273 as noted in the Report.

165. DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

166. DEFENDANT otherwise denies the material factual allegations and characterizations urged by Plaintiffs in foregoing paragraphs pertaining to their Section 1983 claims and causes of action asserted herein.

**k.    Texas Commission on Jail Standards March 8, 2023 Report (FAC ¶¶ 456 - 470).**

167.    With respect to the foregoing Jail Standards Report dated 3/8/2023, DEFENDANT HARRIS COUNTY admits that admits that the aforementioned Report notes deficiencies under the TCJS Jail Standards under Chapter 259 and 273, as noted in the Report.

168.    DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

169.    DEFENDANT otherwise denies the material factual allegations and characterizations urged by Plaintiffs in foregoing paragraphs pertaining to their Section 1983 claims and causes of action asserted herein.

**l.    Texas Commission on Jail Standards April 17, 2023 Report (FAC ¶¶ 471 - 476).**

170.    With respect to the foregoing Jail Standards Report dated 4/17/2023, DEFENDANT HARRIS COUNTY admits that admits that the aforementioned Report notes deficiencies under the TCJS Jail Standards under Chapter 275, as noted in the Report.

171.    DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

172.    DEFENDANT otherwise denies the material factual allegations and characterizations urged by Plaintiffs in foregoing paragraphs pertaining to their Section 1983 claims and causes of action asserted herein.

**m.    Texas Commission On Jail Standards Board Meeting August 3, 2023 (FAC ¶¶ 477 - 478).**

173.    DEFENDANT HARRIS COUNTY, in reliance on the minutes of the TCJS Board Meeting of 8/3/2023, admits to the contents reflected in those Board Minutes.

174.    DEFENDANT otherwise denies the material factual allegations, averments, and characterizations urged by Plaintiff in these paragraphs.

**n.    Texas Commission On Jail Standards August 28, 2023, Report (FAC ¶¶ 479 - 483).**

175.    With respect to the foregoing Jail Standards Report dated 8/28/2023, DEFENDANT HARRIS COUNTY admits that admits that the aforementioned Report notes deficiencies under the TCJS Jail Standards under Chapter 259 and 275, as noted in the Report.

176. DEFENDANT denies that the TCJS Report made any administrative findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

177. DEFENDANT otherwise denies the material factual allegations and characterizations urged by Plaintiffs in foregoing paragraphs pertaining to their Section 1983 claims and causes of action asserted herein.

    o.    **TCJS Quarterly Meeting on November 2, 2023 (FAC ¶¶ 484 - 486).**

178. With respect to the factual allegations contained in FAC ¶¶ 484 - 486, DEFENDANT admits that in correspondence dated November 2, 2023 from TCJS Executive Director Brandon S. Wood to Hon. County Judge Lina Hidalgo and Sheriff Ed Gonzalez, Director Wood outlined and described a set of facts mirroring the factual allegations contained in the foregoing paragraphs.

179. DEFENDANT admits that there are continuing concerns with meeting certain TDCJ administrative regulations, particularly those pertaining to staffing and staffing rations. However DEFENDANT denies that the TCJS Report make any findings of a Constitutional violation. DEFENDANT further denies that it is the role of the TCJS to make findings of a Constitutional magnitude under Section 1983.

180. DEFENDANT otherwise denies the material factual allegations and characterizations urged by Plaintiffs in foregoing paragraphs pertaining to their Section 1983 claims and causes of action asserted herein. DEFENDANT further contends and denies that non-compliance with administrative regulations is tantamount to an admission of liability of a Section 1983 claim pertaining to unconstitutional jail conditions or unconstitutional jail operations.

**E.    PLAINTIFFS' COMPARATOR ALLEGATIONS REGARDING PRIOR AND CONCURRENT DEATHS IN CUSTODY (FAC ¶¶ 487 - 910)**

181. Except as otherwise specifically admitted in the paragraphs below, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in paras. 487 - 910 of Plaintiffs' FAC.

182. With respect to the following comparator allegations as to which there exists a past or pending lawsuit, DEFENDANT HARRIS COUNTY incorporates by reference the COUNTY's pleadings, answers, denials, and defenses asserted in each respective lawsuit.

183. DEFENDANT respectfully requests that the Court take judicial notice of the contents of the following lawsuits as more specifically referenced for each Comparator below.

### 1)    VINCENT YOUNG (FAC ¶¶488 - 504)

184. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that VINCENT YOUNG was a detainee in the Harris County Jail. DEFENDANT admits that on or about 02/13/2017, Jail Staff found Young with a white bed sheet wrapped around his neck hanging from a propped up portable bed which he had pushed into shower within Cellblock #M209. DEFENDANT further admits that Jail Staff cut and removed the bedsheet from Young's neck and that on-scene nurses immediately initiated CPR procedures on Young and continued performing those procedures until HFD EMS arrived. DEFENDANT further admits that HFD EMS transported Young to St. Joseph's Hospital where the hospital medical staff continued to provide CPR and medical treatment to him. DEFENDANT further admits that Young, according to the Custodial Death Report, was pronounced deceased at 20:14 on 02/13/2017.

185. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 2)    MAYTHAM ALSAEDY (FAC ¶¶505 - 531)

186. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that MAYTHAM ALSAEDY was a detainee in the Harris County Jail. DEFENDANT admits that on or about 11/30/2017, Jail Staff entered Alsaedy's cell and found him with a sheet around his neck, hanging from a smoke detector. DEFENDANT further admits that Jail Staff immediately began performing CPR and retrieved an AED. DEFENDANT further admits that the responding medical staff continued performing CPR during ALSAEDY's transport to the 1200 Clinic. DEFENDANT further admits that HFD EMS transported Alsaedy to St. Joseph Hospital where, according to the Custodial Death Report, he was pronounced deceased at 00:06 on 12/01/2017.

187. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained

in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 3) *DEBORA ANN LYONS (FAC ¶¶518 - 531)*

188. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that DEBORA ANN LYONS was a detainee in the Harris County Jail. DEFENDANT admits that on or about 17:58 on 08/154/2018, Lyons who had secured a sheet around her waist and concealed it, exited cell 4D1A to receive insulin. DEFENDANT further admits that at 18:04, Lyons opened the door to a Multi-purpose Room and entered, closing the door behind her. DEFENDANT further admits that at 18:48, Inmates entering the Multi-purpose Room to attend church service discovered Lyons hanging inside the door and that Jail Staff immediately responded, initiated CPR, and notified medical staff who used a stretcher to transport Lyons to the clinic. DEFENDANT further admits that HFD EMS transported Lyons to Ben Taub Hospital where, according to the Custodial Death Report, she was pronounced deceased at 13:57 on 08/15/2018.

189. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 4) *TRACY WHITED (FAC ¶¶532 - 541)*

190. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that TRACY WHITED was a detainee in the Harris County Jail. DEFENDANT admits that at or about 07:25 on 01/14/2019, Jail Staff performing a visual observation of cellblock 4H1 were notified by another inmate that Whited was attempting to harm herself. DEFENDANT further admits that upon finding Whited with a sheet around her neck and hanging from an upper bunk, Jail Staff cut the sheet from around her neck and initiated CPR. DEFENDANT further admits that Whited was then transported to the clinic with CPR in progress and that HFD EMS transported Whited to Ben Taub Hospital where, according to the Custodial Death Report, she was pronounced deceased at 10:05 on 01/16/2019.

191. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained

in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 5) *WALLACE HARRIS (FAC ¶¶542 - 550)*

192. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that WALLACE HARRIS, who had a history of hypertension, was a detainee in the Harris County Jail. DEFENDANT further admits that on or about 05/06/2020, Jail Staff discovered Harris unresponsive on his cell floor with shallow breathing. DEFENDANT further admits that Jail Staff immediately initiated life-saving measures and rushed Harris to the clinic. DEFENDANT further admits that HFD paramedics arrived, took over performing life-saving measures, and transported Harris to LBJ Hospital where, according to the Custodial Death Report, he was pronounced deceased at 23:17 on 05/06/2020 from a cardiac arrest.

193. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 6) *DAVID PEREZ (FAC ¶¶551 - 556)*

194. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that DAVID PEREZ was a detainee in the Harris County Jail. DEFENDANT further admits that at or about 23:27 on 09/13/2020, Jail Staff discovered Perez unresponsive in his single cell and immediately initiated CPR. DEFENDANT further admits that Jail Staff transported Perez to the clinic with ongoing CPR. DEFENDANT further admits that HFD paramedics arrived, took over performing CPR, and transported Perez to St. Joseph's Hospital where, according to the Custodial Death Report, he was declared brain-dead at 16:36 on 09/14/2020. DEFENDANT further admits that, due to his status as an organ donor, Perez was pronounced dead on 09/15/2020.

195. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

*7)*    ***ISRAEL LIZANO IGLESIAS (FAC ¶¶557 - 566)***

196.    Based on available jail record data, DEFENDANT HARRIS COUNTY admits that ISRAEL LIZANO IGLESIAS was a detainee in the Harris County Jail. DEFENDANT further admits that on 02/09/202, while Iglesias was in the clinic holding cell awaiting Mental Health and Medical screenings prior to being cleared for housing, other inmates alerted staff that he needed medical attention. DEFENDANT further admits that medical staff immediately transported Iglesias into the clinic where he was found alert and non-verbal. DEFENDANT further admits that Iglesias then became unresponsive and that CPR was initiated. DEFENDANT further admits that HFD paramedics arrived, took over performing CPR, and transported Iglesias to LBJ Hospital where, according to the Custodial Death Report, he was pronounced deceased at 05:08.

197.    Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

*8)*    ***JIM FRANKLIN LAGRONE (FAC ¶¶567 - 577)***

198.    Based on available jail record data, DEFENDANT HARRIS COUNTY admits that JIM FRANKLIN LAGRONE was a detainee in the Harris County Jail. DEFENDANT further admits that on 07/31/2022 a detention officer conducting security rounds found Lagrone unresponsive in his single cell and alerted the medical staff who arrived, initiated CPR, and transported him to the clinic. DEFENDANT further admits that HFD paramedics arrived, took over performing CPR, and transported Lagrone to Ben Taub Hospital where, according to the Custodial Death Report, he went into cardiac arrest and was pronounced deceased at 13.11.

199.    Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

*9)*    ***JAMES EARL GAMBLE (FAC ¶¶578 - 587)***

200.    Based on available jail record data, DEFENDANT HARRIS COUNTY admits that JAMES EARL GAMBLE was a detainee in the Harris County Jail. DEFENDANT further

admits that while distributing dinner trays on 08/25/2022, Jail Staff were advised that Gamble was unresponsive in his bunk. DEFENDANT further admits that Jail Staff initiated CPR and alerted the medical staff who arrived, continued CPR, and transported Gamble to the clinic. DEFENDANT further admits that HFD paramedics arrived, took over performing CPR, and transported Gamble to LBJ Hospital where, according to the Custodial Death Report, he was pronounced deceased at 16:51.

201. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 10) *VICTORIA MARGARET SIMON (FAC ¶¶588 - 594)*

202. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that VICTORIA MARGARET SIMON was a detainee in the Harris County Jail. DEFENDANT further admits that on 10/02/2022, nurses and a jail officer who went to Simon's quarantine cell to test her for tuberculosis found her unresponsive and initiated CPR. DEFENDANT further admits that Simon was transported to the clinic with ongoing CPR where, according to the Custodial Death Report, she was pronounced deceased at 08:40.

203. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 11) *ALAN CHRISTOPER KERBER (FAC ¶¶595 - 601)*

204. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that ALAN CHRISTOPHER KERBER was a detainee in the Harris County Jail. DEFENDANT further admits that on 10/12/2022, Jail Staff distributing breakfast found Kerber unresponsive in his single cell. DEFENDANT further admits that medical staff responded and initiated CPR which they continued while transporting Kerber to the jail clinic. DEFENDANT further admits that HFD personnel responded to the situation and, according to the Custodial Death Report, pronounced Kerber deceased at 05:36.

205. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 12) *DAMIEN LAVON JOHNSON (FAC ¶¶602 - 609)*

206. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that DAMIEN LAVON JOHNSON was a detainee in the Harris County Jail. DEFENDANT further admits that on 11/13/2022, Jail and medical staff responded to a report that Johnson was hanging from a sheet in his cell. DEFENDANT further admits that when the Jail and medical staff arrived at his cell, Johnson had a pulse. DEFENDANT further admits that medical staff transported Johnson to the clinic. DEFENDANT further admits that HFD paramedics then assumed care and transported him to Ben Taub Hospital where, according to the Custodial Death Report, he was pronounced deceased at 16:12 on 11/15/2022.

207. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 13) *JAQUAREE SIMMONS (FAC ¶¶610 - 646)*

208. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that JAQUAREE SIMMONS was a detainee in the Harris County Jail. DEFENDANT further admits that ON 02/17/2021, detention officers, while distributing lunch, discovered Simmons lying face down in his cell, determined that he was unresponsive, initiated CPR and notified medical staff of the situation. DEFENDANT further admits that medical staff responded, took over CPR, and transported Simmons to the clinic where they continued life-saving procedures and notified HFD of the situation. DEFENDANT further admits that when HFD paramedics arrived, they assumed care and transported Simmons to LBJ Hospital where, according to the Custodial Death Report, he was pronounced deceased at 13:27.

209. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained

in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 14)   RORY WARD, JR. [DIC] (FAC ¶¶647 - 658)

210.   A referenced in FAC ¶¶647 through 658, the estate of this Detainee has a separate pending lawsuit styled and numbered *Ward v Harris County*, Case No. 4:23-cv-01798, (USSD TX - Houston Div) which is pending. DEFENDANT HARRIS COUNTY requests that the Court take judicial notice of the contents of the separate lawsuit.

211.   DEFENDANT HARRIS COUNTY incorporates by reference it responses and answer in the lawsuit. To the extent that the FAC pleads a case different from what was pleaded in the Ward lawsuit, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the FAC ¶¶647 through 658.

### 15)   ADAEL GONZALEZ GARCIA (FAC ¶¶659 - 668)

212.   A referenced in FAC ¶¶659 through 668, this Detainee has a separate pending lawsuit styled and numbered *Adael Gonzalez Garcia v Harris County*, Case No. 4:23-cv-542 (USSD TX. - Houston Div) which is pending. DEFENDANT HARRIS COUNTY requests that the Court take judicial notice of the contents of the separate lawsuit.

213.   More specifically, the claims in this lawsuit were DISMISSED WITH PREJUDICE on 3/26/2024 (Doc. #40).

214.   DEFENDANT HARRIS COUNTY incorporates by reference it responses and answer in the lawsuit. To the extent that the FAC pleads a case different from what was pleaded in the Ward lawsuit, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the FAC ¶¶659 through 668.

### 16)   FRED HARRIS [DIC](FAC ¶¶669 - 685)

215.   A referenced in FAC ¶¶669 through 685, this Detainee has a separate pending lawsuit styled and numbered *Dallas Garcia et. al. v Harris County*, Case No. 4:22-cv-3093 (USSD TX. - Houston Div) which is pending. DEFENDANT HARRIS COUNTY requests that the Court take judicial notice of the contents of the separate lawsuit. The lawsuit remains pending.

216.   DEFENDANT HARRIS COUNTY incorporates by reference it responses and answer in the lawsuit. To the extent that the FAC pleads a case different from what was pleaded in

the Ward lawsuit, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the FAC ¶¶669 through 685.

### 17) *JEROME BARTEE, JR. (FAC ¶¶686 - 701)*

217. A referenced in FAC ¶¶686 through 701, this Detainee has a separate pending lawsuit styled and numbered *Jerome Bartee, Jr. v Harris County*, Case No. 4:16-cv-02944 (USSD TX. - Houston Div). DEFENDANT HARRIS COUNTY requests that the Court take judicial notice of the contents of the separate lawsuit.

218. More specifically, the claims in this lawsuit were DISMISSED on 10/28/2021 (Doc. #172).

219. DEFENDANT HARRIS COUNTY incorporates by reference it responses and answer in the lawsuit. To the extent that the FAC pleads a case different from what was pleaded in the Ward lawsuit, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the FAC ¶¶659 through 668.

220. DEFENDANT also pleads limitations and res judicata as to the claims and causes of action contained in this lawsuit by Jerome Bartee, Jr.

### 18) *TERRY GOODWIN (FAC ¶¶702 - 714)*

221. DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the paragraphs pertaining to the foregoing comparator.

### 19) *GREGORY BARRETT [DIC](FAC ¶¶715 - 724)*

222. A referenced in FAC ¶¶715 through 724, this Detainee had a separate pending lawsuit styled and numbered *Barrett v Harris County*, Case No. 4:22-cv-03526 (USSD TX. - Houston Div). DEFENDANT HARRIS COUNTY requests that the Court take judicial notice of the contents of the separate lawsuit.

223. More specifically, the claims in this lawsuit were DISMISSED on 11/21/2021 (Doc. #7).

224. DEFENDANT HARRIS COUNTY incorporates by reference it responses and answer in the lawsuit. To the extent that the FAC pleads a case different from what was pleaded in the Ward lawsuit, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the FAC ¶¶659 through 668.

225. DEFENDANT also pleads limitations and res judicata as to the claims and causes of action contained in this lawsuit by Gregory Barrett.

### 20)    CHRISTOPHER JOHNSON (FAC ¶¶725 - 736)

226.    A referenced in FAC ¶¶725 through 736, this Detainee has a separate pending lawsuit styled and numbered *Christopher Johnson v Harris County*, Case No. 4:16-cv-01623 (USSD TX. - Houston Div). DEFENDANT HARRIS COUNTY requests that the Court take judicial notice of the contents of the separate lawsuit.

227.    More specifically, the claims in this lawsuit were DISMISSED on 8/21/2018 (Doc. #80).

228.    DEFENDANT HARRIS COUNTY incorporates by reference it responses and answer in the lawsuit. To the extent that the FAC pleads a case different from what was pleaded in the Ward lawsuit, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the FAC ¶¶725 through 736.

229.    DEFENDANT also pleads limitations and res judicata as to the claims and causes of action contained in this lawsuit by Jerome Bartee, Jr.

### 21)    MATTHEW RYAN SHELTON [DIC] (FAC ¶¶737 - 747)

230.    A referenced in FAC ¶¶737 through 747, this Detainee has a separate pending lawsuit styled and numbered *Borchgrevink / Shelton v Harris County*, Case No. 4:23-cv-03198 (USSD TX. - Houston Div) which is pending. DEFENDANT HARRIS COUNTY requests that the Court take judicial notice of the contents of the separate lawsuit. The lawsuit remains pending.

231.    DEFENDANT HARRIS COUNTY incorporates by reference it responses and answer in the lawsuit. To the extent that the FAC pleads a case different from what was pleaded in the Ward lawsuit, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the FAC ¶¶737 through 747.

### 22)    MICHAEL A. ALANIZ (FAC ¶¶748 - 758)

232.    A referenced in FAC ¶¶748 through 758, this Detainee has a separate pending lawsuit styled and numbered *Alaniz v One Unknown Sheriff's Deputy*, Case No. 4:16-cv-01495 (USSD TX. - Houston Div).

233.    DEFENDANT HARRIS COUNTY hereby incorporates by reference the Answers and Responses filed in the foregoing lawsuit, including any admission and denials filed therein.

234.   DEFENDANT also requests that the Court take judicial notice of the fact that the foregoing case was settled and the settlement is under seal with presumably no admission of liability. Moreover, the Court entered an Order of Dismissal on 8/24/2018 (Doc. #53).

235.   DEFENDANT HARRIS COUNTY therefore hereby contends that the facts pertaining to Detainee Michael A. Alaniz are barred not only by limitations, but by res judicata as well and may not legally be used as evidence in support of Plaintiffs claims in this current action.

### 23)    NAVIDAD FLORES (FAC ¶¶759 - 770)

236.   A referenced in FAC ¶¶748 through 758, this Detainee has a separate pending lawsuit styled and numbered *Navidad Flores v Harris County,* Case No. 4:20-cv-03162 (USSD TX. - Houston Div).  This case was dismissed on 5/10/2022 under a Conditional Order of Dismissal (Doc. #72).

237.   DEFENDANT HARRIS COUNTY hereby incorporates by reference the Answers and Responses filed in the foregoing lawsuit, including any admission and denials filed therein. Further DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the current FAC pleading pertaining to this Detainee as referenced above.

238.   DEFENDANT HARRIS COUNTY therefore hereby contends that the facts pertaining to Detainee Natividad Flores are barred not only by limitations, but by res judicata as well and may not legally be used as evidence in support of Plaintiffs claims in this current action.

### 24)    KAREEM JEFFERSON (FAC ¶¶771 - 779)

239.   A referenced in FAC ¶¶771 through 779, this Detainee has a separate pending lawsuit styled and numbered *Kareem Jefferson v Harris County,* Case No. 4:21-cv-00545 (USSD TX. - Houston Div).  This case was dismissed on 3/9/2022 by Memorandum & Order for failure to state a claim. (Doc. #28).

240.   DEFENDANT HARRIS COUNTY hereby incorporates by reference the Answers and Responses filed in the foregoing lawsuit, including any admission and denials filed therein. Further DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the current FAC pleading pertaining to this Detainee as referenced above.

241.   DEFENDANT HARRIS COUNTY therefore hereby contends that the facts pertaining to Detainee Kareem Jefferson are barred not only by limitations, but by res judicata as well

and may not legally be used as evidence in support of Plaintiffs claims in this current action as pleaded in the current FAC.

### 25)     *HENRY JOSEPH WILLIAMS (FAC ¶¶780 - 791)*

242.    A referenced in FAC ¶¶780 through 791, this Detainee has a separate pending lawsuit styled and numbered *Henry Joseph Williams v Harris County,* Case No. 4:22-cv-012155 (USSD TX. - Houston Div), which was removed from state district court.  This case was dismissed on10/18/2022. (Doc. #19).

243.    DEFENDANT HARRIS COUNTY hereby incorporates by reference the Answers and Responses filed in the foregoing lawsuit, including any admission and denials filed therein. Further DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the current FAC pleading pertaining to this Detainee as referenced above.

244.    DEFENDANT HARRIS COUNTY therefore hereby contends that the facts pertaining to Detainee Kareem Jefferson are barred by res judicata and may not legally be used as evidence in support of Plaintiffs claims in this current action as pleaded in the current FAC.

### 26)     *LORON ERNEST FISHER [DIC](FAC ¶¶792 - 801)*

245.    Based on available jail record data, DEFENDANT HARRIS COUNTY admits that LORON ERNEST FISHER was a detainee in the Harris County Jail. DEFENDANT admits that on or about June 15, 2022, inmates alerted staff that Fisher needed medical attention. DEFENDANT admits that Fisher received initial medical attention and was returned to his cell, but that subsequently Jail Staff found Fisher unresponsive in his cell. DEFENDANT admits that Fisher was again transported to the jail clinic, was later transported by HFD Paramedics to Ben Taub hospital. Despite life-saving measures applied at the BTH, Fisher expired and was pronounced dead at or about 10:58 p.m. according to the Custodial Death Report.

246.    Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 27)     BENJAMIN PIERCE [DIC] (FAC ¶¶802 - 810)

247.    Based on available jail record data, DEFENDANT HARRIS COUNTY admits that BENJAMIN PIERCE was a detainee in the Harris County Jail. DEFENDANT admits that on or about May 21, 2022 Jail Staff found Pierce unresponsive in his cell and admits that medical staff responded. DEFENDANT admits that Pierce was later transported by HFD Paramedics to St. Joseph Hospital for further medical care. DEFENDANT further admits that Pierce expired at 5:30 a.m. on 5/21/2022 according to the Custodial Death Report.

248.    Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 28)     GILBERT ALLENE NELSON [DIC] (FAC ¶¶811 - 819)

249.    Based on available jail record data, DEFENDANT HARRIS COUNTY admits that GILBERT ALLENE NELSON was a detainee in the Harris County Jail. DEFENDANT admits that on or about May 11, 2022 Jail Staff found Nelson unresponsive in his bunk and further admits that medical transported Nelson to the clinic with CPR in progress. DEFENDANT admits that HFD Paramedic staff assumed care and transported Nelson to St. Joseph Hospital. DEENDANT admits that according to available records, a medical doctor pronounced Nelson's death at 6:00 a.m. on 5/11/2022.

250.    Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 29)     KEVIN ALEXANDER SANCHEZ-TREJO [DIC] (FAC ¶¶820 -826)

251.    Based on available jail record data, DEFENDANT HARRIS COUNTY admits that KEVIN ALEXANDER SANCHEZ-TREJO was a detainee in the Harris County Jail. DEFENDANT admits that on or about February 12, 2022 Jail Staff found Sanchez-Trejo during supervisory rounds unresponsive in a single cell. DEENDANT admits that Sanchez-Trejo received medical attention at the Jail Clinic, further admits that HFD Paramedic staff arrived on scene according to available records and applied life-saving

measures. DEENDANT admits that HFD Paramedics determined on-site that Sanchez-Trejo had expired on or about 8:19 a.m. on 2/12/2022.

252. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 30) *SIMON PETER DOUGLAS [DIC] (FAC ¶¶827 - 837)*

253. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that SIMON PETER DOUGLAS was a detainee in the Harris County Jail. DEFENDANT admits that on or about February 10, 2022 Douglas was arrested by HPD and transported to the Jail. DEFENDANTS admit that Douglas was placed in a single cell because of aggressive and erratic behavior and further admit, based on available records, that Douglas made continuous attempts at self-harm, despite being restrained. DEFENDANT admits that Douglas was transported to the Jail Clinic, later transported to Ben Taub Hospital for further medical care. DEFENDANT admits that Douglas was pronounced deceased by a medical doctor at 7:21 a.m. on 2/10/2022, according to available jail records.

254. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### 31) *ROBERT TERRY, JR. [DIC] (FAC ¶¶838 - 845)*

255. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that ROBERT TERRY, JR. was a detainee in the Harris County Jail. DEFENDANT admits that on or about May 13, 2023, Terry was booked into the HCJ on retaliation charges. DEFENDANTS admit that on 5/16/2024, Terry began exhibits medical distress, which prompted a medical response by Jail Staff. DEFENDANT admits that Douglas was transported to the Jail Clinic for care, later received care from HFD Paramedics and was transported to LBJ Hospital for further medical care. DEFENDANT admits that Terry was pronounced deceased by a medical doctor at 7:31 a.m. on 5/16/2023, according to available jail records.

256. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs.

### *32)    FABIAN CORTEZ [DIC] (FAC ¶¶846 - 854)*

257. Based on available jail record data, DEFENDANT HARRIS COUNTY admits that FABIAN CORTEZ was a detainee in the Harris County Jail. DEFENDANT admits that on or about March 21, 2023, Cortez was booked into the HCJ. DEFENDANT admits that Cortez was later found unresponsive in a restroom stall and admits that when Cortez was found he had a drawstring from his jacket around his neck. DEFENDANT admit that Jail Staff initiated life-saving measures, to include CPR and that medical staff was called in for assistance. In addition, HFD Paramedics arrived and transported Cortez to St. Joseph Hospital. DEFENDANT admits that a medical doctor at the hospital pronounced Cortez' death, as reflected in the available jail records.

258. Subject to the foregoing admissions, which are based on available records, DEFENDANT HARRIS COUNTY otherwise denies the remaining material factual allegations contained in the paragraphs pertaining to this Detainee and denies Plaintiff's characterization of the material facts averred in these paragraphs

### *33)    ELIJAH GAMBLE (FAC ¶¶855 - 867)*

259. DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the paragraphs pertaining to the foregoing comparator.

### *34)    KENNETH LUCAS [DIC] (FAC ¶¶866 - 877)*

260. A referenced in FAC ¶¶866 through 877, this Detainee had a separate pending lawsuit styled and numbered *Salcido / Lucas v Harris County et. al.*, Case No. 4:15-cv-02155 (USSD TX. - Houston Div). DEFENDANT HARRIS COUNTY requests that the Court take judicial notice of the contents of the separate lawsuit.

261. More specifically, the claims in this lawsuit were Settled and Dismissed and a Final Judgment entered on 3/20/2019. (Doc. #258).

262. DEFENDANT HARRIS COUNTY incorporates by reference it responses and answer in the lawsuit. To the extent that the FAC pleads a case different from what was pleaded in

the Ward lawsuit, DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the FAC ¶¶866 through 877.

263. DEFENDANT also pleads limitations and res judicata as to the claims and causes of action contained in this lawsuit by Gregory Barrett.

### 35) RACHEL HATTON (FAC ¶¶878 - 884)

264. A referenced in FAC ¶¶878 through 884, this Detainee has a separate pending lawsuit styled and numbered *Henry Joseph Williams v Harris County,* Case No. 4:18-cv-01948 (USSD TX. - Houston Div). This case was dismissed via a grant of Summary Judgment on 4/25/2019. (Doc. #16, #17).

265. DEFENDANT HARRIS COUNTY hereby incorporates by reference the Answers and Responses filed in the foregoing lawsuit, including any admission and denials filed therein. Further DEFENDANT HARRIS COUNTY denies the material factual allegations contained in the current FAC pleading pertaining to this Detainee as referenced above.

266. DEFENDANT HARRIS COUNTY therefore hereby contends that the facts pertaining to Detainee Rachel Hatton are barred by limitations as well as res judicata and may not legally be used as evidence in support of Plaintiffs claims in this current action as pleaded in the current FAC.

### 36) TREYVAN CROWDER: PRIOR DETAINEE; RELATIVE OF DEON PETERSON (FAC ¶¶885 - 889)

267. DEFENDANT HARRIS COUNTY is unable to admit or deny the factual averments contained in these paragraphs after reasonable investigation; therefore the material factual averments are denied under Rule 8.

### 37) DETENTION OFFICER J. VALDIVIEZ (FAC ¶¶890 - 896)

268. DEFENDANT HARRIS COUNTY admits that the factual averments pertaining to Officer J. Valdiviez appear to summarize the news article referenced in footnote 11 of Plaintiff's FAC at p.151. However, DEFENDANT HARRIS COUNTY denies the material factual allegations and characterizations of the facts argued by Plaintiff's in these paragraphs and which Plaintiffs appear to offer as otherwise inadmissible anecdotal evidence.

269. DEFENDANT denies that this anecdotal incident supports the claim of unconstitutional jail conditions.

### 38) *SERGEANT JANE DOE; ANONYMOUS (FAC ¶¶897 - 902)*

270. DEFENDANT HARRIS COUNTY admits that the factual averments pertaining to Anonymous Sergeant Jane Doe appear to summarize the allegations in the pleadings referenced in footnote 12 of Plaintiffs' FAC at p. 152. However, DEFENDANT HARRIS COUNTY denies the material factual allegations and characterizations of the facts argued by Plaintiff's in these paragraphs and which Plaintiffs appear to offer as otherwise inadmissible anecdotal evidence.

271. DEFENDANT denies that this anecdotal incident involving an unnamed Jail Officer supports the Plaintiffs' claim of unconstitutional jail conditions.

### 39) *HARRIS COUNTY JAIL EMPLOYEES (FAC ¶¶903 - 907)*

272. DEFENDANT HARRIS COUNTY admits that the social media link referenced at footnote 13 of Plaintiffs' FAC at p. 153 provides the fodder for the allegations contained in these paragraphs. However, given the anonymity of the sources, DEFENDANT is unable to admit or deny the material factual allegations and characterizations contained in these paragraphs. Therefore the material facts are denied under Rule 8.

### 40) *RESIGNATION OF SHANNON HERKLOTZ, ASSISTANT CHIEF OF DETERNTION (FAC ¶¶908 - 910)*

273. DEFENDANT HARRIS COUNTY admits that the local news media link referenced at footnote 14 of Plaintiffs' FAC at p. 154 provides the fodder for the allegations contained in these paragraphs. However, DEFENDANT is unable to admit or deny the material factual allegations and characterizations contained in these paragraphs therefore these are denied under Rule 8. DEFENDANT further denies that this anecdotal narrative by a former employee provides relevant proof in support of Plaintiffs claim of unconstitutional jail conditions.

## F. PLAINTIFFS' CURRENT POLICIES, PRACTICES CUSTOMS PROMULGATED WITH ALLEGED "DELIBERATE INDIFFERENCE (FAC ¶¶ 911 - 913)

274. The allegations contained in paragraphs 911 through 913 of the FAC are argumentative and conclusory and present a characterization of ultimate conclusions that are the ultimate issues in the lawsuit.

275. DEFENDANT both generally and specifically denies the material factual allegations and characterizations urged by Plaintiffs in these paragraphs.

**V.**

**CAUSES OF ACTION**

**A. RESPONSE TO COUNT I: MONELL CLAIM; 14TH AMENDMENT; CONDITIONS OF CONFINEMENT (FAC ¶¶ 915 - 1077)**

276. With respect to FAC ¶¶ 915 through 918, which are restatements of conclusory allegations urging a legal cause of action, DEFENDANT HARRIS COUNTY categorically denies the material factual allegations and characterizations contained in these paragraphs.

277. Further, DEFENDANT denies the relevancy, materiality, and probative evidentiary value of the factual allegation contained here in these paragraphs. Therefore denied under the Rules.

**B. RESPONSE TO COUNT II: MONELL CLAIM; 14TH AMENDMENT; FAILURE TO TRAIN OR SUPERVISE (FAC ¶¶ 1078 - 1171)**

278. With respect to FAC ¶¶ 1078 through 1171, which are restatements of conclusory allegations urging a legal cause of action, DEFENDANT HARRIS COUNTY categorically denies the material factual allegations and characterizations contained in these paragraphs.

279. Further, DEFENDANT denies the relevancy, materiality, and probative evidentiary value of the factual allegation contained here in these paragraphs. Therefore denied under the Rules.

**C. COUNT III: VIOLATION OF AMERICAN WITH DISABILITITES ACT OF 1990 AND REHABILITATION ACT OF 1973 (FAC ¶¶ 1172 - 1296)**

280. With respect to FAC ¶¶ 1172 through 1296 no Rule 8 response is required in light of Court Granting DEFENDANT HARRIS COUNTY'S RULE 12 MTD in Memorandum Order dated June 4, 2024 (Doc. #51) and dismissing in their entirety Count III of Plaintiffs' Causes of Action.

## VI.
## GENERAL DENIAL & ASSERTION OF OTHER LIMITATIONS
## UNDER SECTION 1983

281. Subject to the foregoing admissions and denials to both Plaintiffs' and Intervenors' live complaint in this case, DEFENDANT HARRIS COUNTY generally denies the material factual allegations and legal assertions not otherwise specifically admitted in the live complaint.

282. HARRIS COUNTY asserts the affirmative defense of sovereign or governmental immunity to the fullest extent allowed by state and federal law.

283. HARRIS COUNTY asserts the defense of limitations from any claim older than two years from the initiation of this action. *See McDonough v Smith*, 588 U.S. 109 (2019); *see also Sec. 16.003, Tex. Civ. Prac. & Rem. Code*.

284. HARRIS COUNTY denies that it can be liable under 42 USC § 1983 as a matter of law for any state or common law-based claim for common law negligence. *See Daniels v Williams*, 474 U.S. 327 (1986)(county jail setting); *see also Davidson v Cannon*, 474 U.S. 344 (1986)(state prison setting).

285. HARRIS COUNTY is also immune from exemplary and punitive damages, which are not allowed against a municipality under Section 1983. *See City of Newport v Fact Concerts*, 453 U.S. 247 (1981)(punitive damages not recoverable under Section 1983 lawsuit against local government entity).

## VII.
## DAMAGES

286. With respect to FAC ¶¶1297 through 1325, including subparagraphs, DEFENDANT HARRIS COUNT categorically denies the claim for damages urged by Plaintiffs and their respective agents and representatives.

## VIII.
## ATTORNEY'S FEES

287. DEFENDANT HARRIS COUNT denies the claimed demand for attorney fees urged by Plaintiffs and their respective agents and representatives.

## IX.
## JURY REQUEST

288. No Rule 8 response is needed in response to Plaintiffs' request for a jury.

**CONCLUSION & PRAYER FOR RELIEF**

THEREFORE, THE FOREGOING PREMISES CONSIDERED, DEFENDANT HARRIS COUNTY respectfully requests and prays that at an appropriate procedural juncture in this litigation that the claims and causes of action, both state and federal, asserted by Plaintiffs and by Intervenors be denied in their entirety and that the claims and causes of action against DEFENDANT HARRIS COUNTY be DISMISSED WITH PREJUDICE.

DEFENDANT HARRIS COUNTY also requests and prays for such additional and further relief to which it may be entitled, at law of in equity.

SIGNED ON THE 2ND DAY OF JULY 2024.

Respectfully submitted,

By:   *Ricardo J. Navarro*
      RICARDO J. NAVARRO
      Attorney In Charge
      State Bar No. 14829100
      So. Dist. Id No. 5953
      rjnavarro@rampagelaw.com

By:   *Kelly R. Albin*
      Kelly R. Albin
      Senior Associate Attorney
      State Bar No. 24086079
      So. Dist. Id No. 3792304
      kralbin@rampagelaw.com

By: *David L. Red*

David L. Red
Senior Associate Attorney
State Bar No. 16656900
So. Dist. Id No. 2338770
dlred@rampagelaw.com

By: *Mustapha M. Nyallay*

Mustapha M. Nyallay
Associate Attorney
State Bar No. 24135427
So. Dist. Id No. 3847526
mmnyallay@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ BERNAL
SANTEE& ZECH, P.C.**
549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132

**COUNSEL FOR DEFENDANT
HARRIS COUNTY, TEXAS**

**CERTIFICATE OF SERVICE**

       I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on the persons or parties identified below on the on this the 2nd day of JULY 2024.

Benjamin L. Crump                           **By E-Filing Methods**
Ben Crump Law PLLC
122 S. Calhoun Street
Tallahassee, FL 72583
Email: court@bencrump.com
**Attorney for Plaintiffs**

Paul Ashley Grinke                          **By E-Filing Methods**
Ben Crump Law, PLLC
5 Cowboys Way, Ste. 300
Frisco, Texas 75034
Email: paul@bencrump.com
**Attorney for Plaintiffs**

Mohammed Obaid Shariff
Kevin M. Acevedo-Carlson
Shariff Law Firm PLLC
4734 W. Alabama St., Ste. 201
Houston, Texas 77027
Email: mshariff@sharifflawfirm.com; kacevedo@sharifflawfirm.com
**Attorney for Intervenor Ana Garcia**
Taylor McCray Hunter
Hunter Law Corp., PC
4131 North Central Expressway, Ste. 900
Dallas, Texas 75204
Email: taylor@thehunterlaw.com
**Attorney for Intervenor Chandra Jenkins**

Gregory C. Ulmer
James E. Phillips
Baker & Hostetler, LLP
811 Main Street, Ste. 1100
Houston, Texas 77002
Email: gulmer@bakerlaw.com; jphillips@bakerlaw.com
**Attorneys for Defendant Harris County**

*Ricardo J. Navarro*
RICARDO J. NAVARRO