IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OCTEVIA WAGNER, *et al.*, | § | Civil Action No. 4:23-cv-2886 |
| *Plaintiff,* | § | (Jury Trial) |
| | § | |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| *Defendant.* | § | |
| | § | |
| and | § | |
| | § | |
| CAMBREY LINDSAY, | § | |
| *Plaintiff-Intervenor* | § | |

## PLAINTIFF-INTERVENOR CAMBREY LINDSAY'S
## MOTION TO INTERVENE

**TO THE HONORABLE KEITH P. ELLISON:**

NOW COMES PLAINTIFF-INTERVENOR Cambrey Lindsay, moving to intervene as a Plaintiff-Intervenor in the above-styled case. She respectfully shows the Court as follows:

### I. Nature and Stage of the Proceeding

This civil rights case was originally filed on August 7th, 2023,[1] and the complaint was amended for the first and only time on November 21st, 2023.[2] Two other Plaintiff-Intervenors were allowed to intervene on April 15th, 2024, over Defendant's objections.[3] The Court denied in part Defendant's motion to dismiss the complaint on June 5th, 2024.[4]

---

[1] Doc. 1.
[2] Doc. 20.
[3] Doc. 40.
[4] Doc. 51.

## II. Issue Statement and Standard of Review

The sole issue is whether to allow Ms. Lindsay to intervene in this case. Interventions are governed by Federal Rule of Civil Procedure 24, which is to be "liberally construed."[5] Like a typical plaintiff, the movant's factual allegations are to be taken as true, and all doubts should be resolved in their favor.[6] To that end, the 5th Circuit maintains a "broad policy favoring intervention."[7] "Federal courts should allow intervention when no one would be hurt and the greater justice could be attained,"[8] and are "given broad discretion in granting motions to intervene under Rule 24(b)(2)."[9]

Permissive intervention is appropriate where "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties."[10] Additionally, the Fifth Circuit has instructed courts to consider: (4) "whether the intervenors are adequately represented by other parties" and (5) "whether they are likely to contribute significantly to the development of the underlying factual issues."[11] The Court may also consider judicial economy.[12]

## III. Argument

Ms. Lindsay will analyze each factor in the intervention analysis in turn, but would first note two overarching points. First, judicial economy is aided by interventions like this one,

---

[5] *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015).
[6] *Entergy Gulf States La., L.L.C. v. EPA*, 817 F.3d 198, 203 (5th Cir. 2015).
[7] *Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016).
[8] *Id.* at 565 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).
[9] *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).
[10] *Id.* at 189 n. 2.
[11] *Id.* at 189.
[12] *Hanover Ins. Co. v. Superior Labor Servs.*, 179 F. Supp. 3d 656, 668 (E.D. La. 2016).

which would otherwise be one of the myriad similar, but disparate cases that burden the Southern District of Texas.[13] And second, from a high level, these claims arose only a month ago, and fit directly into one of the patterns identified by the Plaintiffs in this case: inadequate medical care and emergency response. As a result, it is exactly the type of claims that intervention exists to accommodate in order to aid the efficient pursuit of justice. With that in mind, all of the intervention factors favor Ms. Lindsay's intervention, as she will now demonstrate:

1. *Timeliness*

Courts consider timeliness not as a tool of retribution to punish a tardy would-be intervenor,[14] but is instead a consideration of all the circumstances.[15] The principal focus is not delay, but rather on undue delay, and whether that undue delay will prejudice the original parties' rights.[16] Here, timeliness clearly favors Plaintiff-Intervenor; as her complaint describes, her claim arose on June 18th, 2024,[17] so this motion coming a mere 35 days later represents anything but delay or tardiness.

2. *Common question of law or fact*

Again, this factor clearly favors Plaintiff-Intervenor, because her claims come from the exact same questions of law and fact presented by both the live complaint,[18] as well as the other intervenor complaints.[19] It involves the same pattern and practice as the rest:

---

[13] *See, e.g.*, *Garcia v. Harris County*, No. 4:23-cv-542 (Adael Gonzalez Garcia's case); *Garcia v. Harris County*, No. 4:22-cv-3093 (Fred Harris's case).
[14] *Adam Joseph Resources, et al v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019); *Doe v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001); *Sierra Club*, 18 F. 3d at 1205.
[15] *Field v. Anadarko Petro. Corp.*, 35 F.4th 1013, 1017 (5th Cir. 2022).
[16] *Dewan v. M-I, L.L.C.*, 2014 U.S. Dist. LEXIS 89771 at *25 (S.D. Tex. 2014).
[17] *See* Exhibit 1.
[18] *Compare* Exhibit 1, *with* Doc. 20.
[19] *See generally* Docs. 41, 42.

overcrowding and understaffing leading to and exacerbating an inadequate provision of medical care generally, as well as severely delayed and wholly inadequate emergency care in the Harris County jail.[20]

### 3. Prejudice to the original parties

Plaintiff-Intervenor's intervention will not unduly delay or prejudice the existing parties; the litigation is still in its early stages, and intervention at this juncture should not result in delay,[21] because although the Court has already made its determination with respect to the County's motion to dismiss the main complaint,[22] there are still pending motions to dismiss with respect to the intervenor complaints,[23] and the potential inclusion of Plaintiff-Intervenor and her counsel with any ongoing discovery is easily achieved through email and filesharing methods typical of these types of cases. Prejudice would result, however, if intervention was denied, because Plaintiff-Intervenor would need to file a separate action in order to pursue her claims.[24] If anything, intervention would obviate the need for future litigation between Plaintiff-Intervenor and Defendant that would otherwise result.[25] The separate litigation would necessarily cause the Defendant greater prejudice, expense, and delay as a result of a largely duplicative and expensive process.[26] In contrast, a single lawsuit will streamline discovery for all of the parties involved.[27]

---

[20] *See generally* Exhibit 1.
[21] *See Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, No. CIV.A. H-05-3167, 2006 U.S. Dist. LEXIS 62404, 2006 WL 2382250, at *6 (S.D. Tex. Aug. 16, 2006); *Tex. v. United States Dep't of Homeland Sec.*, No. 6:23-CV-00007, 2023 U.S. Dist. LEXIS 68949, 2023 WL 3025080, at *3 (S.D. Tex. Apr. 19, 2023).
[22] Doc. 51.
[23] Docs. 43, 44.
[24] *Stephens v. State Farm Fire & Cas. Co.*, 2010 U.S. Dist. LEXIS 31091 *14 (E.D. La. 2010).
[25] *Christian Life Ctr., Inc. v. Colony Ins. Co.*, 2011 U.S. Dist. LEXIS 117448 (S.D. Tex., 2011).
[26] *Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, 2022 U.S. Dist. LEXIS 59549 *21 (N.D. Tex. 2022). Moreover, the bill for the expense of a separate lawsuit would, of course, be footed by Harris County taxpayers.
[27] *LED Wafer Sols. LLC v. Samsung Elecs. Co.*, 2021 U.S. Dist. LEXIS 224560 *14 (W.D. Tex. 2021).

### 4. *Adequate representation of intervenor's interest*

In order to show that Plaintiff-Intervenor's interests are not adequately represented, she need only show that the existing parties' representation "may be inadequate."[28] In doing so, Plaintiff-Intervenor need only make a minimal showing of inadequate representation.[29] Here, Plaintiff-Intervenor is bringing individualized claims for damages, meaning that she does not possess the same ultimate objectives as any existing litigants, because she seeks damages for her own injuries.[30] Thus, her intervention should be permitted.

### 5. *Contribution to the development of underlying factual issues*

Finally, the Court will benefit from Plaintiff-Intervenor's unique claims, because it will be able to develop a more complete record of this widespread pattern and practice claim. Moreover, allowing intervention would eliminate potentially contradictory and piecemeal results because, by achieving a uniform result.[31] To be exact, although the existing Plaintiffs and Plaintiff-Intervenors have pled numerous incidences as part of their *Monell* claims, this Plaintiff-Intervenor is in possession of unique facts about her case that color the overall claims being made. Moreover, Plaintiff-Intervenor adds the additional, relevant fact that Harris County has a history and pattern of releasing inmates from custody while they lay dying in the hospital in order to avoid external review by the Texas Rangers.[32] In short, the case will benefit from the addition of the Plaintiff-Intervenor.

---

[28] *Yarbrough v. Css Corp.*, 2020 U.S. Dist. LEXIS 259191*5 (E.D. Tex. 2020).
[29] *Texas v. United States Dep't of Homeland Sec.*, 2023 U.S. Dist. LEXIS 68949 *11 (S.D. Tex. 2023); *Travelpass Grp., LLC v. Caesars Entm't Corp.*, 2021 U.S. Dist. LEXIS 115541 *28 (E.D. Tex. 2021).
[30] *Antonio Alvarez v. Singh*, No. EP-18-CV-00101-FM, 2018 U.S. Dist. LEXIS 227632, 2018 WL 6262964, at *2 (W.D. Tex. May 18, 2018) ("[Intervenor-Plaintiff] does not possess the same ultimate objectives as any existing litigants, as he seeks damages for injuries suffered . . . He is thus not adequately represented by any parties to the action." (internal citations omitted)).
[31] *Dewan v. M-I, L.L.C.*, 2014 U.S. Dist. LEXIS 89771 *26 (S.D. Tex. 2014).
[32] *See* Exhibit 1.

## IV. Conclusion

For the foregoing reasons, Plaintiff-Intervenor respectfully requests that the Court **GRANT** the present motion, and direct the clerk to file the attached complaint into this case. In the alternative, if this motion is denied, Plaintiff-Intervenor respectfully requests that the Court treat her intervention as a separate action, and issue any such other and further relief, in law or in equity, general or special, to which she may be entitled.

Respectfully submitted,

*/s/ Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas
    Bar No. 00790995
U.S. Southern District of Texas
    Federal ID No. 19417
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785
Fax: 713.893.6737
Email: AttorneyKallinen@aol.com
**Attorney for Plaintiff**

/s/ Alexander C. Johnson
Alexander C. Johnson
Kallinen Law PLLC
State Bar of Texas
    Bar No. 24123583
U.S. Southern District of Texas
    Federal ID No. 3679181
511 Broadway Street
Houston, Texas 77012
Telephone: 573.340.3316
Fax: 713.893.6737
Email: alex@acj.legal
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on July 22nd, 2024, I have served a true and correct copy of the foregoing document that was delivered by the ECF in accordance with the Federal Rules of Civil Procedure to all ECF notice attorneys of record.

/s/ Randall L. Kallinen
Randall L. Kallinen

## CERTICATE OF CONFERENCE

I certify I have conferred by email in good faith with opposing counsel July 23, 2024 and the Plaintiffs were Unopposed and the Defendant Harris County was Opposed.

/s/ Randall L. Kallinen
Randall L. Kallinen