United States District Court
Southern District of Texas
**ENTERED**
September 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.,** | § | |
| Plaintiffs | § | |
| | § | |
| Vs | § | Civil Action No. 4:23-CV-02886 |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant | § | |
| **AND** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS,** | § | |
| Plaintiff – Intervenors | § | |

===============================================================
**CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING DISCLOSURES AND PRODUCTION OF JAIL RECORDS, MEDICAL RECORDS, AND OTHER SENSITIVE DATA**
===============================================================

Whereas, in the course of discovery in the above captioned civil action, it may be necessary for the parties and their legal representative to disclose or produce documents containing confidential information, protected health information, personal health care information, proprietary information, or other data and information that would be protected from disclosure by law or by the Rules of this Court, it is hereby ordered that the following Protective Order be entered in this action limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

**Scope**

1. This Agreed Protective Order shall govern any designated record of information produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, designated interrogatory answers, designated documents and other designated discovery materials, whether produced informally or in response to initial disclosures, interrogatories, requests for admission, requests for production of documents, or other formal methods of discovery.

**Designating information as confidential**

2. Each party and disclosing nonparty shall have the right to designate as confidential and subject to this Protective Order any information, document, or portion of any documents produced

by it in this civil litigation that has not been made public and that the disclosing party reasonably and in good faith believes contains or comprises confidential information, including: (a) investigative files in an ongoing criminal investigation; (b) information that would reveal the identity of confidential informants, or (c) sensitive personal information such as an individual's social security number, home address or medical records, protected health information, health care information, proprietary information, or other confidential, technical, business, or financial information. This designation shall be made by (a) stamping each page of the document containing confidential information with the legend "CONFIDENTIAL" prior to its production, or otherwise identifying such documents by Bates production numbers or other unequivocal identifiers in writing to each party receiving the Confidential Information or (b) if documents containing confidential information have been inadvertently produced without the legend or produced prior to the entry of this Order, by furnishing written notice to the receiving party that a specifically identified document shall be CONFIDENTIAL under this Protective Order and producing a revised version with identifier on that page. To the extent that electronically stored information is produced in a format that does not permit the branding of the designation on the face of the document (i.e. native Excel files, or database exports), the confidential designation shall be made by including the term "CONFIDENTIAL" in the name of the file and by adding a metadata field in the load file with the same designation. For every document identified as CONFIDENTIAL where the Confidential Information is able to be redacted, the designating party shall produce a redacted version of the document that is not designated as CONFIDENTIAL.

3. Each party and disclosing nonparty, may further designate unilaterally as CONFIDENTIAL selected and specific deposition testimony, by page and line, to protect the privacy, confidentiality, proprietary, and other protected interests of the parties and disclosing nonparties. Deposition testimony may either be designated at the time it is taken, or within thirty (30) calendar days of receipt of the transcript.

4. With respect to testimony elicited during hearings and other proceedings, whenever counsel for the parties and disclosing nonparties deem that any question or line of questioning calls for the disclosure of information that should be kept CONFIDENTIAL, counsel may designate on the record prior to such disclosure that the disclosure is CONFIDENTIAL.

**Challenging the Confidential Information Designation**

5. Parties are entitled to challenge the confidential designation of material by filing a motion with the Court. In advance of any such motion being filed, the parties will confer in good faith and attempt to resolve the disagreement. On any motions challenging the designation of any documents or other record of information as CONFIDENTIAL, the burden of justifying the designation shall lie with the designating party.

**Access to Confidential Information**

6. Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents or information designated CONFIDENTIAL may only be disclosed to:

   a. The parties and their respective employees, and agents on a need-to-know basis, and to counsel of record and their authorized legal support staff;

   b. The Court, jury, and Court staff;

   c. Duly qualified court reporters, videographers, consultants and experts retained by the parties or their attorneys for purposes of this civil lawsuit;

   d. Any person who was an author, addressee, or carbon copy recipient of such document.

Any person receiving information or documents designated CONFIDENTIAL shall maintain such documents in a safe, secure and confidential manner so as to ensure compliance with this Order.

7. In no event shall any designated CONFIDENTIAL material be disclosed to any person, other than those identified in paragraph 6 above.

8. Regardless of designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure within the terms of Paragraph 6 above.

**Use of Confidential Information**

9. The parties and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only for the purpose of prosecution or defense of this civil lawsuit and for no other purpose.

**Maintaining Confidential Information**

10. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

**Violations of this Protective Order**

11. If the parties or their counsel become aware of any violation of this Order or of facts constituting good cause to believe that such a violation may have occurred, the parties and/or their counsel shall promptly report, with all relevant particulars to assist in aiding any investigation, to counsel for the designating party that there may have been such a violation.

**Filing Confidential Information with the Court**

12. Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file an unredacted version of the Confidential Information with the Court, a party must move to file the document or information under seal. Otherwise, the Parties should file redacted versions of the document with the Court.

13. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary, and the pleading or exhibit filed publicly with the Court. At the conclusion of this civil lawsuit, all materials filed with the Court under seal shall be kept under seal.

**No Waiver**

14. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

15. Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

16. No party shall have liability, under this Order, for any disclosure or use of Confidential Information occurring before the designating party provides notice of its intention to designate such item as confidential.

17. This Protective Order is not a waiver or relinquishment of a party's or disclosing nonparty's confidentiality claim to any designated documents. This Protective Order also shall not

abrogate or diminish any privilege or any contractual, statutory, or other legal obligation or right of any party and disclosing nonparty with respect to documents sought or produced in this action.

**Additional Relief**

18. This Protective Order shall not preclude any party and disclosing nonparty from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party or nonparty may consider appropriate. Nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, from applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

**Termination of Protective Order**

19. No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each designating party, or by order of this Court for good cause shown. Disposition of this civil action shall not automatically terminate the directives of this Protective Order.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 12th day of September, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE