IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OCTAVIA WAGNER, ET. AL.** | § | |
| **Plaintiffs** | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-02886 |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| **Defendant** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS,** | § | |
| **Plaintiff – Intervenors** | § | |

**DEFENDANT HARRIS COUNTY'S REPLY TO PLAINTIFFS' RESPONSE TO THE COUNTY'S MOTION FOR RECONSIDERATION**
==========================================================

MAY IT PLEASE THE COURT:

Plaintiffs' Response is saturated with technical arguments to try and avoid the plain fact that they have brought 29 distinct cases that are improperly lumped together as one. They fail to address Defendant's argument that none of the incidents underlying the claims are specifically tied to the alleged policy that the Court cited as the basis for allowing them to be joined. Nor have they cited any cases similarly involving a disjointed set of incidents stitched together by a policy that does not actually bear on their occurrence where a Court determined joinder permissible.

Instead, Plaintiffs dance around the practical implications that weigh in favor of severance.

Initially, Defendant notes that Plaintiffs complain that the voluminous production of discovery is not a new factor that would support severance because the documents produced were always in possession of Defendant and could have been used in arguing the initial motion for severance. This misses the point. In those early pleading and dispositive motion phases, the parties were bound to address the pleadings. The Court was required to accept as true Plaintiff's allegations, including that all of the dissimilar incidents sprung from a single policy. Defendant's point in its Motion for Reconsideration is simply that Plaintiffs *now* have the benefit of significant data by which they should know that there is no common policy that caused every single incident to occur; and, as such, now is the appropriate time to address that deficiency.

Further, contrary to Plaintiffs' contention, this Motion is not brought for delay at all, but to avoid it. For instance, Defendant County intends to put on evidence regarding all of the alleged policies that Plaintiffs assert unite their claims. And if the Court agrees that the evidence does not reveal that the policies are what Plaintiffs have alleged, and did not cause one or more of the underlying alleged Constitutional infractions, what then? Perhaps the Court will be satisfied that a particular policy is relevant to some—but not all—of the claims. This will cause, rather than eliminate delays.

This Motion is also not brought to encumber the litigation process but to ensure effectiveness throughout. For example, Defendant County intends to prepare a summary judgment motion as to each Plaintiff's claim because each constitutional question has to be independently developed, regardless of whether there is a common policy (which the County denies). Those motions will focus on the underlying Constitutional violation. That is, one motion will have to examine whether Jacoby Pillow was subjected to excessive force. Another motion will have to analyze whether Nathan Henderson was denied medical care causing his pre-existing stab wound to become infected. Yet another will have to review the claims that Zachary Johnson was attacked by inmates and jailers failed to protect him.

The facts of each of these instances stand in stark contrast to one another and one incident cannot be used to show that any of the others occurred so they must be evaluated separately. Each underlying Constitutional violation must stand on its own. But Plaintiffs make absolutely no argument that these threshold issues are the same for all of the Plaintiffs. To the contrary, their own pleadings establish how very different they all are. And, while in the clinical environment in which motions may be decided makes it somewhat easier not to impermissibly conflate the cases, Plaintiffs also do not address how a jury is expected to manage not to use the facts from one case to make determinations about the truth of any other case.

In sum, the case is in a different posture than it was when the first Motion to Sever was filed and it is soundly within the Court's discretion to determine whether the Motion should be reconsidered at this juncture. The remaining process will likely highlight the challenges with having to litigate independent claims under a single case. As such, Defendant respectfully urges the Court to sever the cases

## CONCLUSION & PRAYER

For the reasons stated above, Defendant Harris County respectfully requests that the Court reconsider the denial of the County's Motion to Sever each of the 29 cases presented together in the First Amended Complaint and Garcia and Jenkins' Motions to Intervene. The County requests that the Court sever all of the claims into independent actions so that the proper *Monell* inquiry can be made.

Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
rjnavarro@rampagelaw.com

By: *Kelly R. Albin*
KELLY R. ALBIN
State Bar No. 24086079
kralbin@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay Blvd., Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 13th day of NOVEMBER 2024.

| | |
|---|---|
| Aaron Dekle | **By E-Filing Methods** |
| Paul Ashley Grinke | **By E-Filing Methods** |
| BEN CRUMP LAW, PLLC | |
| Email: aaron@bencrump.com | |
| Email: paul@bencrump.com | |
| **Attorney for Plaintiffs** | |

Benjamin L. Crump **By E-Filing Methods**
BEN CRUMP LAW PLLC
Email: court@bencrump.com
**Attorney for Plaintiffs**

Mohammed Obaid Shariff
Kevin M. Acevedo-Carlson
SHARIFF LAW FIRM PLLC
Email: mshariff@sharifflawfirm.com; kacevedo@sharifflawfirm.com
Email: Eservice@sharifflawfirm.com
**Attorney for Intervenor Ana Garcia and Estate of Kevin Trejo-Sanchez**

Taylor McCray Hunter
HUNTER LAW CORP., PC
Email: taylor@thehunterlaw.com
**Attorney for Intervenor Chandra Jenkins for Deqon Buford**

*Ricardo J. Navarro*
RICARDO J. NAVARRO
KELLY R. ALBIN