IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.** § | | |
| Plaintiffs § | | |
| § | | |
| § | | |
| v. § | | Civil Action No. 4:23-CV-02886 |
| § | | |
| **HARRIS COUNTY, TEXAS** § | | |
| Defendant § | | |
| § | | |
| **AND** § | | |
| § | | |
| **ANA GARCIA AND CHANDRA JENKINS,** § | | |
| Plaintiff – Intervenors § | | |

**DEFENDANT HARRIS COUNTY'S RULE 12(c) MOTION FOR JUDGMENT
DISMISSING PLAINTIFFS' WRONGFUL DEATH CLAIMS
AGAINST HARRIS COUNTY [OPPOSED]**
================================================================

MAY IT PLEASE THE COURT:

COMES NOW DEFENDANT HARRIS COUNTY, TEXAS and files this Rule 12(c) Motion for Judgment on the Pleading directed at the claims and causes of action purporting to assert a wrongful death claim by the Plaintiffs identified below.

## I. SUMMARY OF THE ISSUES

1. This Rule 12(c) Motion is directed solely at wrongful death claims urged by the following Plaintiffs, which are subject to Section 71.004 of the Texas Civil Practice & Remedies Code (i.e. "TCP&RC") that allows claims made on behalf of a "surviving spouse, children, and parents of the deceased (i.e. the statutory beneficiaries): OCTEVIA WAGNER, GABRIELLE SMITH, DWANNA JOHNSON individually and as the next friend of A.J, JACILET GRIFFIN-LEE, TIMOTHY LEE, TAMMY PETERSON, PHILLIP VALLAIRE, ANNETTE JAMES, SHANNON PIRO, DOLORES SMITH, as next friend of B.H., L.H., and J.H., AMANDA HARRIS, TRACY WOODSON-SMITH, KEVIN SMITH, SR., JUDITH JONES, DEBORAH SMITH both individually and as next friend of K.S. and K.W., JACKIE LUNA, both individually and as the next friend of J.L. and A.L., DIANE BAILEY RIJSENBURG, Individually and as heir

and representative[1] and FAWNYA DOIRON as the mother and heir and MARQUESA JACKSON as next friend of minors I.Z. and E.Z, children and heirs of Zachary Zepeda.[2]

2.    The legal question presented is that none of these Plaintiffs have capacity or standing as a matter of law to urge a wrongful death claim against DEFENDANT HARRIS COUNTY.

3.    This Court has already addressed this very question in an similar dispositive motion urged against Plaintiff Intervenor Ana Garcia, as to which this Court dismissed (albeit without prejudice) the wrongful death claims urged by Ana Garcia. *See ECF #84 Memorandum Order at pp. 22-23.*

4.    DEFENDANT now brings this Rule 12(c) Motion for Judgment on the Pleadings as to the remaining Plaintiffs who purport to bring wrongful death claims. Based on this Court's application of the Wrongful Death Statute to Plaintiff Intervenor Garcia, a similar outcome is warranted as to the Plaintiffs identified above whose pleadings are also deficient for purposes of the WDS, must, also be dismissed. To be clear, this Motion does not address the viability of the survival claims, which may be the subject of a separate motion.

5.    In Texas, survival actions are governed by Subchapter A, Chapter 71, of the Texas Civil Practice & Remedies Code ("TCP&RC") whereas wrongful death action, are governed by Subchapter B, Chapter 71, of the TCP&RC.

6.    HARRIS COUNTY contends that the pleadings pertaining to wrongful death claims and causes of action fatally deficient, not subject to being cured, and must therefore be dismissed as a matter of law. For the reasons more specifically explained below, DEFENDANT HARRIS COUNTY requests a Judgment of Dismissal with respect to all wrongful death claims urged on behalf of the statutory beneficiaries.

## II. PLEADING STATUS

7.    Plaintiffs initiated this action on 8/7/2023. *See ECF 1 Plaintiffs Original Complaint.* The live complaint is Plaintiff's First Amended Complaint ("FAC"), filed on 11/21/2023. *See ECF # 20 Plaintiff's First Amended Complaint*. The pleadings closed on 10/27/2024. *See ECF #56.*

---

[1] DIANNE BAILEY RIJSENBURG also brings a survival claim based on the in-custody death of Ramon Thomas. Rijsenburg is not listed with the Plaintiffs addressed in this motion because Defendants do not challenge her pleadings as to her wrongful death claim. However, Defendant does not concede that Rijsenberg can bring a survival action, for reasons which will be addressed by separate motion.

[2] Zachary Zepeda's date of death is not pleaded; but Zepeda did not die in custody of Harris County. He was included as a Plaintiff in the Original Complaint, which was filed on 8/7/2023.

Therefore, this Motion is ripe for consideration. *See* FRCP 12(c)("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.").

### III. ARGUMENT AND AUTHORITIES

**Rule 12(c) Standard**

8. A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir.2002)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes*, 278 F.3d at 420 (internal quotations omitted). Although we must accept the factual allegations in the pleadings as true, id., a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**Standing**

9. The remedies provided by § 1983 would fail if a decedent's cause of action did not survive his or her death. *DePaz Gonzalez v. Duane*, 858 Fed. App'x 734, 737 (5th Cir. 2021) (finding that a decedent's parents in Texas could bring a survivorship action). "State common law is used to fill the gaps in administration of civil rights suits" brought on behalf of a decedent. *Pluet v. Fraiser*, 355 F.3d 381, 383 (5th Cir. 2004); 42 U.S.C. § 1988(a).

10. Therefore, a party must have capacity and standing under the state's wrongful death or survival statutes to bring a claim under Section 1983. *Id.* at 383-84 (citing *Rhyne v. Henderson County*, 973 F.2d 386, 390–91 (5th Cir.1992) (finding that standing under Texas wrongful death and survival statutes is incorporated into the Federal Civil Rights Statutes); *Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir.1961) (looking to Georgia wrongful death and survival statutes to determine standing under the federal Civil Rights Statutes).

11. Pursuant to 42 U.S.C. § 1988, courts must look to the state wrongful death and / or survival statute to determine who has standing to bring a claim under § 1983 and in what capacity that claim can be brought. *Aguillard v. McGowen*, 207 F.3d 226, 231 (5th Cir. 2000). In Texas, the relevant statutes are the Texas Survival Statute ("TSS") and the Texas Wrongful Death Statute ("TWDS"). The TSS preserves an estate's claim for a decedent's personal injuries, while the TWDS provides recovery for the injuries of the statutorily identified classes of persons, separate

from the claims of the estate. *See Turk v. Mangum*, 268 F. Supp. 3d 928, 932 (S.D. Tex. 2017) (Hittner, J.).

**Texas Wrongful Death Statute**

12. The Texas Wrongful Death Statute (the "TWDS") states:

> "An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased."

*See* Tex. Civ. Prac. & Rem. Code § 71.004(a).

13. The statutory remedy is limited to a "surviving spouse" "children," and "parents" of the Deceased. *Id.; see also Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex. 1988) ("Wrongful death benefits attach to those classes of persons identified by the Act who suffer injury as a result of the death; wrongful death benefits do not belong to the decedent's estate.").

14. However, as this Court has explained, if the wrongful death claim is not brought within three calendar months of the death of the injured party, "his executor or administrator shall bring and prosecute the action." The Texas Supreme Court has interpreted the statute to mean that, three months after the death, the executor or administrator "*is the only possible party plaintiff.*" *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 574 (Tex. 2015) (emphasis added).

    **A.    Plaintiffs' Allegations Pertaining to Capacity and Standing**

15. Section II of the Plaintiffs' FAC lists the Parties and their representatives in somewhat haphazard order, starting at paragraph 12 and running through paragraph 43. DEFENDANTS have filed an Answer to the First Amended Complaint, but did not have information sufficient to admit that Plaintiffs had either the standing or the capacity to bring a wrongful death or a survival action. *See Defendant Harris County's Original Answer to Plaintiffs' First Amended Complaint* [ECF #67, at para. 3] (providing Rule 8 response and reserving right to inquire further into identity and capacity of party Plaintiffs).

16. The parties bringing claims based on an in-custody death and each party's relationship to the decedents (names in bold) are alleged as follows:

    A.    Octavia Wagner as the sister and heir of **Jacoby Pillow**. *See Plaintiffs' FAC*, ECF #20 at para. 12. Pillow died on Pillow died on 1/3/2023. *Id.* at para. 57.

    B.    Amanda Harris as the mother and heir of **Bryan Johnson**. *See Plaintiffs' FAC*, ECF #20 at para. 23. Johnson died on 10/1/2023. *Id.* at para. 68.

C.  Jacilet Griffin-Lee as the mother and heir of **Evan Ermayne Lee** and Timothy Lee as the father and heir of **Evan Ermayne Lee**. *See Plaintiffs' FAC*, ECF #20 at paras. 15-16. Evan Ermayne Lee died on 3/20/2022. *Id*. At para. 79.

D.  Annette James as the sister, heir, and representative of the heirs of **William Curtis Barrett**. *See Plaintiffs' FAC*, ECF #20 at para. 19. Barrett died on 11/20/2022. *Id*. at para. 87.

E.  Tracy Woodson-Smith as the mother and heir of **Kevin L. Smith, Jr**. and Kevin Smith, Sr. as the father and heir of Kevin Smith, Jr. *See Plaintiffs' FAC*, ECF #20 at para. 32. Kevin Smith, Jr. died on 1/31/2023. *Id*. at paras. 93, 97.

F.  Rijsenberg as mother and heir of Ramon Thomas. *See Plaintiffs' FAC*, ECF #20 at para. 35. Thomas died on 7/1/2023. *Id*. at paras. 105-106, within three months of suit being filed. *See fn. 1 supra.*

G.  Shannon Piro as the mother of **Nathan Henderson** and Dolores Smith, as mother and next friend of minors B.H., L.H., and J.H., children and heirs of Nathan Henderson. *See Plaintiffs' FAC*, ECF #20 at para. 20. Henderson died on 7/31/2022. *Id*. at paras. 114-115.

H.  Tammy Peterson as the mother and heir of **Deon Peterson** and Phillip Vallaire as the father and heir of Deon Peterson. *See Plaintiffs' FAC*, ECF #20 at paras. 17-18. Deon Peterson died on 8/10/2021. *Id*. at paras. 121-124.

I.  Gabrielle Smith as daughter and heir of **Gary Wayne Smith** and Dwanna Johnson, as the mother and next friend of A.J., a minor, brings these claims on behalf of A.J. as the heir of Gary Wayne Smith. *See Plaintiffs' FAC*, ECF #20 at para. 13. Gary Wayne Smith died on 1/10/2023. *Id*. at para. 131.

J.  Deborah Smith as mother of **Kristan Smith**, and next friend of minors K.S. and K.W., children and heirs of Kristan Smith. *See Plaintiffs' FAC*, ECF #20 at para. 39. Kristan Smith died on 5/28/2022. *Id*. at 139.

K.  Jackie Luna as the common law wife of **Robert Wayne Fore** and next friend of minors J.L. and A.L, children and heirs of Robert Wayne Fore. *See Plaintiffs' FAC*, ECF #20 at para. 41. Fore died on 5/24/2022. *Id*. at para. 145-146.

L.	Judith Jones as the mother and heir of **Michael Griego**. *See Plaintiffs' FAC*, ECF #20 at para. 40. Griego died on 11/22/2022. *Id*. at para. 155.

M.	Fawnya Doiron as the mother and heir of **Zachary Zepeda**, and Marquesa Jackson as next friend of minors I.Z. and E.Z, children and heirs of Zachary Zepeda. See ECF #28 and #30. Plaintiff does not allege when Zachary Zepeda died.

17.	DEFENDANT hereby represents to the Court that the dates of death pleaded by Plaintiffs are not contested and are either admitted in DEFENDANTS Answer to the First Amended Complaint or are established in the official autopsy reports pertaining to each decedent. Both the Jail Records and the Autopsy Reports of decedents have been produced to all counsel of record in this case.

18.	For purposes of this Motion, DEFENDANT requests that the Court take judicial notice of the legal fact that this lawsuit was filed on 8/7/2023. DEFENDANT further requests that the Court take judicial notice of the legal fact that none of the foregoing Plaintiffs, with the exception of Dianne Rijsenberg, initiated legal proceedings within three calendar months of the death of the respective decedents whose wrongful death beneficiaries Plaintiffs purport to represent.

**B.	Pleading Deficiencies as to Plaintiff Wagner and Plaintiff James**

19.	Plaintiff Wagner is a sibling of Decedent Jacoby Pillow and Plaintiff James is a sibling of William Curtis Barrett. Siblings are not within the category of statutory beneficiaries entitled to bring a wrongful death action. *See, e.g., Aguillard v. McGowen*, 207 F.3d 226, 231 (5th Cir. 2000) ("As siblings are, based on the plain language of the statutes, plainly not within the scope of the Texas Wrongful Death and Survivor Statutes, we decline to permit Harrison and Hamilton to bring this action in their individual capacities. Upon retrial, then, Harrison and Hamilton must be dismissed as individual parties."). Accordingly, any wrongful death claims purportedly brought by Plaintiff Wagner based on the death of Jacoby Pillow or by Plaintiff James based on the death of William Curtis Barrett, must be dismissed. Further, because these Plaintiffs are not statutory beneficiaries, this defect is incurable as to these Plaintiffs. Therefore a judgment of dismissal is properly with prejudice.

**C.	Pleading Deficiencies as to All Other Plaintiffs Named Herein.**

20.	As to the remaining Plaintiffs identified in this motion, the pleadings do not establish that any of the plaintiffs brought their wrongful death claim within three calendar months of the death of decedent, as specified by Section 71.004(c), TCP&RC. This too is an incontrovertible legal fact.

21. The Texas Supreme Court has interpreted Section 71.004(c) to mean that three months after the death, the executor or administrator is the only possible party plaintiff to pursue a wrongful death claim. *See Section 71.004(c), TCP&RC; see also In re Bridgestone Americas Tire Operations, LLC,* 459 S.W. 3d 565, 574 (Tex. 2015).

22. Nowhere in Plaintiffs' live complaint do Plaintiffs represent to the Court that they are the "executor or administrator" of the Decedent's estate, despite having over a year to consider their pleadings.

23. Further, nowhere in the live Complaint do Plaintiffs plead that they have the authority or capacity to urge a wrongful death cause of action on behalf of statutory beneficiaries. Therefore, Plaintiffs' wrongful death claims must be dismissed as a matter of law.

22. Moreover, as mentioned above, this Court has already ruled with respect to Plaintiff Intervenor Ana Garcia's wrongful death claims (based on the death of her son, Kevin Sanchez Trejo) that the wrongful death cause of action is dismissed without prejudice for the reasons outlined above. *See ECF #84, Memorandum & Order at pp. 21-23*. This was so even though Ana Garcia pleaded that she was the mother of the decedent.

23. The same outcome is warranted here, albeit DEFENDANT would urge that given the procedural posture of the case, a Judgment of Dismissal with prejudice is warranted.

## CERTIFICATE OF CONFERENCE

23. Counsel for DEFENDANT HARRIS COUNTY had previously raised the question about both the standing and the capacity of the named Plaintiffs to urge not only the survival action on behalf of the decedent's estate, but the wrongful death claims on behalf of the statutory beneficiaries. DEFENDANT circulated a draft Rule 12(c) motion raising these issues, exchanged correspondence with counsel for Ana Garcia, and conferred by phone and by zoom with counsel for the majority of the Wagner Plaintiffs. The Wagner Plaintiffs are opposed to this motion.

## CONCLUSION & PRAYER

For the reasons stated above, DEFENDANT HARRIS COUNTY requests that the Court grant it Rule 12(c) Motion for Judgment as to all of the wrongful death claims urged by the above-referenced Plaintiffs for the reasons stated above dismissing the claims with prejudice.

SIGNED on the 19th day of NOVEMBER.

Respectfully submitted,

|  | By: | *Ricardo J. Navarro* |
|---|---|---|
|  |  | RICARDO J. NAVARRO |
|  |  | State Bar No. 14829100 |
|  |  | rjnavarro@rampagelaw.com |

|  | By: | *Kelly R. Albin* |
|---|---|---|
|  |  | KELLY R. ALBIN |
|  |  | State Bar No. 24086079 |
|  |  | kralbin@rampagelaw.com |

**DENTON NAVARRO RODRIGUEZ
  BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay Blvd., Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

**COUNSEL FOR DEFENDANT
HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 19th day of NOVEMBER 2024.

| | |
|---|---|
| Aaron Dekle | **By E-Filing Methods** |
| Paul Ashley Grinke | **By E-Filing Methods** |
| Benjamin L. Crump | **By E-Filing Methods** |

BEN CRUMP LAW, PLLC
Email: aaron@bencrump.com
Email: paul@bencrump.com
Email: court@bencrump.com
**Attorneys for Wagner Plaintiffs**

Mohammed Obaid Shariff
Kevin M. Acevedo-Carlson
SHARIFF LAW FIRM PLLC
Email: mshariff@shariflawfirm.com; kacevedo@shariflawfirm.com
Email: Eservice@shariflawfirm.com
**Attorney for Plaintiff Intervenor Ana Garcia
  and Estate of Kevin Trejo-Sanchez**

Taylor McCray Hunter
HUNTER LAW CORP., PC
Email: taylor@thehunterlaw.com
**Attorney for Intervenor Chandra Jenkins for Deqon Buford**

*Ricardo J. Navarro*
RICARDO J. NAVARRO
KELLY R. ALBIN