IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.** § | | |
|     **Plaintiffs** § | | |
| § | | |
| § | | |
| **v.** § | Civil Action No. 4:23-CV-02886 | |
| § | | |
| **HARRIS COUNTY, TEXAS** § | | |
|     **Defendant** § | | |
| § | | |
| **AND** § | | |
| § | | |
| **ANA GARCIA AND CHANDRA JENKINS,** § | | |
|     **Plaintiff – Intervenors** § | | |

**DEFENDANT HARRIS COUNTY'S RULE 12(c) MOTION FOR JUDGMENT
DISMISSING PLAINTIFFS' SURVIVAL CLAIMS
AGAINST HARRIS COUNTY [OPPOSED]**
========================================================

MAY IT PLEASE THE COURT:

    COMES NOW DEFENDANT HARRIS COUNTY, TEXAS and files this Rule 12(c) Motion for Judgment on the Pleading directed at the claims and causes of action purporting to assert survival claims by the Plaintiffs identified below.

### I.    SUMMARY OF THE ISSUES

1.    This Rule 12(c) Motion is directed solely at survival claims urged by the following Plaintiffs, under the authority of Subchapter B, Section 71.021, TCP&RC[1] (Survival of Cause of Action).

2.    Here, the named Plaintiffs urging a survival cause of action on behalf of decedents who died while in custody of the Harris County Jail are listed in the live Complaint as follows:

OCTEVIA WAGNER, GABRIELLE SMITH, DWANNA JOHNSON individually and as the next friend of A.J, JACILET GRIFFIN-LEE, TIMOTHY LEE, TAMMY PETERSON, PHILLIP VALLAIRE, ANNETTE JAMES, SHANNON PIRO, DOLORES SMITH, as next friend of B.H., L.H., and J.H., AMANDA HARRIS, TRACY WOODSON-SMITH, KEVIN SMITH, SR., JUDITH JONES, DEBORAH SMITH both individually and as next friend of K.S. and K.W.,

---

[1] Texas Civil Practice & Remedies Code.

JACKIE LUNA, both individually and as the next friend of J.L. and A.L., DIANE BAILEY RIJSENBURG, FAWNYA DOIRON, and MARQUESA JACKSON as next friend of minors I.Z. and E.Z, children and heirs of Zachary Zepeda.[2]

3.   HARRIS COUNTY contends that the pleadings pertaining to the survival action by the named Plaintiffs are deficient and must therefore be dismissed as a matter of law, for the reasons as more fully explained below.

## II. PLEADING STATUS

4.   Plaintiffs initiated this action on 8/7/2023. *See ECF #1 Plaintiffs Original Complaint.* The live complaint is Plaintiffs' First Amended Complaint ("FAC"), filed on 11/21/2023. *See ECF # 20 Plaintiffs' First Amended Complaint*. The pleadings closed on 10/27/2024. *See ECF #56.* Therefore, this Motion is ripe for consideration. *See* FRCP 12(c)("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.").

## III.   APPLICABLE LAW & LEGAL STANDARDS

RULE 12(C) STANDARD

5.   A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir.2002)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes*, 278 F.3d at 420 (internal quotations omitted). Although we must accept the factual allegations in the pleadings as true, id., a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

STANDING

6.   The remedies provided by § 1983 would fail if a decedent's cause of action did not survive his or her death. *DePaz Gonzalez v. Duane*, 858 Fed. App'x 734, 737 (5th Cir. 2021) (finding that a decedent's parents in Texas could bring a survivorship action). "State common law is used to fill the gaps in administration of civil rights suits" brought on behalf of a decedent. *Pluet v. Fraiser*, 355 F.3d 381, 383 (5th Cir. 2004); 42 U.S.C. § 1988(a).

---

[2] Zachary Zepeda's did not die while in custody but apparently died after being released. His substituted survival claim was later allowed by the Court. *See ECF #30.*

7.     Therefore, a party must have capacity and standing under the state's wrongful death or survival statutes to bring a claim under Section 1983. *Id.* at 383-84 (citing *Rhyne v. Henderson County*, 973 F.2d 386, 390–91 (5th Cir.1992) (finding that standing under Texas wrongful death and survival statutes is incorporated into the Federal Civil Rights Statutes); *Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir.1961) (looking to Georgia wrongful death and survival statutes to determine standing under the federal Civil Rights Statutes).

8.     Pursuant to 42 U.S.C. § 1988, courts must look to the state wrongful death and / or survival statute to determine who has standing to bring a claim under § 1983 and in what capacity that claim can be brought. *Aguillard v. McGowen*, 207 F.3d 226, 231 (5th Cir. 2000). In Texas, the relevant statutes are the Texas Survival Statute ("TSS") and the Texas Wrongful Death Statute ("TWDS"). DEFENDANT addressed deficiencies pertaining to the wrongful death claims in a previously filed separate motion and those will not be re-addressed here. *See ECF #93*.

**Texas Survival Statute, Subchapter B, Chapter 71, TCP&RC**

9.     Under the Texas Survival Statute, a personal injury action by a decedent survives the death of a decedent. See §71.021(a).

10.    A personal injury action survives "to and in favor of the heirs, legal representatives, and estate of the injured person." See §71.021(b).

11.    The parties to a survival action seek adjudication of the decedent's own claims for the personal injuries inflicted by a tortfeasor. Had the decedent lived, decedent would have had standing to seek redress in the courts for those injuries. Due to the death of an injured person, a representative must instead pursue the claim on behalf of the decedent. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005).

12.    A decedent's estate is not a legal entity and may not properly sue or be sued as such. The Survival Statute therefore allows an appropriate plaintiff to sue on behalf of the decedent. *Austin Nursing Ctr., Inc.*, 171 S.W.3d at 849.

13.    Only certain individuals are afforded the capacity to bring a claim on an estate's behalf. In general, only the estate's personal representative has the capacity to bring a survival claim. *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971) ("[T]he personal representative ... is ordinarily the only person entitled to sue for the recovery of property belonging to the estate."); *see also Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex.1998). Under certain circumstances heirs may be entitled to sue on behalf of the decedent's estate. *Shepherd*, 962 S.W.2d at 31–32.

14.     Section II of the Plaintiffs' FAC lists the Parties and their representatives. *See ECF #20*. DEFENDANT has filed an Answer to the FAC, but did not admit that Plaintiffs had either the standing or the capacity to bring a wrongful death or a survival action. *See ECF #67 at para. 3*.

12.     Plaintiffs' pleadings are haphazard and difficult to follow, but an analysis of the pleadings sorted out in a manner relevant to the challenge raised here reveals the following:

- A.     Octavia Wagner as the sister and heir of **Jacoby Pillow**. *See Plaintiffs' FAC*, ECF #20 at para. 12. Pillow died on Pillow died on 1/3/2023. *Id.* at para. 57.
- B.     Amanda Harris as the mother and heir of **Bryan Johnson**. *See Plaintiffs' FAC*, ECF #20 at para. 23. Johnson died on 10/1/2023. *Id.* at para. 68.
- C.     Jacilet Griffin-Lee as the mother and heir of **Evan Ermayne Lee** and Timothy Lee as the father and heir of **Evan Ermayne Lee**. *See Plaintiffs' FAC*, ECF #20 at paras. 15-16. Evan Ermayne Lee died on 3/20/2022. *Id.* At para. 79.
- D.     Annette James as the sister, heir, and representative of the heirs of **William Curtis Barrett**. *See Plaintiffs' FAC*, ECF #20 at para. 19. Barrett died on 11/20/2022. *Id.* at para. 87.
- E.     Tracy Woodson-Smith as the mother and heir of **Kevin L. Smith, Jr**. and Kevin Smith, Sr. as the father and heir of Kevin Smith, Jr. *See Plaintiffs' FAC*, ECF #20 at para. 32. Kevin Smith, Jr. died on 1/31/2023. *Id.* at paras. 93, 97.
- F.     Rijsenberg as mother and heir of Ramon Thomas. *See Plaintiffs' FAC*, ECF #20 at para. 35. Thomas died on 7/1/2023. *Id.* at paras. 105-106, within three months of suit being filed. *See fn. 1 supra*.
- G.     Shannon Piro as the mother of **Nathan Henderson** and Dolores Smith, as mother and next friend of minors B.H., L.H., and J.H., children and heirs of Nathan Henderson. *See Plaintiffs' FAC*, ECF #20 at para. 20. Henderson died on 7/31/2022. *Id.* at paras. 114-115.
- H.     Tammy Peterson as the mother and heir of **Deon Peterson** and Phillip Vallaire as the father and heir of Deon Peterson. *See Plaintiffs' FAC*, ECF #20 at paras. 17-18. Deon Peterson died on 8/10/2021. *Id.* at paras. 121-124.
- I.     Gabrielle Smith as daughter and heir of **Gary Wayne Smith** and Dwanna Johnson, as the mother and next friend of A.J., a minor, brings these claims on behalf of A.J. as the heir of Gary Wayne Smith. *See Plaintiffs' FAC*, ECF #20 at para. 13. Gary

        Wayne Smith died on 1/10/2023. *Id*. at para. 131.

J.     Deborah Smith as mother of **Kristan Smith**, and next friend of minors K.S. and K.W., children and heirs of Kristan Smith. *See Plaintiffs' FAC*, ECF #20 at para. 39. Kristan Smith died on 5/28/2022. *Id*. at 139.

K.     Jackie Luna as the common law wife of **Robert Wayne Fore** and next friend of minors J.L. and A.L, children and heirs of Robert Wayne Fore. *See Plaintiffs' FAC*, ECF #20 at para. 41. Fore died on 5/24/2022. *Id*. at para. 145-146.

L.     Judith Jones as the mother and heir of **Michael Griego**. *See Plaintiffs' FAC*, ECF #20 at para. 40. Griego died on 11/22/2022. *Id*. at para. 155.

M.     Fawnya Doiron as the mother and heir of **Zachary Zepeda**, and Marquesa Jackson as next friend of minors I.Z. and E.Z, children and heirs of Zachary Zepeda. See ECF #28 and #30. Plaintiff does not allege when Zachary Zepeda died.

*See ECF #20 – Plaintiff's First Amended Complaint.*

### III.     ARGUMENT

**The Pleadings Do Not Establish That The Plaintiffs In Fact Represent The Estates**

15. None of the Plaintiffs have made any factual averments suggesting that he or she is the administrator of the decedent's estate for whom they appear to be trying to bring the claim. Plaintiffs plead that they are either statutory beneficiaries of the estate, or that they are "heirs" of the estate, but none of them plead that they are the legal representative of the estate or the independent executor of the estate. As such, Plaintiffs may be eligible to be a representative of the estate, but they do not in fact plead or represent that they can legally speak for the estate for purposes of this lawsuit.

16. Some Plaintiffs will undoubtedly point to the Estates Code and contend that he / she / they fit the definition of an "Heir" under Chapter 22 of the Texas Estates Code and therefore entitled to appear in court on behalf of the Estate.

17. In general, only the estate's personal representative has the capacity to bring a survival claim. *Frazier v. Wynn,* 472 S.W.2d 750, 752 (Tex.1971) ("[T]he personal representative ... is ordinarily the only person entitled to sue for the recovery of property belonging to the estate."); *see also Shepherd v. Ledford,* 962 S.W.2d 28, 31 (Tex.1998).

18. To be sure, some caselaw provides that under certain circumstances "heirs" may be entitled to sue on behalf of the decedent's estate. *Shepherd,* 962 S.W.2d at 31–32. For example, *Shepherd,* held that "[h]eirs at law can maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none [is] necessary." *See also Austin Nursing Center*, 171 S.W.3d at 850-51.

19. However, no such averment is contained in the live complaint, even assuming that it is a correct statement of the law – which is not conceded here. DEFENDANT is not obligated to fill in the gaps of Plaintiffs' pleadings, especially with respect to legally material facts that establish Plaintiffs' status as a proper representative of the Estate.

20. Moreover, as is apparent from the party pleadings, some of the decedent's estates have multiple "heirs" pleading on their behalf. It is impossible for DEFENDANT to know which Plaintiff speaks for the estate, especially since the pleadings make no effort to address who is, in fact and in law, the legal representative of the estate. DEFENDANT is forced to guess.

21. An "heir" as defined by the Estates Code may be entitled to a distribution from a recovery made on behalf of an estate, but that is quite different from being the legally appointed administrator or executor of the estate itself. Plaintiffs' live complaint is sorely deficient in this respect. And hence the necessity of this Rule 12(c) challenge to the capacity of the Plaintiffs to bring a survival claim on behalf of the Estate of the Decedent they purport to speak for.

**CERTIFICATE OF CONFERENCE**

22. Counsel for DEFENDANT HARRIS COUNTY previously raised the question about both the standing and the capacity of the named Plaintiffs to urge not only the survival action on behalf of the decedents' estate, but the wrongful death claims on behalf of the statutory beneficiaries. DEFENDANT circulated a draft Rule 12(c) motion raising these issues, exchanged correspondence with counsel for Ana Garcia, and conferred by phone and by zoom with counsel for the majority of the Wagner Plaintiffs. The Wagner Plaintiffs are opposed to this motion.

**CONCLUSION & PRAYER**

For the reasons stated above, DEFENDANT HARRIS COUNTY requests that the Court grant this Rule 12(c) Motion for Judgment as to all of the survival claims urged by the above-referenced Plaintiffs for the reasons stated above dismissing the claims with prejudice.

SIGNED on the 20th day of NOVEMBER.

Respectfully submitted,

      By:   *Ricardo J. Navarro*
              RICARDO J. NAVARRO
              State Bar No. 14829100
              rjnavarro@rampagelaw.com

      By:   *Kelly R. Albin*
              KELLY R. ALBIN
              State Bar No. 24086079
              kralbin@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ**
  **BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay Blvd., Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

**COUNSEL FOR DEFENDANT
HARRIS COUNTY, TEXAS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 20th day of NOVEMBER 2024.

| | |
|---|---|
| Aaron Dekle | **By E-Filing Methods** |
| Paul Ashley Grinke | **By E-Filing Methods** |
| Benjamin L. Crump | **By E-Filing Methods** |

BEN CRUMP LAW, PLLC
Email: aaron@bencrump.com
Email: paul@bencrump.com
Email: court@bencrump.com
**Attorneys for Wagner Plaintiffs**

Mohammed Obaid Shariff
Kevin M. Acevedo-Carlson
SHARIFF LAW FIRM PLLC
Email: mshariff@sharifflawfirm.com; kacevedo@sharifflawfirm.com
Email: Eservice@sharifflawfirm.com
**Attorney for Plaintiff Intervenor Ana Garcia
  and Estate of Kevin Trejo-Sanchez**

Taylor McCray Hunter
HUNTER LAW CORP., PC
Email: taylor@thehunterlaw.com
**Attorney for Intervenor Chandra Jenkins for Deqon Buford**

*Ricardo J. Navarro*
RICARDO J. NAVARRO
KELLY R. ALBIN