**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **Vs** | § | **Civil Action No. 4:23-CV-02886** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| **Defendant** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS,** | § | |
| **Plaintiff – Intervenors** | § | |

**DEFENDANT HARRIS COUNTY'S OPPOSED MOTION TO QUASH
DOCUMENT PRODUCTION SUBPOENAS TO NON-PARTY
LAW ENFORCEMENT AGENCIES**
================================================================

MAY IT PLEASE THE COURT:

      NOW COMES DEFENDANT HARRIS COUNTY and files Motion to Quash three Non-Party Document production Subpoenas served upon three different law enforcement agencies with whom DEFENDANT HARRIS COUNTY shares or exchanges law enforcement information. This Motion to Quash is needed to protect the interests of DEFENDANT HARRIS COUNTY from the release of documents and information that pertains to this lawsuit, but which is held by other law enforcement agencies that are not themselves a party to this litigation and who are not in a position to protect the interests of DEFENDANT HARRIS COUNTY.

**PROCEDURAL STATUS**

1.    This is a Section 1983 civil rights action against DEFENDANT HARRIS COUNTY brought by current and former jail inmates and detainees held in the Harris County Jail operated by the Harris County Sheriff's Office. Plaintiffs' and Intervenors urge a condition of confinement as well as an episodic acts theory of liability. Document discovery against DEFENDANT HARRIS COUNTY is ongoing.

2.    On or about 1/2/2025, Plaintiffs served three Rule 45, FRCP Subpoenas for Production of Documents, Information, or Objects or to Permit Inspection of Premises upon three different law enforcement agencies, which are not parties to this lawsuit, to wit: 1) the FBI (ECF #104), 2) the

Houston Police Department (HPD) (ECF #105), and 3) the Texas Rangers (ECF #106). The Subpoenas were issued under this civil case and cause number by counsel for Plaintiffs and counsel for Intervenors. Each of the Rule 45 Subpoenas includes an Attachment "A" of Documents to be Produced and list records pertaining to specific Plaintiffs, but which in the following paragraphs makes broad and global demands for records pertaining to the claims and causes of action in this instant lawsuit. *See ECF #104, 105, and 106, attachment "A", respectively.* A copy of the three Rule 45 Subpoenas and the accompanying Attachment is appended to this Motion as Exhibit #1, #2, and #3, respectively.

3.     The request from each respective law enforcement agency, a broad and exhaustive list of records. *See attached Exhibit "A" which is appended to each Subpoena referenced above.*

4.     DEFENDANT HARRIS COUNTY has an interest in reviewing and objecting to, and requiring a protective order pertaining to the production of documents held by each of the three non-party law enforcement agencies. This is true as to even paragraph #1, which lists specific files, but also to the broader category of documents requested in the remaining paragraphs of Exhibit A.

5.     DEFENDANT contends that for Plaintiffs to secure documents from non-party law enforcement agencies without providing DEFENDANT the opportunity to review and object to production of unknown, unspecified content, undermines the COUNTY's ability to defend on the merits of the claims being made in the case by Plaintiffs. While there may be content held by the non-party agencies that is also held by DEFENDANT HARRIS COUNTY, and which may be discoverable, the COUNTY is unable to ascertain this if it is precluded from having the opportunity to preview materials responsive to the Rule 45 Subpoena and to object to production of same.

## SUMMARY OF THE ISSUES

6.     Whether the Non-Party Subpoenas are overly broad and improperly seek information pertaining to Harris County from law enforcement agencies that Plaintiffs would not otherwise be allowed to obtain via the direct discovery processes in the instant case.

## SUMMARY OF THE ARGUMENT

7.     While there is some information held by the Non-Party law enforcement agencies that may be relevant to the claims and causes of action against DEFENDANT HARRIS COUNTY, the overly broad 3rd Party Subpoenas do not provide DEFENDANT with an opportunity to review of object to documents and information held by the Non-Party law enforcement agencies which is

either not relevant to the claim in this case or which remain restricted from disclosure to any person other the law enforcement agencies themselves.

8.      DEFENDANT'S justification and grounds for this Motion are further elaborated in the legal arguments below.

## ARGUMENT AND AUTHORITIES

**A.    Law Enforcement and Personnel Records Are Protected from Public Disclosure By Various Provisions Of State Law And Are A Proper Subject Of A Protective Order.**

9.      **Criminal Investigation Files**. Section 552.108, Texas Government Code, exempts from public disclosure information held by a law enforcement agency that deals with the investigation of crime if that investigation did not result in conviction or deferred adjudication. *See* Tex. Gov't Code §552.108(a)(2). Additionally, internal records or notations of a law enforcement agency that are maintained for internal use in a matter relating to law enforcement or prosecution are exempt from public disclosure. *See* Tex. Gov't Code §552.108(b)(2).

10.     **Internal Affairs Division Files**. Internal Affairs Division files are investigatory files that relate to disciplinary action against peace officers. These files are created by the police department for the police department's use and thus, not subject to public disclosure except with an individual officer's written consent. *See City of San Antonio v. Texas Attorney General*, 851 S.W.2d 946, 949 (Tex. App.–Austin 1993, writ denied). Therefore, any Internal Affairs Division file, including HCSO Internal Affairs File #2020-00260, would be confidential and exempt from public Disclosure. *See also Section 143.089 and 143.1214, Texas Local Gov't Code (re privileges pertaining to IA and personnel files).*

11.     **Personnel Files.** Personnel files are employment files maintained by a law enforcement officer's employer contain specific personnel information that is confidential under relevant Texas law and thus, exempt from public disclosure. *See* Texas Government Code, Chapter 552 *et seq*. Specifically, the statutory exemptions include but are not limited to personnel information, including employee ID number; the home address and telephone numbers, social security numbers, and information on family members of peace officers; and investigation of a crime under certain circumstances. *See* Tex. Gov't Code §§552.102, 552.117, 552.1175, & 557.108(a)(2).

12.     Chapter 411, Texas Gov't Code Content. In addition, the foregoing categories of files will likely contain criminal history information that is restricted and protected under Chapter 411, Texas Gov't Code. Although criminal history information intended for use by approved law enforcement agencies may be transferred and transmitted between law agencies for law

enforcement purposes, disclosure of covered information to third persons or parties, especially private parties, would run afoul of the restrictions and limitations set out in Chapter 411, Texas Government Code. *See specifically Section 411.084 and 411.085, Texas Gov't Code.* This restriction also presents good cause for a protective order as requested in this Motion to Quash and for Protection.

**B.    Good Cause Exists for Modification of the Subpoenas and Entry of a Protective Order.**

13.    Good cause exists for modification of the Non-Party subpoenas issued by Plaintiffs and Intervenor in this case. The Non-Party law enforcement agencies, despite holding law enforcement protected information obtained from DEFENDANT HARRIS COUNTY, are not able to protect HARRIS COUNTY's interests in this litigation. By issued Non-Party Subpoenas, Although the Non-Party law enforcement

**CERTIFICATE OF CONFERENCE**

14.    DEFENDANT has shared a draft copy of the Motion to Quash with Counsel for Plaintiffs initially by email directed to counsel who requested the Rule 45 Subpoenas, Counsel of Record Attorney Carl Lenford Evans, Counsel for Plaintiffs, sent on Monday, Jan. 13, 2025, as well as other Plaintiffs' counsel. No response.  DEFENDANT sent a follow up email on Wednesday, Jan. 15, 2025, with a copy of this Motion.  No Response. Given the pending deadline set in the Rule 45 Subpoenas, DEFENDANT will treat the Motion as Opposed.

**CONCLUSION & PRAYER**

THEREFORE, for the reasons elaborated above, DEFENDANT HARRIS COUNTY requests that the Court grant this Motion to Quash and for Protection as reflected in the proposed Order appended to this Motion.

SIGNED on the 16th day of JANUARY 2025.

Respectfully submitted,


By:    *Ricardo J. Navarro*
       RICARDO J. NAVARRO
       State Bar No. 14829100
       So. Dist. Id No. 5953
       rjnavarro@rampagelaw.com

KELLY R. ALBIN
State Bar No. 24086079
So. Dist. Id No. 3792304

**DENTON NAVARRO RODRIGUEZ**
**BERNAL SANTEE & ZECH, P.C.**
549 Egret Bay Blvd., Ste. 200
League City, Texas 77573
832.632.2102 (O)
832.632.3124 (F)
**COUNSEL FOR DEFENDANT**
**HARRIS COUNTY, TEXAS**

### CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on this the 16TH day of JANUARY 2025, to wit:

| | |
|---|---|
| Benjamin L. Crump | Email: court@bencrump.com |
| Paul Ashley Grinke | Email: paul@bencrump.com |
| Aaron Dekle | Email: aaron@bencrump.com |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Karl Lenford Evans, Jr. | Email: cevans@mccathernlaw.com |
| McCathern Law Firm | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Mohammed Obaid Shariff | Email: mshariff@sharifflawfirm.com; |
| Kevin M. Acevedo-Carlson | Email: kacevedo@sharifflawfirm.com |
| Russell Ross | Email: rross@sharifflawfirm.com |
| Shariff Law Firm | Email: eservice@sharifflwfirm.com |
| SHARIFF LAW FIRM | |
| ATTORNEY FOR INTERVENOR ANA GARCIA | |
|   & KEVIN SANCHEZ TREJO | |
| | |
| Taylor McCray Hunter | Email: taylor@thehunterlaw.com |
| Kevin Green | Email: kevin@consumerjusticecenter.com |
| Thomas Lyons Jr. | Email: tommy@consumerjusticecenter.com |
| Andi Weber | Email: andi@consumerjusticecenter.com |
| ATTORNEY FOR INTERVENOR CHANDRA JENKINS | |
|   & DEQON BUFORD | |

*Ricardo J. Navarro*
RICARDO J. NAVARRO