Case 4:23-cv-02886   Document 120   Filed on 03/28/25 in TXSD   Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **OCTEVIA WAGNER,** *et al.*, | § |
| | § |
| *Plaintiffs,* | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:23-CV-2886 |
| | § |
| **HARRIS COUNTY, TEXAS,** | § |
| | § |
| *Defendant.* | § |

## MEMORANDUM & ORDER

This action arises out of a series of incidents that occurred in the Harris County Jail resulting in the death or serious injury of 29 detainees. Before the Court are Proposed Plaintiff Henry Kmiec's Motion to Consolidate (ECF No. 82), Defendant's Motion to Reconsider Motion to Sever (ECF No. 86), Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Wrongful Death Claims (ECF No. 93), Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Survival Claims (ECF No. 94), Plaintiff-Intervenor Ana Garcia's Motion for Reconsideration (ECF No. 96), and Defendant's Motion to Quash Document Production Subpoenas to Non-Party Law Enforcement Agencies (ECF No. 109).

For the reasons that follow, Proposed Plaintiff Henry Kmiec's Motion to Consolidate is DENIED, Defendant's Motion to Reconsider Motion to Sever is DENIED, Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Wrongful Death Claims is DENIED, Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Survival Claims is DENIED, Plaintiff-Intervenor Ana Garcia's Motion for Reconsideration is GRANTED, and Defendant's Motion to Quash Document Production Subpoenas to Non-Party Law Enforcement Agencies is DENIED.

1

I.   BACKGROUND

This case involves a series of disturbing occurrences in which 29 pre-trial detainees at the Harris County Jail ("the Jail") died or suffered serious injury. The original action was brought by a combination of the detainees themselves and the representatives of the deceased detainees' estates against Defendant Harris County. Plaintiffs asserted § 1983 claims for unconstitutional conditions of confinement and failure to train or supervise along with claims for violations of the Americans with Disability Act ("ADA") and the Rehabilitation Act ("RA"). Defendant filed a Motion to Dismiss Plaintiff-Intervenors' Amended Complaint. ECF No. 21. On June 4, 2024, the Court granted the Motion to Dismiss with respect to Plaintiffs' ADA and RA claims and denied the Motion with respect to Plaintiffs' conditions-of-confinement and failure-to-train claims. ECF No. 51.

In addition to the original Plaintiffs, the Court granted Motions to Intervene filed by Ana Garcia and Chandra Jenkins, mothers of decedents Kevin Alexander Sanchez-Trejo and Dequon Buford respectively. ECF No. 40. Plaintiff-Intervenor Garcia brought § 1983 claims for unconstitutional conditions of confinement, for failure to train or supervise, and for survivorship and wrongful death. ECF No. 41. Plaintiff-Intervenor Jenkins brought § 1983 claims for unconstitutional conditions of confinement and for failure to train or supervise along with ADA and RA claims. ECF No. 42. Defendant filed a Motion to Dismiss Ana Garcia's complaint, ECF No. 44, and a Motion to Dismiss Chandra Jenkins's complaint, ECF No. 43. On October 7, 2024, the Court granted Defendant's Motion to Dismiss Plaintiff-Intervenor Ana Garcia's Complaint with respect to her conditions-of-confinement claims related to disparate staff scrutiny and housing outside of Harris County and her wrongful death claims, and denied the Motion with respect to Garcia's remaining conditions-of-confinement claims, failure-to-train claims, and survivorship

2

claims. ECF No. 84. The Court also granted Defendant's Motion to Dismiss Plaintiff-Intervenor Chandra Jenkins's Complaint with respect to Jenkins's ADA and RA claims, and denied the Motion with respect to Jenkins's conditions-of-confinement and failure-to-train claims. *Id.*

Now before the Court are Henry Kmiec's Motion to Consolidate (ECF No. 82), Defendant's Motion to Reconsider Motion to Sever (ECF No. 86), Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Wrongful Death Claims (ECF No. 93), Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Survival Claims (ECF No. 94), Plaintiff-Intervenor Ana Garcia's Motion for Reconsideration (ECF No. 96), and Plaintiff-Intervenor Ana Garcia's Motion to Compel (ECF No. 113). All the pending Motions are ripe for determination.

II.   ANALYSIS

   a.   **Henry Kmiec's Motion to Consolidate (ECF No. 82)**

Henry Kmiec filed a Motion to Consolidate *Wagner et. al v. Harris County, Texas*, No. 4:23-CV-02886 (S.D. Tex.) and *Henry Kmiec v. Harris County, et al.*, No. 4:24-cv-01932 (S.D. Tex.). ECF No. 82.

Rule 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court may…consolidate the actions." FED. R. CIV. P. 42(a)(2). Factors for a court to consider in deciding whether consolidation is appropriate include the following: (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is risk of prejudice or confusion if the cases are consolidated, and, if so, whether the risk of inconsistent adjudications of factual and legal issues, if the cases are handled separately, outweighs the risk of prejudice or confusion; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at

different stages of preparation. *See, e.g., David H. Russell Fam. Ltd. P'ship, LLLP v. Dernick*, No. 4:17-CV-1230, 2018 WL 8733161, at *1 (S.D. Tex. Mar. 7, 2018) (listing the six factors).

Although Rule 42(a)(2) permits consolidation, the rule does not require consolidation, and "[a] court has wide discretion in deciding" whether to consolidate two or more cases. *Id.* at *1 (citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989)). "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Mills*, 886 F.2d at 762; *see also Rimkus Consulting Group, Inc. v. Cammarat*a, 2008 WL 5210722, at *2 (S.D.Tex. Dec.12, 2008) ("The court also considers whether the cases are at different stages of trial preparation."). Further, a motion under Rule 42(a) must be denied "if it would prejudice the rights of the parties." *Raymond v. Ivest Props.*, LLC, No. SA-20-CV-00965-FB, 2021 WL 725819, at *2 (W.D. Tex. Feb. 17, 2021) (quoting *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983)).

In the exercise of its broad discretion, the Court declines to consolidate the cases. Both cases are pending in the Southern District of Texas, but they are before two different judges. There are some common parties and common questions of law or fact in the two cases, but there are also distinct parties and uncommon questions of law and fact. The Court is not convinced that the differences in the cases are outweighed by the commonalities, so the second and third factors do not weigh strongly in favor of consolidation. With respect to the fourth factor, there is some risk of prejudice and confusion from consolidation since the *Kmiec* case involves several claims that are not present in the already large *Wagner* case, such as ratification claims. Further, it is unclear whether consolidation will conserve judicial resources when the *Wagner* case already contains an extensive number of parties and claims. Finally, the Court's decision is most heavily influenced by the fact that the cases are at different stages of trial preparation. A motion to dismiss is still

4

pending in *Kmiec* whereas *Wagner* has moved past the motion to dismiss stage and begun discovery. *Wagner* may still be far from trial, but consolidation is likely to complicate and prolong the case in light of the different procedural postures. Accordingly, Henry Kmiec's Motion to Consolidate is denied.

### b.  Defendant's Motion to Reconsider Motion to Sever (ECF No. 86)

On December 5, 2023, Defendant filed a Motion to Sever Plaintiffs' Claims. ECF No. 22. On April 15, 2024, the Court denied severance on the grounds that Plaintiffs' claims arose from the same transaction, occurrence, or series of transactions or occurrences and presented numerous common questions of law and fact. ECF No. 40 at 2-6. The Court also found that judicial economy was furthered by declining to sever the claims. *Id.* at 6-7.

Now Defendant asks the Court to reconsider its decision denying severance. ECF No. 86. Defendant argues that "the filings and discovery that have followed the Motion to Sever" undermine the Court's previous conclusion that Plaintiffs' claims satisfy the Rule 20 standard for joinder. *Id.* at 1-2. Specifically, Defendant asserts that Plaintiffs' "alleged Constitutional violations are unrelated" and that Plaintiffs merely "regurgitate the same conclusory statement" that the Jail's policy of systemic understaffing and overcrowding caused all the alleged injuries. In Defendant's view, this repeated conclusory allegation is insufficient to warrant joinder of the unrelated claims. To support this argument, Defendant supplemented its Motion with records showing that "Harris County Jail was not overpopulated when any of the analyzed incidents occurred" and that "there were only three shifts when the actual staffing dipped below the state minimum at the time an analyzed incident occurred." ECF Nos. 111, 112.

On February 3, 2025, the Court held a hearing on Defendant's Motion to Reconsider Motion to Sever. After reviewing the briefing, arguments of counsel, and supplements to the

records, the Court declines to reconsider its ruling denying severance and reiterates its holding that the Rule 20 requirements for permissive joinder are satisfied by Plaintiffs' First Amended Complaint.

Rule 21 provides for the severance of misjoined claims or parties. FED. R. CIV. P. 21. "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores*, Inc., 600 F.3d 516, 521 (5th Cir. 2010). Rule 20 governs permissive joinder and "allow[s] joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Id.* "Generally, permissive joinder . . . is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (internal citations omitted); *see also Anderson v. Red River Waterway Com'n*, 231 F.3d 211, 214 (5th Cir. 2000) (holding that district courts have broad discretion in deciding whether to sever claims and parties in a lawsuit). The Court's analysis is guided by the Supreme Court's preference for "entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

Defendant asks the Court to reconsider its ruling that the separate incidents alleged by each Plaintiff were part of the "same transaction, occurrence, or series of transactions or occurrences." Yet, as the Court previously noted, every Plaintiff alleges an injury caused by Defendant's practice

of overcrowding and understaffing the Jail along with its failure to train and supervise. All but three Plaintiffs also allege injuries caused by Defendant's failure to properly observe and monitor detainees. These allegations are sufficient to satisfy Rule 20's same transaction test. "Claims arise out of the same transactions or occurrences when the complaint alleges a defendant's pattern or policy of behavior, regardless of differences amongst the plaintiffs' individual claims." *McConnell v. Sw. Bell Tel. L.P.*, No. 3:20- CV-01457-X, 2021 WL 1561435, at *3 (N.D. Tex. Apr. 21, 2021). Further, despite Defendant's assertion that Plaintiffs "simply regurgitate the same conclusory statement over and over again", Plaintiffs in fact discuss at length how the alleged policies were the moving force behind each constitutional violation. *See e.g.* ECF No. 20 ¶¶ 310, 320, 323, 337, 338, 344, 368, 376, 434-35, 439, 445, 448, 465-66, 469, 485-486, 912(e), 918, 928-29, 943-44, 958-59, 958-69, 988-89, 998-99, 1003-04, 1008-09, 1013-14, 1018-19, 1043-44, 1052-53.

Defendant's supplemental evidence that the Jail did not meet the official status of overpopulated or understaffed at the time of the incidents does not alter this conclusion. After all, Plaintiffs' First Amended Complaint includes copious evidence of the Jail's understaffing and overcrowding as admitted by Harris County Sheriffs and documented in investigations by the Department of Justice and Texas Commission on Jail Standards. ECF No. 20 ¶¶ 320, 323, 337, 338, 347, 434-35, 465-66, 485-486. The Jail could be overpopulated or understaffed as to cause Plaintiffs' injuries even if the functional capacity of the Jail was not exceeded, and numerous government officials and agencies have found that was exactly the case, including during the period that Plaintiffs were incarcerated at the Jail. *Id.*

Finally, Defendant argues that judicial economy justifies severance because "here is no efficiency promoted by joining the mis-mashed claims." ECF No. 86 at 12. However, the Court reasserts its previous position that judicial economy weighs in favor of joinder because discovery

is simplified in a joined case and because joinder permits the Court to assess the legal viability of Plaintiffs' claims once instead of 27 times. ECF No. 40 at 6-7.

In conclusion, the Court declines to reconsider its previous ruling denying severance, but Defendant may renew its motion in advance of trial. Defendant's Motion for Reconsideration is denied.

### c. Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Wrongful Death Claims (ECF No. 93)

Next, Defendant moves for judgment on the pleadings on Plaintiffs' § 1983 wrongful death claims. ECF No. 93.

The Fifth Circuit has consistently held that § 1983 remedies would fail if a decedent's cause of action did not survive death, so § 1983 incorporates state wrongful death and survivorship statutes. *Brazier v. Cherry*, 293 F.2d 401, 403 (5th Cir. 1961); *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 390 (5th Cir. 1992). The Fifth Circuit later clarified that "both the wrongful death claim of plaintiffs themselves and survival claims of the decedent are available under § 1983 if state law authorizes those claims." *De Paz v. Duane*, 858 Fed. Appx. 734, 737 (5th Cir. 2021). After analyzing Texas Civil Practice and Remedy Code § 71.004(a) which governs wrongful death actions and Texas Civil Practice and Remedy Code § 71.021(b) which governs survival actions, the Fifth Circuit held, "as incorporated through § 1988, civil rights plaintiffs in Texas may recover for their own injuries and the injuries of a deceased person resulting from the constitutional violations of government actors if the plaintiffs are the surviving spouse, children, parents, heirs, legal representatives, or estate of the deceased." *Id.* at 737-38.

Defendant argues that Plaintiffs lack capacity and standing to bring wrongful death claims under Texas Wrongful Death Statute, Tex. Civ. Prac. & Rem. Code § 71.002. "Pursuant to 42

U.S.C. § 1988, we must look to the state wrongful death statute to determine who has standing to bring a wrongful death claim under § 1983." *Aguillard v. McGowen*, 207 F.3d 226, 231 (5th Cir. 2000). Texas's wrongful death statute allows for "[a]n action for actual damages arising from an injury that causes an individual's death." *Id.* § 71.002(a). Such actions to recover damages are for the "exclusive benefit of the *surviving spouse, children, and parents of the deceased*." *Id.* § 71.004(a) (emphasis added). The statute further provides that "[i]f none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals." *Id.* § 71.004(c). Accordingly, Defendants argue that because Plaintiffs did not file suit within three months of decedents' deaths and the First Amended Complaint did not identify Plaintiffs as executors or administrators, Plaintiffs lack standing to recover for wrongful death.

Defendant raised the same argument in its Motion to Dismiss Plaintiff-Intervenor Ana Garcia's Complaint. ECF No. 44. The Court agreed with Defendant's argument on the grounds that the Texas Supreme Court had interpreted the statute to mean that, three months after the decedent's death, the executor or administrator "is the only possible party plaintiff." ECF No. 84 at 23 (quoting *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 574 (Tex. 2015)). The Court dismissed Plaintiff-Intervenor Garcia's wrongful death claim, and now Defendant asks the Court to extend that holding to Plaintiffs and dismiss their wrongful death claims for lack of standing.

With the benefit of additional briefing on the issue, the Court revisits its previous analysis of the Texas wrongful death statute. First, the Court notes that it has previously held that wrongful death beneficiaries can bring wrongful death claims even when the claims filed more than three

months after the decedent's death. In *Wynn v. Harris County*, the Court rejected the argument that the three-month window referenced in Tex. Civ. Prac. & Rem. Code § 71.004(c) was meant to be a statute of limitations barring statutory beneficiaries from filing their own claims. No. 4:18-cv-04848, Transcript of Hearing on Motions to Dismiss, ECF No. 71 at 6-7 (S.D. Tex. Dec. 2, 2019) (Ellison, J.). Other district courts in the Fifth Circuit have reached the same conclusion about Tex. Civ. Prac. & Rem. Code § 71.004(c). *See e.g., Beary v. Harris Cnty.,* No. CV H-22-1249, 2023 WL 3311551, at *2 (S.D. Tex. Apr. 4, 2023) ("[S]tatutory beneficiaries may bring a suit outside the three-month window when an administrator for the estate ha[s] not been appointed at the time the lawsuit is filed."); *Adkison v. Polaris Industries, Inc.*, No. 3:18-CV-02014-M, 2020 WL 137226, at *5 (N.D. Tex. Jan. 13, 2020) (same). However, the Court acknowledges the split among district courts in the Fifth Circuit where some have held that the statute does establish a three-month window for suits by statutory beneficiaries. *See e.g., Singleton v. Harris Cnty.,* No. 4:23-cv-03141, 2024 WL 4354707 at *4 (S.D. Tex. Sept. 30, 2024) ("And if [no statutory beneficiaries] 'have begun the action within three calendar months after the death of the injured individual,' the statute requires that the 'executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.'"); *Gallegos v. City of Three Rivers*, No. 7:14-CV-604, 2015 WL 7738078, at *4 (S.D. Tex. Dec. 1, 2015) ("[T]he Act authorizes only executors and administrators of the estate to bring a claim if the surviving spouse, children, and parents fail to file suit within three months of the death of the injured individual.").

Second, the Court finds that its previous decision in this case misinterpreted the Texas Supreme Court's decision in *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 574 (Tex. 2015). In that case, the Texas Supreme Court stated that "the executor or administrator—i.e., the personal representative—is the only possible party plaintiff" for a wrongful death action

10

that beneficiaries could have but did not bring. *Id.* Although this Court interpreted that language as a recognition of a three-month statute of limitations for wrongful death claims by statutory beneficiaries, the Court now reads the decision as focused on the issue of whose citizenship the court should consider when applying the Texas-resident exception in the wrongful death and survival claim forum non conveniens analysis under Tex. Civ. Prac. & Rem. Code § 71.051(e). When read in context, the dictum does not hold that only an administrator or executor can bring a wrongful death claim three months after decedent's death. It was instead addressed to the narrower question of whether the trial court had properly applied the Texas-resident exception to the forum non conveniens analysis.

Since the Court's previous holding was based on an expansive reading of *In re Bridgestone*, ECF No. 84 at 23, the narrower interpretation of that decision undermines that earlier conclusion. The Court therefore returns to its previous reading of Tex. Civ. Prac. & Rem. Code § 71.004(c) and sides with the district courts that have held that statutory beneficiaries may bring a wrongful death suit outside the three-month window when an administrator for the estate has not been appointed at the time the lawsuit is filed.

Defendants also argue that, even under this reading of Texas Wrongful Death Statute, Plaintiffs Octevia Wagner and Annette James cannot bring wrongful death claims for the deaths of Jacoby Pillow and William Curtis Barrett respectively because Plaintiffs are not statutory beneficiaries. ECF No. 93 at 6. Plaintiffs respond that "Neither Plaintiff is bringing a wrongful death claim" but "they are bringing survival claims on behalf of the heirs of the decedents." ECF No. 97 at 24. To clarify the nature of each Plaintiff's claims, the Court grants Plaintiffs' request "for leave to amend their Complaint to add more specificity relating to their capacities as wrongful death beneficiaries and as survivor heirs." *Id.* at 26. As this Court has previously recognized,

11

capacity is a technical defect that can be cured through amended pleadings or abatement. *Martone v. Livingston*, No. 4:13-CV-3369, 2015 WL 9259089, at *3 (S.D. Tex. Dec. 18, 2015) ("[W]hen capacity is challenged, 'the trial court should abate the case and give plaintiff a reasonable time to cure any defect.'") (internal citations omitted); *Neal v. City of Hempstead, Tex.*, No. CIV.A. H-12-1733, 2013 WL 105036, at *4 (S.D. Tex. Jan. 8, 2013) ("[B]ecause the Texas Supreme Court has indicated a preference for allowing plaintiffs whose capacity has been challenged 'a reasonable time to cure any defect,' the Court finds that Neal must be granted time to attempt to cure the defect in capacity in this case.") (internal citations omitted).

Accordingly, the Court denies Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Wrongful Death Claims. The Court grants Plaintiffs' request to file a Second Amended Complaint clarifying their capacities as wrongful death beneficiaries and survivor heirs.

### d. Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Survival Claims (ECF No. 94)

Defendant also moves for judgment on the pleadings on Plaintiffs' § 1983 survival claims. ECF No. 94. As with wrongful death claims, a party must have capacity under the state's survival statutes to bring a claim under § 1983. *De Paz*, 858 Fed. Appx. at 737. Defendant argues that Plaintiffs lack capacity to bring survival claims under Texas Survival Statute, Tex. Civ. Prac. & Rem. Code § 71.021. The statute states, "A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex Civ Prac & Rem Code § 71.021(b).

"A deceased's estate has standing to bring a survival action, not individuals; but limited classes of persons are statutorily granted capacity to bring the survival action on behalf of the estate." *Turk v. Mangum*, 268 F. Supp. 3d 928, 934 (S.D. Tex. 2017), citing *Austin Nursing Center,*

*Inc. v. Lovato*, 171 S.W.3d 845, 849–51 (Tex. 2005). "Generally, only personal representatives of the estate are entitled to bring a personal injury action." *Austin Nursing*, 171 S.W.3d at 848–50. However, Defendant notes caselaw that "heirs" are entitled to bring survival claims. *See Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex.1998) ("[h]eirs at law can maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none [is] necessary."); *Austin Nursing*, 171 S.W.3d at 850-51. In accordance with this caselaw, this Court has held that the heirs of the estate have capacity to bring survival claims when no administration of the estate is pending or necessary. *Martone*, 2015 WL 9259089 at *2 ("However, it is not necessary for the plaintiff to become appointed administrator of an estate if the plaintiff alleges and proves that no administration of the estate is pending and none is necessary.").

Defendant argues that, while Plaintiffs assert that they are heirs of decedents, they do not allege that "there is no administration pending and none [is] necessary" for decedents' estates. *Shepherd*, 962 S.W.2d at 31. Defendant further complains that some of the decedent's estates have multiple heirs pleading on their behalf which makes it impossible for Defendant to determine which Plaintiff speaks for the estate as its legal representative. ECF No. 94 at 6.

Plaintiffs respond that, "Because each of the Plaintiffs are the heirs of the Decedents' Estates and no administration is pending or necessary and the heirs do not desire an administration and in many cases all heirs are joined into the lawsuit, Plaintiffs asserting survival claims have capacity to assert the survival claims." ECF No. 98 at 16. To eliminate the pleading deficiencies that Defendant challenges, Plaintiffs seek leave to "amend their complaint to clarify that no administration is pending, desired, or necessary for each of the decedents and that each estate has no debts or creditors and that all estate assets are in the control and possession of the heirs and that

the heirs do not wish for an administration to be opened." *Id.* at 17. Plaintiffs seek leave to file their Second Amended Complaint, the same pleading attached to Plaintiffs' Response to Defendants Rule 12(c) Motion to Dismiss the Wrongful Death Claims. For the reasons discussed with respect to that Motion, the Court grants Plaintiffs' request.

Accordingly, the Court denies Defendant's Motion for Judgment Dismissing Plaintiffs' Wrongful Death Claims. The Court grants Plaintiffs' request to file a Second Amended Complaint clarifying their capacities as wrongful death beneficiaries and survivor heirs.

### e. Plaintiff-Intervenor Ana Garcia's Motion for Reconsideration (ECF No. 96)

Plaintiff-Intervenor Ana Garcia asks the Court to reconsider its dismissal of her wrongful death claims. ECF No. 96. For the reasons discussed above with respect to Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Wrongful Death Claims, the Court finds that statutory beneficiaries may bring a wrongful death suit outside the three-month window when an administrator for the estate has not been appointed at the time the lawsuit is filed. Plaintiff-Intervenor Garcia's pled in her complaint that she "is the mother and heir of the Decedent Kevin Sanchez-Trejo" and that "there is no administration of Decedent [Kevin Sanchez-Trejo's] estate pending and none is necessary." ECF No. 41 ¶¶ 3, 86. Her pleadings are sufficient to establish capacity to bring a wrongful death claim. The Court therefore grants Plaintiff-Intervenor Ana Garcia's Motion for Reconsideration and reconsiders the dismissal of Plaintiff-Intervenor Garcia's wrongful death claim.

### f. Defendant's Motion to Quash Document Production Subpoenas to Non-Party Law Enforcement Agencies (ECF No. 109)

Finally, Defendant moves to quash three document production subpoenas that Plaintiffs served on non-party law enforcement agencies: the Federal Bureau of Investigation (FBI), the

Houston Police Department (HPD), and the Texas Rangers. ECF No. 109. Each of the subpoenas requests documents and records pertaining to the law enforcement agencies' investigations into the deaths of Plaintiffs, other deaths at the Jail, the conditions at the Jail with respect to the use of force and failure to render medical aid, and other similar incidents. ECF No. 109-1.

The first issue is whether Defendant has standing to challenge the subpoenas served on the non-parties. *See Rice v. Reliastar Life Ins. Co.*, No. 11-44-BAJ-CN, 2011 WL 5513181, at *1 (M.D. La. Nov. 10, 2011). Federal Rule of Civil Procedure 45 provides that a party may serve a subpoena commanding a nonparty "to whom it is directed to ... produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. A party has standing to object to a subpoena issued to a non-party only if the party asserts a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

Defendant argues that it has an "interest in reviewing and objecting to, and requiring a protective order pertaining to the production of documents held by each of the three non-party law enforcement agencies." ECF No. 109 at 2. Defendant further contends that the subpoenas are overly broad and undermine Defendant's ability to defend the case on the merits of Plaintiffs' claims. *Id.* Finally, Defendant asserts that the law enforcement and personnel records are protected from disclosure by various provisions of Texas state law and are therefore the proper subject of a protective order. *Id.* at 3-4.

None of Defendant's assertions establishes that it has a "personal right or privilege with respect to the materials subpoenaed." Defendant does not even cite the applicable legal standard let alone argue that it is satisfied. Although the caselaw on what constitutes a personal right or

privilege is "scarce," courts have generally found standing when a party has an evidentiary privilege as to the materials subpoenaed. *See Trevino v. Transportadora Egoba SA DE CV*, No. 5:22-CV-92, 2023 WL 11988728, at *2 (S.D. Tex. June 1, 2023) (collecting cases). Defendant's vague interest in the subpoenaed documents and the alleged prejudice Defendant faces from their disclosure does not establish a "personal right or privilege," so Defendant's strongest argument for standing is that the documents are privileged under Texas law.

Rule 501 provides that "[t]he common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court." FED. R. EVID. 501. However, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.* Thus, "Federal Rule of Evidence 501 dictates that federal common law, not state law, governs the privileges in federal question cases." *Roque v. City of Austin*, No. 1-17-CV-00932-LY, 2018 WL 5848988, at *2 (W.D. Tex. Nov. 7, 2018); *see also Willy v. Admin. Rev. Bd.*, 423 F.3d 483, 495 (5th Cir. 2005) ("As [plaintiff's] claims arise under federal law—and are before us on federal question jurisdiction under 28 U.S.C. § 1331—the federal common law of…privilege governs our analysis."). Courts in the Fifth Circuit have consistently held that in § 1983 cases in federal court, federal common law determines privilege claims. *See Am. Civ. Liberties Union of Miss., Inc. v. Finch*, 638 F.2d 1336, 1342–43 (5th Cir. Unit A Mar. 1981) ("Since the only claims and defenses asserted here relate to federal [§] 1983 claims, ... any privilege created by [Mississippi law]…does not apply in federal court…"); *Ambler v. Nissen*, No. 1:20-cv-1068-LY, 2023 WL 443806, at *2 (W.D. Tex. Jan. 26, 2023) (holding defendant's asserted privilege under Texas Local Government Code § 143.089 inapplicable because "federal common law ultimately controls the privileges in § 1983

16

actions filed in federal court" (citation omitted)); *Roque*, 2018 WL 5848988, at *2 ("[F]ederal common law controls the privileges in federal court § 1983 actions."). Therefore, Defendant must assert privileges under federal law, rather than Texas law, to establish standing to challenge the subpoenas. Since Defendant only asserts state law privileges, it lacks standing.

In addition to seeking to quash the subpoenas, Defendant also requests a protective order under Rule 26. "[A] party has standing to move for a protective order pursuant to Rule 26(c)…even if the party does not have standing pursuant to Rule 45(d)." *Bounds v. Capital Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016); *see Kilmon v. Saulsbury Indus., Inc.*, No. MO:17-cv-99, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018) ("A motion for a protective order may be made by any party and such party may seek a Rule 26(c) protective order if it believes its own interest is jeopardized by discovery sought from a third person." (citation omitted)). Rule 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Courts have broad discretion in deciding whether to issue protective orders. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

The Court finds that Defendant has not established good cause for a protective order. Although Defendant asserts an "interest in reviewing and objecting to" the subpoenaed documents and states that the subpoenas are overly broad and undermine Defendant's ability to defend the case on the merits of Plaintiffs' claims, Defendant's bare assertions are insufficient to establish good cause in the absence of any evidentiary support. ECF No. 109 at 2. To establish good cause for a protective order, Defendant argues only that the non-party law enforcement agencies "are not able to protect [Defendant's] interests in this litigation," but instead of elaborating or providing support for this argument, Defendant's motion trails off in the middle of the next sentence. *See*

ECF No. 109 at 4 ("By issued Non-Party Subpoenas, Although the Non-Party law enforcement"). Defendant's incomplete argument and conclusory statements cannot establish good cause on their own. Therefore, the Court denies Defendant's Motion to Quash Document Production Subpoenas to Non-Party Law Enforcement Agencies.

### III. CONCLUSION

For the foregoing reasons, Henry Kmiec's Motion to Consolidate is **DENIED**, Defendant's Motion to Reconsider Motion to Sever is **DENIED**, Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Wrongful Death Claims is **DENIED**, Defendant's Rule 12(c) Motion for Judgment Dismissing Plaintiffs' Survival Claims is **DENIED**, Plaintiff-Intervenor Ana Garcia's Motion for Reconsideration is **GRANTED**, and Defendant's Motion to Quash Document Production Subpoenas to Non-Party Law Enforcement Agencies is **DENIED**.

The Court grants Plaintiffs' request to file a Second Amended Complaint clarifying their capacities as wrongful death beneficiaries and survivor heirs, and the clerk is directed to file Plaintiffs' Second Amended Complaint. ECF No. 97-1.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 28th day of March, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE