IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.** § | | |
| **Plaintiffs** § | | |
| § | | |
| § | | |
| v. § | Civil Action No. 4:23-CV-02886 | |
| § | | |
| **HARRIS COUNTY, TEXAS** § | | |
| **Defendant** § | | |
| § | | |
| **AND** § | | |
| § | | |
| **ANA GARCIA AND CHANDRA JENKINS,** § | | |
| **Plaintiff – Intervenors** § | | |

**DEFENDANT HARRIS COUNTY'S RULE 56 NO EVIDENCE
MOTION FOR SUMMARY JUDGMENT AND MOTION TO SEVER
CLAIMS BY INMATE DEQON BUFORD [SPN 03177353] AND
HIS CARETAKER CHANDRA JENKINS**

=================================================================

MAY IT PLEASE THE COURT:

    NOW COMES DEFENDANT, HARRIS COUNTY, TEXAS, and files this Rule 56 No Evidence Motion for Summary Judgment against the claims brought by Plaintiff Intervenor Deqon Buford and Chandra Jenkins as his representative (hereafter "Buford").

## I. TABLE OF CONTENTS

I. TABLE OF CONTENTS ................................................................................................. 1

II. NATURE OF THE CASE ............................................................................................. 2

III. NO EVIDENCE MSJ .................................................................................................. 2

IV. INDEX TO EXHIBITS ................................................................................................ 3

V. MSJ EXHIBITS ............................................................................................................ 4

VI. PROCEDURAL HISTORY ........................................................................................ 4

VII. SUMMARY OF THE ARGUMENT ......................................................................... 5

VIII. FACTUAL BACKGROUND .................................................................................... 5

A.    Material Factual Background Pertaining to Deqon Buford's Jail Stay in
       2023 ............................................................................................................................. 5

IX. REVIEW OF MATERIAL FACTS ........................................................................... 6

A.  A Review Of The Key Material Facts Constituting Buford's Stay In The Harris County Jail Does Not Reveal The Existence Of A Constitutional Injury. ................................................................................................................ 6

B.  The PREA Allegation and the Response Thereto ............................................. 7

C.  Former PREA Manager Katrina Camacho Is Deposed and Explains PREA Process and Procedure in Detail. ...................................................................... 8

X. ARGUMENTS AND AUTHORITIES .................................................................... 8

A.  Buford Was At All Times In The Lawful Custody Of The Harris County Jail Facility. ....................................................................................................... 8

B.  There Is No Evidence That The County Jail Administration Failed To Protect Inmate Deqon Buford From Harm By Other Inmates. .......................... 9

C.  There Is No Evidence The Buford Was Denied Medical Care During His 2023 Stay In The Harris County Jail ................................................................ 9

D.  Buford Does Not State A Claim For Relief Under Section 1983, Under Either A Conditions Of Confinement Theory Or An Episodic Acts Theory Because There Are No Facts That Support Either Theory. ............................. 10

E.  The Legal Standard for a Conditions of Confinement Claim Generally. ........ 10

F.  The Legal Standard for Episodic Acts or Omissions Claim Generally .......... 12

XI. MOTION TO SEVER ............................................................................................ 13

XII. CONCLUSION & PRAYER ................................................................................. 14

## II. NATURE OF THE CASE

1.  This is a Section 1983 civil rights case brought by and on behalf of former Harris County Jail inmate, Deqon Buford [SPN 03177353]. Ms. Chandra Jenkins has appeared as Buford's "Attorney in Fact."

2.  The real party in interest is Jail Inmate Deqon Buford, who was a pretrial detainee in the Harris County Jail in 2023. Chandra Jenkins is named as an "Attorney in Fact" apparently based on a claim of disability. However, Inmate Buford is the real party in interest in that he was the person in custody and the individual with legal standing to assert his alleged claims of constitutional deprivations brought under 42 U.S.C. §1983.

## III. NO EVIDENCE MSJ

3.  The dispositive motion is brought as a Rule 56 no evidence Motion for Summary Judgement. Such a dispositive motion can be sustained with conclusory assertions. Nevertheless,

when a moving party who does not bear the burden of proof, a movant who does not bear the burden of proof at trial may move for summary judgment by pointing out that there is "no evidence" to support one or more elements of the non-movant's claim. *See FRCP Rule 56(a); see also Austin v Kroger Texas, L.P.,* 864 F.3d 326, 335 & n.10 (5th Cir. 2017); *followed in Nieto v State Farm,* 722 F.Supp. 653 (S.D. Tex. – Brownsville Div. 2024).

4. To demonstrate the lack of evidence, the moving party without the burden of proof may demonstrate the lack of proof by submitting evidentiary proof in the form of documents, affidavits, deposition testimony in support of the Rule 56(a) argument that the plaintiff (i.e., the nonmoving party with the burden of proof) cannot, as a matter of law, provide evidence to satisfy each element of the claims asserted. *Nieto*, 722 F.Supp. at 657. The burden of production then shifts to the non-moving party, the party with the burden of proof, that there is sufficient evidence as to each element of an alleged claim to, at a minimum, create a material issue of fact for a jury. *Id.; see also Celotex Corp. v Catrett,* 477 U.S. 317, 322-323 (1986)(failure of non-movant to establish any essential element of a claim defeats the claim as a matter of law).

## IV. INDEX TO EXHIBITS

5. In support of this Rule 56(a) Motion, DEFENDANT HARRIS COUNTY tenders the following Exhibits in support of this Motion:

> EXH. 1 –DECLARATION AUTHENTICATING LIST OF EXHIBITS TENDERED IN SUPPORT OF THIS MOTION;
>
> EXH. 1.A - JAIL RECORDS [JR 000001 – JR 000072]
>
> EXH. 1.B – MEDICAL RECORDS [JR 000073 – JR 000245]
>
> EXH 1.C – PREA INVESTIGATION [PREA 000001 – PREA 000031]
>
> EXH. 1.D – PL2023-01433 [PL 000001 – PL 000099]
>
> EXH. 1.E – CJC SOP NOS. 116, 219, 301
>
> EXH. 2 – CHRONOLOGICAL TIMELINE OF BUFORD JAIL STAY BY MAJOR RUTH MCCLANAHAN
>
> EXH. 3 – PREA INTERVIEW OF DEQON BUFORD BY PREA INV. GUERRERO TAKEN ON 9-29-2023
>
> EXH. 4 – DEPOSITION OF FORMER PREA MANAGER, KATRINA CAMACHO (EXCERPTED)[1]

---

[1] During the course of the deposition, defense counsel asserted objections as to form. The pages on which the objections occurred are highlighted in the Word Index. Defense counsel reserves the right to preserve

EXH. 4.1   DEPOSITION EXHIBITS #1 THRU #21

EXH. 4.2   AI GENERATED DEPO SUMMARY [Guide]

## V. MSJ EXHIBITS

6. The documentary exhibits are all documents produced in disclosures and in written discovery requests and are bates labeled and numbered to identify which Plaintiff Inmate to which they pertain.

7. Further, because the Exhibits were all produced under a Confidentiality Order previously entered by the Court. *See ECF #80 – Confidentiality & Protective Order.* The Exhibits listed have all been designated as "Confidential" and are therefore filed under restriction, thereby limiting access to these filings to the attorneys of record in this case.

## VI. PROCEDURAL HISTORY

8. Inmate Buford moved to intervene in this case on 2/16/2024, six months after the case had originally been filed by the original plaintiff group. *See ECF #34.* DEFENDANT HARRIS COUNTY opposed the Motion to Intervene. *See ECF ##37.* Buford Replied. *See ECF #38.*

9. The Court granted the Motion to Intervene and directed the Clerk of the Intervenor's Complaint. *See ECF #40 at p. 10.* Intervenor Buford's Complaint is recorded as ECF #42. DEFENDANT HARRIS COUNTY filed a Rule 12 Motion to Dismiss the Complaint. *See ECF #43.* Plaintiff Buford filed a response to the Rule 12 Motion to Dismiss. *See ECF #63.* And the COUNTY replied. *See ECF #69.*

10. The Court denied HARRIS COUNTY's Rule 12 Motion to Dismiss against the claims by Buford. *See ECF #84.* HARRIS COUNTY filed its Answer to Intervenor Buford's Complaint. *See ECF #88.*

11. Throughout this time, to the present, the parties have been engaged in written discovery as well as in deposition discovery as to all Plaintiffs, including the Intervenor Deqon Buford.

12. In addition, Buford's Counsel has deposed Katrina Camacho, who at the time of the claims made by Buford – in 2023 – was the PREA Manager for the HCSO Detention Command.

13. The Court had previously denied the COUNTY'S dispositive motion based on the allegations in the live complaint. *See #84 – Order Denying Rule 12 Motion.* At that time, as the Court correctly noted, the Court had to accept the pleadings as true and view them in the light

---

its objections to the questions asked if the admissibility of the responses become an issue.

most favorable to the plaintiff. *See #84 at p. 2.* The Court conducted an analysis of the claims and causes of action and determined that the Rule 12 MTD had to be denied in part and granted in part. *See #84.*

14. The Court granted the COUNTY's MTD as to the ADA Claims but denied the Section 1983 claims. The Court had conducted a similar legal analysis when it ruled on a pending Rule 12 MTD filed by the COUNTY against the original plaintiff group. *See ECF # 51 – Memorandum & Order.* This MSJ focuses on the claims by Inmate Deqon Buford only.

15. DEFENDANT HARRIS COUNTY now requests that the Court review the pleaded claims and causes of action against the backdrop of an evidentiary record and to reassess whether any of these alleged constitutional claims and causes urged by or on behalf of Inmate Deqon Buford have any support in the evidence.

## VII. SUMMARY OF THE ARGUMENT

16. DEFENDANT HARRIS COUNTY contends that the evidentiary record does not, and cannot, support a factual or legal finding that Buford suffered a constitutional injury during his stay in the Harris County Jail. The evidentiary record does not support the pleadings, which are grossly over-stated.

17. HARRIS COUNTY hereby provides a detailed factual record of Buford's stay while in the custody of the Sheriff's at the Harris County Jail, supported by record references to documents pertaining to Deqon Buford.

18. Many of the arguments previously urged in the context of a Rule 12 Motion to Dismiss are re-urged here again, only this time backed up by documentary evidence.

19. Not addressed in this MSJ is the ADA and Rehab Act causes of action, which the Court has already dismissed, as explained in the procedural history above.

## VIII. FACTUAL BACKGROUND

**A.   Material Factual Background Pertaining to Deqon Buford's Jail Stay in 2023.**

20. The attached Declaration by Detention Command Major McClanahan provides the Court with a more detailed and chronological overview of Deqon Buford's jail stay in 2023. *See Exhibit 2 – Declaration by Major McClanahan.* This Declaration provides a bird's eye view of key administrative and operational events pertaining to Deqon Buford.

21. References to specific factual incidents shall be discussed with reference to Exhibit 2, the Declaration by Major McClanahan and by reference to the underlying government records referenced by her. Additional information provided by other Declarants identified in the MSJ Exhibits list will also be referenced as well.

22. A review of the pleadings, the motions, and the Orders as they pertain to Deqon Buford addresses can be summarized for purposes of this dispositive motion as pertaining to the following subject matter areas: 1) Intake and Classification; 2) Duty to Protect; and 3) Denial of Medical Care.

23. Buford also makes a broader claim that his specific underlying claims are part of a larger, vaguely stated, "conditions of confinement" and *Monell* based liability claims claim that allege systemic denial of medical care and also allege vague claims of systemic "failure to train" claims.

24. DEFENDANT contends that Buford cannot have viable constitutional claim under Section 1983 without first demonstrating he himself has personally suffered a constitutional injury. *See City of Los Angeles v Lyons, 461 U.S. 95, 101 (1983) (federal court jurisdiction requires "actual case or controversy" to establish jurisdiction).*

25. A bare-faced claim that that one's constitutional rights have been violated is not sufficient by itself to confer standing. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 485 (1982). Rather, a plaintiff must establish a violation of his own personal rights. 454 U.S. at 474-75; *see also Barber v. Bryant*, 860 F.3d 345, 352–53 (5th Cir. 2017).

### IX. REVIEW OF MATERIAL FACTS

**A.   A Review Of The Key Material Facts Constituting Buford's Stay In The Harris County Jail Does Not Reveal The Existence Of A Constitutional Injury.**

26. A review of the timeline pertaining to Deqon Buford's stay in the Harris County Jail does not support a claim that he suffered an actionable constitutional injury. *See Exh. 2 – Timeline by Major McClanahan; see also Exh. 1.A Jail Records at p. JR 000246 – 247 (Inmate Housing History and Inmate Movement History).*

27. Buford's stay in the Harris County Jail that is the basis of his claim began on 6/12/2023 when he was booked in to the Jail on a burglary of a building criminal charge. *See Exh. 2, para. 1.*

28. He was cleared for GP Housing on or about 6/13/2023 and he was initially housed in JA09 5F2. Three months later, he was later to JA09 3C1 on or about 9/20/2023. *See Exh. 2, paras. 5 & 6.*

29. Buford's Inmate Housing History Report reflects the Facility, Floor, Pod, and Bed where Buford was housed on any given date. *See Exh. 1.A Buford Jail Records at p. JR 000246 (Housing History Report).*

**B.      The PREA Allegation and the Response Thereto**

30. On 9/28/2023, DO[2] Ashaye reports that a family member had called and advised that Buford had been sexually assaulted on 9/27/2023. *See Exh. 2, paras. 5 & 6.* Buford is moved to the 1200 Clinic and a psyche referral was generated. *Id.*

31. Buford is also transported to Ben Taub Hospital based on PREA allegation. *See Exh. 2, para 8.* The PREA allegation and investigation is thoroughly documented. *See Exh 1.C – PREA INVESTIGATION (bates nos. PREA 000001 thru PREA 000031.*

32. Buford's first PREA allegation was brought to the attention of Jail Staff on 9/28/2023, but Buford disavowed it almost right away. *See Exh. 1.C – PREA INVESTIGATION at p. PREA 000029.*

33. The investigative information generated was inconsistent and not corroborated. On or about 10/19/2025 the initial PREA allegation was determined to be Unsubstantiated and the matter was administratively closed. *See Exh. 1.C – PREA INVESTIGATION at p. PREA 000027.*

34. Upon return to Jail, on 10/2/2023, Buford is housed in Administrative Separation. *See Exh. 2, para 11.*

35. On 11/5/20223, Buford made a second PREA allegation on 11/5/2023 while assigned to JA09 - 6 - E - 2B. *See Exh. 1.C – PREA INVESTIGATION at p. PREA 000019.*

36. Again, the investigation proved inconclusive. At one point Buford contended that "his mom sexually assaulted him." *See Exh. 1.C – PREA INVESTIGATION at p. PREA 00001.*

37. Buford is released from custody. *Exh. 2, para 21 & 22.*

38. The management, maintenance, and handling of Inmate Deqon Buford during his stay in the Harris County Jail in 2023 was all in compliance with the Detention Command Standard Operating Procedures (SOPs).

---

[2] References to "DO" are Detention Officers; also referred to in this Motion as "Guards" or "Jail Guards".

39.     A copy of the primary SOPs implicated by Buford's history are CJC SOP NOS. 116, 219 and 301, pertaining to PREA, SEPARATION, and MENTAL HEALTH are attached. *See Exhibit 1.E – CJC SOP NOS. 116, 219, 301.*

**C.      Former PREA Manager Katrina Camacho Is Deposed and Explains PREA Process and Procedure in Detail.**

40.     On Monday, March 24, 2025, Buford's Counsel deposed Katrina Camacho, the PREA Manager at the time of Buford's allegations. Camacho provided testimony regarding the role of her position at the time she held it and how the PREA policy and process generally works.[3]

41.     Questions pertaining to Camacho's involvement and knowledge of the PREA allegation begin with a discussion of Depo Exhibits 11 and 12. *See Exh. 4 – Deposition of Katrina Camacho; see also Exh. 4.1 – Deposition Exhibits #1 thru #21; see also Exh. 4.2 - AI Depo Summary of Camacho Deposition.*[4]

42.     A review of the PREA investigative materials, as well as the testimonial evidence of Camacho demonstrates that Jail Administration responded to the allegation of sexual abuse when it was brought to the attention of the Jail Staff. *See Exh. 4 – Deposition of Katrina Camacho; see also Exh. 4.1 – Deposition Exhibits #1 thru #21; see also Exh. 4.2 - AI Depo Summary of Camacho Deposition.*

43.     Despite Counsel's quibbling about the details of how the response to the PREA allegation was effectuated, the fact remains that the allegation was investigated pursuant to policy. Significantly, Plaintiff's counsel himself got involved in the complaint process and had communications with jail staff. *See Exh. 4.1 – Camacho Depo, DE#21 (email from Taylor Hunter); see also Exh. 1.C PREA Investigation Binder at page PREA 000011 (Attorney Taylor requesting to be present if Buford is interviewed).*

## X. ARGUMENTS AND AUTHORITIES

**A.      Buford Was At All Times In The Lawful Custody Of The Harris County Jail Facility.**

44.     Buford was at all time in the lawful custody of the Harris County Jail Facility. He was charged with burglary of a building, and he was remanded to jail with a bail setting.

---

[3] Camacho was presented as a witness and not as a corporate representative.
[4] The AI generated deposition summary is presented as an aid to the Court. The official record remains the certified deposition itself.

45.     Buford does not contest the lawfulness of his arrest or of his custodial status. So the issue presented is whether the DEFENDANT COUNTY Detention Command breached a constitutionally recognized duty of care as to this individual detainee.

46.     As reflected in the timeline, Buford was in custody for a period of about six (6 months) from June to November 2023. *See Exh. 2 – Timeline Summary.*

**B.      There Is No Evidence That The County Jail Administration Failed To Protect Inmate Deqon Buford From Harm By Other Inmates.**

47.     HARRIS COUNTY does not contest that detainees in the custody of the Detention Command have a duty to protect against harm to persons in confinement. *See Farmer v Brennan,* 511 U.S. 825, 837 (1994)*; see also Hare v Corinth,* 74 F.3d 633, 639 (1996; *and Brown v Harris County,* 409 Fed.Appx. 728 (2010). The standard is deliberate indifference to a known or excessive risk of harm to an inmate's health or safety. *Id.*

48.     However, under the facts of the claim by Deqon Buford, the evidentiary record hardly support the claim of deliberate indifference to a claim of assault urged by Buford in September 2023. If anything, the record demonstrates that when the concern was brought to the attention of detention personnel, immediate steps were taken to move Buford for his safety and to investigate the allegations. *See Exh. 1.C – PREA Investigation; see also .*

49.     The

**C.      There Is No Evidence The Buford Was Denied Medical Care During His 2023 Stay In The Harris County Jail.**

50.     DEFENDANT does not dispute that under Section 1983, a person in jail custody has a constitutional right of access to reasonable medical care. *See Ford v Anderson County, 102 F.4th 292, 307 (5th Cir. 2024)(discussing scope of constitutional right to medical care under both 8th and 14th Amendments).*

51.     However, here is no evidence that Buford was denied medical during his 2023 stay in the Harris County Jail. *See Exh. 1.B – Medical Records for Deqon Buford*.

52.     A review of the records reveals that Buford received medical care when asked for and that the Jail Administration responded promptly to his inmate care needs when these were brought to their attention by Buford's family. *See Exh. 1.B – Medical Records; see also, Exh. 1.3 – PREA Investigation Packet.*

53. However, the underlying facts do not reflect or give rise to a viable claim that the Jail Command and Staff were indifferent to Buford's medical needs. There is insufficient evidence to even put this question to a jury.

**D. Buford Does Not State A Claim For Relief Under Section 1983, Under Either A Conditions Of Confinement Theory Or An Episodic Acts Theory Because There Are No Facts That Support Either Theory.**

54. The COUNTY's premise in this dispositive motion is that while Deqon Buford may be able to "artfully plead" a Section 1983 claim that the Court is bound to accept, there comes a time when he has to demonstrate to the Court that he has suffered a constitutional violation.

55. It is an unfortunate reality of federal pleading and proof practice that even though a Section 1983 plaintiff has the ultimate burden of proof on a Section 1983 claim, it is nevertheless falls on the local government defendant, has the burden of production to produce records to ground the pleaded claims against the reality of the evidence. DEFENDANT does not eschew this responsibility.

56. In the case of Deqon Buford, the record and testimonial evidence does not support that Inmate Buford states a claim for relief. To state a claim for relief under Section 1983, an inmate in custody must plead and prove that he suffered a constitutional injury while in custody occasioned by one or more jail guards or, that his conditions of confinement amounted to punishment.

57. As the Court noted in its earlier ruling, Intervenor Buford takes issue with 1) the Jail's overcrowding and understaffing; 2) failure to properly observe and monitor detained; and 3) denial of medical care. *See ECF #84 at pp. 3*.

**E. The Legal Standard for a Conditions of Confinement Claim Generally.**

58. DEFENDANT acknowledges that a pretrial detainee who has not been convicted of a crime has a right under the Fourteenth Amendment to the United States Constitution to be protected from impermissible punishment while in custody such as systematic denial of medical care, systematic use of force, systematic failure to protect from harm, to name the most common Section 1983 claims in a custodial context.

59. To establish liability under a conditions of confinement claim, theory of liability, a plaintiff musts plead and prove:

    1. the existence of an identifiable intended condition, policy, or practice of the jail

        facility that results in one or more of the recognized individualized causes of action under Section 1983; and,

2.     that the unconstitutional condition, policy, or practice was not reasonably related to a legitimate governmental objective.

*See Bell v. Wolfish,* 441 U.S. 520 (1979)*; Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc)*; see also Scott v Moore,* 114 F.3d 51 (1997)(en banc)*.*

60.     As to the first element, a condition usually results from an explicit policy or restriction. But a pattern may demonstrate an unstated or de facto policy. To show such a policy, Plaintiff Goff must show more than isolated instances of inadequate or even negligent medical care. It is likewise not enough to show that a plaintiff suffered from episodic acts or omissions of jail officials. Instead, a plaintiff must show that the underlying deprivations reflects a system-wide problem that is pervasive.

61.     In other words, if a plaintiff urges an act or omission of a particular jail officer/official to prove that the defendant jail facility intended the condition or practice to occur systematically, the act or omission must be the result of an established policy or practice allowing the unconstitutional deprivation to occur with systematic regularity. Individualized examples of illness, injury, or even death, standing alone, cannot prove that an alleged conditions of confinement is constitutionally inadequate. A pre-trial detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs. Any lesser showing cannot prove that the inmate is being punished in violation of the individuals' 14th Amendment due process rights. *See Shepherd v. Dallas County*, 591 F.3d 445, 454 (5th Cir. 2009).

62.     To establish the second element and prove that a condition of confinement constituted impermissible punishment, a plaintiff must plead and prove a pervasive pattern of serious deficiencies negatively and affecting the individually and which is not reasonably related to a legitimate governmental objective. For instance, not every denial or delay of medical care imposed during pretrial detention amounts to "punishment" in the constitutional sense. The effective management of a detention facility is a valid objective that may justify imposing conditions and restrictions. Pretrial detainees are not entitled to the best medical care available or to the level of medical care that may be available to persons who are not detained. But a facility must provide for a detainee's basic human needs. To sustain a claim for unconstitutional "punishment" a detained plaintiff must plead and prove for instance that the level of medical

care provided generally at the jail was so inadequate that it resulted in a serious deprivation of his basic human needs, and that the level of care provided was not reasonably related to a legitimate governmental objective. *See Bell v. Wolfish,* 441 U.S. 520 (1979)*; Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc)*; see also Scott v Moore,* 114 F.3d 51 (1997)(en banc)*.*

**F.    The Legal Standard for Episodic Acts or Omissions Claim Generally**

63.    Again, a pretrial detainee who has not been convicted of a crime has a right under the Fourteenth Amendment to the United States Constitution to be protected from impermissible punishment like the denial of or delay in providing certain medical care. To establish liability under an episodic act or omission claim, a custodial plaintiff must prove by a preponderance of the evidence that:

   1.   the custodial plaintiff was suffered an injury of constitutional magnitude
   2.   that a custodial officer or employee of the jail facility was subjectively aware that the plaintiff inmate was exposed to a substantial risk of harm and nevertheless acted with deliberate indifference to the risk of harm; and,
   3.   the harm suffered was proximately caused by the deliberate indifference of one or more custodial employees.

*Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc)*; see also Scott v Moore,* 114 F.3d 51 (1997)(en banc)*.*

64.    The first element asks whether a reasonable person would view a plaintiff's Plaintiff risk of harm (likely suicide, likely assault by others, likely need for medical care, etc. ) as sufficiently serious based on all of the circumstances that existed. This inquiry asks what a reasonable person would conclude and does not specifically rely upon or consider a custodial employees state of mind. [need case cite]

65.    The second element—deliberate indifference—requires proof of egregious conduct. For example, a custodial plaintiff must prove that a custodial employee or employees knew of and nonetheless disregarded an excessive risk to the plaintiff inmate's health or safety. A custodial plaintiff must plead and prove by a preponderance of the evidence that: 1) a custodial employee was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; and 2) the custodial employee actually drew that inference. An inmate's mere disagreement with the type, amount, or timing of the treatment he receives is not enough to meet this test.

66. A person acts with subjective deliberate indifference if (1) "he knows that an inmate faces a substantial risk of serious bodily harm," and (2) "he disregards that risk by failing to take reasonable measures to abate it." *See Anderson v. Dallas Cty., Tex.*, 286 Fed.Appx 850, 860 (5th Cir. 2008) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)); *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

67. The "deliberate indifference" standard is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. *Board of the County Commissioners of Bryan County, OK v. Brown*, 520 U.S. 397 (1997). Deliberate indifference cannot be inferred from a negligent or grossly negligent response to a substantial risk of harm. *Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc).

68. A custodial county employee must have been aware of a risk of harm and disregarded that risk by failing to take reasonable steps to prevent it. *Hare*, 74 F.3d at 648-49. Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference. *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017).

69. The relevant inquiry is not the ultimate efficacy of the actions that were taken, nor the number of steps that were taken. *Doe v. Taylor ISD*, 15 F.3d 443, 458 (5th Cir. 1994); *Leffall v. Dallas ISD*, 28 F.3d 521, 531-32 (5th Cir. 1994). Instead, all that is required are good faith measures, any measures, to avert the anticipated harm . *Hare*, 74 F.3d at 649; *Lefall*, 28 F.3d at 531-32; *Taylor ISD*, 15 F.3d at 458.

70. If a plaintiff proves each of the three elements listed above by a preponderance of the evidence, then and only then can a jury verdict sustain a finding that a plaintiff's Fourteenth Amendment rights were violated. If no such showing is made, then the episodic acts claims fail. *See Hare v. City of Corinth*, 74 F.3d 633, 648-50 (5th Cir. 1996) (en banc); and other cases cited.

71. With these legal standards in view, the actual evidence that exists to prove the allegations pleaded in the live Complaint, it becomes obvious that there is no constitutional tort that has been committed by DEFENDANT HARRIS COUNTY.

## XI. MOTION TO SEVER

72. Given that the claims brought by Plaintiff Intervenor Deqon Buford were not originally part of this case, and were added later, with Buford represented by his own counsel and separate from Counsel for the other Plaintiffs, should the Court determine that this Motion has merit and

should be dismissed, then DEFENDANT HARRIS COUNTY would further request that this claim be severed from the cause of action to which it was joined earlier in this litigation so that the Court's Order becomes final and appealable.

### XII. CONCLUSION & PRAYER

WHEREFORE, in view of the foregoing evidence, arguments, and authorities, DEFENDANT HARRIS COUNTY requests and prays that the Court, after duly considering the content of this dispositive motion, including attached exhibits, and any responses, replies, or supplements thereto, grant this Motion for DEFENDANT HARRIS COUNTY against the claims and causes of action brought by Plaintiff Intervenor Deqon Buford and Ana Garcia and DISMISS BUFORD's claims and causes of action with prejudice.

DEFENDANT further requests and prays that the Court sever this claim from the remainder of the case, thereby rendering its Order on this dispositive Motion to be a final and appealable Order and Judgment of the Court as to this lawsuit by Plaintiff Intervenor Deqon Buford and his Attorney in Fact Chandra Jenkins.

SIGNED on the 20th day of APRIL 2025.

Respectfully submitted,

By: *Ricardo J. Navarro*
_____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

Kelly R. Albin
State Bar No. 24086079
So. Dist. ID No. 3792304

**DENTON NAVARRO RODRIGUEZ
   BERNAL SANTEE & ZECH**
A Professional Corporation
549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132

**COUNSEL FOR DEFENDANT**
**HARRIS COUNTY, TEXAS**

**CERTIFICATE OF SERVICE**

    I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 20th day of APRIL 2025, to wit:

| | |
|---|---|
| Benjamin L. Crump | Email: court@bencrump.com |
| Paul Ashley Grinke | Email: paul@bencrump.com |
| Aaron Dekle | Email: aaron@bencrump.com |
| BEN CRUMP LAW FIRM | |
| ATTORNEYS FOR PLAINTIFFS | |

| | |
|---|---|
| Carl Lenford Evans, Jr. | Email: cevans@mccathernlaw.com |
| Noah L. McCathern | Email: nmccathern@mccathernlaw.com |
| Jordan A. Carter | Email: jcarter@mccathernlaw.com |
| Alizabeth A. Guillot | Email: aguillot@mccathernlaw.com |
| McCathern Law Firm | |
| ATTORNEYS FOR PLAINTIFFS | |

| | |
|---|---|
| Mohammed Obaid Shariff | Email: mshariff@sharifflawfirm.com; |
| Kevin M. Acevedo-Carlson | Email: kacevedo@sharifflawfirm.com |
| Russell Ross | Email: rross@sharifflawfirm.com |
| Shariff Law Firm | Email: eservice@sharifflwfirm.com |
| SHARIFF LAW FIRM | |
| ATTORNEY FOR INTERVENOR ANA GARCIA & KEVIN SANCHEZ TREJO | |

| | |
|---|---|
| Taylor McCray Hunter | Email: taylor@thehunterlaw.com |
| Kevin Green | Email: kevin@consumerjusticecenter.com |
| Thomas Lyons Jr. | Email: tommy@consumerjusticecenter.com |
| Andi Weber | Email: andi@consumerjusticecenter.com |
| ATTORNEY FOR INTERVENOR CHANDRA JENKINS & DEQON BUFORD | |

*Ricardo J. Navarro*
_____
RICARDO J. NAVARRO
KELLY R. ALBIN