**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| OCTEVIA WAGNER, ET. AL. | § | |
| **Plaintiffs** | § | |
| | § | |
| vs. | § | **Civil Action No. 4: 23-CV-02886** |
| | § | |
| HARRIS COUNTY, TEXAS | § | |
| **Defendant** | § | |
| | § | |
| AND | § | |
| | § | |
| ANA GARCIA AND CHANDRA JENKINS, | § | |
| **Plaintiff – Intervenors** | § | |

**DEFENDANT HARRIS COUNTY'S MOTION TO COMPEL PLAINTIFFS**
**TO RESPOND TO WRITTEN DISCOVERY REQUESTS OR,**
**ALTERNATIVELY, MOTION TO STRIKE PLAINTIFF'S**
**LIABILITY AND DAMAGE CLAIMS**
==============================================================

MAY IT PLEASE THE COURT:

COMES NOW DEFENDANT HARRIS COUNTY, TEXAS (hereafter "DEFENDANT" or "HARRIS COUNTY") and files this Motion to Compel substantive responses to DEFENDANTS asks the Court to compel substantive responses to DEFENDANT's First Set of Written Discovery, consisting of Interrogatories (Rogs) and Requests for Production (RFPs), to Estates of those Plaintiffs who died while in custody at the Harris County Jail.

## I.     NATURE OF THE CLAIMS

1.     This is a Section 1983 civil rights action against DEFENDANT HARRIS COUNTY brought by current and former jail inmates and detainees held in the Harris County Jail. The lawsuit is comprised of about twenty-seven (27) Plaintiffs and two Intervenors. Of these, thirteen (13) are the Estates of Inmates who died in custody, and as to these, there exists a set of wrongful death Plaintiffs associated to the survival action of the inmate decedent. All other Plaintiffs and a Plaintiff Intervenor are alive and bring their own cases.

2.     In each of the successive pleadings, Plaintiffs' and Intervenors urge a condition of confinement as well as an episodic acts theory of liability. The current live pleading is the Second Amended Complaint (SAC), as to which HARRIS COUNTY has filed an Answer.

## II. EXHIBITS IN SUPPORT OF MOTION TO COMPEL

3. The Exhibits in support of this Motion to Compel are the following:

EXH. 1 – Plaintiffs' Objections & Responses to Defendant Harris County's First Set of Written Discovery (Rogs & RFPs)

EXH. 2 – Binder Containing Texas Ranger and Houston Police Department Investigative Reports Pertaining to DIC Plaintiffs.

## III. PROCEDURAL HISTORY

4. On 3/13/2025, DEFENDANT propounded a First Set of Written Discovery to the Estates of each of the Decedent Plaintiffs consisting of Interrogatories and Requests for Production.

5. The Plaintiff Estates, all represented by Counsel, served objections and responses within thirty days or within an extension period, as required by the FRCP. However, the objections and responses are inadequate, for the reasons more fully elaborated below.

6. Attached is Exhibit #1 is a binder containing the objections and responses urged by Plaintiffs. The Index to the binder identifies each Plaintiff by name and system identification number (SPN).

7. Although the factual basis of each decedent's claim occurred at various times, under different circumstances, and in different areas of the Jail facility, the ROGS and RFSs are the same as to each Plaintiff Estate. The information sought through this written discovery is basic baseline information pertaining to the Plaintiffs who "died in custody" (DICs).

8. The written discovery is not directed at the statutory beneficiaries of the Estates, that is, the wrongful death Plaintiffs; only against the survival Plaintiff, which is the Estate of the inmate who died in custody.

9. Written discovery against the statutory beneficiaries will be handled independently and separately from the written discovery against the Estates. This motion therefore does not pertain to the statutory beneficiaries who bring their own wrongful death claims.

## IV.    DISCOVERY DEFICIENCIES

**Deficiency No. 1:    None of the Plaintiffs Interrogatories Are Under Oath as Required by FRCP 33.**

10. A review of the Interrogatory responses immediately reveals that none of the Interrogatory responses are verified. *See Exhibit 1 – Interrogatories Nos. 1 through 10.*

11. Plaintiffs' Counsel is well aware, or should be aware, that under the Rules, Interrogatory Responses are to be tendered "under oath." *See Rule 33(b)(1)(3).*

12.	Submission of a verified response would also, by virtue of the identification requirements of a duly certified Notary Public, cure the request for proof of identification requested in Interrogatory No. 1.

13.	DEFENDANT therefore requests the Plaintiffs be compelled to submit their responses to the Interrogatories under oath by an authorized representative as to each of the Plaintiff Estates listed in Exhibit 1.

**Deficiency No. #2:	The Objections And The Response To The Plaintiffs' Interrogatories Are Garbled and Not Separately Delineated, Making It Impossible To Ascertain What Is A Legal Objection And What Is Supposed To Be A Substantive Response.**

14.	None of the Interrogatory Objections and Responses delineate the legal objection from the substantive testimonial response. It is impossible to tell what part of the purported response is a legal objection and which part is supposed to be a substantive response (assuming it was verified, which none of them are). *See Deficiency No. 1 above.*

15.	FRCP 33 clearly contemplates that legal objections, which are made by legal counsel are to be separate from substantive response, which is to be verified under oath.

16.	As to all of the Interrogatories, the legal objection is garbled and comingled with what appears to be a half-hearted effort as a verified response.

17.	DEFENDANT therefore requests that Plaintiffs' Counsel be required to delineate the legal objection from the response of the spokesperson for the Decedent's Estate as contemplated by FRCP 33.

**Deficiency No. #3:	Interrogatory No. 3. As to each Plaintiff Estate, Defendant Is Entitled To Know What Conditions Of Confinement Plaintiff Contends Is The Unconstitutional Condition Of Confinement That Plaintiffs Contends Proximately Cause The Death Of The Plaintiff Inmate Who Died In Custody.**

18.	Plaintiffs have pleaded from the Original Complaint through the more recently allowed Second Amended Complaint a theory of liability recognized under Section 1983 law pertaining to incarcerated inmates commonly known as a "conditions of confinement". *See Bell v Wolfish, 441 U.S. 520 (1979)(recognizing condition of confinement theory under Section 1983).*

19.	A condition of confinement claim has been defined in this Circuit as "a condition – a "rule," a "restriction," and "identifiable intended condition or practice," or "sufficiently extended or pervasive" "acts or omissions" of jail officials – that [are' not reasonably related to a legitimate government objective and that caused the constitutional violation. *See Sanchez v Young County,*

*Texas, 956 F.3d 785, 791 (5th Cir. 2020).* Some conditions, such as failure to train claims, do not, as a matter of law, qualify as a "condition of confinement" claim and can only be brought as an episodic acts claim. *See Sanchez, 956 F.3d at 792 (failure to train can only be brought as an episodic acts claim); see also, Flores v County of Hardemon, 124 F.3d . 736, 738 (failure to train claims are not "conditions of confinement" claims as a matter of law).*

20.     DEFENDANT is entitled to a verified Interrogatory Response explaining with specificity what *qualifying* "condition of confinement" that each Plaintiff Decedent contends proximately cause the unconstitutional death of the Plaintiff Decedent.

21.     Instead, as to each Plaintiff Decedent, the Plaintiffs "Response" reads more like an objection that simply regurgitates pleadings, which is not a sufficient response to a valid Interrogatory. Referring DEFENDANT to allegations in the complaint is not an appropriate objection, much less a response, to a perfectly legitimate question. In a deposition, or in trial, the Plaintiff who speaks for the Decedent Inmate can legitimately be asked what he or she contends is the "condition of confinement" that allegedly cause the inmates death; and a response like the one tendered for Interrogatory No. 3 as to each Plaintiff Decedent does not pass muster.

22.     In addition, Plaintiffs' [unverified] Response concludes with "Plaintiff reserves the right to supplement this response as discovery continues and more facts become available." *See Exhibit #1 – Interrogatory No. 3 Objection / Response.*

23.     Had these Interrogatories been served at the beginning of this case, prior to the exchange of disclosures and other RFP discovery by Plaintiffs, this excuse may have been acceptable. But that is not the case now. Leaving aside for the moment the documents that Plaintiffs themselves produced in Initial Disclosures, DEFENDANT has provided the Plaintiffs with significant amounts of discovery material pertaining to each and every Plaintiff.

24.     And if the Court needs to see further proof that the Plaintiff Estates have more than fair access to information sufficient to plead a case based on evidence – rather than conjecture and hyperbole – the Court need simply peruse the criminal investigative reports conducted by 3rd party law enforcement agencies on these custodial deaths. *See Exhibit 2 – Investigative Reports by Texas Rangers and Houston Police Department Regarding Decedent Plaintiff Inmates.*

**Deficiency No. #4:    Interrogatory Nos. 4 and 5 requests the identity of any individuals, if any, and as these are reflected in the cache of documents already produced in discovery, as to each Plaintiff.**

25.    This Interrogatory requests the Plaintiff identify any particular jail guard or jail guards who each individual Plaintiff blames or contends is responsible for injuries suffered and pleaded as damages. Plaintiffs and their counsel have already been provided with the incident reports that name and EIN (Employer ID No) of all the jail guards who were either involved in or who have indirect or supervisory knowledge of the underlying incident in issue.

26.    However, not all individual guards have the same level of involvement. Therefore DEFENDANT is asking the Plaintiffs to identify those guards, if any, who Plaintiff contends engaged in misconduct that is the proximate cause of injuries alleged.

27.    The burden of proving a constitutional injury falls on the Plaintiffs. It is not the DEFENDANTs burden to prove that the Plaintiff does not have a claim. For this reason, DEFENDANT is entitled to know the identity of the guards who Plaintiff contends is responsible for Plaintiffs Section 1983 injuries.

**Deficiency No. 6:    DEFENDANT is entitled to discovery pertaining to Plaintiffs and Intervenor's claim for damages. Interrogatory No. 6 and No. 7 requests the identity of Plaintiffs' <u>major</u> health care providers for a time period prior to being in custodial status.**

28.    The decedent Plaintiffs are requesting damages arising out of their custodial death. DEFENDANT is entitled to explore the medical condition of each decedent Plaintiff at the time the Plaintiff came into custodial status. The health condition of the decedent prior to going into custodial status is directly relevant to the claims for denial of medical care and for injury and death while in custody. This includes not only physical condition, but mental and psychological condition.

29.    Interrogatory No. 6 requests the identity of major health care or medical condition that treated the Decedent suffered for a period of time of twenty (20) years prior to going into custody. There is an accompanying Authorization and Release that DEFENDANT would use to request the medical records from the identified health care provider.

30.    If Plaintiffs think that the twenty (20) year period is too broad, DEFENDANT is willing to reduce this to a shorter period – like 10 years or maybe even 5 years – prior to custodial status, but DEFENDANT is entitled to discovery on the health care and medical condition of the Plaintiff going into custody.

31.     Plaintiff Intervenor Garcia, for Sanchez Trejo, incorrectly contends that the Estate of Sanchez Trejo is "not a party" to this litigation, in spite of the fact that Plaintiff must prove a Section 1983 constitutional injury suffered by Sanchez Trejo and in spite of the fact that Plaintiff pleads for damages for Sanchez Trejo. Consequently, the information requested for the identity of health care providers for Kevin Sanchez Trejo is in fact a legitimate discovery request.

**Deficiency No. 7:     As with health care, DEFENDANT is entitled to discovery pertaining to Plaintiffs claim for damages. Interrogatory No. 9 and No. 10 requests the identity of Plaintiffs' and Intervenor's prior employers for purposes of assessing Plaintiffs' claim for economic losses.**

32.     DEFENDANT contends that the time period for the Authorization request for employer records of ten (10) years is reasonable. DEFENDANT would be willing to abide by a time period of seven (7) years prior to taking custodial status.

**Deficiency No. 8:     RFP Nos. 1, 2 and 3 requests production of documents from health care providers and employers identified in the preceding Interrogatories.**

33.     DEFENDANT contends that it is entitled to the records that should be identified in the preceding Interrogatories. DEFENDANT will accept an appropriate Authorization form that allows DEFENANT to exercise a third party DWQ discovery request to the identified health care providers and prior employers for production of the documents that fall within the scope of health care entities identified and employers identified.

=================================

### IV.     MOTION TO STRIKE

34.     As an alternative remedy to this Motion to Compel substantive responses to DEFENDANT's Interrogatories and Requests for Production, DEFENDANT requests if Plaintiffs do not respond to the written discovery, that the Court strike the pleadings as to the conditions of confinement theory of liability  and or the episodic acts theory of liability as appropriate.

35.     Further, if Plaintiffs are not going to provide responses to the written discovery pertaining to damages claims, it would then be an appropriate alternative remedy for Plaintiffs' damage claims in the form of physical, mental, and emotional harm, as well as any claim for economic losses, be stricken from the pleadings.

36.     This Motion to Strike should also encompass any claim for attorney fees pleaded under 42 USC §1988 or any other applicable fee award statute pleaded by Plaintiffs individually and collectively.

Defendant Harris County's Motion to Compel or
Alternatively, To Strike Liability and Damage Claims                                      Page 6

## V. CERTIFICATE OF CONFERENCE

37.    DEFENDANT HARRIS COUNTY hereby advises the Court that an initial pertaining to the discovery deficiencies was raised at an attorney conference held by zoom on Friday, 4/4/2025 at 3:00 pm. No final resolution was reached at that time.

38.    Subsequently, a draft copy of this Motion to Compel was tendered to counsel to provide a more specific and detailed list of discovery deficiencies regarding the Decedent Plaintiff Estates in a further effort to reach agreement.

39.    As of the filing of this motion, all discovery deficiencies raised herein were not resolved, therefore DEFENDANT files this requesting a Court ruling. DEFENDANT requests a hearing to resolve the remaining issues contained in this Motion to Compel.

## CONCLUSION & PRAYER

THEREFORE, based on the foregoing reasons, DEFENDANT asks the Court to set this motion for hearing and after the hearing, Order Plaintiffs to cure the discovery deficiencies outlined above.

SIGNED on the 20th day of APRIL 2025.

Respectfully submitted,

By:    *Ricardo J. Navarro*
    _____
    RICARDO J. NAVARRO
    Attorney In Charge
    State Bar No. 14829100
    So. Dist. Id No. 5953
    rjnavarro@rampagelaw.com

    Kelly R. Albin
    Senior Associate Attorney
    State Bar No. 24086079
    So. Dist. Id No. 3792304
    kralbin@rampagelaw.com

    **DENTON NAVARRO RODRIGUEZ BERNAL**
    **SANTEE& ZECH, P.C.**
    549 N. Egret Bay, Suite 200
    League City, Texas 77573
    Tel. 832.632.2102
    Fax 832-632-2132

**COUNSEL FOR DEFENDANT
HARRIS COUNTY, TEXAS**

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 20th day of APRIL 2025, to wit:

Benjamin L. Crump                   Email: court@bencrump.com
Paul Ashley Grinke                  Email: paul@bencrump.com
Aaron Dekle                         Email: aaron@bencrump.com
BEN CRUMP LAW FIRM
ATTORNEYS FOR PLAINTIFFS

Carl Lenford Evans, Jr.             Email: cevans@mccathernlaw.com
Noah L. McCathern                   Email: nmccathern@mccathernlaw.com
Jordan A. Carter                    Email: jcarter@mccathernlaw.com
Alizabeth A. Guillot                Email: aguillot@mccathernlaw.com
McCathern Law Firm
ATTORNEYS FOR PLAINTIFFS

Mohammed Obaid Shariff              Email: mshariff@sharifflawfirm.com;
Kevin M. Acevedo-Carlson            Email: kacevedo@sharifflawfirm.com
Russell Ross                        Email: rross@sharifflawfirm.com
Shariff Law Firm                    Email: eservice@shariflwfirm.com
SHARIFF LAW FIRM
ATTORNEY FOR INTERVENOR ANA GARCIA
  & KEVIN SANCHEZ TREJO

Taylor McCray Hunter                Email: taylor@thehunterlaw.com
Kevin Green                         Email: kevin@consumerjusticecenter.com
Thomas Lyons Jr.                    Email: tommy@consumerjusticecenter.com
Andi Weber                          Email: andi@consumerjusticecenter.com
ATTORNEY FOR INTERVENOR
CHANDRA JENKINS & DEQON BUFORD

*Ricardo J. Navarro*
_____
RICARDO J. NAVARRO
KELLY R. ALBIN