**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER;** *et al.* | § | |
|     *Plaintiffs* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 4:23-cv-02886** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
|     *Defendant* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS** | § | |
|     *Plaintiff - Intervenors* | § | |

_____

**NOTICE OF INTERLOCUTORY APPEAL**
**FROM ORDER DENYING MOTION TO RECONSIDER SEVERANCE REQUEST**
_____

MAY IT PLEASE THE COURT:

Pursuant to Fed. R. App. P. 3, DEFENDANT HARRIS COUNTY hereby gives notice of the County's intent to appeal from the Order Denying Reconsideration of the County's Second Motion to Sever [ECF #120; *see also* ECF #40], signed by United States District Court Judge K. Ellison on March 28, 2025.

The County brings this appeal pursuant to the collateral order doctrine under 28 U.S.C. § 1291. *See Digital Desktop Corp. v. Desktop Direct, Inc*., 511 U.S. 863, 867 (1994) ("The collateral order doctrine is best understood not as an exception to the "final decision" rule laid down by Congress in § 1291, but as a 'practical construction' of it.") (quoting *Cohen v. Beneficial Ind. Loan Corp., supra*, 337 U.S., at 546, 69 (1949)).

The County recognizes that a typical severance order would not fall within the collateral order's ambit because it can be effectively reviewed in most cases after final judgment. However, here, Plaintiffs' ability to evade the County's *Monell* challenges are being facilitated through their misuse of Rule 20—a tactic being replicated in another recent case filed against the County—which impedes the County's ability to obtain meaningful access to other procedural safeguards

and to the correct *Monell* analysis. Interlocutory review is necessary in this case because a substantial public interest is at stake. *See Tracy v. Lumpkin*, 43 F.4th 473, 476 (5th Cir. 2022).

In short, Plaintiffs' misuse of Rule 20 has impermissibly forced the County to defend against a throng of claims, none of which "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Specifically, dozens of Plaintiffs bring claims for 29 current and former inmates of the Harris County Jail. The claims are admittedly based on different incidents, with different causes of injuries, that produced different alleged constitutional harms, involved different actors, occurred in different locations, and at different times over a period of several years. The County attacked this problem through multiple Rule 21 Motions, to which Plaintiffs responded, and the Court agreed, that their perfunctory assertion that all inmates were subject to the same *Monell* practice of alleged understaffing and overpopulation was sufficient to meet Rule 20's requirements. Though presented with evidence to the contrary (evidence to which Plaintiffs did not object) the Court allowed the claims to remain joined.

This misjoinder became doubly harmful because, in considering the County's Rule 12 Motion to Dismiss, the Court seemed to rely on the very numerosity of the claims joined to find that a *Monell* pattern-or-practice-claim was properly alleged even though none of the claims show a similar pattern-or-practice. Dissimilar claims joined together can never, as a matter of law, establish the existence of a *Monell* pattern or practice—it is the other way around. But that is precisely what has happened here because of the misjoinder. Further, Plaintiffs have used the misjoinder to stretch the Rule 26 boundaries, insisting that because the Plaintiff group is so numerous and they are bringing such widely varying claims they are entitled to have County staff sweep for virtually every record related to any incident at the jail for the past 5-10 years.

The effect of the Orders denying the County's Rule 21 Motion on multiple occasions to float the *Monell* pattern-or-practice claim and to interfere with discovery Rules is more than just a burden "that [is] only imperfectly reparable by appellate reversal of a final district court judgment." *Mohawk*, 558 U.S. at 107 (quoting *Digit. Equip. Corp.*, 511 U.S. at 872). The County (and ultimately, taxpayers) will bear the enormous cost of defending dissimilar claims in a single suit where independent analysis of each claim continues to get lost in the discovery process and in review of dispositive motions.

As a result, the Fifth Circuit has jurisdiction to review the Order and address an issue of substantial public interest.

SUBMITTED on April 25, 2025.

**Respectfully submitted,**

By:     /s/Kelly Albin
**KELLY R. ALBIN**
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com

By:     /s/ Ric Navarro _____
**RICARDO J. NAVARRO**
State Bar No. 14829100
So. Dist. ID No. 5953
rjnavarro@rampagelaw.com

OF COUNSEL:
**DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay Blvd., Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

**ATTORNEYS FOR APPELLANTS**

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
ESTATE DIVISIONS

By:     */s/Natalie G. DeLuca*
      **NATALIE G. DELUCA**
      Managing Counsel
      Harris County Attorney's Office
      State Bar No. 24045772
      1019 Congress
      Houston, Texas 77002
      Tel: (713) 274-5103 (direct)
      natalie.deluca@harriscountytx.gov

      **LAURA BECKMAN HEDGE**
      DIVISION DIRECTOR
      DEFENSIVE LITIGATION DIVISION

      /s/ *Laura Beckman Hedge*
      **LAURA BECKMAN HEDGE**
      Sr. Assistant County Attorney
      State Bar No. 00790288
      Federal ID No. 23243
      1019 Congress, 15th Floor
      Houston, Texas 77002
      Telephone: (713) 274-5137 (direct)
      laura.hedge@harriscountytx.gov

      **OFFICE OF THE HARRIS COUNTY ATTORNEY**
      1019 Congress, 15TH Floor
      Houston, Texas 77002
      Tel: (713) 274-5155 (direct)

      **ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF SERVICE

      I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 25th_ day of April 2025, to wit:

Benjamin L. Crump            Email: court@bencrump.com
Paul Ashley Grinke            Email: paul@bencrump.com
Aaron Dekle            Email: aaron@bencrump.com
BEN CRUMP LAW FIRM
ATTORNEYS FOR PLAINTIFFS

Carl Lenford Evans, Jr.                     Email: cevans@mccathernlaw.com
Noah L. McCathern                           Email: nmccathern@mccathernlaw.com
Jordan A. Carter                            Email: jcarter@mccathernlaw.com
Alizabeth A. Guillot                        Email: aguillot@mccathernlaw.com
McCathern Law Firm
ATTORNEYS FOR PLAINTIFFS


Mohammed Obaid Shariff                      Email: mshariff@sharifflawfirm.com;
Kevin M. Acevedo-Carlson                    Email: kacevedo@sharifflawfirm.com
Russell Ross                               Email: rross@sharifflawfirm.com
Shariff Law Firm                           Email: eservice@sharifflwfirm.com
SHARIFF LAW FIRM
ATTORNEY FOR INTERVENOR ANA GARCIA
   & KEVIN SANCHEZ TREJO


Taylor McCray Hunter                        Email: taylor@thehunterlaw.com
Kevin Green                                 Email: kevin@consumerjusticecenter.com
Thomas Lyons Jr.                            Email: tommy@consumerjusticecenter.com
Andi Weber                                  Email: andi@consumerjusticecenter.com
ATTORNEY FOR INTERVENOR
CHANDRA JENKINS & DEQON BUFORD


``                                          /s/ Ric Navarro

                                           _____
                                           RICARDO J. NAVARRO
                                           KELLY R. ALBIN


Defendant Harris County's
Notice of Interlocutory Appeal                                              -5-