IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAGNER et al., §<br>　　　　*Plaintiffs*, §<br>v. §<br>　§<br>HARRIS COUNTY, TEXAS, §<br>　　　　*Defendant,* §<br>and §<br>　§<br>ANA GARCIA and CHANDRA §<br>JENKINS, §<br>　　　　*Plaintiff-Intervenors.* § | CIVIL ACTION NO:<br>4:23-cv-02886<br><br>Jury Requested |

**PLAINTIFF-INTERVENOR ANA GARCIA'S REPLY TO DEFENDANT'S RESPONSE [DOC. 172] TO GARCIA'S MOTION TO STRIKE [DOC. 160]**

TO THE HONORABLE JUDGE KEITH P. ELLISON:

**COMES NOW**, Plaintiff-Intervenor **ANA GARCIA** (hereinafter "Garcia"), individually, as heir, and as representative of **KEVIN ALEXANDER SANCHEZ-TREJO** (hereinafter referred to as the "Decedent") and files this Reply to Defendant **HARRIS COUNTY'S** (hereinafter the "Defendant") Response [Doc. 172] (hereinafter the "Response") to Garcia's Motion to Strike (hereinafter the "Motion to Strike") Paragraphs of Defendant's Response [Doc. 160] to Plaintiff's Motion to Compel [Doc. 130]. As such, Garcia replies:

1. **Undisputed Points**. Defendant's Response to the Motion to Strike does not dispute that this Court has the undisputed inherent power to strike things. *See* Doc. 163, Pg. 5 (citing <u>Westerngeco L.L.C. v. ION Geophysical Corp.</u>, 2011 U.S. Dist. LEXIS 91326 *38-39 (S.D. Tex. 2011) (Ellison, K.). It also does not dispute that Fed. R. Civ. P. 12(f) provides some persuasive guidance on when to exercise such a power— namely, when things are redundant, immaterial, impertinent, or scandalous. *Id*., Pg. 7 ¶ 29. And, it does not dispute that Paragraphs 66 to 80 of Defendant's Response [Doc. 160] to Plaintiff's Motion to Compel [Doc. 130] are just that.

2. Instead, Defendant first asserts that for "*reasons that are not immediately clear… Garcia… has elected to make a collateral jump into an exchange of Motions and Response as between the Wagner Plaintiffs and Defendant Harris County*." *See* Doc. 172, Pg. 1-2. But the reasons are immediately clear: Defendant itself elected to make redundant, immaterial, impertinent, non sequitur and previously rejected assertions about Garcia's claims in a discovery dispute Plaintiffs have with Defendant. *See* Doc. 163, Pg. 4-5 (quoting Doc. 160, Pg. 15-16 ¶ 21).

3. As explained in the Motion to Strike, what the Defendant should have instead done was make a response that was "*directly responsive to the motion pending*." *Id*., Pg. 5-6 (quoting Doe v. Baylor Univ., 2019 U.S. Dist. LEXIS 248331 *10 (W.D. Tex. 2019)). But instead, for reasons themselves not clear, Defendant opted to make previously rejected nonsequiturs about Garcia's claims. Since there are no proper means for Garcia to respond to those assertions made in another party's response to another party's motion, those things should be struck.

4. **Previously Rejected Redundancies**. In addition, the Defendant also does not refute in the Response that this Honorable Court has previously and repeatedly rejected the redundant assertion that Garcia does not have live conditions of confinement claims. *See* Doc. 163, Pg. 7 ¶ 29 (asking the Honorable Court to compare Doc. 44, Pg. 4-6 *to* Doc. 84, Pg. 3-7). Nor does Defendant dispute in its Response to the Motion to Strike that its non sequitur in the Response to Plaintiff's Motion to Compel, which specifically requested that "***document production***" be limited to only those things that "***directly pertain to Intervenor Sanchez*** [i.e., Garcia]" [Doc. 163, Pg. 5 ¶ 21 (directly quoting Doc. 160, Pg. 15-16 ¶ 75-80) and that it wants "***a finding that the only appropriate Section 1983 cause of action***" Garcia has "***is an episodic act***" one, both of which have been repeatedly rejected by this Honorable Court in written opinions and at hearings.

5.	Instead of disputing those things, Defendant asserts that "*Garcia did*" not complain when "*Defendant*" said the same things in its "*Response to [Garcia's] Own [First] Motion to Compel*,"[1] and that it should not be "*so outlandish*" for Defendant to say the same rejected thing redundantly again over and over again. *See* Doc. 172, Pg. 2. First of all, Garcia did complain:

> "While Defendant admits that 'the scope of relevant discovery is… tethered to the nature of the claims and causes of action urged' [Doc. 117, Pg. 8], and the 'discovery dispute presented here is going to turn on the question of what the proper scope of discovery is in the context of the pleadings in the case and the factual matters in controversy' [Doc. 117, Pg. 6 ¶ 27], **Defendant mischaracterizes the scope of Garcia's live claims** as mere complaints that Sanchez 'was denied medical care' [Doc. 117, Pg. 1 ¶ 1-5] and **as just an episodic acts case** [Doc. 177, Pg. 8 ¶ 41-51].
>
> Respectfully, **this Court has already ruled that Garcia has live conditions of confinement and pattern-or-practice Monell claims** beyond just denials of medical care, which include failure to observe/monitor and systematic understaffing/overcrowding customs or conditions. Doc. 84, Pg. 3-16. On top of that, this Honorable Court has also already ruled that Garcia further has live failure to train claims. See Doc. 84, Pg. 16-18. And, beyond even those, Garcia has failure to-supervise claims that have not been dismissed. Doc. 41, Pg. 67-69 ¶ 71-75. Hence, the scope of discovery is beyond Defendant's mischaracterizations and actually encompasses the information sought by Garcia."
>
> *See* Do. 118, Pg. 1-2 ¶ 1 (emphasis added)

After this, the Honorable Court held *two* hearings on Garcia's motion to compel, and following the last one, the Honorable Court agreed with Garcia that the scope of discovery is not limited to just her own incident. The Honorable Court even took a brief recess to consult with the law clerk to verify this.  Second, it is outlandish for Defendant to again—immediately after that— literally make the argument that "*document production*" be limited to only those things that "*directly pertain to Intervenor Sanchez* [i.e., Garcia]" [Doc. 163, Pg. 5 ¶ 21 (directly quoting Doc. 160, Pg. 15-16 ¶ 75-80) and that the Honorable Court should make "*a finding that the only appropriate*

---

[1] There will certainly be a second one given Defendant obstinate insistence that Garcia is only entitled to discovery of the Sanchez incident and that Garcia's claims are episodic act claims even though the Court already rejected this argument in written opinions and at hearings.

***Section 1983 cause of action***" that Garcia has "***is an episodic act***" [*Id.*] in the Response to the Plaintiff's Motion to Compel where she cannot respond.  Hence, under these facts, the Defendant's statements made with impunity to this Honorable Court's orders made in a place where Garcia cannot properly respond should be struck via the inherent authority.

   6.  **<u>Strikingly Parallel Case</u>**.  Defendant nonetheless next asserts that in "*view of the… legal standards*" from <u>Crosby v. La. Health Serv. & Indem. Co.</u>, 647 F.3d 258 (5th Cir. 2011), "*it is difficult to see how… Garcia's Motion to Strike… makes any sense.*"  *Id.,* Pg. 2-3 ¶ 10-12.  And, Defendant insists that this Honorable Court should "*[s]ee*" the "<u>Crosby</u>" case.  *Id.*, Pg. 2 ¶ 10.  As background, in that case, Crosby was insured under a health plan and was denied coverage for a jaw, teeth, or mouth issue.  *Id.*, 260.  In discovery, the insurer insisted that Crosby was entitled to only the administrative record pertaining to his specific incident or denial of coverage.  *Id.*, 261.  But Crosby sought discovery on whether, in other instances, the insurer had afforded coverage for claims related to the jaw, teeth or mount.  *Id.*, 264.  Yet, the magistrate judge refused, and summary judgment was awarded in favor of the insurer.  *Id*.  On appeal, the Fifth Circuit found and wrote that the "magistrate" had "denied Crosby's [discovery] motion based on an erroneous view of the scope of admissible and discoverable evidence" and that "abuse of discretion prejudiced Crosby's ability" to show that the insurer "had afforded coverage in similar situations."  *Id.*, 264.  Thus, the judgment was reversed because Crosby was not permitted to discover other incidents.

   7.  The parallels with the <u>Crosby</u> case are striking, and that case aligns with what this Honorable Court very recently ruled at its last oral hearing.  *Infra*.  Just like the insurer in Crosby, Defendants here once more redundantly seek to limit "***document production***" to only those things that "***directly pertain to Intervenor Sanchez*** [i.e., Garcia]."  *See* Doc. 163, Pg. 5 ¶ 21 (directly quoting Doc. 160, Pg. 15-16 ¶ 75-80).  The difference here, however, is that Defendant is

4

attempting to do so in a Response to Plaintiff's Motion to Compel where Garcia cannot properly respond. Thus, for that reason, that request should be struck via the inherent authority.

8. **Improper Request**. Defendant next does not dispute the proper way to seek affirmative relief is to first confer with the party against whom the relief is sought and then file a written motion, presenting its supporting authorities, along with a proposed order, and that it did not do those things. *See* Doc. 163, Pg. 6 ¶ 27. Instead, the Defendant tells this Court that in *Mir v. L-3 Communs. Integrated Sys., L.P.*, 319 F.R.D. 220 (N.D. Tex. 2016) (Horan, D.) that District Court acknowledged "*that under certain circumstances, the [court] is required to impose a discovery limitation 'even in the absence of a motion.'*" *See* Doc. 172, Pg. 3 ¶ 11.

9. That court, however, went on to also immediately then say those circumstances still require "a party seeking to resist discovery on [such] grounds" to discharge its "burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by [Fed. R. Civ. P. 26(b)] by coming forward with specific information to address… the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties" *Id.*, 226. After that, the Mir court went on to require the party resisting discovery to sign a release, thereby relinquishing what it had previously resisted in discovery. *Id.*, 232-233. Similarly, the Defendant has already been ordered to cease resisting the discovery of incidents beyond those related to the Sanchez incident.

10. In any case, the Defendant has not shown that this is one of those "*certain circumstances*" where discovery should be limited in the "*absence of a motion*" and with only an off-base request that "**the Court enter a finding that the only Section 1983 cause of action as it pertains to Decedent Sanchez Trejo is an episodic act or omission claim, not a condition of confinement claim**" in a Response to another Party's Motion to Compel *See* Doc. 160, Pg. 15-16

5

¶ 75-80.  Rather than granting that request to which Garcia has no reasonable means in which to properly respond, the Honorable Court, respectfully, should just strike that request.

      11.     **<u>Irony</u>**.  After having brought to this Honorable Court's attention the <u>Crosby</u> and <u>Mir</u> cases, which actually support this Court's decision that both Garica and the Plaintiffs are entitled to discovery of incidents beyond just those of Sanchez and the Plaintiffs individually, the Defendant next argues that the "***final irony** of… Garcia's Motion to Strike… is that there is no pending discovery dispute with… Garcia*."  *See* Doc. 172, Pg. 3 ¶ 13-14 (emphasis added).  The irony of that is the still pending discovery dispute between Garcia and Defendant is so top of mind that even Defendant itself found it necessary to devote parts of its Response to Plaintiff's Motion to Compel to that ongoing discovery point in which Defendants still incorrectly insist that Garcia's claims are just episodic act ones and that she is entitled only to discovery of Sanchez's incident.  That said, because Defendant made that non sequitur and previously rejected arguments in the Response to Plaintiff's Motion where Garcia cannot respond, those requests should be struck.

      WHEREFORE, PREMISES CONSIDERED, Plaintiff-Intervenor Ana Garcia respectfully requests that the Honorable Court grant her Motion to Strike [Doc. 163], and for any and all other relief to which the Movant may be entitled.

                                            [SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**THE SHARIFF LAW FIRM**

By: _____
    **M. Obaid Shariff**
    Federal ID No. 2827312
    Texas Bar No. 24091135
    mshariff@sharifflawfirm.com
    2500 West Loop South, Ste 300
    Houston, Texas 77027
    (713) 244-8392 (Telephone)
    (713) 244-8372 (Fax)
    **ELECTRONIC SERVICE VIA:**
    eservice@sharifflawfirm.com

    **ATTORNEY FOR ANA GARCIA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WAGNER et al. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO: |
| v. | § | 4:23-cv-02886 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | Jury Requested |
| | § | |
| *Defendant.* | § | |

**CERTIFICATE OF SERVICE**

TO:    Clerk of the Court

    I hereby certify that on the date of this filing I electronically filed the foregoing was filed with the Clerk of the Court using the CM/ECF system and/or via email to the following:

**BEN CRUMP LAW, PLLC**

Paul A. Grinke
Attorney-in-Charge
State Bar No. 24032255
Paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
Aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Telephone: (972) 942-0494
Facsimile: (800) 770-3444

*- and –*

**MCCATHERN, PLLC**
Stephen Bergren
State Bar No. 24134428
sbergren@mccathernlaw.com
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Telephone: (214) 741-2662
Facsimile: (214) 741-4717

8

**ATTORNEYS FOR PLAINTIFFS**

*--and—*

**BAKER & HOSTETLER LLP**

Gregory C. Ulmer
Attorney-in-Charge
Texas Bar No. 00794767
Southern District Federal ID No. 19827
gulmer@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

*OF COUNSEL*:

**BAKER & HOSTETLER LLP**
James E. Phillips
Texas Bar No. 24060423
Southern District Federal ID No. 906115
jphillips@bakerlaw.com
Kristen H. Luck
Texas Bar No. 24104027
Southern District Federal ID No. 3111037
kluck@bakerlaw.com
Ryan A. Walton
Texas Bar No. 24105086
Southern District Federal ID No. 3278426
rwalton@bakerlaw.com

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY, TEXAS**

*--and—*

**HUNTER LAW CORPORATION, PC TEXAS OFFICE**
Taylor M. Hunter
Federal I.D. No. 3424673
SBN: 24106123 4131
North Central Expressway Suite 900
Dallas, Texas 75204
Tel: (214) 206-1200
Fax: (214) 206-1220
taylor@thehunterlaw.com

**Attorneys for Plaintiff-Intervenor Chandra Jenkins**

M. Obaid Shariff
*Attorney for the Intervenor*