IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OCTEVIA WAGNER, ET. AL.<br>　　Plaintiffs | § § § § | |
| v. | § | Civil Action No. 4:23-CV-02886 |
| HARRIS COUNTY, TEXAS<br>　　Defendant | § § § § | |
| AND | § § | |
| ANA GARCIA AND CHANDRA JENKINS,<br>　　Plaintiff – Intervenors | § § | |

**DEFENDANT HARRIS COUNTY'S RESPONSE TO
TO WAGNER PLAINTIFFS' SUPPLEMENTAL
MOTION TO COMPEL [ECF #173]**
========================================================================

COMES NOW DEFENDANT HARRIS COUNTY and files this Response in Opposition to the Wagner Plaintiffs' Supplemental Motion to Compel [ECF #173]. The dispute centers on a recent permutation of discovery arising out of the production of Incident History Reports (IHRs) for three detention officers who Plaintiff has requested to depose.

**CONTEXT & BACKGROUND**

1. The Parties have been engaged in deposition discovery, both as to Plaintiffs as well as to certain Detention Officers. The requests have been made on a case by case basis.

2. Wagner Plaintiffs' counsel requested the deposition of three individual Detention Officers (aka "jail guards") who were identified in the jail records as persons – Allen, Conrad, and Wong.

3. The protocol that had evolved to process deposition requests was to first, to ascertain as to which Plaintiff and which incident the jail guard was a witness and second, to ascertain if the jail guard has authored a report, and finally, to ascertain if the incident in question was the one pleaded in the live complaint. If this initial screening was affirmative, the process moved to the next step.

4. The next step was that the jail guard's HR file and TCOLE training file was requested from HCSO Legal. Once received, it was vetted for confidential or privileged content, redacted if needed, and then produced in advance of the deposition.

5.  Recently, an additional document – referenced in production as an "Incident History Report" (IHR) started being produced as well. The IHR is maintained in a different data repository than the HR file or the TCOLE files for that matter. There is some cross-reference, but each category of document is for different purposes. *See Exh. A – Incident History Reports for DO Allen, Conrad & Wong.*

6.  There are, in fact, some references in the IHR documentation that overlap with documentation in the HR file materials produced as well as in the jail records produced.

## DEPOSITION SCHEDULING

7.  In connection with the deposition scheduling of DO Allen, who had knowledge of facts pertaining to Plaintiff Kevin Lee Smith, the order of scheduling and the order of production got administratively mucked up – the depositions got scheduled before the underlying HR and TCOLE documents had been procured, vetted, and produced. When the documents were produced, it was within a few days of the scheduled (or rescheduled) deposition.

8.  Ordinarily, this would not have been a problem. In many cases the document production pertaining to a DO who is being deposed happens within a few days of the deposition. In the case of these three deponents, the IHR reports contained a reference to other incidents other than that of the Plaintiff.

9.  Plaintiff's counsel demanded that other content referred in the IHRs be produced in advance of the deposition. See ECF 173.1 at pp. 3-4. A quick review of other incidents reflected in the IHR revealed that the incident in issues did not involve the Plaintiffs or Plaintiff's pleaded incident.

10. Attorneys Navarro and Dekle did telephonically confer about this issue but could not reach any agreement about the scope of relevant evidence. See ECF 172.1 at p. 3. The disagreement turns on the scope of relevancy for *Monell* purposes, and also on issues of proportionality. Plaintiffs' definition of relevancy for UOF claims is so broad that it encompasses every DO in the facility who was ever the subject, or even a witness, to a reported UOF incident, however nominal it may be.

11. Counsel did agree the already scheduled depositions would go forward, and defense counsel did later propose a protocol that would not slow down the deposition process but left open the door to further review of collateral content referenced in the IHR of a particular jail guard. See

Exh. B – Email to Counsel dated 6/24/2025. Hence, there is no immediate harm or delay to the deposition discovery process previously implemented.

## CONCLUSION & PRAYER

THEREFORE, DEFENDANT requests that the Court subsume the specific discovery issue raised here into the larger question about the scope of *Monell* discovery to be addressed in the Motions scheduled to be heard on 7/31/2025 and any other Motions pertaining to this subject matter.

SIGNED on the 2nd day of JULY 2025.

                                                    Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
rjnavarro@rampagelaw.com

KELLY R. ALBIN
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay Blvd., Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

   ATTORNEYS FOR DEFENDANT
   HARRIS COUNTY, TEXAS

## CERTIFICATE OF SERVICE

    I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 2nd day of JULY 2025, to wit:

| | |
|---|---|
| Benjamin L. Crump | Email: court@bencrump.com |
| Paul Ashley Grinke | Email: paul@bencrump.com |
| Aaron Dekle | Email: aaron@bencrump.com |
| BEN CRUMP LAW FIRM | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Carl Lenford Evans, Jr. | Email: cevans@mccathernlaw.com |
| Noah L. McCathern | Email: nmccathern@mccathernlaw.com |
| Jordan A. Carter | Email: jcarter@mccathernlaw.com |
| Alizabeth A. Guillot | Email: aguillot@mccathernlaw.com |
| McCathern Law Firm | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Thad D. Spalding | Email: tspalding@dpslawgroup.com |
| Shelby J. White | Email: swhite@dpslawgroup.com |
| Durham, Pittard & Spalding, LLP | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Mohammed Obaid Shariff | Email: mshariff@shariﬄawfirm.com; |
| Kevin M. Acevedo-Carlson | Email: kacevedo@shariﬄawfirm.com |
| Russell Ross | Email: rross@shariﬄawfirm.com |
| Shariff Law Firm | Email: eservice@shariﬄwfirm.com |
| SHARIFF LAW FIRM | |
| ATTORNEY FOR INTERVENOR ANA GARCIA & KEVIN SANCHEZ TREJO | |
| | |
| Taylor McCray Hunter | Email: taylor@thehunterlaw.com |
| Kevin Green | Email: kevin@consumerjusticecenter.com |
| Thomas Lyons Jr. | Email: tommy@consumerjusticecenter.com |
| Andi Weber | Email: andi@consumerjusticecenter.com |
| ATTORNEY FOR INTERVENOR CHANDRA JENKINS & DEQON BUFORD | |

*Ricardo J. Navarro*
RICARDO J. NAVARRO
KELLY R. ALBIN

Defendant Harris County's Response in Opposition to
Wagner Plaintiffs Supplemental Motion to Compel [ECF #137]    -4-