IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.** § <br> Plaintiffs § <br> § <br> § <br> v. § <br> § <br> **HARRIS COUNTY, TEXAS** § <br> Defendant § <br> § <br> **AND** § <br> § <br> § <br> **ANA GARCIA AND CHANDRA JENKINS,** § <br> Plaintiff – Intervenors § | | Civil Action No. 4:23-CV-02886 |

**DEFENDANT HARRIS COUNTY'S RULE 56 NO EVIDENCE
MOTION FOR SUMMARY JUDGMENT AND MOTION TO SEVER
CLAIMS BY INMATE BERNARD LOCKHART [SPN 01805357]**
═══════════════════════════════════════════════════════════════════

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT, HARRIS COUNTY, TEXAS, and files this Rule 56 No Evidence Motion for Summary Judgment against the claims brought by Plaintiff BERNARD LOCKHART (hereafter "LOCKHART").

## I. TABLE OF CONTENTS

I. TABLE OF CONTENTS ................................................................................................... i

II. INDEX TO MSJ EXHIBITS............................................................................................. ii

III. NATURE OF THE CASE ................................................................................................ 1

IV. NO EVIDENCE MSJ ...................................................................................................... 1

V. CHRONOLOGY OF MATERIAL EVENTS..................................................................... 2

VI. SUMMARY OF THE ARGUMENT ............................................................................... 4

VII. ARGUMENT & AUTHORITIES................................................................................... 4

A.    The 14th Amendment Protection for Pretrial Detainees From Use of
      Excessive Force Also Recognizes that in a Jail Context, the Government's
      Legitimate Interest in Maintaining Order and Discipline Within the
      Facility. .............................................................................................................. 4

B.    Consistent with the Constitutional Limits on Use of Force, the Harris

| | County Detention Command Has Standard Operating Procedures that Address the Use of Force Parameters for it Jail Personnel. | 5 |
|---|---|---|
| C. | A Review Of The Key Material Facts Constituting Lockhart's Claim Does Not Support His Claim of a Constitutional Tort. | 5 |

VIII. ARGUMENTS AND AUTHORITIES ................................................................. 5

| A. | There Is No Evidence That Detention Office Alex Conrad Used Unconstitutionally Excessive Force Against Bernard Lockhart. | 5 |
|---|---|---|
| B. | A Review of the Medical Records Reflects that Lockhart Received Medical Care on 6/28/2022 | 6 |
| C. | Lockhart Does Not State A Claim For Relief Under Section 1983, Under Either A Conditions Of Confinement Theory Or An Episodic Acts Theory Because There Are No Facts That Support Either Theory. | 7 |
| D. | Lockhart Does Not Have a Conditions of Confinement Claim. | 7 |
| E. | The Legal Standard for Episodic Acts or Omissions Claim Generally | 8 |
| F. | There Is No Need To Address Monell Evidence Because There Is No Evidence That An Unconstitutionally Excessive Use Of Force Even Occurred. | 8 |

IX. MOTION TO SEVER ........................................................................................... 9

X. CONCLUSION & PRAYER ................................................................................... 9

========================================

## II. INDEX TO MSJ EXHIBITS

1. In support of this Rule 56(a) Motion, DEFENDANT HARRIS COUNTY tenders the following Exhibits in support of this Motion:

EXH. I - DECLARATION AUTHENTICATING LIST OF EXHIBITS TENDERED IN SUPPORT OF RULE 56 MOTION:

    Exhibit 1.A – Inmate Housing History Report for Bernard Lockhart [JR 002280 - 0002282]

    Exhibit 1.B – Inmate Movement History Report for Bernard Lockhart [JR 002277 – JR 002279]

    Exhibit 1.C – UOF Complaint by Lockhart re DO Alex Conrad [IA 000004]

    Exhibit 1.D – OMS Reports re Incident #22-0629-979 [000041 – 000049]

    Exhibit 1.E – Grievance Board & IA Review of Lockhart UOF Complaint [IA2022-00398] [IA 00001 – IA 000022]

        IA 000001 – Index to Binder

        IA 000002    IAD / Administrative Investigation Request

    IA 000003  Grievance Resolution Form / Inmate Grievance Board

    IA 000004 – OMS Inmate Grievance (submitted 6/30/2022)

    IA 00005 – IA 000021 – OMS Incident Reports

    IA 000022 – Notice of Disposition to Inmate (12/4/2023)

  Exhibit 1.F – Video Content re UOF Incident [9 Clips]

  Exhibit 1.G – Disciplinary History for Bernard Lockhart [000002 – 000003]

  Exhibit 1.H – Grievance History Records Re Bernard Lockhart [002255 – 002276]

2. MEDICAL RECORDS

  Exhibit 2.A – Medical Records for Bernard Lockhart [Extracts from 000128 – 002253]

3. MOST RELEVENT DETENTION COMMAND SOPs:

  Exhibit 3.A – CJC 211 Inmate Grievance Policy [000133 – 000137]

  Exhibit 3.B – CJC 307 Use of Force [000391 – 000402]

  Exhibit 3.C – CJC 701 Standard Operating Procedures [000479 000488]

  Exhibit 3.D – CJC 724 Inmate Grievance Policy Post Order [000665 – 000672]

EXH. II - DECLARATION BY MAJOR LYNETTE ANDERSON EXPLAINING THE GRIEVANCE AND INVESTIGATIVE PROCESS ON A USE OF FORCE COMPLAINT

2. The foregoing documentary exhibits are all documents produced in disclosures and in written discovery requests and are bates labeled and numbered to identify which Plaintiff Inmate to which they pertain.

3. Further, because the Exhibits were all produced under a Confidentiality Order previously entered by the Court. *See ECF #80 – Confidentiality & Protective Order.* The Exhibits listed have all been designated as "Confidential" and are therefore filed under restriction, thereby limiting access to these filings to the attorneys of record in this case.

### III. NATURE OF THE CASE

4. This is a Section 1983 civil rights case brought by and on behalf of former Harris County Jail inmate, BERNARD LOCKHART [SPN 01805357].

5. LOCKHART contends that he was subjected to an unnecessary and excessive use of force by a Detention Officer named Alex Conrad. The constitutional tort is alleged to have occurred on 6/28/2022 while LOCKHART was in custody at the Harris County Jail. *See ECF #122 - Plaintiffs' Second Amended Complaint (fs 3/28/2025) at p. 51, paras 231 - 235*. DEFENDANT HARRIS COUNTY denies the material factual allegations urged by Plaintiff Lockhart. *See ECF #123 – Answer to Plaintiffs' SAC (fs 4/3/2025 at pp. 17 -18, paras. 98 – 100.*

### IV. NO EVIDENCE MSJ

6. The dispositive motion is brought as a Rule 56 no evidence Motion for Summary Judgement. Such a dispositive motion can be sustained with conclusory assertions. Nevertheless, when a moving party who does not bear the burden of proof, a movant who does not bear the burden of proof at trial may move for summary judgment by pointing out that there is "no evidence" to support one or more elements of the non-movant's claim. *See FRCP Rule 56(a); see also Austin v Kroger Texas, L.P.,* 864 F.3d 326, 335 & n.10 (5th Cir. 2017)*; followed in Nieto v State Farm,* 722 F.Supp. 653 (S.D. Tex. – Brownsville Div. 2024)*.

7. To demonstrate the lack of evidence, the moving party without the burden of proof may demonstrate the lack of proof by submitting evidentiary proof in the form of documents, affidavits, deposition testimony in support of the Rule 56(a) argument that the plaintiff (i.e., the nonmoving party with the burden of proof) cannot, as a matter of law, provide evidence to satisfy each element of the claims asserted. *Nieto*, 722 F.Supp. at 657. The burden of production then shifts to the non-moving party, the party with the burden of proof, that there is sufficient evidence as to each element of an alleged claim to, at a minimum, create a material issue of fact for a jury. *Id.; see also Celotex Corp. v Catrett,* 477 U.S. 317, 322-323 (1986)(failure of non-movant to establish any essential element of a claim defeats the claim as a matter of law).

## V. CHRONOLOGY OF MATERIAL EVENTS

**A.      Chronology of Events and Record References by Major Lynette Anderson [Exh. II]**

8.      On 6/30/2022, Inmate Bernard Lockhart files an OMS complaint against Detention Officer Alex Conrad alleging an excessive use of force by DO Conrad against him. *See Exh. 1.C – UOF Complaint by Bernard*.

9.      The complaint alleges that the UOF incident occurred on 6/29/2022, but the underlying incident reports reveal that the engagement between Lockhart and Conrad would have occurred on 6/28/2022 according to the records.

10.     Lockhart contends in his OMS Grievance, in pertinent part, that

> Request Type:      GRIEVANCE BOARD
> Date Requested:    06/30/22  08 57
> Requested By:      Inmate
> Request Details:   On june 29, 2022 at 11pm, i was on dorm 3b2 getting ready for count and had a couple of words with one of the C O s and he asked me to step out, so as i was walking towards the front door he then asked me to putt my hands behind my back, as i was getting cuffed and was putting my left hand behind my back, C.O Conrad grabbed me and slammed my face into the brick wall and punched me also, as i was getting drugged down the hallway and was asking them to let me walk, he continue to slam my head into the brick wall and punching me, they drug me out of my slippers and pants into Z7 cell, they then tripped me, slammed my face into the concrete floor and was continually punching me in the face and stepping on my head, and told me if i moved, i will be getting my arm broke. i need something done please
> Disposition:       Accepted/Open

*See Exh. 1.C – UOF Grievance by Lockhart, p. IA 000004*.

11.     Detention Lt. Lynette Anderson accepted the Grievance for investigation as a possible UOF violation under CJC-307 by DO Alex Conrad. The Grievance went to IAD for investigation. See Exh. 1.E at p. IA 000002.

12.     The reports by other Detention Officers on the scene describe a different scene from that described by Lockhart. DO Jailyn Twitty reported, in pertinent part, that:

> On Tuesday, June 28, 2022, I, Detention Officer J. Twitty (EIN 159430), was assigned to 2nd watch on the 3rd floor, as a rover, at the Harris County Sheriff's Office Detention Facility, located at 701 N San Jacinto Street in Houston, Texas.
> At approximately 2255 hours, 3rd floor staff, Sergeant T. Vaughn (EIN 130950) and I entered 3B2 to conduct count. As we entered the cellblock, we ordered all inmates to be fully dressed and to stand in line for count. An unidentified Inmate Lockhart, Bernard (SPN 01085357) stood next to a bunk along with another inmates.
> I ordered the inmates to move up and get in line. Inmate Lockhart stated "look at this super cop ass nigga, he looking at me like he wants to suck on a niggas nuts or something." I ordered the inmate to exit the cellblock in to the vestibule area in order to counsel with him about his behavior.

*See Exh. 1.C – IA2022-00398 at p. IA 000021*.

13.     Supervising DO Sgt. Troy Vaughn reported, in pertinent part, as follows:

> At approximately 2255 hours, 3rd floor staff and I entered 3B2 to conduct count. Detention Officer J. Twitty (EIN 159430) became involved in a verbally altercation that turned physical with an unidentified inmate, who was later identified as Inmate Bernard Lockhart (SPN 01805357). The inmate did not comply with verbal commands and would not allow staff to place him under restraints, see OMS report.
> D.O Twitty, Detention Officer A. Conrad (EIN 159539) and Detention Officer M. Hyppolite (EIN 160461) used open hand control to force the inmate into the vestibule area, where the inmate was place under restraints, see supplements. While the above was taken place, Detention Officer W. Dotson (EIN 159542) and I performed crowed control, due to the housed inmates being upset about the incident.

*See Exh. 1.C – IA2022-00398 at p. IA 000029*.

14.   DO Maxime Hyppolite reported, in pertinent part, as follows:

> At approximately 2255 hours, while conducting count in B-pod, 3B1. Inmate Lockhart, Bernard (SPN 01805357) was given several verbal commands to stop being disruptive. Inmate Lockhart refused to comply with officers verbal commands. He was then asked by Detention Officer J. Twitty (EIN 159430) to turn around and allowed to be handcuffed.

See Exh. 1.C – IA2022-00398 at p. IA 000018.

15.   DO Jose Delgado reported, in pertinent part, that:

> At approximately 23:00 while conduction count on 3B2 side an Unidentified inmate started talking disrespectfully and yelling out slurs to both Detention Officers J.Twitty (EIN159430) and A. Conrad (EIN 159539).
> Immediately Detention Officer Twitty order Unidentified Inmate to Place his hands behind his back, Inmate responded "You are not cuffing me up, you ball sucker." Detention Officer Conrad gave one last Command Order to inmate "Place your hands behind your back" but inmate still refused. Detention Officer Conrad and Twitty immediately grabbed inmate and tried placing him in cuffs, inmate started shoving and resisting with both officers. Detention Officers V. Obregon (EIN 157539) and M. Hyppolite (EIN 160461) were in the vestibule and helped to restrain inmate.

See Exh. 1.C – IA 2022-00398 at p. 000016.

16.   DO Alex Conrad, the sole subject of the Grievance, reported in pertinent part as follows:

> On Tuesday, June 28, 2022, I, Detention Officer A. Conrad (EIN-159539), was assigned to the Third Floor, as a Floor Rover Officer, in the Harris County Detention Facility, located at 701 N. San Jacinto Street, on Second Watch.
> At approximately 2255 hours while conducting count in 3B2 side, Inmate Lockhart, Bernard (SPN-01805357) did mouth off to Officer J. Twitty (EIN-159430) and used profanity towards Officer Twitty. As Inmate Lockhart walked to the door to 3B2 ignoring orders from Officer Twitty to turn around and place his hands behind his back. Inmate Lockhart walked past Officer Twitty and myself to the door of 3B2. Inmate Lockhart continued to ignore commands from Officer Twitty. I grabbed Inmate Lockhart's right forearm and attempted to move it behind his back. Inmate Lockhart pulled away and turned around towards myself and Officer Twitty. At this time Officer J. Delgado (EIN-160457), Officer K. Guidroz (EIN-159669), and Officer M. Hyppolite (EIN-160461) did approach us and assist with the inmate. Inmate Lockhart backed up to the door and I then turned him around and pushed him up onto the door to 3B2 side. The door was open so we exited the cell block and entered the vestibule where we pushed him up against the wall.
> Inmate Lockhart continued to shout and attempt to turn around. Inmate Lockhart had tucked his right arm to which I had to use both of my arms to get it behind his back again. Officer Delgado did place the hand cuffs on him. Inmate Lockhart did not want to cooperate and was shouting for us to get off of him. I did place my hand on the back of his head and put my thumb behind his ear and used a pain compliance technique to get him to cooperate with our orders to start walking with our escort. Inmate Lockhart was kicking his legs and attempting to kick us. I had his right arm and shoulder area secured. Approaching the front door to 3B Inmate Lockhart kicked the door in front of us attempting to knock us backwards twice. Inmate Lockhart was being combative by kicking with his legs and trying to lock his arms down and turn any direction to trip us up while escorting him.

See Exh. 1.C – IA 2022-00398 at p. 000014.

17.   Lockhart can be seen in Video #979, in pod 3B202 in the first 1.3 minutes of the video being called to the door of the pod. *See Exh. 1.E – Video #979, first 1.3 minutes; see also still shot in Exh. 1.F at p. 2.*

18.   He can be seen again in Video 1000 being escorted to the 7TH floor hallway being escorted to a different cell.  See 1.E – Video #1000 at 1:15 to 1:36, with Lockhart resisting.

19.   The relevant policy for Use of Force is CJC-307, specifically III.C.2.e – to maintain security, integrity, or orderly running of an institution. See Exh. 3.B – CJC 307 at p.000393.

20.   Lockhart's ability to complain about the UOF is also well established in policy. *See Exh. 3.A CJC – 211 Inmate Grievance Policy at p. 000133 (UOF Complaints). See also  Exh. 3.D CJC – 724 – Post Orders re Inmate Grievances. See also Exh. II – Major Anderson Grievance Process Overview.*

21.    The Inmate Housing History Report shows that on 6/28/2022, Lockhart was already in JA07, Flr. 3, Pod B, Cell 2 for disciplinary reasons. After his distemper with DO Twitty he was moved to JA0, Flr. 7, Pod J, Cell 3.  *See Exh. 1.A – IHHR at p. JR 002280.*

22.     The medical records pertaining to Lockhart reflect that he was taken to the clinic after he was removed from the 3rd to the 7th Floor. *See Exh. 2.A – Lockhart Medical Records [extracts]*[1].

23.     After investigation, the Grievance against DO Alex Conrad was not sustained. *See Exh. 1.E – IA 2022-00398 at p. 000022.*

24.     Bernard Lockhart as been in the current case since 11/21/2023, making his appearance under Plaintiffs' First Amended Complaint. *See ECF #20 – Plaintiffs' First Amended Complaint.*

## VI. SUMMARY OF THE ARGUMENT

25.     DEFENDANT HARRIS COUNTY contends that the evidentiary record does not, and cannot, support a factual or legal finding that LOCKHART suffered a constitutional injury during his stay in the Harris County Jail at the hands of Detention Officer Alex Conrad.

26.     The evidentiary record does not support the pleadings, which are grossly over-stated.

27.     Not addressed in this MSJ is the ADA and Rehab Act causes of action, which the Court has already dismissed in a prior ruling in this Cause. See ECF #51 – Memorandum & Order at pp. 31 – 34 (dismissing ADA claims).

## VII. ARGUMENT & AUTHORITIES

**A.    The 14th Amendment Protection for Pretrial Detainees From Use of Excessive Force Also Recognizes that in a Jail Context, the Government's Legitimate Interest in Maintaining Order and Discipline Within the Facility.**

28.     HARRIS COUNTY does not contest that detainees in the custody of the Detention Command have a constitutional right under the 14th Amendment to be free from unconstitutionally excessive use of force. *See Kingsley v Hendrickson,* 576 U.S. 389 (2015)*(citing Graham v Connor,* 490 U.S. 386 (1989))(adopting an objective reasonableness standard that considers the facts and circumstances of each case).

29.     In the context of a jail setting, any evaluation of a use of force complaint must also account for the legitimate interests of the jail administration's need to manage the facility in which the complainant is detained. *Bell v Wolfish,* 411 U.S. 520, 540 (1979). In a jail context, the need to preserve internal order is a legitimate government objective. 411 U.S. at 547.

---

[1] The entirety of medical records for Lockhart were produced (2,126 pages). The extracts pertain to the incident date of 6/28/2022.

**B.** **Consistent with the Constitutional Limits on Use of Force, the Harris County Detention Command Has Standard Operating Procedures that Address the Use of Force Parameters for it Jail Personnel.**

30. The HCSO Detention Command has SOPs that address the lawful and appropriate parameters for use of force. See Exhs. 3.B – CJC 307.

31. The HCSO Detention Command also has SOPs that provide a grievance and complaint protocol and process to address complaints by inmates of excessive UOF incidents by jail guards. See Exhs. 3.A - CJC 211; Exh. 3.B – CJC 307; and Exh. 3.D – CJC 724.

**C.** **A Review Of The Key Material Facts Constituting Lockhart's Claim Does Not Support His Claim of a Constitutional Tort.**

32. The attached Declaration by Detention Command Major Lynette Anderson provides the Court with a more detailed and chronological overview of how LOCKHART's grievance against DO Alex Conrad was initiated, investigated, processed, and determined. *See Exhibit 1 – Declaration by Major Anderson.*

33. References to specific pertaining to the grievance processing and fast-finding incidents shall be discussed with reference to the authenticated Exhibits under Exhibit I and Exhibit III.

34. The claim by LOCKHART is relatively simple and straight-forward – it involves a use of force claim against a single jail guard, Alex Conrad, lodged in a grievance filed by LOCKHART. See Exh. 1.C – OMS Grievance Report dated 6/30/2022.

## VIII. ARGUMENTS AND AUTHORITIES

**A.** **There Is No Evidence That Detention Office Alex Conrad Used Unconstitutionally Excessive Force Against Bernard Lockhart.**

35. A review of the OMS Incident reports, including Conrad's own report reflects that while DO Conrad, and other jail guards, did take steps to isolate Lockhart from the larger group in the open pod after Lockhart engaged in a verbal disparagement of a particular Detention Officer, J. Twitty.

36. A review of the pertinent OMS Incident reports, along with a review of the video content demonstrates that in apparent response to Lockhart's' verbal disparagement of DO Twitty, several DO moved to cut Lockhart out of the group. This would be consistent with CJC Policy 307.C.2, which allows use of force by guards to "maintain the security, integrity, or orderly running of the institution. *See Exh. 3.B - CJC 307 at p. 000393.*

37. Initially, the guards used verbal commands, hand gestures, and light touching to pull Lockhart out of the large group of inmates milling about and lining up. *See Exh. 1.F – Videos, including Video Still shots on p. 2.* The Court can reasonably take judicial notice of the situation where a large number of inmates are freely milling about in the pod and one of them makes a verbal disparagement of a particular guard within the earshot of a host of other inmates.

38. When Lockhart resisted and continued to mutter and complain, the force used escalated, resulting in several D.O. using hands-on force to get Lockhart out of the Pod and into the vestibule, away from the group.

39. The video and still shots then show Lockhart being taken to a separation cell on a different floor, resisting all the way. It is reasonable to expect that having multiple officers assisting to control the situation is needed. And even so the use of force is not more than what is needed to get Lockhart to a new location. *See Exh. 1.F – Videos, including still shots on pp. 2 & 3.*

40. The IA Investigation did not find a violation of the UOF policy – CJC 307, neither by D.O. Alex Conrad or any of the other jail guards.

41. The evidentiary record simply does not support the claim brought in this lawsuit that on the evening hours of 6/28/2025, Inmate Bernard Lockhart was subjected to an <u>unconstitutionally excessive use of force</u> by Detention Office Alex Conrad or any other jail guard on that night.

**B.    A Review of the Medical Records Reflects that Lockhart Received Medical Care on 6/28/2022.**

42. The OMS reports candidly reflect that given Lockhart's resistance, even up to the point of being move to a new cell space, escalating use of force was needed. *See Exh. 1.E – OMS Incident Report at pp. IA 000013 thru 000021.*

43. The guards did in fact take Lockhart to the medical clinic to be checked out because of the injuries caused by the use of force. *Id.; see also Exh. 2.A – Lockhart Medical Records (extracts); also Exh. 1.B – Inmate Movement Report* at p. JR 002277 (entries from 6/28/2025 reflecting Clinic visit).

44. The underlying documentation does not reflect or give rise to a viable claim that the Jail Command and Staff were indifferent to Lockhart's medical needs. There is insufficient evidence to even put this question to a jury.

### C. Lockhart Does Not State A Claim For Relief Under Section 1983, Under Either A Conditions Of Confinement Theory Or An Episodic Acts Theory Because There Are No Facts That Support Either Theory.

45. The COUNTY's premise in this dispositive motion is that while plaintiffs may be able to "artfully plead" a Section 1983 claim that the Court is bound to accept, there comes a time when the plaintiff has to demonstrate to the Court that he has in fact suffered an injury of constitutional magnitude.

46. It is an unfortunate reality of federal pleading and proof of practice that even though a Section 1983 plaintiff has the ultimate burden of proof on a Section 1983 claim, it is the local government defendant that has to produce summary judgment evidence to refute the pleaded claims and cause of action.

47. In the case of LOCKHART, the documentary, video, and testimonial evidence does not support LOCKHART's claim for relief, contrary to what the pleadings state.

### D. Lockhart Does Not Have a Conditions of Confinement Claim.

48. LOCKHART will undoubtedly contend that he has a conditions of confinement claim. To establish liability under a conditions of confinement claim, theory of liability, a plaintiff musts plead and prove:

   1. the existence of an identifiable intended condition, policy, or practice of the jail facility that results in one or more of the recognized individualized causes of action under Section 1983; and,
   2. that the unconstitutional condition, policy, or practice was not reasonably related to a legitimate governmental objective.

*See Bell v. Wolfish,* 441 U.S. 520 (1979)*; Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc)*; see also Scott v Moore,* 114 F.3d 51 (1997)(en banc)*.*

49. A pre-trial detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs. Any lesser showing cannot prove that the inmate is being punished in violation of the individuals' 14th Amendment due process rights. *See Shepherd v. Dallas County*, 591 F.3d 445, 454 (5th Cir. 2009).

50. To establish the second element and prove that a condition of confinement constituted impermissible punishment, a plaintiff must plead and prove a pervasive pattern of serious deficiencies negatively affecting the individual which is not reasonably related to a legitimate governmental objective.

### E. The Legal Standard for Episodic Acts or Omissions Claim Generally

51. LOCKHART will also undoubtedly contend that he also has an episodic act claims. To establish liability under an episodic act or omission claim, a custodial plaintiff must prove by a preponderance of the evidence that:

   1. the custodial plaintiff was suffered an injury of constitutional magnitude
   2. that a custodial officer or employee of the jail facility was subjectively aware that the plaintiff inmate was exposed to a substantial risk of harm and nevertheless acted with deliberate indifference to the risk of harm; and,
   3. the harm suffered was proximately caused by the deliberate indifference of one or more custodial employees.

   *Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc)*; see also Scott v Moore,* 114 F.3d 51 (1997)(en banc)*.*

52. The first element requires a showing that LOCKHART suffered a constitutional tort by DO Conrad's use of force as alleged.

53. Here, the claim fails because there is no evidence that DO Conrad used excessive force against Lockhart in the first place. Whatever contact DO Conrad had with Lockart, it was within allowable policy parameters and within the limits of 14th Amendment substantive Due Process law.

### F. There Is No Need To Address Monell Evidence Because There Is No Evidence That An Unconstitutionally Excessive Use Of Force Even Occurred.

54. There is no need to address the issue of whether DEFENDANT HARRIS COUNTY is liable for a constitutional tort committed by one of its employees because there is no evidence that a constitutional tort was committed in the first place. *See Monell v New York,* 436 U.S. 658 (1978); *see also Johnson v San Antonio,* 2024 WL 50463 (5th Cir. 2024); and *Hicks-Fields v Harris County*, 860 F.3d 803, 808 (5th Cir. 2017)("every *Monell* claim requires an underlying constitutional violation).

55. It necessarily follows that if there is no evidence of the existence of a constitutional violation, it is not necessary to address whether there is *Monell* evidence to support entity liability.

   56. Here, there is no need to address *Monell* evidence because Lockhart's use of constitutionally excessive force fails in the first instance as a matter of law.

## IX. MOTION TO SEVER

57. If the Court determines that this Rule 56 No Evidence MSJ should be granted, then DEFENDANT also requests that the Court sever the claim by Plaintiff Lockhart into a separate lawsuit so that the Court's ruling can become final and appealable.

58. The Court has authority under Rule 42(b), FRCP to order the claim by Lockhart to be severed. It has been DEFENDANT' contention from the inception of this lawsuit that a number of Plaintiffs are improperly joined in this single action and if the summary judgment record in support of a renewed request for dismissal of Lockhart's action is granted, then severance would fulfill the purposes of Rule 42(b), FRCP.

59. DEFENDANT HARRIS COUNTY also hereby urges severance of this claim by Plaintiff Lockhart on the strength of the Court's ruling in the case of *Chavez – Sandoval v Harris County, Civil Action No. H-24-3072)*. In Chavez – Sandoval, a Section 1983 jail like quite similar to this one, albeit with fewer plaintiffs, the Court entered an Order granting the severance of the plaintiffs' claims into distinct lawsuits. *See ECF #103, Chavez – Sandoval v Harris County, Civil Action No. H-24-3072 (entered 5/21/2025)(Order Granting Severance)*.

60. The instant lawsuit is quite similar to the ones brought in Chavez – Sandoval. In fact, in Chavez Sandoval, the Court has granted Rule 12 motions to dismiss in the Chavez – Sandoval claims specifically. *See Chavez-Sandoval v Harris County, 2025 WL 2029931 (filed 7/21/2025)*.

61. In the instant case, the Court has the benefit of actual summary judgment evidence, not just pleadings. Plaintiff Lockhart has had the benefit of hundreds of pages of document production, not only as to his own case, but as to the case of 29 other Plaintiffs. Moreover, Plaintiffs have had the benefit of deposing Detention Officer Alex Conrad, the jail guard who was the subject of Inmate Lockhart's UOF complaint.

62. Regardless of whether the Court finds, after consideration of whatever MSJ evidence Plaintiffs submit in contravention of the COUNTY's evidence, the case should be severed from the remainder of the claims, especially if the Court determines that there is insufficient evidence to create a fact issue for the jury (or a fact-finder) to support a claim of <u>unconstitutionally excessive use of force</u> against Inmate Lockhart on the evening of 6/28/2024.

## X. CONCLUSION & PRAYER

WHEREFORE, in view of the foregoing evidence, arguments, and authorities, DEFENDANT HARRIS COUNTY requests and prays that the Court, after duly considering the

content of this dispositive motion, including attached exhibits, and any responses, replies, or supplements thereto, grant this Motion for DEFENDANT HARRIS COUNTY against the claims and causes of action brought by Plaintiff BERNARD LOCKHART be DISMISED with prejudice.

DEFENDANT further requests and prays that the Court sever this claim from the remainder of the case, thereby rendering its Order on this dispositive Motion to be a final and appealable Order and Judgment of the Court as to this lawsuit by Plaintiff BERNARD LOCKHART.

SIGNED on the 24TH day of JULY 2025.

Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

By: *Kelly R. Albin*
Kelly R. Albin
Attorney of Record
State Bar No. 24086079
So. Dist. ID No. 3792304

**DENTON NAVARRO RODRIGUEZ
  BERNAL SANTEE & ZECH**
A Professional Corporation
549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132

**COUNSEL FOR DEFENDANT
HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

    I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 24TH day of JULY 2025, to wit:

| | |
|---|---|
| Benjamin L. Crump | Email: court@bencrump.com |
| Paul Ashley Grinke | Email: paul@bencrump.com |
| Aaron Dekle | Email: aaron@bencrump.com |
| BEN CRUMP LAW FIRM | |
| ATTORNEYS FOR PLAINTIFFS | |

| | |
|---|---|
| Carl Lenford Evans, Jr. | Email: cevans@mccathernlaw.com |
| Noah L. McCathern | Email: nmccathern@mccathernlaw.com |
| Jordan A. Carter | Email: jcarter@mccathernlaw.com |
| Alizabeth A. Guillot | Email: aguillot@mccathernlaw.com |
| McCathern Law Firm | |
| ATTORNEYS FOR PLAINTIFFS | |

| | |
|---|---|
| Thad D. Spalding | Email: tspalding@dpslawgroup.com |
| Shelby J. White | Email: swhite@dpslawgroup.com |
| Durham, Pittard & Spalding, LLP | |
| ATTORNEYS FOR PLAINTIFFS | |

| | |
|---|---|
| Mohammed Obaid Shariff | Email: mshariff@sharifflawfirm.com; |
| Kevin M. Acevedo-Carlson | Email: kacevedo@sharifflawfirm.com |
| Russell Ross | Email: rross@sharifflawfirm.com |
| Shariff Law Firm | Email: eservice@sharifflwfirm.com |
| SHARIFF LAW FIRM | |
| ATTORNEY FOR INTERVENOR ANA GARCIA & KEVIN KST | |

| | |
|---|---|
| Taylor McCray Hunter | Email: taylor@thehunterlaw.com |
| Kevin Green | Email: kevin@consumerjusticecenter.com |
| Thomas Lyons Jr. | Email: tommy@consumerjusticecenter.com |
| Andi Weber | Email: andi@consumerjusticecenter.com |
| ATTORNEY FOR INTERVENOR CHANDRA JENKINS & KST | |

                                            *Ricardo J. Navarro*
                                            RICARDO J. NAVARRO
                                            KELLY R. ALBIN