IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OCTEVIA WAGNER, ET. AL. § | | |
| Plaintiffs § | | |
|  § | | |
|  § | | |
| v. § | Civil Action No. 4:23-CV-02886 | |
|  § | | |
| HARRIS COUNTY, TEXAS § | | |
| Defendant § | | |
|  § | | |
| AND § | | |
|  § | | |
| ANA GARCIA AND CHANDRA JENKINS, § | | |
| Plaintiff – Intervenors § | | |

**DEFENDANT HARRIS COUNTY'S REPLY TO
PLAINTIFF INTERVENOR BUFORD'S RESPONSE TO
DEFENDANT'S RULE 56 MOTION FOR SUMMARY JUDGMENT**
==========================================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT, HARRIS COUNTY, TEXAS, and files this Reply to Plaintiff Intervenor Deqon Buford's Response (ECF #182, plus exhibits) to DEFENDANT HARRIS COUNTY'S Rule 56 Motion for Summary Judgment and Supplemental Motion for Summary Judgement. *See ECF # 131, plus Exhibits and ECF # 144, plus exhibits.*

### I. SUMMARY OF THIS REPLY

1. The purpose of this Reply is to address material deficiencies in Buford's effort to create a material issue of fact sufficient to defeat DEFENDANT's dispositive Motion.

2. Buford's primary tactic is to overwhelm the Court and the COUNTY with a 72 page Response and an Exhibit package consisting of over 1000 pages.[1]

3. However, as will be demonstrated below, a breakdown of the materials submitted, measured against applicable legal standards to this Section 1983 "failure to protect" jail case will reveal that the tactic is of no consequence.

---

[1] Defense asked for an extension to the usual 15 day Reply deadline to digest the package, which Intervenor's Counsel did not oppose.

4.     After a thorough review of the responsive exhibits, there remains, in fact, no material admissible evidence that supports submission of the claim by Deqon Buford to a jury. Hence, summary judgment disposition remains appropriate, as originally urged.

5.     Moreover, severance of this claim from the remainder of the action to allow the dismissal to become final (and appealable) is also warranted.

## II. ARGUMENT AND AUTHORITIES

**A.     The Controverting Evidence Does Not Create A Material Issue Of Fact Warranting Submission Of The Case To A Jury.**

6.     As pointed out by the Supplemental Statement of Dr. Mills, the responsive filings does not create a material issue of fact pertaining to Buford's Section 1983 claim. *See Supplemental Statement of Dr. John Mills, submitted as Exh. 7.*

7.     Intervenor's contention that the key word "rape" occurs in the Harris Health medical records is not proof of anything other than that allegations of rape were made. *See ECF #182 Response to MSJ at para. 90.*

8.     Allegations are simply not conclusive proof of an underlying event. Moreover, for Section 1983 purposes, the ultimate issue is not whether a rape actually occurred. Rather, the cause of action is in the nature of a failure to protect claim. To sustain that claim the claimant must demonstrate that DEFENDANT was aware or should have been aware of a likelihood of an actual injury or imminent harm to Buford and then ignored the danger and risk to the inmate. *See Feliz v El Paso,* 441 F.Supp. 3d 488, 501 (W.D. Tex. – El Paso Div. 2020)(citing cases).

9.     *Feliz* restates the fundamental premise in a failure to protect context that plaintiff was incarcerated under conditions posing a substantial risk of serous harm and that jail officials were deliberately indifferent to the inmates need for protection. *Feliz*, 441 F.Supp at 501-502. Notice of serious harm or the likelihood of such harm is a foundational element of such a claim.

10.    The proofs submitted on behalf of Buford to not establish that jail officials were indifferent to a condition of indifference to a need for protection.

**B.     The Expert Designation of M.K. Hamza [ECF #182.9]**

11.    M.K Hamza's Report of Findings is a 37 page document rendering an opinion regarding Buford's neurological status. *See ECF #182.9 at p.1.*

12.    From an evidentiary perspective, Mr. Hamza himself reports that,

> **Event Related Accident Description (ERA)**
> During clinical interviews, it became evident that **Mr. Buford is a poor historian of his own experiences, often demonstrating difficulty recalling or articulating events in a coherent or chronological manner**. To supplement his limited self-report, his mother provided a detailed account of multiple traumatic incidents that occurred during his incarceration at Harris County Jail between 2022 and 2023.

See ECF #182.9 at p.2 (emphasis added).

13. In other words, the accuracy any self-reporting by Deqon Buford is highly questionable. What the jail staff knows about the alleged rape of Buford comes not from him, but from his mother, Chandra Jenkins, who has <u>no personal knowledge</u> of anything that actually happened (or not) to Buford while in custody, and who has an innate and unreasonable bias in Buford's favor, crediting whatever she can get Buford to say or affirm in support of her own active imagination.

14. Consequently, Deqon Buford's testimony in support of his claim of rape is undermined by Mr. Hamza's assessment that Buford "is a poor historian of his own experiences…." On the other hand, Chandra Jenkin's version of what supposedly happened to Buford while he was in custody does not satisfy the ancient common law requirement that a witnesses testimony be based on personal knowledge – now codified as Rule 602, Federal Rules of Evidence.

15. Rule 602, Fed. R. Evid. succinctly provides that,

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703

16. And Mr. Hamza's ability to sponsor in hearsay evidence via his designation as an expert is subject to its own evidentiary challenges, which will be taken up in due course, given that the designation was made only in response to DEFENDANT's MSJ. *See Exh. #182.7 – Jenkins / Buford Supplemental Disclosures at p. 24.*

**C.   The Expert Designation of Hayden Smith [ECF #182.8]**

17. Hayden Smith's 50 page report is basically a long synopsis of records produced in discovery, follow by long commentary on PREA regulatory standards, followed by comments on the evidence, followed by jury arguments. *See ECF #182.8 – Hayden Smith Report.* Intervenor also designates Hayden Smith as an expert. *See ECF # 182.7 – Supplemental Disclosures at p. 24.*

18.     While there are a number of challenge points to Mr. Hayden's report, the most glaring one is his dissertation on what PREA regulations require and his assumption that review and his conclusions support a liability claim of former Inmate Buford. Mr. Haydan appears to be blissfully unaware of the legal fact that PREA does not support a cause of action.

**D.   The Prison Rape Elimination Act (PREA) Does Not Establish A Private Cause Of Action.**

19.     The Prison Rape Elimination Act, otherwise known as "PREA" does not create a private cause of action for allegations of prison rape. *See Krieg v Steele,* 599 Fed.Appx. 231, 232 (5th Cir. 2015), *cert. denied*, 577 U.S. 898 (2015)(citing *Diamond v Allen,* 2014 WL 6461730 at 4 (M.D. Ga. 2014); *Amker v Fisher,* 2014 WL 4772202 at 14 (W.D.N.Y. 2014); *Simmons v Solozano,* 2014 4627278 at 4 (W.D. Ky. 2014).

20.     In fact, attempts to assert PREA claims are qualify for dismissal as frivolous under 28 U.S.C. 1915(e)(2)(B)(i) because it lacks an arguable basis in law. *See Krieg, 599 Fed.Appx. at 232 citing 28 U.S.C. 1915(e)(2)(B)(i)(dismissal as frivolous)(citing Samford v Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) and *Rogers v Boatright,* 709 F.3d 403, 407 (5th Cir. 2013). *See also Smith v Spinks,* 2024 WL 5036284 at 5 (U.S.D.C. – E.D. La. 2024)(reaffirming dismissal of PREA based claims as frivolous).

21.     In short, Mr. Smith's attempt to cobble together an argument about how the Harris County Jail is in violation of PREA standards is simply ill-informed and his opinion on the matter is of no consequence. It certainly does not create a material issue of fact for jury consideration.

22.     If Intervenor Buford has a Section 1983 claim, it has to satisfy the elements of a failure to protect claim previously and independently articulated by caselaw. In this respect, the gratuitous opinions of Mr. Hamza and Mr. Smith are of no consequence.

**E.   The Timeline Review Previously Submitted By Major McClanahan Based On A Review Of Relevant Records Reflects That The Jail Administration And The Jail Guards Were Not Indifferent To Allegations That Buford Has Been Sexually Abused.**

23.     The timeline previously originally submitted by Major Ruth McClanahan, which also references the records reviewed by her and produced in discovery reflect that there was no deliberate indifference to the allegations of rape brought to the attention of jail staff. *See ECF #144.5 – Declaration by Major McClanahan.*

24.     That the allegations could not be corroborated, or that the veracity of the claims was the subject of inquiry, is not proof of indifference to the allegation that Buford had been subjected

to physical harm at the hands of other inmates. As Dr. Mills pointed out in his Summary of Medical Records, Buford came into the facility with a history of schizophrenia and was taking Olanzapine (Zyprexa) for the treatment of his schizophrenia. In addition, Buford's medical records reflect his non-compliance with his medication. *See ECF #142.6 – Medical Summary by Mills at p.2 (6/12/2023 notation).*

25. Subsequently, Buford was seen in the clinic pursuant to a "PREA Outcry." He was taken to Ben Taub but there, he refused examination by a SANE qualified nurse. *See ECF #142.6 – Medical Summary by Mills at p.2 (9/29/2023 notation).*

26. Buford was released from the Harris County Jail on 11/14/2023. *See ECF #142.6 – Medical Summary by Mills at p.2 (11/14/2023 notation).*

27. Dr. Mills reviews the materials submitted in response to the COUNTY's MSJ, including the statements of Hamza and Smith. Notes that the results of a SANE exam, referenced in the responsive materials provided as having been obtained post-release, are not included in the materials. *See Exhibit 7 - Supplemental Medical Summary of Dr. Mills at p. 3 (Observation No. 6).*

### III. CONCLUSION & PRAYER

WHEREFORE, in view of the foregoing evidence, arguments, and authorities, DEFENDANT HARRIS COUNTY requests and prays that the Court, after duly considering the content of this dispositive motion, including attached exhibits, and any responses, replies, or supplements thereto, grant this Motion for DEFENDANT HARRIS COUNTY against the claims and causes of action brought by Plaintiff Intervenor Deqon Buford and his Attorney in Fact Chandra Jenkins and DISMISS BUFORD's claims and causes of action with prejudice.

DEFENDANT further requests and prays that the Court sever this claim from the remainder of the case, thereby rendering its Order on this dispositive Motion to be a final and appealable Order and Judgment of the Court as to this lawsuit by Plaintiff Intervenor Deqon Buford and his Attorney in Fact Chandra Jenkins.

SIGNED on the 28th DAY OF JULY 2025.

Respectfully submitted,

Defendant Harris County's Reply to Plaintiff Intervenor's
Response to Defendants Rule 56 MSJ                                                                                      -5-

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

KELLY R. ALBIN
State Bar No. 24086079
So. Dist. ID No. 3792304

**DENTON NAVARRO RODRIGUEZ
   BERNAL SANTEE & ZECH**
A Professional Corporation
549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132

**COUNSEL FOR DEFENDANT
HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 28TH day of JULY 2025, to wit:

| | |
|---|---|
| Benjamin L. Crump | Email: court@bencrump.com |
| Paul Ashley Grinke | Email: paul@bencrump.com |
| Aaron Dekle | Email: aaron@bencrump.com |
| BEN CRUMP LAW FIRM | |
| ATTORNEYS FOR PLAINTIFFS | |

| | |
|---|---|
| Carl Lenford Evans, Jr. | Email: cevans@mccathernlaw.com |
| Noah L. McCathern | Email: nmccathern@mccathernlaw.com |
| Jordan A. Carter | Email: jcarter@mccathernlaw.com |
| Alizabeth A. Guillot | Email: aguillot@mccathernlaw.com |
| McCathern Law Firm | |
| ATTORNEYS FOR PLAINTIFFS | |

| | |
|---|---|
| Mohammed Obaid Shariff | Email: mshariff@sharifflawfirm.com; |
| Kevin M. Acevedo-Carlson | Email: kacevedo@sharifflawfirm.com |
| Russell Ross | Email: rross@sharifflawfirm.com |
| Shariff Law Firm | Email: eservice@sharifflwfirm.com |
| SHARIFF LAW FIRM | |
| ATTORNEY FOR INTERVENOR ANA GARCIA & KEVIN SANCHEZ TREJO | |

| | |
|---|---|
| Taylor McCray Hunter | Email: taylor@thehunterlaw.com |
| Kevin Green | Email: kevin@consumerjusticecenter.com |
| Thomas Lyons Jr. | Email: tommy@consumerjusticecenter.com |
| Andi Weber | Email: andi@consumerjusticecenter.com |
| ATTORNEY FOR INTERVENOR CHANDRA JENKINS & DEQON BUFORD | |

*Ricardo J. Navarro*
RICARDO J. NAVARRO
KELLY R. ALBIN