IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OCTEVIA WAGNER, ET. AL., | § | |
| Plaintiffs | § | |
| | § | |
| Vs | § | Civil Action No. 4:23-CV-02886 |
| | § | |
| HARRIS COUNTY, TEXAS | § | |
| Defendant | § | |
| | § | |
| AND | § | |
| | § | |
| ANA GARCIA AND CHANDRA JENKINS, | § | |
| Plaintiff – Intervenors | § | |

**DEFENDANT HARRIS COUNTY'S RESPONSE TO INTERVENOR GARCIA'S AND SANCHEZ TREJO'S       MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
===================================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT HARRIS COUNTY and submits this Response in Opposition to Intervenor Garcia's and Sanchez Trejo's Third Motion for Extension of Time to file a response to DEFENDANT's Motion for Summary Judgment.

## I. SUMMARY OF DEFENDANT'S ARGUMENT

1. DEFENDANT opposes Intervenor Garcia's third motion for extension of time to respond to the merits of DEFENDANT's Motion for Summary Judgement for the following reasons:

   a. Intervenor is using the extensions to propagate discovery disputes over alleged Monell discovery issues that do not address the merits of the dispositive motion;

   b. Intervenor has the complete set of records pertaining to Inmate Sanchez Trejo and the circumstances of his death since January 2025, as well as the Texas Ranger criminal investigative file, as well as the disciplinary IA file pertaining to this incident [IA2022-00116] since February 2025;

   c. Intervenor has deposed the two Detention Officers who were on watch over Inmate Sanchez Trejo's pod and cell – Deundra Lighten (6/6/2025) and Jazminn Stewart (8/15/205);

   d. Intervenor has also deposed IA Investigators Sgt. Christina Love (8/14/2025) and Major Cedrick Collier (8/14/2025)

Defendant Harris County's Response in Opposition to
Intervenor Garcia's Request for an Additional Extension
Of Time to File a Response to Defendant's MSJ                                                                    -1-

2.  Intervenor's second motion for extension gave Intervenor until September 5, 2025 to file a response MSJ response to demonstrating that Inmate Sanchez Trejo's custodial death amounted to a constitutional violation or at least presented an issue for trial. Instead, Intervenor wants sixty more days to promulgate Monell discovery demands and disputes that are wholly collateral to the circumstances of Inmate Sanchez Trejo's custodial death.

3.  Intervenor has not presented a good and valid reason why a further extension of a deadline to file a response to DEFENDANT's dispositive Rule 56 Motion should be allowed.

## II. PROCEDURAL HISTORY

### A. MSJ Procedural History

4.  On 6/13/2025, DEFENDANT HARRIS COUNTY filed a Rule 56 Motion for Summary Judgment pertaining to the claims made by Plaintiff Intervenor Ana Garcia and decedent Kevin Sanchez Trejo. *See ECF #169, including attachments.* The initial deadline to respond to the Rule 56 Motion would have fallen thirty (30) days later, that is, 7/13/2025.

5.  On 7/7/2025, Plaintiff Intervenor Garcia and Inmate KST filed an Unopposed Motion for Extension of Time to respond to DEFENDANT Motion for Summary Judgment. Intervenor requested sixty (60) days, which DEFENDANT did not oppose. *See ECF #186.*

6.  The Court granted the Unopposed Motion for Extension and extended the deadline for sixty days until 9/5/2025. *See ECF #189.*

7.  On 9/5/2025, Plaintiff Intervenor filed a further Motion for Extension of the deadline to respond to the Motion for Summary Judgment originally filed on 6/13/2025. *See ECF #221.*

8.  Counsel did reach out to confer, requesting an additional 60 days to respond to DEFENDANTs Rule 56 Motion. For the reasons expressed above and elaborated on below, DEFENDANT declined to agree to this request as Unopposed. DEFENDANT respectfully requested instead that the Motion for Extension be filed as Opposed with an explanation as to why an additional 60 days was needed.

9.  Intervenor filed an Opposed Motion for Extension of Time to respond to DEFENDANT's MSJ on 9/5/2025. *See ECF #221.*

10. On 9/8/2025, the Court, sua sponte, entered an Order expediting the usual response and reply deadlines on ECF #221 and set a Response deadline of Monday, 9/15/2025 and a Reply deadline of 9/18/2025. *See ECF #224 – Order Modifying Response & Reply Deadlines.*

11. This Response to Intervenor's Motion for Extension is timely filed.

Defendant Harris County's Response in Opposition to
Intervenor Garcia's Request for an Additional Extension
Of Time to File a Response to Defendant's MSJ                                    -2-

**B.     Despite Resolution of Intervenor's First Motion to Compel at the Hearing Held on May 2, 2025, Intervenor Almost Immediately Continued to Raise Discovery Deficiencies and Continued to Propagate Objectionable Written Discovery.**

12.     Despite resolution of discovery disputes involving Intervenor that Intervenor initiated on 1/27/2025 (ECF #113) and which were resolved at a hearing held on May 2, 2025 (See ECF #209 – Transcript), Intervenor continued to raise complaints and continued to propound written discovery in spite of production of materials pursuant to the agreements reached at the hearing of May 2, 2025.

13.     A summary and overview of the steps that DEFENDANT took to produce the categories of materials addressed at the May 2, 2025 hearing is fully elaborated on in DEFENDANT's Response to Intervenor's Second Motion to Compel and Amended Second Motion to Compel. *See ECF 222 (plus Exhibit Excerpts A through ), responsive to ECF #199 & ECF #211.*

14.     Intervenor served a Fifth Set of RFPs on 6/24/2025, to which DEFENDANT filed Objections & Responses. On 7/22/2025 Intervenor served a Sixth Set of RFP's on 7/22/2025 and a Fifth Set of Interrogatories demanding collateral materials, ostensibly under *Monell* that has no direct or even indirect bearing on the facts and circumstances pertaining to Inmate Sanchez Trejo's custodial death on 2/12/2022.

15.     On 7/31/2025 the Court conducted another discovery hearing at the urging of the Wagner Plaintiffs, also focused on *Monell* discovery. Counsel for the respective parties reached a negotiated resolution of that dispute, which was supposed to binding on all parties, including Intervenor. *See ECF #213 Order on Agreement (filed 8/7/2025).*

16.     Unfortunately, DEFENDANT inadvertently omitted the Motion to Compel filed by Intervenor on 7/25/2025 as ECF #199. DEFENDANT has filed a Motion to Correct this omission, which is Opposed. *See ECF #225 – Defendant's Opposed Motion to Correct.*

### III. ARGUMENT

**A.     Defendant's Dispositive Motion Is Highly Fact Specific Because Of The Baseline Requirement Under Section 1983 That The Injury At Issue Rise To The Level Of A Constitutional Violation, Irrespective Of Whether The County Is Directly Or Indirectly Liable For The Violation Under Section 1983.**

17.     DEFENDANT's dispositive motion pertaining to Inmate Sanchez Trejo (ECF #169) is highly fact specific and invites a response on the merits of the facts.

18.     DEFENDANT has been clear about the underlying premises of a Section 1983 claim, to wit:

Defendant Harris County's Response in Opposition to
Intervenor Garcia's Request for an Additional Extension
Of Time to File a Response to Defendant's MSJ                                                                -3-

    a.    Every Section 1983 Monell claim against a municipality requires an underlying constitutional violation. *Hicks-Fields v Harris County*, 860 F.3d 803, 808 (5th Cir. 2017)(headnote 6 cited in 49 cases) ; *see e.g. Welsh v Williams,* 2023 WL 11990749 (USDC, ND TX 2023); as well as *Carvell v. Gibson,* 2024 WL 4533312 (5th Cir. 2024)(both citing headnote 6 in ).

    b.    Although Monell allows for entity liability under Section 1983, that liability cannot be imposed vicariously;

    c.    Negligence does not state a claim under Section 1983. Daniels v Williams, 474 U.S. 327 (1986); Davidson v Cannon, 474 U.S. 344 (1986);

    d.    Therefore, a single incident of alleged unconstitutionally excessive force, or denial of medical care, or failure to protect, by a state actor does not, by itself, establish entity liability. *City of Oklahoma City v Tuttle*, 471 U.S. 808 (1985);

    e.    To prove a pattern of similar incidents under Monell the relevant incidents must be sufficiently numerous and not isolated instances. *See Holley v Blomberg*, 142 F.Supp.3d 517 (2015); *See also Peterson v Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009. The incidents must also be similar and specific to the alleged constitutional violation. The Courts have emphasized that prior indications cannot simply involve "any and all bad or unwise acts" but must "point to the specific violation in question" *See Barnes v. City of El Paso*, 677 F.Supp.3d 594, 608 (USDC - W.D. Tex. – El Paso Div. 2023); *see also Verastique v City of Dallas*, 106 F.4th 427, 432-433 (5TH Cir. 2024 (address whether collateral incidents were sufficiently similar to underlying incident that was focus of the claim).

    f.    In the Fifth Circuit, a failure to train claim can only be brought as an episodic acts claim, rather than as a conditions of confinement claim. *See Sanchez v Young,* 956 F.3d 785, 791-792 (5th Cir. 2020)(failure to train claims are episodic acts claims, not conditions of confinement claims).

**B.    Intervenor Has Had Adequate Opportunity To Address The Threshhold Issues Presented In Defendant Motion For Summary Judgment, Which Is Whether Inmate Sanchez Trejo Custodial Death Was Caused By A Constitutional Injury.**

19.    As summarized above, Intervenor has had access to all the jail records, including the criminal investigative file sent to the Texas Rangers, the report of the Rangers, and the Internal Affairs disciplinary file pertaining to the two jail guards who were on watch the night that Inmate Sanchez Trejo died.

20.    Intervenor has the autopsy report and autopsy records, as well as the Medical Examiners forensic report.

21.    In addition, Intervenor has deposed the two jail guards in question – Deundra Lighten and Jazminn Stewart. Intervenor has also deposed the Internal Affairs Investigators, Sgt. Christina Love and Major Cedrick Collier.

Defendant Harris County's Response in Opposition to
Intervenor Garcia's Request for an Additional Extension
Of Time to File a Response to Defendant's MSJ    -4-

22. Intervenor has also had the benefit of all the other document production, written discovery responses, and deposition discovery conducted by the Wagner Plaintiffs.

C. **Intervenor's Reliance On MSJ Deadline Extension Pertaining To Other Plaintiffs Does Not Warrant A Further Deadline Extension For Intervenor Garcia / Sanchez Trejo.**

23. Intervenor cites unopposed discovery extension to other Plaintiffs as justification for getting a further one as well. But the procedural posture of the other extensions is on wholly different footing.

24. The first Rule 56 MSJ filed by DEFENDANT was against Inmate Deqon Buford on April 20, 2025 (ECF #131, plus exhibits). The briefing on the Buford MSJ has been completed.

25. The second Rule 56 MSJ filed by DEFENDANT was against Intervenor Garcia and decedent Inmate Sanchez Trejo on June 13, 2025 (ECF #169, plus exhibits).

26. DEFENDANT filed three additional Rule 56 Motions in late July 2025. *See ECF #196 (re Bernard Lockhart); ECF #203 (re Antonio Radcliffe); ECF #205 (re Trammell Morelle)*.

27. DEFENDANT did not oppose extension motions for these Plaintiffs to allow counsel to conduct deposition discovery, the same courtesy that was extended to Intervenor Garcia. This does not mean that Intervenor Garcia is therefore entitled to have the benefit of an extended deadline. Intervenor Garcia has had ninety (90) days.

28. Contending that because certain Wagner Plaintiffs are just now being accommodated, warrants yet another extension to Intervenor Garcia does not logically or reasonably follow.

D. **Intervenor Has Not Presented A Good And Valid Reason Why A Further Extension Of Time To Respond To The Merits Of The Rule 56 Motion Filed By Defendant.**

29. Intervenor Garcia has not presented a good and valid reason why a further extension of time to respond to DEFENDANT's dispositive motion is justified or warranted.

30. Defense Counsel is certainly sympathetic to Intervenor Counsel's press of deadlines and of workloads. That is why ordinarily professional courtesies are extended, and that has been the practice amongst Counsel in this case.

31. However, it seems to DEFENDANT that Intervenor is either incapable or unwilling to address the factual issues squarely presented in the Rule 56 MSJ. Intervenor is choosing instead to string out the Rule 56 process by continuing to foment alleged discovery deficiencies that are meritless and continuing to serve discovery requests that are not only not relevant to the issues at

Defendant Harris County's Response in Opposition to
Intervenor Garcia's Request for an Additional Extension
Of Time to File a Response to Defendant's MSJ                                              -5-

hand for decedent Sanchez Trejo, but which violate the standard of proportionality that applies under Rule 26.

32.    If the Court, as a matter of equity, determines that Intervenor should be allowed additional time to provide a substantive response to the Rule 56 MSJ that has been pending since last June, DEFENDANT would request that the allowed period not exceed thirty (30) days.

## CONCLUSION & PRAYER

THEREFORE, for the foregoing reasons, DEFENDANT HARRIS COUNTY requests that the Court deny Intervenor's request for a further sixty (60) day extension of time to file a response to DEFENDANT MSJ.

SIGNED on the 15TH day of SEPTEMBER 2025.

Respectfully submitted,

By:    *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

KELLY R. ALBIN
State Bar No. 24086079
So. Dist. Id No. 3792304
kralbin@rampagelaw.com

MUSTAPHA M. NYALLAY
State Bar No. 24135427
So. Dist. Id No. 3847526
mmnyallay@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ
   BERNAL SANTEE & ZECH, P.C.**
549 Egret Bay Blvd., Ste. 200
League City, Texas 77573
832.632.2102 (O)
832.632.3124 (F)
**COUNSEL FOR DEFENDANT
HARRIS COUNTY, TEXAS**

Defendant Harris County's Response in Opposition to
Intervenor Garcia's Request for an Additional Extension
Of Time to File a Response to Defendant's MSJ                                                                -6-


## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 15th day of SEPTEMBER 2025, to wit:

Aaron Dekle                          Email: aaron@bencrump.com
Paul Ashley Grinke                   Email: paul@bencrump.com
BEN CRUMP LAW FIRM
ATTORNEYS FOR PLAINTIFFS

Carl Lenford Evans, Jr.              Email: cevans@mccathernlaw.com
Noah L. McCathern                    Email: nmccathern@mccathernlaw.com
Jordan A. Carter                     Email: jcarter@mccathernlaw.com
Alizabeth A. Guillot                 Email: aguillot@mccathernlaw.com
McCathern Law Firm
ATTORNEYS FOR PLAINTIFFS

Thad D. Spalding                     Email: tspalding@dpslawgroup.com
Shelby J. White                      Email: swhite@dpslawgroup.com
Durham, Pittard & Spalding, LLP
ATTORNEYS FOR PLAINTIFFS

Mohammed Obaid Shariff               Email: mshariff@sharifflawfirm.com;
Kevin M. Acevedo-Carlson             Email: kacevedo@sharifflawfirm.com
Russell Ross                         Email: rross@sharifflawfirm.com
Shariff Law Firm                     Email: eservice@sharifflwfirm.com
SHARIFF LAW FIRM
ATTORNEY FOR INTERVENOR ANA GARCIA
  & KEVIN SANCHEZ TREJO

Taylor McCray Hunter                 Email: taylor@thehunterlaw.com
Kevin Green                          Email: kevin@consumerjusticecenter.com
Thomas Lyons Jr.                     Email: tommy@consumerjusticecenter.com
Andi Weber                           Email: andi@consumerjusticecenter.com
ATTORNEY FOR INTERVENOR
CHANDRA JENKINS & DEQON BUFORD

*Ricardo J. Navarro*
RICARDO J. NAVARRO

Defendant Harris County's Response in Opposition to
Intervenor Garcia's Request for an Additional Extension
Of Time to File a Response to Defendant's MSJ                                -7-