EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WAGNER et al., | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, | § | CIVIL ACTION NO: |
| *Defendant,* | § | 4:23-CV-02886 |
| | § | |
| and | § | |
| | § | |
| ANA GARCIA and CHANDRA | § | |
| JENKINS, | § | |
| *Plaintiff-Intervenors.* | § | |

**PLAINTIFF-INTERVENOR ANA GARCIA'S SIXTH SET OF REQUESTS FOR**
**PRODUCTION TO DEFENDANT HARRIS COUNTY, TEXAS**

TO:    Defendant, **HARRIS COUNTY, TEXAS**, by and through its attorneys of record, Ricardo J. Navarro, David L Red, Kelly R. Albin, Denton Navarro Rodriguez Bernal Santee & Zech, PC 549 N. Egret Bay Blvd. Ste. 200 77573 League City, TX 77573 Emails:      rjnavarro@rampagelaw.com;      dlred@rampagelaw.com, kralbin@rampagelaw.com; mmnyallay@rampagelaw.com

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are to answer the attached requests for production of certain documents, tangible things, recordings and other data compilations from which information can be obtained or translated, if necessary, into reasonable, usable forms, which are in the possession, custody or control of you, your agents or attorneys. You must answer each request separately, fully, in writing and under oath. You should deliver a true copy of your answers and all accompanying documents within thirty (30) days after the date of service of these requests to The Shariff Law Firm, PLLC, 2500 West Loop South, Ste 300, Houston, Texas 77027.

      Please note that if, after you submit your responses to these requests, you learn that any such response was either incomplete when made or, although complete and correct when made, it is no longer complete and correct, you must amend or supplement your response reasonably

promptly after you discover the necessity for such a response. Any amended or supplemental response made less than thirty (30) days before trial will be presumed not to have been made reasonably promptly. A failure to make, amend or supplement a response in a timely manner may result in your not being able to introduce into evidence the material or information not timely disclosed.

Respectfully submitted,

THE SHARIFF LAW FIRM

By: _____

**M. Obaid Shariff**
Federal I.D. No. 2827312
Texas Bar No. 24091135
mshariff@sharifflawfirm.com
2500 West Loop South, Ste 300
Houston, Texas 77027
**ELECTRONIC SERVICE VIA:**
eservice@sharifflawfirm.com

**ATTORNEYS FOR PLAINTIFF-
INTERVENOR ANA GARCIA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record in accordance with the Federal Rules of Civil Procedure on this the 22nd Day of July 2025.

**DENTON, NAVARRO, RODRIGUEZ, BERNAL, SANTEE & ZECH, P.C.**

Ricardo J. Navarro
rjnavarro@rampagelaw.com

David L Red
dlred@rampagelaw.com

Kelly R. Albin
kralbin@rampagelaw.com

Mustapha Nyallay
mmnyallay@rampagelaw.com

549 N. Egret Bay Blvd., Ste 200
League City, TX 77573
Phone: 832-632-2102

**ATTORNEYS FOR DEFENDANTS**

By: /s/ M. Obaid Shariff
    **M. Obaid Shariff**

## INSTRUCTIONS FOR ANSWERING REQUESTS FOR PRODUCTION

Each request is to be answered fully based on the information you possess.

In each of your answers to these requests, you are required to provide not only such information as is in your possession, but also information as is reasonably available.  In the event that you are able to provide only part of the information called for by any particular request, please provide all the information you are able to offer and state the reason for your inability to provide the remainder.

If you object to or otherwise decline to answer any portion of a request, please provide all information called for by that portion of the request to which you do not object or to which you do not decline to answer.  For those portions of a request to which you do object or to which you decline to answer, state the reason for such objection or declination.

Documents are to be labeled to indicate the request to which they respond.  In order to simplify the issues and resolve as many matters of fact as possible before hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any request, or any part thereof, in full, because sufficient information is not available to you, answer the request to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why it is not available to you.

If documents once in your possession or under your control are requested or are the subject of a request, and such documents are no longer in your possession or under your control, state when such documents were most recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents.  If the records were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction.

## DEFINITIONS

As used in these requests, the following terms, whether capitalized or lowercase, are to be interpreted in accordance with these definitions:

"All" shall include "any" and vice versa.

"And" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of the request any documents which might otherwise be considered beyond its scope.

"Correspondence" and "communication" are used in their broadest sense and include any and all text messages, inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, notes, telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to oral, written and electronic communications.

"Defendants" shall mean the parties identified as defendants in the Lawsuit, as well as any

employees, representatives, successors-in-interest, predecessors-in-interest, agents, attorneys, assignors, assignees, person(s) or entity(ies) acting or purporting to act on behalf of said parties.

"Decedent" refers to Kevin Alejandro Sanchez, the son of Plaintiff-Intervenor Ana Garcia.

"Document," "writing," and "media" means all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

"Jail" refers to the jail facility located at 1200 Baker, Houston, Texas.

"Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and phone number, and if a corporation or other entity, its principal place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of employment.

"Identify" when used in reference to a writing or document means to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to each such document:

a.   The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

b.   The identity or descriptive code number, file number, title or label of such document;

c.   The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

d.   The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it were given or sent;

    e.        The name(s) of the person(s) having present possession, custody, or control of such document(s); and

    f.        Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addenda not appearing on the document itself, and if so, the answer shall describe each such draft, copy or reproduction.

"Lawsuit" shall mean the above-noted and styled cause and the Lawsuit in which these requests are being served.

"Plaintiff-Intervenor" refers to Ana Garcia.

"Paragraph" followed by a number refers to that specific portion of the referenced document.

"Possession," "custody," or "control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

"Person" includes the plural, as well as the singular, and means any natural person or individual – when identified as such, or association, business organization, partnership, corporation, governmental organization, or formal or informal group, subdivision or affiliate thereof. This definition also includes any parent, owner, subsidiary or affiliate of a business organization, partnership, or corporation.

"Produce" and "provide" mean to provide either a legible true copy of the original or any document and/or communication.

"Related to," "evidencing," "pertaining to," and "reflecting" (or any form thereof) shall include evidencing, constituting, comprising, respecting, supporting, contradicting, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, pertaining or relevant to.

"Relationship" refers to the way in which two or more concepts, objects, people, or defendants are connected, or the state of being connected.

"You" or "your" shall mean the party(s) identified to whom these requests are directed, as well as any employees, representatives, successor-in-interest, predecessors-in-interest, agents, attorneys, assignees, person(s), entity(ies) acting or purporting to act on behalf of said parties.

Throughout these discovery requests, the language should be read in light of the context in which it is used. Consequently, the singular encompasses the plural, and vice versa, where appropriate. Furthermore, the masculine is intended to also refer to the feminine, where appropriate and vice versa,

**NOTE**

**PLEASE CALL THE PLAINTIFF'S COUNSEL BEFORE OBJECTING TO ANY REQUEST IN ORDER TO ATTEMPT TO NARROW THE QUESTION OR AVOID THE OBJECTIONABLE PORTION OF THE REQUEST. CLARIFICATIONS MAY BE REQUESTED, BUT DO NOT EXTEND RESPONSE DEADLINES.**

**IDENTIFY ALL DOCUMENTS ASSOCIATED WITH EACH REQUEST FOR PRODUCTION.**

**PLAINTIFF INTERVENOR'S SIXTH SET OF REQUESTS FOR PRODUCTION**

Please produce the following documents, information, or tangible things in your possession, custody or control *which are not privileged or work-product*:

**S.     EMPLOYMENT FILES CONTINUED**

*Below are continued requests for __complete__ employment file, including complaints, Internal Affairs files, disciplinary findings, and training records. As a courtesy, names appearing in prior requests for production for employment files have been removed to streamline these requests.*

**REQUEST FOR PRODUCTION NO. 70:**      Please produce the complete employment files, including disciplinary records, for the following officers working on **Floor 2** of your Jail from **December 30, 2021 to January 8, 2022** where the Decedent was housed, which includes:

1.    Acevedo, Jose
2.    Adams, Kendall
3.    Aguilar, Madeline
4.    Anson, Andrew
5.    Barboza-Gutierrez, Estefany
6.    Brown, Quashaundria
7.    Carroll, Denise
8.    Hunter, Deasia
9.    Jimenez, Sherry
10.   Murillo, Christopher
11.   Rodriguez-Nieves, Jose
12.   Smith, Lancy
13.   Williams, Jared
14.   Williams, Zach

**REQUEST FOR PRODUCTION NO. 71:**      Please produce the employment files for the following officers working on **Floor 2** of your Jail from **January 8, 2022 to February 2, 2022** where the Decedent was housed, which includes:

1.    Alter, Madison
2.    Alvarado, Edwin
3.    Anawo, Olusoia

4.      Andrews, Antoinette
5.      Arnold, Kassandra
6.      Arredondo, Yolanda
7.      Ater, Madison
8.      Awaye, Muritala
9.      Badaru, Taiwo
10.     Barrera, Courtley
11.     Carter, Reginald
12.     Castaneda, Oscar
13.     Cazares, Richard
14.     Dow, Beverly
15.     Emeka, Elizabeth
16.     Esquivel, Martin
17.     Flores, John
18.     Garcia, Reagan
19.     Garcia, Samuel
20.     Gibson, Gregory
21.     Gilmore, Trayveon
22.     Gutierrez, Ruth
23.     Hermann, Gary
24.     Herrera, Hector
25.     Jackson, Thomas
26.     Jones, Aquoyea
27.     Jones, Arquell
28.     Kanu, Obinna
29.     Lewis, Magnus
30.     Lopez, Alejandra
31.     Lopez, Jasmin
32.     Lopez, Rosario
33.     McCaghren, Michael
34.     Osborne, Joanisha
35.     Pantoja, Randy
36.     Pineda, Brenda
37.     Pye, Nickalus
38.     Ramos, Gloria
39.     Rangel, Rogelio
40.     Rhodes, Alexander
41.     Salinas, Juan
42.     Samaniego, Domonic
43.     Sanders, Jon'Terra
44.     Shittu, Atinuke
45.     Simonds, Nicholas
46.     Smith, Kenneth
47.     Smith, Lanney
48.     Swain, Dalen
49.     Uriostegui, Raymundo

50.    Venegas, Manuela
51.    Warren, Toby
52.    White, Sylvia
53.    Williams, Aaron

**REQUEST FOR PRODUCTION NO. 72:**    Please produce the employment files for the following officers working on **Floor 2** of your Jail from **February 2, 2022 to February 12, 2022** where the Decedent was housed, which includes:

1.    Anzures, Erik
2.    Beard, Jasmyn
3.    Bell Jr., Travis
4.    Beye, Elhadji
5.    Byrd, Tyrone
6.    Diaz, Johnny
7.    Diaz, Jr., Roy
8.    Ervin, Warner
9.    Espinosa, Matthew
10.    Every, Beverly
11.    Falade, Stephen
12.    Garcia, Reagan
13.    Garcia, Yesenia
14.    Garner, Myshia
15.    Gee, Chantal
16.    Gibson II, Gregory
17.    Gordon, Yolanda
18.    Graham, Taylore
19.    Griffin, Corbin
20.    Guidry, Cydnie
21.    Harris, Porsha
22.    Johnson, Aricka
23.    Kelly, Taira
24.    Kitagawa, Gary
25.    Le, Hung
26.    Lee, Jamail
27.    Lopez Jr., Manuel
28.    McRath, Michael
29.    Obregon, Victor
30.    Osinubi, Olutayo
31.    Perez, Jessica
32.    Pickens, Monica
33.    Rubio, Christopher
34.    Salinas, Anthony
35.    Sias, Marasha
36.    Stewart, Jazminn
37.    White, Michael
38.    Wyrick, Kadijah

**REQUEST FOR PRODUCTION NO. 73:**     Please produce the "Concise Employee Stacked Incident Listing" for each of the above officers.  This document was produced for Detention Officer Jazmin Tarea Stewart, but not the others, and it looks generally like this:



**REQUEST FOR PRODUCTION NO. 74:**     Please produce any and all internal affairs investigation files as well as disciplinary findings related to the above-listed officers in Request for Production # 70, 71, and 72.

## T.    TEXAS RANGERS / HOUSTON POLICE / INDEPENDENT INVESTIGATIONS

*Since 2017, as a result of the Sandra Bland Act, all in-custody deaths in Texas must be investigated by an independent law enforcement agency, which often is the Texas Rangers or the Houston Police Department.  Previously in this case, you have produced the documents/items/videos that you produced to the Texas Rangers following inmate Kevin Sanchez's and Michael Anthony Griego's death, videos of the same provided to the Texas Rangers, and the Texas Rangers' Investigative Report.  And, Houston Police files for inmates Kristian Smith, Nathan Henderson, Jacoby Pillow, Kevin Leon Smith, Jr., and Bryan Johnson.  We here now seek those documents related to other inmates who died while in your custody.*

**REQUEST FOR PRODUCTION NO. 75:**        Please produce any and all documents that you gave to or received from the Texas Rangers, Houston Police Department, or any other independent law enforcement agency related to the following inmates who died while in your custody:

1.      Vincent Young
2.      Maythan Alsaedy
3.      Debra Ann Lyons
4.      Tracey Whithed
5.      Kenneth Lucas
6.      Wallace Harris
7.      David Perez
8.      Ellijah Gamble
9.      Israel Lizano Iglesias
10.     Jaquaree Simmons
11.     Deon Peterson
12.     Rory Ward, Jr.
13.     Gregory Barrett
14.     Fred Harris
15.     David Luke Davis
16.     Matthew Shelton
17.     Simon Peter Douglas
18.     Shane Gus Mitchell
19.     Kenneth Ray Harris
20.     Gilbert Allen Nelson
21.     Benjamin Pierce
22.     Loren Ernest Fisher
23.     Jim Franklin Lagrone
24.     Damien Lavon Johnson
25.     Ashley Arlen Bates
26.     James Earl Gamble
27.     Victoria Margaret Simon
28.     Robert Alfred Horn
29.     Alan Christopher Kerber
30.     Dylan Perio
31.     Gary Wayne Smith
32.     John Maxey
33.     Christopher Young
34.     Fabien Cortez
35.     Robert Terry, Jr.
36.     Roman Thomas
37.     Alfred Rios
38.     Kenneth McZeal
39.     Dominga Trevino Barrera

**REQUEST FOR PRODUCTION NO. 76:**        Please produce any and all other documents and materials that you gave to intendent law enforcement agencies, most likely the Texas

Rangers or Houston Police Department, or other independent law enforcement agency whom investigated in custody deaths at your Jail from 2017 up to the date of trial for inmates not listed above but who still died while in your custody during that time frame and any and all documents generated as a result of those investigations and given to you.

## U.    OFFENDER MANAGEMENT SYSTEM

*We have learned that the Defendant maintains a database for each of its inmates, called the OMS: Offender Management System.  Below are example printouts from it:*



**REQUEST FOR PRODUCTION NO. 77:**    Please produce the complete and unaltered OMS Offender Management files, including but not limited to the overview and classification, housing, keep separates, status, incidents, and inmate requests tabs for the following inmates:

1.      Terry Goodwin;
2.      Rachel Hatton;
3.      Vincent Young;
4.      Maytham Alsaedy;
5.      Debora Ann Lyons;
6.      Christopher Johnson;
7.      Michael Alaniz;
8.      Tracey Whitehed;
9.      Kenneth Lucas;
10.     Kareem Jefferson;
11.     Nativad Flores;
12.     Elijah Gamble;
13.     Israel Lizano Iglesias;
14.     Jaquaree Simmons;
15.     Deon Peterson;
16.     Rory Ward, Jr.;
17.     Gregory Barrett;
18.     Tron Madise;
19.     Jerome Bartee;
20.     Fred Harris;
21.     David Luke Davis;
22.     Evn Ermayne Lee;
23.     Roy Thompson;
24.     Henry Williams;
25.     Matthew Shelton;
26.     Simon Peter Douglas;
27.     Ryan Twedt;
28.     Shane Gus Michael;
29.     Kenneth Ray Harris;
30.     Gilbert Allen Nelson;
31.     Kristan Smith;
32.     Benjamin Pierce;
33.     Robert Wayne Fore;
34.     Loron Ernest Fisher;
35.     Nathan Henderson;
36.     Jim Franklin Lagrone;
37.     Damien Lavon Johnson;
38.     Arlen Ashley Bates;
39.     James Earl Gamble;
40.     Victoria Margaret Simon;
41.     Robert Alfred Horn;
42.     Taylor Euell;
43.     Alan Christopher Kerber;
44.     Dylan Perio;
45.     Michael Griego;
46.     William Curtis Barrett;

47.  Adael Gonzalez Garcia;
48.  Harrell Veal;
49.  Jacoby Pillow;
50.  Gary Wayne Smith;
51.  Kevin Leon Smith, Jr.;
52.  John Maxey;
53.  Jeremiah Anglin;
54.  John Coote;
55.  Christopher Young;
56.  Jaquez Moore;
57.  Fabien Cortez;
58.  Jeremy Garrison;
59.  Kenneth Richard;
60.  Robert Terry, Jr.;
61.  Antonio Radcliff;
62.  Zachery Johnson;
63.  Zachary Zepeda;
64.  Ramon Thomas;
65.  Bryan Johnson;
66.  Alfred Rios;
67.  Kenneth McZeal; and
68.  Dominga Trevino Barrera.

## V.    INMATE-SPECIFIC REQUETS

**REQUEST FOR PRODUCTION NO. 78:**    Please produce all intake and medical screening documents for the above-listed inmates.

**REQUEST FOR PRODUCTION NO. 79:**    Please produce any and all medical records for the above-listed inmates from the time period in which they were in your care and custody.

**REQUEST FOR PRODUCTION NO. 80:**    Please produce all inmate requests submitted by the above-referenced inmates through your kiosk system.

**REQUEST FOR PRODUCTION NO. 81:**    Please produce all inmate care requests related to the above-listed inmates.

**REQUEST FOR PRODUCTION NO. 82:**    Please provide the housing history for each of the inmates listed above.

**REQUEST FOR PRODUCTION NO. 83:**    Please produce any and all documents provided to the Texas Rangers / Houston Police Department / or Other Independent Law Enforcement Agency investigating an in-custody death at your Jail related to the above-listed in inmates and the results or documents pertaining to their investigations.

**REQUEST FOR PRODUCTION NO. 84:**    Please produce all internal affairs complaints

made by the above-listed inmates, along with the results of those investigations.

**REQUEST FOR PRODUCTION NO. 85:**    Please produce any and all recorded phone calls that each of the above inmates made.  To assist you in fully complying with this request, the ones not yet produced include the following inmates:

1.      Terry Goodwin
2.       Rachel Hatton
3.      Maytham Alsaedy
4.      Christopher Johnson
5.      Michael Alaniz
6.      Tracey Whitehead
7.      Kenneth Lucas
8.      Kareem Jefferson
9.      Nativad Flores
10.      Elijah Gamble
11.      Israel Lizano Iglesias
12.      Rory Ward, Jr.
13.      Gregory Barrett
14.      Tron Madise
15.      Jerome Bartee
16.      Fred Harris
17.      David Luke Davis
18.      Roy Thompson
19.      Henry Williams
20.      Matthew Shelton
21.      Simon Peter Douglas
22.      Shane Michael Gus
23.      Kenneth Ray Harris
24.      Gilbert Ann Nelson
25.      Benjamin Pierce
26.      Robert Wayne Fore
27.      Loron Ernest Fisher
28.      Nathan Henderson
29.      Jim Franklin Lagrone
30.      Arlen Ashley Bates
31.      James Earl Gamble
32.      Victoria Margaret Simon
33.      Robert Alfred Horn
34.      Dylan Perio
35.      Michael Griego
36.      William Custis Barrett
37.      Adael Gonzalez Garcia
38.      John Maxey
39.      John Coote
40.      Fabien Cortez
41.      Robert Terry, Jr.

42. Zachery Kehj Johnson
43. Alfred Rios
44. Kenneth McZeal
45. Dominga Trevino Barrera

### W.    INMATE INCIDENT REPORT

*According to Defendant's prior productions, Defendant keeps digital records of all inmate incidents, and they look like the following:*



*In them, Defendant's staff readily admits problems with the conditions of the jail, such as the following:*

*As such, we seek the production of all inmate incident reports that contain such statements.*

**REQUEST FOR PRODUCTION NO. 86:** Please produce each and every inmate incident report that Defendant generated from ten (10) years prior to the Kevin Sanchez incident up to the date of trial.

## X.    SECURUS KIOSK REPAIR / MAINTENANCE

*According to the Deposition Transcript of Katrina Camacho, the Defendant utilizes Securus for its inmate kiosk, video camera and phone systems.  Id., Pg. 63, 75*

**REQUEST FOR PRODUCTION NO. 87:** Please provide all receipts and invoices that document the purchase, installation, maintenance, repair requests, and repairs of these Securus systems.

**REQUEST FOR PRODUCTION NO. 88:** Please produce all repair requests and other records that indicate when and if these systems were operational or repaired.

## Y.    FUNCTIONAL CAPACITY REPORTS

*While we acknowledge that some, not all, functional capacity reports have been produced for the 2022 and 2023 years, please produce the following ones from other years:*

**REQUEST FOR PRODUCTION NO. 89:** Please produce functional capacity reports for the 2024 and 2025 years

**REQUEST FOR PRODUCTION NO. 90:** Please produce functional capacity reports for the years 2018 to 2021.

## Z.    DAILY WATCH SCHEDULES

*While we acknowledge that daily watch schedules have been produced for August 10, 2021, January 23, 2022, November 23, 2021, to March 17, 2022, and various other dates in 2022 and 2023, we seek those dates that have not yet been produced.*

**REQUEST FOR PRODUCTION NO. 91:** Please produce any and all daily watch schedule reports for the period from 2018 to November 23, 2021, that have not yet been produced.

**REQUEST FOR PRODUCTION NO. 92:** Please produce any and all daily watch schedules from the March 17, 2022, to 2024 time period that have not yet been produced.

## AA.    KNOWN BLIND SPOTS LIST

**REQUEST FOR PRODUCTION NO. 93:** According to the Deposition Transcript of Katrina Camacho at Pg. 89-90 and 238, Camacho, Captain Taylor, William Huddleston, and Gregory Brush all participated in creating a list documenting all known video blind spots in the Jail, which was later given to Clayton Doucet.  And, she expressly testified, "I still have a list of the blind spots." *Id.*, Pg. 91.  As such, please produce that list and/or any and all other documents that show all known video blind spots at the Jail.

## BB.    PAPER INMATE GRIEVANCES

*Below is a copy of your produced Inmate Grievance Policy.  Infra.  We seek documents generated as a result of this policy.*

**CONFIDENTIAL**

Criminal Justice Command          1200 Baker Street Houston, Texas 77002          **HCSO**
HARRIS COUNTY SHERIFF'S OFFICE

| SUBJECT:<br>**INMATE GRIEVANCE POLICY** | POLICY #:<br>**CJC-211** |
|---|---|
| AMERICAN CORRECTIONAL ASSOCIATION (ACA) STANDARDS REFERENCE(S):<br>**1-CORE--6B-01** | NO. OF PAGES:<br>3 |

**I.   PURPOSE**

The purpose of this policy is to establish the procedures for inmate grievances.

**II.   POLICY**

It is the policy of the Harris County Sheriff's Office that inmates incarcerated in the Harris County Sheriff's Office detention facilities shall be afforded the opportunity to file a grievance consistent with those procedures established by the Texas Commission on Jail Standards.

**III.   PROCEDURE**

A. Grievances

    1. An inmate may file a grievance if he/she is subjected to any of the following:

        a. A violation of a civil right(s)

        b. A criminal act

        c. An unjust denial or restriction of an inmate privilege(s)

        d. A prohibited act by staff

    2. Department personnel shall handle each grievance in a timely manner in order to ensure a fair and prompt resolution.

    3. All deputies and staff members shall cooperate fully with the Grievance Board and any action or investigation by the Board.

    4. No deputy or staff member shall subject any inmate to harassment, unauthorized abridgment of privileges or any type of unauthorized punishment due to the inmates filing of a grievance.

    5. Deputies and staff members shall not interfere, deny, prevent or in any other way delay the filing of a grievance.

    6. All inmate grievances, regardless of quantity or frequency, shall be accepted and forwarded to the Grievance Board for resolution and/or final determination.

**REQUEST FOR PRODUCTION NO. 94:**          Please produce any and all inmate grievances submitted to you from 2018 up to the date of trial.

**REQUEST FOR PRODUCTION NO. 95:**          Please produce any and all documents or investigation files generated as a result of all inmate grievances submitted to you from 2018 up to the date of trial.

**REQUEST FOR PRODUCTION NO. 96:**          Please produce and all documents showing the results or outcomes from inmate grievances submitted to you from 2018 up to the date of trial.

## CC.    SPECIFIC PRECEDING COMPARATOR *MONELL* INCIDENT REQUESTS

**REQUEST FOR PRODUCTION NO. 97:**    As part of the *Monell* claims, the **Terry Goodwin** incident was pled in Garcia's Complaint.  *See* Doc. 41, Pg. 32-33 ¶ 69(a).  As background, we allege that, on June 2, 2025, you settled Terry Goodwin's deliberate indifference claims for $400,000 since he had been locked in a cell for months without observation, and his mental health deteriorated.  At the time of this request, no documents related to this inmate or this incident have been produced.  Given so, please produce

1. Any and all documents related to this inmate or this incident;
2. The settlement agreement (it is currently not among the ones produced);
3. Any and all kiosk inmate requests he made;
4. Any paper grievance requests this inmate may have made;
5. Any and all incident reports involving him during his stay at your Jail;
6. Any and all investigations, internal affairs or otherwise, documents related to this incident;
7. Any and all inmate care complaints submitted to you related to this inmate;
8. This inmate's medical records;
9. The CoreTrack observation system logs related to this incident;
10. Any and all videos of this inmate, his cells, and the adjacent hallways;
11. This inmate's housing history;
12. The daily watch schedule record from the date of this incident;
13. The functional capacity report from the date of this incident;
14. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
15. Any and all documents related to this inmate/incident in your possession that are not specifically listed here.

**REQUEST FOR PRODUCTION NO. 98:**    As part of the *Monell* claims, the **Rachel Hatton** (also known as Rachel Vandergriff) incident, occurring on May 7, 2016, was pled in Garcia's Complaint.  *See* Doc. 41, Pg. 33 ¶ 69(b).  As background, we allege that your detention officers used excessive force on her and thereafter denied her medical care.  *Id*.  At the time of this request, only the incident report related to this incident has been produced.  Given so, please produce the following:

1. Any and all documents related to this inmate or this incident;
2. The use of force report for this incident;
3. Any and all investigations into the incident, internal affairs or otherwise;
4. Any and all documents showing the medical care she received following the incident, if any;
5. Any and all disciplinary findings related to this incident;
6. Any and all inmate care complaints about this inmate;
7. Any kiosk requests that this may have made, and the results of the same;
8. Any paper grievance requests this inmate may have made;
9. The inmate's medical records;
10. The CoreTrack observation system logs related to this incident;
11. Any and all videos of this inmate, his cells, and the adjacent hallways;

12. This inmate's housing history;
13. The daily watch schedule record from the date of this incident;
14. The functional capacity report from the date of this incident;
15. The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
16. Any and all documents related to this inmate/incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 99:**     As part of the _Monell_ claims, the **Vincent Young** incident, occurring on or around February 7, 2017, was pled in Garcia's Complaint. _See_ Doc. 41, Pg. 33-34 ¶ 69(a). As background, we allege that during his intake, he complained of serious medical conditions, was on medications with increased risks of suicide, complained of the same, but the Defendant failed to do anything about it and even failed to meet minimum observation requirements. At the time of this request, some documents related to this inmate and this incident have been produced, but beyond those, we seek the following, which have not yet been produced:

1. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
2. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case, related to Kevin Sanchez;
3. Any and all observation logs, including but not limited to the Coretrack System observation ones related to this incident;
4. Any and all investigation documents the Texas Rangers generated as a result of their investigation into this matter;
5. Any and all internal affairs investigations into the matter;
6. Any and all incident reports into this incident;
7. Any and all disciplinary findings related to this incident; and
8. The Texas Commission on Jail Standards notice of non-compliance, which found Defendant had failed to meet the minimum observation requirements by approximately forty-four (44) minutes;
9. Any and all inmate care complaints about this inmate;
10. Any and all kiosk requests that this inmate may have made;
11. Any paper grievance requests this inmate may have made;
12. The CoreTrack observation system logs related to this incident;
13. Any and all videos of this inmate, his cells, and the adjacent hallways;
14. This inmate's housing history;
15. The daily watch schedule record from the date of this incident;
16. The functional capacity report from the date of this incident;
17. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
18. Any and all documents related to this inmate/incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 100:**      As part of the _Monell_ claims, the **Maytham**

**Alsaedy** incident, occurring on or around November 30, 2017, was pled in Garcia's Complaint. *See* Doc. 41, Pg. 34 ¶ 69(d). As background, we allege that this inmate had serious mental health issues and was permitted to cover up their cell with paper, there was a failure to observe them, and he died. While we acknowledge some documents have been produced without request related to this incident, we seek the following ones that have still not produced:

1.   Any and all observation logs, including but not limited to the Coretrack System observation ones related to this incident;
2.   Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3.   Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4.   Any and all internal affairs investigations into the matter;
5.   Any and all incident reports into this incident;
6.   Any and all disciplinary findings related to this incident;
7.   The Texas Commission on Jail Standards communication informing you that you were not compliant with minimum observation requirements;
8.   This inmate's medical records from when she was in your custody;
9.   The CoreTrack observation system logs related to this incident;
10.  Any and all videos of this inmate, his cells, and the adjacent hallways;
11.  This inmate's housing history;
12.  The daily watch schedule record from the date of this incident;
13.  The functional capacity report from the date of this incident;
14.  The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
15.  Any kiosk requests that this inmate may have made;
16.  Any care complaints regarding this inmate;
17.  Any paper grievance requests this inmate may have made;
18.  Any and all documents related to this inmate / incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 101:**     As part of the *Monell* claims, the **Debora Ann Lyons** incident, occurring on or around August 14, 2018, was pled in Garcia's Complaint. *See* Doc. 41, Pg. 34 ¶ 69(e). As background, we allege that this inmate had a history of suicidal tendencies, to which you were deliberately indifferent, and she killed herself. While we acknowledge that some documents related to her incident have been produced, not all have, and as such, we seek the following ones not yet produced:

1.   Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
2.   Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;

3. Any and all investigation documents, including but not limited to internal affairs documents related to this incident;
4. Any and all inmate kiosk requests that this inmate made;
5. Any paper grievance requests this inmate may have made;
6. The inmate's medical records
7. The CoreTrack observation system logs related to this incident;
8. Any and all videos of this inmate, his cells, and the adjacent hallways;
9. This inmate's housing history;
10. The daily watch schedule record from the date of this incident;
11. The functional capacity report from the date of this incident;
12. The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
13. Any and all documents related to this inmate / incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 102:**        As part of the _Monell_ claims, the **Christopher Johnson** incident, settled on or around August 21, 2018, was pled.  _See_ Doc. 41, Pg. 35 ¶ 69(f).  As background, we allege that your officers used excessive force on this inmate and thereafter denied him medical care.  While we acknowledge that some documents related to her incident had have been produced, not all have, and as such, we seek the following ones:

1. The settlement agreement related to this incident (it has not been produced);
2. The use of force report related to this incident;
3. Any and all incident reports associated with this incident;
4. Any and all investigation documents, including internal affairs ones, into this incident;
5. The inmate's medical records;
6. Any and all inmate care complaints about this inmate;
7. Any and all inmate kiosk requests that he made;
8. Any paper grievance requests this inmate may have made;
9. The CoreTrack observation system logs related to this incident;
10. Any and all videos of this inmate, his cells, and the adjacent hallways;
11. This inmate's housing history;
12. The daily watch schedule record from the date of this incident;
13. The functional capacity report from the date of this incident;
14. The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
15. Any and all documents related to this inmate/incident in your possession, but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 103:**        As part of the _Monell_ claims, the **Michael Alaniz** incident, settled on August 24, 2018, was pled.  _See_ Doc. 41, Pg. 35 ¶ 69(g).  As background, we allege that you settled the claims he had against you on or around August 24, 2018.  _Id_.  But before then, you used excessive force on him and denied him medical care.  And, while we acknowledge some documents related to this incident have been produced, we seek the following ones, which have not yet been produced:

1.  The settlement agreement related to this case has not yet been produced;
2.  The use of force report related to this incident;
3.  The complete and unaltered IAD # - IA 2015-00971 related to this incident;
4.  Any and all statements the involved officer(s) made to you about this incident;
5.  Any and all disciplinary findings related to this incident;
6.  Any and all videos of this incident;
7.  Any inmate care complaints made about this inmate;
8.  Any inmate kiosk requests made this inmate;
9.  Any paper grievance requests this inmate may have made;
10. The CoreTrack observation system logs related to this incident;
11. Any and all videos of this inmate, his cells, and the adjacent hallways;
12. This inmate's housing history;
13. The daily watch schedule record from the date of this incident;
14. The functional capacity report from the date of this incident;
15. The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
16. Any and all documents related to this inmate / incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 104:**    As part of the _Monell_ claims, the **Tracey Whithead** incident, occurring on or around January 14, 2019, was pled in Garcia's Complaint.  _See_ Doc. 41, Pg. 35-36 ¶ 69(h).  As background, we allege that she had a known history of mental illness and suicide, and you permitted her to kill herself.  While we acknowledge that you have produced some documents related to this inmate and this incident, we seek the following items, which have not yet been produced:

1.  Any and all documents provided to the Texas Rangers related to this inmate Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
2.  Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
3.  Any and all internal affairs investigations related to this incident;
4.  Any discipline resulting from this incident; and
5.  Any and all observation logs, including but not limited to the Coretrack System observation ones related to this incident;
6.  Any and all inmate care complaints related to this inmate;
7.  Any and all kiosk requests this inmate made;
8.  Any paper grievance requests this inmate may have made;
9.  The CoreTrack observation system logs related to this incident;
10. Any and all videos of this inmate, his cells, and the adjacent hallways;
11. This inmate's housing history;
12. The daily watch schedule record from the date of this incident;
13. The functional capacity report from the date of this incident;
14. The complete OMS: Offender Management System record, including the

data from each tab, for this inmate; and

15.    Any and all documents related to this inmate / incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 105:**    As part of the _Monell_ claims, Garcia pled the **Kenneth Lucas** incident, which settled for $2.5 million on or around January 29, 2019, was pled in Garcia's complaint.  *See* Doc. 41, Pg. 36 ¶ 69(i).  As background, we allege that you used excessive force on him, denied him medical care, and he died as a result.  While we acknowledge that you have produced some documents related to this inmate and this incident, we seek the following items, which have not yet been produced:

1.    The settlement agreement (which has not yet been produced);
2.    The relevant use of force report;
3.    Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
4.    Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
5.    Any and all internal affairs files related to this inmate and incident;
6.    Any and all disciplinary records resulting from this incident;
7.    Any and all inmate care complaints related to this inmate;
8.    Any and all kiosk requests this inmate made;
9.    Any paper grievance requests this inmate may have made;
10.    The CoreTrack observation system logs related to this incident;
11.    Any and all videos of this inmate, his cells, and the adjacent hallways;
12.    This inmate's housing history;
13.    The daily watch schedule record from the date of this incident;
14.    The functional capacity report from the date of this incident;
15.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
16.    Any and all documents related to this inmate / incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 106:**    As part of the _Monell_ claims, Garcia pled the **Kareem Jefferson** incident, which occurred on or around May 29, 2019.  *See* Doc. 41, Pg. 36 ¶ 69(j).  As background, we allege that the Defendant used excessive force on this inmate and then thereafter denied him medical care.  While we acknowledge that you have produced some documents related to this inmate and this incident, we seek the following items, which have not yet been produced:

1.    The relevant use of force report;
2.    Any and all investigation documents related to this incident, including but not limited to internal affairs documents
3.    Any and all disciplinary records resulting from this incident;
4.    Any and all inmate care complaints related to this inmate;
5.    Any and all kiosk requests this inmate made;

6.     Any paper grievance requests this inmate may have made;
7.     The CoreTrack observation system logs related to this incident;
8.     Any and all videos of this inmate, his cells, and the adjacent hallways;
9.     The daily watch schedule record from the date of this incident;
10.    This inmate's housing history;
11.    The functional capacity report from the date of this incident;
12.    This inmate's medical care from when he was in your care and custody;
13.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
14.    Any and all documents related to this inmate/incident in your possession, but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 107:**     As part of the *Monell* claims, Garcia pleaded the **Natividad Flores** incident, which occurred on July 27, 2019. *See* Doc. 41, Pg. 36 ¶ 69(k). As background, we alleged that you failed to provide this inmate with necessary medications, deliberately indifferently assigned him to a top bunk knowing he had epilepsy, and that he fell and was predictably injured when one there occurred. *Id.* While we acknowledge that you have produced some documents related to this inmate and this incident at the time of this request, we seek the following items, which have not yet been produced:

1.     This inmate's medical screening intake form;
2.     Any and all investigation documents related to this incident, including but not limited to internal affairs documents
3.     Any and all disciplinary records resulting from this incident;
4.     Any and all inmate care complaints related to this inmate;
5.     Any and all kiosk requests this inmate made;
6.     Any paper grievance requests this inmate may have made;
7.     The CoreTrack observation system logs related to this incident;
8.     Any and all videos of this inmate, his cells, and the adjacent hallways;
9.     This inmate's housing history;
10.    The daily watch schedule record from the date of this incident;
11.    The functional capacity report from the date of this incident;
12.    This inmate's medical care from when he was in your care and custody;
13.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
14.    Any and all documents related to this inmate / incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 108:**     As part of the *Monell* claims, Garcia pleaded the **Wallace Harris** incident, which occurred on or around May 1, 2020. *See* Doc. 41, Pg. 37 ¶ 69(l). As background, we allege that this inmate had hypertension, a serious medical condition, and you failed to adequately screen him and provide him with medical care. *Id.* While we acknowledge that some documents have been produced related to this inmate and this incident at the time of this request, we seek the following, which have not yet been produced:

1.   Any and all investigation documents related to this incident, including but not limited to internal affairs documents
2.   Any and all disciplinary records resulting from this incident;
3.   Any and all inmate care complaints related to this inmate;
4.   Any and all kiosk requests this inmate made;
5.   Any paper grievance requests this inmate may have made;
6.   The CoreTrack observation system logs related to this incident;
7.   Any and all videos of this inmate, his cells, and the adjacent hallways;
8.   The daily watch schedule record from the date of this incident;
9.   This inmate's housing history;
10.  The functional capacity report from the date of this incident;
11.  This inmate's medical care from when he was in your care and custody;
12.  The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
13.  Any and all documents related to this inmate / incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 109:**    As part of the _Monell_ claims, Garcia pleaded the **<u>David Perez</u>** incident, which occurred on or around September 9, 2020.  *See* Doc. 41, Pg. 37 ¶ 69(m).  As background, we allege that this inmate was not properly screened, denied medical care, and died as a result.  *Id*.  While we acknowledge that some documents have been produced related to this inmate and this incident, not all of them have, and as such, we seek the following items, which have not yet been produced at the time of this request:

1.   Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
2.   Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
3.   Any and all investigation documents related to this incident, including but not limited to internal affairs documents
4.   Any and all disciplinary records resulting from this incident;
5.   Any and all inmate care complaints related to this inmate;
6.   Any and all kiosk requests this inmate made;
7.   Any paper grievance requests this inmate may have made;
8.   The CoreTrack observation system logs related to this incident;
9.   Any and all videos of this inmate, his cells, and the adjacent hallways;
10.  This inmate's housing history;
11.  The daily watch schedule record from the date of this incident;
12.  The functional capacity report from the date of this incident;
13.  The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
14.  Any and all documents related to this inmate / incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 110:**        As part of the _Monell_ claims, Garcia pled the **Elijah Gamble** incident, which occurred on or around November 2020.  *See* Doc. 41, Pg. 38 ¶ 69(n).  As background, we allege that this misclassified individual was assaulted and then, thereafter, denied proper medical care, among other things.  At the time of this request, no documents related to this inmate have been produced.  As such, please produce the following:

1. Any and all documents related to this inmate and incident;
2. His complete inmate file;
3. His completed jail intake forms;
4. His housing history;
5. Any and all incident reports related to the above-described incident;
6. Any and all investigation documents related to this incident, including but not limited to internal affairs documents
7. Any and all disciplinary records resulting from this incident;
8. Any and all inmate care complaints related to this inmate;
9. Any and all kiosk requests this inmate made and the results thereof;
10. Any paper grievance requests this inmate may have made;
11. The CoreTrack observation system logs related to this incident;
12. Any and all videos of this inmate, his cells, and the adjacent hallways;
13. This inmate's housing history;
14. The daily watch schedule record from the date of this incident;
15. The functional capacity report from the date of this incident;
16. The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
17. Any and all documents related to this inmate / incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 111:**        As part of the _Monell_ claims, Garcia pleaded the **Israel Lizano Iglesias** incident.  *See* Doc. 41, Pg. 38 ¶ 69(o), As background, we allege that this inmate was not properly screened, denied medical care, and died while in your custody on or around February 8, 2021.  *Id*.  The following documents appear to have been produced related to this inmate, but they appear to have zero bytes and cannot be accessed:



As such, please re-upload these documents so that they can be actually accessed.  In addition, please produce the following items:

1. Any and all documents related to this inmate and incident;
2. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4. His complete inmate file;
5. His completed jail intake forms;
6. His housing history;
7. Any and all incident reports related to the above-described incident;
8. Any and all investigation documents related to this incident, including but not limited to internal affairs documents
9. Any and all disciplinary records resulting from this incident;
10. Any and all inmate care complaints related to this inmate;
11. Any and all kiosk requests this inmate made and the results thereof;
12. Any paper grievance requests this inmate may have made;
13. The CoreTrack observation system logs related to this incident;
14. Any and all videos of this inmate, his cells, and the adjacent hallways;
15. This inmate's housing history;
16. The daily watch schedule record from the date of this incident;
17. The functional capacity report from the date of this incident;
18. The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
19. Any and all documents related to this inmate / incident in your possession but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 112:**        As part of the _Monell_ claims, Garcia pled the **Jaquaree Simmons** incident, which occurred on or around February 16, 2021. _See_ Doc. 41, Pg. 39 ¶ 69(p). As background, we allege that this excessive force was used on this inmate, he was denied medical care, the Defendant attempted to cover it up, but on April 6, 2021, the Texas Jail Commission on Jail Standards issued a notice of non-compliance finding that the Defendant failed to conduct proper face-to-face observations related to this inmate. _Id_. While we acknowledge that some documents related to this inmate and incident have been produced, we seek the following items, which have not yet been produced:

1. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
2. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
3. The Texas Jail Commission on Jail Standards notice sent to you related to this inmate and this incident;
4. The use of force report from this incident;
5. Any and all videos of the incident;
6. Any and all internal affairs documents related to this inmate or incident;

7.  His housing history;
8.  Any and all investigation documents related to this incident, including but not limited to internal affairs documents
9.  Any and all disciplinary records resulting from this incident;
10. Any and all inmate care complaints related to this inmate;
11. Any and all kiosk requests this inmate made and the results thereof;
12. Any paper grievance requests this inmate may have made;
13. The CoreTrack observation system logs related to this incident;
14. Any and all videos of this inmate, his cells, and the adjacent hallways;
15. The daily watch schedule record from the date of this incident;
16. The functional capacity report from the date of this incident;
17. The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
18. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 113:**          As part of the _Monell_ claims, Garcia pled the **Deon Peterson** incident.  _See_ Doc. 41, Pg. 39 ¶ 69(q).  His representatives are plaintiffs in this Lawsuit.  _Id._  While we acknowledge that some documents have been produced related to this inmate and incident, we seek the following documents, which have not yet been produced:

1.  Any and all internal affairs files related to this inmate or incident;
2.  Any and all disciplinary events related to this incident;
3.  Functional capacity reports for August 10, 2021;
4.  This inmate's housing history;
5.  Daily watch schedule for floor four for August 10, 2021;
6.  The employment files for each officer on that floor on that date;
7.  The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
8.  Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 114:**          As part of the _Monell_ claims, Garcia pled the **Rory Ward, Jr.** incident.  _See_ Doc. 41, Pg. 40 ¶ 69(r).  As background, we allege that on or around May 8, 2021, the Defendant failed to protect and keep this inmate safe, and that he was thereafter denied medical care.  _Id._  While we acknowledge that you have produced some documents related to this incident at the time of this request, we seek the following documents, which have not yet been produced:

1.  Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
2.  Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
3.  Functional capacity reports for May 8, 2021;

4.    This inmate's housing history;
5.    Daily watch schedule for floor four for May 8, 2021;
6.    The employment files for each officer on that floor on that date;
7.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate; and
8.    Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 115:**    As part of the *Monell* claims, Garcia pled to the **Gregory Barrett** incident, which occurred in or around August 2021.  *See* Doc. 41, Pg. 40 ¶ 69(s).  As background, we allege this inmate was denied medical care.  *Id*.  While we acknowledge that at the time of this request, you have produced some documents related to this inmate and incident, we seek the following documents:

1.    Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
2.    Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
3.    Functional capacity reports for August 2021;
4.    Daily watch schedules for August 2021;
5.    This inmate's housing history
6.    Videos related to this incident.
7.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
8.    Any and all documents related to this inmate/incident in your possession, but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 116:**    As part of the *Monell* claims, Garcia pled the **Tron Madise** incident, which occurred on or around September 10, 2021.  *See* Doc. 41, Pg. 41 ¶ 69(t).  As background, we allege that you allowed this inmate to be viciously beaten and thereafter denied him medical care.  *Id*.  At the time of this request, you have not provided any documents related to this inmate.  As such, we now specifically seek:

1.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.    This inmate's housing history;
3.    Classification records related to this inmate;
4.    The incident reports related to the above incident;
5.    The daily watch schedule for September 10, 2021;
6.    The functional capacity report for September 10, 2021;
7.    Videos related to the above-described incident;
8.    Any and all inmate care complaints made about this inmate;
9.    Any kiosk requests made by this inmate;
10.   Any paper grievance requests this inmate may have made;
11.   Any internal affairs files related to this inmate or incident; and

12. Any and all documents related to this inmate/incident in your possession, but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 117:**    As part of the _Monell_ claims, Garcia pleaded the **Jerome Bartee** incident, which occurred on or around October 28, 2021.  _See_ Doc. 41, Pg. 41 ¶ 69(u).  As background, we allege that excessive force was used on this inmate, and then he was thereafter denied medical care.  _Id_.  While we acknowledge that some documents related to this inmate and incident have been produced at the time of this request, we seek the following items, which have not yet been produced:

1. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2. The relevant use of force reports;
3. This inmate's housing history;
4. The daily watch schedule for October 28, 2021;
5. Functional capacity reports for October 28, 2021;
6. Videos related to the above-described incident;
7. Any and all inmate care complaints made about this inmate;
8. Any kiosk requests made by this inmate;
9. Any paper grievance requests this inmate may have made;
10. Any internal affairs files related to this inmate or incident; and
11. Any and all documents related to this inmate/incident in your possession, but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 118:**    As part of the _Monell_ claims, Garcia pleaded the **Fred Harris** incident, which occurred on or around October 29, 2021.  _See_ Doc. 41, Pg. 41 ¶ 69(v).  As background, we allege that you failed to properly classify this inmate, protect him, and denied him medical care.  _Id_.   While we acknowledge that you have produced some documents related to this inmate/incident, we seek the following items, which have not yet been produced at the time of this request:

1. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4. This inmate's housing history;
5. The daily watch schedule for October 29, 2021;
6. The functional capacity report for October 29, 2021;
7. Videos related to the above-described incident;
8. Any and all inmate care complaints made about this inmate;
9. Any kiosk requests made by this inmate;
10. Any paper grievance requests this inmate may have made;
11. Any internal affairs files related to this inmate or incident; and

12. Any and all documents related to this inmate/incident in your possession, but not specifically listed here.

**REQUEST FOR PRODUCTION NO. 119:** As part of the *Monell* claims, Garcia seeks documents related to inmate **David Luke Davis**. Documents produced in this case show that, on or around December 29, 2021, this inmate was improperly classified and had to wash himself using the sink because of his wheelchair. *See* Gilbert Allen Nelson [DIC] Comparator [00430609] 000058 to 9. It also appears that, on or around May 6, 2022, he was not properly observed, and another inmate had to inform you of a medical emergency that this inmate was having. *Id*. at 000072. And that he was found "cold to the touch" dead on May 11, 2022, while in your custody. *Id*. at 000074. As such, please produce the following documents

1. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4. This inmate's intake forms and medical records;
5. This inmate's housing history;
6. The daily watch schedules for December 29, 2021, and May 6, 2022, and May 11, 2022;
7. Functional capacity reports for those dates;
8. Any and all inmate care complaints made about this inmate;
9. Any kiosk requests made by this inmate;
10. Any paper grievance requests this inmate may have made;
11. Any internal affairs files related to this inmate or incident; and
12. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 120:** As part of the *Monell* claims, Garcia seeks documents related to the inmate **Roy Thompson** incident, occurring on or around January 28, 2022 in which two detention officers, Christopher Ortega and Jondonavan Vickers-Gilbreath, took this inmate to a known blind spot, viciously beat him, broke his jaw, and then thereafter denied the inmate medical care for several days. At the time of this request, no documents related to this incident have been produced.

1. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2. The incident report for the above-described incident, likely Incident Report # 22-0201 941;
3. The Internal Affairs File for this incident, which contains videos, files and statements, like IA File # 2022 117;
4. Significant Event Report, likely # 2022-0201-55054;

5.      This inmate's grievance history;
6.      The video of this incident, which the Honorable Judge Andrew Hanen ordered you to preserve in *Roy Thompson v. C. Ortega et al.*, Cause No. 4:22-CV-034151 in the Southern District of Texas at Doc. # 48, Pg. 3 # 3;
7.      The functional capacity report for each day in January 2022;
8.      The daily watch schedule for each day in January 2022;
9.      Any and all inmate care complaints made about this inmate;
10.     Any kiosk requests made by this inmate;
11.     Any paper grievance requests this inmate may have made;
12.     Any and all documents related to this inmate / incident in your possession but not here specifically listed.

## DD.    DEQUON BUFORD INCIDENT

**REQUEST FOR PRODUCTION NO. 121:**      Please produce the "video footage" that Investigator Andrew Guerrero reported that he reviewed concerning this incident. *See* Doc. 182-8, Pg. 82 ¶ 3. This is the same video that, according to PREA, must be retained for ten (10) years. *See* Katrina Camacho Deposition, Pg. 120:22-121:9.

**REQUEST FOR PRODUCTION NO. 122:**      Please produce the numerous emails from Buford's "*mother with her saying that her son had a mental health issue*, referenced on Page 230 of the Katrina Camacho Deposition Transcript.

**REQUEST FOR PRODUCTION NO. 123:**      Please produce the December 15, 2023, preservation letter from Dequon Buford's attorney in this case referenced on Page 248 of Katrina Camacho's Deposition.

## EE.    SPECIFIC SUCCESSING COMPARATOR *MONELL* INCIDENT REQUESTS

**REQUEST FOR PRODUCTION NO. 124:**      As part of the conditions of confinement and the *Monell* claims, Garcia pled the **Henry Williams** incident, occurring on or around February to March 2022. *See* Doc. 41, Pg. 43 ¶ 70(a). As background, we allege that he was denied medical care, among other things. *Id*. While we acknowledge that some documents related to this inmate and incident have been produced, we specifically seek the following ones, which have not yet been produced:

1.      The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.      This inmate's medical history while he was in your care and custody;
3.      Any and all medical screening, intake and classification records related to this inmate;
4.      This inmate's housing history;
5.      Documentation showing why this inmate was moved to a new unit on or around January 27, 2022, where he did not have a plug to use for his CPAP;
6.      Documents showing why this inmate's CPAP bag was thrown away on March 2, 2022, and he was not compensated for the same;
7.      Documents showing why Henry Williams was not provided his high blood pressure

medicine for three (3) weeks prior to March 2, 2022;

8. Functional capacity reports for February to March 2022;
9. Daily watch schedules for each day in February to March 2022;
10. Any internal affairs investigation documents related to this inmate or these incidents;
11. Documents showing that this inmate was actually reimbursed for his improperly discarded medical supplies;
12. Any and all inmate care complaints made about this inmate;
13. Any kiosk requests made by this inmate; and
14. Any paper grievance requests this inmate may have made;
15. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 125:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **Mathew Shelton** incident, which occurred in or around March 2022.  _See_ Doc. 41, Pg. 43 ¶ 70(b).  As background, we allege that he died because he was denied proper medical care, among other things.  While we acknowledge that you have produced some documents related to this inmate and incident, we seek the following documents, which have not yet been produced:

1. The December 19, 2022, Texas Commission on Jail Standards Notice of Non-Compliance issued related to this inmate and incident;
2. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
3. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
4. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
5. Daily watch schedules for all of March 2022;
6. Functional capacity reports for all of March 2022;
7. The CoreTrack observation system logs related to this incident;
8. Any and all videos of this inmate, his cells, and the adjacent hallways;
9. Any and all inmate care complaints made about this inmate;
10. Any kiosk requests made by this inmate; and
11. Any paper grievance requests this inmate may have made;
12. Any and all internal affairs files related to this inmate or incident; and
13. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 126:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **Simon Peter Douglas** incident, which occurred on February 10, 2022.  _See_ Doc. 41, Pg. 44 ¶ 70(c).  As background, we allege improper supervision of this inmate, classification issues, and that he died while in your custody, among other things.  _Id_.  While we acknowledge that you have produced some documents related to this inmate and incident, we seek the following documents, which have not yet been produced:

1.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.    Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3.    Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4.    Daily watch schedules for February 10, 2022;
5.    Functional capacity reports for February 10, 2022;
6.    The "video" that is referenced in the Incident Report, bearing Bates Number 000021;
7.    The CoreTrack observation system logs related to this incident;
8.    Any and all videos of this inmate, his cells, and the adjacent hallways;
9.    Any and all inmate care complaints made about this inmate;
10.   Any kiosk requests made by this inmate; and
11.   Any paper grievance requests this inmate may have made;
12.   Any and all internal affairs files related to this inmate or incident; and
13.   Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 127:**        As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **Shane Gus Mitchell** incident, which occurred on or around March 2022.  *See* Doc. 41, Pg. 45 ¶ 70(e).  As background, we allege that he was denied proper medical care and excessive force was used on him, among other things.  *Id.*  To date, no documents have been produced related to this inmate or incident, and as such, we now specifically seek the following items:

1.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.    Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3.    Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4.    Any and all incident reports involving this inmate;
5.    This inmate's intake and medical screening documents;
6.    This inmate's housing history;
7.    Daily watch schedules for March 2022;
8.    Functional capacity reports for March 2022;
9.    This inmate's medical record from when he was in your care and custody;
10.   This inmate's autopsy report;
11.   The CoreTrack observation system logs related to this incident;
12.   Any and all videos of this inmate, his cells, and the adjacent hallways;
13.   Any and all inmate care complaints made about this inmate;
14.   Any kiosk requests made by this inmate; and
15.   Any paper grievance requests this inmate may have made;
16.   Any and all internal affairs files related to this inmate or incident; and
17.   Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 128:**          As part of the conditions of confinement and the *Monell* claims, Garcia pled the **Kenneth Ray Harris** incident, occurring on or around June 20, 2022. *See* Doc. 41, Pg. 45-46 ¶ 70(f). As background, we allege that this inmate was not properly screened and medical care was denied to him, among other things. *Id*. At the time of this request, no documents have been provided related to this inmate or this incident, and as such, we specifically seek the following:

1. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4. Any and all incident reports involving this inmate;
5. This inmate's intake and medical screening documents;
6. This inmate's housing history;
7. Daily watch schedules for June 2022;
8. Functional capacity reports for June 2022;
9. This inmate's medical record from when he was in your care and custody;
10. This inmate's autopsy report;
11. The CoreTrack observation system logs related to this incident;
12. Any and all videos of this inmate, his cells, and the adjacent hallways;
13. Any and all inmate care complaints made about this inmate;
14. Any kiosk requests made by this inmate; and
15. Any paper grievance requests this inmate may have made;
16. Any and all internal affairs files related to this inmate or incident; and
17. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 129:**          As part of the conditions of confinement and the *Monell* claims, Garcia pled the **Gilbert Allen Nelson** incident, occurring on or around May 11, 2022. *See* Doc. 41, Pg. 46 ¶ 70(g). As background, we allege that he was denied medical care and died, among other things. *Id*. Save for the autopsy report, the production to date related to this inmate appears to have mistakenly produced documents related to inmate David Luke Davis. *See* Gilbert Allen Nelson [DIC] Comparator [00430609] 000001 to 001178. Thus, we now specifically seek the following documents related to inmate Gilbert Allen Nelson, which have not yet been produced:

1. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4. Any and all incident reports involving this inmate;
5. This inmate's intake and medical screening documents;

6.      This inmate's housing history;
7.      Daily watch schedules for June 2022;
8.      Functional capacity reports for June 2022;
9.      This inmate's medical record from when he was in your care and custody;
10.     This inmate's autopsy report;
11.     The CoreTrack observation system logs related to this incident;
12.     Any and all videos of this inmate, his cells, and the adjacent hallways;
13.     Any and all internal affairs documents related to this incident;
14.     Any and all inmate care complaints made about this inmate;
15.     Any kiosk requests made by this inmate; and
16.     Any paper grievance requests this inmate may have made;
17.     Any and all internal affairs files related to this inmate or incident; and
18.     Any and all documents related to this inmate / incident in your possession but not
        here specifically listed.

**REQUEST FOR PRODUCTION NO. 130:**         As part of the conditions of confinement and
the _Monell_ claims, Garcia pled to the **Benjamin Pierce** incident, which occurred on or
around May 20, 2022. _See_ Doc. 41, Pg. 47 ¶ 70(i).  As background, we allege that she was
not provided adequate medical care or observations while in your custody and died as a
result, among other things.  _Id_.  While we acknowledge that some documents have been
produced related to this inmate and incident, we seek the following ones which have not
yet been produced:

1.      The complete OMS: Offender Management System record, including the data from
        each tab, for this inmate;
2.      Any and all documents provided to the Texas Rangers, Houston Police Department,
        or other independent law enforcement agency investigating this in-custody death;
3.      Any and all reports generated by the relevant independent law enforcement agency,
        like the ones previously produced in this case related to Kevin Sanchez;
4.      The CoreTrack observation system logs related to this incident;
5.      Any and all videos of this inmate, his cells, and the adjacent hallways;
6.      Daily watch schedules from May 20, 2022;
7.      Functional capacity reports from May 20, 2022;
8.      Any and all internal affairs files/documents related to this incident;
9.      Any and all inmate care complaints made about this inmate;
10.     Any kiosk requests made by this inmate;
11.     Any paper grievance requests this inmate may have made;
12.     Any and all recorded phone calls that this inmate may have made;
13.     Any and all internal affairs files related to this inmate or incident; and
14.     Any and all documents related to this inmate / incident in your possession but not
        here specifically listed.

**REQUEST FOR PRODUCTION NO. 131:**         As part of the conditions of confinement and
the _Monell_ claims, Garcia pleaded the **Loron Ernest Fisher** incident. _See_ Doc. 41, Pg. 48
¶ 70(k).  As background, we allege that this inmate was not properly monitored, was a
known suicide risk, and killed himself on or around June 15, 2022, among other things.  _Id_.
While we acknowledge that you have produced some documents related to this inmate and

incident, we seek the following items, which have not yet been produced:

1. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4. The CoreTrack observation system logs related to this incident;
5. Any and all videos of this inmate, his cells, and the adjacent hallways;
6. Daily watch schedules from June 15, 2022;
7. Functional capacity reports from June 15, 2022;
8. Any and all internal affairs files/documents related to this incident;
9. Any and all inmate care complaints made about this inmate;
10. Any kiosk requests made by this inmate;
11. Any paper grievance requests this inmate may have made;
12. Any and all recorded phone calls that this inmate may have made;
13. Any and all internal affairs files related to this inmate or incident; and
14. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 132:**      As part of the conditions of confinement and the _Monell_ claims, Garcia pleaded to the **Jim Franklin Lagrone** incident, which occurred in or around July 2022.  _See_ Doc. 41, Pg. 49 ¶ 70(m).  As background, we allege that he died as a result of being improperly screened and denied medical care, among other things. _Id_.  While we acknowledge that some documents related to this incident have been produced, we seek the following items not yet produced:

1. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4. The CoreTrack observation system logs related to this incident;
5. Any and all videos of this inmate, his cells, and the adjacent hallways;
6. Daily watch schedules from July 2022;
7. Functional capacity reports from July 2022;
8. Any and all internal affairs files/documents related to this incident;
9. Any and all inmate care complaints made about this inmate;
10. Any kiosk requests made by this inmate;
11. Any paper grievance requests this inmate may have made;
12. Any and all recorded phone calls that this inmate may have made;
13. Any and all internal affairs files related to this inmate or incident; and
14. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 133:**        As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **Damien Lavon Johnson** incident, which occurred on or around November 2022. _See_ Doc. 41 ¶ 70(n). As background, we allege that this inmate was improperly classified, a known suicide risk, and Defendant permitted him to kill himself without proper observations, among other things. _Id_. While we acknowledge that some documents related to this incident have been produced, we seek the following items not yet produced:

1.      The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.      Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3.      Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4.      The CoreTrack observation system logs related to this incident;
5.      Any and all videos of this inmate, his cells, and the adjacent hallways;
6.      Daily watch schedules from November 2022;
7.      Functional capacity reports from November 2022;
8.      Any and all internal affairs files/documents related to this incident;
9.      Any and all inmate care complaints made about this inmate;
10.     Any kiosk requests made by this inmate;
11.     Any paper grievance requests this inmate may have made;
12.     Any and all recorded phone calls that this inmate may have made;
13.     Any and all internal affairs files related to this inmate or incident; and
14.     Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 134:**        As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **Arlen Ashley Bates** incident, which occurred in or around June 2022. _See_ Doc. 41, Pg. 50 ¶ 70(o). As background, we allege she died as a result of the Defendants' deliberate indifference, among other things. _Id_. To date, no documents whatsoever have been produced related to her incident, given this, we seek the following documents:

1.      The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.      Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3.      Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4.      The CoreTrack observation system logs related to this incident;
5.      Any and all videos of this inmate, his cells, and the adjacent hallways;
6.      Daily watch schedules from November 2022;
7.      Functional capacity reports from November 2022;
8.      Any and all internal affairs files/documents related to this incident;
9.      Any and all inmate care complaints made about this inmate;
10.     Any kiosk requests made by this inmate;

11.    Any paper grievance requests this inmate may have made;
12.    Any and all recorded phone calls that this inmate may have made;
13.    Any and all internal affairs files related to this inmate or incident; and
14.    Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 135:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **James Earl Gamble** incident, which occurred in or around August 2022.  *See* Doc. 41, Pg. 50 ¶ 70(p).  As background, we allege that this inmate did not receive proper medical care and was not properly observed, among other things.  *Id*.  While we acknowledge that you have produced some documents related to this inmate and this incident, we seek the following items, which have not yet been produced:

1.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.    Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3.    Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4.    The CoreTrack observation system logs related to this incident;
5.    Any and all videos of this inmate, his cells, and the adjacent hallways;
6.    Daily watch schedules from August 2022;
7.    Functional capacity reports from August 2022;
8.    Any and all internal affairs files/documents related to this incident;
9.    Any and all inmate care complaints made about this inmate;
10.    Any kiosk requests made by this inmate;
11.    Any paper grievance requests this inmate may have made;
12.    Any and all recorded phone calls that this inmate may have made;
13.    Any and all internal affairs files related to this inmate or incident; and
14.    Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 136:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **Victoria Margaret Simon** incident, which occurred on or around September 29, 2022.  *See* Doc. 41, Pg. 50 ¶ 70(q).  As background, we allege that she was denied medical and not properly observed, among other things.  *Id*.  While the Defendant has produced some documents related to this inmate and incident, we specifically seek the following, which have not yet been produced:

1.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.    Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3.    Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4.    The CoreTrack observation system logs related to this incident;
5.    Any and all videos of this inmate, his cells, and the adjacent hallways;

6.    Daily watch schedules from September 2022;
7.    Functional capacity reports from September 2022;
8.    Any and all internal affairs files/documents related to this incident;
9.    Any and all inmate care complaints made about this inmate;
10.    Any kiosk requests made by this inmate;
11.    Any paper grievance requests this inmate may have made;
12.    Any and all recorded phone calls that this inmate may have made;
13.    Any and all internal affairs files related to this inmate or incident; and
14.    Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 137:**    As part of the conditions of confinement and the _Monell_ claims, Garcia plead to the **Robert Alfred Horn** incident, which occurred in or around October 2022.  _See_ Doc. 41, Pg. 51 ¶ 70(r).  As background, we allege that, among other things, he was not properly classified, denied medical care, and not properly observed.  _Id_.  To date, no documents whatsoever have been produced related to her incident, given this, we seek the following documents:

1.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.    Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3.    Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4.    The CoreTrack observation system logs related to this incident;
5.    Any and all videos of this inmate, his cells, and the adjacent hallways;
6.    Daily watch schedules from October 2022;
7.    Functional capacity reports from October 2022;
8.    Any and all internal affairs files/documents related to this incident;
9.    Any and all inmate care complaints made about this inmate;
10.    Any kiosk requests made by this inmate;
11.    Any paper grievance requests this inmate may have made;
12.    Any and all recorded phone calls that this inmate may have made;
13.    Any and all internal affairs files related to this inmate or incident; and
14.    Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 138:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **Alan Christopher Kerber** incident, which occurred in or around October 2022.  _See_ Doc. 41, Pg. 52 ¶ 70(t).  As background, we allege that, among other things, this inmate was not properly classified, denied medical care, and not properly observed.  _Id_.  And, while we acknowledge that some documents related to this inmate and incident have been produced, we seek the following ones which have not been produced:

1.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate;

2.    Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;

3.    Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;

4.    The inmate's housing history;

5.    The CoreTrack observation system logs related to this incident;

6.    Any and all videos of this inmate, his cells, and the adjacent hallways;

7.    Daily watch schedules from October 2022;

8.    Functional capacity reports from October 2022;

9.    Any and all internal affairs files/documents related to this incident;

10.   Any and all inmate care complaints made about this inmate;

11.   Any kiosk requests made by this inmate;

12.   Any paper grievance requests this inmate may have made;

13.   Any and all internal affairs files related to this inmate or incident; and

14.   Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 139:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **<u>Dylan Perio</u>** incident, which occurred in or around November 2022. *See* Doc. 41, Pg. 52 ¶ 70(u). As background, we allege that, among other things, he was denied adequate medical care and was injured as a result of this deliberate indifference. *Id*. And, while we acknowledge that some documents related to this inmate and incident have been produced, we seek the following ones which have not been produced:

1.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate;

2.    The inmate's housing history;

3.    Any and all inmate care complaints made about this inmate;

4.    Any kiosk requests made by this inmate;

5.    Any paper grievance requests this inmate may have made;

6.    Any and all recorded phone calls that this inmate may have made;

7.    Any and all internal affairs files related to this inmate or incident; and

8.    Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 140:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **<u>Michael Griego</u>** incident, which occurred in or around November 2022. *See* Doc. 41, Pg. 53 ¶ 70(v). As background, we allege that Defendant failed to protect this inmate from harm and that he was denied medical care thereafter, among other things. *Id*. And, while we acknowledge that some documents related to this inmate and incident have been produced, we seek the following ones which have not been produced:

1.    The complete OMS: Offender Management System record, including the data from each tab, for this inmate;

2.    This inmate's housing history;

3.  The CoreTrack observation system logs related to this incident;
4.  Any and all videos of this inmate, his cells, and the adjacent hallways;
5.  Daily watch schedules from November 2022;
6.  Functional capacity reports from November 2022;
7.  Any and all inmate care complaints made about this inmate;
8.  Any kiosk requests made by this inmate;
9.  Any paper grievance requests this inmate may have made;
10. Any and all recorded phone calls that this inmate may have made;
11. Any and all internal affairs files related to this inmate or incident; and
12. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 141:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **William Curtis Barrett** incident, which occurred in or around November 2022. _See_ Doc. 41, Pg. 53 ¶ 70(w). As background, we allege that this inmate was not properly classified and denied medical care. _Id_. And, while we acknowledge that some documents related to this inmate and incident have been produced, we seek the following ones which have not been produced:

1.  The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.  This inmate's housing history;
3.  The CoreTrack observation system logs related to this incident;
4.  Any and all videos of this inmate, his cells, and the adjacent hallways;
5.  Daily watch schedules from November 2022;
6.  Functional capacity reports from November 2022;
7.  Any and all inmate care complaints made about this inmate;
8.  Any kiosk requests made by this inmate;
9.  Any paper grievance requests this inmate may have made;
10. Any and all recorded phone calls that this inmate may have made;
11. Any and all internal affairs files related to this inmate or incident; and
12. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 142:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **Adel Gonzalez Garcia** incident, which occurred in or around November 2022. _See_ Doc. 41, Pg. 53-54 ¶ 70(x). As background, we allege that this inmate was not properly observed and denied proper medical care, among other things. _Id_. And, while we acknowledge that some documents related to this inmate and incident have been produced, we seek the following ones which have not been produced:

1.  The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.  The use of force report for incidents involving this inmate;
3.  This inmate's housing history;
4.  The CoreTrack observation system logs related to this incident;
5.  Any and all videos of this inmate, his cells, and the adjacent hallways;

6.   Daily watch schedules from November 2022;
7.   Functional capacity reports from November 2022;
8.   Any and all inmate care complaints made about this inmate;
9.   Any kiosk requests made by this inmate;
10.  Any paper grievance requests this inmate may have made;
11.  Any and all recorded phone calls that this inmate may have made;
12.  Any and all internal affairs files related to this inmate or incident; and
13.  Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 143:**       As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **Harrell Veal** incident, which occurred in or around January 2022 to December 2022. *See* Doc. 41, Pg. 54 ¶ 70(y). As background, we allege that adequate medical care was denied to this inmate. *Id*. And, while we acknowledge that some documents related to this inmate and incident have been produced, we seek the following ones which have not been produced:

1.   The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.   This inmate's housing history;
3.   The CoreTrack observation system logs for all of 2022;
4.   Any and all videos of this inmate, his cells, and the adjacent hallways;
5.   All Daily watch schedules from 2022;
6.   All functional capacity reports from 2022;
7.   Any and all inmate care complaints made about this inmate;
8.   Any kiosk requests made by this inmate;
9.   Any paper grievance requests this inmate may have made;
10.  Any and all recorded phone calls that this inmate may have made;
11.  Any and all internal affairs files related to this inmate or incident; and
12.  Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 144:**       As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **John Maxey** incident, occurring in or around November 2022. *See* Doc. 41, Pg. 57 ¶ 70(cc). As background, we allege that he was denied proper medical and was not properly observed. *Id*. To date, no documents related to this inmate or incident have been produced, accordingly, we specifically now seek the following items, which have not yet been produced:

1.   The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.   Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3.   Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4.   The CoreTrack observation system logs related to this incident;
5.   Any and all videos of this inmate, his cells, and the adjacent hallways;

6.      Daily watch schedules from November 2022;
7.      Functional capacity reports from November 2022;
8.      Any and all internal affairs files/documents related to this incident;
9.      Any and all inmate care complaints made about this inmate;
10.     Any kiosk requests made by this inmate;
11.     Any paper grievance requests this inmate may have made;
12.     Any and all recorded phone calls that this inmate may have made;
13.     Any and all internal affairs files related to this inmate or incident; and
14.     Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 145:**      As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **Jeremiah Anglin** incident, occurring in or around February 2023.  *See* Doc. 41, Pg. 57 ¶ 70(d).  As background, we allege that Defendant was aware of his serious medical condition, was deliberately indifferent to it, and this inmate suffered injury as a result.  *Id*.  And, while we acknowledge that some documents related to this inmate and incident have been produced, we seek the following ones which have not been produced:

1.      The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.      The CoreTrack observation system logs related to this incident;
3.      Any and all videos of this inmate, his cells, and the adjacent hallways;
4.      Daily watch schedules from February 2023;
5.      Functional capacity reports from February 2023;
6.      Any and all internal affairs files/documents related to this incident;
7.      Any and all inmate care complaints made about this inmate;
8.      Any kiosk requests made by this inmate;
9.      Any paper grievance requests this inmate may have made;
10.     Any and all recorded phone calls that this inmate may have made;
11.     Any and all internal affairs files related to this inmate or incident; and
12.     Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 146:**      As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **John Coote** incident, occurring in or around February 2023.  *See* Doc. 41, Pg. 57-58 ¶ 70(ee).  As background, we allege that Defendant viciously beat this inmate twice and thereafter denied him medical care twice.  *Id*.  And, while we acknowledge that some documents related to this inmate and incident have been produced, we seek the following ones which have not been produced:

1.      The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.      The use of force reports for each of these incidents;
3.      The CoreTrack observation system logs related to these incidents;
4.      Any and all videos of this inmate, his cells, and the adjacent hallways;
5.      Daily watch schedules from February 2023;

6.     Functional capacity reports from February 2023;
7.     Any and all internal affairs files/documents related to these incidents;
8.     Any and all inmate care complaints made about this inmate;
9.     Any kiosk requests made by this inmate;
10.    Any paper grievance requests this inmate may have made;
11.    Any and all internal affairs files related to this inmate or these incidents; and
12.    Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 147:**     As part of the conditions of confinement and the _Monell_ claims, Garcia pled to the **Christopher Young** incident, which occurred in or around February 2023. *See* Doc. 41, Pg. 58-59 ¶ 70(ff). As background, we allege that the Defendant failed to provide this inmate with adequate medical care. *Id*. And, while we acknowledge that some documents related to this inmate and incident have been produced, we seek the following ones which have not been produced:

1.     The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.     The CoreTrack observation system logs related to these incidents;
3.     Any and all videos of this inmate, his cells, and the adjacent hallways;
4.     Daily watch schedules from February 2023;
5.     Functional capacity reports from February 2023;
6.     Any and all internal affairs files/documents related to these incidents;
7.     Any and all inmate care complaints made about this inmate;
8.     Any kiosk requests made by this inmate;
9.     Any paper grievance requests this inmate may have made;
10.    Any and all internal affairs files related to this inmate or these incidents; and
11.    Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 148:**     As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **Jaquez Moore** incidents, occurring in or around November 2022 and May 2023. *See* Doc. 41, Pg. 59 ¶ 70(gg) / 61 ¶ 70(ll). As background, we alleged issues related to classification, observation, failure to protect, and provision of medical care. *Id*. Accordingly, we seek the following documents related to this inmate and this incident:

1.     The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.     The CoreTrack observation system logs related to these two incidents;
3.     Any and all videos of this inmate, his cells, and the adjacent hallways;
4.     Daily watch schedules from November 2022 and May 2023;
5.     Functional capacity reports from November 2022 and May 2023;
6.     Any and all internal affairs files/documents related to this incident;
7.     Any and all inmate care complaints made about this inmate;
8.     Any kiosk requests made by this inmate;
9.     Any paper grievance requests this inmate may have made;

10. Any and all internal affairs files related to this inmate or incident; and
11. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 149:**     As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **<u>Fabien Cortez</u>** incident, occurring in or around March 2023. _See_ Doc. 41, Pg. 60 ¶ 70(ii). As background, we allege classification, failure to observe, and provision of medical care issues with this inmate, among other things. _Id._ At the time of this request, Defendant has provided no documents related to this inmate or incident, and as such, we specifically seek the following items:

1. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4. Any and all incident reports involving this inmate;
5. This inmate's intake and medical screening documents;
6. This inmate's housing history;
7. Daily watch schedules for March 2023;
8. Functional capacity reports for March 2023;
9. This inmate's medical record from when he was in your care and custody;
10. This inmate's autopsy report;
11. The CoreTrack observation system logs related to this incident;
12. Any and all videos of this inmate, his cells, and the adjacent hallways;
13. Any and all inmate care complaints made about this inmate;
14. Any kiosk requests made by this inmate; and
15. Any paper grievance requests this inmate may have made;
16. Any and all internal affairs files related to this inmate or incident; and
17. Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 150:**     As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **<u>Robert Terry, Jr.</u>** incident, which occurred in or around May 2023. _See_ Doc. 41, Pg. 62 ¶ 70(mm). As background, we allege that you failed to properly observe this inmate and denied him medical care, among other things. _Id._ While we acknowledge that some documents related to this inmate and this incident has been produced, we specifically now seek the following ones which have not been produced:

1. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4. Any and all incident reports involving this inmate;

5.      This inmate's intake and medical screening documents;

6.      This inmate's housing history;

7.      Daily watch schedules for May 2023;

8.      Functional capacity reports for May 2023;

9.      This inmate's medical record from when he was in your care and custody;

10.     This inmate's autopsy report;

11.     The CoreTrack observation system logs related to this incident;

12.     Any and all videos of this inmate, his cells, and the adjacent hallways;

13.     Any and all inmate care complaints made about this inmate;

14.     Any kiosk requests made by this inmate; and

15.     Any paper grievance requests this inmate may have made;

16.     Any and all internal affairs files related to this inmate or incident; and

17.     Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 151:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **Antonio Radcliff** incident that occurred in or around March 2023.  *See* Doc. 41, Pg. 63 ¶ 70(nn).  As background, we allege that Defendants failed to protect this inmate and thereafter denied him medical care.  *Id.*  While we acknowledge that some documents related to this inmate and this incident has been produced, we specifically now seek the following ones which have not been produced:

1.      The complete OMS: Offender Management System record, including the data from each tab, for this inmate;

2.      Any and all incident reports involving this inmate;

3.      This inmate's intake and medical screening documents;

4.      Daily watch schedules for March 2023;

5.      Functional capacity reports for March 2023;

6.      The CoreTrack observation system logs related to this incident;

7.      Any and all videos of this inmate, his cells, and the adjacent hallways;

8.      Any and all inmate care complaints made about this inmate;

9.      Any kiosk requests made by this inmate; and

10.     Any paper grievance requests this inmate may have made;

11.     Any and all internal affairs files related to this inmate or incident; and

12.     Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 152:**    As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **Zachery Johnson** incident, occurring in or around May 2023.  *See* Doc. 41, Pg. 63 ¶ 70(oo).  As background, we allege that this inmate was not properly monitored, there was a failure to keep him safe, and that he was denied medical care.  *Id.*  While we acknowledge that some records related to this inmate have been produced, we seek the following ones, which have not yet been produced:

1.      The complete OMS: Offender Management System record, including the data from each tab, for this inmate;

2.      Any and all incident reports involving this inmate;

3.      This inmate's intake and medical screening documents;
4.      Daily watch schedules for May 2023;
5.      Functional capacity reports for May 2023;
6.      The CoreTrack observation system logs for May 2023;
7.      Any and all videos of this inmate, his cells, and the adjacent hallways;
8.      Any and all inmate care complaints made about this inmate;
9.      Any and all recorded phone calls that this inmate may have made;
10.     Any kiosk requests made by this inmate; and
11.     Any paper grievance requests this inmate may have made;
12.     Any and all internal affairs files related to this inmate or incident; and
13.     Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 153:**       As part of the conditions of confinement and the _Monell_ claims, Garcia plead the **Zachary Zepeda** incident, which occurred in or around June 2023.  _See_ Doc. 41, Pg. 64 ¶ 70(pp).  As background, we allege that, among other things, this inmate was not properly observed, protected, and denied medical care.  _Id_. And, while we acknowledge that some records related to this inmate have been produced, we seek the following ones, which have not yet been produced:

1.      The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
2.      Any and all incident reports involving this inmate;
3.      This inmate's intake and medical screening documents;
4.      Daily watch schedules for June 2023;
5.      Functional capacity reports for June 2023;
6.      The CoreTrack observation system logs for June 2023;
7.      Any and all videos of this inmate, his cells, and the adjacent hallways;
8.      Any and all inmate care complaints made about this inmate;
9.      Any and all recorded phone calls that this inmate may have made;
10.     Any kiosk requests made by this inmate; and
11.     Any paper grievance requests this inmate may have made;
12.     Any and all internal affairs files related to this inmate or incident; and
13.     Any and all documents related to this inmate / incident in your possession but not here specifically listed.

**REQUEST FOR PRODUCTION NO. 154:**       As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **Alfred Rios** incident, occurring in or around September 2023.  _See_ Doc. 41, Pg. 66 ¶ 70(ss).  As background, we allege that, among other things, this inmate was not properly observed and denied medical care.  _Id_.  At the time of this request, no documents related to this inmate or this incident have been produced.  Given so, please produce

1.      Any and all documents related to this inmate or this incident;
2.      Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;

3.      Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;

4.      Any and all kiosk inmate requests he made;

5.      Any paper grievance requests this inmate may have made;

6.      Any and all incident reports involving him during his stay at your Jail;

7.      Any and all investigations, internal affairs or otherwise, documents related to this incident;

8.      Any and all inmate care complaints submitted to you related to this inmate;

9.      This inmate's medical records;

10.     The CoreTrack observation system logs related to this incident;

11.     Any and all videos of this inmate, his cells, and the adjacent hallways;

12.     This inmate's housing history;

13.     The daily watch schedule record from the date of this incident;

14.     The functional capacity report from the date of this incident;

15.     The complete OMS: Offender Management System record, including the data from each tab, for this inmate;

16.     Any and all documents related to this inmate/incident in your possession that are not specifically listed here.

**REQUEST FOR PRODUCTION NO. 155:**     As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **Kenneth McZeal** incident.  *See* Doc. 41, Pg. 66 ¶ 70(tt). As background, we allege that, among other things, this inmate was not properly screened, observed, and denied medical care.  At the time of this request, no documents related to this inmate or this incident have been produced.  Given so, please produce

1.      Any and all documents related to this inmate or this incident;

2.      Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;

3.      Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;

4.      Any and all kiosk inmate requests he made;

5.      Any paper grievance requests this inmate may have made;

6.      Any and all incident reports involving him during his stay at your Jail;

7.      Any and all investigations, internal affairs or otherwise, documents related to this incident;

8.      Any and all inmate care complaints submitted to you related to this inmate;

9.      This inmate's medical records;

10.     The CoreTrack observation system logs related to this incident;

11.     Any and all videos of this inmate, his cells, and the adjacent hallways;

12.     This inmate's housing history;

13.     The daily watch schedule record from the date of this incident;

14.     The functional capacity report from the date of this incident;

15.     The complete OMS: Offender Management System record, including the data from each tab, for this inmate;

16. Any and all documents related to this inmate/incident in your possession that are not specifically listed here.

**REQUEST FOR PRODUCTION NO. 156:** As part of the conditions of confinement and the _Monell_ claims, Garcia pled the **Dominga Trevino Barrera** incident. _See_ Doc. 41, Pg. 66 ¶ 70(uu). As background, we allege that this inmate was not properly screened, observed, and denied medical care, among other things. At the time of this request, no documents related to this inmate or this incident have been produced. Given so, please produce

1. Any and all documents related to this inmate or this incident;
2. Any and all documents provided to the Texas Rangers, Houston Police Department, or other independent law enforcement agency investigating this in-custody death;
3. Any and all reports generated by the relevant independent law enforcement agency, like the ones previously produced in this case related to Kevin Sanchez;
4. Any and all kiosk inmate requests he made;
5. Any paper grievance requests this inmate may have made;
6. Any and all incident reports involving him during his stay at your Jail;
7. Any and all investigations, internal affairs or otherwise, documents related to this incident;
8. Any and all inmate care complaints submitted to you related to this inmate;
9. This inmate's medical records;
10. The CoreTrack observation system logs related to this incident;
11. Any and all videos of this inmate, his cells, and the adjacent hallways;
12. This inmate's housing history;
13. The daily watch schedule record from the date of this incident;
14. The functional capacity report from the date of this incident;
15. The complete OMS: Offender Management System record, including the data from each tab, for this inmate;
16. Any and all documents related to this inmate/incident in your possession that are not specifically listed here.

## FF.    TRAINING MATERIALS

_As you are likely aware, Garcia has live failure-to-train claims. See Doc. 41, Pg. 69 ¶ 76-80. The following requests seek discovery on those live claims._

**REQUEST FOR PRODUCTION NO. 157:** Please provide any and all training materials in your possession related to teaching or showing your supervisors, detention officers, and guards the minimum standards for running a jail, including but not limited to those things that would show minimum staffing requirements, observation requirements, and how to conduct proper face-to-face observations.

**REQUEST FOR PRODUCTION NO. 158:** Please provide any and all training materials used or given to your licensed physicians, medical professionals, allied health personnel,

hospital, clinic, or similar services in your jail.  If there are none, indicate so.

**REQUEST FOR PRODUCTION NO. 159:**     Please provide any and all training materials related to the spotting of drug overdoses and what to do in those situations at your jail.

**REQUEST FOR PRODUCTION NO. 160:**     Please provide the March 8, 2023, written notice issued by the Texas Commission on Jail Standards notifying you that several of your jail officers had not received suicide prevention training.