IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.** § <br> **Plaintiffs** § <br> § <br> § <br> v. § <br> § <br> **HARRIS COUNTY, TEXAS** § <br> **Defendant** § <br> § <br> **AND** § <br> § <br> **ANA GARCIA AND CHANDRA JENKINS,** § <br> **Plaintiff – Intervenors** § | | Civil Action No. 4:23-CV-02886 |

**DEFENDANT HARRIS COUNTY'S RULE 56 NO EVIDENCE
MOTION FOR SUMMARY JUDGMENT AND MOTION TO SEVER
CLAIMS BY INMATE ZACHARY KEHJ JOHNSON [SPN 03195770]**
================================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT, HARRIS COUNTY, TEXAS, and files this Rule 56 No Evidence Motion for Summary Judgment against the claims brought by Plaintiff ZACHARY KEHJ JOHNSON (hereafter "ZKJ").

## I. TABLE OF CONTENTS

I. TABLE OF CONTENTS ................................................................................................. i

II. AUTHENTICATED MSJ EXHIBITS ........................................................................ 1

III. NATURE OF THE CASE .......................................................................................... 1

IV. NO EVIDENCE MSJ ................................................................................................ 1

V. SUMMARY OF THE ARGUMENT ......................................................................... 2

VI. CHRONOLOGY OF MATERIAL FACTUAL EVENTS ....................................... 2

VII. ARGUMENT & AUTHORITIES ............................................................................ 4

A.   A Review Of The Established Material Facts Pertaining to ZKJ's Stay In The Harris County Jail Does Not Reveal The Existence Of A Constitutional Injury. ............................................................................................. 4

B.   ZKJ Was At All Times In The Lawful Custody Of The Harris County Jail Facility. ................................................................................................................ 4

| | | |
|---|---|---|
| C. | The Assault Claim & Security Response Thereto Was Properly Handled | 4 |
| D. | ZKJ's Failure to Protect Claim Does Not Satisfy All the Elements for Such a Claim | 5 |
| E. | The PREA Report by Nurse Hickman | 6 |
| F. | The Prison Rape Elimination Act (PREA) Does Not Establish A Private Cause Of Action | 6 |
| G. | There is No Evidence That Plaintiff ZKJ Was Denied Medical Care. | 6 |
| H. | There is No Evidence that ZKJ was Subjected to Unconstitutional Use of Force by Jail Personnel. | 7 |
| I. | Inmate Does Not Have a Conditions of Confinement Claim. | 8 |
| J. | The Legal Standard for Episodic Acts or Omissions Claim Generally | 9 |
| K. | There Is No Need To Address Monell Evidence Because There Is No Evidence That An ZKJ Suffered an Injury of Constitutional Magnitude At All. | 9 |

VIII. MOTION TO SEVER ........................................................................................................ 9
IX. CONCLUSION & PRAYER .............................................................................................. 10

=========================================

## II. AUTHENTICATED MSJ EXHIBITS

1. The records and exhibits tendered in support of this dispositive motion are all identified, indexed, and authenticated under the 28 U.S.C. §1746 statutory declaration of HCSO Paralegal Candice D. Kelley. *See Exhibit I - Authenticating Declaration by Candice D. Kelley.*

2. The list of exhibits, all of which have been produced to all counsel of record, are hereby incorporated by reference into this dispositive motion for all purposes.

## III. NATURE OF THE CASE

3. This is a Section 1983 civil rights case brought by and on behalf of former Harris County Jail Inmate, ZACHARY KEHJ JOHNSON [SPN 03195770] (Hereafter "ZKJ).

4. ZKJ contends in the live Complaint, that is, the Second Amended Complaint (¶¶ 176 through 185) that while in the custody of the Harris County Jail, he was 1) beaten by other inmates, 2) fondled by other inmates, 3) denied medical care, and 4) otherwise ignored by jail staff and medical personnel who were indifferent to his personal safety and medical needs.

5. DEFENDANT HARRIS COUNTY denied and still denies the material factual allegations urged by Plaintiff ZKJ. *See ECF #123 – Original Answer to Plaintiffs' SAC (fs 4/3/2025 at paras. 72 – 75; p. 14.*

## IV. NO EVIDENCE MSJ

6. The dispositive motion is brought as a Rule 56 No Evidence Motion for Summary Judgement. Nevertheless, when a moving party who does not bear the burden of proof, a movant who does not bear the burden of proof at trial may move for summary judgment by pointing out that there is "no evidence" to support one or more elements of the non-movant's claim. *See FRCP Rule 56(a); see also Austin v Kroger Texas, L.P.,* 864 F.3d 326, 335 & n.10 (5th Cir. 2017); *followed in Nieto v State Farm,* 722 F.Supp. 653 (S.D. Tex. – Brownsville Div. 2024).

7. To demonstrate the lack of evidence, the moving party without the burden of proof may demonstrate the lack of proof by submitting evidentiary proof in the form of documents, affidavits, deposition testimony in support of the Rule 56(a) argument that the plaintiff (i.e., the nonmoving party with the burden of proof) cannot, as a matter of law, provide evidence to satisfy each element of the claims asserted. *Nieto*, 722 F.Supp. at 657.

8. The burden of production then shifts to the non-moving party, the party with the burden of proof, that there is sufficient evidence as to each element of an alleged claim to, at a minimum,

create a material issue of fact for a jury. *Id.; see also Celotex Corp. v Catrett,* 477 U.S. 317, 322-323 (1986)(failure of non-movant to establish any essential element of a claim defeats the claim as a matter of law).

## V. SUMMARY OF THE ARGUMENT

9. DEFENDANT HARRIS COUNTY contends that the evidentiary record does not, and cannot, support a factual or legal finding that ZKJ suffered a constitutional injury during his stay in the Harris County Jail at the hands of Detention Officer Alex Conrad.

10. As pleaded, ZKJ's claims fall into two categories: 1) a failure to protect claims and 2) a denial of medical care claim and 3) a Use of Force (UOF) claim.

11. The failure to protect claim, as pleaded, has two components: 1) the assault by another inmate, which is well-documented; and 2) the PREA based claim, as reported by a nurse.

12. ZKJ also makes a vague claim of UOF against jail staff and medical personnel.

13. The denial of medical care claim presumably arises out of injuries suffered from the foregoing assault and UOF claims.

14. The summary judgment evidence tendered herein demonstrates that 1) the assault claim by another inmate was spontaneous and unanticipated, that jail personnel responded quickly to it, and took appropriate remedial action.

15. As to the PREA report by a nurse, the summary judgment evidence reflects appropriate investigatory action. Moreover, the PREA allegation is not by itself a cause of action and not legally cognizable. At best, it can be urged as a failure to protect claim.

16. As to the UOF claim against unmade jail and medical personnel, there is no support in the evidentiary record that any UOF was deployed against ZKJ by jail and medical personnel other than the steps that were taken to move him to a different housing assignment for his own safety or the steps taken to transport him to the hospital.

17. As for the denial of medical care claim, the evidentiary record more than amply demonstrates that Inmate ZKJ received significant medical attention.

## VI. CHRONOLOGY OF MATERIAL FACTUAL EVENTS

**A.** **Timeline Summary of Events Pertaining to Inmate KST**

18. Attached is a Timeline Summary of material factual events are three statutory declarations. The first is an Authenticating Statement for the jail records (including jail video)

documenting Inmate ZKJ's stay at the jail in late May and early June 2023. *See Exh. I – Records Authentication Statement.*

19. The second Statement is a Timeline Summary addressing incidents and events pertaining to Inmate ZKJ during his stay in the jail facility in late May and early June 2023, narrated by Retired Major Patrick L. Dougherty, and relying on the authenticated records submitted herein. *See Exh. II – Timeline Summary of Events Re Zachary Kehj Johnson.*

20. The third Statement is a Medical Timeline Summary addressing the medical care received by Inmate ZKJ, relying primarily on the authenticated medical records, by Dr. John Mills, D.O. *See Exh. III – Medical Summary Re Zachary Kehj Johnson.*

**B.     Material Incidents and Events**

21. All of the Exhibits authenticated by HCSO Legal address, in largely chronological order, the history of Inmate ZKJ's stay at the jail facility in late May and early June. *See Exh. I – Authenticating Statement.*

22. In this claim, Inmate ZKJ's stay in the jail facility was relatively short, as reflected in the housing history report. *See Exh. 1.B – ZKJ Housing History.*

23. The assault incident that occurred on 5/29/2025 (not 6/2/2025 as pleaded) is documented in Exhs. 1.C – OMS Reports; 1.D – Video Content (including still shots).

24. The PREA complaint reported by a jail nurse is referenced under Exhs 3.A – OMS Reports and 3.B – PREA Investigation #2306-02942.

25. The medical records reviewed by Dr. Mills are appended as Exh. 2.A – ZKJ Medical Records.

26. The staffing records for facility 701 on 5/29/2023, including Floor 4 where ZKJ was housed at the time of the assault by the other inmate are appended as Exh. 1.E – DWS for 5/29/2025 Day Watch. The staffing levels are fully compliant with TCJS standards. *See Exh. II – Timeline by PLD.*

27. The most relevant jail policies, CJC 116 – PREA; CJC 219 – Separation Policy; and 301 – Inmates with Mental Health Issues, are appended as Exh. 4 – Detention Command SOPs.

## VII. ARGUMENT & AUTHORITIES

**A.     A Review Of The Established Material Facts Pertaining to ZKJ's Stay In The Harris County Jail Does Not Reveal The Existence Of A Constitutional Injury.**

28.     A review of the timeline pertaining to ZKJ's short stay in the Harris County Jail does not support a claim that he suffered an actionable constitutional injury. The material facts supported by the record are further elaborated below and are supported by record references and testimony.

29.     Even though Plaintiff ZKJ's case is amalgamated with numerous other cases, this does not relieve *this* Plaintiff of not only pleading but also proving that he himself suffered an injury of constitutional magnitude. To rely solely on the claims of other co-plaintiffs to establish this baseline requirement would allow liability to attach vicariously.

30.     Vicarious liability is not allowed under Section 1983. *See Monell v New York,* 436 U.S. 65 (1978). A single incident of unconstitutional conduct is generally also insufficient, in the absence of a showing that the conduct of the government is the motivating cause of the single incident. *Pembaur v Cincinnati,* 475 U.S. 469 (1986). And a government entity is not liable under Section 1983 for the negligent conduct of its employees. *Daniels v Williams*, 474 U.S. 327 (1986); *Davidson v Cannon*, 474 U.S. 344 (1986).

**B.     ZKJ Was At All Times In The Lawful Custody Of The Harris County Jail Facility.**

31.     First, ZKJ was at all time in the lawful custody of the Harris County Jail Facility. He was charged with endangering a child and with aggravated assault with a deadly weapon. *See Exh. 1.A – Intake Records [000002 - 000004].*

32.     ZKJ's stay in the Harris County Jail in 2023 was not long. He was booked into the jail on 5/28/2023 and was released on 6/14/2025. His initial placement was in JA07, Floor 4, Pod E, Cell 3, Bed 01S. *See Exh. 1.B – Housing History Report for ZKJ [JR 000226]*

**C.     The Assault Claim & Security Response Thereto Was Properly Handled**

33.     On 5/29/2023 at approximately 11:35 hours, the jail guard on watch in the control room witnessed one, Inmate Khalil Bennett, walk up to Inmate ZKJ and strike him in the face. The OMS record reflects that ZKJ put up no resistance and was chased around the cell by Bennett. *See Exh. 1.C – OMS Report at p. JR 000229.* The watch guard, D.O. Hammond, dispatched rovers to the cellblock. *Id*.

34.     The video evidence – which consists of three cameras in the cellblock which provide a triangulated view of the cellblock, reflect that the timestamp of when Bennett first punches ZKJ

is at 11:34:35 hours. *See Exh. 1.C – Timeline Summary; see also Exh. 1.D – Video Camera 795; see also Exh. 1.D.2 – Video Camera Stillshot timestamped 11:34:35.*

35. A review of video footage of all three cameras reflect that the D.O. rovers dispatched by watch guard Hammond are coming through the pod doors at 11:35:52 (Camera 743 & Stillshot); at 11:35:56 (Camera 795 & Stillshot; and at 11:35:54 (Camera 796 & Stillshot). *See Exh. 1.D – Index to Video Recording & Stillshots and Videoclips from Cameras 743, 795 and 796.*

36. A review of the camera footage from all three angles reveals that the arrival of the jail guards dissipated Bennett's aggression toward ZKJ. Bennett was given a disciplinary citation and moved to a different location. *Exh. 1.C – OMS Report at p. JR 000229.*

37. Inmate ZKJ was also assigned to a different floor, pod and cell – JA07, Floor 5, Pod, G, Cell 1. *See Exh. 1.B – Housing History.* He was also provided medical care, initially at the clinic and later at the hospital *See Exh. II – Timeline Summary; see also Exh. II – Medical Timeline Summary; and Exh. 2.A – HCSO Medical Records.*

D. **ZKJ's Failure to Protect Claim Does Not Satisfy All the Elements for Such a Claim**

38. HARRIS COUNTY does not contest that detainees in the custody of the Detention Command have a duty to protect against harm to persons in confinement. *See Farmer v Brennan,* 511 U.S. 825, 837 (1994)*; see also Hare v Corinth,* 74 F.3d 633, 639 (1996; *and Brown v Harris County,* 409 Fed.Appx. 728 (2010); *see also Johnson v Schurman*, 145 F.4th 897 (8TH Cir 7/29/2025) .

39. To prevail on this claim, a plaintiff must demonstrate that 1) he was incarcerated under conditions posing a substantial risk of serious harm and 2) that defendant was deliberately indifferent to the substantial risk of serious harm. *Id.*

40. Here, the documented and recorded facts are that on 5/29/2025, at approximately 11:30 a.m., the guard in the control room over the pod witnesses on camera an inmate assault ZKJ. He then deploys rovers to the pod. *See Exh. II – Timeline Summary; see also Exh. 1.C – OMC Reports; see also Exh. 1.D – Video Content.*

41. The rovers appear at the entrance to the pod within a minute and a half. *See Exh. II – Timeline Summary; see also Exh. 1.C – OMC Reports; see also Exh. 1.D – Video Content.* As a consequence, the inmate who assaulted ZKJ is administratively charged with misconduct. *See Exh. 1.C – OMS Reports.* ZKJ is moved to a different cell on a different floor. *Id.*; *see also Exh. 1.B – Housing History Report*.

### E. The PREA Report by Nurse Hickman

42. The PREA allegation arose when MHU Nurse Hickman notified a Sergeant Ryan that Inmate ZKJ has "made some allegation of being sexually assaulted, assaulted, and denied food and threatened. *See Exh. 3.A – OMS Incident Report [PREA 000002 – PREA 000003].*

43. The HCSO opened an investigation under Case 2306-02942. The Investigator was K.V. McCutcheon (S28965) from the HCSO PREA Unit. *See Exhibit 3.B – PREA Investigation.*

44. The Medical Summary Timeline reflects a medical response to the PREA report on June 8, 2023. *See Exh. III – Medical Summary; see also Exh. 2.A – HCSO Medical Records [000090-92; 000222].*

45. The PREA allegation was determined to be factually unfounded. *See Exh. 3.B – PREA Investigation [PREA 000004 – PREA -000010].*

46. Further, there is no cause of action under PREA.

### F. The Prison Rape Elimination Act (PREA) Does Not Establish A Private Cause Of Action.

47. The Prison Rape Elimination Act, otherwise known as "PREA" does not create a private cause of action for allegations of prison rape. *See Krieg v Steele,* 599 Fed.Appx. 231, 232 (5th Cir. 2015), *cert. denied*, 577 U.S. 898 (2015)(citing *Diamond v Allen,* 2014 WL 6461730 at 4 (M.D. Ga. 2014); *Amker v Fisher,* 2014 WL 4772202 at 14 (W.D.N.Y. 2014); *Simmons v Solozano,* 2014 4627278 at 4 (W.D. Ky. 2014).

48. In fact, attempts to assert PREA claims are qualified for dismissal as frivolous under 28 U.S.C. 1915(e)(2)(B)(i) because it lacks an arguable basis in law. *See Krieg, 599 Fed.Appx. at 232 citing 28 U.S.C. 1915(e)(2)(B)(i)(dismissal as frivolous)(citing Samford v Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) and *Rogers v Boatright,* 709 F.3d 403, 407 (5th Cir. 2013). *See also Smith v Spinks,* 2024 WL 5036284 at 5 (U.S.D.C. – E.D. La. 2024) (reaffirming dismissal of PREA based claims as frivolous).

49. Consequently, any claim based on PREA must be dismissed as a matter of law.

### G. There is No Evidence That Plaintiff ZKJ Was Denied Medical Care.

50. DEFENDANT does not dispute that under Section 1983, a person in jail custody has a constitutional right of access to reasonable medical care. *See Ford v Anderson County, 102 F.4th 292, 307 (5th Cir. 2024)(discussing scope of constitutional right to medical care under both 8th and 14th Amendments).*

51. But the records show that ZKJ received more than adequate medical care, beginning on 5/29/2023, and on 5/30/2023 after the inmate assault. *See Exh. III – Medical Summary; see also Exh. 2.A – Medical Records.*

52. Thereafter, ZKJ got additional medical care on 6/3/2023, 6/5/2025, 6/6/2025 and 6/7/2025. *See Exh. III – Medical Summary; see also Exh. 2.A – Medical Records.*

53. He got further medical care on 6/8/2023 after his PREA report to a nurse was relayed to jail staff. *See Exh. III – Medical Summary; see also Exh. 2.A – Medical Records.*

54. ZKJ got further medical care on 6/9/2023 for shaking / vomiting. *See Exh. III – Medical Summary; see also Exh. 2.A – Medical Records.*

55. On 6/10/2023, ZKJ was seen in the jail infirmary after other inmates reported ZKJ as having a possible seizure. *See Exh. III – Medical Summary; see also Exh. 2.A – Medical Records.*

56. ZKJ received medical care on 6/12, 6/13, 6/14. He was noted as being overtly psychotic, unpredictable, and aggressive. ZKJ was discharged on 6/14/2023 and released to his family. *See Exh. III – Medical Summary; see also Exh. 2.A – Medical Records.*

**H.   There is No Evidence that ZKJ was Subjected to Unconstitutional Use of Force by Jail Personnel.**

57. HARRIS COUNTY does not contest that detainees in the custody of the Detention Command have a constitutional right under the 14th Amendment to be free from unconstitutionally excessive use of force. *See Kingsley v Hendrickson,* 576 U.S. 389 (2015) *(citing Graham v Connor,* 490 U.S. 386 (1989)) (adopting an objective reasonableness standard that considers the facts and circumstances of each case).

58. In the context of a jail setting, any evaluation of a use of force complaint must also account for the legitimate interests of the jail administration's need to manage the facility in which the complainant is detained. *Bell v Wolfish,* 411 U.S. 520, 540 (1979). In a jail context, the need to preserve internal order is a legitimate government objective. 411 U.S. at 547.

59. Here, however, there is nothing in the evidentiary record to support the vague and conclusion claim that ZKJ was assaulted by jail personnel. *See Plaintiffs' SAC at paras. #179*

60. The medical records to which DEFENDANT has access do not support the contention that "The hospital found that due to the assault by officer, Mr. Johnson suffered …." *See Plaintiffs' SAC at paras. #182.*

**I.       Inmate Does Not Have a Conditions of Confinement Claim.**

61.     Inmate ZKJ will undoubtedly contend that he has a conditions of confinement claim. To establish liability under a conditions of confinement claim, theory of liability, a plaintiff musts plead and prove:

1. the existence of an identifiable intended condition, policy, or practice of the jail facility that results in one or more of the recognized individualized causes of action under Section 1983; and,
2. that the unconstitutional condition, policy, or practice was not reasonably related to a legitimate governmental objective.

*See Bell v. Wolfish,* 441 U.S. 520 (1979); *Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc); *see also Scott v Moore,* 114 F.3d 51 (1997)(en banc).

62.     A pre-trial detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs. Any lesser showing cannot prove that the inmate is being punished in violation of the individuals' 14th Amendment due process rights. *See Shepherd v. Dallas County*, 591 F.3d 445, 454 (5th Cir. 2009).

63.     To establish the second element and prove that a condition of confinement constituted impermissible punishment, a plaintiff must plead and prove a pervasive pattern of serious deficiencies negatively affecting the individual which is not reasonably related to a legitimate governmental objective. The extant record does not support such a claim.

64.     Here, under the facts of ZKJ's claims, there is no overriding condition of confinement that can serve as the basis for an unconstitutional conditions claim. Plaintiff will undoubtedly claim that the initial assault was "caused" by understaffing, but the staffing records for the day in question demonstrate that the jail facility Plaintiff was housed in – at 701 San Jacinto – was operating in full compliance with TCJS regulations.  *See Exh. II – Timeline Summary on 5/29/2025; see also Exh. 1.E – DWS Day Watch [DWS 000001 – 000008].*

65.     Moreover, the appropriate policies were also in place.  *See Exh. 4 – CJC 116 (PREA Policy; CJC 219 – Separation Policy; and CJS 310 – Inmates with Mental Health Issues).*

66.     In all respects, the supervision, oversight, and management of Inmate ZKJ was handled in accordance with acceptable regulatory and constitutional standards.

**J.    The Legal Standard for Episodic Acts or Omissions Claim Generally**

67. ZKJ will also undoubtedly contend that he also has an episodic act claims. To establish liability under an episodic act or omission claim, a custodial plaintiff must prove by a preponderance of the evidence that:

   1. the custodial plaintiff was suffered an injury of constitutional magnitude
   2. that a custodial officer or employee of the jail facility was subjectively aware that the plaintiff inmate was exposed to a substantial risk of harm and nevertheless acted with deliberate indifference to the risk of harm; and,
   3. the harm suffered was proximately caused by the deliberate indifference of one or more custodial employees.

   *Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc)*; see also Scott v Moore,* 114 F.3d 51 (1997)(en banc)*.*

68. Similarly, as a review of the evidentiary record demonstrates, neither does Plaintiff have a viable episodic acts claim. To have such a claim, ZKJ must demonstrate that with respect to any one or more incidents, he suffered an injury of constitutional magnitude. The evidentiary record does not support such a finding, for the reasons further discussed below.

**K.    There Is No Need To Address Monell Evidence Because There Is No Evidence That An ZKJ Suffered an Injury of Constitutional Magnitude At All.**

69. There is no need to address the issue of whether DEFENDANT HARRIS COUNTY is liable for a constitutional tort committed by one or more of its employees because there is no evidence that a constitutional tort was committed in the first place. *See Monell v New York,* 436 U.S. 658 (1978); *see also Johnson v San Antonio,* 2024 WL 50463 (5th Cir. 2024); and *Hicks-Fields v Harris County*, 860 F.3d 803, 808 (5th Cir. 2017)("every *Monell* claim against an entity requires an underlying constitutional violation to sustain it).

70. It necessarily follows that if there is no evidence of the existence of a constitutional violation, it is not necessary to address whether there is *Monell* evidence to support entity liability. Here, there is no need to address *Monell* evidence because INMATE ZKJ cannot demonstrate that he suffered an injury of constitutional magnitude in the first place.

## VIII. MOTION TO SEVER

71. If the Court determines that this Rule 56 No Evidence MSJ should be granted, then DEFENDANT also requests that the Court sever the claim by Plaintiff INMATE ZKJ into a separate lawsuit so that the Court's ruling can become final and appealable.

72. The Court has authority under Rule 42(b), FRCP to order the claim by INMATE ZKJ to be severed. It has been DEFENDANT'S contention from the inception of this lawsuit that a number of Plaintiffs are improperly joined in this single action and if the summary judgment record in support of a renewed request for dismissal of INMATE ZKJ's action is granted, then severance would fulfill the purposes of Rule 42(b), FRCP.

## IX. CONCLUSION & PRAYER

WHEREFORE, in view of the foregoing evidence, arguments, and authorities, DEFENDANT HARRIS COUNTY requests and prays that the Court, after duly considering the content of this dispositive motion, including attached exhibits, and any responses, replies, or supplements thereto, grant this Motion for DEFENDANT HARRIS COUNTY against the claims and causes of action brought by Plaintiff ZACHARY KEHJ JOHNSON be DISMISED with prejudice.

DEFENDANT further requests and prays that the Court sever this claim from the remainder of the case, thereby rendering its Order on this dispositive Motion to be a final and appealable Order and Judgment of the Court as to this lawsuit by Plaintiff ZACHARY KEHJ JOHNSON.

SIGNED on the 27TH day of OCTOBER 2025.

Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

Kelly R. Albin
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH**
A Professional Corporation
549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132

**COUNSEL FOR DEFENDANT
HARRIS COUNTY, TEXAS**

### CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 27TH day of OCTOBER 2025, to wit:

| | |
|---|---|
| Benjamin L. Crump | Email: court@bencrump.com |
| Paul Ashley Grinke | Email: paul@bencrump.com |
| Aaron Dekle | Email: aaron@bencrump.com |
| BEN CRUMP LAW FIRM | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Carl Lenford Evans, Jr. | Email: cevans@mccathernlaw.com |
| Noah L. McCathern | Email: nmccathern@mccathernlaw.com |
| Jordan A. Carter | Email: jcarter@mccathernlaw.com |
| Alizabeth A. Guillot | Email: aguillot@mccathernlaw.com |
| McCathern Law Firm | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Thad D. Spalding | Email: tspalding@dpslawgroup.com |
| Shelby J. White | Email: swhite@dpslawgroup.com |
| Durham, Pittard & Spalding, LLP | |
| ATTORNEYS FOR PLAINTIFFS | |

| | |
|---|---|
| Mohammed Obaid Shariff | Email: mshariff@sharifflawfirm.com; |
| Kevin M. Acevedo-Carlson | Email: kacevedo@sharifflawfirm.com |
| Russell Ross | Email: rross@sharifflawfirm.com |
| Shariff Law Firm | Email: eservice@sharifflwfirm.com |

SHARIFF LAW FIRM
ATTORNEY FOR INTERVENOR ANA GARCIA
  & KEVIN KST

| | |
|---|---|
| Taylor McCray Hunter | Email: taylor@thehunterlaw.com |
| Kevin Green | Email: kevin@consumerjusticecenter.com |
| Thomas Lyons Jr. | Email: tommy@consumerjusticecenter.com |
| Andi Weber | Email: andi@consumerjusticecenter.com |

ATTORNEY FOR INTERVENOR
CHANDRA JENKINS & KST


*Ricardo J. Navarro*
RICARDO J. NAVARRO
KELLY R. ALBIN