**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER; et. al.,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 4:23-cv-02886** |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS,** | § | |
| | § | |
| *Plaintiff-Intervenors,* | § | |

---

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DE-DESIGNATE
DEFENDANT'S "CONFIDENTIAL" PRODUCTION**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiffs Octevia Wagner, et al. and file this Reply in Support of Their

Motion to De-Designate Defendant's document production labeled as "Confidential" pursuant to

the Court's Protective Order, and in support thereof would respectfully show unto the Court as

follows:

## I.   SUMMARY OF THE REPLY

Defendant's conclusory Response does not carry its burden to support its blanket confidentiality designations. Defendant essentially agreed that they used blanket designations because they did not want to redact the documents in accordance with the Protective Order or conduct a thorough confidentiality review. Defendant's reliance on state law to claim confidentiality is improper. As this Court already held, Fifth Circuit precedent establishes that state confidential statutes do not apply in federal cases. Doc. 120. By relying only on state law, Defendant has not established that the information is confidential. Similarly, Defendant does not provide any evidence to support its conclusory statements. This fails to establish the particular and specific demonstration of fact necessary to carry their burden of showing good cause.

To distract the Court from their lack of evidence, incorrect legal arguments, and their bad faith blanket designations, Defendant spends most of their time complaining about Plaintiffs' potential purposes for any de-designated documents. However, as established by Fifth Circuit precedent, Plaintiffs' purpose in opposing the designation of documents as confidential or under seal is irrelevant to determining if Defendant has carried its burden in overcoming the strong presumption in favor of public access especially since all of Plaintiffs' alleged purposes are proper.

Contrary to Defendant's argument, the case is already at the adjudicative stage invoking the heightened standard to keep judicial records under seal. Because each of the categories raised in the Motion have also been produced as exhibits to the Motions for Summary Judgment, the right to public access of these documents far outweighs Defendant's non-existent confidential concerns.

Defendant's Response does not address each of the Plaintiffs' categories raised in the Motion permitting the Court to find that Defendant is unopposed to the de-designation of those categories of information, i.e. videos and incident reports. For the categories actually addressed,

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DE-DESIGNATE                     1

Defendant's conclusory arguments do not carry its burden to establish that the documents are confidential or that they outweigh the public's right to access. Because Defendant cannot carry its burden and the law disfavors blanket confidentiality, the Court should grant Plaintiffs' Motion, order Defendant to produce de-designated documents, and remove any restrictions of confidentiality on exhibits filed in response to Motions for Summary Judgment.

## II.       ARGUMENT AND AUTHORITIES

### A.  Defendant Provides No Good Faith Basis for their Blanket Designations

Defendant does not address the extensive case law cited in Plaintiffs' Motion that establishes that blanket designations of over 80% of documents as confidential is improper and done in bad faith. *Compare* Doc. 270 *with* Doc. 285. Defendant does not dispute that they designated over 95% of their production as confidential. *See* Doc. 285. Instead, Defendant's sole argument is that they made these blanket designations out of convenience so that they could "forego redaction concerns" and "absent the protective order, the County would have had to have combed through to apply redactions." *Id.* at ¶ 12. This expressly violates the Protective Order and the purpose of discovery. *See* Doc. 80 at ¶ 2; *PPD Enters. v. Stryker Corp.*, No. H-16-0507, 2017 U.S. Dist. LEXIS 154534, at *3–4 (S.D. Tex. June 13, 2017) (Smith, MJ).

The Protective Order itself states that "For every document identified as CONFIDENTIAL where the Confidential Information is able to be redacted, the designating party **shall produce a redacted version of the document that is not designated as CONFIDENTIAL.**" Doc. 80 at ¶ 2 (emphasis added). Defendant's Response makes clear that they have ignored this Order as they expressly admitted that their blanket designations were made to avoid redacting information. Defendant's approach likewise violates the rules of discovery and for designation of documents under a protective order which requires a specific demonstration of fact on why each document is

confidential. *See PPD Enters.*, 2017 U.S. Dist. LEXIS 154534 at *3-4; *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

Harris County made a similar argument to keep documents confidential years ago because it was convenient to file all documents under seal. *Salcido v. Harris Cnty.*, No. H-15-2155, 2018 U.S. Dist. LEXIS 169034 at *154–60 (S.D. Tex. Sept. 28, 2018) (Lake, J.). The Court rejected that argument then and should reject it again now.

## B. Defendant Relies Almost Exclusively on State Law to Argue Confidentiality Which Is Inapplicable in Federal Court on Federal § 1983 Claims.

"Courts in the Fifth Circuit have consistently held that in § 1983 cases in federal court, federal common law determines privilege claims." Doc. 120 (Order Denying Defendant's Motion to Quash) (citing numerous cases). "The Fifth Circuit has held that state statutes providing for confidentiality, like the Texas Local Government Code provisions referenced by Harris County, do not bind this court in civil rights actions." *Jones-Macdonald v. Harris Cnty.*, 2025 U.S. Dist. LEXIS 203071, at *3 (S.D. Tex. Oct. 15, 2025) (Edison, M.J.) (citing *Am. Civ. Liberties Union Miss., Inc. v. Finch*, 638 F.2d 1336, 1342 (5th Cir. Mar. 1981)); *Molina-Torres v. Harris Cnty. Constable Precinct 6*, No. 4:23-CV-01786, 2024 U.S. Dist. LEXIS 71629, at *18 (S.D. Tex. April 19, 2024) (Ellison, J.); *Richards v. Quarterman*, No. 4:07-CV-118-A, 2008 U.S. Dist. LEXIS 121620, at *3-8 (N.D. Tex. June 11, 2008); *Ramey v. Salazar*, No. EP-16-CV-00293-FM-ATB, 2018 U.S. Dist. LEXIS 17875, at *7-9 (W.D. Tex. Feb. 2, 2018). In fact, the Texas Public Information Act by its own terms does not apply to discovery. Tex. Gov't Code § 552.005.

The purpose for rejecting state created confidentiality is strong in cases such as this which involves claims against public entities. As the Fifth Circuit held, "The purpose of enacting § 1983 was to ensure an independent federal forum for adjudication of alleged constitutional violations by state officials; and, as we noted in *Carr*, there is a 'special danger' in permitting state

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DE-DESIGNATE                    3

governments to define the scope of their own privilege when the misconduct of their agents is alleged." *Am. Civ. Liberties Union*, 638 F.2d at 1343-44 (quoting *Carr v. Monroe Mfg., Co.*, 431 F.2d 384, 389 (5ᵗʰ Cir. 1970)). Defendant's response, outside of a few minor arguments, relies exclusively on state confidential statutes. Doc. 285 at 13-22. Defendant does not cite to a single federal privilege or Fifth Circuit precedent to keep any of the categories of information confidential. *Id.* Defendant's Response is insufficient to oppose Plaintiffs' Motion.

### C. Plaintiffs' Purpose For Seeking De-Designation Is Irrelevant in Determining the Basis for a Protective Order or Sealing Documents Which Is Solely Defendant's Burden.

Defendant spends a large portion of its Response arguing about Plaintiffs' potential purposes for the de-designated documents. Doc. 285. This argument is a red herring. These arguments are irrelevant to the federal procedure for determining if Defendant has carried its burden to establish good cause. *Morrow v. City of Tenaha Deputy City Marshal Barry Wash.*, No. 2-08-cv-288-TJW, 2010 U.S. Dist. LEXIS 106541, at *5–13 (E.D. Tex. Oct. 5, 2010); *Ryder v. Union Pac. R.R. Co.*, 315 F.R.D. 186, 190 (M.D. La. 2016); *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 153-54 (W.D. Tex. 1980); *Idar v. Cooper Tire & Rubber Co.*, No. C-10-217, 2011 U.S. Dist. LEXIS 26013, at *9 (S.D. Tex. Feb. 27, 2011) (Jack, J.); *Sanchez v. Property Cas., Ins. Co. of Hartford*, No. H-09-1736, 2010 U.S. Dist. LEXIS 1006, at *3-4 (S.D. Tex. Jan. 7, 2010) (Atlas, J.). Defendant is attempting to flip the burden onto Plaintiff to establish the basis for de-designating the documents. *See United States ex. Rel. Univ. Loft Co. v. AGS Enters.,* 2016 U.S. Dist. LEXIS 200134, at *6-7 (W.D. Tex. Aug. 4, 2016)

As the Fifth Circuit has long held, "A party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal." *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 683-84 (5ᵗʰ Cir. 1985); *Morrow*, 2010 U.S. Dist. LEXIS 106541, at *5 (E.D. Tex. Oct. 5, 2010); *Ryder*, 315 F.R.D. at 190. It is Defendant's burden to show with evidence

that protection is needed both because information is confidential and because they would suffer particularized harm from disclosure. *Morrow*, 2010 U.S. Dist. LEXIS 106541, at *5-6.

Defendant argues that Plaintiffs' purpose is to disclose the information to the public and use it in other similar litigation against Harris County. Doc. 285. Assuming these are Plaintiffs' purposes, each of these purposes are legal and have been looked upon favorably within the Fifth Circuit. *See cases cited supra*; *Dean v. Tex. Tech Univ. Health Scis. Ctr.,* No. 3:16-cv-2635-M, 2017 U.S. Dist. LEXIS 162178, at *24-31 (N.D. Tex. Sept. 25, 2017). Courts have routinely held that using discovery in other litigation is proper under the Federal Rules of Civil Procedure. *See Patterson*, 85 F.R.D. at 153-54; *Idar*, 2011 U.S. Dist. LEXIS 26013, at *9. "[F]ederal courts allow full use of the [discovery] in other forums." *Acme Truck Line v. Gardner*, No. H-13-3152, 2014 U.S. Dist. LEXIS 164849, at *5 (S.D. Tex. Nov. 25, 2014) (Miller, J.). Generalized concerns about the use of discovery in other cases does not outweigh the burden to establish a protective order. *Id.*; *Ryder*, 315 F.R.D. at 190; *Sanchez*, 2010 U.S. Dist. LEXIS 1006, at *3-4.

Especially in cases where documents are being filed under seal, the public's right to access the information along with the party's right to be vindicated in the eyes of the public and have the evidence be able to be evaluated by the public is a worthy purpose and a central tenant of the justice system to ensure transparency and trustworthiness especially when the case is against public officials. *See SEC v. Van Waeyenberghe*, 990 F.2d 845, 849–50 (5th Cir. 1993); *Dean*, 2017 U.S. Dist. LEXIS 162178, at *24-31; *Sanchez*, 2010 U.S. Dist. LEXIS 1006, at *3-4; *Barnett v. City of Laurel*, 2018 U.S. Dist. LEXIS 235139, at *4 (S.D. Miss. Aug. 10, 2018).

As the court in *Ryder* held, "The Court does not find that Plaintiff's admitted desire to use the information learned in this specific case in future cases, without more, is sufficient good cause for entry of a protective order prohibiting dissemination outside of this particular litigation." 315

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DE-DESIGNATE                    5

F.R.D. at 190 (cleaned up). Defendant does not support its Response with any evidence or a particularized showing of harm from these alleged purposes. *See cases supra.* The only potential alleged harm is the fact that they would have to litigate cases on their merits instead of being able to hide behind their procedural gamesmanship. This not a basis to support their blanket confidentiality designations or any further protective order.

### D. This Case is in the Adjudicative Stage and Defendant's Response Cannot Carry the Heightened Burden to Overcome the Public's Right to Access Court Records.

At the adjudicative stage of litigation, Defendant has a heightened standard to keep documents confidential. Doc. 285 at ¶ 117. Defendant states that the adjudicative stage begins at trial. *Id.* This is incorrect. The adjudicative stage begins "when materials enter the court record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir.). Defendant has filed eight Motions for Summary Judgment with evidence requiring eight responses with evidence from Plaintiffs and Intervenors. Docs. 169, 196, 203, 205, 242-244, 255, 260, 271, 276–281, 287. Each of the exhibits filed by both Parties falls within the categories of information sought to be de-designated under this Motion. *Compare* Doc. 270 *with* Doc. 287-1. Accordingly, those exhibits are judicial records.

As the Fifth Circuit has held, "Judicial records belong to the American people; they are public, not private documents." *June Med.*, 22 F.4th at 519 (cleaned up). "The public has an interest in transparent court proceedings that is independent of the parties' interests. . . . Accordingly, we heavily disfavor sealing information placed in the judicial records. The rationale for public access is even greater where, as here, the case involves matters of particularly public interest." *Id.* at 519-20 (cleaned up). Defendant has filed public Motions claiming that Plaintiffs' claims have no merit. Plaintiffs are entitled to have their evidence available to the public to allow the public to see the full picture. *June Med.*, 22 F.4th at 519-21; *Van Waeyenberghe*, 990 F.2d at 850 (5th Cir. 1993); *Dean*, 2017 U.S. Dist. LEXIS 162178, at *24.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DE-DESIGNATE                                    6

Harris County made similar arguments that were recently rejected by this Court in *Jones-Macdonald v. Harris County*. 2025 U.S. Dist. LEXIS 203071, at *1. "There is a profound public interest in a case involving allegations of law enforcement misconduct. That public interest outweighs any interest in keeping officers' personnel records under wraps." *Id.* at *5. Defendant cannot overcome this heightened burden.

**E. Defendant Provided No Evidence to Carry Its Burden For Protection or To Keep Documents Confidential.**

To establish good cause under a protective order which includes any de-designation analysis, the designating party has the burden of showing that the material qualifies for protection and that disclosure would cause an identifiable, significant harm. *PPD Enters.*, 2017 U.S. Dist. LEXIS 154534, at *3-4; *Sanchez*, 2010 U.S. Dist. LEXIS 1006, at *3; *Roque v. Harvel*, No. 1:17-CV-932-LY-SH, 2019 U.S. Dist. LEXIS 179730, at *22-27 (W.D. Tex. Oct. 16, 2019). To meet this burden, the party must provide particular and specific demonstrations of fact supported by evidence and not simply conclusory statements. *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998).

In *Salcido v. Harris County*, Harris County made similar arguments that documents contained confidential information and that making them available to the public would cause harm. 2018 U.S. Dist. LEXIS 169034, at *154-60. Harris County provided no evidence to support their arguments, and the Court held that Harris County did not carry their burden. *Id.* Likewise, Judge Edison made the same holding in *Jones-Macdonald*, 2025 U.S. Dist. LEXIS 203071, at *1-5.

This Court has already addressed these conclusory requests for protection in this case holding that "Defendant's bare assertions are insufficient to establish good cause in the absence of any evidentiary support." Doc. 120 at 17. Because Defendant's Response does not provide any evidentiary support, Defendant has not shown good cause. *Id.*

**F. Defendant's Categories of Documents in their Response Do Not Reflect the Categories Addressed in Plaintiffs' Motion Resulting in Defendant Not Addressing Each Category Permitting the Court to Automatically Grant the Motion on Those Categories.**

Defendant recategorized the documents sought from the Motion to distract the Court. For example, Defendant's first two categories that they claim are confidential are medical records and criminal history reports. Doc. 285 at 14-15. Plaintiffs' categories do not even mention these records in their request. Doc. 270. In fact, almost all of Defendant's arguments and legal support pertain only to medical records of detainees. Doc. 285. To the extent that a medical record or criminal history record is included in one of the categories, those records that pertain to non-plaintiffs can simply be redacted as they only form a minor subpart of the information requested. For medical records and criminal history records of Plaintiffs, this information is not confidential under either HIPAA or any other law. This applies for both autopsy reports and jail records.

By attempting to recategorize the information sought in the Motion, Defendant failed to address several categories of information raised by Plaintiffs. These categories include video footage in the Jail; incident reports; the Serious Incident Reports compiled for TCJS; the KHOU Use of Force Reports; detainee jail records; operational records; and health service reports and summaries of transition of healthcare. *Compare* Doc. 270 at 1-23 *with* Doc. 285 at 13-22. By failing to address these categories, Defendant has waived any objection to their de-designation.

**G. For the Categories Addressed, Defendant Did not Carry Its Burden to Keep Them Confidential.**

As stated previously, for almost all categories of records that Defendant actually argued against, Defendant relied almost exclusively on conclusory statements and Texas law. Doc. 285 13-22. Defendant failed to carry its burden to show that each category is actually confidential or that they would suffer a particularized and significant harm.

***Investigation Files.*** For the investigation files sought from the Texas Rangers, Houston Police Department, FBI, DOJ, and TCJS, Defendant solely relies on the Texas Government Code § 552.108 to argue that those files are confidential. Doc. 285 at 16. As stated above, the Texas Public Information Act does not provide any limitations on discovery in federal court and is not a basis for confidentiality. *Supra* § II.B; Doc. 120 at 16. Defendant provides no other basis in law or fact to carry its burden that this information is confidential.

***Internal Affairs Records.*** For the internal affairs records of Defendant's officers, Defendant's only argument is to point to the Texas Local Government Code and the Texas Public Information Act and argue that those files are confidential under state law. Doc. 285 at 16-17. Again, these Texas laws do not provide protections or confidentiality in federal court especially in § 1983 cases. *Supra* § II.B. Defendant relies on Texas Local Government Code § 143.089 which has been expressly rejected by multiple courts. *Roque*, 2019 U.S. Dist. LEXIS 179730, at *22-27; *Jones-Macdonald*, 2025 U.S. Dist. LEXIS 203071, at *2-5; *Salcido v. Harris County*. 2018 U.S. Dist. LEXIS 169034, at *156-60. Because Defendant provides no evidence or a valid legal argument, the Court should order the internal affairs files de-designated.

***Disciplinary Records and Personnel Files.*** Disciplinary documents and personnel files have been held by Courts in the Southern District of Texas as not confidential. *Roque*, 2019 U.S. Dist. LEXIS 179730, at *21-27; *Salcido*, 2018 U.S. Dist. LEXIS 169034, at *156-60; *Jones-Macdonald*, 2025 U.S. Dist. LEXIS 203071, at *2-5; *Molina-Torres¸* 2024 U.S. Dist. LEXIS 71629, at *18–19. Defendant relies on the Texas Occupations Code to argue that these files are confidential. Doc. 285 at 18-19. However, Texas Occupations Code § 1701.454 does not apply to the disciplinary records or personnel file of the officers and is limited to the Texas Public Information Act limitations which is not applicable in § 1983 cases. *Supra* § II.B.

***Harris County Policies and Standard Operating Procedures.*** Defendant makes the unsupported argument that their Standard Operating Procedures (SOP) are confidential. Doc. 285 at 20. Defendant does not cite to a single legal source that has held that SOPs are confidential. *Id.* The *Thornbough v. Abbott* case does not address the confidentiality of SOPs or any alleged security concerns. *See* 490 U.S. 401, 415 (1989). The *Salcido* court rejected similar arguments and found that Harris County failed to carry its burden relating to jail policies. 2018 U.S. Dist. LEXIS 169034, at *155–60. Defendant is likewise estopped from arguing that the policies are confidential as Harris County produced these same policies without a confidentiality designation in *Terry*. Doc. 270-18. Defendant's argument amounts to conclusory statements without any particularized sets of facts justifying the Court's granting of the Motion to De-Designate. *Supra* § II.E.

***Autopsy Records.*** Defendant makes the conclusory argument that all of the autopsy records are medical records and criminal investigations. Doc. 285 at 19. This is incorrect. The autopsy records have some aspects that constitute medical records; however, those records could be redacted instead of designating the whole file as confidential. Likewise, Defendant has not made any showing with evidence that any of the autopsies at issue are active criminal investigations which cuts against their position. *Morrow*, 2010 U.S. Dist. LEXIS 106541 at *13-14. Likewise, Harris County has produced this information to the public in the past. *June Med.*, 22 F.4th at 520. Moreover, autopsy reports themselves are considered public records under Texas law which contradicts Defendant's position. Tex. Code Crim. Proc. 49.25(11).

## III.    CONCLUSION

Based on the foregoing, Plaintiffs ask for the Court to grant the relief stated in the Motion and such other and further relief as the Court deems just.

Respectfully submitted,

By: */s/ Paul A. Grinke*

**Paul A. Grinke**
State Bar No. 24032255
paul@bencrump.com
**Aaron Dekle**
State Bar No. 24100961
aaron@bencrump.com
BEN CRUMP LAW, PLLC
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 – Office

and

**Carl L. Evans**
State Bar No. 24056989
cevans@mccathernlaw.com
**Jordan A. Carter**
State Bar No. 24116174
jcarter@mccathernlaw.com
**Noah McCathern**
State Bar No.24118035
nmcathern@mccathernlaw.com
MCCATHERN PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
(214) 532-2060 – Office

and

**Thad D. Spalding**
State Bar No. 00791708
tspalding@dpslawgroup.com
**Shelby J. White**
State Bar No. 24084086
swhite@dpslawgroup.com
DURHAM, PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
(888) 988-6688 – Office
(214) 807-1799 – Facsimile

**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DE-DESIGNATE                    11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 12, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of this filing to all counsel of record.


*/s/ Aaron Dekle*
Aaron Dekle