**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.** | § | |
| **Plaintiffs** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | **Civil Action No. 4:23-CV-02886** |
| **Defendant** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS,** | § | |
| **Plaintiff – Intervenors** | § | |

**DEFENDANT HARRIS COUNTY'S RULE 56 NO EVIDENCE
MOTION FOR SUMMARY JUDGMENT AND MOTION TO SEVER
CLAIMS BY INMATE WILLIAM CURTIS BARRETT [00887353]**
================================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT, HARRIS COUNTY, TEXAS, and files this Rule 56 No Evidence Motion for Summary Judgment against the claims brought by Plaintiff William Curtis Barrett (hereafter "BARRETT" or "WCB").

## I. TABLE OF CONTENTS

I. TABLE OF CONTENTS ........................................................................................................ i

II. AUTHENTICATED MSJ EXHIBITS ................................................................................. 1

III. NATURE OF THE CASE .................................................................................................. 1

IV. NO EVIDENCE MSJ ........................................................................................................ 1

V. SUMMARY OF THE ARGUMENT ................................................................................... 2

VI. CHRONOLOGY OF MATERIAL FACTUAL EVENTS .................................................. 2

VII. ARGUMENT & AUTHORITIES* .................................................................................... 4

A.    The Evidentiary Record Does Not Reveal the Existence of A
      Constitutional Injury by William Curtis Barrett. ...................................................... 4

B.    Barrett Was At All Times In The Lawful Custody Of The Harris County
      Jail Facility. .............................................................................................................. 4

C.    There is No Evidence of a Failure to Protect Claim Pertaining to Barrett's

Custodial Death...................................................................................................... 4

D.    There is No Evidence That Inmate Barrett Was Denied Medical Care............................ 5

E.    There is No Evidence that Inmate Barrett was Subjected to
Unconstitutional Use of Force by Jail Personnel. ................................................. 6

F.    Inmate Barrett Does Not Have a Conditions of Confinement Claim. ................................ 6

G.    The Legal Standard for Episodic Acts or Omissions Claim Generally ............................ 7

H.    There Is No Need To Address Monell Evidence Because There Is No
Evidence That Inmate Barrett Suffered an Injury of Constitutional
Magnitude in the First Place. ............................................................................... 7

VIII. MOTION TO SEVER........................................................................................... 8

IX. CONCLUSION & PRAYER .................................................................................. 8

=======================================

## II. AUTHENTICATED MSJ EXHIBITS

1.      The records and exhibits tendered in support of this dispositive motion are all identified, indexed, and authenticated under the 28 U.S.C. §1746 statutory declaration of HCSO Paralegal Candice D. Kelley.  *See Exhibit II – Statement Authenticating HCSO Business Records re William Curtis Barrett.*

2.      The list of exhibits, all of which have been produced to all counsel of record, are hereby incorporated by reference into this dispositive motion for all purposes. Exhibit II also serves as an Index to the record extracts filed in support of this dispositive motion.

## III. NATURE OF THE CASE

3.      This is a Section 1983 civil rights case brought by and on behalf of former Harris County Decedent Jail Inmate, WILLIAM CURTIS BARRETT [SPN 01579098] (hereafter "BARRETT").

4.      BARRETT contends in the live Complaint, that is, the Second Amended Complaint (¶¶ 84 through 92) that while in the custody of the Harris County Jail, he was 1) assaulted by some third party; and 2) denied timely and appropriate medical care which resulted in his death.

5.      DEFENDANT HARRIS COUNTY denied and still denies the material factual allegations urged by Plaintiff BARRETT. *See ECF #123 – Original Answer to Plaintiffs' SAC (fs 4/3/2025 at paras. 28 – 32; 129 – 142; 247 - 254).*

6.      The extant record evidence reflects that Inmate BARRETT died as a consequence of blunt force trauma to his head was likely caused by a fall or fainting spell while he was housed in a single cell in the jail facility. *See Exh. 2.C – Autopsy Report; see also Exh. III – Timeline Statement by PLD; also, Exh. IV – Medical Timeline Statement by Dr. Mills.*

## IV. NO EVIDENCE MSJ

7.      The dispositive motion is brought as a Rule 56 *Celotex* "no evidence" Motion for Summary Judgement. A moving party who does not bear the burden of proof at trial may move for summary judgment by pointing out that there is "no evidence" to support one or more elements of the non-movant's claim. *See FRCP Rule 56(a); see also Austin v Kroger Texas, L.P.,* 864 F.3d 326, 335 & n.10 (5th Cir. 2017)*; followed in Nieto v State Farm,* 722 F.Supp. 653 (S.D. Tex. – Brownsville Div. 2024)*.*

8.    To demonstrate the lack of evidence, the moving party without the burden of proof may demonstrate the lack of proof by submitting evidentiary proof in the form of documents, affidavits, deposition testimony in support of the Rule 56(a) argument that the plaintiff (i.e., the nonmoving party with the burden of proof) cannot, as a matter of law, provide evidence to satisfy each element of the claims asserted. *Nieto*, 722 F.Supp. at 657.

9.    The burden of production then shifts to the non-moving party, the party with the burden of proof, that there is sufficient evidence as to each element of an alleged claim to, at a minimum, create a material issue of fact for a jury. *Id.; see also Celotex Corp. v Catrett,* 477 U.S. 317, 322-323 (1986)(failure of non-movant to establish any essential element of a claim defeats the claim as a matter of law).

## V. SUMMARY OF THE ARGUMENT

10.    DEFENDANT HARRIS COUNTY contends that the evidentiary record does not, and cannot, support a factual or legal finding that BARRETT suffered a constitutional injury during his stay in the Harris County Jail.

11.    There is no evidence the Plaintiff BARRETT's cause of death was the caused by either a use of force by either another jail inmate or by a jail guard.  The evidentiary record reflects that BARRETT suffered blunt force head trauma likely as the result of a fall or a fainting spell that resulted in head trauma that occurred while BARRETT was in a single cell.

## VI. CHRONOLOGY OF MATERIAL FACTUAL EVENTS

**A.    Timeline Summary of Events Pertaining to Inmate William Curtis Barrett.**

12.    In addition to the Index to the Business Records submitted in support of the dispositive motion, there are two other Statements submitted in support of this Motion which serve as a guidepost of the significant recorded events pertaining to Inmate BARRETT.

13.    The first Statement is a Timeline outlining the material events of Inmate BARRETT's most current stay in the Harris County Jail. This covers the date of his last booking on 11/17/2022 through the date of his death on 11/20/2022. *See Exh. III – Timeline Summary (by PLD Consultants).*

14.    The second Statement is a Medical Timeline Summary covering the same time period but focusing on Inmate BARRETT's medical records and reflecting the medical care he received while in custody in 2021. *See Exh. IV – Medical Timeline (by Dr. Mills).*

**B.     Material Incidents and Events**

15.     All of the Exhibits authenticated by HCSO Legal address, in largely chronological order, the history of Inmate BARRETT's stay at the jail facility in late May and early June. *See Exh. II – Authenticating Statement.*

16.     Inmate BARRETT's stay in the Harris County Jail in 2021 was unremarkable. He was booked in on 11/17/2022 on a charge of Indecent Exposure.  *See Exh. 1.A – Jail Card [JR 000012].*

17.     He was medically screened. *See Exh. 1.A – Jail Card [JR 000113]; see also Exh. 1.B – Medical Screening; Exh. 1.C – Initial Custody Assessment..*

18.     He was assigned to facility JA09, Floor. 1, Pod A, Bed 01G ON 11/18/22 AT 17:06 hrs. *See Exh. 1.D – WCB Housing History [JR 000002].* On 11/19/2022 BARRETT was moved to JA09, Floor 2, Pod L, Cell 1, Bed 01N. *Id.*

19.     On 11/20/22, the jail guard conducting rounds found BARRETT on the floor of his cell. *See Exh. 1.E – OMS Incident Report [ID: 22-1120-482][TXR 000268 – 000272]*

20.     BARRETT received immediate emergency medical attention from the jail guards on duty. He was taken first to the jail clinic, then transported by the Houston Fire St. Joseph Hospital, where he was attended to by medical staff. *See Exh. 2.A – HFD Transport Logs; see also Exh. III – Timeline by PLD and Exh. IV – Timeline by Dr. Mills.*

21.     BARRETT expired at St. Joseph's Hospital.  *See Exh. 2.B – Medical Records; see also Exh. 1.G – In-Custody Death Notification.*

22.     The subsequent autopsy conducted by HCIFS reported the Cause of Death as "Blunt force head trauma with subdural and subarachnoid hemorrhage and the Maner of Death as "Undetermined". *See Exh. 2.C – Autopsy Report [ML22-4857].*

23.     The in-custody death was investigated by the HCSO, as well as by the Texas Rangers. *See Exh 4.A – HCSO Investigation re WCB; see also Exh. 4.B - TXR Investigation.*

24.     The case was submitted to the Harris County District Attorney by the Texas Rangers for review as HCSO #2022I-TRA-50100668 ICD-22-35.OR#2020I-TRA-50076115. The District Attorney, based on the available evidence received and reviewed, administratively closed the case, and took no further action.  *See Exh. 4.C – HC DAO - Administrative Closure Notice (by ADA Bobbie Risner, Civil Rights Division..*

## VII. ARGUMENT & AUTHORITIES*

**A.      The Evidentiary Record Does Not Reveal the Existence of A Constitutional Injury by William Curtis Barrett.**

25.      A review of the timeline pertaining to Barrett's stay in the Harris County Jail does not support a claim that he suffered an actionable constitutional injury.

26.      Even though Plaintiff BARRETT's case is amalgamated with numerous other cases, this does not relieve *this* Plaintiff of not only pleading but also proving that he himself suffered an injury of constitutional magnitude. To rely solely on the claims of other co-plaintiffs to establish this baseline requirement would allow liability to attach vicariously.

27.      Vicarious liability is not allowed under Section 1983. *See Monell v New York,* 436 U.S. 65 (1978). Moreover, a single incident of unconstitutional conduct is generally also insufficient to impose liability against Defendant Harris County. *Pembaur v Cincinnati,* 475 U.S. 469 (1986). And a government entity is not liable under Section 1983 for the negligent conduct of its employees. *Daniels v Williams*, 474 U.S. 327 (1986); *Davidson v Cannon*, 474 U.S. 344 (1986).

**B.      Barrett Was At All Times In The Lawful Custody Of The Harris County Jail Facility.**

28.      First, Inmate Barrett was at all time in the lawful custody of the Harris County Jail Facility. His last booking was on a charge of Indecent Exposure. *See Exh. 1.A – Intake Records [JR 000112.].*

**C.      There is No Evidence of a Failure to Protect Claim Pertaining to Barrett's Custodial Death.**

29.      HARRIS COUNTY does not contest that detainees in the custody of the Detention Command have a duty to protect against harm to persons in confinement. *See Farmer v Brennan,* 511 U.S. 825, 837 (1994*); see also Hare v Corinth,* 74 F.3d 633, 639 (1996; *and Brown v Harris County,* 409 Fed.Appx. 728 (2010); *see also Johnson v Schurman*, 145 F.4th 897 (8TH Cir 7/29/2025) .

30.      To prevail on this claim, a plaintiff must demonstrate that an inmate 1) was incarcerated under conditions posing a substantial risk of serious harm and 2) that the defendant was deliberately indifferent to the substantial risk of serious harm. *Id.*

31.      Here, there is no evidence that Barrett's death on 11/20/2022 was caused by the actions of a third person, whether another inmate or a jail guard.  A jail guard discovered Barrett

unconscious in his single cell while doing rounds. *See Exh. 1.E – OMS Incident Reports, Incident 22-1120-482, DO Amber Bailey Report [TXR 000269]; see also Exh.3.B Rounds Activity Reports, 11/20/2022 6:03 pm entry by Amber Bailer [TXR 000100].*

32.    Barrett is shown in the In / Out log as having been out of his cell at 1800 hrs.

33.    The HCSO Investigation by Investigator S.A. Thornton did not discover any evidence of foul play against Barrett by any third person. *See Exh. 4.A – HCSO Investigation.* The Texas Ranger Investigation also did not lead to any evidence of force or mistreatment against Inmate Barrett. *See Exh. 4.B – TXR Investigation [000015 TXR – 000025 TXR].*

34.    The Autopsy Report attributed the Cause of Death to be "Blunt force trauma with subdural and subarachnoid hemorrhage". However the Manner of Death was listed as "Undetermined". The Comment in the Autopsy Report states:

> Comment: Because it remains unclear as to how the injury occurred, the manner of death is classified as Undetermined. Appropriate amendments to the manner of death may be made should there be additional investigative information.

*See Exh. 2.C – Autopsy Report at 000197.*

35.    The Pathological Findings elaborate on the reasons for the Comment. *See Exh. 2.C – Autopsy Report at 000197.*

36.    The custodial timeline does not reflect any use of force contact against Barrett on the evening of 11/20/2022. *See Exh. III Timeline Summary (by PLD).*

37.    The Medical Timeline and the underlying medical records reflects medical screening and medical treatment prior to being booked on 11/18/2022. *See Exh. IV Medical Timeline (by Dr. Mills); see also Exh. 2.B – Medical Timeline re WCB at pp. 31 – 38  [000068 – 000075].*

**D.    There is No Evidence That Inmate Barrett Was Denied Medical Care.**

38.    DEFENDANT does not dispute that under Section 1983, a person in jail custody has a constitutional right of access to reasonable medical care. *See Ford v Anderson County, 102 F.4[th] 292, 307 (5th Cir. 2024)(discussing scope of constitutional right to medical care under both 8th and 14th Amendments).*

39.    But the records show that Barrett had and was provided access to medical care and mental health care. *See Exh. IV Medical Summary (by Dr. Mills); see also Exh. 2.B – Medical Records.*

**E.    There is No Evidence that Inmate Barrett was Subjected to Unconstitutional Use of Force by Jail Personnel.**

40.    HARRIS COUNTY does not contest that detainees in the custody of the Detention Command have a constitutional right under the 14th Amendment to be free from unconstitutionally excessive use of force. *See Kingsley v Hendrickson,* 576 U.S. 389 (2015) *(citing Graham v Connor,* 490 U.S. 386 (1989)) (adopting an objective reasonableness standard that considers the facts and circumstances of each case).

41.    In the context of a jail setting, any evaluation of a use of force complaint must also account for the legitimate interests of the jail administration's need to manage the facility in which the complainant is detained. *Bell v Wolfish¸* 411 U.S. 520, 540 (1979). In a jail context, the need to preserve internal order is a legitimate government objective. 411 U.S. at 547.

42.    Here, however, there is nothing in the evidentiary record to support the notion that Barrett was subjected to any improper use of force, by either detention staff or by other inmates. *See Exh. I - Plaintiffs' SAC (excerpts re Barrett); compare with Exh. III – Custodial Timeline (by PLD)(including referenced Exhibits); and Exh. IV – Medical Timeline (by Dr. Mills)(including reference Exhibits).*

**F.    Inmate Barrett Does Not Have a Conditions of Confinement Claim.**

43.    Inmate BARRETT will undoubtedly contend that he has a conditions of confinement claim. To establish liability under a conditions of confinement claim, theory of liability, a plaintiff must plead and prove:

1.    the existence of an identifiable intended condition, policy, or practice of the jail facility that results in one or more of the recognized individualized causes of action under Section 1983; and,

2.    that the unconstitutional condition, policy, or practice was not reasonably related to a legitimate governmental objective.

*See Bell v. Wolfish,* 441 U.S. 520 (1979)*; Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc)*; see also Scott v Moore,* 114 F.3d 51 (1997)(en banc)*.*

44.    A pre-trial detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs. Any lesser showing cannot prove that the inmate is being punished in violation of the individuals' 14th Amendment due process rights. *See Shepherd v. Dallas County*, 591 F.3d 445, 454 (5th Cir. 2009).

45.     To establish the second element and prove that a condition of confinement constituted impermissible punishment, a plaintiff must plead and prove a pervasive pattern of serious deficiencies negatively affecting the individual which is not reasonably related to a legitimate governmental objective. The extant record does not support such a claim.

46.     Here, under the facts of BARRETT, there is no overriding condition of confinement that can serve as the basis for an unconstitutional conditions claim. Plaintiff will undoubtedly claim that the initial assault was "caused" by understaffing, but the staffing records for the day in question demonstrate that the jail facility Plaintiff was housed in was operating in full compliance with TCJS regulations. *See Exh. III – Timeline Summary -Observations re Staffing at p.2; see also Exh. 3.A DWS & Staffing Ratios Report [OR 000021.*

47.     In all respects, the supervision, oversight, and management of Inmate Barret was fully in compliance with acceptable regulatory and constitutional standards.

## G.     The Legal Standard for Episodic Acts or Omissions Claim Generally

48.     BARRETT will also undoubtedly contend that he also has an episodic act claims. To establish liability under an episodic act or omission claim, a custodial plaintiff must prove by a preponderance of the evidence that:

    1.    the custodial plaintiff suffered an injury of constitutional magnitude

    2.    that a custodial officer or employee of the jail facility was subjectively aware that the plaintiff inmate was exposed to a substantial risk of harm and nevertheless acted with deliberate indifference to the risk of harm; and,

    3.    the harm suffered was proximately caused by the deliberate indifference of one or more custodial employees.

    *Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc)*; see also Scott v Moore,* 114 F.3d 51 (1997)(en banc)*.*

49.     Similarly, as a review of the evidentiary record demonstrates, neither does Plaintiff have a viable episodic acts claim. To have such a claim, BARRETT must demonstrate that with respect to any one or more incidents, he suffered an injury of constitutional magnitude. The evidentiary record does not support such a finding, for the reasons further discussed below.

## H.     There Is No Need To Address Monell Evidence Because There Is No Evidence That Inmate Barrett Suffered An Injury of Constitutional Magnitude in the First Place.

50.     There is no need to address the issue of whether DEFENDANT HARRIS COUNTY is liable for a constitutional tort committed by one or more of its employees because there is no

evidence that a constitutional tort was committed in the first place. *See Monell v New York, 436 U.S. 658 (1978); see also Johnson v San Antonio,* 2024 WL 50463 (5th Cir. 2024); and *Hicks-Fields v Harris County*, 860 F.3d 803, 808 (5th Cir. 2017)("every *Monell* claim against an entity requires an underlying constitutional violation to sustain it).

51.     It necessarily follows that if there is no evidence of the existence of a constitutional violation, it is not necessary to address whether there is *Monell* evidence to support entity liability. Here, there is no need to address *Monell* evidence because Inmate BARRETT cannot demonstrate that he suffered an injury of constitutional magnitude in the first place.

## VIII. MOTION TO SEVER

52.     If the Court determines that this Rule 56 No Evidence MSJ should be granted, then DEFENDANT also requests that the Court sever the claim by Inmate William Curtis Barrett into a separate lawsuit so that the Court's ruling can become final and appealable.

53.     The Court has authority under Rule 42(b), FRCP to order the claim by Inmate Barrett to be severed.  It has been DEFENDANT'S contention from the inception of this lawsuit that a number of Plaintiffs are improperly joined in this single action and if the summary judgment record in support of a renewed request for dismissal of Inmate Barrett's  action is granted, then severance would fulfill the purposes of Rule 42(b), FRCP.

## IX. CONCLUSION & PRAYER

WHEREFORE, in view of the foregoing evidence, arguments, and authorities, DEFENDANT HARRIS COUNTY requests and prays that the Court, after duly considering the content of this dispositive motion, including attached exhibits, and any responses, replies, or supplements thereto, grant this Motion for DEFENDANT HARRIS COUNTY against the claims and causes of action brought by and on behalf of William Curtis Barrett be DISMISED with prejudice.

DEFENDANT further requests and prays that the Court sever this claim from the remainder of the case, thereby rendering its Order on this dispositive Motion to be a final and appealable Order and Judgment of the Court as to this lawsuit by Plaintiff William Curtis Barrett.

SIGNED on the 9TH day of MARCH 2026.

Respectfully submitted,

By:   *Ricardo J. Navarro*
       RICARDO J. NAVARRO
       Attorney In Charge
       State Bar No. 14829100
       So. Dist. Id No. 5953
       rjnavarro@rampagelaw.com

       Kelly R. Albin
       State Bar No. 24086079
       So. Dist. ID No. 3792304
       kralbin@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ**
  **BERNAL SANTEE & ZECH**
A Professional Corporation
549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132

**COUNSEL FOR DEFENDANT**
**HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 9TH day of MARCH 2026, to wit:

Aaron Dekle                               Email: aaron@bencrump.com
Paul Ashley Grinke                        Email: paul@bencrump.com
BEN CRUMP LAW FIRM
ATTORNEYS FOR PLAINTIFFS

Carl Lenford Evans, Jr.                   Email: cevans@mccathernlaw.com
Noah L. McCathern                         Email: nmccathern@mccathernlaw.com
MCCATHERN LAW FIRM
ATTORNEYS FOR PLAINTIFFS

Thad D. Spalding                          Email: tspalding@WCBslawgroup.com
Shelby J. White                           Email: swhite@WCBslawgroup.com
DURHAM, PITTARD & SPALDING, LLP
ATTORNEYS FOR PLAINTIFFS

Mohammed Obaid Shariff                    Email: mshariff@sharifflawfirm.com;
Kevin M. Acevedo-Carlson                  Email: kacevedo@sharifflawfirm.com
Russell Ross                              Email: rross@sharifflawfirm.com
Shariff Law Firm                          Email: eservice@sharifflwfirm.com
SHARIFF LAW FIRM
ATTORNEY FOR INTERVENOR ANA GARCIA
  & KEVIN KST

Taylor McCray Hunter                      Email: taylor@thehunterlaw.com
Kevin Green                               Email: kevin@consumerjusticecenter.com
Thomas Lyons Jr.                          Email: tommy@consumerjusticecenter.com
Andi Weber                                Email: andi@consumerjusticecenter.com
HUNTER LAW FIRM
ATTORNEY FOR INTERVENOR
CHANDRA JENKINS & KST


*Ricardo J. Navarro*
RICARDO J. NAVARRO
KELLY R. ALBIN