**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.** | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4: 23-CV-02886** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| **Defendant** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS,** | § | |
| **Plaintiff – Intervenors** | § | |

**REPLY IN SUPPORT OF DEFENDANT HARRIS COUNTY'S MOTION FOR**
**SUMMARY JUDGMENT FOR CLAIMS BY PLAINTIFF KRISTAN NICOLE SMITH**
=====================================================================

MAY IT PLEASE THE COURT:

COMES NOW DEFENDANT HARRIS COUNTY, TEXAS (hereafter "DEFENDANT" or "HARRIS COUNTY") and files this REPLY in Support of its Motion for Summary Judgment for Claims by Plaintiff Kristan Smith.

## I.       PROCEDURAL HISTORY

On December 29, 2025, Defendant filed its Motion for Summary Judgment. [Doc. 271].

On February 5, 2026, Plaintiff filed its Response in Opposition to Defendant Harris County's Motion for Summary Judgment. [Doc. 287].

## II.       INTRODUCTION

Plaintiff's complaints and now response to Defendant Motion for Summary Judgment do not create genuine issues of disputed material facts on any elements of his claims. The undisputed record shows no underlying constitutional violation—either for failure to protect or for medical care—defeating all *Monell* theories as a matter of law.

### III.    ARGUMENT
#### A.  Plaintiff identifies no triable issue on an underlying constitutional violation

Pretrial detainees are entitled to protection from harm as well as needed medical care. *See Hare v. City of Corinth, Miss*., 74 F.3d 641 (5th Cir. 1996). Plaintiff does not have a viable claim of inadequate medical care. Plaintiff argues that Defendant knew of her medical diagnosis when she was booked into jail. Plaintiff further argues that despite Defendant's knowledge of her medical diagnosis, Defendant did not provide her with adequate medical treatment. Doc. 287.

However, jail records show that Inmate Smith made requests for medical treatments, and the detention officers and nurses provided that medical treatment to her including providing her needed insulin for her diabetes ailment. The record shows that Inmate Smith was booked in jail on April 27, 2022. Two days after arriving at the jail, Inmate Smith had a medical emergency because of complications from her diabetes. Defendant promptly sent her to the emergency room to obtain treatment. After this emergency room visit, Inmate Smith needed subsequent treatment including receiving insulin, which Defendant provided.

Plaintiff argues that many detainees lack the mental ability or willingness due to environmental factors to ask for medical care or to recognize when they need medical care. Due to these conditions, officer supervision and observation of detainees is paramount to their safety and medical care. Doc. 287, pg. 6. However, Plaintiff's general observation contradicts Plaintiff's own argument that Inmate here requested medical treatment. And the records show that those requests were fulfilled since medical treatments were provided. Because Defendant did not violate Plaintiff's medical treatment, Plaintiff's claim should be dismissed as a matter of law.

#### B.     Plaintiff's *Monell* theories fail as a matter of law

#### 1. No underlying violation; no moving force

To state a valid § 1983 claim, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The City is liable "if it . . . causes a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). Plaintiff realizing that there was no deliberate indifference as

required to establish municipal liability, hinges her claims on conditions of confinement. However, Plaintiff does not have viable conditions of confinement claim against Defendant Harris County. As discussed previously, to establish liability under a conditions of confinement claim, theory of liability, a plaintiff must show and prove: (1) the existence of an identifiable intended condition, policy, or practice of the jail facility that results in one or more of the recognized individualized causes of action under §1983; and, (2). that the unconstitutional condition, policy, or practice was not reasonably related to a legitimate governmental objective. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (en banc); see also *Scott v Moore*, 114 F.3d 51 (1997) (en banc).

To support her condition of confinement claim, Inmate Smith argues that she did not receive adequate medical treatment. But, the record, as discussed earlier, shows that Inmate Smith did receive medical treatment. The fact that Inmate Smith disagrees with the treatments she received does not establish a valid constitutional violation claim as she attempts to do here. *See Rogers*, 709 F.3d 403 (5th Cir. 2013). An inmate's right to adequate medical care is violated when jail staff engage in conduct that "evince[s] a wanton disregard for serious medical needs." *Id* at 410 (quoting *Easte*r, 467 F.3d at 463). The undisputed facts in this matter do not show any wanton disregard for Plaintiff's serious medical need because, two days after Inmate Smith was booked in jail, she needed emergency services and was taken to emergency room and received further medical attention thereafter including receiving her needed insulin for her diabetes.

Additionally, Plaintiff pointed to the case of another inmate, Kevin Smith, who also passed away while in custody. Plaintiff argues the same conditions that she complains of contributed to the demise of Inmate Kevin Smith. However, even in that case, the undisputed evidence shows that the inmate also received his needed medical treatment. Plaintiff has failed to show the existence of an identifiable intended condition, policy, or practice of the jail facility to establish a condition of confinement claim. Therefore, the Court need not reach to the second prong to show a condition of confinement. Because Plaintiff received her needed medical treatment and consistently received medication for her diabetes, Plaintiff has failed to show a viable condition of confinement claim. Thus, Plaintiff's claims against Defendant Harris County must be dismissed as a matter of law.

**2.    Plaintiff's *Monell* Claim based on failure to observe, understaffing, overcrowding, failure to train and failure to supervise fail.**

Plaintiff argues as part of her *Monell* claims that Defendant failure to observe her, that the jail was understaffed, that the jail was overcrowded, that Defendant failed to train its staff, and a failure to supervise. *Monell* liability requires a constitutional violation caused by an official policy or custom, and where no violation exists, the claim fails as a matter of law. *See Monell*, 436 U.S. 658 (1978). To support these claims, Plaintiff simply pointed to news reports, DOJ and Texas commission on Jail Standards reports. Failure-to-train and failure-to-supervise are *Monell* variants that require identification of a specific training/supervision deficiency, deliberate indifference, and causation. Plaintiff has shown none, particularly in light of the absence of any underlying violation.

Plaintiff's response reprises generalized themes (overcrowding, observation, failure to supervise) but still does not specify what training module was deficient, and how that defect was the moving force of any constitutional violation in this incident. Nor does she identify any supervisor whose acts or omissions caused an actionable deprivation. Plaintiff also has not identified any supervisor or tied any supervisory lapses that allegedly caused the constitutional violation of Plaintiff's claims. Plaintiff also has not shown that the housing area where the Plaintiff was housed was overcrowded during her stay in jail and any overcrowding contributed to her medical emergency. Plaintiff has similarly not shown whether the jail, specifically where Inmate Smith was housed, was understaffed at the time of her medical emergency. Plaintiff's pleadings show her repeated reliance on generalized themes without regards to whether those conditions applied to the individual Plaintiff. Because there is no genuine disputed issue as to Plaintiff's *Monell* claims and there is no underlying constitutional violation, all of Plaintiff's claims rooted in *Monell* should similarly be dismissed as a matter of law.

### CONCLUSION & PRAYER

For the reasons stated above, DEFENDANT HARRIS COUNTY requests that the Court grant its Motion for Summary Judgment for claims by Plaintiff Kristin Nicole Smith for the reasons stated above, dismissing the claims.

SIGNED on the 23rd day of APRIL 2026.

By:   *Mustapha M. Nyallay*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

Kelly R. Albin
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com

Mustapha M. Nyallay
State Bar No. 24135427
So. Dist. Id No. 3847526
mmnyallay@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ BERNAL
   SANTEE& ZECH, P.C.**
549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132

**COUNSEL FOR DEFENDANT
HARRIS COUNTY, TEXAS**

Reply in Support of Defendant Harris County's Motion for Summary
Judgment – Claims of Plaintiff Kristan Smith                                    Page 5

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 23rd day of APRIL 2026, to wit:

Benjamin L. Crump                  Email: court@bencrump.com
Paul Ashley Grinke                 Email: paul@bencrump.com
Aaron Dekle                        Email: aaron@bencrump.com
BEN CRUMP LAW FIRM
ATTORNEYS FOR PLAINTIFFS

Carl Lenford Evans, Jr.            Email: cevans@mccathernlaw.com
Noah L. McCathern                  Email: nmccathern@mccathernlaw.com
Jordan A. Carter                   Email: jcarter@mccathernlaw.com
Alizabeth A. Guillot               Email: aguillot@mccathernlaw.com
McCathern Law Firm
ATTORNEYS FOR PLAINTIFFS

Mohammed Obaid Shariff             Email: mshariff@sharifflawfirm.com;
Kevin M. Acevedo-Carlson           Email: kacevedo@sharifflawfirm.com
Russell Ross                       Email: rross@sharifflawfirm.com
Shariff Law Firm                   Email: eservice@sharifflwfirm.com
SHARIFF LAW FIRM
ATTORNEY FOR INTERVENOR ANA GARCIA
   & KEVIN SANCHEZ TREJO

Taylor McCray Hunter               Email: taylor@thehunterlaw.com
Kevin Green                        Email: kevin@consumerjusticecenter.com
Thomas Lyons Jr.                   Email: tommy@consumerjusticecenter.com
Andi Weber                         Email: andi@consumerjusticecenter.com
ATTORNEY FOR INTERVENOR
CHANDRA JENKINS & DEQON BUFORD


*Mustapha M. Nyallay*
RICARDO J. NAVARRO
KELLY R. ALBIN
MUSTAPHA NYALLAY