IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OCTEVIA WAGNER; et. al.,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 4:23-cv-02886** |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS,** | § | |
| | § | |
| *Plaintiff-Intervenors,* | § | |

**PLAINTIFFS' EMERGENCY MOTION TO QUASH AND MOTION FOR
PROTECTIVE ORDER THE UNILATERALLY NOTICED DEPOSITION OF
PLAINTIFF ZACHERY JOHNSON**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiffs and file this Emergency Motion to Quash and Motion for Protective Order the Unilaterally Noticed Deposition of Plaintiff Zachery Johnson. Due to the timing of the deposition and the need for an Order on the Motion to Quash ahead of the deposition, Plaintiffs ask the Court for an expedited review and ruling on this Motion. In support thereof Plaintiffs would respectfully show unto the Court as follows:

**I.        SUMMARY OF THE ARGUMENT**

1.        Plaintiff Zachery Johnson is an individual with severe mental illnesses who is currently held in the Harris County Jail. Ex. A. Plaintiff filed suit against Harris County as part of this lawsuit due to the severe assault and lack of medical and mental health care that occurred in

PLAINTIFFS' MOTION TO QUASH AND PROTECTIVE ORDER                                        1

the Jail. Doc. 276. Throughout the case, the parties had waited until after a Plaintiff was no longer in the Harris County Jail to conduct their depositions. This was due to the longstanding history both to these individual Plaintiffs but also to the hundreds of other detainees in the Jail who were assaulted, retaliated against, and were beat by officers while in the Jail. *See* Doc. 332-1 (Plaintiffs incorporate the exhibits attached to the Responses to the Motions for Summary Judgment). Plaintiffs' counsel and Plaintiffs' themselves have a legitimate fear of retaliation or abuse in the Harris County Jail if they have to conduct a deposition while in their care.

2.      On May 4, 2026, Defendant served a unilateral deposition notice for the taking of Mr. Johnson's deposition on May 22, 2026. Ex. B. Plaintiffs are asking the Court to quash the deposition and enter a protective order identifying parameters for the taking of Mr. Johnson's deposition at a future agreeable time based on the following grounds: (1) Defendant did not seek or receive leave for the taking of Mr. Johnson's deposition while he is in jail under Fed. R. Civ. P. 30(a)(2)(B); (2) Mr. Johnson and Plaintiff's counsel are unavailable for a deposition on the date noticed; (3) Mr. Johnson faces substantial risk of retaliation and threats by correctional staff and other detainees if he is forced to participate in a deposition in the Jail where he was previously injured and is currently suing; and (4) Mr. Johnson suffers from severe mental health issues that were exacerbated by his time in the Jail and until a full mental evaluation can be conducted outside of Jail protective parameters for the taking of his deposition cannot be established. Based on these foregoing reasons, Plaintiffs have established good cause to quash the deposition and enter a protective order to postpone the deposition until after Mr. Johnson is released from the Harris County Jail and has received a mental examination.

## II.     STATEMENT ON THE NATURE AND STAGE OF THE PROCEEDING

3.      Plaintiffs filed their Original Complaint on August 7, 2023. Dkt. No. 1. After a couple of years of litigation, Defendant began requesting the depositions of Plaintiffs. Most of those depositions have occurred or are scheduled to take place in the next couple of months. Throughout the scheduling of the depositions, Plaintiffs' counsel has communicated their concerns about taking the depositions of Plaintiffs who are still housed in the Harris County Jail based on many of the reasons identified in the Complaint. Doc. 122; 332-1. To this point in the case, Defendant has impliedly agreed and waited to schedule the depositions until after the individual was released from Harris County custody.

4.      Mr. Johnson has a long history of mental health issues which are a primary basis for the claims against Harris County as the Jail's treatment of Mr. Johnson resulted in him being assaulted multiple times and his condition worsening during his time in the Jail. Doc. 122; 276; 276-1. Mr. Johnson has been in the Harris County Jail for the majority of this lawsuit. Mr. Johnson is currently in the Harris County Jail. Ex. A. Plaintiffs' counsel has been attempting to get an updated mental health evaluation of Mr. Johnson to determine his capacity to testify, but has been unable to do so while Mr. Johnson is in the Jail. Additionally, while in Jail, Mr. Johnson does not have access to computers or video capabilities to conduct a deposition and especially no capabilities for counsel and his mother to be present with him during the deposition to ensure that his mental health concerns are taken care of. Accordingly, Plaintiffs' counsel communicated to Defendant that Mr. Johnson would not be presented until after he was released from Jail and the mental health evaluation could be conducted.

5.      Defendant, to likely preserve their ability to take Mr. Johnson's deposition, went ahead and served a notice of deposition for May 22, 2026. Ex. B. Due to the conflicts in schedules,

PLAINTIFFS' MOTION TO QUASH AND PROTECTIVE ORDER                                    3

Mr. Johnson's current custody in the Jail, and Mr. Johnson's mental health, Plaintiffs are unavailable to conduct a deposition on that day and are moving to quash and seek a protective order to postpone this deposition until such matters can be determined. Although the fact deposition deadline is May 25, 2026, Plaintiffs have no problem scheduling depositions at convenient times post that deadline.

### III.    STANDARD OF REVIEW

6.    Protective orders for discovery fall within Federal Rule of Civil Procedure 26(c). Under this rule, the Court for "good cause" may issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense in discovery. Fed. R. Civ. P. 26(c)(1). The Party seeking protection has the burden to establish good cause. *PPD Enters. v. Stryker Corp.*, No. H-16-0507, 2017 U.S. Dist. LEXIS 154534, at *3–4 (S.D. Tex. June 13, 2017) (Smith, MJ); Good cause requires a "particular and specific demonstration of fact." *Sanchez v. Property & Cas., Ins. Co. of Hartford,* No. H-09-1736, 2010 U.S. Dist. LEXIS 1006, at *3 (S.D. Tex. Jan. 7, 2010).

### IV.    ARGUMENT AND AUTHORITIES

7.    Plaintiffs have established good cause for protection from the deposition of Mr. Johnson.

**A. Defendant Did not Seek Leave to Take the Deposition of an Individual in Prison**

8.    Federal Rule of Civil Procedure 30(a)(2)(B) requires a party to obtain leave of court prior to the taking of the deposition "if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). There is no dispute that Mr. Johnson is currently confined in the Harris County Jail. Ex. A. Defendant did not seek leave of Court and did not get the agreement of counsel prior to

noticing Mr. Johnson's deposition. Accordingly, the Court can grant this Motion on this basis alone.

**B. Mr. Johnson and Counsel for Plaintiff are Unavailable on the Date Noticed**

9.     Defendant unilaterally noticed the deposition for May 22, 2026. Neither Mr. Johnson nor Plaintiff's counsel who is presenting the Plaintiffs are available on that day. Because Mr. Johnson is in the Harris County Jail, he does not have access to the technology to conduct a zoom deposition. Similarly, because of his long mental health concerns and due to the abuse within the Jail as established below, Mr. Johnson's counsel and mother should be present with him while he is giving his testimony to help keep him calm and to help him be able to sit through the deposition. Because he is in jail, his counsel and mother would be unable to sit in the room with him while giving his zoom deposition. Additionally, counsel would have to travel to Houston to be with Mr. Johnson during his deposition while he is in the Jail, and Plaintiffs' counsel is unable to travel to Houston that day.

10.     Similarly, Plaintiffs' counsel, Aaron Dekle, has been the primary attorney presenting Plaintiffs for their depositions with attorney, Paul Grinke, also presenting some witnesses. Attorney Dekle will likely be on parental leave on that date due to the birth of his firstborn who is due around that time. Attorney Grinke is also unavailable due to the taking of multiple depositions throughout the week and attending personal matters. Accordingly, Plaintiffs ask the Court to quash the deposition and require it to be reset for a time when Mr. Johnson is out of Jail and at a time when Plaintiffs' counsel are also available.

**C. Mr. Johnson Faces a Substantial Risk of Serious Harm and Threat of Retaliation as Well as Ongoing Harm to Have to Testify While in the Jail where his Incidents Occurred and Under the Control of the Defendant He is Suing.**

11.     As the Court is fully aware, this case centers on the rampant violence, lack of medical care, overcrowding and understaffing, and lack of observation and monitoring conditions within the Harris County Jail. Doc. 122. Specifically, Mr. Johnson who has a long history of mental illness was improperly housed and placed in general housing with known violent offenders. Doc. 276; 293; 293-1. He was brutally assaulted multiple times resulting in severe physical injuries as well as exacerbating his mental condition. *Id.* In fact, even under Harris County's records they recognized that he suffered from several mental health episodes during his time in Jail which is part of the claims that are the subject of this lawsuit. *Id.*

12.     Part of the issues raised in this lawsuit are the retaliation that detainees face from other detainees and officers when complaints are raised either about the conditions or actions of any individual. Doc. 122. Harris County's history raises particular concerns with Mr. Johnson who has already been assaulted multiple times in the Jail and did not receive adequate medical or mental health treatment including inadequate investigations into his PREA requests. Doc. 122, 276, 293, 293-1. If Mr. Johnson is forced to give a deposition while in Harris County Jail to recount the incidents that occurred in that environment and with other detainees, Mr. Johnson would be at a substantial risk of retaliation and harm from officers and detainees who may believe that he was a snitch. This would be equally harmful on his already weakened condition to have to recount these incidents in the location where they occurred. *Williams v. Greenlee*, 210 F.R.D. 577, 578–79 (N.D. Tex. 2002).

13.     In *Williams v. Greenlee*, the Northern District of Texas held that a deposition of a minor plaintiff who was being held in the same facility where the incidents forming the basis of his lawsuit occurred should be postponed until after the plaintiff was released from the facility. *Id.* The district court held that questioning an individual about the facts surrounding a traumatic

incident "in the same environment where the incident occurred can only exacerbate the potential harm to the deponent." *Id.* at 279. Here, Mr. Johnson is equally vulnerable as an individual already victimized in the Harris County Jail with a history of mental disorders. Doc. 276, 293, 293-1. Accordingly, Plaintiffs ask that the Court grant protection from conducting the deposition while Mr. Johnson is in the Harris County Jail.

### D. Mr. Johnson's Mental Health Needs to be Evaluated First Prior to the Taking of His Deposition to Determine the Parameters Needed for His Deposition.

14.    Mr. Johnson's severe mental health issues were illustrated throughout his jail records, medical records, and even in the videos where he was assaulted. Doc. 276, 276-1 at Exs. 98-103. Plaintiffs' expert Dr. Vinneth Carvalho has confirmed these mental health issues and the lack of treatment in the Harris County Jail especially after he was assaulted. Doc. 276-1 at Ex. 99. When an individual suffers from mental health concerns, alteration to the deposition procedures is appropriate to ensure that the deposition does not exacerbate or cause additional harm to the deponent.

15.    Plaintiffs anticipate being able to present Mr. Johnson for deposition after he is released from Jail and prior to trial in this matter; however, until Mr. Johnson is out of Jail, Plaintiffs' counsel cannot evaluate Mr. Johnson to determine what additional safeguards should be put in place for his deposition. Plaintiffs' counsel anticipates proposing a limitation on the time of the deposition, the scope of the deposition, and the method of recording the deposition. For example, Plaintiffs anticipate needing the deposition to be conducted by zoom with a close family member being present with Mr. Johnson while he is testifying. But, until Plaintiffs' counsel is able to evaluate Mr. Johnson, Plaintiffs cannot propose appropriate and limited safeguards. Accordingly, Plaintiffs would ask the Court to grant the Motion and stay the deposition until after

Mr. Johnson gets released from Jail and can be properly evaluated so that Plaintiffs can propose appropriate safeguards in light of his current condition.

## V.    CONCLUSION

16.    Based on the foregoing, Plaintiffs have adequately shown good cause to grant the Motion and order the Postponement of the deposition of Mr. Johnson until after he is released from Jail and Plaintiffs have time to propose limited safeguards to the deposition. Plaintiffs ask the Court for an expedited order granting this Motion ahead of the May 22, 2026, deposition date. Plaintiffs request such other and further relief as the Court deems just.

Respectfully submitted,

**BEN CRUMP LAW, PLLC**

*/s/ Paul A. Grinke*
**Paul A. Grinke**
State Bar No. 24032255
paul@bencrump.com
**Aaron Dekle**
State Bar No. 24100961
aaron@bencrump.com
BEN CRUMP LAW, PLLC
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 – Office
(800) 770-3444 – Facsimile

**Carl L. Evans**
State Bar No. 24056989
cevans@mccathernlaw.com
**Jordan A. Carter**
State Bar No. 24116174
jcarter@mccathernlaw.com
MCCATHERN PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
(214) 532-2060 – Office

and

PLAINTIFFS' MOTION TO QUASH AND PROTECTIVE ORDER                                           8

**Thad D. Spalding**
State Bar No. 00791708
tspalding@dpslawgroup.com
**Shelby J. White**
State Bar No. 24084086
swhite@dpslawgroup.com
DURHAM, PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
(214) 946-8000 - Office
(214) 946-8433 – Facsimile

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of this filing to all counsel of record.


*/s/ Aaron Dekle*
Aaron Dekle


**CERTIFICATE OF CONFERENCE**

The undersigned conferred with Defendant's counsel through a telephone call on the scheduling of Mr. Johnson's deposition on May 4, 2026, and Defendant's counsel indicated they would move forward with noticing the deposition despite Plaintiffs concerns raised above. Defendant is opposed to the relief requested herein.

*/s/ Aaron Dekle*
Aaron Dekle


**UNSWORN DECLARATION UNDER 28 U.S.C. § 1746**

I, Aaron Dekle, was the counsel involved in each of the conferences and discussions concerning the issues raised in this Motion including the schedules of counsel. I have personal knowledge of the factual averments pertaining to the conversations amongst counsel as well as the documentation, discovery, and schedules of the parties involved. I verify under penalty of perjury under the laws of the United States of America as an officer of the Court that the factual averments are true and correct and within my personal knowledge.

*/s/ Aaron Dekle*
Aaron Dekle


PLAINTIFFS' MOTION TO QUASH AND PROTECTIVE ORDER                              9