**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER ; et. al.,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 4:23-cv-02886** |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

**PLAINTIFF-INTERVENOR CHANDRA JENKINS AS ATTORNEY IN FACT FOR DEQON BUFORD'S EMERGENCY MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER THE DEPOSITION OF DEQON BUFORD**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW Plaintiff-Intervenor Chandra Jenkins as Attorney in Fact for Deqon Buford ("Movants") and files this Emergency Motion to Quash and Motion for Protective Order of the deposition of Deqon Buford. Due to the timing of the deposition and the need for an Order on the Motion to Quash ahead of the deposition, Movants ask the Court for an expedited review and ruling on this Motion. In support thereof Movants respectfully show unto the Court as follows:

**I.        ARGUMENT AND AUTHORITITES**

1.        Deqon Buford is an individual with severe mental illness and is represented in this lawsuit through power of attorney by his mother, Chandra Jenkins. The intervening lawsuit filed by Movants alleges in pertinent part that while in Harris County Jail he was severely raped, sexually assaulted, and that there was a lack of medical and mental health care. **(*Doc*. 42).**

MOTION TO QUASH AND
PROTECTIVE ORDER                            1

2.    The instant motion relates back to a previous motion for protective order filed by Movants (**Doc. 307).** That motion was filed prior to the noticed deposition[1] of Mr. Buford and after the Parties exhausted efforts attempting to reach a reasonable accommodation for Mr. Buford prior to his deposition. Documents 307, 307-1, and 307-2 are fully incorporated herein by reference.

**A. HARRIS COUNTY UNLAWFULLY REFUSES TO PROVIDE MR. BUFORD A REASONABLE ACCOMODATION AND HAS THREATENED SANCTIONS**

3.    Harris County refuses to provide Mr. Buford with a legally required accommodation and instead seeks to have a chilling effect on Mr. Buford's request by threatening fees against Movants and their counsel. **Exhibit B.**

4.    Under federal law, no public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by Title III of the Americans with Disabilities Act of 1990 (ADA). 28 C.F.R. § 36.206(b). Here, Harris County is a public entity. 28 C.F.R. § 36.104. Therefore, Defendant has the nondelegable duty to not threatened a disabled individual, like Mr. Buford, with exercising his right to reasonable accommodation.

5.    Here, there are Americans with Disability Act and Rehabilitation Act considerations. In federal court, there is an obligation to provide reasonable accommodations to disabled individuals in judicial proceedings and, by extension, court-supervised discovery processes. Refusing any accommodation for a mentally impaired deponent, opposing that motion, and then threatening sanctions and fees against the deponent and his counsel is a clear violation of law. For these reasons and those stated herein, Movants request the relief sought, including fees.

---

[1] Exhibit A.

MOTION TO QUASH AND
PROTECTIVE ORDER                    2

**B. MR. BUFORD HAS PHYSICAL AND MENTAL DISABILITIES AND SHOULD BE ALLOWED A REASONABLE ACCOMODATION BEFORE SUBMITTING TO DEPOSITION, IF AT ALL.**

6.    Mr. Buford, a mentally disabled man alleges that he was repeatedly raped and physically assaulted while incarcerated in the Harris County Jail. Functionally, Mr. Buford is expected to operate at approximately a 6th – 7th grade academic level. *(Doc.* **182 at Exhibit 8B page 12 of 36).** While Mr. Buford's neurological testing indicates an even lower level of comprehension. For example, his performance on the Sentence Comprehension subtest is comparable to the average score of students in the standardization sample who were in the 7th month of Grade 1. *(Doc.* **182 at Exhibit 8B at page 19 of 36).** Because of his experiences and the conditions of confinement Mr. Buford endured while incarcerated at Defendant's 1200 Baker Street Jail, he has been diagnosed with (i) rape (ii) exposure to disaster, war, or other hostilities-event related accident (iii) posttraumatic stress disorder and (iv) adult sexual abuse by nonspouse or nonpartner. *(Doc.* **182 at Exhibit 8B at page 4 of 36).**

7.    Harris County has requested to take the depositions of Mr. Buford and Ms. Jenkins. Despite having actual knowledge of Mr. Buford's documented mental and physical disabilities, Harris County refuses to provide a reasonable accommodation for his deposition.

8.    Harris County attempts to argue that because Mr. Buford was declared competent to stand trial in his criminal matter that he should be subjected to deposition without any parameters or safeguards in place to assure his safety, well-being and provide a reasonable accommodation.

9.    The criminal record and Harris County's arguments are devoid of any facts pertaining to (i) Dr. Hamza's conclusions or (ii) Mr. Buford's Chicago Public Schools Individual Education Program (IEP) that demonstrates when he was 19 years old that he had the reading comprehension of a second grader. *(Doc.* **182-9 at page 49 of 50).**

MOTION TO QUASH AND
PROTECTIVE ORDER                    3

10.     It is evident that Harris County ignores Mr. Buford's documented mental and physical disabilities, hanging its hat on the fact that he was competent to stand for criminal trial.

11.     This reasoning is flawed and ignores the medical evidence and reality of the situation. This is an adult male with documented mental and physical incapacities, who alleges to have been severally raped and sexually assaulted while in Harris County custody.

12.     The witness has the reading comprehension of a child and therefore the same safeguards that would apply to a minor should apply here.

13.     Because of Mr. Buford's mental and physical disabilities and diagnosis[2] including but not limited to  (i) rape (ii) exposure to disaster, war, or other hostilities-event related accident (iii) posttraumatic stress disorder and (iv) adult sexual abuse by nonspouse or nonpartner having him present at all for deposition could cause severe harm to his physical and mental well-being.

14.     The deadline for fact depositions is May 25, 2026, and Mr. Buford's deposition has been unilaterally noticed for May 21, 2026. The instant Motion is timely.

## II.     STANDARD OF REVIEW

15.     Protective orders for discovery fall within Federal Rule of Civil Procedure 26(c). Under this rule, the Court for "good cause" may issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense in discovery. Fed. R. Civ. P. 26(c)(1). The Party seeking protection has the burden to establish good cause. *PPD Enters. v. Stryker Corp.*, No. H-16-0507, 2017 U.S. Dist. LEXIS 154534, at *3–4 (S.D. Tex. June 13, 2017) (Smith, MJ); Good cause requires a "particular and specific demonstration of fact." *Sanchez v. Property & Cas., Ins. Co. of Hartford,* No. H-09-1736, 2010 U.S. Dist. LEXIS 1006, at *3 (S.D. Tex. Jan. 7, 2010).

---

[2] ***Doc***. 182 at Exhibit 8B at page 4 of 36

MOTION TO QUASH AND
PROTECTIVE ORDER                          4

16.      Further, Rule 26(c) of the Federal Rules of Civil Procedure expressly authorizes courts to issue protective orders to shield parties or witnesses from "annoyance, embarrassment, oppression, or undue burden or hardship." A mentally and physically impaired deponent falls squarely within the class of persons Rule 26(c) was designed to protect. Filing a motion to quash or for a protective order in that context is not a frivolous sanctionable act.

### III.    CONCLUSION

17.      Based on the foregoing, Movants have adequately shown good cause to grant the Motion and order the postponement of the deposition of Mr. Buford, if such deposition should occur at all, until after a protocol and parameters regarding the deposition are Ordered by the Court.

18.      Movants would respectfully request that the document entitled "Protective Order Regarding The Deposition of Deqon Buford" be fully incorporated herein and that if the Court finds good causes for the deposition to occur, that such protocols and parameters be implemented and Ordered by the Court as are set forth in that previously filed document. (*Doc.* **307-1).**

19.      Movants have proposed safeguards to the deposition. (*Doc.* **307-1).** Movants ask the Court for an expedited order granting this Motion ahead of the May 21, 2026, deposition date.

20.      Movants request such other and further relief as the Court deems just, including but not limited to fees based on Harris County's unlawful threat in violation of federal law governing reasonable accommodation of disabled individuals, *supra*.

*signature on next page*

MOTION TO QUASH AND
PROTECTIVE ORDER                          5

Respectfully Submitted,

**HUNTER LAW CORPORATION
TEXAS OFFICE**

By: */s/ Taylor McCray Hunter*
Taylor McCray Hunter
SBN: 24106123
4131 North Central Expressway Suite 900
Dallas, Texas 75204
P: 214-206-1200
F: 214-206-1220
E: taylor@thehunterlaw.com

**And**

*/s/ Thomas Lyons, Jr.*
Thomas Lyons, Jr.
Pro Hac Vice
Kevin Green
Fed. No. 3737219
Consumer Justice Center, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
(651) 770 – 9707 (Phone)
(651) 704 – 0907 (Facsimile)

**COUNSEL FOR PLAINTIFF-INTERVENOR
CHANDRA JENKINS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of this filing to all counsel of record.

*/s/ Taylor McCray Hunter*
/s/ Taylor McCray Hunter

MOTION TO QUASH AND
PROTECTIVE ORDER                6

**CERTIFICATE OF CONFERENCE**

As set forth in the certificate of conference within (*Doc.* **307)**, the undersigned conferred with Defendant's counsel since January 2026 regarding the substance of this Motion and the parameters and protocols regarding Mr. Buford's potential deposition. On May 5, 2026, defense counsel noticed Mr. Buford's deposition and by email stated, "[Y]ou can respond as you see fit.  If you move to quash, we will move to compel and ask for fees. Your call." On May 7, 2026, the undersigned called defense counsel on his cell phone at 5:37 p.m. CST to discuss the Motion. Given that the Parties have conferred since January 2026 and defense counsel's email threatening sanctions, it is evident that Defendant is opposed to the relief requested herein.

/s/ Taylor McCray Hunter
/s/ Taylor McCray Hunter