**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.** | § | |
| **Plaintiffs** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | **Civil Action No. 4:23-CV-02886** |
| **Defendant** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS,** | § | |
| **Plaintiff – Intervenors** | § | |

**DEFENDANT HARRIS COUNTY, TEXAS'**
**FIRST AMENDED OBJECTIONS AND RESPONSES**
**TO WAGNER PLAINTIFFS' SECOND REQUEST FOR PRODUCTION**
===============================================================

To:     Plaintiff, Octavia Wagner, by and through her attorneys of record, Paul A. Grinke and Aaron Dekle of Ben Crump Law PLLC, 5 Cowboys Way, Suite 300, Frisco, Texas 75034; and Stephen Bergren of McCathern, 3710 Rawlins Street, Suite 1600, Dallas, Texas 75219.

Now comes DEFENDANT, HARRIS COUNTY, TEXAS, and serves this First Amended Objections and Responses to the Wagner Plaintiffs' Second Requests for Production. This First Amended Response addresses discovery deficiency complaints contained in Plaintiffs Second Deficiency Notice letter dated 1/23/2026. Supplemental Responses are indicated in **RED**. In the absence of a supplemental response, Defendant's prior objection and response stands as previously stated.

SIGNED on 19TH day of FEBRUARY 2026.

Respectfully submitted,

**DENTON NAVARRO RODRIGUEZ**
**BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay Blvd., Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

Defendant HC's First Amended Objections & Responses to
Wagner Plaintiffs Second Request for Production                                          -1-

*Ricardo J. Navarro*

By: _____

RICARDO J. NAVARRO
State Bar No. 14829100
rjnavarro@rampagelaw.com

KELLY R. ALBIN
State Bar No. 24086079
kralbin@rampagelaw.com

**ATTORNEYS FOR DEFENDANT
HARRIS COUNTY, TEXAS**

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 19TH day of FEBRUARY 2025, to wit:

| | |
|---|---|
| Benjamin L. Crump | Email: court@bencrump.com |
| Paul Ashley Grinke | Email: paul@bencrump.com |
| Aaron Dekle | Email: aaron@bencrump.com |
| BEN CRUMP LAW FIRM | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Carl Lenford Evans, Jr. | Email: cevans@mccathernlaw.com |
| Noah L. McCathern | Email: nmccathern@mccathernlaw.com |
| Jordan A. Carter | Email: jcarter@mccathernlaw.com |
| Alizabeth A. Guillot | Email: aguillot@mccathernlaw.com |
| McCathern Law Firm | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Thad D. Spalding | Email: tspalding@dpslawgroup.com |
| Shelby J. White | Email: swhite@dpslawgroup.com |
| Durham, Pittard & Spalding, LLP | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Mohammed Obaid Shariff | Email: mshariff@sharifflawfirm.com; |
| Byron Boenig | Email: bboenig@sharifflawfirm.com |
| Russell Ross | Email: rross@sharifflawfirm.com |
| Shariff Law Firm | Email: eservice@sharifflwfirm.com |
| SHARIFF LAW FIRM | |
| ATTORNEY FOR INTERVENOR ANA GARCIA | |
| & KEVIN SANCHEZ TREJO | |

Taylor McCray Hunter                    Email: taylor@thehunterlaw.com
Kevin Green                             Email: kevin@consumerjusticecenter.com
Thomas Lyons Jr.                        Email: tommy@consumerjusticecenter.com
Andi Weber                              Email: andi@consumerjusticecenter.com
ATTORNEY FOR INTERVENOR
CHANDRA JENKINS & DEQON BUFORD

*Ricardo J. Navarro*

_____
RICARDO J. NAVARRO
KELLY R. ALBIN

**FIRST AMENDED OBJECTIONS AND RESPONSE BY**
**DEFENDANT HARRIS COUNTY TO**
**WAGNER PLAINTIFFS' SECOND REQUEST FOR PRODUCTION**
=====================================================================

**REQUEST FOR PRODUCTION NO 138.** Please produce the Internal Affairs investigation file into Officer Jesse Martinez and all disciplinary records pertaining to the incident involving Plaintiff Jeremy Garrison.

**OBJECTION:** This request is duplicative of RFPs 8-9, 29, 35, 42, 45-46, 106, 111, 116-118. Documents related to the incident involving Jermey Garrison and the subsequent IAD investigation have been produced.

**RESPONSE:** Harris County will supplement its previous responses in compliance with the Fed. R. Civ. P. 26.

First Supplemental Response: Internal affairs investigation produced on 10/17/2025.

**REQUEST FOR PRODUCTION NO 139.** Please produce the Internal Affairs file, reports, and witness statements relating to the incidents involving Plaintiff Jeremy Garrison on or around May 20, 2023.

**OBJECTION:** This request is duplicative of RFPs 8-9, 29, 35, 42, 45-46, 106, 111, 116-118. Documents related to the incident involving Jermey Garrison and the subsequent IAD investigation have been produced.
**RESPONSE:** Harris County will supplement its previous responses in compliance with the Fed. R. Civ. P. 26.

First Supplemental Response: Internal affairs investigation produced on 10/17/2025.

**REQUEST FOR PRODUCTION NO 140.** Produce the incident reports, IAD (internal affairs) file, Incident History Reports, PEWS records, and disciplinary records pertaining to Officer Warner Ervin including but not limited the records pertaining to Officer Ervin's use of force in March 2023 that led to his indictment.

**OBJECTION:** Officer Ervin has not been identified as an officer who was involved in any of the incidents alleged in the Second Amended Complaint and was not identified in Plaintiffs' identification of Employee Names for Order on MTC. Because Plaintiffs claims are not based on Officer Ervin's conduct, his file is not relevant to the claims in this case.

**REQUEST FOR PRODUCTION NO 141.** Produce the incident reports, IAD investigation and file, and jail records pertaining to Christian Whitsey, including but not related to the incident which occurred on or around March 8, 2023, involving Officer Warner Ervin.

**OBJECTION:** Officer Ervin has not been identified as an officer who was involved in any of the incidents alleged in the Second Amended Complaint and was not identified in Plaintiffs' identification of Employee Names for Order on MTC. Attached as Ex. A. Christian Whitsey is also not a plaintiff in this action. Because Plaintiffs claims are not based on Officer Ervin's conduct or claims by Christian Whitsey, those documents not relevant to the claims in this case.

**REQUEST FOR PRODUCTION NO 142.** Produce the incident reports, IAD investigation records and file, disciplinary records, PEWS records, and Incident History Reports for Officers Dagoberto Rivera, Shawn Garry, and Alex Parmar including but not limited to the documents pertaining to the use of force incident on or around July 25, 2023.

**OBJECTION:** Officers Rivera, Garry, and Parmar have not been identified as officers who were involved in any of the incidents alleged in the Second Amended Complaint and were not identified in Plaintiffs' identification of Employee Names for Order on MTC. Attached as Ex. A. Because Plaintiffs claims are not based on Officer Rivera's, Garry's, and Parmar's conduct, their files are not relevant to the claims in this case.

**REQUEST FOR PRODUCTION NO 143.** Produce the personal cell phone video and any communications or documentation relating to that video recorded by Officer Demitre Johnson relating to the use of force incident on or around July 25, 2023, involving Officers Dagoberto Rivera, Shawn Garry, and Alex Parmar.

**OBJECTION:** Officers Rivera, Garry, and Parmar have not been identified as officers who were involved in any of the incidents alleged in the Second Amended Complaint and were not identified in Plaintiffs' identification of Employee Names for Order on MTC. Attached as Ex. A. Because Plaintiffs' claims are not based on Officer Rivera's, Garry's, and Parmar's conduct, their files are not relevant to the claims in this case.

**REQUEST FOR PRODUCTION NO 144.** Produce unredacted investigation files by Houston Police Department and the Texas Rangers relating to any of the Plaintiffs or Comparators identified in this case.

**OBJECTION:** Harris County has previously produced HPD and Texas Rangers' investigations for the Plaintiffs where such an investigation exists. Harris County has also already produced Comparator's jail files. Every outside investigation into any incident involving every Comparator is not relevant to whether Plaintiffs suffered a Constitutional violation, as alleged in the Second Amended Complaint and imposes a burden on Harris County where voluminous records have already been produced. As such, this request is not proportional to the needs of the case.

<span style="color:red">First Supplemental Response: HPD and Ranger Reports have been produced where such exist and if Comparator materials have a nexus to any of the Plaintiff claims or involve detention officers who are also witnesses to Plaintiff claims.</span>

**REQUEST FOR PRODUCTION NO 145.** Produce all medical records for any Plaintiffs from any of the Harris Health or Harris Center facilities.

**OBJECTION:** It has already been established in this case that Harris County is a separate entity from those identified in this Request for Production. This request should be directed to the appropriate entities.

**REQUEST FOR PRODUCTION NO 146.** Produce the incident reports, investigation records, documentation, IAD reports, and the video footage for the use of force incident on September 8, 2022, involving Officer K Maquez (EIN 138453) and detainee Nakiia Manuel.

**OBJECTION:** There are no incidents alleged in the Second Amended Complaint pertaining to Nakiia Manuel and Officer Marquez was not identified in Plaintiffs' Employee Names for Order on MTC. Attached as Ex. A. Because Plaintiffs' claims are not based on incidents involving Nakiia Manuel or Officer Maquez, these documents are not relevant to the claims in this case.

**REQUEST FOR PRODUCTION NO 147.** Produce the video footage for the incident between Detainees Javondrick Catalon, Alexander Clayton, and Tyrell Bolt on or around April 10, 2022 in 4C2 of 701 N. San Jacinto.

**OBJECTION:** There is no allegation in the Second Amended Complaint about an incident on April 10, 2022, involving Tyrell Bolt, therefore, this request seeks information that is not relevant to the claims in this case. Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

**RESPONSE:** Harris County will supplement in accordance with the Rules.

First Supplemental Response: Requests for video and investigative reports for Tyrell Bolt have been made to HCSO legal and IAD. OMS records have been produced to Plaintiff.

**REQUEST FOR PRODUCTION NO 148.** Produce the photos and video footage uploaded to the ADAMS system and Video Share file for the use of force incident involving Tyrell Bolt on February 27, 2022.

**OBJECTION:** There is no allegation in the Second Amended Complaint about an incident on February 27, 2022, involving Tyrell Bolt, therefore, this request seeks information that is not relevant to the claims in this case. Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

**RESPONSE:** Harris County will supplement in accordance with the Rules.

First Supplemental Response: Requests for video and investigative reports have been made to HCSO legal and IAD re Tyrell Bolt. OMS records have been produced to Plaintiff.

**REQUEST FOR PRODUCTION NO 149.** Produce the incident reports, documentation, photos, and videos of the incident between Plaintiff Coote and another detainee on or around November and December 2014 resulting in injury to Plaintiff Coote as identified in Coote JR 209.

**OBJECTION:** There is no allegation in the Second Amended Complaint about incidents "on or around" November and December 2014 involving John Coote and even if there were, those incidents are 10 years outside of the statute of limitations applicable in this case, therefore, this request seeks information that is not relevant to the claims in this case. Additionally, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Further, production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

**RESPONSE:** Harris County will supplement in accordance with the Rules.

First Supplemental Response: There are no additional materials pertaining to Plaintiff Coote beyond what has already been produced.

**REQUEST FOR PRODUCTION NO 150.** Produce the incident reports, documentation, photos, and video footage of the detainee fight in 5E-1B Incident ID 22-0612-952 that occurred on or around June 12, 2022.

**OBJECTION**: There is no allegation in the Second Amended Complaint about a detainee fight in 5E-1B Incident ID 22-0612-952 that occurred on or around June 12, 2022, and Plaintiffs have failed to so much as identify the detainees to whom this relates, therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

First Supplemental Response: No Plaintiff directly identified with OMS 22-0612-952.

**REQUEST FOR PRODUCTION NO 151.** Produce the incident reports, documentation, photos, and video footage of the incident AND assault which occurred in 4B-2 on or around January 16-17, 2021, which led to a detainee being sent to a hospital as identified in Lockhart JR 88.

**OBJECTION**: There is no allegation in the Second Amended Complaint about an incident on January 16-17, 2021, involving Bernard Lockhart, nor is the detainee about whom this request seeks information a Plaintiff or Comparator therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

First Supplemental Response: No Plaintiff named in OMS 21-0117-831

**REQUEST FOR PRODUCTION NO 152.** Produce all documents, incident reports, photos, and video footage pertaining to the altercation which occurred on or around February 16, 2020, involving Plaintiff Zepeda as identified in Zepeda JR 8.

**OBJECTION**: There is no allegation in the Second Amended Complaint about an incident on February 16, 2020, involving Zachary Zepeda, therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

**RESPONSE**: Harris County will supplement in accordance with the Rules.

Defendant HC's First Amended Objections & Responses to
Wagner Plaintiffs Second Request for Production                                                                                   -7-

First Supplemental Response: There is no additional material beyond what has been produced for Plaintiff Zachary Zepeda as a JPC Medical Acceptance Form - 000008. Zepeda was an arrestee, not a detainee at the time of the incident.

**REQUEST FOR PRODUCTION NO 153.** Produce legible copies of all documents and records pertaining to staffing identifying every officer assigned to the JPC on or around September 29, 2022, and legible copies of all other staffing records relating to Euell.

**RESPONSE:** This material has already been produced.

First Supplemental Response: DWS reports reflecting staffing for 9/29/2022 for both day and night watch has already been produced.

**REQUEST FOR PRODUCTION NO 154.** Produce the incident reports, investigation documents, documentation, photos, and videos pertaining to the use of force incident between Martin Pena Jr. and Officer Joshua Dillard on or around October 22, 2019.

**OBJECTION:** There is no allegation in the Second Amended Complaint about an incident on October 22, 2019 involving Martin Pena Jr., therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 155.** Produce the video footage relating to the incident between Detainee Michael Coates and Plaintiff Christopher Young on or around April 12, 2023 in 2D3 as identified in Y2023, JR 695.

**OBJECTION:** There is no allegation in the Second Amended Complaint about an incident on April 12, 2023, involving Christopher Young, therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

**RESPONSE:** Harris County will supplement in accordance with the Rules.

First Supplemental Response: There is no video retained pertaining to this incident referenced in the OMS report identified in this RFP.

**REQUEST FOR PRODUCTION NO 156.** Produce the records, documentation, incident reports, photos, and video footage from the altercation involving Plaintiff Dylan Perio on or around September 5, 2022, as identified in Perio JR 386.

**OBJECTION:** There is no allegation in the Second Amended Complaint about an incident on September 5, 2022, involving Dylan Perio. Therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

**RESPONSE:** Harris County will supplement in accordance with the Rules.

First Supplemental Response: There is no reference in Perio Jail Records at p. 386 to any such altercation.

**REQUEST FOR PRODUCTION NO 157.** Produce the "Video training with specific instructions on how to conduct Inmate Observation located on the Harris County Sheriff's Office Intranet" as stated in the 2025-0128 Harris County DIC Response 012825 document.

**RESPONSE:** Harris County will produce video training on how to conduct Inmate Observation.

First Supplemental Response: Supplemental request for content pending.

**REQUEST FOR PRODUCTION NO 158.** Produce all death reviews, reports, and investigations conducted by Harris Health, the Harris Center, Harris County Hospital District, and the Harris County Sheriff's office relating to each in custody death from January 1, 2018, to present including for each Decedent identified in the active complaint.

**OBJECTION:** This request is overbroad and duplicative of several previous requests. Plaintiffs have been provided documents in possession of Harris County Sheriff's Office related to all deaths alleged in the Second Amended Complaint, including records related to non-Plaintiffs. Further, under the Agreed Order on the Motion to Compel, Harris County is producing the records underlying the in-custody deaths as reported to TCJS from 2018-2023. This request appears to be an attempt to skirt the Court's Order and impermissibly expand the agreed-upon discovery parameters.

**REQUEST FOR PRODUCTION NO 159.** Produce the incident reports, investigation files, autopsy report, photos, and videos of Devin Todd Williams who died on or around February 27, 2025.

**OBJECTION:** Devin Williams is not a plaintiff in this action and there are no allegations related to Williams in the Second Amended Complaint or any prior versions of the complaint. Further, Williams' death occurred after all incidents that are alleged in the lawsuit; therefore, documents related to his death are not relevant to the claims in this case.

**REQUEST FOR PRODUCTION NO 160.** Produce the incident reports, investigation files, autopsy report, photos, and videos of Eric Dewayne Jackson who died on or around February 24, 2025.

Defendant HC's First Amended Objections & Responses to
Wagner Plaintiffs Second Request for Production                                                    -9-

**OBJECTION:** Eric Dewayne Jackson is not a plaintiff in this action and there are no allegations related to Jackson in the Second Amended Complaint or any prior versions of the complaint. Further, Jackson's death occurred after all incidents that are alleged in the lawsuit. Therefore, documents related to his death are not relevant to the claims in this case or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 161.** Produce the incident reports, investigation files, autopsy report, photos, and videos of Anthony Charles Thomas who died on or around December 28, 2024.

**OBJECTION:** Anthony Charles Thomas is not a plaintiff in this action and there are no allegations related to Thomas in the Second Amended Complaint or any prior versions of the complaint. Further, Thomas' death occurred after all incidents that are alleged in the lawsuit; therefore, documents related to his death are not relevant to the claims in this case or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 162.** Produce the incident reports, investigation files, autopsy report, photos, and videos of Byron A. Burton who died on or around December 4, 2024.

**OBJECTION:** Byron A. Burton is not a plaintiff in this action and there are no allegations related to Burton in the Second Amended Complaint or any prior versions of the complaint. Further, Burton's death occurred after all incidents that are alleged in the lawsuit; therefore, documents related to his death are not relevant to the claims in this case nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 163.** Produce the psychological autopsy reports for the deaths of Robert Fore and Alan Kerber including all accompanying records and reports.

**RESPONSE:** Records related to Fore and Kerber, including autopsy records, were previously produced.

First Supplemental Response: Psychological autopsy for Robert Fore located in Fore Jail Records at p.150 -153. Psychological autopsy for Kerber located in Jail Records at pp. 90 – 94.

**REQUEST FOR PRODUCTION NO 164.** Produce the incident reports, investigation records, findings, documents, communications, autopsy records, and videos relating to the death of Jerome Nebuwa (SPN 02691543) on or around May 6, 2020, including all records relating to the fight or use of force involving this detainee on or around January 2020.

**OBJECTION:** There is no allegation in the Second Amended Complaint about Jerome Nebuwa, therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 165.** Produce the observation and operational records for all of the Comparators for each incident they were involved in as identified in the Complaint or in incident reports included in their records.

**OBJECTION:** Plaintiffs have failed to limit this request in a way that is compliant with the Rules. For instance, Plaintiffs do not even bother to identify specific days or incidents for which they seek records and, instead, ask for all observation and operational record as identified in any of Comparators' incident reports. There is no regard for whether the incidents relate to the claims of Plaintiffs in this case. As such, this request is overbroad and not limited to seeking materials proportional to the needs of the case, particularly in light of the voluminous records that have already been produced for every Plaintiff and Comparator.

**REQUEST FOR PRODUCTION NO 166.** Produce the incident reports and documents identifying the officers who conducted the observations and responded to the Wallace Harris incident in the Jail.

**RESPONSE:** Harris' jail records were previously produced as Comparator #5.

**REQUEST FOR PRODUCTION NO 167.** Produce all incident reports, investigation documents, communications, photos and videos relating to any fights, assaults, or use of force incidents that David Perez was involved in during the 5 months prior to his death.

**RESPONSE:** Perez's jail records were previously produced. As Comparator #6.

**REQUEST FOR PRODUCTION NO 168.** Produce uncorrupted versions of the jail records for Israel Lizano Iglesias as well as the complete video of him in the holding cell in 1200 Baker Streeton and around the time of his death.

**RESPONSE:** Harris County will produce.

First Supplemental Response: Israel Lizano Iglesias Jail records, autopsy records, and jail video produced under Comparator #7.

**REQUEST FOR PRODUCTION NO 169.** Produce all Texas Rangers and Houston Police Department investigations and records for all Comparators identified in the Complaint.

**OBJECTION:** This is duplicative of several other requests for production. See the objections and responses to this same Request previously made by Plaintiffs.

**REQUEST FOR PRODUCTION NO 170.** Produce the incident reports and videos for the incident involving an altercation on or around October 31, 2021, involving James Earl Gamble.

**OBJECTION:** There is no allegation in the Second Amended Complaint about an incident on October 31, 2021. Therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

First Supplemental Response: Records pertaining to James Earl Gamble previously produced as Comparator #9.

**REQUEST FOR PRODUCTION NO 171.** Produce the observation records and operation records for Victoria Simon for the day leading up to and the day of her passing.

**OBJECTION:** Jail records for Victoria Simon were previously produced, and additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

First Supplemental Response: Records pertaining to Victoria Simon previously produced as Comparator #10.

**REQUEST FOR PRODUCTION NO 172.** Produce the incident reports, documents, and videos relating to the incident and inmate assault on June 20, 2019, with the victim being Duone Titus-Ray Hairston (SPN 03003353) which occurred in B Pod 5th Floor 1200 Baker.

**OBJECTION:** There is no allegation in the Second Amended Complaint about Duone Titus-Ray Hairston, therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

First Supplemental Response: No named Plaintiffs or Comparators with these names.

**REQUEST FOR PRODUCTION NO 173.** Produce the incident reports, documents, and videos relating to the incident and inmate assault on or around July 1, 2019, in B Pod 5th Floor 1200 Baker involving Hughes Keyon (SPN02825059).

**OBJECTION:** There is no allegation in the Second Amended Complaint about Hughes Keyon, therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

First Supplemental Response: No named Plaintiffs or Comparators with these names.

**REQUEST FOR PRODUCTION NO 174.** Produce the investigation records, files, documents, incident reports, and videos relating to IAD investigation IA#2021-00047 pertaining to Eric Morales.

**OBJECTION:** Plaintiffs fail to identify which Plaintiff or officer, if any, IAD investigation IA#2021-00047 is related to. It is not even clear from this request whether Eric Morales is an officer or detainee. In any event, there are no allegations about him in the Second Amended Complaint, and he is not identified in Plaintiffs' identification of Employee Names for Order on MTC. Attached as Ex. A. Because Plaintiffs claims are not based on the incident underlying the IA file identified above, this file is not relevant to the claims in this case.

**REQUEST FOR PRODUCTION NO 175.** Produce the incident reports, IAD records, AD files, investigation records and reports, and the video for the fight that occurred on or around May 8, 2021, involving Rory Ward.

**RESPONSE:** Ward's jail records, including video, have been produced.

First Supplemental Response: Records for Rory Ward have been produced as Comparator #14.

**REQUEST FOR PRODUCTION NO 176.** Produce the incident reports, IAD records, documents, and videos of the assault or use of force which occurred on or around November 25, 2022, within 6B2 of 1200 Baker.

**OJECTION:** There is no allegation in the Second Amended Complaint about an incident on November 25, 2022. Therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 177.** Produce the incident reports and video footage of the assaults between Detainees Garcia and Campbell on or around November 25, 2022, at 1615 hours in 6N 1200 Baker and the same reports and video footage for another fight between Y. Fundora-Leon and J. Luna around the same date and time.

**OJECTION:** There is no allegation in the Second Amended Complaint about an incident on November 25, 2022. Therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO 178.** Produce the detainee file and incident reports for Michael Ownby including the incident report and video footage for the incident which occurred on 6th Floor 1200 Baker on or around October 29, 2021.

**RESPONSE:** Records related to this incident, including video capturing the incident, were previously produced.

First Supplemental Response: OMS report (02-1,03-17) provided with Comparator Fred Harris' records, including video, as Comparator #16.

**REQUEST FOR PRODUCTION NO 179.** Produce video footage for the use of force incident involving Jerome Bartee.

**RESPONSE:** If video footage of an incident alleged in the Second Amended Complaint exists, Harris County will supplement its production related to Comparator Bartee in accordance with the Rules.

First Supplemental Response: Jail records pertaining to Jerome Bartee previously produced under Comparator #17.

**REQUEST FOR PRODUCTION NO 180.** Produce the observation records, operational records, and video of his cell and the observations for Gregory Barrett on and around August 28, 2021.

**RESPONSE:** Operational records related to an incident alleged in the Second Amended Complaint that pertain to Comparator Barrett will be supplemented in accordance with the Rules.

First Supplemental Response: Jail Records and Autopsy records regarding Comparator Barrett produced under Comparator #19.

**REQUEST FOR PRODUCTION NO 181.** Produce the photos, IAD files, depositions, incident reports, and videos pertaining to Christopher Johnson's claims against Harris County.

**OBJECTION:** Johnson's jail records have already been produced. To the extent that this request is seeking discovery from a separate lawsuit, this request is wholly improper and not proportional to the needs in this case. Plaintiffs make no attempt to explain why Johnson's jail file is insufficient for the needs of this case where Johnson is not a Plaintiff.

First Supplemental Response: Jail documents pertaining to Comparator Christopher Johnson produced under Comparator #20.

**REQUEST FOR PRODUCTION NO 182.** Need the files produced in discovery in the case Michael Alaniz had against Harris County relating to his claims and his records within the jail pertaining to the time in and around his injuries or death.

**OBJECTION:** Alaniz's jail records have already been produced. To the extent that this request is seeking discovery from a separate lawsuit, this request is wholly improper and not proportional to the needs in this case. Plaintiffs make no attempt to explain why Alaniz's jail file is insufficient for the needs of this case where Alaniz is not a Plaintiff.

First Supplemental Response: Jail documents pertaining to Michael Alaniz produced as Comparator #22.

**REQUEST FOR PRODUCTION NO 183.** Produce each of the IAD files and reports pertaining to each IAD case number identified in Michael A Alaniz 40-41 as produced by Harris County in discovery.

**OBJECTION:** [withdrawn]

First Supplemental Response: Jail documents previously produced to Plaintiff in Comparator #22. Defendant objects to production of list of IA files referenced in the Jail Records pertaining to Comparator Alaniz #22 at pp. 40-41.

**REQUEST FOR PRODUCTION NO 184.** Produce the lawsuit information, discovery, expert reports, deposition transcripts, observation records, staffing schedule and clinic records for each Comparator identified in the Complaint that filed a lawsuit against Harris County, Harris County Sheriff's Office, the Harris County Sheriff, or an individual officer.

**OBJECTION:** This request is duplicative of RFP #94 and Harris County stands on its previous objection.

**REQUEST FOR PRODUCTION NO 185.** Produce video footage from the incident involving Kareem Jefferson and Alan Hernandez (SPN 02643961) on or around April 16, 2023, on 6ᵗʰ Floor M Pod 1B 1200 Baker as identified in Jefferson JR 360.

**RESPONSE:** Jefferson's jail file was previously produced. If additional video of an incident identified in the Second Amended Complaint exists, Harris County will supplement in accordance with the Rules.

First Supplemental Response: Jail Records pertaining to Kareem Jefferson previously produced as Comparator #24. at p. 360. There is no video content responsive to this request.

**REQUEST FOR PRODUCTION NO 186.** Produce the video footage for the incident involving Officer Ramos and Kareem Jefferson on or around March 29, 2019, as identified by the IAD investigator in Jefferson JR453.

**RESPONSE:** Jefferson's jail file was previously produced. If additional video of an incident identified in the Second Amended Complaint exists, Harris County will supplement in accordance with the Rules.

First Supplemental Response: Jail documents produced to Plaintiff as Comparator #24. Supplemental request for video content remains pending.

**REQUEST FOR PRODUCTION NO 187.** Produce the incident reports, investigation records, and video footage for each incident referred to in Fisher DIC 77.

**RESPONSE:** Records related to the incident, including video, which occurred on June 15, 2022, which is the incident in Fisher DIC 77, were previously produced.

First Supplemental Response: Jail documents and video produced to Plaintiff on 11/25/2024.

**REQUEST FOR PRODUCTION NO 188.** Produce the observation logs, staffing records, video footage, and photos mentioned in Fisher DIC 89.

**RESPONSE:** Records related to the incident, including video, which occurred on June 15, 2022, which is the incident in Fisher DIC 89, were previously produced.

First Supplemental Response: Jail documents and video pertaining to Loron Ernest Fisher produced to Plaintiff on 11/25/2024 as Comparator #26. No additional content to produce.

**REQUEST FOR PRODUCTION NO 189.** Produce Harris Health, Harris Center, Harris County Sheriff's Department, and any other medical providers for the Jail's mental health policies for detainees.

**OBJECTION:** It has already been established in this case that Harris County is a separate entity from those identified in this Request for Production. This request should be directed to the appropriate entities. For the portion of this request directed to Harris County, all of the Jail's policies have been produced.

First Supplemental Response: HCSO SOP's previously produced.

**REQUEST FOR PRODUCTION NO 190.** Produce Harris Health, Harris Center, Harris County Sheriff's Department, and any other medical providers for the Jail's intoxication and detoxification policies, practices, and procedures.

**OBJECTION:** It has already been established in this case that Harris County is a separate entity from those identified in this Request for Production. This request should be directed to the appropriate entities. For the portion of this request directed to Harris County, all of the Jail's policies have been produced.

First Supplemental Response: HCSO SOP's previously produced.

**REQUEST FOR PRODUCTION NO 191.** Produce the missing pages for UOF2020-00460.

**RESPONSE:** Harris County will produce records as they were produced to KHOU in accordance with the initial request and pursuant to the Court's Agreed Order on the Motion to Compel.

First Supplemental Response: HCSO SOP's previously produced as produced to KHOU.

**REQUEST FOR PRODUCTION NO 192.** Produce the records relating to UOF2020-00395 as the folder produced is empty.

**RESPONSE:** Harris County will produce records as they were produced to KHOU in accordance with the initial request and pursuant to the Court's Agreed Order on the Motion to Compel.

First Supplemental Response: HCSO SOP's previously produced as produced to KHOU.

**REQUEST FOR PRODUCTION NO 193.** Produce all incident reports, investigation records, video footage, IAD investigations, and photos relating to any incidents involving Detainee Anasia Smith including a use of force incident on or around July 15, 2023. This includes all disciplinary records or investigations into any of the officers involved.

**OBJECTION:** There is no allegation in the Second Amended Complaint about Anasia Smith on July 15, 2023, therefore, this request seeks information that is not relevant to the claims in this case. Further, Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

First Supplemental Response: There is no Plaintiff or any Comparator by the name of Anasia Smith.

**REQUEST FOR PRODUCTION NO 194.** Produce the case documents and expert reports for each case where a settlement agreement has been produced.

**OBJECTION:** This request is duplicative and Harris County stands on the objection previously asserted to the same request.

First Supplemental Response: Settlement Agreements were previously produced under Paragraph #13 Settlement Agreements pursuant to Court Order.

**REQUEST FOR PRODUCTION NO 195.** Produce any documents revealing the identity of the officers who filed the lawsuit *Doe v. Harris County*, No. H-21-03036.

**OBJECTION:** This request is duplicative and Harris County stands on the objection previously asserted to the same request.

**REQUEST FOR PRODUCTION NO 196.** Produce the videos outside of the holding cells and any other cells that Robert Terry was in for the three days prior to his passing.

**OBJECTION:** Terry's jail records have already been produced. To the extent that this request is seeking discovery from a separate lawsuit, this request is wholly improper and not proportional to the needs in this case. Moreover, Plaintiffs' counsel represents Terry and likely already has obtained this information in that suit and pursuant to that Court's discovery parameters.

**REQUEST FOR PRODUCTION NO 197.** Produce the videos and investigation files for each of the fights involving Crowder on the following dates: July 4, 2020; August 15, 2020; November 28, 2020; December 8, 2020; December 9, 2020; April 1, 2022; December 13, 2022, as identified in Crowder 50, 90, 131, 134, 168, 176.

**OBJECTION:** There is no allegation in the Second Amended Complaint about incidents or fights on the days identified in this request involving Treyvan Crowder. The allegations about Crowder are related to an alleged medical condition and his submission of medical requests through the Jail's kiosk system. Therefore, this request seeks information that is not relevant to the claims in this case. Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

<span style="color:red">First Supplemental Response: Jail records have previously been provided as Comparator #36.</span>

**REQUEST FOR PRODUCTION NO 198.** Produce the lawsuit files including jail files, incident reports, medical records, and expert reports relating to Rachel Hatton.

**OBJECTION:** Hatton's jail records have already been produced. To the extent that this request is seeking discovery and the "lawsuit file" from a separate lawsuit that the Court dismissed, this request is wholly improper and not proportional to the needs in this case. Plaintiffs make no effort to explain why they need more than just Hatton's jail records.

<span style="color:red">First Supplemental Response: Jail records have previously been produced under Comparator #35.</span>

**REQUEST FOR PRODUCTION NO 199.** Produce the video footage relating to Kenneth Lucas. If Harris County no longer has the video footage, provide an explanation on why this footage is no longer in your possession.

**OBJECTION:** Plaintiffs make no effort to describe with any specificity what video footage is being sought by this request. Further, Harris County has produced Lucas' jail records. Finally, demanding explanations through requests for production is not authorized under the Rules.

First Supplemental Response: Jail records and autopsy records have previously been produced under Comparator #34.

**REQUEST FOR PRODUCTION NO 200.** Produce all communications with any outside agency including TCJS, Texas Rangers, or Houston Police Department relating to Fabian Cortez.

**RESPONSE:** Harris County will supplement with investigative records related to an incident involving Cortez that is alleged in the Second Amended Complaint.

First Supplemental Response: Jail records, autopsy records, and jail video have previously been produced under Comparator #32.

**REQUEST FOR PRODUCTION NO 201.** Produce the videos of the assault that occurred between Detainees Moore and Nelson on July 13, 2021, as identified in Nelson JR 34.

**OBJECTION:** There is no allegation in the Second Amended Complaint about the fight described in this RFP. The allegations about Gilbert Nelson are about his urinary tract infection. Therefore, this request seeks information that is not relevant to the claims in this case. Harris County has produced hundreds of thousands of documents based on the incidents alleged in Plaintiffs' Complaint, First Amended Complaint and Second Amended Complaint. Additional production based on incidents not alleged in any iteration of the Complaints is not proportional to the needs of the case.

First Supplemental Response: Jail records and autopsy records pertaining to Gilbert Allen Nelson previously produced under Comparator #28.

**REQUEST FOR PRODUCTION NO 202.** Produce for examination slides for all organs preserved by the Harris County Medical Examiner relating to each of the Deceased Plaintiff.

**OBJECTION:** County has not agreed to produce additional categories of information outside of what is in the court's agreed order on Motion to Compel. If the court orders production related to this category of information Defendant Harris County will make slides available to an expert witness only and at a time set by Harris County.

First Supplemental Response: Arrangements for tissue slides have been arranged.

**REQUEST FOR PRODUCTION NO 203.** Produce the videos and incident reports relating to the assaults that occurred in 4F4 on the 4th Floor of 701 N. San Jacinto on June 15, 2022, as mentioned in Fisher JR 89.

**RESPONSE:** This RFP was already asked above. Further, records related to the incident, including video, which occurred on June 15, 2022 (the incident in Fisher DIC 89), were previously produced.

**REQUEST FOR PRODUCTION NO 204.** Produce all Health Services Plans for the past 10 years from Harris County, Harris County Sheriff's Office, Harris Health, and the Harris Center.

**OBJECTION:** It has already been established in this case that Harris County is a separate entity from those identified in this Request for Production. This request should be directed to the appropriate entities. For the portion of this request directed to Harris County, all of the Jail's policies have been produced.

**REQUEST FOR PRODUCTION NO 205.**    Produce all Covid-19 policies relating to the Jail.

**RESPONSE:** Harris County has produced all Jail policies.

First Supplemental Response: All Jail SOP policies have been produced. A request for interim Covid-19 policies and executive orders is pending.

**REQUEST FOR PRODUCTION NO 206.** For the Medical Services Division of the Harris County Sheriff's Office produce all manuals, policies, and procedures including all documents that address the standards from the National Commission on Correctional Health Care (NCCHC) including all manuals of policies and procedures for each department within the Medical Services Division.

**RESPONSE:** Harris County has produced all Jail policies. This request appears to be seeking material from the Jail's medical provider, which Harris County has already explained is a separate entity to whom this request should be directed.

First Supplemental Response: All Jail SOP policies have been produced. A request for specific NCCHC policies, if any, is pending. This request is should be directed to Harris Health since NCCHC standards are referenced in the ILA between the HCSO and Harris Health.

**REQUEST FOR PRODUCTION NO 207.**    Produce all documents and records relating to or identifying the Chronic Care Policies for the Harris County Jail including any Chronic Care Policies from the Health/Medical Services of the Harris County Sheriff's Office, Harris Health, the Harris Center, and any other provider of health services to detainees in the Jail.

**OBJECTION:** It has already been established in this case that Harris County is a separate entity from those identified in this Request for Production. This request should be directed to the appropriate entities. For the portion of this request directed to Harris County, all of the Jail's policies have been produced.

**REQUEST FOR PRODUCTION NO 208.**    Produce all Chronic Care documents for each Plaintiff including any Chronic Care records, tests, and diagnosis.

**OBJECTION:** Medical records for every single Plaintiff have been produced. It is unclear whether this is seeking some category of information outside of Plaintiffs' medical records and Harris County cannot reasonably respond to this request without further explanation about what is being sought.

**REQUEST FOR PRODUCTION NO 209.**        Produce the IAD file and investigation reports for the incident(s) involving Jaquaree Simmons including all witness statements from officers and detainees.

**RESPONSE:** Harris County will supplement its previous production for Simmons for any incident identified in the Second Amended Complaint that was not included in the initial production.

<span style="color:red">First Supplemental Response: Jail records, autopsy records, video content, and phone call records previously produced as Comparator #13. The IAD content is being processed and will be produced when completed.</span>

**REQUEST FOR PRODUCTION NO 210.**        Produce the IAD files and investigation reports for any incident or incidents involving Plaintiffs during their time in the Jail.

**OBJECTION:** Plaintiffs are in possession of all jail record related to every single Plaintiffs' time at the Jail and investigative materials related to the incidents alleged in the Second Amended Complaint. To the extent that this is seeking some other category of documents, Plaintiffs failure to state with specificity what is being sought or limit the request to materials relevant to the claims that have been brought in a way that is proportional to the needs of the case. Further, to the extent that this is an effort to expand the Agreed Order on the Motions to Compel, this request seeks to improperly skirt the Court's Order.

-END-