**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.**<br>　　**Plaintiffs** | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **Civil Action No. 4:23-CV-02886** |
| **HARRIS COUNTY, TEXAS**<br>　　**Defendant** | §<br>§<br>§ | |
| **AND** | §<br>§ | |
| **ANA GARCIA AND CHANDRA JENKINS,**<br>　　**Plaintiff – Intervenors** | §<br>§<br>§ | |

**DEFENDANT HARRIS COUNTY'S RULE 56
MOTION FOR SUMMARY JUDGMENT AND MOTION TO SEVER
CLAIMS BY INMATE CHRISTOPHER YOUNG [SPN 01920591]**
=================================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT, HARRIS COUNTY, TEXAS, and files this Rule 56 Motion for Summary Judgment against the claims brought by Plaintiff CHRISTOPHER YOUNG (hereafter "Young" or "Plaintiff").

## I. TABLE OF CONTENTS
========================================

I. TABLE OF CONTENTS ........................................................................................................ i

II. NATURE OF THE CASE................................................................................................... 1

III. MSJ STANDARD ............................................................................................................ 1

IV. MSJ EXHIBITS................................................................................................................ 2

V. SUMMARY OF THE ARGUMENT ................................................................................ 3

VI. CHRONOLOGY OF MATERIAL FACTUAL EVENTS.............................................. 3

A.　　Exhibit References For Incidents/Facts ...................................................................... 3

B.　　Facts Regarding Jail Stay And Incidents .................................................................... 4

VII. ARGUMENT & AUTHORITIES................................................................................... 5

A.      Review Of The Established Material Facts Pertaining To Young's Stay In The Harris County Jail Does Not Reveal The Existence Of A Constitutional Injury. ........................................................................................ 5

B.      Young Was At All Times In The Lawful Custody Of The Harris County Jail Facility........................................................................................................ 6

C.      Young's Failure To Protect Claim Does Not Satisfy All The Elements For Such A Claim................................................................................................... 6

D.      The Summary Judgment Establishes That Plaintiff Young Was Not Denied Medical Care And Plaintiff Has No Evidence To The Contrary ........................... 7

E.      Plaintiff Cannot Establish Conditions Of Confinement Claim....................................... 10

      1.      No Violation Of Constitutional Rights ................................................... 11

      2.      No Unconstitutional Condition, Policy, Or Practice That Was Not Reasonably Related To A Legitimate Governmental Objective........................... 12

F.      Plaintiff Cannot Establish Episodic Acts Or Omissions Claim....................................... 12

G.      There Is No Need To Address Monell Evidence Because There Is No Evidence That Young Suffered An Injury Of Constitutional Magnitude At All. ........................................................................................................... 13

VIII. MOTION TO SEVER......................................................................................... 14

IX. CONCLUSION & PRAYER.................................................................................. 14

## II. NATURE OF THE CASE

1. This is a Section 1983 civil rights case brought by and on behalf of former Harris County Jail Inmate, CHRISTOPHER YOUNG [SPN 01920591].

2. YOUNG contends in the live Complaint, that is, the Second Amended Complaint (¶¶290-297) that while in the custody of the Harris County Jail, he was 1) assaulted by other inmate(s), 2) denied medical care, and 3) otherwise ignored by jail staff and medical personnel who were indifferent to his personal safety and medical needs.

3. DEFENDANT HARRIS COUNTY denied and still denies the material factual allegations urged by Plaintiff Young. *See ECF #123 – Original Answer to Plaintiffs' SAC.*

## III. MSJ STANDARD

4. Summary judgment is appropriate if the pleadings and affidavits and discovery on file "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.; *see also Celotex Corp. vs. Catrett*, 477 U.S. 317, 322 (1986). The plain language of FRCP 56(c) mandates the entry of a summary judgment against a party "who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in *any* case 'where the critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Little v. Liquid Air Corp.,* 37 F.3d 1069,1075 (5th Cir. 1994) (quoting *Armstrong vs. City of Dallas*, 997 F.2d 62 (5th Cir. 1993)).

5. The dispositive motion is brought as both a Rule 56 Traditional and No Evidence Motion for Summary Judgement. A movant who does not bear the burden of proof at trial may move for summary judgment by pointing out that there is "no evidence" to support one or more elements of the non-movant's claim. *See FRCP Rule 56(a); see also Austin v Kroger Texas, L.P.,* 864 F.3d 326, 335 & n.10 (5th Cir. 2017); *followed in Nieto v State Farm,* 722 F.Supp. 653 (S.D. Tex. – Brownsville Div. 2024).

6. To demonstrate the lack of evidence, the moving party without the burden of proof may demonstrate the lack of proof by submitting evidentiary proof in the form of documents, affidavits, deposition testimony in support of the Rule 56(a) argument that the plaintiff (i.e., the

nonmoving party with the burden of proof) cannot, as a matter of law, provide evidence to satisfy each element of the claims asserted. *Nieto*, 722 F.Supp. at 657.

7.      The burden of production then shifts to the non-moving party, the party with the burden of proof, that there is sufficient evidence as to each element of an alleged claim to, at a minimum, create a material issue of fact for a jury. *Id.; see also Celotex Corp,* 477 U.S. at 322-323 (1986) (failure of non-movant to establish any essential element of a claim defeats the claim as a matter of law). The party opposing a properly supported motion for summary judgment may not rest on mere allegation or denial of pleadings but must set forth specific fact showing the existence of a genuine issue as to each element of an alleged claim remaining for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); see also *Celotex Corp.*, 477 U.S. 317, 322-323 (1986) (failure of non-movant to establish any essential element of a claim defeats the claim as a matter of law).

8.      "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted). Unsubstantiated assertions that a fact issue exists will not suffice. *Krim v. Banc Texas Group, Inc.*, 989 F.3d 1435, 1442 (5th Cir. 1993).

### IV. MSJ EXHIBITS

The records and exhibits tendered in support of this dispositive motion are all identified, indexed, and authenticated under the 28 U.S.C. §1746 statutory declaration of HCSO Paralegal Candice D. Kelley.  *See Exhibit I - Authenticating Declaration by Candice D. Kelley.* The list of exhibits, all of which have been produced to all counsel of record, are hereby incorporated by reference into this dispositive motion for all purposes and are identified as follows:

I.      Plaintiff Complaint Excerpts for Plaintiff Young (pp. 60-61, paras. 290-297)

II.     Documents Authentication - Candice Kelly

1.      Jail Records
Exhibit 1.A – Jail Intake Records re C. Young [JR 000558- JR 000588]
Exhibit 1.B – Intake JPC Medical Re C. Young [JR 000560]
Exhibit 1.C – Notices & Brochures to C. Young [JR 000588]
Exhibit 1.D –Housing History Report Re C. Young [JR 000724-JR 000725]
Exhibit 1.E – Incident Report Re C. Young on 2023-0211
Exhibit 1.F – Grievance History Report Re C. Young [JR 000715-000723]
Exhibit 1.G – OMS Incident Reports re C. Young [JR 000660 – 000713]

Rule 56 Motion for Summary Judgment by Harris County
Regarding Claims by Inmate Christopher Young [SPN 01920591]                    -2-

2.    Medical Records
Exhibit 2.A – Medical Records [JR 000002-JR 000526]

3.    Jail Operational Records

Exhibit 3.A – DWS 1200 Day Watch dated 2/11/2023 [000133 – 000137]

Exhibit 3.B – Rounds Activity Reports re 2/11/2023 [000391 – 000402]

III.    Custodial Timeline re Young (Dougherty)

IV.    Medical Timeline re: Young (Dimas)

V.    Deposition Excerpts – Christopher Young (taken 2/17/2026)

VI.    Index to Binder of Select Plans, Policies & Procedures

9.    For ease of reference, an extract of the relevant portions of Plaintiff's live complaint is attached as an opening exhibit as noted above. *See Exh. I – Second Amended Complaint at pp. 60-61.* DEFENDANT requests that the Court take judicial notice of Plaintiff's pleadings. *See also, Defendant's Original Answer to Plaintiffs' SAC, ECF #123.*

## V. SUMMARY OF THE ARGUMENT

10.    DEFENDANT HARRIS COUNTY contends that the evidentiary record does not, and cannot, support a factual or legal finding that Plaintiff Young suffered a constitutional injury during his stay in the Harris County Jail. As pleaded, Young's claims fall into two categories: 1) a failure to protect claim based on an alleged assault by another inmate; and 2) a denial of medical care claim after the alleged assault by another inmate.

11.    The Plaintiff's claims are frivolous, and the summary judgment evidence tendered herein demonstrates, with no issues of material fact, that the assault claim by another inmate did not happen-he instead fell and passed out on his own and hit his head on the toilet.

12.    As for the denial of medical care claim following his passing out and hitting his head, the evidentiary record more than amply demonstrates that Inmate Young received significant medical attention sufficient to establish granting of summary judgment as a matter of law in favor of the County.

## VI. CHRONOLOGY OF MATERIAL FACTUAL EVENTS

**A.    Exhibit References For Incidents/Facts**

13.    As to this claim, Inmate Young's stay in the jail facility is reflected in the housing history report as being from September 2022-May 2023. *See Exh. II-1.D – Young Housing History.* The alleged assault incident that allegedly occurred on February 11, 2023, is documented in *Exh. II-*

Rule 56 Motion for Summary Judgment by Harris County
Regarding Claims by Inmate Christopher Young [SPN 01920591]                    -3-

*1.E* and *Exh. II-2.A* and confirms he was not assaulted. Further, Plaintiff's sworn testimony confirms he was not assaulted as alleged but instead passed out and hit his head. *Exh. V.*

14.    The medical records reviewed by Ms. Dimas are appended to her statement as *Exh. II-2.A – Young Medical Records*.

15.    The staffing records for facility 701 show staffing levels fully compliant with TCJS standards on 2/11/23-the day of Plaintiff's fall; and show that all rounds were completed on time and followed TCJS standards *See Exh. III – Timeline by PLD; Exh. II-3.A-3.B.*

**B.    Facts Regarding Jail Stay And Incidents**

As to Young's stay in the Harris County Jail, he was booked into the jail on 9/27/22 after being arrested for fraud and credit card abuse. *See Exh. III; Exh. II-1.A [JR 000558-560]; Exh. II-1.B [JR 000724].* His initial placement was the Mental Health Unit. *Id.* During his stay in the Harris County jail, he was busy engaging in a variety of disciplinary behavior, thirteen incidents total, including four written up for smoking, two for assaulting another inmate, two for fighting and five for threatening other inmates. *Exh. III; Exh. II-1.G [JR 000660-000713].*

On 2/11/23, Plaintiff was found by another inmate in facility JA09, 2B 1D (2nd floor, pod B cell 1). He had attempted to use the restroom in his bunk and had fallen/passed out and hit his head on the toilet. *Exh. II-1.E; Exh. II-2.A(JR000240); Exh. III-IV; Exh. V, p. 67:2-68:10, 70:24-71:20, p. 79:16-22.* He was not assaulted by anyone nor injured in any way after hitting his head on the toilet by inmates or jail staff; adamantly denied to medical that he was assaulted and denied any assault in his testimony in this case. *Id.* After passing out and hitting his head on the toilet, Plaintiff woke up and noticed a little blood around him and his left eye and pain. *Exh. V, p. 69:2-70:21.* Another inmate notified detention officer M. Rhem of the incident/need for medical attention. *Exh. II-1.E, Exh. V, p. 71:21-72:17, p. 76:13-19.* Plaintiff was checked and determined to be prisoner Young. *Exh. II-1.E.* Plaintiff was then immediately escorted by detention officer J. Samuel to the medical clinic. *Exh. II-1.E.* Even crediting Plaintiff's version, which is shown to be false by the records, a medical team came and removed him from the cell after banging on windows and sitting within 30 minutes and then took him to another cell before going to medical after an hour. *Exh. V, p. 73:18-23; 77:10-11; 77:9-79:8.*

At the jail medical clinic, Plaintiff was seen by a doctor, R. Garrison; received treatment to include x-rays; was determined he needed further treatment and was immediately transported via EMS to Ben Taub Hospital. *Exh. II-1.E; II-2.A (LB000238-243); Exhs. III-IV; Exh. V, p.*

Rule 56 Motion for Summary Judgment by Harris County
Regarding Claims by Inmate Christopher Young [SPN 01920591]                    -4-

*84:22-86:6, p. 86:23-87:19*. The medical treatment provided at the jail medical clinic immediately post-fall incident included: checking vitals; physical examination; diagnostic testing including EKG; a diagnosis; and determination to have him transported and evaluated at an emergency hospital immediately. *Exh. IV; Exh. II-2.A (LB000238-243)*.

At Ben Taub hospital Plaintiff was kept and treated for weeks, until 3/6/23, and during that time received extensive medical treatment to include multiple surgeries. *Exh. II-1.D; Exh. III-IV; Exh. V, p. 87:18-88:23, p. 98:25-99:11*. At Ben Taub he was diagnosed with left silent sinus syndrome and left orbital floor fracture and underwent ORIF of the left orbital fracture and left maxillary nasal procedure. Post op pt was noted to have left eye diplopia and blurry vision, was consulted by ophthalmology; had an MRI obtained on day of discharge which showed no entrapment but some orbital fat herniation below plate. *Exh. IV; Exh. II-2.A (JR 000235-239)*. During this time, he was monitored for re-admission to the jail infirmary to include ophthalmology reexamining him with vision back to 20/20 and pupils normal, motility stable. *Exh. IV; Exh. II-2.A (JR 000235-239)*. After treatment at Ben Taub hospital, Plaintiff was taken back to Harris County jail, admitted into the jail infirmary, where he remained in the jail infirmary until 3/14/23. *Exh. II-1.D; Exh. III-IV*. During this time at the jail infirmary after returning from Ben Taub hospital, Plaintiff received extensive medical observation, to include treatment care plans and ophthalmology evaluations. *Exh. IV; Exh II-2.A (JR 000230-232, 224-226)*. On 3/14/23, Plaintiff was medically cleared to return to general population. *Exh. II-1.D; II-2.A (JR 000220); Exh. III-IV*. Plaintiff was released from the Harris County jail on 5/23/23. *See Exh. II-1.D [JR 000724]; Exh. III; Exh. V, p.91:17-19*.

At the time of Plaintiff's fall, at the JA09 1200 Facility, staffing levels were within compliance, and all rounds were completed on time and followed TCJS standards. *Exh. III; Exh. II-3.A-3.B (DWS 1200 Day Watch 001-009)*.

## VII. ARGUMENT & AUTHORITIES

**A.      Review Of The Established Material Facts Pertaining To Young's Stay In The Harris County Jail Does Not Reveal The Existence Of A Constitutional Injury.**

16.      A review of the timeline pertaining to Young's stay in the Harris County Jail does not support a claim that he suffered an actionable constitutional injury. The material facts supported by the record are elaborated below and are supported by record references and testimony.

17.     Even though Plaintiff Young's case is amalgamated with numerous other cases, this does not relieve *this* Plaintiff of not only pleading but also proving that he himself suffered an injury of constitutional magnitude. To rely solely on the claims of other co-plaintiffs to establish this baseline requirement would allow liability to attach vicariously.

18.     Vicarious liability is not allowed under Section 1983. *See Monell v New York,* 436 U.S. 65 (1978). A single incident of unconstitutional conduct is generally also insufficient, in the absence of a showing that the conduct of the government is the motivating cause of the single incident. *Pembaur v Cincinnati,* 475 U.S. 469 (1986). [1] And a government entity is not liable under Section 1983 for the negligent conduct of its employees. *Daniels v Williams*, 474 U.S. 327 (1986); *Davidson v Cannon*, 474 U.S. 344 (1986).

**B.     Young Was At All Times In The Lawful Custody Of The Harris County Jail Facility**

19.     Young was at all time in the lawful custody of the Harris County Jail Facility. He was charged with fraud and credit card abuse . *See Exh. III; II-1.A – Intake Records [000558-560].* Young was booked into the jail in September 2022 and released in May 2023. *Exh. II-1.D; Exh. III.*

**C.     Young's Failure To Protect Claim Does Not Satisfy All The Elements For Such A Claim**

20.     HARRIS COUNTY does not contest that detainees in the custody of the Detention Command have a duty to protect against harm to persons in confinement. *See Farmer v Brennan,* 511 U.S. 825, 837 (1994)*; see also Hare v Corinth,* 74 F.3d 633, 639 (1996; *and Brown v Harris County,* 409 Fed.Appx. 728 (2010); *see also Johnson v Schurman*, 145 F.4th 897 (8TH Cir 7/29/2025).

21.     To prevail on this claim, a plaintiff must demonstrate that 1) he was incarcerated under conditions posing a substantial risk of serious harm 2) that defendant was deliberately indifferent to the substantial risk of serious harm and 3) he suffered harm. *Id.*

22.     Here, the documented and recorded facts are that despite claiming in the lawsuit to have been assaulted on February 11, 2023, Plaintiff actually simply passed out on his own while trying to go to the bathroom and hit his head on the toilet. *Exh. II-1.E; Exh. II-2.A (JR000240); Exh.*

---

[1] With this Motion, Plaintiff only challenges the existence of constitutional injury elements of a *Monell* claim. The County intends to and will file a more comprehensive challenge to all Plaintiffs' ability to satisfy a *Monell* claim as to all other elements in a later-filed MSJ.

Rule 56 Motion for Summary Judgment by Harris County
Regarding Claims by Inmate Christopher Young [SPN 01920591]                    -6-

*III-IV; Exh. V, p. 67:2-68:10, 70:24-71:20, p. 79:16-22.* There was no assault; there was no failure to protect that resulted in harm. *Exh. II-1.E; Exh. II-2.A (JR000240); Exh. III-IV; Exh. V, p. 67:2-68:10, 70:24-71:20, p. 79:16-22.* The undisputed summary judgment proof, including Plaintiff's own testimony and admissions, establishes this. Consequently, this claim must be dismissed as a matter of law since Plaintiff's alleged facts of an assault are unquestionably not true.

23.      Additionally, the evidence shows that at the time of Plaintiff's fall on 2/11/23, at the JA09 1200 Facility, staffing levels were within compliance, and all rounds were completed on time and followed TCJS standards. *Exh. III; Exh. II-3.A-3.B (DWS 1200 Day Watch 001-009).* The records show an observation round properly made of this pod by jail staff at 14:31. *Exh. III; Exh. II-3.B.* Then, less than one hour later (50 minutes later), another round was made at 15:21. *Exh. III; Exh. II-3.B.* There is nothing unconstitutional about the timing of said observation rounds. It was during this time period that Plaintiff apparently fell and during this time period, at 15:20, when the detention officer making rounds was notified of Plaintiff's fall and injury. *Exh. III; Exh. II-1.E.* Thus, undisputed summary judgment evidence establishes no failure to timely observe prisoners at the time of plaintiff's fall.

**D.      The Summary Judgment Establishes That Plaintiff Young Was Not Denied Medical Care And Plaintiff Has No Evidence To The Contrary**

24.      Pretrial detainees have the same right to medical care as prisoners. Under the right-to-medical-care standard, "[l]iability for failing to provide [medical] care attaches if the plaintiff can show that [an officer] acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc)). A government official violates a Fourteenth Amendment right when the official acts with deliberate indifference to a detainee's serious medical needs." *Est. of Bonilla v. Orange Cnty., Tex.*, 982 F.3d 298, 305 (5th Cir. 2020).

25.      To establish a constitutional violation under this standard, Plaintiff must show that (1) detention officers or medical staff at the jail exposed him to a substantial risk of serious bodily harm, and (2) the detention officer and/or medical staff acted or failed to act with deliberate indifference to that risk. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir.2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Furthermore, "delay in medical care can only constitute

a[] [Constitutional] violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). "To succeed on a deliberate-indifference claim, plaintiff must show that (1) the official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) the official actually drew that inference." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) [A]ctions and decisions by prison officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Hernandez v. Tex. Dep't of Protective & Reg. Servs.*, 380 F.3d 872, 883 (5th Cir. 2004) (quoting *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999)).

In the context of a denied medical care claim, "[a] prison official acts with deliberate indifference only if he both (1) 'knows that inmates face a substantial risk of serious harm" and (2) "disregards that risk by failing to take reasonable measures to abate it.' To prove this second element, a plaintiff must show that the prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' 'Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.'" *Hollyfield v. Hurst*, 796 F. App'x 817, 820 (5th Cir. 2019) (additional citations omitted).

26.    "Deliberate indifference is an extremely high standard to meet.". *Domino*, 239 F.3d at 755. Generally, a finding of deliberate indifference "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (quoting *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999)); *see also Farmer*, 511 U.S. at 837. Deliberate indifference "cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind and "is an extremely high standard to meet." *Tamez v. Manthey,* 589 F.3d 764, 770 (5th Cir. 2009) (quotation omitted).

27.    "A serious medical need is "one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." (Emphasis

added) *Carlucci v. Chapa*, 884 F.3d 534, 538-40 (5th Cir. 2018) (quoting *Gobert*, 463 F.3d at 345 n.12).

28.     Plaintiff claims that he was "denied" medical care because after his fall he "laid on the ground in pain for a "significant amount of time" and thus denied him medical care "timely." *Plaintiff's Complaint-Exh. I ¶295*. That is the extent of Plaintiff's failure to provide medical care claim.

29.     Plaintiff has no evidence for his claim. In fact, the undisputed summary judgment record establishes Plaintiff's claim to be false, and it should be dismissed as a matter of law. First, the records show that at the time of Plaintiff's fall on 2/11/23, at the JA09 1200 Facility, staffing levels were within compliance, and all rounds were completed on time and followed TCJS standards. *Exh. III; Exh. II-3.A-3.B (DWS 1200 Day Watch 001-009)*.  The records show an observation round properly made of this pod by jail staff at 14:31. *Exh. III; Exh. II-3.B*.  Then, less than one hour later (50 minutes later), another round was made at 15:21. *Exh. III; Exh. II-3.B*.  There is nothing unconstitutional about the timing of said observation rounds. It was during this time period that Plaintiff apparently fell and during this time period, at 15:20, when the detention officer making rounds was notified of Plaintiff's fall and injury. *Exh. III; Exh. II-1.E*. Thus undisputed summary judgment evidence establishes no failure to timely observe prisoners at the time of plaintiff's fall.

30.     Further, Plaintiff testified he has no idea how long he was "passed out" in the bathroom after hitting his head, but as soon as he woke he had another inmate requesting medical attention for him. *Exh. V, p. 69:2-70:21*; and the documentation and Plaintiff's deposition testimony are that another inmate notified detention officers of the incident/need for medical attention. *Exh. II-1.E, Exh. V, p. 71:21-72:17, p. 76:13-19*. Plaintiff was escorted by detention officers to the medical clinic. *Exh. II-1.E*.  Creating absolutely no fact issue regarding some failure to provide medical attention subsequent to this fall, Plaintiff has no evidence as to how long he was "out" or "on the floor" after this fall, but himself testified that once up, he was able to bang on windows, and a  medical team extracted him from the cell and took him to medical within an hour. *Exh. V, p. 73:18-23; 77:10-11; 77:9-79:8*.

31.     Although Plaintiff's Complaint does not even complain of a "lack of medical care" after this unknown period Plaintiff was on the ground, the summary judgment evidence establishes that from the moment he was taken to medical after his fall, through the next month, he received

constant medical treatment and observation, to include multiple surgeries, medication and eye check-ups before being released in general population with a  medical ok. *Exh. II-1.D; Exh. II-1.E; Exh. II-2.A (LB000220, 224-226, 230-243); Exhs. III-IV; Exh. V, p. 84:22-86:6, p. 86:23-87:19, p. 87:18-88:23, p. 98:25-99:11*.

32.    The competent summary judgment evidence shows that Plaintiff timely and sufficiently received medical care post-fall on 2/11/23 and this claim should be dismissed as a matter of law.

**E.    Plaintiff Cannot Establish Conditions Of Confinement Claim.**

33.    Although somewhat vague from the Complaint, Inmate Young contends that he brings a conditions of confinement claim. A 'condition of confinement' case is a constitutional attack on 'general conditions, practices, rules, or restrictions of pretrial confinement.'" *Flores v. Cty. of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997). When a plaintiff challenges conditions of confinement, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019)**.** In a conditions-of-confinement case, the plaintiff must prove (1) a rule or restriction, an intended condition or practice, or a de facto policy as evidenced by sufficiently extended or pervasive acts of jail officials, (2) not reasonably related to a legitimate governmental objective, and (3) that violated his constitutional rights. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Hare v. City of Corinth*, 74 F.3d 633, 645, 649 (5th Cir. 1996) (en banc); *see also Scott v Moore*, 114 F.3d 51 (1997)(en banc); *Shepherd v. Dallas Cnty*., 591 F.3d 445, 452, 454-55 (5th Cir. 2009).

34.    The Fifth Circuit has observed that "[u]nder *Monell*, a plaintiff must show either an official policy or persistent and widespread customs. Under [conditions of confinement], . . . the plaintiff must show an intended condition or practice or show that jail officials' acts are 'sufficiently extended or pervasive . . . to prove an intended condition or practice.' We see no meaningful difference between these showings." The Court has also emphasized that the standard of causation required to establish a *Monell* claim is no different than the causation requirement of a conditions of confinement claim. appears to be same: the policy or custom must have been "the moving force behind the violation." *Est. of Bonilla v. Orange Cty*., 982 F.3d 298 at 308 (citations omitted). In that case the court held that the Plaintiffs' failure to establish a conditions of confinement claim was fatal to their *Monell* claim. *Id.*

35.    A pre-trial detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs. Any lesser showing cannot prove

that the inmate is being punished in violation of the individuals' 14th Amendment due process rights. *Shepherd*, 591 F.3d at 454.

36.    As discussed in detail above, and through the evidentiary analysis, Plaintiff cannot establish the necessary elements to prove a conditions of confinement claim sufficient to overcome summary judgment.

### 1.    No Violation Of Constitutional Rights

37.    Before even addressing the policy, practice, and condition aspect of a conditions of confinement claim, Defendant notes that Plaintiff has not and cannot show a violation of his constitutional rights. Plaintiff alleges he was assaulted as a result of understaffing and overcrowding and of a pattern of failing to monitor the safety of inmates and tolerating a culture of violence among prisoners. *Exh. I ¶¶291-296.* This claim fails immediately and there is no showing of a constitutional right violation when the evidence shows that Plaintiff was never assaulted at all. He merely fell on his own while going to the bathroom. *Exh. II-1.E; Exh. II-2.A(JR000240); Exh. III-IV; Exh. V, p. 67:2-68:10, 70:24-71:20, p. 79:16-22.* There was no assault; there was no failure to protect that resulted in harm. *Exh. II-1.E; Exh. II-2.A(JR000240); Exh. III-IV; Exh. V, p. 67:2-68:10, 70:24-71:20, p. 79:16-22.* If Plaintiff suffered no underlying conduct or actions that could even form the basis of a failure to protect or monitor condition, then he has no constitutional right violation showing and the claim must be dismissed.

38.    But there is more. Plaintiff cannot even show a failure to timely monitor or observe at the time he fell and hit his head, because: 1.)he has no idea how long he was out or on the ground after hitting his head before getting up and notifying jail staff; and 2.) observation checks were done of his pod during the time he fell in compliance with Jail policies and state requirements - less  than one hour. *Exh. III; Exh. II-3.A-3.B (DWS 1200 Day Watch 001-009).*

39.    As a result, the undisputed summary judgment evidence established no violation of constitutional rights with respect to Plaintiff's injury on 2/11/23 and the claim cannot survive regardless of what he claims about a policy, practice, or condition.

40.    Secondly, as to his claim of a conditions of confinement claim involving a failure to provide medical care, Plaintiff also cannot show he suffered a violation of his constitutional rights. This is because he unquestionably received medical care subsequent to his fall and injury. The summary judgment evidence establishes that he was taken to medical within a reasonable time after his fall (records show immediately; Plaintiff's testimony even if given credit is within

a hour) and from the moment he was taken to medical after his fall, through the next month, he received constant medical treatment and observation, to include multiple surgeries, medication and eye check-ups before being released in general population with a  medical ok. *Exh. II-1.D; Exh. II-1.E; Exh. II-2.A (LB000220, 224-226, 230-243); Exhs. III-IV; Exh. V, p. 71:21-72:17, p. 76:13-19, 73:18-23; 77:10-11; 77:9-79:8, p. 84:22-86:6, p. 86:23-87:19, p. 87:18-88:23, p. 98:25-99:11.*

**2.      No Unconstitutional Condition, Policy, Or Practice That Was Not Reasonably Related To A Legitimate Governmental Objective.**

41.      Further, to establish and prove that a condition of confinement constituted impermissible punishment, a plaintiff must plead and prove a pervasive pattern of serious deficiencies negatively affecting the individual which is not reasonably related to a legitimate governmental objective. The extant record does not support such a claim.

42.      Here, under the facts of Young's claims, there is no overriding condition of confinement that can serve as the basis for an unconstitutional conditions claim. While claiming that what we now know not to have been an assault but merely an accidental fall was "caused" by understaffing, the staffing records for the day in question demonstrate that the jail facility Plaintiff was housed in  was operating in full compliance with TCJS regulations. *Exh. III; Exh. II-3.A-3.B (DWS 1200 Day Watch 001-009).*

43.      Moreover, the appropriate policies were also in place. *See Exh. VI (binder) – TCJS Health Services System Plan; CJC 116 (PREA Policy; CJC 219 – Separation Policy; CJC 220 – Inmate Observation Policy; CJC 220 Corretrak Handout (Roll Call) re Inmate Observation; CJC 301 - Inmates with Mental Health Issues; and CJC 310 – Inmate in Crisis).*

44.      In all respects, the supervision, oversight, and management of Inmate Young was handled in accordance with acceptable regulatory and constitutional standards. Further, the evidence attached to this motion shows that there was no failure to provide medical care consistent with an alleged policy, practice or custom of not providing medical care. Consequently any conditions of confinement claim is therefore ripe for dismissal as a matter of law.

**F.      Plaintiff Cannot Establish Episodic Acts Or Omissions Claim**

45.      To the extent Plaintiff is pursuing claims as episodic act claims, they fail for the reasons discussed above regarding a failure to establish a constitutional violation. To establish liability

under an episodic act or omission claim, a custodial plaintiff must prove by a preponderance of the evidence that:

1. the custodial plaintiff suffered an injury of constitutional magnitude

2. that a custodial officer or employee of the jail facility was subjectively aware that the plaintiff inmate was exposed to a substantial risk of harm and nevertheless acted with deliberate indifference to the risk of harm; and,

3. the harm suffered was proximately caused by the deliberate indifference of one or more custodial employees.

*Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc)*; see also Scott v Moore,* 114 F.3d 51 (1997)(en banc)*.*

46.    As a review of the evidentiary record and argument above demonstrates, Plaintiff does not have a viable episodic acts claim. To have such a claim, Young must demonstrate that with respect to any one or more incidents, he suffered an injury of constitutional magnitude. The above-identified summary judgment evidence and argument do not support such a finding. He was not assaulted; he fell. At the time he fell, observations rounds were done timely and in compliance with Jail policies and state mandates. There is no constitutional injury for failure to protect or observe.

47.    Once becoming aware of Plaintiff's condition and a need for medical attention, he was taken to medical. From that point he received extensive medical care, to include EMS trip to the hospital; multiple surgeries and medical observation for over a month. There is no constitutional injury for failure to provide medical care.

**G.    There Is No Need To Address M*onell* Evidence Because There Is No Evidence That Young Suffered An Injury Of Constitutional Magnitude At All.**

48.    With this Motion, there is no need to address the issue of whether DEFENDANT HARRIS COUNTY is liable for a constitutional tort committed by one or more of its employees because there is no evidence that a constitutional tort was committed in the first place. *See Monell v New York, 436 U.S. 658 (1978); see also Johnson v San Antonio,* 2024 WL 50463 (5th Cir. 2024); and *Hicks-Fields v Harris County*, 860 F.3d 803, 808 (5th Cir. 2017)("every *Monell* claim against an entity requires an underlying constitutional violation to sustain it).

49.    It necessarily follows that if there is no evidence of the existence of a constitutional violation, it is not necessary to address whether there is *Monell* evidence to support entity

liability. Here, there is no need to address *Monell* evidence because Plaintiff Young cannot demonstrate that he suffered an injury of constitutional magnitude in the first place.

50. However, as noted in a footnote above on page 6, Defendant Harris County will be filing a more comprehensive summary judgment as to all claims based on a failure to establish the *Monell* elements, which will include an attack on Plaintiff Young's claims.

## VIII. MOTION TO SEVER

51. If the Court determines that this Rule 56 MSJ should be granted, then DEFENDANT also requests that the Court sever the claim by Plaintiff Young into a separate lawsuit so that the Court's ruling can become final and appealable.

52. The Court has authority under Rule 42(b), FRCP to order the claim by Plaintiff Young to be severed. It has been DEFENDANT'S contention from the inception of this lawsuit that a number of Plaintiffs are improperly joined in this single action and if the summary judgment record in support of a renewed request for dismissal of Plaintiff Young's action is granted, then severance would fulfill the purposes of Rule 42(b), FRCP.

## IX. CONCLUSION & PRAYER

WHEREFORE, in view of the foregoing evidence, arguments, and authorities, DEFENDANT HARRIS COUNTY requests and prays that the Court, after duly considering the content of this dispositive motion, including attached exhibits, and any responses, replies, or supplements thereto, grant this Motion for DEFENDANT HARRIS COUNTY against the claims and causes of action brought by Plaintiff CHRISTOPHER YOUNG be DISMISED with prejudice.

DEFENDANT further requests and prays that the Court sever this claim from the remainder of the case, thereby rendering its Order on this dispositive Motion to be a final and appealable Order and Judgment of the Court as to this lawsuit by Plaintiff Christopher Young.

SIGNED on the 9th day of JUNE 2026.

Respectfully submitted,

By: *Ricardo J. Navarro*

RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

Rule 56 Motion for Summary Judgment by Harris County
Regarding Claims by Inmate Christopher Young [SPN 01920591]                    -14-

By:  *Robert L. Drinkard*
ROBERT L. DRINKARD
State Bar No. 24007128
So. Dist. ID No. 29288
rldrinkard@rampagelaw.com


By:  *Kelly R. Albin*
KELLY R. ALBIN
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com


**DENTON NAVARRO RODRIGUEZ
  BERNAL SANTEE & ZECH**
A Professional Corporation
549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132

**COUNSEL FOR DEFENDANT
HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 9th day of JUNE 2026, to wit:

Benjamin L. Crump                     Email: court@bencrump.com
Aaron Dekle                           Email: aaron@bencrump.com
Paul Ashley Grinke                    Email: paul@bencrump.com
BEN CRUMP LAW FIRM
ATTORNEYS FOR PLAINTIFFS

Carl Lenford Evans, Jr.               Email: cevans@mccathernlaw.com
Noah L. McCathern                     Email: nmccathern@mccathernlaw.com
Jordan A. Carter                      Email: jcarter@mccathernlaw.com
Alizabeth A. Guillot                  Email: aguillot@mccathernlaw.com
McCathern Law Firm
ATTORNEYS FOR PLAINTIFFS

Thad D. Spalding                      Email: tspalding@dpslawgroup.com
Shelby J. White                       Email: swhite@dpslawgroup.com
Durham, Pittard & Spalding, LLP
ATTORNEYS FOR PLAINTIFFS

Mohammed Obaid Shariff                Email: mshariff@sharifflawfirm.com;
Russell Ross                          Email: rross@sharifflawfirm.com
Shariff Law Firm                      Email: eservice@sharifflwfirm.com
SHARIFF LAW FIRM
ATTORNEY FOR INTERVENOR ANA GARCIA
  & KEVIN KST

Taylor McCray Hunter                  Email: taylor@thehunterlaw.com
Kevin Green                           Email: kevin@consumerjusticecenter.com
Thomas Lyons Jr.                      Email: tommy@consumerjusticecenter.com
Andi Weber                            Email: andi@consumerjusticecenter.com
ATTORNEY FOR INTERVENOR
CHANDRA JENKINS & KST

*Ricardo J. Navarro*
RICARDO J. NAVARRO
KELLY R. ALBIN
ROBERT L. DRINKARD

Rule 56 Motion for Summary Judgment by Harris County
Regarding Claims by Inmate Christopher Young [SPN 01920591]                    -16-