# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **OCTEVIA WAGNER; et. al.,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 4:23-cv-02886** |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ANA GARCIA AND CHANDRA JENKINS,** | § | |
| | § | |
| *Plaintiff-Intervenors,* | § | |

---

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR SECOND MOTION TO COMPEL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiffs Octevia Wagner, et al. and file this Reply in Support of Their Second Motion to Compel, and in support thereof would respectfully show unto the Court as follows:

PLAINTIFFS' REPLY TO SECOND MOTION TO COMPEL

i

## I.       SUMMARY OF THE REPLY

Defendant's Response makes clear that it does not dispute that the information sought by Plaintiffs is relevant and discoverable. Instead, Defendant solely argues that the prior Agreed Order on the First Motion to Compel shields it from producing any additional discovery. This argument is blatantly false. The face of the Agreed Order establishes that it only applies to the three categories of information addressed in the order and that consideration of additional discovery has been reserved. Because the Agreed Order does not preclude the categories of information sought in the Second Motion to Compel and because Defendant failed to carry its burden to establish any other basis to oppose this discovery, the Court should grant Plaintiffs' Second Motion to Compel and award Plaintiffs their attorney's fees for having to seek Court intervention on information that should have been produced multiple times over the past two years.

## II.      ARGUMENT AND AUTHORITIES

### A. The Prior Agreed Order on a Portion of the First Motion to Compel is Inapplicable to the Second Motion to Compel or other Items

In the Response, Defendant argues almost exclusively that they do not have to produce any additional information because it was covered in the Agreed Order on Plaintiffs' First Motion to Compel. Doc. 350. This argument is demonstrably wrong.

By its own terms, the Agreed Order entered on August 7, 2025, only applies "to portions of the [Plaintiffs' First] Motion to Compel." Doc. 213 at 1. The Agreed Order expressly states that outside of the categories addressed in the Agreed Order Plaintiffs were only agreeing "to suspend the consideration of the remaining issues in their Motion to Compel (ECF #130) that are not covered by this agreement at a later time." *Id.* at ¶ 5. This makes sense because the hearing on the First Motion to Compel only reached parts of Plaintiffs' Motion and did not address each of the issues raised. Ex. N (Doc. 314-14).

PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL                    1

The Agreed Order only applies to three categories of information and does not preclude the discovery of additional relevant information: (1) KHOU UOF reports; (2) Personnel Records for Officers; and (3) the reports underlying the Serious Incident Reports filed with TCJS. Doc. 213. These were the only categories of information "on the table" at the time of the negotiations. Notably, the personnel records agreement even contemplates the discovery of the IAD reports, UOF incident reports, HR files, and other personnel records for officers after the initial production was produced. *Id.* at ¶ 2. As stated in the Report, if "the parties reach impasse, Court intervention may be invoked." *Id.* Court intervention is required.

Contrary to Defendant's argument, the Second Motion to Compel primarily covers information not covered by the Agreed Order. Doc. 314. For example, the investigation records, policies, and death reviews held by Harris Health and the Harris Center which is under the control of Harris County was not precluded by the Agreed Order or by any other Court order or agreement. Doc. 314 at 13. For the areas covered by the Agreed Order, Defendant has failed to produce information required to be produced. *Compare* Doc. 314 *with* Doc. 213. For example, Defendant has only produced one report relating to the Serious Incident Reports when additional reports exist that contain witness statements pertinent to the reports' analysis. Doc. 314 at 17. Defendant attempts to hide behind an inapplicable Agreed Order to withhold highly relevant and discoverable information. This gamesmanship is not supported in law or fact.

**B. Defendant Does Not Dispute that the Discovery Sought is Relevant and Does not Assert Any Legal Basis for Withholding this Information**

As seen throughout the Response, Defendant does not argue that any of the information sought by Plaintiffs is irrelevant to the case. Doc. 350. Nor could they. As expressed in the Motion to Compel, the information sought is highly relevant smoking gun type evidence that cannot be withheld simply because Defendant has produced other evidence. Doc. 314.

PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL                    2

Defendant does not assert a single legal argument or support for its opposition to the production of this information under the Federal Rules of Civil Procedure. Doc. 350. Defendant does not provide any evidence in opposition of the discovery and only asserts improper arguments that prior hearings and Agreed Orders preclude Plaintiffs from seeking this information. *Id.* Because Defendant failed to raise any legal arguments and evidence to support its objections and opposition to this discovery, Defendant has waived these objections and the Court can grant the Motion to Compel on this basis alone. *See Estevis v. City of Laredo*, 5:22-CV-22, 2023 U.S. Dist. LEXIS 233845, at *5 (S.D. Tex. March 31, 2023) (Kazen, M.J.).

**C. The Specifically Identified Records Sought including Specific Incident Reports, Video Footage, and IAD Records Are Discoverable**

Defendant seems to argue that this category of requests for production were covered by the Agreed Order. Doc. 350 at 4-5. As discussed above, the Agreed Order did not preclude Plaintiffs from getting this additional information. In relation to incident reports and IAD files for specific officers, the Agreed Order actually permits Plaintiffs to request that information. Doc. 213 at 2.

For example, Plaintiffs asked for the incident reports identified in the officers' PEWS records and Incident Case History which is expressly covered by the Agreed Order. Doc. 213 at 2; Doc. 314 at Ex. A and J. Officer Conrad was included on the agreed officer list and has over 29 use of force incidents listed. Ex. J. Defendant does not dispute that this information is relevant. Doc. 350. These requests also cover specific incidents that were identified in other parts of discovery that are relevant to the case. For example, several officers were involved in a use of force where the officers filmed the use of force on their phone and sent it around group chats. Ex. A. (RFPs 140-143). None of this information was precluded by the Agreed Order. Because Defendant does not raise a valid basis to oppose this discovery, the Motion can be granted.

PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL　　　　　　　　3

**D. Defendant's Stipulation and Representation in their Response that the Redacted Investigation Records Were Produced As Received Should be Satisfactory, but Still Must Produce Investigation Records for Named Comparators.**

Defendant first argues that the request for investigation files was covered by the Agreed Order and by prior hearings. Doc. 350 at 5-6. Notably, Defendant cannot point to a single ruling which states that Plaintiffs cannot discover investigation records or that the Orders preclude additional discovery. The three categories of the Agreed Order do not apply. Doc. 213.

Harris County has legal control over the HPD and Texas Rangers investigation files and can request that information from the agency. Plaintiffs would ask for an order requiring Defendant to request unredacted versions of all Texas Rangers and Houston Police Department investigations.

Defendant has only produced "1. Jail Records; 2. Autopsy Records; 3. Jail Video; 4. Recorded Phone Calls" for the Named Comparators in this lawsuit. Doc. 350 at 7. They have not produced the HPD and Texas Rangers investigations into those Comparators' deaths and injuries. Defendant does not dispute that information exists and is relevant. *Id.* Their only argument is that these documents were not "incorporated into the negotiations over the scope of discovery held at the hearing on July 31, 2025." *Id.* By this statement, Defendant impliedly admits that the three categories of the Agreed Order do not apply. Accordingly, Defendant has not raised any legally or factually sufficient basis to oppose the production of this information.

**E. Harris Health and Harris Center Policies, Procedures, Investigation Records, and Death Reviews are Within Defendant's Control and Must Be Produced.**

Plaintiffs have properly requested the policies, practices, reviews, investigations, and records held by Harris Health and the Harris Center for their work inside the Jail that are within Harris County's possession, custody, and control. Doc. 314 at 13-14. Harris County again improperly claims that this issue was resolved in a hearing between Defendant and an Intervenor. Doc. 350 at 7-8. No order was ever entered or agreement ever made in relation to Harris County's

PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL                    4

control over the documents, policies, or records held by Harris Health or the Harris Center. Ultimately, Defendant's representations to the Court were contradicted by the ILA.

As stated in the Motion, a party has a responsibility to produce information within their possession, custody, or "control" even when that information is held by a third party. *Shell Global Solutions (US) Inc. v. RMS Eng'g, Inc.*, No. 4:09-cv-3778, 2011 U.S. Dist. LEXIS 85120, at *4–5 (S.D. Tex. Aug. 3, 2011) (Ellison, J.). Just because Harris Health or the Harris Center may be separate entities under the Harris County umbrella does not establish that Harris County does not have possession, custody, or control over the policies and records requested.

First, both at the prior hearing and in their Response, Defendant's argument centers wholly on the Sheriff's access to medical records with Defense counsel claiming that the Sheriff's office does not have custody over the detainee's medical records held by Harris Health. Doc. 350. The Interlocal Agreement directly contradicts Defendant's argument. As stated in the ILA, "The Sheriff is the legal custodian and owner of all medical records…" Doc. 314-11 (Ex. K) at 10. The ILA states, "Any subpoena or request for medical records of detainees will be handled by the County through the Sheriff's legal counsel." *Id.* at 7 ¶ 3.b. The ILA confirms that not only does Defendant have custody, control, and access to the medical records, Defense counsel is the individual tasked with getting this information. *Id.* Defendants' own subpoena use is irrelevant.

Second, Plaintiffs have requested far more than just medical records relating to Harris Health and the Harris Center. Doc. 314. Plaintiffs have requested the policies, procedures, death reviews, investigations, committee notes, and safety plans from Harris Health and the Harris Center relating to the provision of care to detainees in the Jail. *Id.* Defendant's Response fails to address these items or address the evidence showing that Defendant has custody and control over this information. Doc. 350.

PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL                    5

The ILA establishes a Joint Operation Committee (JOC) and a Quality Improvement Committee (QIC) which expressly review policies, procedures, administration of health care, investigations of incidents, revision of practices, and staffing of the Jail. Both Harris Health and the Sheriff's department run these committees. Doc. 314-11 at 8-9, 16, 17. Relating to Harris Health's policies and procedures in the Jail, the ILA states, "The Sheriff will review and accept Harris Health's policies and procedures." *Id.* at 15. "All proposed modifications will be provided to the Sheriff for review." *Id.* at 8. In relation to death reviews and medical complaints for detainees, Harris Health "will provide its review" to the Sheriff. *Id.* at 9. These are direct evidence that not only does Harris County and the Sheriff have legal control over the policies, procedures, and records from Harris Health, that they are also directly responsible for those policies. The Court should compel Defendant to produce this information.

**F. Observation and Operational Records of Comparators Are Being Withheld**

Defendant again incorrectly argues that the Agreed Order resolved whether or not Harris County has to produce the observation and operational records pertaining to the Named Comparators. Doc. 350 at 10. This information did not fall within the three categories of information under the Agreed Order. Doc. 213. The Agreed Order does not apply.

Defendant does not dispute that these records are relevant and proportional. Doc. 350. Defendant admits that they have not produced these records. *Id.* at 10. The observation records, operational records, and the observation videos are a central part of Plaintiffs' claims as seen in the many Motion for Summary Judgments raised by Defendant. This information should have been produced at the beginning of this case instead of waiting until only a few months before trial. For example, several of the Named Comparators died due to a lack of observation and monitoring, but Defendant has not produced the observation records or videos pertaining to those incidents.

Because Defendant has not disputed that this information is relevant and discoverable, Defendant has waived any objections. Therefore, Plaintiffs ask the Court to grant the Motion to Compel.

### G.  Case Documents and Reports from Other Lawsuits are Discoverable.

Plaintiffs are seeking expert reports, case documents, deposition transcripts, jail records, and staffing records relating to the other lawsuits raised against Harris County asserting similar allegations. Doc. 314 at 16-17. Defendant's Response solely focuses on settlement agreements from other cases and ignores the remainder of the requests. Doc. 350 at 11-12. Defendant has waived any objections or opposition to the production of these matters and should be required to produce them. One specific item is the identification of the officers who filed the case *Doe v. Harris County*, No. H-21-03036 where they alleged very similar conditions claims against the Jail. Doc. 314 at 17. This information will identify potential witnesses in this litigation.

### H.  Missing Pages of KHOU Reports and the Additional Incident Reports Underlying the Serious Incident Reports Are Improperly Being Withheld by Harris County.

Pursuant to the Agreed Order, Plaintiffs are entitled to all documents provided to or from KHOU relating to the *Struck* documentary as well as the incident reports for all Serious Incident Reports included in the TCJS statistics. Doc. 213. Defendant has failed to produce key aspects of this information including the communications to and from KHOU which include a spreadsheet of incidents which has not been produced. Doc. 314. Defendant does not address that missing information. First, in several of the KHOU files, the reports are either missing or have missing pages. Doc. 314 at 17. Defendant argues that they do not know which documents have missing pages. Doc. 350 at 13. However, Requests for Production 191 and 192 expressly identify by UOF incident number the exact files that have missing pages or missing documents. Doc. 314-1 at 10.

Second, for the SIR reports, Harris County has refused to produce the complete reports and have only provided one of the documents that are part of the report. Doc. 314. The Agreed Order

PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL                    7

requires that the incident reports for the incidents that are underlying the SIR statistics are produced which would include all of the reports relating to that incident. Doc. 213. For the first time after the hearing, Defendant revealed that all of their incident reports are included in two separate reports that contain different information. Doc. 314 at 18; Ex. L; Ex. O. In the Response, Defendant does not address the difference between the sample they provided to the Court prior to hearing and the documents they produced after the Agreed Order. Doc. 314; *See* Doc. 192, 192-6; Ex. O.

Defendant does not get to pick and choose which types of reports they get to produce as they are clearly withholding relevant and discoverable information. Defendant misrepresented to the Court and to counsel the existence of the reports and the number of reports that applies for each incident. The differences in the forms show why both are relevant and must be produced for each incident in this case. The OMS report contains officer and detainee witness statements as to the incident itself which provides context for what occurred. Ex. O. The UOF Report, typically does not contain any of the witness statements but also contains a chart for officers to identify what force they used that is not included on the OMS Report. Ex. L. Similarly, the UOF Reports also contain a statement by the supervisors as to whether or not the use of force was within Harris County policy. Ex. L. Plaintiffs ask the Court to compel Defendant to produce all versions and types of reports relating to the SIR incidents.

## I.   Defendant is Obligated to Explain the Failure to Preserve Key Evidence.

Defendant claims that they are under no obligation to explain the destruction of relevant material. Doc. 350 at 14. This is incorrect. First, Plaintiffs' specifically included in their instructions relating to the Requests for Production that for any documents or responsive information that existed at one point that was not preserved that they are to provide an explanation for what happened to that information. Doc. 314-1 at 5. Second, under spoliation concerns,

Defendant has the burden to show a reason for why information was not preserved. Plaintiffs are aware of multiple incidents where video footage existed that has not been produced. Doc. 314. Plaintiffs ask the Court to compel Defendant to explain their failure to preserve this information.

**J. AED Maintenance Logs are Discoverable.**

Defendant does not dispute that the AED maintenance logs are relevant and discoverable. Doc. 350 at 14-15. Defendant relies exclusively on the prior hearings and the Agreed Order to claim that it was resolved. This is a misrepresentation of the facts and the scope of the Agreed Order as stated above. Doc. 213. Accordingly, the Court should grant the Motion to Compel.

**K. Communications Amongst Officers, Videos Recorded by Officers and Employees, and Records Held by Officers are Discoverable.**

Plaintiffs have asked for the communications, video recordings, and records held by officers and employees of the Jail which are known to exist and which have not been produced. Doc. 314 at 21. Plaintiffs in the Motion and in the Requests for Production identified specific incidents where officers used their personal phones or jail phones to record uses of force or to discuss Jail issues amongst each other. *Id. Struck* also identified that officers frequently shared use of force videos and incidents amongst themselves.

Defendant does not dispute that this information is relevant. Defendant also does not dispute that the employees are agents and representatives of Defendant who Defendant has control over this information. Doc. 350. Defendant's only argument is that recordings on personal cell phones are prohibited so they do not have information to produce. Doc. 350 at 15. This argument is nonsensical as it does not matter whether the practice is prohibited or not because it is known to occur. Defendant also misrepresents that Plaintiffs have not identified specific officers. *Id.* Plaintiff specifically identified multiple incidents where officers videoed use of force incidents on their phone. Doc. 314; Ex. A at RFP 143. It is not Plaintiffs duty to know all of the responsive

PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL                    9

information that should be produced but it is Defendant's duty to conduct a diligent search and produce the responsive information. Fed. R. Civ. P. 26, 34. This information should be compelled.

**L. Resignation Letters and Officer Complaints are Discoverable.**

In both the first request for production and second request for production, Plaintiffs have asked for complaints and files pertaining to issues raised by officers relating to any of the conditions or practices asserted in this case. Doc. 314, Ex. A. Defendant does not dispute that this information is relevant and discoverable. Doc. 350 at 15. This information also falls within the personnel files of officers which the parties cannot agree on under the Agreed Order making it appropriate for Court intervention. Doc. 213. Defendant again tries to flip the discovery responsibilities by claiming that Plaintiff has to identify the officers who resigned. Doc. 350. Defendant is the entity responsible for conducting a diligent search for responsive information. Plaintiffs' provided a sufficiently detailed request for Defendant to search for this information. Plaintiffs know that Officer Rodergus Scott issued a letter of resignation relating to his complaints that the Jail was understaffed. Similarly, there have been many complaints raised by officers pertaining to forced overtime and the inability to conduct observations relating to staffing that have not been produced. Because Defendant does not have a valid objection to producing this information, Plaintiffs ask the Court to compel Defendant to produce this information.

**M. Plaintiffs should be Awarded Their Attorney's Fees.**

Plaintiffs reurge their request for attorneys fees.

### III.      CONCLUSION

Based on the foregoing, Plaintiffs ask for the Court to grant the relief stated in the Motion and such other and further relief as the Court deems just.

PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL                    10

Respectfully submitted,

**BEN CRUMP LAW, PLLC**

*/s/ Paul A. Grinke*

Paul A. Grinke
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 Telephone

Carl L. Evans
State Bar No. 24056989
cevans@mccathernlaw.com
**McCathern, PLLC**
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
(214) 741-2662 Telephone
(214) 741-4717 Fascimile

Shelby J. White
State Bar No. 24084086
swhite@dpslawgroup.com
Thad D. Spalding
State Bar No. 00791708
tspalding@dpslawgroup.com
Kathryn Womble
State Bar No. 24143533
kwomble@dpslawgroup.com
**Durham, Pittard & Spalding, LLP**
P.O. Box 224626
Dallas, Texas 75222
(888) 998-6688 Telephone
(214) 807-1799 Facsimile

**COUNSEL FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of this filing to all counsel of record.


/s/ *Aaron Dekle*
Aaron Dekle