**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WAGNER et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, | § | CIVIL ACTION NO: |
| | § | 4:23-CV-02886 |
| *Defendant,* | § | |
| | § | Jury Requested |
| and | § | |
| | § | |
| ANA GARCIA and CHANDRA JENKINS, | § | |
| | § | |
| *Plaintiff-Intervenors.* | § | |

---

**PLAINTIFF-INTERVENOR ANA GARCIA'S SECOND FED. R. CIV. P. 56(d) MOTION TO DENY DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT [DOC. 169, 406]**

---

M. OBAID SHARIFF
Federal I.D. No. 2827312
Texas Bar No. 24091135
**THE SHARIFF LAW FIRM, PLLC**
2500 West Loop South, Ste 300
Houston, Texas 77027
(713) 244-8392 (Telephone)
(713) 244-8372 (Fax)
mshariff@shariflawfirm.com

***Attorneys for Plaintiff-Intervenor Ana Garcia***

## I. NATURE AND STAGE OF PROCEEDING

1. This Court has issued four opinions in this case.[1] In *Wagner I*, Plaintiff-Intervenor **ANA GARCIA** ("Garcia"), the mother of deceased pre-trial detainee Kevin Sanchez ("Sanchez"), was permitted to intervene into this lawsuit against Defendant **HARRIS COUNTY** ("Defendant"). In *Wagner II & III*, Plaintiffs and Plaintiff Intervenors' claims survived Fed. R. Civ. P. 12(b)(6) dismissal. In *Wagner IV*, this Court ruled that, first, the Defendant was not entitled to protection from the discovery of documents related to a pattern of incidents at the jail, and second, that it would not be reconsidering its ruling denying severance. *Id*. at 24-28, *9-14.

2. After the March 28, 2025 *Wagner IV* decision, the Court issued an Order on Agreement Entered at the Hearing on Plaintiff's Motion to Compel Written Discovery. *See* Doc. 213. Pursuant to it, Plaintiffs and Intervenors were to identify underlying incidents and request further information pertaining to those, and if there were impasse, court intervention was to be invoked. *See* Doc. 213, Pg. 2. Garcia's Requests for Production # 97 to 156 were just that. *See* Doc. 241, Pg. 9 ¶ 14(k). And, after receiving them, Defendant told this Court that its deadline to respond did not run until August 21, 2025. *See* Doc. 241, Pg. 10 ¶ 16. But, Defendant never responded. As such, Garcia filed a motion to compel. *See* Doc. 241.

3. The Court held a hearing on July 24, 2026. Now, Garcia needs that evidence to respond to Defendant Harris County's Motion for Summary Judgment On All Plaintiffs' and Intervenors' Claims. *See* Doc. 406. As such, Garcia now files this Fed. R. Civ. P. 56(d) motion to

[1] *See* Doc. 40 [*Wagner v. Harris Cnty.*, 2024 U.S. Dist. LEXIS 68793 (S.D. Tex. 2024) (Ellison, K.) ("*Wagner I*")], Doc. 51 [*Wagner v. Harris Cnty.*, 2024 U.S. Dist. LEXIS 98779 (S. D. Tex. 2024) (Ellison, K.) ("*Wagner II*")], Doc. 84 [*Wagner v. Harris Cnty.*, 2024 U.S. Dist. LEXIS 182546 (S.D. Tex. 2024) (Ellison, K.) ("*Wagner III*")], and Doc. 120 [*Wagner v. Harris Cnty.*, 2025 U.S. Dist. LEXIS 58331 (S.D. Tex. 2025) (Ellison, K.) ("Wagner IV")].

deny that motion. In addition and in abundance of caution, Garcia also files a substantive response to the MSJ [Doc. 406] with the evidence she has without waiving the issues here raised.

## II. STATEMENT OF ISSUES

4. Should the Court deny the Defendants' MSJs [Doc. 169, 406] on 56(d) grounds?

## III. SUMMARY OF ARGUMENT

5. Defendant's *Monell* summary judgment motion argues, at nearly every turn, that Plaintiffs and Garcia cannot show a sufficiently numerous pattern of similar incidents. *Infra*. Yet, for over a year now, that same Defendant has refused to respond to Garcia's Requests for Production # 97 to 156, the very requests that, pursuant to this Honorable Court's Agreed Order, identified specific underlying incidents and sought the documents about them. *Infra*. Defendant's objections to those requests are waived, and this Honorable Court has already ruled that pattern documents are discoverable. *Supra*. That said, Garcia, for her part, kept her end of the Agreed Order and has diligently pursued this discovery through written requests, multiple motions to compel, and the July 24, 2026 hearing. *Infra*. A movant, like the Defendant here, cannot demand proof of a pattern while withholding the evidence of that very pattern. So, under Fed. R. Civ. P. 56(d), the just remedy is not another deferral; it is the denial of Defendant's motion.

## IV. RELEVANT BACKGROUND

6. Garcia's discovery efforts extensively documented with evidence in Garcia's 1st, 2nd, Amended 2nd, 3rd Motions to Compel Written Discovery Responses, and Garcia's First Fed. R. Civ. P. 56(d) Motion Against Defendant's Summary Judgment Motion.[2]

[2] Doc. 113, Pg. 2-10 ¶ 5-14; Doc. 199, Pg. 6-15 ¶ 5-28; Doc. 211, Pg. 6-15 ¶ 5-20; Doc. 241, Pg. 5-12 ¶ 5-30; Doc. 242, Pg. 8-12 ¶ 8-21

7. On August 7, 2025, the Honorable Court entered the following Agreed Order:

> HR files of officers identified unless and until further agreements are reached by the parties. After Plaintiffs and Plaintiff-Intervenors have reviewed the produced PEWS records, TCOLE/training records, and Incident History Reports, Plaintiffs and Plaintiff-Intervenors will identify underlying incidents and request further information, the production of which shall be discussed and agreed upon by the parties, to the extent possible. In the event the parties reach impasse, Court intervention may be invoked.

*See* Doc. 213, Pg. 2 ¶ 2; Doc. 258, Pg. 6 ¶ 15.

8. In accord with the Agreed Order, via Requests for Production # 97 to 156, Garcia identified underlying incidents and requested further information related to those incidents. *See* Doc. 258, Pg. 6-7 ¶ 15. Defendant, however, never responded to those requests, thereby waiving any and all objections to those requests. *See* Doc. 241, Pg. 15 ¶ 35. Given so, Garcia moved to compel responses to those requests. *See* Doc. 241.

9. On July 24, 2026, the Honorable Court held a hearing on Garcia's motion to compel. At it, the Honorable Court expressly stated that it was "*never*" its "*intent*" that the "*original agreed order handled everything*." *See* Ex. 1, Pg. 52:3-7.

10. Despite that, on August 14, 2026, Defendant filed a new MSJ on all of Plaintiffs' and Intervenors' claims. *See* Doc. 406. In that Motion, Defendant repeatedly argues that Garcia must show a pattern of incidents. *See, e.g.*, Doc. 406, Pg. 16 ¶ 66, 22 ¶ 93, 27 ¶ 113, 34 ¶ 144.

11. As such, Garcia now moves for that Motion to be denied on 56(d) grounds.

## V. RELEVANT LEGAL STANDARD

12. Summary judgments are lethal weapons that, when inappropriately deployed, can rob a litigant of his rightful day in court.[3] They are only appropriate where the plaintiff has had a full and fair opportunity to conduct discovery.[4] To get that, Garcia here expressly invokes Federal Rule of Civil Procedure 56(d).[5] The rule is a safeguard for non-moving parties from summary judgment motions that they cannot adequately oppose.[6] In key part, the rule reads, if a party shows that, "for specified reasons, it cannot present facts essential to justify its opposition," courts may "defer considering the motion or **deny it**."[7] The preference is for this to be in writing, but it is not necessary that it be in the form of an affidavit.[8] The purpose of it, after all, is to provide non-movants with a much-needed tool to keep open the doors of discovery in order to adequately

---

[3] Doc. 242, Pg. 12 ¶ 22 (citing *Sanderson v. Shelter Mut. Ins. Co.*, 2015 U.S. Dist. LEXIS 154128 *3 (W.D. La. 2015) (James, R.) which stated the same and granted Fed. R. Civ. P. 56(d) relief)

[4] Doc. 242, Pg. 12 ¶ 22 (citing *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) which vacated a denial of Fed. R. Civ. P. 56(d) motion in a civil rights case, *McCoy v. Energy XXI GOM, L.L.C.*, 695 Fed. Appx. 750, 758-59 (5th Cir. 2017) which reversed summary judgment)

[5] Doc. 242, Pg. 12 ¶ 22 (citing *Kelley v. Saenz*, 2025 U.S. Dist. LEXIS 189243 *24 (S.D. Tex. 2025) (Ellison, K.) which granted such a request and *White v. Wal-Mart Stores, Inc.*, 2012 U.S. Dist. LEXIS 14878 (S.D. Tex. 2012) (Ellison, K.) which also did the same)

[6] Doc. 242, Pg. 12 ¶ 22 (citing *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) which vacated a denial of Fed. R. Civ. P. 56(d) motion in a civil rights case)

[7] Doc. 242, Pg. 13 ¶ 23 (citing *James v. Smith*, 2025 U.S. App. LEXIS 22384 *13 (5th Cir. 2025) which vacated a dismissal in a jail case, *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) which vacated a denial of Fed. R. Civ. P. 56(d) motion in a civil rights case, *Adhikari v. KBR Inc.*, 2020 U.S. Dist. LEXIS 20126 (S.D. Tex. 2020) (Ellison, K.) which stayed a defendant's summary judgment motion on such grounds, and *Kirkpatrick v. Dover & Fox, P.C.*, 2013 U.S. Dist. LEXIS 150988 *4 (S.D. Tex. 2013) (Ellison, K.) which did the same).

[8] Doc. 242, Pg. 13 ¶ 23 (citing *Salinas v. AT&T Corp.*, 2008 U.S. Dist. LEXIS 112695 *1 (S.D. Tex. 2008) (Ellison, K.) which granted such a request)

combat a summary judgment motion.[9] And, a court should err on the side of caution and permit discovery to proceed.[10] When, after all, a party is seeking discovery that is germane to a pending summary judgment motion, it is inequitable to pull out the rug from under them by denying such discovery.[11] As such, Fed. R. Civ. P. 56(d) motions are generally favored and should be liberally granted.[12] And, to win one, a party need only show (A) that he "diligently pursued discovery" and (B) that "additional discovery will create a genuine issue of material fact"[13]

---

[9] Doc. 242, Pg. 13 ¶ 23 (citing *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915 (5th Cir. 1992) which reversed a denial of Fed. R. Civ. P. 56 motion for additional discovery, *Adhikari v. KBR Inc.*, 2020 U.S. Dist. LEXIS 20126 *5 (S.D. Tex. 2020) (Ellison, K.), *Kirkpatrick v. Dover & Fox, P.C.*, 2013 U.S. Dist. LEXIS 150988 *4-5 (S.D. Tex. 2013) (Ellison, K.))

[10] Doc. 242, Pg. 13 ¶ 23 (citing *Smith v. Union Nat'l Life*, 2015 U.S. Dist. LEXIS 144826 (S.D. Miss. 2015) (Starrett, K.) which granted such a request, and *Full House Resorts, Inc. v. Boggs & Poole Contr. Grp., Inc.*, 2015 U.S. Dist. LEXIS 39495 *42 (S.D. Miss. 2015) (Starrett, K.) which did the same)

[11] Doc. 242, Pg. 13 ¶ 24 (citing *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992) which reversed a denial of such a request, *Hany Ahmed v. Meridian Sec. Ins. Co.*, 2025 U.S. Dist. LEXIS 128770 *2 (S.D. Tex. 2025) (Ellison, K.) which granted such a request, *Salinas v. AT&T Corp.*, 2008 U.S. Dist. LEXIS 112695 *2 (S.D. Tex. 2008) (Ellison, K.) which also granted such a request).

[12] Doc. 242, Pg. 14 ¶ 25 (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) which reversed a denial of one under the former rule, *Adhikari v. KBR Inc.*, 2020 U.S. Dist. LEXIS 20126 *5, 14 (S.D. Tex. 2020) (Ellison, K.), *Fin. Fed. Credit Inc. v. Curtis Excavating, LLC*, 2009 U.S. Dist. LEXIS 126724 fn 18 (S.D. Tex. 2009) (Ellison, K.) which granted such a request, *Alkek & Williams Ltd. v. Tuckerbrook Alternative Invs., LP*, 2009 U.S. Dist. LEXIS 126445 *9-10 (S.D. Tex. 2009) (Ellison, K.) which granted such a request, *Holmes v. Miss. Dep't of Corr.*, 2023 U.S. Dist. LEXIS 155109 *11 (S.D. Miss. 2023) (Johnson, K.) which granted such a request where discovery was needed on deliberate indifference), *Jones v. Gammage*, 2023 U.S. Dist. LEXIS 16811 (N.D. Miss. 2023) (Aycock, S.) which did the same in a *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) case)

[13] Doc. 242, Pg. 14 ¶ 25 (citing *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) which found both were met in a civil rights case).

13. This, respectfully, is a "relatively light burden."[14] And, once that showing is made, such a motion should be granted as a matter of course.[15]

## VI. LAW AND ARGUMENT

### A. GARCIA HAS BEEN DILIGENT IN HER DISCOVERY PURSUIT

14. A plaintiff's diligence does not have to be exemplary for such a motion to be granted.[16] Here, however, Garcia's diligence has actually been exemplary. *Infra*. To start, Garcia has requested from the Defendant many videos and documents.[17] Then, she made even more follow-up requests based on what those videos and documents revealed.[18] And then Garcia filed multiple motions to compel the production of those specifically identified documents.[19] All of which has occurred when there are still several months left in the agreed-upon discovery period.[20]

---

[14] Doc. 242, Pg. 14-15 ¶ 25 (citing *Kirkpatrick v. Dover & Fox, P.C.*, 2013 U.S. Dist. LEXIS 150988 *17 (S.D. Tex. 2013) (Ellison, K.) and *Fin. Fed. Credit Inc. v. Curtis Excavating, LLC*, 2009 U.S. Dist. LEXIS 126724 fn18 (S.D. Tex. 2009) (Ellison, K.) which granted such a request)

[15] Doc. 242, Pg. 15 ¶ 25 (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) which vacated a denial of one, *Fin. Fed. Credit Inc. v. Curtis Excavating, LLC*, 2009 U.S. Dist. LEXIS 126724 fn18 (S.D. Tex. 2009) (Ellison, K.) which granted such a request, *Alkek & Williams Ltd. v. Tuckerbrook Alternative Invs., LP*, 2009 U.S. Dist. LEXIS 126445 *10 (S.D. Tex. 2009) (Ellison, K.) which granted such a request, *Northern Marine Underwriters, Ltd. v. FBI Express, Inc.*, 2009 U.S. Dist. LEXIS 45353 *11 (S.D. Tex. 2009) (Ellison, K.) which granted such a request)

[16] Doc. 242, Pg. 15 ¶ 26 (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006) which reversed a denial)

[17] Doc. 242, Pg. 15 ¶ 26 (citing *Alkek & Williams Ltd. v. Tuckerbrook Alternative Invs., LP*, 2009 U.S. Dist. LEXIS 126445 *11 (S.D. Tex. 2009) (Ellison, K.) which granted such a request)

[18] Doc. 242, Pg. 15 ¶ 26

[19] Doc. 242, Pg. 15 ¶ 26 (citing *James v. Smith*, 2025 U.S. App. LEXIS 22384 *13 (5th Cir. 2025) (vacating denial of Fed. R. Civ. P. 56(d) motion in a deliberate indifference jail case))

[20] Doc. 242, Pg. 15 ¶ 26 (citing *Hany Ahmed v. Meridian Sec. Ins. Co.*, 2025 U.S. Dist. LEXIS 128770 *2 (S.D. Tex. 2025) (Ellison, K.) which granted such a request, *Kirkpatrick v. Dover &*

Adding further, in accord with the Agreed Order, Garcia identified underlying incidents and requested further information about them via Requests for Production # 97 to 156. *Supra*.

15. And, when Defendant wholly failed to respond, she filed a motion to compel. *See* Doc. 241. Then, she attended the hearing on her motion. *See* Ex. 1. At which, the Honorable Court expressly stated that it was "*never*" its "*intent*" that the "*original agreed order handled everything*." *See* Ex. 1, Pg. 52:3-7. But, despite that, Garcia still does not have Defendant's complete responses to Requests for Production # 97 to 156. As such, Garcia has discharged her burden to show that she has been diligent in trying to get those items.

**B. FURTHER DISCOVERY WOULD PLAUSIBLY ALTER THE RESULT**

16. As to the second prong, a party need only set forth a plausible basis for believing that specific facts, susceptible to collection within a reasonable time frame, probably exists and that those "emergent facts, if adduced," would influence the outcome of the pending summary judgment motion.[21] Moreover, summary judgments should ordinarily be made only upon a complete and clear record.[22] Here, however, the summary judgment record is not complete, and there are still specific facts, susceptible to collection that would alter the outcome.

17. To that point, Defendant makes *Monell* numerosity arguments throughout its motion. *See* Doc. 406, Pg. 22 ¶ 93, 27 ¶ 113 (citing *Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009)), 28 ¶ 117. In that, the Defendant stresses that Plaintiffs and Plaintiff-Intervenors

---

*Fox, P.C.*, 2013 U.S. Dist. LEXIS 150988 *18 (S.D. Tex. 2013) (Ellison, K.), *Salinas v. AT&T Corp.*, 2008 U.S. Dist. LEXIS 112695 *1 (S.D. Tex. 2008) (Ellison, K.))

[21] Doc. 242, Pg. 17-18 ¶ 31 (citing *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022))

[22] Doc. 242, Pg. 18 ¶ 33 (citing *Nat'l Infusion Ctr. Ass'n v. Becerra*, 2023 U.S. Dist. LEXIS 161530 fn 2 (W.D. Tex. 2023) (Pitman, R.) where Fed. R. Civ. P. 56(d) relief was granted)

need to show a pattern of acts or omissions. *See* Doc. 406, Pg. 16 ¶ 66, 32 ¶ 132, 34 ¶ 144. It insists, for example, that nineteen incidents over nine years "*does not meet the Monell test for numerosity*." Doc. 406, Pg. 27 ¶ 113. And, the Defendant argues in its summary judgment motion, that there is no widespread pattern of gross inattention to detainees. *See* Doc. 406, Pg. 23 § E.1.

18. Moreover, Defendant adds that isolated examples of injuries and deaths cannot prove an inadequate jail condition. *See* Doc. 406, Pg. 30 ¶ 123. At the same time, Defendant refuses discovery on Garcia's specific requests aimed at that very pattern of incidents. Such evidence, particularly where Defendant argues numerosity, would influence the outcome of the pending motion. This, too, is nothing new: on September 15, 2025, Defendant told this Court that Garcia must "prove a pattern of similar incidents under *Monell*" while, in the same breath, deriding her pattern discovery as "meritless." *See* Doc. 241, Pg. 12 ¶ 27 (quoting Doc. 229). A movant cannot demand pattern proof with one hand and withhold the pattern evidence with the other.

19. That said, that the Defendant's confidence in the strength of its positions on the issues in its MSJ does not negate Garcia's right to seek such discovery.[23] While Defendant may try to argue that what is in its evidence speaks for itself, that does not change the fact that Garcia has not had the opportunity to access all of the relevant documents she needs.[24] No, here, respectfully, Defendant has previously "refused to produce" things Garcia needs.[25] Hence, there

[23] *Ecoquij-Tzep v. Le Arlington, Inc.*, 2018 U.S. Dist. LEXIS 10334 *39 (N.D. Tex. 2018) (Horan, D.) (finding the same and granting Fed. R. Civ. P. 56(d) relief)

[24] *Wade v. Baywater Drilling, LLC*, 2017 U.S. Dist. LEXIS 36886 (E.D. La. 2017) (Lemmon, M.) (granting Fed. R. Civ. P. 56(d) relief)

[25] *Riggins v. City of Indianola*, 2015 U.S. Dist. LEXIS 126705 (N.D. Miss. 2015) (Brown, D.) (granting Fed. R. Civ. P. 56(d) under similar facts).

is a plausible basis for believing those withheld documents could alter the result. Thus, the record shows a plausible basis for believing specific facts exist in the withheld productions.

### C. DENIAL, NOT MERE DEFERRAL, IS THE PROPER REMEDY

20. Fed. R. Civ. P. 56(d)(1) expressly empowers this Court to "deny" a summary judgment motion outright. Garcia's first Fed. R. Civ. P. 56(d) motion sought deferral or denial. *See* Doc. 242. In the months since, Defendant has not responded to Requests for Production # 97 to 156, its objections are waived, and it has now filed a second, broader summary judgment motion that leans on the absence of the very pattern evidence it withholds. *Supra*. When the summary judgment record is incomplete because of the movant's own resistance to discovery, mere deferral would reward that delay. And, here, respectfully, Defendant should not be rewarded.

## VII. PRAYER

WHEREFORE, Plaintiff-Intervenor Ana Garcia respectfully prays that the Court grant her Fed. R. Civ. P. 56(d) Motion to Deny Defendant's Summary Judgment Motion [Doc. #406], and for any other relief to which she may be justly entitled.

Respectfully Submitted,

**THE SHARIFF LAW FIRM**

By: ______________________________

**M. Obaid Shariff**
Federal I.D. No. 2827312
Texas Bar No. 24091135
2500 West Loop South, Ste 300
Houston, Texas 77027
(713) 244-8392 (Telephone)
(713) 244-8372 (Fax)
mshariff@sharifflawfirm.com
**ELECTRONIC SERVICE VIA:**
eservice@sharifflawfirm.com
**ATTORNEYS FOR GARCIA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WAGNER et al. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO: |
| v. | § | 4:23-cv-02886 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | Jury Requested |
| | § | |
| *Defendant.* | § | |

**CERTIFICATE OF CONFERENCE**

------------------------------------------------------------------X

TO: Clerk of the Court

I hereby certify that my law firm has repeatedly sought discovery of the pattern of incident documents made the basis of the Fed. R. Civ. P. 56(d) motion to deny summary judgment, and filed motions to compel on that subject matter. The parties are at an impasse on these specific discovery issues, and they impact the ability to provide a complete MSJ Response.

M. Obaid Shariff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WAGNER et al. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO: |
| v. | § | 4:23-CV-02886 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | Jury Requested |
| | § | |
| *Defendant.* | § | |

**<u>CERTIFICATE OF SERVICE</u>**

-------------------------------------------------------------------X

TO: Clerk of the Court

I hereby certify that on the date of this filing, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and/or via email on all counsels of record

______________________________
M. Obaid Shariff
*Attorney for Plaintiff Intervenor Ana Garcia*