United States District Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER *et. al.*,** | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23-cv-02886** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| ***Defendant.*** | § | |
| | § | |
| **VS.** | § | |
| **ANA GARCIA AND CHANDRA JENKINS** | | |
| ***Plaintiff-Intervenors.*** | | |

**MEMORANDUM & ORDER**

Before the Court is Plaintiffs' Motion to De-Designate Defendant's Confidential Production (ECF No. 270). The Court held a hearing on this matter on July 24, 2026 and directed parties to confer and stipulate as to some, or all, of the confidential materials at issue in Plaintiffs' Motion. Minute Entry, July 24, 2026 Parties submitted a Joint Partial Stipulation as to Removal of Confidentiality Designation from Certain Documents Produced in Discovery on August 7, 2026.[1]

[1] In their stipulation, Parties agreed to remove the "confidential designation from the following categories of materials: Videos of Incidents and Observation Rounds pertaining to Plaintiffs and Intervenors; Incident reports pertaining to incidents involving Plaintiffs and Intervenors; KHOU use of force reports; Autopsy records of Plaintiffs and Intervenors (not including autopsy photos); Operational records of the Jail, including observation records, staffing reports, inmate death reports, and DWS records; TCJS repots and communications pertaining to Jail Operations; Detention Officer training records, including certifications; Any HCSO Policies posted on the HCSO public website (but not CHC SOP's pertaining to the Jail); and the Interlocal Agreements between Harris County and Harris Health and with Harris Center and any related proposals, studies, or status reports. *See* ECF No. 401 at 2-3. Conversely, Parties agreed to keep the following categories of materials confidential: Medical records; Criminal history record provided

ECF No. 401. As a result of Parties' stipulation, the Court need only determine whether to de-designate the following materials: Serious incident reports compiled pursuant to Texas law; closed investigations; Internal Affairs files; and disciplinary records and personnel files pertaining to various officers involved in Plaintiffs' incidents. *See* ECF No. 270 (detailing categories of materials at issue in Plaintiffs' Motion to de-designate); ECF No. 401 ("The Parties ask for a ruling on the remaining categories that are subject to the Plaintiffs' Motion to De-Designate.").

After considering the Motion, all responses and replies, parties' oral arguments, and the applicable law, the Court concludes that Motion should be **GRANTED IN PART**. The Court **ORDERS** Plaintiffs to identify the specific exhibits within these categories which they anticipate requiring for the purposes of defending against Defendant's Motions for Summary Judgment. Thereafter, the Court **ORDERS** Defendant to make nonconfidential versions of those specific exhibits available for Plaintiffs' review.

## I. BACKGROUND

Plaintiffs have moved to de-designate Defendant's discovery productions, alleging that Defendant has improperly classified 95% of the material it has produced as confidential. *See* ECF No. 270 ¶¶ 1-2. Plaintiffs contend that Defendant has acted in contravention of the Protective Order governing this case, and that their conduct has been in bad faith. *Id.* Meanwhile, Defendant contends that it has complied with the Protective Order and "has deployed the use of the Confidentiality designation to restrict the utilization of the materials produced to the Court and the

---

to the HCSO by DPS, DOJ, or by the TCIC/NCIC criminal history database; Autopsy photos; and Personally Identifying Information. *See id.* at 3.

litigation, other than for materials that were already clearly in the public domain." *See* ECF No. 285 ¶¶ 11-13.

The Protective Order entered by the Court allows the following:

> Each party and disclosing nonparty shall have the right to designate as confidential and subject to this Protective Order any information, document, or portion of any documents produced by it in this civil litigation that has not been made public and that the disclosing party reasonably and in good faith believes contains or comprises confidential information, including: (a) investigative files in an ongoing criminal investigation; (b) information that would reveal the identity of confidential informants, or (c) sensitive personal information such as an individual's social security number, home address or medical records, protected health information, health care information, proprietary information, or other confidential, technical, business, or financial information.

ECF No. 80. The Protective Order also specifies that "[f]or every document identified as CONFIDENTIAL where the Confidential Information is able to be redacted, the designating party shall produce a redacted version of the document that is not designated as CONFIDENTIAL." *Id.* The Order places the burden to defend a confidentiality designation on the designating party. Information properly designated as confidential may not be disclosed beyond the individuals directly involved in this case, and it may only be used "for the purpose of prosecution or defense of this civil lawsuit and for no other purpose." *Id.* Additionally, the Protective Order states that "[n]o party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation."

## II. LEGAL STANDARD

Protective orders for discovery serve an essential function in civil adjudications, as they protect parties' privacy and property rights. *See Seattle Times Co.*, 467 U.S. 20, 34-35 (1984). Under Rule 26(c) of the Federal Rules of Civil Procedure. The Court may issue a protective order for "good

cause" to protect a party from annoyance, embarrassment, oppression, or undue burden or expense in discovery. FED. R. CIV. P. 26(c)(1). Protective orders can authorize parties to "[forbid] inquiry into certain matters, or [limit] the scope of discovery to certain matters." *See id.* 26(c)(1)(D). Further, as they relate to confidential documents, protective orders can cover information that constitutes a "trade secret or other confidential research, development, or commercial information." *Id.* 26(c)(1)(G). The party seeking to designate materials as confidential under the protective order has the burden to establish good cause. *See, e.g.*, *PPD Enters. V. Stryker Corp.*, No. H-16-0507, 2017 U.S. Dist. LEXIS 154534, at *3-4 (S.D. Tex. June 13, 2017); *Blanchard & Co. v. Barrick Gold Corp.*, No. 02-3721, 2004 U.S. Dist. LEXIS 5719 at *13 (E.D. La. Apr. 2, 2004).

"Good Cause requires a showing both that the material qualifies for protection, and that disclosure would cause harm." *See PPD Enters*, 2017 U.S. Dist. LEXIS 154534 at *3 (citing *Sanchez v. Property & Cas., Ins. Co. of Hartford*, No. H-09-1736, 2010 U.S. Dist. LEXIS 1006, at *3 (S.D. Tex. Jan. 7, 2010)). Establishing good cause requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements… and then demonstrate that its disclosure would cause an identifiable, significant harm." *Sanchez*, 2010 U.S. Dist. LEXIS 1006, at *3; *see also Blanchard*, 2004 U.S. Dist. LEXIS at *13 ("'Good cause' exists when disclosure" of allegedly confidential materials "will result in a clearly defined and serious injury to the party seeking the protective order.").

The good cause requirement for protective orders at discovery is a relatively "low bar" compared to the higher standard imposed at the adjudicative stage of proceedings. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021); *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022). Nevertheless, "[l]iberal discovery is provided for the sole purpose of

assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co.*, 467 U.S. at 34. At the discovery stage, The Court must facilitate the efficient exchange of information by balancing the privacy and efficiency interests of the party wishing to protect their materials from disclosure with the interests of the other party wishing to access that information.

## III. DISCUSSION

Parties contest the confidentiality labels imposed on the following four categories: Serious Incident Reports, Closed Investigations, Internal Affairs Files, and Disciplinary Records/Personnel Files Pertaining to Various Officers. For the reasons that follow, the Court determines that each of these categories warrant de-designation.

### *A. Serious Incident Reports and Closed Investigations Warrant De-Designation.*

Neither serious incident reports compiled with the categories defined by the Texas Commission on Jail Standards ("TCJS") nor closed investigation files are confidential. Plaintiffs contend that because serious incident reports "do not contain the identity of a confidential informant, are not the investigation files for an ongoing criminal investigation, and do not contain private medical information," they warrant de-designation. *See* ECF No. 270 at 20. Similarly, because none of the closed investigation files "pertain to ongoing criminal investigations . . . they do not contain any confidential information under the Protective Order." *Id.* at 18.

In its response, Defendant does not directly address any privacy concerns with serious incident reports or closed investigations. *See generally* ECF No. 285. While Defendant raises several concerns about the risks associated with revealing information about current and former detainees of the Harris County jail, including their private medical records, there is no indication from the pleadings that serious incident reports or closed investigation files contain this

information. *See* ECF No. 285 ¶¶ 59-61 (detailing concerns about sharing detainee information); *id.* ¶¶ 67-73 (detailing concerns about sharing medical information).

Without specifying what statements in the serious incident reports or closed investigations warrant labeling the documents as confidential, Defendant fails to establish good cause through the "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements… and then demonstrate that its disclosure would cause an identifiable, significant harm." *Sanchez*, 2010 U.S. Dist. LEXIS 1006, at *3; *see also Salcido v. Harris Cnty.*, H-1-2155, 2018 U.S. Dist. LEXIS 169034, at *159 (S.D. Tex., Sept. 28, 2018) ("Harris County argues that plaintiffs' motion to unseal should be denied because many of the exhibits contain confidential information . . ., but Harris County has not made any particularized showing that any specific prejudice or harm will result . . .") (internal citations omitted). Therefore, Defendant has not met its burden to show that the serious incident reports fall within the purview of the protective order. To the extent that these documents contain private information, including medical information, about detainees, Defendant can, and should, produce non-confidential redacted versions of the documents for Plaintiffs to review.

*B. Internal Affairs Files Warrant De-Designation.*

Similarly, Internal Affairs files warrant de-designation. Plaintiffs contend that "[b]ecause this case centers on key interests of public policy under federal law, the investigation into police conduct and the governance of that conduct by its own internal organization weights heavily in favor of the presumption of public access to the documents." *See* ECF No. 270 at 23. In response, Defendant raises two points: First, because "Internal Affairs records typically contain excerpts of other records, like medical records, that would be covered by a separate confidentiality provision,"

the records should remain confidential in their entirety. ECF No. 285 ¶ 81. Second, Defendant asserts that "Texas law provides for the confidentiality of [Internal Affairs] files for peace officers who are covered by civil service laws. Section 143.189(g)." *Id.* ¶82.

Defendant's first concern regarding Internal Affairs records is unavailing. By asserting that Internal Affairs "typically" contain sensitive medical information without explaining how and when that information may be exposed if the documents are marked as non-confidential, Defendant fails to establish good cause. *See Sanchez*, 2010 U.S. Dist. LEXIS 1006, at *3 (requiring defendant shows "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements… and then demonstrate that its disclosure would cause an identifiable, significant harm"). While medical records warrant confidentiality protection, the Internal Affairs files can be produced in non-confidential formats if Defendant chooses to redact portions of the files which present private medical information.

As to Defendant's second concern, "[e]xcept 'with respect to an element of a claim or defense as to which State law supplies the rule of decision,' privileges 'shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" *Am. Civil Liberties Union of Miss., Inc. v. Finch*, 638 F.2d 1336, 1342 (5th Cir. 1981) (quoting FED. R. EVID. 501). This is especially true in cases where plaintiffs only assert claims and defendants under § 1983. *Id.* at 1343. "When a litigant seeks to assert a privilege not existent in the common law but enacted by the state legislature based on unique considerations of government policy, this Court, like other courts, has tested it by balancing the policies behind the privilege against the policies favoring disclosure." *Id.* at 1343 (internal quotation marks omitted) (quoting *Fears v. Burris Mfg. Co.*, 436 F.2d 1357, 1362 (5th Cir. 1971)).

Here, there is a strong federal common law presumption of public access. *See, e.g.*, *Binh Hoa Le*, 990 F.3d at 418 ("The public's right of access to judicial proceedings is fundamental."); *Jones-Macdonald v. Harris Cnty.*, 23-cv-02871, 2025 U.S. Dist. LEXIS 203071, at *1 (S.D. Tex., Oct. 15, 2025). While the state of Texas has articulated important interests in protecting individual law enforcement officers through the Texas Local Government Code, these interests do not rise to the level at which they can overcome this presumption. *See In re Jobe*, 42 S.W.3d 174, 179 (Tex. App.—Amarillo, 2001) (explaining that Section 143.089 serves the important purpose of protecting the privacy interests of police officers and ensuring that innocent officers are protected from unsubstantiated attacks); *but see Jones-Macdonald*, 2025 U.S. Dist. LEXIS 203071, at *4 ("[T]he federal common law presumption of public access to judicial records outweighs the state law policies behind any privilege for law enforcement records."); *Roque v. Harvel*, 1:17-cv-932, 2019 U.S. Dist. LEXIS 179730, at *25-26 (W.D. Tex., Oct. 16, 2019) ("[E]ven assuming Texas courts' recognition of a privilege here, the federal common law presumption of public access to judicial records outweighs the state law policies behind the privilege for certain police personnel records, particularly in this Section 1983 case . . . ."). Furthermore, The Southern District of Texas, in tandem with other federal district courts, has made an explicit finding that Section 143.189(g) of the Texas Local Government Code does not apply in federal civil rights proceedings. *See Jones-Macdonald*, 2025 U.S. Dist. LEXIS 203071, at *4 (finding Section 143.189(g) inapplicable in the Southern District of Texas); *see also Roque*, 2019 U.S. Dist. LEXIS 179730, at *25-26 (finding Section 143.189(g) inapplicable in the Western District of Texas).

Therefore, both of Defendant's justifications for designating Internal Affairs files as confidential fail. Defendant must produce non-confidential versions of these documents with private records, such as medical information, redacted.

*C. Disciplinary Records and Personnel Files Pertaining to Various Officers Warrant De-Designation*

Finally, disciplinary records and personnel files pertaining to the officers involved in Plaintiffs' incidents warrant de-designation. Plaintiffs contend that these disciplinary records are not confidential because the public has a strong interest in the discipline of officers and tracking officer practices. ECF No. 270 ¶ 32; *see also Roque*, U.S. Dist. LEXIS 179739, at *23. Defendant maintains that law enforcement officials working at the prison have a privacy interest in their personnel data that warrants labeling the files as confidential. *See* ECF No. 285 ¶ 90-92. Specifically, Defendant argues that Texas Occupations Code § 1701.454(a) provides that these records "are confidential and not subject to disclosure . . . unless the person resigned or was terminated due to substantiated incidents of excessive force or violations of law . . . ." *See id.* ¶ 90.

However, "state statutes providing for confidentiality . . . do not bind this court in a civil rights action." *See Jones-Macdonald*, 2025 U.S. Dist. LEXIS 203071, at *3; *Am. Civ. Liberties Union of Miss., Inc.*, 638 F.2d at 1342. As with the Internal Affairs files, the public interests favoring disclosure in this § 1983 case outweigh those of the officers. *See id.* at *4 ("[T]he federal common law presumption of public access to judicial records outweighs the state law policies behind any privilege for law enforcement records."); *Roque*, 2019 U.S. Dist. LEXIS 179730, at *25-26 ("[E]ven assuming Texas courts' recognition of a privilege here, the federal common law presumption of public access to judicial records outweighs the state law policies behind the privilege for certain police personnel records, particularly in this Section 1983 case . . . ."). Moreover, Defendant "has not made any particularized showing that any specific prejudice or harm will result" if disciplinary and personnel records were deigned non-confidential. *See Salcido*, 2018 U.S. Dist. LEXIS 169034, at *159.

For these reasons, Defendant's disciplinary records and personnel files pertaining to officers involved in Plaintiffs' incidents should be designated as non-confidential.

## IV. CONCLUSION

As stated, each of the four categories Parties ask that Court to rule on warrant de-designation. Nevertheless, the Court is sensitive to the fact that de-designation of such a large volume of records requires Defendant to expend significant time, effort, and expense. It will not serve the interests of justice to delay discovery in this case further by requiring Defendant to provide non-confidential or redacted copies of *every* serious incident report, closed investigation, Internal Affairs file, and disciplinary report that is responsive to Plaintiffs' discovery requests if Parties don't plan to use them to prepare for upcoming litigation. *See Seattle Times Co.*, 467 U.S. at 34 ("[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."). Therefore, the Court **ORDERS** the following:

1. Plaintiffs are **ORDERED** to identify **specific files which they require for the purpose of preparing for summary judgment.** Plaintiffs are admonished to be reasonable in identifying these files and to only request documents which are necessary. Plaintiffs should share their list of identified documents by **Tuesday, September 8, 2026.**
2. Defendant is **ORDERED** to de-designate the files that Plaintiffs' request within following categories of records as confidential:
   a. Serious Incident Reports
   b. Closed Investigations Files
   c. Internal Affairs Files
   d. Disciplinary Reports and Personnel Files Pertaining to Officers Involved in Plaintiffs' Incidents
3. Defendant is **ORDERED** to share the de-designated files with Plaintiffs by **Tuesday, September 22, 2026.**

It is **SO ORDERED**.

Signed at Houston, Texas on August 31, 2026.

Keith P. Ellison
United States District Judge