**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.**<br>**Plaintiffs** | §<br>§<br>§<br>§ | |
| **v.** | § | **Civil Action No. 4:23-CV-02886** |
| **HARRIS COUNTY, TEXAS**<br>**Defendant** | §<br>§<br>§<br>§ | |
| **AND** | §<br>§ | |
| **ANA GARCIA AND CHANDRA JENKINS,**<br>**Plaintiff – Intervenors** | §<br>§ | |

**DEFENDANT HARRIS COUNTY'S RESPONSE TO INTERVENORS AND PLAINTIFFS' SECOND MOTION TO STRIKE DEFENDANT'S MONELL MSJ ALLEGING FORMATTING VIOLATIONS**

==============================================================

COMES NOW DEFENDANT HARRIS COUNTY and files this Response to Intervenor Garcia's Motion to Strike Defendant's Revised Monell MSJ because of line spacing violations. (ECF #415). The target of the alleged line violation is Defendant's Monell MSJ (ECF #406), filed on 8/14/2026. The Second Motion to Strike is led by Intervenors Garcia, joined by Intervenor Jenkins and by the Wagner Plaintiffs.

## I. SUMMARY OF ISSUES PRESENTED

1. Whether Defendant's revised Monell MSJ (ECF #406) should be stricken because its line spacing is not "double-spaced."

2. Whether Intervenors or Plaintiffs are prejudiced by the formatting of the Monell MSJ #406.

3. Whether the reference to other related motions in the case amounts to violation of page limitation restrictions and warrants striking the revised Monell MSJ in question (#406).

## II. SHORT ANSWER TO ISSUES PRESENTED

4. The Monell MSJ (ECF #406) is properly spaced. The typed text leaves alternate lines blank. This is consistent with the Meriam-Webster definition of "double-spacing".

5. Neither Intervenor Garcia, nor Intervenor Jenkins nor the Wagner Plaintiffs are prejudiced by the formatting of the revised Monell MSJ (#406). These parties have already filed or are approved to file Unopposed Responses with excess pages.

6. References in the Monell MSJ to other related Motions previously filed by Defendant do not add to the page count pertaining to the Monell MSJ (#406).

7. The arguments contained in this second Motion to Strike could have been urged in the first motion but were not included. Setting up separate volleys of collateral attacks based on page formatting challenges do not further any legitimate advocacy interest and should be rejected.

8. In short, the relief requested in this Motion to Strike (#415) should be summarily denied.

## III. ARGUMENT & AUTHORITIES

### A. The Monell MSJ (#406) Is Properly Formatted And Spaced.

9. The Monell MSJ (#406) is properly formatted and line spaced. Intervenor Garcia relies on LR10 – Form of Pleadings, contained in the Local Rules for the U.S District Court for the Southern District of Texas (March 2026) for this challenge.

10. LR10.2 – Format in the General Local Rules provides as follows:

Papers offered for filing may not be in covers. They must be on 8 ½" x 11" paper, stapled at the top only, punched at the top with two holes, *double spaced*, and paginated. (emphasis added)

11. Curiously, Intervenor Garcia makes no complaint about the Monell Motion not complying with other aspect of the LR 10.2 formatting requirement. Intervenor does not complain that Monell MSJ must be filed on 8½ x 11" paper, stapled at the top only, punched at the top with two holes, as well as being "doubled spaced" and paginated.

12. Rather, Intervenor lifts out one term in what is obviously an anachronistic rule fitted to an era of paper-filing that no longer exists. Defendant requests that the Court take judicial notice of this fact.

13. Defendant also requests that the Court take judicial notice of the Merriam-Webster definition of "double space", which is simply defined as:

> "to type (text) leaving alternate lines blank"
>
> also,
>
> "to write or type (a paper, letter, etc.) so that each line of words is followed by a line without words — often used as (be) double-spaced"
>
> https://www.merriam-webster.com/dictionary/double-space

14. Under this definition, the Monell MSJ (#406) is not in violation of a line-spacing criteria. Intervenor's definition of "double spaced" is actually a request that there be not one, but two lines of blank space between lines of text. The term is, at best, ambiguous. Moreover, there are other reasons, outlined below, why the Motion to Strike should be denied.

**B. Neither Intervenor Garcia Nor Intervenor Jenkins Or The Wagner Plaintiffs Are Prejudiced By The Formatting Of The Monell MSJ.**

15. Intervenors and Plaintiffs are not prejudiced by the formatting of the revised Monell MSJ (#406). To succeed on a collateral attack like this is requires a showing the movant has somehow been prejudiced or placed at an unfair disadvantage. *See Rogge v Bandera Falls Property Owner's Association, 2009 WL 10713559 at p. 4 (W.D. Tx. – San Antonio Div. 2009)(denying motion to strike based on page length because responding party had not demonstrated prejudice by page length violation).*

16. Intervenor Garcia's contentions, joined in by Intervenor Jenkins and the Wagner Plaintiffs, claim they are prejudiced by the line spacing, but these are simply conclusory statements. Intervenor Garcia filed her Response in Opposition to Defendant's Monell MSJ on 8/31/2026,. *See ECF #427 Response in Opposition to Monell MSJ.* Intervenor Jenkins filed her Response in Opposition to Defendant's Monell MSJ on 9/4/2026. *See ECF #442 – Intervenor Jenkins Response to Monell MSJ.* The Wagner Plaintiffs Response is due on 9/11/2026.

17. Intervenors' and Plaintiffs' requested leave to file Responses with the equivalent number of pages as the Monell MSJ (35 pages), which Defendant did not oppose. *See #ECF #424 Intervenor Garcia's Unopposed MFL for Excess Pages; see also #ECF #430 Intervenor Jenkins' Unopposed MFL for Excess Pages; and See ECF 433 – Wagner Plaintiffs Unopposed MFL.*

18. The Court granted all of these unopposed motions. *See ECF #431 Order Granting Leave to File Excess Pages; see also ECF#435 Order Granting Wagner Plaintiff's MFL to file Excess Page; and ECF 446 Order Granting Plaintiffs' Unopposed Extension to File Response.*

19. The excess page allowances for Intervenors' and Plaintiffs' Response to the Monell MSJ should be more than sufficient to offset any imbalances caused by line spacing.

**C. The Monell MSJ Is 32 Pages Long, Not 34 As Alleged.**

20. The Monell MSJ is actually 32 pages of text, not 34 as alleged. Intervenor counts the Table of Contents towards the page limitation, which is a misapplication of the page count.

21. Also, the inclusion of a couple of graphs and charts in the body of the document, which are excerpted from supporting exhibits, do not count as lines of text affecting the page count. When these exceptions are considered, there is no page limitation violation. Any page violation is, at worst, *de minimis*.

**D. References To Previously Filed Dispositive Motions Pertaining To Individual Claimants Does Not Result In A Page Limitation Violation.**

22. Intervenor Garcia also makes the argument that by referring to previously filed dispositive motions, which challenged the legal and evidentiary sufficiency of the alleged *constitutional* claims, Defendant is exceeding the page limitations of the Monell MSJ. *See ECF #415 Motion to Strike at p. 8.* This argument has no merit.

23. This is a multi-party, multi-claim amalgamated case by Plaintiffs who were in custodial status at different times and who allege an array of incidents and injuries that occurred at different locations within the jail facility and involving different actors, both detention officers and other jail detainees. Intervenor Garcia and Intervenor Jenkins elected to join this group, which the Court allowed, thereby adding their claims to those of the other 27 plaintiffs.

24. As a matter of pleading, the Court has admittedly determined, in ruling on Rule 12 motions, that Plaintiffs and Intervenors have stated a claim. This does not mean that the claim can be proven with evidence. It means that if the pleadings are taken as true, a claim has been stated, thereby allowing the case to proceed to discovery.

25. This does not preclude the filing of dispositive motions challenging the evidentiary sufficiency of Plaintiffs claims. And in the case of a Section 1983 claim, the foundational premise requires a showing that the underlying event, incident, or condition at issue have evidentiary support that the alleged injury rises to the level of a constitutional violation. The point and purpose of the individualized MSJs is to assess whether the actual evidentiary sufficiency of the claims that a Rule 12 pleading challenge have any merit. This is a challenge that Defendant is entitled to make.

26. The Monell MSJ is premised on an entirely different level of evidentiary challenge. Because there is no vicarious liability under Section 1983 law, there is no automatic liability to the local government body that employs an offending officer or employee. Instead, a claimant must demonstrate that the underlying incident in question is in fact a constitutional violation and

that the violation is not a single, one-off incident. Rather, the moving force of that violation arises out of a pattern, policy, or practice of the government employer.

27. This is the reason that Defendant requested leave to file a separate Monell MSJ, separate and apart from the individualized MSJ earlier filed. The Court granted leave to file a Monell MSJ independent of the other Scheduling Order deadlines. *See ECF #356 Motion to Extend Deadline to File Monell MSJ; and ECF #357 Order Granting Motion #356.*

28. In Motion #356, Defendant clearly and transparently stated:

> 3. In an effort to provide the Court with a focused analysis on each Plaintiff, Defendant Harris County has, so far, filed summary judgment motions limited to the issue of whether an individual Plaintiff or Intervenor was subjected to a Constitutional violation. Several of these motions are ripe for disposition.
>
> *ECF #356 at p. 1, para. 3.*

29. Consequently, referring in the Monell MSJ (#406) the existence and relationship of earlier filed individualized dispositive motions, is not some surreptitious effort to evade page limitations. It is simply a request to the Court advocating an appropriate juridical analysis of a Section 1983 claim and pointing to the materials already provided in orderly fashion.

30. Now, apparently cuing off of the Court's restriction of the Monell MSJ to 35 pages, Intervenors and Plaintiffs feel emboldened in urging more rarified arguments to avoid a ruling on the merits of Defendant's dispositive motions. Defendant requests that the Court find this argument without merit and therefore denied.

**E. Intervenors And Plaintiffs Could Have Urged The Arguments Contained In This Second Motion In Their First Motion To Strike But Failed To Do So.**

31. Finally, Defendant would point out that Intervenor and Plaintiffs could have urged this arguments contained in this Second Motion to Strike Defendant's Monell MSJ in their first Motion to Strike but did not do so.

32. Given that Intervenors' have both now filed their substantive Responses to the Monell MSJ, and Plaintiffs are schedule to do so on 9/11/2026, this collateral attack feels more like a harassing tactic and nothing more. Defendant therefore requests that it be summarily denied as being without merit.

**CONCLUSION & PRAYER**

THEREFORE, for the further reasons specified above, Defendant Harris County requests and prays that the Court find Intervenor Garcia's Motion to Strike (ECF #415), joined in by

Intervenor Jenkins and the Wagner Plaintiffs, be summarily denied. Defendant further requests that the Court take up the issues presented in the revised Monell MSJ (#406) on their merits.

Finally, Defendant requests such further and additional relief at law or in equity that the Court determines to be fair and reasonable.

SIGNED on the 9TH day of SEPTEMBER 2026.

Respectfully submitted,

By: *Ricardo J. Navarro*

RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
rjnavarro@rampagelaw.com

KELLY R. ALBIN
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay Blvd., Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY, TEXAS**

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 9TH day of SEPTEMBER 2026 to wit:

| | |
|---|---|
| Paul Ashley Grinke | Email: paul@bencrump.com |
| Aaron Dekle | Email: aaron@bencrump.com |
| BEN CRUMP LAW FIRM | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Carl Lenford Evans, Jr. | Email: cevans@mccathernlaw.com |
| Noah L. McCathern | Email: nmccathern@mccathernlaw.com |
| MCCATHERN LAW FIRM | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Thad D. Spalding | Email: tspalding@dpslawgroup.com |
| Shelby J. White | Email: swhite@dpslawgroup.com |
| DURHAM, PITTARD & SPALDING, LLP | |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Mohammed Obaid Shariff | Email: mshariff@shariflawfirm.com; |
| Russell Ross | Email: rross@shariflawfirm.com |
| Shariff Law Firm | Email: eservice@shariflwfirm.com |
| SHARIFF LAW FIRM | |
| ATTORNEY FOR INTERVENOR ANA GARCIA & KEVIN SANCHEZ TREJO | |
| | |
| Taylor McCray Hunter | Email: taylor@thehunterlaw.com |
| Kevin Green | Email: kevin@consumerjusticecenter.com |
| Thomas Lyons Jr. | Email: tommy@consumerjusticecenter.com |
| Andi Weber | Email: andi@consumerjusticecenter.com |
| ATTORNEY FOR INTERVENOR CHANDRA JENKINS & DEQON BUFORD | |

*Ricardo J. Navarro*

RICARDO J. NAVARRO
KELLY R. ALBIN