**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OCTEVIA WAGNER, ET. AL.**<br>**Plaintiffs** | § | |
| **v.** | § | **Civil Action No. 4:23-CV-02886** |
| **HARRIS COUNTY, TEXAS**<br>**Defendant** | § | |
| **AND** | § | |
| **ANA GARCIA AND CHANDRA JENKINS,**<br>**Plaintiff – Intervenors** | § | |

**DEFENDANT HARRIS COUNTY'S RULE 56(b)(2) OBJECTIONS AND MOTION TO STRIKE AND DISREGARD PLAINTIFFS' HYPERLINK TO OFF-SITE EXHIBITS NOT FILED OF RECORD**

==============================================================

COMES NOW DEFENDANT HARRIS COUNTY and files these Rule 56(b)(2) Objections and Motion to Strike Plaintiffs' Hyperlink to Off-Site Exhibits Not Filed of Record.

## I. NATURE OF THESE OBJECTIONS & MOTION

### A. Overview of How MSJ Exhibits Have Been Improperly Tendered

1. On 9/11/2026, the *Wagner* Plaintiffs filed their #451 Response to Defendant's *Monell* MSJ #406. *See ECF #451.* Appended to the Response #451 was an Appendix A (ECF #451.1) which consists of a table that purports to summarize as to each Plaintiff the *Monell* evidence against Harris County as to each claim. The table has three columns which reference respectively each Plaintiff's name, followed by argument, and ending with references to a litany of exhibit numbers. *See ECF #451.1 at pp. 2 – 8.*

2. The accompanying Exhibit, ECF #451.2, entitled Omnibus Exhibit List to Plaintiffs' Supplements and Responses to Defendant's Motions for Summary Judgment is a "Table of Exhibits ranging from No. 1 through #343 with a brief description of the Exhibit.

3. The Exhibits referenced in the Table of Exhibits are not in fact on file with the Court. Rather, the document provides a hyper-link which leads to a private internet portal called "Wagner v Harris County; Plaintiff Omnibus MSJ Exhibits" *See ECF #451.2 at p. 2.* Clicking the link takes one to what appears to be a OneDrive portal under the name of Attorney Aaron Dekle to a subfolder referencing the Omnibus MSJ Exhibits. Beneath this main folder is a series of yellow folders numbered Ex 1 through Ex 343.

4. The underlying Exhibits can be viewed by opening up each of the 343 Exhibit folders. Many folders hold one document. Oher folders hold many documents. A cursory review of the Exhibits within each yellow folder reveals documents with a bates number that appears to align with documents produced or received in discovery – and which appear to align with the Table of Exhibits index contained in ECF #451.2 at pp. 2-8.

5. However, none of the Exhibits reflect a court-sanctioned ECF file-stamp. In other words, none of the Exhibits are filed and are therefore not a part of the Court's record.

**B. Nature of Defendant's Objection and Motion to Disregard**

6. Plaintiffs have tendered a hyper-link to a large number of MSJ Exhibits which Plaintiffs contend are incorporated by reference to their responsive motion. Plaintiffs further contend that these Responsive Exhibits demonstrate the existence of a material issue of fact as to the *Monell* MSJ #406 filed by Defendant. Plaintiffs further contend this methodology also applies to all other Rule 56 MSJ filings by Defendant. *See ECF #451.* But this is not the case.

7. The so-called Responsive MSJ Exhibits are not part of the summary judgment record as required Rule 56. Therefore, the Responsive MSJ #451 is still born. It cannot create a material factual issue as to the #406 *Monell* MSJ because there is no record upon which to do so. Moreover, this methodology places the burden on Defendant making evidentiary objections to a record that does not exist, and to which the Court itself has no access.

8. Rule 56(c)(2) provides in pertinent part as follows:

> (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *Rule 56(c), FRCP.*

9. Rule 56(c)(2) does not state that MSJ evidence in support of or in negation of a fact must be admissible as presented, only that it can be presented in a form that would be admissible in evidence. *See Rule 56(c)(2); see also Balboa Capitor Corporation v Okiji Home Visits MHT, LLC,* 111 F.4TH 536, 546-547 (Fifth Cir. 2024*); see also Campos v Steves & Sons, Inc.,* 10 F.4TH 505, 521 (5TH Cir. 2021)(defects in the form of evidence may be presented in a form that would not, in itself, be admissible in trial provided that the substantive content of the evidence presented can be presented in an admissible form).

10. As will be demonstrated below, the Exhibits as presented are not admissible for summary judgment purposes, much less do they provide grounds upon which a material issue of fact for trial can be ascertained.

## II. ARGUMENT & AUTHORITIES

**A. Defendant Objects to and Moves to Disregard Plaintiff's Exhibits That Are Not Filed with the Court.**

11. Defendant therefore objects to the consideration of Exhibits that are not in fact on file with the court. Nor are the Exhibits virtually filed either. They reside in an internet portal maintained by Plaintiffs' Counsel.

12. While production of exhibits between counsel for purposes of discovery is practical and acceptable, production of exhibits for summary judgment purposes in this fashion is wholly inappropriate because of the nature of the Rule. Submission of exhibits for adjudication of a summary judgment motion is not sanctioned by the Rules given the evidentiary nature of the proceedings.

13. Under Rule 56(c) a party asserting that a fact is or is not genuinely disputed must support that assertion by reference to particular exhibits in the court's record. *See Rule 56(c)(1)(A)(providing for citations to particular parts of materials in the record").* The Court need only consider the cited materials, but it may consider other materials in the record. *See Rule 56(c)(3) Materials Not Cited.*

14. The materials that a party wants the Court to consider must be in the Court's record. *See Munoz v International Alliance of Theatrical Stage Employees, et. al,* 563 F.2d 205, 209 (5TH Cir. 1977)(materials not properly presented to the district court for consideration of an MSJ are never properly before a reviewing court on appeal); *see also Buehler v City of Austin,* 824 F.3d 548, 555 n.7 (5TH Cir. 2016)(the district court has no duty to scour the record in search of evidence to defeat a motion for summary judgment). The non-moving party has the duty to identify for the Court and the moving party with reasonable particularity the evidence relied upon).

15. It logically follows that the Court certainly has no duty to chase down a hyper-link to a private portal containing 343 yellow folders and then download the contents of those folders so that the Court can examine them. Here, each yellow folder has at least one pdf document, but some folders contain numerous documents. Downloading this material takes several hours.

16. For this reason alone, the data hyper-link provided by Plaintiffs should be stricken and disregarded.

**B. Defendant Objects to Plaintiffs' Conflation and Merger of MSJ Exhibits Across Parties and Claims**

**1. Plaintiffs do not respond to the *Monell* MSJ #406**

17. Defendant objects to Plaintiffs' tactics in responding to Defendant's *Monell* MSJ #406 by conflating and collapsing exhibits across all parties and all claims by use of a large data-dump hyperlink. Their Response #451 begins by listing the Exhibits presumably contained in the yellow folders on Attorney Dekle's private OneDrive account. *See ECF #451 at pp. 7 to 20.*

18. They then provide an Introduction that does little more than regurgitate the conclusory contentions that underlie those made in the live complaint. *See ECF #451.1 at p. 21.*

19. They then seek to reincorporate by reference all MSJ Exhibits filed to date, whether in response to the *Monell* MSJ or in response to the individualized MSJ previously filed by Defendant. *See ECF 451.2 Table of Exhibits with hyperlink; see also e.g. Omnibus Exhibit Lists with Hyperlink filed by Plaintiffs with no actual exhibits filed with the Court:*

ECF #276 (Response to #244 MSJ re Zachary Kehj Johson);

ECF #277 (Response to #196 MSJ re Bernard Lockhart);

#ECF #279 (Response to MSJ #203 re Tramell Morelle);

#ECF #279 (Response to #203 MSJ re Antonio Radcliffe);

ECF #280 (Response to #280 MSJ re Kevin Smith Sr.);

ECF #281 (Response to #255 MSJ re Ryan Twedt);

ECF #293 (Response to #276 and #244 re Zachary Kehj Johnson);

ECF #295 (Supplemental Response to #278 MSJ re Tramell Morelle);

ECF #332 (Response to #292 #292 MSJ re Deon Peterson;

ECF #344 (Response to #302 MSJ re William Curtis Barrett;

ECF #408 (Response to #359 MSJ re Christopher Young;

ECF #409 (Response to #363 MSJ re Bryan Johnson);

ECF #410 (Response to #362 MSJ re Evan Ermayne Lee); and now,

ECF #451 (Response to #406 Monell MSJ).

20. In absolutely none of the foregoing MSJ Response filings do Plaintiffs properly present to the Court their Rule 56(c) required document to the Court. Defendant hereby requests that the Court take judicial notice pursuant to FRE 201 of the contents of the Court's record, or more specifically, the absence of a summary judgment record in the MSJ Responses identified above.

**C. Defendant Objects to Plaintiffs Method of Conflating the Individualized Dispositive Motions with the *Monell* Dispositive Motion Thereby Creating a Chaotic and Confused Record.**

21. In Plaintiffs' *Monell* MSJ Response, the strategy of conflating the individualized dispositive motions with the *Monell* dispositive motion is fully demonstrated. Plaintiffs file an additional Omnibus Exhibit List, but again no exhibits, only a hyperlink. Defendant objects to this method of manipulating the summary judgment evidence because it studiously deprives the Defendant of the ability to evaluate and to level evidentiary objections.

22. Plaintiffs have certainly not held back from filing evidentiary objections in response to MSJ Exhibits filed by Defendant. *See ECF #452 Plaintiffs Objections to Defendant's Monell MSJ Exhibits.* Yet, Defendant must rely on a Table and make the effort to locate and download Exhibits from little yellow folders.

23. Plaintiffs (and Intervenors) carry the burden of proving their respective Section 1983 claims as to each and every individual Plaintiff that is a party to this amalgamated lawsuit. Defendant has a right to review, analyze, and challenge on evidentiary grounds the authenticity, the relevance, and the admissibility of Plaintiffs' (and Intervenor's) evidence. This is true in the context of summary judgment proof as well as at trial. *See Rule 56(c), FRCP; See FRE, generally.*

**D. Defendant's Provisionally Object To All Exhibits Listed in the Omnibus Table Of Exhibits ECF 451.2 On Evidentiary Grounds of Authenticity, Relevancy, Hearsay, Undue Prejudice, and Admissibility.**

24. Aside from not being part of the record, none of the Exhibits contained in the hyperlink provided by Counsel appear to be properly authenticated either. *See #ECF #451.2 Table of Contents.* However, since the Court does not have the benefit of the Exhibits in the record, it is pointless for Defendant to present this argument now, for there is no record to point to in support of the argument.

25. FRE 901(a) provides that to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. *See 901(a), FRE.*

26. FRE 901(b) provides examples of evidence that satisfies the authentication requirement. Nowhere in this list does it provide that documents produced in discovery by a party tendering the discovery are treated as self-authenticated. The fact that a document was produced by the opposing party is not conclusive as to its authenticity. *See Railroad Management Co., LLC v*

*CFS Louisiana Midstream Co. 428 F.3d 214, 219-2020 (5[TH] Cir. 2005)(mere production without more does not satisfy authentication requirements; see also Elwakin v Target Media Partners Operating Co., LLC, 901 F.Supp2d 730, 742 (E.D. La. 2012).*

27. Here, the Table of Exhibits is not a sufficient basis upon which to tender the argument.

28. Because the proposed evidentiary content is not before the Court for review, it is not Defendant's burden or obligation or submit them. It is Plaintiffs' burden to place the relevant summary judgment material before the Court and to provide specific citations to the materials to establish the existence of a material disputed fact. *See Rule 56(a & (c)(requiring citations to materials before the Court); see also Ragas v Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5[TH] Cir. 1998) .

29. Similarly, Defendant generically and provisionally objects to the contention that all Exhibits are relevant to all of Plaintiffs' claims for all purposes on the ground of relevancy. Although the chart created by Plaintiffs makes some effort to isolate the evidence to a particular claimant, this chart does not satisfy the specificity requirements of Rule 56(a) and (c). ECF #451.1 is not itself an Exhibit – it is simply an argument. And the argument points to Exhibit Nos. that are not in fact in the record.

30. At best, the #451.1 Table makes a generic reference to an Exhibit number, but that number is also not an Exhibit, it is simply an off-site numbered folder. There is no specific cite to a numbered Exhibit whatsoever – only to a folder. Generalized references to a litany of numbered folders holding documents precludes compliance with Rule 56 requirements. Defendant has no duty to respond to a vacuum.

**E. Since There are no Responsive MSJ Exhibits on File, Defendant is Not Able to Evaluate the Records for Other Evidentiary Objections that May Otherwise Apply.**

31. Since there are no responsive MSJ exhibits on file, Defendant is unable to evaluate and level other evidentiary objections, such as relevancy, hearsay, or other evidentiary objections. Consequently, Defendant objects to Plaintiffs' methodology for responding to Defendant's *Monell* MSJ #406. Defendant also objects to Plaintiffs' extension of this method to the other individualized MSJs already on file, as referenced above.

32. Because there is no Responsive MSJ evidence on file, Defendant's Reply here would be limited to re-urging the adequacy of the MSJ evidence originally submitted in support of the MSJ. The same is true for all the other individualized MSJs identified above where Plaintiffs have simply not provided the Court with any record evidence to evaluate in a summary judgment context. Consequently, the appropriate action for the Court to take is to treat the Rule 56 MSJs filed by Defendant on the merits of the originally filed Motion and supporting MSJ Exhibits, subject only to objections to those Exhibits by Plaintiffs. But any reliance on Response MSJ Exhibits that have not been filed with the Court should be disregarded entirely.

## CONCLUSION & PRAYER

THEREFORE, based on any one or more of the foregoing reasons, Defendant requests that the Court grant this Objection to the use of a hyperlink to reference Exhibits in support of Plaintiffs' Response to Defendant's #406 MSJ. Defendant further requests that the Court enter a ruling striking or disregarding the utilization of a hyperlink. Finally, Defendant's' request that the Court evaluate the propriety of Defendant's #406 MSJ based on the Exhibits submitted by Defendant and to treat those Exhibits as uncontested. For the same reasons, Defendant requests that the Court also adjudicate the individually filed MSJs identified above in this similar fashion.

SIGNED on the 25TH day of SEPTEMBER 2026.

Respectfully submitted,

By: *Ricardo J. Navarro*

RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
rjnavarro@rampagelaw.com

KELLY R. ALBIN
State Bar No. 24086079
So. Dist. ID No. 3792304
kralbin@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay Blvd., Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process referenced in the Federal Rules of Civil Procedure on all attorneys of record in this case on the 25TH day of SEPTEMBER 2026 to wit:

Paul Ashley Grinke — Email: paul@bencrump.com
Aaron Dekle — Email: aaron@bencrump.com
BEN CRUMP LAW FIRM
ATTORNEYS FOR PLAINTIFFS

Carl Lenford Evans, Jr. — Email: cevans@mccathernlaw.com
Noah L. McCathern — Email: nmccathern@mccathernlaw.com
MCCATHERN LAW FIRM
ATTORNEYS FOR PLAINTIFFS

Thad D. Spalding — Email: tspalding@dpslawgroup.com
Shelby J. White — Email: swhite@dpslawgroup.com
DURHAM, PITTARD & SPALDING, LLP
ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| Mohammed Obaid Shariff | Email: mshariff@sharifflawfirm.com; |
| Russell Ross | Email: rross@sharifflawfirm.com |
| Shariff Law Firm | Email: eservice@shariffIwfirm.com |
| SHARIFF LAW FIRM | |
| ATTORNEY FOR INTERVENOR ANA GARCIA & KEVIN SANCHEZ TREJO | |

| | |
|---|---|
| Taylor McCray Hunter | Email: taylor@thehunterlaw.com |
| Kevin Green | Email: kevin@consumerjusticecenter.com |
| Thomas Lyons Jr. | Email: tommy@consumerjusticecenter.com |
| Andi Weber | Email: andi@consumerjusticecenter.com |
| ATTORNEY FOR INTERVENOR CHANDRA JENKINS & DEQON BUFORD | |

Ricardo J. Navarro
RICARDO J. NAVARRO
KELLY R. ALBIN